Name    Garrison Jones

Street Address    10221 White Rock Rd

City and County    Rancho Cordova Sacramento

State and Zip Code    95670

Telephone Number    916-752-8189

# FILED

NOV 2 5 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____

       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Garrison Jones
_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Velocity Technology Solutions
_____

See Attached
_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **2:19 - CV 2 3 7 4  KJM EFB**

*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes  ☐ No
       *(check one)*

**I.      The Parties to This Complaint**

**A.      The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                    GARRISON   JONES   PRO SE
Street Address          1021 White Rock Rd
City and County         Rancho Cordova        Sacramento
State and Zip Code      California        95670
Telephone Number        916 - 252 - 8189

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1    SEE Attached.

Name                    Uslocity Technology Solutions
Job or Title
(if known)
Street Address          1901 Roxborough Rd
City and County         Charlotte, Mecklenburg
State and Zip Code      North Carolina        28211
Telephone Number

Defendant No. 2

Name                    Steve Kloebler
Job or Title            CEO
(if known)
Street Address          1901 Roxborough Rd
City and County         Charlotte, Alot Mecklenburg
State and Zip Code      North Carolina        2821 (
Telephone Number

2

Defendant No. 3

Name _SUSAN   Haltopp_

Job or Title (if known) _SENIOR   DIRECTOR_

Street Address _1901   Roxborough   Rd_

City and County _Charlotte   North   Carolina_

State and Zip Code _North   Carolina   2826(_

Telephone Number _____

Defendant No. 4

Name _Michael   Baldwin_

Job or Title (if known) _Senior   Mgr_

Street Address _1901   Rox borough   Rd_

City and County _Charlotte / Mechlenberg_

State and Zip Code _North   Caro lina   2821(_

Telephone Number _—_

## II.    Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction? *(check all that apply)*

☑ Federal question               ☐ Diversity of citizenship

3

Shauna Coleman is a citizen of North Carolina

Vickie LeRoux - is a citizen of Minnesota

J.C. Odom is a citizen of Minnesota

Chad Carlson - is a citizen of Minnesota

Chris Heller is a citizen of North Carolina.

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1331

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* HARRISON JONES , is a citizen of the State of *(name)* CALIFORNIA .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* North Carolina , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual     SEE Attached

The defendant, *(name)* Steve Kloeblen , is a citizen of the State of *(name)* North Carolina . *Or* is a citizen of *(foreign nation)* _____ .

4

b.   If the defendant is a corporation *Velocity Technology Solutions*
     The defendant, *(name)* ~~Shawn Coleman~~ , is
     incorporated under the laws of the State of *(name)*
     _____, and has its principal place of
     business in the State of *(name)* North Carolina . *Or is*
     incorporated under the laws of *(foreign nation)*
     _____, and has its principal place of
     business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

To be determined at Trial

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached

5

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_See Attached_

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _Nov 25_, 20_19_

Signature of Plaintiff _____

Printed Name of Plaintiff _____

6

## STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>            Plaintiff,<br><br>    V.<br><br>VELOCITY TECHNOOGY<br>OLUTIONS LLC; and DOES 1-10, all<br>of whose true names are unknown,<br>INCLUSIVE,<br><br>            Defendants.<br>Velocity Technology Solutions<br>Shauna Coleman<br>*Individually and as H.R. Director of<br>Velocity Technology Solutions*<br><br>Chris Heller<br>*Individually and as General Counsel of<br>Velocity Technology Solutions*<br><br>**Steve Kloeblen**<br>*Individually and as CEO of<br>Velocity Technology Solutions*<br>Michael Baldwin<br>*Individually and as an employee of<br>Velocity Technology Solutions*<br><br>Susan Haltopp | DOCKET NO.:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br> **VIOLATION OF FMLA ACT OF 1993**<br><br>**VIOLATION OF FMLA PRIVACY RULES**<br><br>**3) VIOLATION OF FMLA PROHITIBITED ACTS**<br><br>**4) USE OF FMLA AS A MEANS TOOL/ INSTRUMENT OF RACIAL DISCRIMINATION**<br><br>**5) PRIVACY ACT 5 U.S.C. § 552a**<br><br>**(6)HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION PROCEDURES**<br><br>**FRAUD**<br><br>**TRANSFERRED INTENT**<br><br>**[JURY TRIAL DEMANDED]** |

2

**1)  VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

*Individually and as  an employee of*
*Velocity Technology Solutions*

Vickie Leroux
*Individually and as  an employee of*
*Velocity Technology Solutions*

Chad Carlson
*Individually and as  an employee of*
*Velocity Technology Solutions*

JC Odon
*Individually and as  an employee of*
*Velocity Technology Solutions*

3

**1)  VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY
RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS
4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL
DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a
(6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

GARRISON JONES

Email: garrison.jones@outlook.com

*Plaintiff*

## I.  INTRODUCTION

**II.**  This is an action for relief in the  **illegal use of fmla and of violation of the family** medical leave act of 1993; **rules; violation of FMLA prohibited acts.  In addition to the improper and manipulation of FMLA for negative adverse actions against the plaintiff: and the use of FMLA as a means/ tool and instrument of racial discrimination.  Defendants' intent was to deceive the AZDES into believing that the plaintiff was physically and or mentally incapable and unavailable for work. However, in doing so they committed transferred intent as in the process of violating the plaintiffs' rights under FMLA, they also committed fraud upon the Arizona court of appeals in their submission of the documents that they had in their possession that contained physician approval for plaintiff to return to work that they intentionally omitted.**

---

4

**1)  VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
**(6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

EXHIBIT 1 - Physician Statement 12/21/2017 sent to Lincoln Financial **and VTS**

EXPENSE.

