ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>            Plaintiff,<br><br>     v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>            Defendants. | Case No. 2:19-cv-02374-KJM-EFB<br><br>**SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 4(M), 12(B)(2), AND 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:              June 3, 2020<br>Time:             10:00 a.m.<br>Place:             8<br><br>Complaint Filed: November 25, 2019<br>Trial Date:          None Set<br>Judge:               Hon. Edmund F. Brennan |

## **VELOCITY TECHNOLOGY SOLUTIONS, INC.'S NOTICE OF MOTION TO DISMISS**

TO PLAINTIFF GARRISON JONES:

NOTICE IS HEREBY GIVEN that on June 3, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 on the 13th floor of this Court, located at 501 I Street, Sacramento, California 95814, Magistrate Judge Edmund F. Brennan presiding, Specially Appearing Defendant Velocity Technology Solutions, Inc. ("Velocity") will, and hereby does, move for an order

42727355_1.docx

1                Case No. 2:19-cv-02374-KJM-EFB
SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

dismissing Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") 4(m), 12(b)(2), and 12(b)(5).

Velocity specially appears and brings this motion because Plaintiff failed to comply with the service requirements of FRCP 4. Put simply, Plaintiff did not serve Velocity with a Summons and Complaint. Rather, Plaintiff purported to serve an "amended complaint" upon Velocity's Agent for Service of Process in North Carolina (without a Summons) even though Plaintiff has not filed an amended complaint in this action. Therefore, Plaintiff's Complaint is subject to dismissal under FRCP 12(b)(2) for lack of personal jurisdiction, and FRCP 12(b)(5) for insufficient service of process.

Accordingly, Velocity asks this Court to enter an Order dismissing Plaintiff's Complaint, with prejudice, pursuant to FRCP 4, FRCP 12(b)(2), and FRCP 12(b)(5).

This motion is based upon this Notice of Motion, and the Memorandum of Points and Authorities in Support Thereof, all of the records in this case to date, and any such oral argument or evidence that may be allowed by the Court at the time of the hearing (if any) of this Motion.

DATED:  May 4, 2020                                        OGLETREE, DEAKINS, NASH,
                                                                                   SMOAK & STEWART, P.C.


                                                                        By: */s/ Anthony J. DeCristoforo*
                                                                                   Anthony J. DeCristoforo
                                                                                   Paul M. Smith
                                                                                   Attorneys for Specially Appearing Defendant
                                                                                   VELOCITY TECHNOLOGY SOLUTIONS, INC.

42727355_1.docx

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS GARRISON JONES'S COMPLAINT

## I. INTRODUCTION

Specially Appearing Defendant, Velocity Technology Solutions, Inc. ("Velocity") brings this motion seeking an order from this Court dismissing Plaintiff Garrison Jones's ("Plaintiff") Complaint. Dismissal of the Complaint, with prejudice, is appropriate pursuant to Federal Rules of Civil Procedure ("FRCP") 4(m), 12(b)(2), and 12(b)(5).

Plaintiff failed to serve Velocity with the Summons and Complaint within 90 days of the Complaint's filing. In failing to do so, Plaintiff violated FRCP 4(m)'s requirement to effect service within 90 days. Moreover, Plaintiff failed to establish this Court's exercise of personal jurisdiction over Velocity, subjecting the case to dismissal pursuant to a motion under FRCP 12(b)(2) and FRCP 12(b)(5) for insufficient service of process. As described more fully herein, Plaintiff's attempted service on Velocity's Registered Agent for Service in North Carolina was insufficient.

Because service of process has not been properly effected, Velocity is not required to respond to the Complaint.  Nevertheless, because Plaintiff has filed an Affidavit of Service [Dkt. 4], Velocity brings this motion out of an abundance of caution, in order to prevent any possibility of entry of default.  Velocity expressly reserves any arguments it has under FRCP 12(b)(6) relating to the sufficiency of the facts pleaded in Plaintiff's Complaint, as well as any other grounds for dismissal of the case if and when Plaintiff properly serves the Summons and Complaint.[1]

## II. STATEMENT OF RELEVANT FACTS

Plaintiff filed this action in the United States District Court for the Eastern District of California on November 25, 2019.  [Dkt. 1.]  Plaintiff named Velocity Technology Solutions, Inc. as a defendant. *Id*.  Approximately 140 days later on April 13, 2020, Plaintiff used a process server to

---

[1] Among the multiple grounds for early dismissal of this case is that Plaintiff previously filed and dismissed with prejudice a virtually identical action involving the same parties and claims in the United States District Court for the Northern District of Illinois.  Plaintiff filed that case in May 2018, the parties settled the case, and Plaintiff signed a general release.  Plaintiff dismissed that case with prejudice on August 16, 2018. *Jones v. Velocity Technology Solutions, et al*. (N.D.Ill.), No. 1:18-cv-03288.

serve "a true and exact copy of the Filed Amended Complaint" on Velocity's Registered Agent for Service in North Carolina, Corporation Service Company. [Dkt. 4.] In doing so, Plaintiff did not actually serve the Complaint on file with the Court [Dkt. 1] or a Summons. *Id*. And to date, Plaintiff has not filed an amended complaint in this matter. [See, Docket generally.]

