UNITED STATES DISTRICT COURT DISTRICT OF EASTERN CALIFORNIA

GARRISON JONES Plaintiff,)

) CASE NUMBER 2:19-CV-02374 -KJM-EFB

)

VELOCITY TECHNOLOBY SOLUTIONS et al.  )

Defendants. )

**FILED**

MAY 1 3 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## PLAINTIFF MOTION FOR COSTS OFSERVICE

On this day May 10, 2020, the Plaintiff, Garrison Jones, moves the court to collect the costs of service of the Complaint and notice of Lawsuit and Request to waive Service of Summons against Defendants Velocity Technology Solutions et al

, The Plaintiffs seek not only $65.00 for the cost of service of process, but also for

a. Postage in the amount of  - $47.00 for varies postage fees USPS Certified mail and Priority Mail as well as

b. Mileage/ Transportation cost in the amount of $21.06 standard mileage reimbursement

c.  regular postage in the amount of        $17.00

d. Word Processing preparation cost      $300.00

e.  Copy paper cost of                          $ 9.00

f.  Mailing envelope cost of                   $7.17

For a grand total cost.  **$504.29**

. Because the Defendants have failed to demonstrate good cause within the meaning of Rule 4(d)(2) for their failure repeated failure  to return the waiver of service forms, on (3) separate occasions.

OGLTREE DOCUMENT

1

Per FRCP Rule 4 (d)

 "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service.

Per FRCP Rule 4   (g) (2) Failure to Waive

the defendant who is located in the United States fails, without good cause to sign and return a waiver request by a plaintiff located in the United States, the court must impose on the defendant

   (a)   The expense incurred in making the service and
   (b)   Reasonable expenses of any motion required to collect those expenses.

It is clear that the defendants on each occasion that the plaintiff sent these documents that they did in fact received them and intentionally did not respond.

On November 25 2020, the Plaintiffs filed a Complaint against Velocity Technology Solutions et al in the, United States District Court District Of Eastern California.

On November 27, 2020 the Plaintiff  mailed via USPS Certified mail the defendants a Copy of the complaint and  "Waiver of Service of Summons" form, which informed them that a law suit had been initiated against them and requested that the  defendant to  waive service.

USPS receipt verifies this fact



 The waiver form informed the Defendant that they were allowed 30 days
from November 27, 2019 to file the executed waiver form and if they
failed to do so, the Plaintiffs would take "appropriate steps to effect formal
service in a manner authorized by the Federal Rules of Civil Procedure
and will then, to the extent authorized by those Rules, ask the court to
require you ... to pay the full costs of such service."

Plaintiff on December 2, 2019 received notification and verification from
USPS that his Certified Mail sent on November 27, 2019 was delivered to
defendant at their place of business Velocity Technology Solutions 1901
Boxborough Road, Charlotte, North Carolina 28211.  USPS confirmation
of delivery confirms fact.

**Tracking Number:** 70190700000161765213                          Rem

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

⊘ **Delivered**

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211

Get Updates ∨

In retrospect to the statements by defendant attorney in his motion and based on the fact that the defendants failed to return waiver per Rule 4 (4) Results of Filing a Waiver, which the plaintiff did on December 11, 2019

**ORIGINAL FILED**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

UNITED STATES DISTRICT COURT

for the

DEC 11 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

Garrison Jones
_Plaintiff_

Velocity Technology Solutions
_Defendant_

Civil Action No. 2:19-CV-2374

NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

4

When the plaintiff files a waiver, **proof of service is not required, these rules apply as if a summons, and complaint has been served at the time of filing**.

Defendants' arrogance was again in play and they felt as in the defendant attorney statement

*Because service of process has not been properly effected, Velocity is not required to respond to the Complaint.*

This statement is erroneous and far from the truth as defendants were served as of December 11, 2019

Therefore, as of December, 11, 2019 the defendants had been served with the complaint and summons of this case and at they had at least 30 days to respond.  The expiration of that time period was January 11, 2020 and as of that date, defendant was in default status and a default judgement was in order to be entered.

However, and again begging the courts understanding.  The plaintiff wanted the defendants to plead, make a counter claim, or respond to the complaint, which in their history they have never done.  However, in order to get them to make a pleading the plaintiff was reminded of the underhanded tactics the defendants have used in the past by using his communication to go behind his back and use his due diligence and facts to "poison" the witnesses he had contact or counter the evidence by giving telling lies to potential witnesses, tampering with, moving and or deleting evidence.  He was also reminded of the vicious nature they did this week and then after they were caught lying, "went silent and dark" and never responded again.

Therefore, in this analogy, in order to get the defendants out of the hole they had dug themselves in; the plaintiff had to offer them a form of bait, in order to draw them out.

