

**FILED**

MAY 2 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**
Plaintiff,

v.

**VELOCITY TECHNOLOGY SOLUTIONS**,et al
INC.; SHAUNA COLEMAN, individually
and as H.R. Director of Velocity Technology
Solutions; CHRIS HELLER, individually and
as General Counsel of Velocity Technology
Solutions; STEVEN KLOEBLEN,
individually and as CEO of Velocity
Technology Solutions; MICHAEL
BALDWIN, individually and as an employee
of Velocity Technology Solutions.
Defendants.
Case No. 2:19-cv-02374-KJM-EFB

2:19-cv-02374 - KJM-EFB

**Date: June 3, 2020**
Time: 10:00 a.m.
Place: 8
Complaint Filed: November 25, 2019
Trial Date: None Set
Judge: Hon. Edmund F. Brennan

## RESPNSE TO DENY DEFENDANT MOTION TO DISMISS CLAIMING INSUFFICENT SERIVCE

This motion is in response to defendants' motion to dismiss due to what
they claim was insufficient service of May 4, 2020. Let us first entertain
the fact that the entire motion, submitted is full of false statements, half-
truths and in some cases outright lies by the defendants and their
attorneys. The only way to combat or counter these false allegations is
with the truth, something the plaintiff has done in the previous eight (8)
encounters where he has been faced with false allegations, forged
documents and fraudulent acts committed by the defendants and their

2

counsel.  The best way to approach this for the court is by taking the false statement allegation and or statement in the defendants' motion and show, present and illustrate to the court the lies, false statements, versus the factual truth.

At the root of their motion is a tale of wo cases.  The defendants are speaking in half-truths are yelling fire and it is them who set the fire. This is what I think "precedent" is relevant.  If the same procedure is followed each and every time, the same result is achieved.  However, they made no motion to dismiss in the case in Northern Illinois, nor did they file any motions claiming they were they had not been properly served, yet in the case before the court when the exact same process was done, they are making that false clim before the court and at the same time, intentionally not mentioning the fact that they were sent the exact same document in this case.  In addition to

They are making a false claim that the plaintiff has failed to properly serve the defendants, however in the tale of the two cases begins right there.  As the defendants are touting, there was a previous case In the District Court of Northern Illinois, case number 1:18:  cv-03288 Jones V Velocity Technology.  Next, they are attempting to sway the court into thinking; this case is virtually identical to the case before the court.  This is a complete lie.  The court on its own has the ability to look at the two cases and see that they cases are not "virtually identical" as they falsely claim. In the case in Northern Illinois, the phrase or word "**FMLA**" does not even exist in the complaint, however in the case filed in the Eastern district of California **FMLA** is mentioned a mere total of **58 times**. This case is about the multiple violations and confidentiality of the rights of the plaintiff uncovered after he attempted to walk away from the worst employment experience of his life, that all were commited willfully and with vicious intent by the defendants, who left a documented trail of fraud, misrepresentation and even an act where they literally impersonated the

3

plaintiff in having a conversation with a state agency to further impact the fraud they were already committing.

Next, they are claiming that they were not properly "served" when the plaintiff sent them in each case a Notice of Lawsuit and Request of Waiver of Summons.  In the case in Northern Illinois, and by illustration of the Docket history the court will see that **no affidavit of service was filed by the plaintiff**.  You will also see that the defendants never responded or filed any such motion for dismissal making a claim that they were never served with a summons and or complaint. the forefront of this otion is **Exhibit 1**.