**Attending Physician's Statement**

1. Patient's Name  Garrison Jones _____  Date of Birth Redacted ___

2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)

   _stroke (L PECA, R PCA) w/ residual LLIE weakness b/k viti_
   _deficit_

3. a) Date of First Treatment _____ 11/22/2017

   b) Date of Most Recent Treatment _____ 12/21/2017

   c) Frequency of Treatments _____ 2-3x/week

   d) Type of Treatment Rendered _____ physical therapy

   e) Is surgery scheduled? If so, when? _____ n/a

4. The patient has been continuously Totally Disabled (unable to perform regular job) from

   The patient has been continuously Partially Disabled (some restrictions or light duty) from _____ 11/22/20

   If the patient is still disabled, when should the patient be able to return to work? _____ re-eval 3/21/

5. Remarks or Comments: _pending further PT/occu rehab, then ophthal_

6. List Restrictions and Limitations: _visual impairment, weakness require Ft_
   _ambulation_

7. Physical Impairment:

   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):

   Class 2 – Medium manual activity (15 – 30%)

   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)

   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)

   Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairments ( if applicable)

   Class 1 – Patient is able to function under stress and engage in personal relations (no limitations)

   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (sligt

   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate lim

   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limit

   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe

   Date 12/21/17  Signed _____  /Degree/Specialty _Sam A_
   (Month Day Year)      (Attending Physician, No Stamps, please)

   Street Address _2627 N 7th Ave_

**EXHIBIT 2 FMLA Confidential Document sent to AZDES by VTS Human**

**Resources Director Shauna Coleman – April 2018**

1)  **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY**
**RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL**
**DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

| Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) | U.S. Department of Labor Wage and Hour Division |  |
|---|---|---|

U.S. Wage and H

OMB Control Number: 1
Expires: 5/31/

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requiremen months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is opt fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**

TO: **Garrison Jones**
　　Employee

FROM: **Shauna Coleman**
　　　Employer Representative

DATE: **February 20, 2018**

On **February 8, 2018**　　, you informed us that you needed leave beginning on **2/20/2018, Original Dt. 11/15/2017**　　for:

_____ The birth of a child, or placement of a child with you for adoption or foster care;

✔ Your own serious health condition;

_____ Because you are needed to care for your _____ spouse; _____ child; _____ parent due to his/her serious health condition.

_____ Because of a qualifying exigency arising out of the fact that your _____ spouse; _____ son or daughter; _____ parent is on active duty or call to covered active duty status with the Armed Forces.

_____ Because you are the _____ spouse; _____ son or daughter; _____ parent; _____ next of kin of a covered servicemember serious injury or illness.

This Notice is to inform you that you:

✔ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are **not eligible** for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reas

　　_____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you have worked approximately ___ months towards this requirement.
　　_____ You have not met the FMLA's hours of service requirement.
　　_____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact **Shauna Coleman at shauna.coleman@velocitycloud.com**　　　or view the

**EXHIBIT 3 AZDES Appeal ruling October 23, 2019**

6

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6) **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No. 3██████████

**DECISION OF APPEAL TRIBUNAL**

## IN FAVOR OF CLAIMANT

**The last day to file an appeal is   November 22, 2019   . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR

### FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

### REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:



An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

7

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a** (6) **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

8

1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION

The intended use and outcome and negative determination was to deceive AZDES into making a determination that plaintiff was physically and or mentally unable to work by sending confidential FMLA documents.

AZDES took the document sent by VTS and did just what they intended and expected and that was to prevent plaintiff from receiving unemployment benefits as used these documents in a way that and FMLA was not intended.

The court should know that at the upper echelon if this complaint that with malicious intent the defendant specifically VTS Director of HR Shauna Coleman should suffer the  biggest penalty along with all the other defendants as her acts and violations will forever harm the plaintiff for as a "HR professional " she was well aware of the ramifications connected to the illegal release of the plaintiffs (PHI) personal health information to anyone or any agency especially a non-Healthcare agency or provider. The ramifications are simply unlimited.  For, by sending the plaintiffs medical records to that agency has made his medical history a part of  public record and thus anyone can now have access to his sensitive

9

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

confidential medical information. A scar that cannot be healed even with the relief

of this complaint. Plaintiff is forever going to suffer because of this vindictive act

of intentionally disclosure. They have forever scarred the plaintiff the same as if

he had been burned in a fire whole time heals the flesh wound, the scars are there

for eternity. The court should be aware that there was no issue presented to them

from any source or agency that requested this information. Just a week prior they

had already sent fraudulent documents to AZDES but they felt that was not

enough, they needed to put multiple obstacles in the path of the plaintiff, just as

they had done during his horrific employment, where repeatedly they treated him

like a circus rat.