### III.  LEGAL ARGUMENT

**A.  The Court Should Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 4(a) and 4(m) because Plaintiff Did Not Serve Specially Appearing Defendant Velocity with the Complaint and Summons within 90 Days of Filing the Complaint.**

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must dismiss the action*** without prejudice against that defendant or order service be made within a specified time." (emphasis added) Plaintiff filed the Complaint in this action on November 25, 2019. [Dkt. 1.] Plaintiff then attempted to effect service on Velocity's Registered Agent in North Carolina on April 13, 2020 – 140 days after filing the Complaint. In doing so, Plaintiff served only a document titled "Complaint," though not the Complaint on file with the Court, or, and equally as fatal a flaw, a Summons.

Rule 4(m) provides two avenues for relief in this situation – one mandatory and one discretionary. *Lemoge v. United States*, 587 F.3d 1188, 1198 (2009). The district court must extend time for service of the Complaint and Summons upon a showing of good cause for the delay by Plaintiff. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). If good cause is not shown, then the district court *may* extend the time to effect service upon a showing of excusable neglect. *Id*. Good cause generally means "that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) (abrogated on other grounds by *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004).

Plaintiff did not attempt service on Velocity until April 13, 2020 – approximately 140 days after filing the Complaint. [Dkt. 4.] Plaintiff already filed suit in federal court against Velocity in a previous lawsuit in the Northern District of Illinois, and thus understands his obligations to effect

42727355_1.docx

4   Case No. 2:19-cv-02374-KJM-EFB
SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

service. Moreover, there is no evidence to suggest that Plaintiff attempted but failed to effect service sooner. To the contrary, Plaintiff arranged for a process server to deliver the "Complaint" on Velocity's Registered Agent in North Carolina, demonstrating the means and ability to effect service. Accordingly, because Plaintiff cannot show good cause or excusable neglect for his failure to attempt service sooner, and because Plaintiff *never* served Velocity with the Summons or Complaint, this Court should dismiss the Complaint. And for the reasons set forth below, dismissal should be with prejudice.

> **B. The Court Should Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks Personal Jurisdiction over Specially Appearing Defendant Velocity since Plaintiff did not Serve Velocity with the Complaint and Summons.**

FRCP 4(a)(c)(1) provides that to effect service, "[a] summons must be served with a copy of the complaint," on the Defendant. Proper service of process "'is the mechanism by which the court [actually] acquires' the power to enforce a judgment against the defendant's person or property." *SEC v Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (italics and citations omitted). "In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Id.* (citations omitted). Absent compliant service of process, the Court lacks personal jurisdiction over the defendant and any judgment entered against the defendant is void. *Id.* at 1138-39; *See also Jones v. Las Vegas Metro Police Dep't*, 2015 WL 5394987, at *2 (D. Nev. Sept. 11, 2015) ("Federal courts do not have jurisdiction over defendants unless they have been properly served under Rule 4.")

A motion pursuant to FRCP 12(b)(2) is the proper mechanism to challenge the court's exercise of personal jurisdiction over a defendant. Here, Plaintiff did not serve Velocity with a copy of the Complaint or Summons as required by FRCP 4. Although Plaintiff served Velocity's Registered Agent with a "Filed Amended Complaint" [Dkt. 4], this is not enough. *SEC v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (holding that process server's affidavit of service is entitled to presumption of correctness). There is nothing in the record to indicate that a "Filed Amended Complaint" is the operative pleading in this matter. And there is nothing in the affidavit of service, entitled to a presumption of correctness, to indicate that Plaintiff served Velocity with the Complaint and Summons as required by FRCP 4. Accordingly, because

42727355_1.docx

5   Case No. 2:19-cv-02374-KJM-EFB
SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff did not effect service on Velocity, this Court cannot exercise jurisdiction over Velocity and must dismiss the Complaint.

### C. The Court Should Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff Did Not Affect Valid Service of Process Since Plaintiff Did Not Serve Specially Appearing Defendant Velocity with the Complaint and Summons.

FRCP 12(b)(5) provides the method for challenging any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." *Hernandez v. Senegor*, 2013 WL 1966122, at *2 (E.D. Cal. May 10, 2013). "Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4." *Id*. (citing *Brockmeyer v. May, supra*, F.3d at 801 (2004); *Solorio v Astrue*, 2008 WL 5122177, at *1 (S.D. Cal. Dec. 5, 2008)  If the Plaintiff cannot satisfy this burden, the Court has discretion to "dismiss the action or retain the action and quash the service of process." *Justice v. Albertson's Corp.,* 2012 WL 355031, at *3 (S.D. Cal. Feb. 2, 2012); *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. Apr. 21, 2006) (granting defendant's motion to dismiss because "plaintiffs never served a proper summons and complaint…"  Here, Plaintiff did not serve a copy of the Complaint or Summons on Velocity. Plaintiff's attempted service of the purported amended complaint is not sufficient. Therefore, the Complaint should be dismissed.

## IV. CONCLUSION

For all of the reasons addressed herein, Velocity respectfully asks this Court to dismiss Plaintiff's Complaint, with prejudice.  Plaintiff failed to serve the complaint and summons on Velocity, necessitating a dismissal under FRCP 4 and FRCP 12(b)(5).  Because he failed to do so, this Court lacks personal jurisdiction over Velocity and cannot enforce any judgment against it. Accordingly, Plaintiff's Complaint must be dismissed, with prejudice.

DATED:  May 4, 2020     OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith
Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

42727355_1.docx

42727355.1