Even though he did not have to .the plaintiff seeing that they did not respond to the waiver, offered them the bait of again serving them for the third time by having their registered agent served with the complaint.

Just like a "shark" in the water who thinks he smells blood, the defendants saw the opportunity to at the last minute, crawl out of their hole and when they prey is unaware and with his back turned, they chose to attack with vicious intent and filed this weak motion with the court at the last minute of what they think is 1 day that they would be in default and makes the claim that they came out of their hole "because they

*brings this motion out of an abundance of caution, in order to prevent any possibility of entry of default.*

As expected once they crawled out of their hole, they went "straight for the jugular" to once again kill they prey/plaintiff once and for all by

Asking the court to dismiss his complaint with prejudice and still oblivious to the fact that the affidavit of service was a strategical move to flush them out and it was successful just as it has been in the past where the plaintiff sent them communication and they immediately pounced on it not taking their time and checking their surroundings, only saw blood in the water, not realizing that the "blood in the water was not of the "prey" it was their own.  Now they are exposed.

6

Rule 4(d) (2) provides:

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d) (2). Absent "good cause," the imposition of costs is mandatory. Id. ("[T]he court shall impose the costs....") (emphasis supplied).

This provision applies to these defendants. Fed. R. Civ. P. 4(d) (2) The waiver of service provisions of Rule 4(d) apply to those "subject to service under subdivision subsection (j). Fed. R. Civ. P. 4(j).to agencies, corporations.

The Rule itself imposes a "duty" on the defendant served with a waiver request "to avoid unnecessary costs of serving the subpoena" and limits acceptable excuses for not doing so to "good cause." Fed. R. Civ. P. 4(d) (2).

The defendants have never filed or responded with any motion or pleading that indicated "good cause" for failure to comply with a request for waiver nor has the USPS returned any of the certified mail, USPS Priority mail sent to the defendants as undeliverable. The defendants lied when they were contacted by the plaintiff claiming they did not receive the request. All defendants are insufficiently literate in English to understand it. Id. None of the Defendants has demonstrated "good cause" within the meaning of Rule 4 and the Plaintiffs are entitled to be reimbursed for the costs of service in accordance with Rule 4(d)(5).3

While Rule 4(d) (5) controls the awarding of attorney's fees:, this is not applicable as the plaintiff has appeared pro se, however there are

underlying circumstances where based solely on the defendants history of ignoring the law and ignoring all communications and court orders that are not in their favor, the plaintiff has to include in his motion and the order from the court.  **Special Circumstance for compliance fees and penalties.**

The plaintiff is entitled to the same fees that the defendant is being charged by their attorney similar to the fees on the invoice from Ogletree Deakins as illustrated below.  In addition, in the event that the defendants fail or delay to pay the above fees in the amount on the motion that a daily late fee is applicable until the amount is paid.  These fees are similar to the fees illustrate below

**Ogletree Deakins**

Page 3
06/08/11
Invoice No. 808544
626753-000001-TAF

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 05/11/11 | TAF | Evaluate | 3.50 | 1,347.50 |
| 05/11/11 | AA | Review | 0.10 | 32.50 |
| 05/12/11 | TAF | Review | 3.00 | 1,155.00 |
| 05/12/11 | AA | Telephone calls with Department of Justice lawyers and summarize same; review review | 3.30 | 1,072.50 |
| 05/13/11 | TAF | Work on legal arguments. | 2.00 | 770.00 |
| 05/13/11 | AA | Review | 2.70 | 877.50 |
| 05/16/11 | TAF | Work | 2.00 | 770.00 |
| 05/16/11 | TAF | Meeting with chairs to review legal advice | 2.00 | 770.00 |
| 05/17/11 | TAF | Legal advice and research | 1.00 | 385.00 |
| 05/18/11 | TAF | Work | 1.50 | 577.50 |
| 05/19/11 | TAF | Legal advice to Chairman Ruobo. | 0.50 | 192.50 |
| 05/20/11 | TAF | Review conference with Chairman Ruobo. | 1.00 | 385.00 |
| 05/23/11 | TAF | Work | 1.00 | 385.00 |
| 05/24/11 | TAF | Evaluate : | 2.00 | 770.00 |
| 05/25/11 | TAF | Evaluate | 1.30 | 500.50 |
| 05/25/11 | PJS | Assess | 0.90 | 292.50 |
| 05/27/11 | TAF | Work | 3.00 | 1,155.00 |

8

These fees are outlined because the plaintiff is again pro se and acting as his own attorney, however he has rendered the same services and expenses that are normally expensed and equally should be reimbursed for same. Each relevant expense will be assessed each day at an expense of 1 hour per category per day.

| | |
|---|---|
| Review   rate - | $385.00 |
| Evaluate rate | $500.00 |
| Legal research | - $385.00 |
| Computer research | $125.00 |

**Total**                         **$1395.00 per day late fee**

These fee costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h)

WHEREFORE, plaintiff prays that this court t grant this motion to recover cost of service against the defendants with an order to include

**Special Circumstance for compliance fees and penalties.**

<u>AFFIDAVIT</u>

Garrison Jones, Plaintiff, do hereby certify that the statements and allegations set forth in the motion to be filed true and accurate to the best of our knowledge and belief.