**.₁▮ Home  LTE          11:49 AM          ⊛ 100%▧▨**

## 🔒 ecf.ilnd.uscourts.gov

## History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:*  05/08/2018 | 💿 received complaint |
| 2 | *Filed & Entered:*  05/08/2018 | 💿 civil cover sheet |
| 3 | *Filed & Entered:*  05/08/2018 | 💿 pro se appearance |
| 4 | *Filed & Entered:*  05/08/2018  *Terminated:*  08/20/2018 | 💿 application for leave to proceed in forma pauperis |
| 5 | *Filed & Entered:*  05/08/2018  *Terminated:*  08/20/2018 | 💿 motion for attorney representation |
| 8 | *Filed & Entered:*  05/08/2018 | 💿 Notice re Mandatory Initial Discovery Pilot(MIDP) |
| 9 | *Filed & Entered:*  08/16/2018 | 💿 attorney appearance |
| 10 | *Filed & Entered:*  08/16/2018 | 💿 stipulation of dismissal |
|  | *Filed & Entered:*  08/20/2018 | 💿 terminated case |
| 11 | *Filed & Entered:*  08/20/2018 | 💿 order on motion for leave to proceed in forma pauperi |
| 12 | *Filed & Entered:*  12/13/2019 | 💿 assigning/reassigning Case |
| 13 | *Filed:*  12/13/2019  *Entered:*  12/16/2019  *Terminated:*  12/18/2019 | 💿 motion to vacate |
| 14 | *Filed:*  12/13/2019  *Entered:*  12/16/2019 | 💿 letter |
| 15 | *Filed & Entered:*  12/18/2019 | 💿 order on motion to vacate |
| 16 | *Filed:*  12/31/2019  *Entered:*  01/03/2020 | 💿 notice of appeal |
| 17 | *Filed:*  12/31/2019  *Entered:*  01/03/2020  *Terminated:*  01/21/2020 | 💿 motion for leave to appeal in forma pauperis |
| 18 | *Filed & Entered:*  01/03/2020 | 💿 notice of appeal due letter |
| 19 | *Filed & Entered:*  01/03/2020 | 💿 transmitted short record to USCA |
| 20 | *Filed & Entered:*  01/03/2020 | 💿 USCA acknowledgment of short record |
| 21 | *Filed & Entered:*  01/08/2020 | 💿 USCA order |
| 22 | *Filed & Entered:*  01/21/2020 | 💿 order on motion for leave to appeal in forma pauperis |
| 23 | *Filed & Entered:*  01/21/2020 | 💿 circuit rule 3(b) fee notice |
| 24 | *Filed & Entered:*  02/04/2020 | 💿 USCA acknowledgment of short record |
| 25 | *Filed & Entered:*  02/05/2020 | 💿 USCA order |
| 26 | *Filed & Entered:*  02/05/2020 | 💿 motion for leave to appeal in forma pauperis |

**PACER Service Center**

Transaction Receipt

The only filing by the defendants was on August 16, 2018 and agreement and ruling **that was induced by fraud and misrepresentation**.

5

erty of an organization, that has fueled his career over 27 years, put a roof over the his head and his family, put his children thru school and college, now only to see former employees of that same firm, Lawson/Infor being targeted where a using their knowledge of how the inner workings of that organization, they conspired to steal intellectual property from them for the purpose of **American Greed**.  They also targeted the plaintiff to unknowingly make him a participant in their illegal criminal activity. When the plaintiff found out what they were doing, he simple exercised his protected right and **refused to participate** in their illegal activity.  For this  and over the past 3 ½ years they have retaliated against him and his family, black listed him and prevented him from being able to gain honest lawful employment on top of all this after he was trying to walk away, he discovered that they had without his knowledge, committed several civil and criminal acts against the plaintiff **"behind his back"** including made a false allegation of fraud where they attempted to charge the plaintiff with a felony and get him wrongfully convicted of fraud by falsely claiming that he was committing unemployment fraud where he was working and collecting unemployment at the same time.  Fact along with 5 other false allegations they made to the Arizona Department of Economic Security (AZDES) to prevent the plaintiff in collecting unemployment after they terminated him while on FMLA without his knowledge for no reason of misconduct and then after they were caught lying, both the HR Director and Legal Counsel openly lied to him in their effort to begin a cover-up that exist today and as a result lead to 5  cases of appeal with the Arizona Court of appeals, all regarding false allegations made by the defendants where the plaintiff was forced to file appeals to prove that all (5) allegations were not true.