The release was voluntary as VTS was searching for something to harm the

plaintiff. It was a cold calculated unsolicited act. This release was totally without

the knowledge and of consent of the plaintiff and it was not support by a written

authorization of consent form signed by the plaintiff.

Imagine the ramifications of the release of President Kennedy's medical records.

They made sure that for over 100 years, when all who would have interest are dead

and gone then these records. Plaintiff had no control or knowledge of the release

10

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION; 5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

of these records and his medical history is available right now.  Per AZ **law** §39-121

The court should know that if the defendants had never interfered and retaliated against the plaintiff that the maximum benefits he would have been $6,240.00 if he were on unemployment for the full 26 weeks.  Yet they for vicious intent put forth a law-breaking gauntlet of violations in preventing him from receiving those benefits.  Plaintiff had to file (4) four separate appeals to counter these illegal acts. He was victorious in each appeal.

VTS on the other hand is supposedly a billion dollar organization in comparison to the amount of the maximum benefit the.  Organization probably spends that amount on copy paper each month.  Combined with the legal fees from their "their 1) law firm in each case poorly counseled them and submitted these false misleading documents to the Arizona Court of Appeals, they too lost 4. Consecutive cases.  Upon research of OG, their hourly rate is in excess of $1500 .00 per hour.  It is estimated that VTS expenses for these violations were in excess of $40,000.000.  To avoid paying less than $700.00.

11

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

However the cost paid by the plaintiff is insurmountable, he again will never be able recover the damage done.  There is no way he can reverse or correct the reckless acts they have committed.  That information will be freely forever be available to anyone who puts in a FOIA request and that is a tragedy.  No one especially the plaintiff should have ever been subjected to this felonious act.

1.     ,.

2.     Plaintiff further alleges  that Defendants illegally used FMLA in its administration, and use as outlined and mandatory by the FMLA Act of 1993

3.     Plaintiff seek injunctive and declaratory relief, compensatory damages, liquidated damages, lost front pay, lost pack pay and reasonable attorneys' cost of administration of lawsuit fees and costs as remedies for Defendants' violations of their rights.

4.

### III.    THE PARTIES

5.     Plaintiff Garrison Jones is a 61-year-old Black- African American with 28 years of experience as a Lawson Supply Chain consultant.  He is regarded in the upper 10 percent of all Lawson supply chain consultant in this country where he has consulted and implemented Lawson Supply Chain software in more than 300 hospitals in this county, Canada and Australia.

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
4) **USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

6.      Upon information and belief, Defendant Velocity Technology Solutions is a "Technology organization maintains 2 physical office locations one in Minneapolis, Minnesota with the corporate office in Charlotte, North Carolina. Employing approximately 600 individuals.

7.      As all or most of the events alleged herein occurred while Defendants employed Plaintiff.

8.      Upon information and belief, 70 percent as well as the plaintiff are "remote" employees where each work from home at their home office, this is the standard model for VTS employees, Where all or most of the events alleged herein occurred. It constitutes the same as the work environment. Plaintiff home office is a VTS work location. These acts were committed in the states of Arizona, Illinois, Indiana, and California by the defendants.

9.      At all times relevant herein, Defendant Velocity Technology Solutions and their employees came under the umbrella of FMLA was therefore a covered "employer" within the Family Medical Leave Act.

10.     An employer is vicariously liable for the negligent and wrongful acts of his employees that are committed within the scope of employment. In this case at all times, the employer at all times orchestrated and directed and or gave to their employees and agents permission to commit these acts of violation. The e employee   was and  is intimately involved in these decisions of deliberately intentionally moving forward with these acts of Interference, retaliation ,release and spreading of the plaintiffs'' specific medical condition as to the reason he was on FMLA leave. The employer knew of the failure to administrate FMLA,

13

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

employer knew it was committing acts that violate FMLA Privacy and Prohibited acts, yet they continued with totally disregard and wrongfully violated plaintiffs rights and cause multiple negative adverse actions to the plaintiff as a result.

11.    The employer was negligent for these wrongful intentional acts and the employer and its employees are the liable parties.

12.    Defendants VTS is responsible for the acts of their agents and employees as set forth below.

13.    Plaintiff are informed and believe and thereon allege that at all times relevant herein, each of the Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.

14

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

14.