Respectfully submitted,

GARRISON JONES, PLAINTIFF

Garrison.jones@outlook.com

9

**ORIGINAL FILED**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

DEC 11 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

Garrison Jones
_____
*Plaintiff*                    )
                               )
Velocity Technology           )     Civil Action No. 2:19-cv-2374
Solutions                     )
_____       )
*Defendant*                    )

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days (*give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

Garrison Jones
_____
*Printed name*



Black Dog Agency LLC

PO Box 1863
Raleigh, NC 27602

919 961 2195
info@blackdoglegal.com
www.BlackDogLegal.com

# Invoice # 6387



PAID
04/15/2020

**To:   Garrison Jones**
████████████
**Sacramento CA**████

| Invoice Date: | **4/15/2020** |
|---|---|
| Invoice Terms: | **Due on receipt** |
| Client Number: | **Pro Se** |

| Date | Item | Description | Qty/Min | Rate | Subtotal |
|---|---|---|---|---|---|
| 4/13/2020 | Service | Complaint- Velocity Technology Solutions c/o RA CSC, Raleigh: Served on Colleen Walsh, rep for CSC | 1 | 65.00 | 65.00 |

|  | Total: | $65.00 |
|---|---|---|

**Payment** Please make checks payable to Black Dog Agency, LLC. A 10% late fee will be charged for payments received later than 30 days of receipt of this invoice.

**Questions** If you have any questions about your bill, please contact us at your convenience and we would be happy to help.

Thank you for choosing Black Dog Agency

Please visit us at www.BlackDogLegal.com

www.BlackDogLegal.com 

**November 27, 2019, 9:31 pm**
Arrived at USPS Regional Origin Facility
SACRAMENTO CA DISTRIBUTION CENTER

**November 27, 2019, 11:47 am**
USPS in possession of item
SACRAMENTO, CA 95818

**Product Information**

**See Less**

**Tracking Number:** 70190700000161765213

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

**Status**

# Delivered

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211
**Get Updates**

**Delivered**

**Text & Email Updates**
**Tracking History**
**December 2, 2019, 11:25 am**
Delivered, Left with Individual
CHARLOTTE, NC 28211
Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

**December 2, 2019, 9:32 am**
Arrived at Unit
CHARLOTTE, NC 28205

**December 2, 2019, 4:30 am**
Arrived at USPS Regional Destination Facility
MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER

**December 1, 2019, 9:42 am**
Arrived at USPS Regional Destination Facility
CHARLOTTE NC DISTRIBUTION CENTER

**November 30, 2019**
In Transit to Next Facility

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | PayPal <service@paypal.com> |
| **Sent:** | Wednesday, April 15, 2020 2:27 PM |
| **To:** | Garrison Jones |
| **Subject:** | Your receipt for payment to Black Dog Agency, LLC |



# You paid $65.00 USD to Black Dog Agency, LLC

## Thanks for using PayPal, Garrison Jones

Create a PayPal account in just a few seconds so every checkout is a snap!



---

## Payment details

For your purchase on April 15, 2020

**Details**

| | |
|---|---|
| Pay Now | $65.00 USD |

---

| | |
|---|---|
| Subtotal | $65.00 USD |

1

2:19 - CV 2 3 7 4   KJM EFB

## ORIGINAL
## FILED

NOV 2 5 2019

**CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**
BY
   DEPUTY CLERK

Name _____ Garrison J C

Street Address _____ 10221 Whit

City and County _____ Rancho  Con d

State and Zip Code _____ 95670

Telephone Number _____ 916 - 752 -81

IN THE UNITED

FOR THE EASTERN

Garrison   Jones

_____

*(Write the full name of each plaintiff who is*
*this complaint. If the names of all the plain*
*cannot fit in the space above, please write*
*attached" in the space and attach an additi*
*page with the full list of names.)*

-against-

Velocity   Technology  Sy

See   Attached

*(Write the full name of each defendant who*
*being sued. If the names of all the defendant*
*cannot fit in the space above, please write '*
*attached" in the space and attach an additi*
*page with the full list of names.)*