Now in the case before the court, they are claiming that they were not properly served, when the plaintiff followed and executed the exact same procedure and on (3) separate occasions forwarded Notice of Lawsuit and Request Waiver of Summons to the defendants that they following their previous habit of not responding

6

Thee attorneys are not being ethical, what they are doing is obvious, the same as if a person brings his car to a mechanic for a flat tire and the mechanic pads the bill with other un-needed repairs and estimates, then after those repairs are done, he does a half assed job to get the car back in his shop to fix more things.  This is exactly what Ogltree is doing; they are intentionally stringing Velocity along for the sake of revenue and billable hours.  They do a half ass job, leaving the window open for the event that it will result into more revenue and billable hours. hey are simply prolonging this case for the sake of profit.  They are no better than the

client they represent. Two snakes eating the  others tail.

They have lost eight consecutive cases they have represented the defendants on, now there are (2) attorneys assigned (double the pleasure) one billable attorney was not enough.

To then address all of the FRCP Rules that have been quoted and intentionally misrepresented in the motion.  For the record, there was not a single rule nor a single case quoted by the defense counsel that remotely made any such recommendation that the appropriate resolution and or ruling is to dismiss any case with prejudice.

Rules 12(b) (5), FRCP 4, FRCP 12(b) (2), and FRCP 12(b) (5).  None of which has any of the language that is being quoted by counsel.

Nor does any of the legal cases quoted remotely recommend the same appropriate resolution. *Lemoge v. United States*, 587 F.3d 1188, 1198 (2009).  *re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001 nor does *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) and or (abrogated on other grounds by *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004  ll

7

No case specifically makes any such assumptions.  Yet one of them clearly recommended " without prejudice, but as illustrated counsel is so eager to end this case that he I one breath claim that the proper resolution is "notice to the plaintiff – *must dismiss the action* without prejudice, then contradicts himself and (6) additional times in the motion he claims with prejudice.

He is asking the court to close its eyes to precedent, break the law, and do his will. This motion is a clear act of desperation and fraud.  On one hand they attack "service as insufficient but under the same circumstances, same parties different claims, they claim another process is appropriate, knowing it is a lost cause as they know the effects of not to have returned the waiver.  They are intentionally making mistakes milking their client.  Even billing them for just logging into Pacer to see if any of the cases have made and progress.  They may not since the pandemic have many clients that are billable and they are milking the source of income every day for revenue.  There is no way I would stay with any attorney no matter how "prestigious they claim to be, after eight loses, I would run to another firm. The issue is, they are being forced to stay with this firm by " a higher power" investors or business partners, who knows and who cares.  There is no attorney on this planet that get them off the hook for what they have done.  It has already been proven that no matter how low and the dirty tricks they try, the truth will prevail.

I have lived by a very basic creed.  I do not lie cheat and or steal and I do not tolerate anyone who does" Velocity is on track for becoming the first "technology firm to be indicted under the RICO Statue.

Of all the technology firms who do things every day to advance society, there are those who would rather "steal" others success as their own for profit without doing the work but want the credit.  Then when they are caught, they just as Velocity revert to fraud to hide their crimes.

When I tried to walk away, they still came after my family and me again, why?  for exercising my protected right and not be involved in a conspiracy to steal from a firm who over 27 years helped me in a career to put a roof over my head and family and send my kids to college and now they want me to drop that history and participate in illegal activity, please.

8

The court should know I have not backed down.  I may have lost almost everything I have but I am not wrong for standing up for my rights for I have done absolutely nothing.  What they are doing is pure racism nothing else.  They have done everything they can and spent millions of dollars hiding the truth.  Racial injustice is the black mans burden and the white man shame.  No matter how we gain by technological genius, if we cannot live together or we will perish together as fools.  The disease of racism drips from the pens who drafted the defendants' motion.  It is saying who he to challenge us/me is.

Man must put an end to racism for if we do not.  Racism will put an end to mankind.

The court needs to be aware and force the rules as defined in
Rule four Notice of Lawsuit and Waiver of Summons.  As of December 11, 2019 and pursuant to Rule 4 **(4) *Results of Filing a Waiver*.  When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver**.  The defendants have already been served.  The attack on the affidavit and summons as insufficient is moot.