## IV.   JURISDICTION AND VENUE

15.    This Court has jurisdiction of Plaintiff' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

16.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff' state law claims share all common operative facts with their federal law claims, and the parties are identical.  Resolving Plaintiff' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

17.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in a jurisdiction covered by the court.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.    Plaintiff has presented and exhausted multiple remedies to the defendants to discontinue these violations and has on multiple occasions forwarded to the defendants, their attorneys and employees the specific law governing these acts, yet they simply ignored his pleas and continued to violate his rights Equal under the FMLA Of 1993. .  Plaintiff has repeatedly tried to resolve these violations with the defendants yet, the defendants have from the beginning displayed a narcissistic attitude and at all times thinks that they can and will do anything that it wants to violate the rights of the plaintiff in any manner they

15

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

choose.

On or around September 23, 019 GJ received a packet of exhibits from the
AZDES in preparation for his appeal hearing at the AZ Office of Appeals Arizona
Appeal Arizona Appeal U-1639659-001

This appeal was filed by GJ the plaintiff after he learned that as his former
employer VTS had falsely claimed that he was unable to work from April 8, 2018.
The plaintiff had filed for unemployment in Arizona after he mysteriously
received an email on March 15 stating that he had been terminated.

May of 2018.  VTS at that time had already submitted false documents to AZDES
after terminating GJ on March 15, 2018 while he was on FMLA.  Inside the packet
of exhibits sent by AZDES was a confidential FMLA document from VTS HR
Director, Shauna Coleman.

.

19.

20.     Plaintiff have timely filed this action and have complied with all
administrative prerequisites to bring this lawsuit.

## VI.   FACTUAL ALLEGATIONS

21.     At all times material to this action, Plaintiff Garrison Jones was
employed by Defendants as a Lead Supply Chain Consultant in the Infor Practice,
from February 2017 until March 15, 2018 when without his knowledge nor for any
reason for misconduct was terminated by Velocity Technology Solutions for no

16

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY
RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS
4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL
DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a
(6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

reason while on FMLA after suffering a job related stroke on November 17, 2017.

22.     Prior to this medical event the plaintiff endured a horrific racially charged hostile work environment at Velocity Technology Solutions. All levels of executives and employees went out of their way to make him feel and appear inferior to any employee, despite the fact that his level of experience (28 years) at times took six employees tenure to surpass. Yet on his first visit to Velocity Technology Solutions office in Minneapolis, he was on multiple occasions asked, "who are you looking for" as if he was there from Jimmy Johns to deliver lunch. Upon learning he was an employee, while sitting and talking to customers, he was stared at as if he was a circus animal.

23.     After suffering the stroke on November 19, 2017, Garrison Jones contacted Velocity Technology Solutions HR Director and informed her of the Illness. Per FMLA guide lines Velocity Technology Solutions had percentage days to notify him of his FMLA rights the plaintiff was not notified in any manner in regards to FMLA until January 2018.

24.     Defendant at the time of the notification that the plaintiff had suffered a serious medical condition was bound by MLA confidentiality. However the defendant, Shauna Coleman, openly discussed the specify illness of the plaintiff with first VTS executives, including Legal Counsel and Defendant, Chris Heller, where then the next level of executives, Senior Vice Presidents, specifically Chance Veasey who was informed that the plaintiff suffered a stroke , who then openly with details he received informed defendant, Susan Holtapp, who then

17

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION; 5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

openly discussed the specific illness of the plaintiff to defendant, Michael
Baldwin Senior Manager, who sent emails to multiple VTS employees and openly
discussed and informed that plaintiff had suffered a stroke in a team meeting
attended by at least 20-30 VTS employees. There was no confidentiality
maintained what so ever.

25.    For the defendant Michael Baldwin he especially did this to the
plaintiff and also commented to other employees, " I wished that

26.    **" Black Mother fucker would have died, what an asshole"**

27.

28.    By this time, the plaintiff had submitted a 15 complaint to HR
Director Shauna Coleman as to the racial discrimination he had endured since his
employment. These claims included, intimidation, unfair treatment, failure to
follow company policy related to expense re-imbursement as well the reporting of
illegal activities that he refused to participate in related to the theft and use of
stolen Intellectual Property from Velocity Technology Solutions major partner.

29.    In

18

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY
RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS
4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL
DISCRIMINATION; 5) PRIVACY ACT 5 U.S.C. § 552a
(6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

30.

31.   .

## VII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**29 CFR § 825.220 - PROTECTION FOR EMPLOYEES WHO REQUEST LEAVE OR OTHERWISE ASSERT FMLA RIGHTS.**

§ 825.220 Protection for <u>employees</u> who request leave or otherwise assert FMLA rights.

### FIRST CLAIM FOR RELIEF

(a) The FMLA prohibits interference with an <u>employee</u>'s rights under the law, and with legal proceedings or inquiries relating to an <u>employee</u>'s rights following <u>employee</u> protections.

### SECOUND CLAIM FOR RELIEF

(1) An <u>employer</u> is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

### THIRD CLAIM FOR RELIEF

(2) An <u>employer</u> is prohibited from discharging or in any other way discriminating against any <u>person</u> (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

19

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

## **FOURTH CLAIM FOR RELIEF**

(3) All persons (whether or not employers) are prohibited from discharging or in any other way discriminating against any person (whether or not an employee) because that person has -

(i) Filed any charge, or has instituted (or caused to be instituted) any proceeding under or related to this Act; as VTS openly interfered and retaliated against plaintiff for doing so.