It is a proven fact that the defendants knew of the filing of the lawsuit and received the Notice of Lawsuit and Request Waiver of summons on (3) separate occasions and that they have been monitoring the case since it was lied on November 25, 2019.  It is a proven fact that they have monitored the case on a regular basis.

As in the past, they have ignored all communications and as such, the claims of not being properly served are hereby moot.

The documents sent to the defendants are not "another attempt to serve them" with an amended complaint what soever.  It was done because history dictated that if the plaintiff did not do anything, they would have continued to ignore the complaint as they have done before, however in the case before the court and the case in the northern district of Illinois, by their intentional failure, they put themselves in default.  The hearing by the court is completely unnecessary and a waste of judicial resources as the defendants' are only doing this for interference and fraud purposes

9

to persuade the court to look the other way and allow them to escape the default position they are in.  They forced the plaintiff to incur unnecessary expense and then attempting to ignore the (3) sets of documents sent to them that could have put them in a better position to defend, yet they chose not to respond and as such now they realize they have to do something.  They did not act as an overabundance of caution; it was a sheer act of desperation at the last minute.


Rule 4 of the Federal Rules of Civil Procedure specifically requires certain defendants to cooperate in saving unnecessary expenses of serving a summons.  It is clear that the defendants intentionally did not comply with this rule.  It is not the fault of the plaintiff that they did not comply it was their chose to ignore. The defendants were sent on (3) separate occasion the Notice of Lawsuit and Waiver of Summons.  The defendants are located in the United States and who failed to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service.  Plaintiff on May 13, 2020, filed a motion for recover cost/expense of service with the court. The defendants have shown arrogance and not show good cause for their failure to return any of the waivers sent to them  They instead have went " silent" and ignored their obligations to the court.


 They have basically failed to comply with Rule 4 in its entirety as their arrogant statements and belief that the lawsuit is groundless, t it was brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant as they have clearly outlined in its motion of May 4, 2020.  None of them are relevant to the fact that they failed to sign and return the waiver.  They as by law can still make these and all other defenses and objections, but cannot object to the absence of a summons or of service.  In addition, they failed to waive, as well failed to file a respond to the complaint by February 9, 2020 more than 60 days after the original waiver was sent.  The result of their failure or failure of strategy that they alone must take the blame where they did not respond, within the time specified on the waiver form.

10

As such the motion before the court is moot and without basis, however as in this motion to deny the defendants motion, the court must retain the fact that the intent of their motion was as it has been in the past, intent to commit fraud on the court. A motion for Sanctions will be filed under a separate motion.

The plaintiff respectfully submits in support of this denial as well as documents that show a consistent pattern of false statements, half-truths, and lies that can assist the court in coming to its conclusions.

**False statement one**

First beginning with the statement where defendants claim that this case before the court is a duplicate case. They are attempting to make the court believe that the plaintiff is so stupid to file the same case twice, just in a differed jurisdiction. This is deception and fraud, a familiar tactic. Not only are the cases very different, the complaint in the Northern District of Illinois the word/phrase FMLA cannot be found anywhere in the complaint. In addition, the plaintiff at the scheduled hearing will demonstrate to the court by using a file comparison tool/technology that will compare the actual files against each other where it will highlight the obvious difference graphically to show that this is simply just another lie and false allegations.

The only thing that is duplicated in these two cases is the acts committed by the defendants in attempting to ignore and cover up their illegal acts.

The settlement reference by the defendants was induced by fraud, is, and was void at the moment after it was signed. The defendants were forced to make some form of agreement so that they could conceal multiple state and federal offenses with the major one being the theft of intellectual

11

property of their biggest revenue contributor, Infor, and to do is before it is
discovered the involvement and direct or indirect participation of several
multi-billion dollar organizations, who had invested millions of dollars in
Velocity.