(ii) Given, or is about to give, any information in connection with an inquiry or proceeding relating to a right under this Act;

(iii) Testified, or is about to testify, in any inquiry or proceeding relating to a right under this Act,  as VTS did after learning plaintiff filed complaint with EEOC

(b) Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act.  An employer may be liable for compensation and benefits lost because of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered.  See § 825.400(c). Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but also discouraging an employee from using such leave.  It would also include manipulation by a covered employer to avoid responsibilities under FMLA, for example: As done by VTS they on any situation manipulated covered up the termination of plaintiff by hiding as to not suffer the consequences of terminating an employee on FMLA for no reason.

(1) Transferring employees from one worksite to another for the purpose of reducing worksites, or to keep worksites, below the 50-employee threshold for employee eligibility under the Act;  In this case the employer after the plaintiff had submitted 15 page complaint viewed him as a threat to spread the information related to their illegal acts to other employers, to combat this employer sent plaintiff and email stating that " even though they did not have to would be "

20

1)  **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a** (6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

extending his FMLA" this again was part of the retaliation and in affect a banishment/transfer from keeping plaintiff from worksite. They had no intention of allowing him back in the work place.

(2) Changing the essential functions of the job in order to preclude the taking of leave;

(3) Reducing hours available to work in order to avoid employee eligibility.

## **FIFTH CLAIM FOR RELIEF**

(c) The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits); the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, as done by the defendant at all times plaintiff was on FMLA such as hiring, promotions, or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies. See § 825.215. In at all times during his employment plaintiff did not receive any disciplinary actions against him.

(d) Employees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA. VTS added this limited liability item to agreement of 2018, as they knew that they had committed several major violations of FMLA so as to reduce their liability for doing so. For example, employees (or their collective bargaining representatives) cannot trade off the right to take FMLA leave against some other benefit offered by the employer. This does not prevent the settlement or release of FMLA claims by employees based on past employer conduct without the approval of the Department of Labor or a court. Nor does it prevent an employee's voluntary and uncoerced acceptance (not as a condition of employment) of a light duty assignment while recovering from a serious health condition. See § 825.702(d). An employee's acceptance of such light duty assignment does not constitute a waiver of the employee's prospective rights, including the right to be restored to the same position the employee held at the time the employee's FMLA leave commenced or to an equivalent position. The

21

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION; 5) PRIVACY ACT 5 U.S.C. § 552a** (6) **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

employee's right to restoration, however, ceases at the end of the applicable 12-month FMLA leave year.

(e) Individuals, and not merely employees, are protected from retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act. They are similarly protected if they oppose any practice, which they reasonably believe to be a violation of the Act or regulations.

## SIXTH CLAIM FOR RELIEF

Violation of FMLA Privacy by intentionally and without the consent of the Plaintiff sent (PHI) and confidential medical information unsolicited or requested by a non-healthcare organization as well to a non-covered entity for the purpose to deceive the AZDES into believing that Plaintiff was unable to work even though they had proof that he was able to work. This illegal act was in using FMLA for illegal purposes. Individuals as well it violated plaintiffs' confidentiality and privacy related to the release of the reason why plaintiff was on FMLA.

retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act. They are similarly protected if they oppose any practice, which they reasonably believe

32.    Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 97, above.

33.    As a direct, legal, and proximate result of the multiple violations of the FMLA Act of 1993 discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

34.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from these violations and for exercising his rights as a citizen of the United States of

22

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

America , from refusing to participate in illegal criminal activities where he learned that Velocity Technology Solutions and their employees were involved in a conspiracy to steal these Intellectual properties and illegally use them to not pay for educational fees and travel expenses for their employees to attend these classes, instead they were to view audio and video of the stolen Intellectual Property and Velocity Technology Solutions to obtain certification from Infor.

35.    Plaintiff as demonstrated from the exhibits attached to this complaint was to be the "***test tube nigger***" for this illegal activity.

Velocity Technology Solutions did this to show and say to the white employees "see if this nigger can pass the certification exam without taking a single class and viewing this stolen Intellectual Property, so can you.

This is the first case on record where Intellectual Property and stolen Intellectual Property and Stolen Velocity Technology Solutions are used as a means/tool and or instrument of racial discrimination.

36.    Plaintiff are entitled to their reasonable attorneys' fees and costs of suit.

## SEVENTH CLAIM FOR RELIEF
Failure to properly administer FMLA

37.    Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 104, above.

38.    The conduct undertaken was purely racially motivated and was done to intimidate the plaintiff and prevent the plaintiff from exposing Velocity

23

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL**
**DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
**(6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

Technology Solutions illegal activity. These efforts backfired and plaintiff filed a federal lawsuit related to diversity. In the US District court of Northern Illinois naming not only Velocity Technology Solutions but 14 Velocity Technology Solutions employees that are also named in this case before the court

39.     The case was settled out of court yet the plaintiff discovered multiple acts by the defendant upon his return from overseas in July 2019, due to the death of his mother in law.