Not even (3) three days after the signing of this so-called agreement
Velocity filed an appeal with AZDES that was denied Velocity further
voided the agreement showing the vindictive nature that resulted in
multiple federal complaints. The plaintiff was out of the country
addressing issues surrounding the death of his ex-mother-in-law. He was
simply walking away from the worst employment experience of his entire
life. Upon his return to the states in August 2019, he re-contacted
(AZDES) in regards to the monies, he did not receive from the appeal
hearing that he had won in June 2018. He was  Unknown to him the
monies he was expecting had not been paid or released because the
defendants in a span of less than 90 days had contacted AZDES on (3)
three other occasions and made three more false claims:
On April 24, 2018 they contacted AZDES and sent unsolicited
/proactively a forged FMLA form claiming that the plaintiff was unable to
work due to his stroke and that he was on FMLA until May 15, 2018
**(Which was a lie)** AZDES even had documentation that claimed that the
plaintiff called to confirm this, **which was another lie.** Someone from
Velocity contacted AZDES and impersonated the plaintiff and made these
false claims.

In addition to this event the plaintiff who had returned to work right before
the hearing in June 2018, Velocity who was steaming from their appeal
lost in June 2018 found out that the plaintiff had returned to work and
contacted AZDES yet again, falsely claiming that he was committing
unemployment fraud ( **A Felony in Arizona**) to get him wrongfully
convicted of a felony and sent to prison.

12

The plaintiff also found out that Velocity also on August 20, 2018 filed an appeal to the hearing June 2018 over 40 days after the court deadline, that had expired, that was immediately dismissed for "no Cause.

All the above documented false and fraudulent acts are hereby submitted with this motion to show the court the pattern of hate, vindictiveness, and false allegations that the plaintiff has endured at the hands of the defendants and their attorneys that are relevant to the motion before the court because it too is full of complete false statements.

Submitted with this motion are the following

**Arizona Appeal U-1595392-001 (Another lie) terminated and not for reasons of misconduct- Employer protest logged by Velocity**
Falsely claiming plaintiff still employed after they terminated him in March 2018. When the hearing date arrived, they failed to appear but sent for the second time the same forged document to Court of Appeals

**Arizona Appeal U-1600605-001 (Another lie) Dismissal of Velocity appeal for no cause for not being able to appear at hearing** after knowing the exact date/time of hearing the failed to appear, however on June 21, 2018 faxed over the same forgery they sent in April 2018 that AZDES used to determine that he was not due any benefits as he was still employed. They did this hoping that they forgery would be interpreted anyway the court of appeals wanted as long as it was in their favor. It failed.

**Arizona Appeal  U-1639659-001 ( Another lie)   unable to work**
Defendants faxed over plaintiffs' personal medical records along with a forged FMLA document less than 2 weeks after they sent the forged document that claimed he was still employed, this time falsely claiming not only was he still employed but **unable to work**

13

**Arizona Appeal  U—1642697-001** Velocity claimed after stalking the plaintiff and when he returned to work contacted AZDES yet again claiming plaintiff committing unemployment fraud.

The court should be aware that for all of the false fraudulent claims and allegations Velocity made to AZDES and with the knowledge of each appeal hearing, they failed to show up four (4) consecutive times.  They chose to hide behind **under a rock** and see what happened after they lied to AZDES 5 times.

They are making false claims that the first notification of the lawsuit was when the plaintiff filed affidavit of service on April 16.  However, how would they know this was filed if they have not been monitoring the case for over 4 ½ months.

Inquiries to prove that the first notification they received was on May4, 2020.  The notification does not mean that they have not logged into pacer and have kept track with case events, the same manner that they did in the case in Northern Illinois.  For months, they failed to respond and or plead but had full knowledge of the events going on with that case as well.  To now claim they are only reacting in a d" overabundance of caution "is yet another false statement, as they have known oi this case for months.  It is again another act of deception they are pushing on the court.

14

**Exhibit 1** is the complete document history from Case number 1:18_cv-02388 from the Northern District of Illinois of the case mentioned by the defendants that was filed titled *Jones v Velocity Technology Solutions et al* on May 8, 2018.

It shows 26 documents filed.  In that case, the plaintiff sent via regular USPS mail after the complaint was filed,  a copy of the complaint and

15