40.     Upon his return, Garrison Jones continued to address issues related to his termination while on FMLA by contacting AZDES where he had filed for unemployment benefits.

41.     Garrison Jones learned that not only had Velocity Technology Solutions sent forged documents to AZDES in a "employer protest" that Garrison Jones had appealed and won but her also found out that Velocity Technology Solutions also sent on or about April 24, 2018 confidential FMLA documents to AZDES again falsely claiming that he was not only still working at the firm (done as they knew the repercussions on firing him while on FMLA, but they also claimed that he was "unavailable to work. This triggered yet another negative determination by AZDES in receiving benefits.

42.     Garrison Jones appeal that decision and during the hearing presented the same documents sent to him by Velocity Technology Solutions attorney Christopher Meister from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. whom Velocity Technology Solutions had hired to " defend them"

43.     In addition prior to this Garrison Jones had based on a complaint with the Illinois department of Labor for personnel records

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

44.    Velocity Technology Solutions and its attorney intentionally did not send AZDES the document that showed Garrison Jones was approved to return to work on March 22, 2018.

45.    This same document was presented as evidence at the appeal and the judge ruled that in favor of the claimant. In addition to that the judge specifically said that he had read the file and saw that a previous judge at AZ Office of Appeals had ruled that Velocity Technology Solutions fired/terminated the plaintiff for no cause or reason while he was on FMLA and ruled on plaintiff favor in that appeal. He also noted that based on the date of termination that as Velocity Technology Solutions claimed that I was also on FMLA. He noted that plaintiff could not have been on FMLA as he had been terminated over 2 months before the ruling from June 22, 2018

(a) showing that Velocity Technology Solutions already had this document because they sent it to Garrison Jones on May 21, 2018 and

(b) The same document

.

46.    The plaintiff has included a CD with the actual documents sent to him by VTS attorney and at an evidentiary hearing or at the courts request he will demonstrate the intent of the defendants and their attorney in the submission of these files despite the fact that the plaintiff feels that this may not be needed as there is clear and convincing evidence of the fraud and the omission of documents that could proves plaintiffs ability to work in exhibits connected to this motion with narrative as to their content.

25

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION; 5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

47.     The conduct was so severe or pervasive that reasonable persons in Plaintiff' positions would find their work environment to be hostile or abusive.

48.     Plaintiff believed their work environment to be hostile or abusive because of Defendants' agents' and employees' conduct.

49.     Moreover, the release of this confidential document s was so pervasive and open that a reasonable employer would have had to be aware of it. Indeed, **management level employees were themselves complicit in the abusive conduct**.

50.     Defendants did not exercise reasonable care to prevent this type of conduct. and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

51.     As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

52.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on national origin.

53.     Plaintiff are entitled to their reasonable attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF
Sex-Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

54.     Plaintiff incorporate by reference as if fully set forth herein the

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a** (6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

allegations contained in paragraphs 1 through 116, above.

55.     Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

56.     Defendants discriminated against Plaintiff by treating them differently from their male coworkers, including in account assignment and unequal wages and compensation, because of their sex.

57.     Plaintiff' sex was the determining factor and/or a motivating factor in Defendants' actions.

58.     As a direct, legal, and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial.  Because of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial.  Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

59.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on sex.

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

60.     Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-3(a)

61.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 123, above.

62.     Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

63.     Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on national origin and sex.

64.     As a result of Plaintiff' complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings, such as counseling and coaching forms; threats of termination; reprimands by supervisors; and instituting an English-only policy aimed specifically at Plaintiff.

65.     Defendants' adverse actions constituted retaliatory workplace harassment.

66.     Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

67.     As a direct, legal and proximate result of Defendants' retaliation,

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a** (6) **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

68.     Plaintiff are entitled to their reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

Sex-Based Pay Discrimination in Violation of
Equal Pay Act, 29 U.S.C. § 206(d) (1)

69.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 131, above.

70.     Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

71.     Defendants have employed Plaintiff and male employees in jobs as bill collectors, requiring equal skill, effort, and responsibility.

72.     Defendants caused, contributed to, or caused the continuation of several violations of the FMLA Act of 1993 and manipulated it to server discriminatory and negative adverse actions that caused the plaintiff to suffer each time the manipulation was put in force.

29

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6) HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

73.     As a direct, legal, and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial.  As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial.  Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SIXTH CLAIM FOR RELIEF

74.     As a direct, legal, and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial.  As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial.  Plaintiff further seeks compensatory and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

75.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on national origin and ancestry.

76.     Plaintiff are entitled to reasonable attorneys' fees and costs of suit.

1) **VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

## DECLARATORY RELIEF ALLEGATIONS

77.　A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contend that Defendants violated his rights repeatedly under the FMLA Act of 1993. Plaintiff are informed and believe and thereon allege that if the Defendants deny of these allegations., in spite of the overwhelming  supporting documents and evidence Declaratory relief is therefore necessary and appropriate.

78.　Plaintiff seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

79.　No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

80.　If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

31

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
(6)  **HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

81.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief as follows:

1.      For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;


2.      For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3.      For compensatory damages for Plaintiff' emotional pain and suffering, in an amount to be proven at trial;

4.      For Front Pay in an amount to be determined at trial;

5.      For liquidated damages in an amount to be determined at trial;

6.      For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7.      For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

8.      For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), and other laws; and

9.      For such other and further relief as this Court deems just and proper.

**1) VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS 4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a (6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**

Dated:  November 24, 2019                    Respectfully submitted,


By:  _____
                GARRISON JONES
            Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff demand a jury trial on all causes of action and claims to which they have a right to a jury trial.


By:  _____
            Garrison Jones

**1)  VIOLATION OF FMLA ACT OF 1993; 2) VIOLATION OF FMLA PRIVACY RULES; 3) VIOLATION OF FMLA PROHITIBITED ACTS**
**4) USE OF FMLA AS A MEANS /TOOL/INSTRUMENT OF RACIAL DISCRIMINATION;  5) PRIVACY ACT 5 U.S.C. § 552a**
**(6)  HIPAA PRIVACY REGULATIONS GOVERN FMLA CERTIFICATION**




**Arizona Department of
Economic Security**

**Office Of Appeals**

**1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056**

GARRISON JONES



Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No.

---

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT

---

The last day to file an appeal is   November 22, 2019   . Instructions for filing an appeal are at the end of this decision.

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

\*     \*          \*

3. Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

A.     General

1.     Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist. Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted. Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.

**D. Whiting**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                    Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

## Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File

dw /db

# APPEAL/REOPENING DEADLINE: NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO. SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

Page 3—Arizona Appeal No. U-1639659-001

UB-107 (08/17)

# ARIZONA DEPARTMENT OF ECONOMIC SECURITY
## Unemployment Insurance Program

### This is your Wage Statement for your Unemployment Insurance claim.

**Please examine it carefully to be sure that:**
- Your name, address, and social security number are correct.
- All your wages and employers are correct.
- All the wages belong to you.

Date:   04/19/2018
Explanation:   ORIGINAL DETERMINATION
Local Office:   990
          PO BOX 29225 MAIL DROP 5895
          PHOENIX AZ 85038-9225

GARRISON JONES
705 W LIBERTY DR
WHEATON IL 60187-4842

**The back of this form has:**
- An explanation of this determination.
- What to do if any information on this form is missing or incorrect. Protest must be filed within **10** working days of the date on this form.
- Special information regarding military, federal civilian wages, and wages earned in other states.

| B. SOCIAL SECURITY NUMBER | C. WEEKLY BENEFIT AMOUNT | D. MAXIMUM AWARD | E. BASE PERIOD | | F. EFFECTIVE DATE | G. BENEFIT YEAR ENDS |
|---|---|---|---|---|---|---|
| | 240.00 | 6,240.00 | 01/01/2017 | 12/31/2017 | 04/08/2018 | 04/06/2019 |

| H. BASE PERIOD EMPLOYERS | I. QUARTERT YEAR 1/2017 | J. QUARTER YEAR 2/2017 | K. QUARTER YEAR 3/2017 | L. QUARTER YEAR 4/2017 | M. TOTAL WAGES THIS EMPLOYER |
|---|---|---|---|---|---|
| VELOCITY TECHNOLOGY SOLUTIONS | 15,435.89 | 34,241.78 | 34,090.14 | 20,212.40 | 103,980.21 |
| | | | | | |
| | | | | | |

| | N. | O. | P. | Q. | R. |
|---|---|---|---|---|---|
| TOTALS | 15,435.89 | 34,241.78 | 34,090.14 | 20,212.40 | 103,980.21 |

**YOUR WEEKLY BENEFIT AMOUNT IS SHOWN IN ITEM C AND YOUR TOTAL AWARD IS SHOWN IN ITEM D. PAYMENTS WILL BE MADE IF YOU FILE CLAIMS AS DIRECTED AND MEET ALL ELIGIBILITY REQUIREMENTS.**

SEE REVERSE FOR AN EXPLANATION OF WAGE STATEMENT AND ADA STATEMENT
PAGE 9/10 * RCVD AT 5/2/2018 8:09:53 AM [US Mountain Standard Time] * SVR:DTSRFAXAPPP01A/16 * DNIS:1211 * CSID: * ANI:6302413224 * DURATION (mm-ss):05-08

Exhibit # 06



## Notice of Eligibility and Rights & Responsibilities
### (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division

OMB Control Number: 1235-0003
Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**

TO: **Garrison Jones**
　　 Employee

FROM: **Shauna Coleman**
　　 Employer Representative

DATE: **February 20, 2018**

On **February 8, 2018** , you informed us that you needed leave beginning on **2/20/2018, Original Dt. 11/19/2017** for:

____ The birth of a child, or placement of a child with you for adoption or foster care;

✔ Your own serious health condition;

____ Because you are needed to care for your ____ spouse; ____ child; ____ parent due to his/her serious health condition.

____ Because of a qualifying exigency arising out of the fact that your ____ spouse; ____ son or daughter; ____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

____ Because you are the ____ spouse; ____ son or daughter; ____ parent; ____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✔ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

　　____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
　　____ You have not met the FMLA's hours of service requirement.
　　____ You do not work and/or report to a site with 50 or more employees within 75 miles.

If you have any questions, contact **Shauna Coleman at shauna.coleman@velocitycloud.com** or view the

FMLA poster located in _____ .

**[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]**

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by **previously provided** . (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

✔ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request **ls/ ✔ is not** enclosed.

____ Sufficient documentation to establish the required relationship between you and your family member.

____ Other information needed (such as documentation for military family leave): _____

　　_____

　　_____

____ No additional information requested

Page 1   　　　　　　CONTINUED ON NEXT PAGE　　　　　　Form WH-381 Revised February 2013

REF #2419311

# 🎜 Lincoln
### Financial Group®

The Lincoln National Life Insurance Company
8801 Indian Hills Drive, Omaha, NE 68114-4066
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY**
**(PLEASE see FRAUD NOTICES attached)**   (877)-843-3956

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER EXPENSE.

## Attending Physician's Statement

1. Patient's Name  Garrison Jones _____ Date of Birth Redacted _____
2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)
   stroke (L PICA, R PCA) w/ residual LLE weakness b/l visual deficit
3. a) Date of First Treatment  11/22/2017
   b) Date of Most Recent Treatment  12/21/2017
   c) Frequency of Treatments  2-3x/week
   d) Type of Treatment Rendered  physical therapy
   e) Is surgery scheduled? If so, when?  n/a
4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions or light duty) from  11/22/2017 to 3/22/2018
   If the patient is still disabled, when should the patient be able to return to work?  re-eval 3/22/2018
5. Remarks or Comments:  pending further PT/rehab, f/u ophthalmology
6. List Restrictions and Limitations:  visual impairment, weakness require FWW for ambulation
7. Physical Impairment:
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)
   (Class 5) – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)
8. Mental Impairments ( if applicable)
   (Class 1) – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)
   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate limitation)
   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitation)
   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe limitations)

Date 12/21/17  Signed _____  /Degree/Specialty  Family Med MD
   (Month Day Year)   (Attending Physician, No Stamps, please)

Street Address  2827 N 7th Ave
City, State  Phoenix, AZ
Phone Number  602 406 3153
Fax Number  602 406 7176

UB-107 (05/17)

# ARIZONA DEPARTMENT OF ECONOMIC SECURITY
## Unemployment Insurance Program

### This is your Wage Statement for your Unemployment Insurance claim.

Please examine it carefully to be sure that:
- Your name, address, and social security number are correct.
- All your wages and employers are correct.
- All the wages belong to you.

Date:  04/19/2018
Explanation:  ORIGINAL DETERMINATION
Local Office:  990
PO BOX 29225 MAIL DROP 5895
PHOENIX AZ 85038-9225

GARRISON JONES
705 W LIBERTY DR
WHEATON IL 60187-4842

The back of this form has:
- An explanation of this determination.
- What to do if any information on this form is missing or incorrect. Protest must be filed within **10 working** days of the date on this form.
- Special information regarding military, federal civilian wages, and wages earned in other states.

| B. TOTAL WEEKLY BENEFIT NUMBER | C. WEEKLY BENEFIT AMOUNT | D. MAXIMUM AWARD | E. BASE PERIOD | | F. EFFECTIVE DATE | G. BENEFIT YEAR ENDS |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓ | 240.00 | 6,240.00 | 01/01/2017 | 12/31/2017 | 04/08/2018 | 04/06/2019 |

| H. BASE PERIOD EMPLOYERS | I. QUARTERLY YEAR 1/2017 | J. QUARTERLY YEAR 2/2017 | K. QUARTERLY YEAR 3/2017 | L. QUARTERLY YEAR 4/2017 | M. TOTAL WAGES BY EMPLOYER |
|---|---|---|---|---|---|
| VELOCITY TECHNOLOGY SOLUTIONS | 15,435.89 | 34,241.78 | 34,090.14 | 20,212.40 | 103,980.21 |

| TOTALS | N. 15,435.89 | O. 34,241.78 | P. 34,090.14 | Q. 20,212.40 | R. 103,980.21 |
|---|---|---|---|---|---|

**YOUR WEEKLY BENEFIT AMOUNT IS SHOWN IN ITEM C AND YOUR TOTAL AWARD IS SHOWN IN ITEM D.  PAYMENTS WILL BE MADE IF YOU FILE CLAIMS AS DIRECTED AND MEET ALL ELIGIBILITY REQUIREMENTS.**

Exhibit # 06

**General Adjudication**

**UB-098**      Claimant SSN:   361 56 1008 0

.Issue:  Able                                                    Base Period Separation:  No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED
OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02