. **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**GARRISON JONES**
Plaintiff,

v.

**VELOCITY TECHNOLOGY SOLUTIONS**, et al
 SHAUNA COLEMAN, individually
and as H.R. Director of Velocity Technology
Solutions; CHRIS HELLER, individually and
as General Counsel of Velocity Technology
Solutions; STEVEN KLOEBLEN,
Individually and as CEO of Velocity
Technology Solutions; MICHAEL
BALDWIN, individually and as an employee
of Velocity Technology Solutions.
Defendants.

**Case No. 2:19-cv-02374-KJM-EFB**
Date: June 3, 2020
Time: 10:00 a.m.
Place: 8
Complaint Filed: November 25, 2019
Trial Date: None Set
Judge: Hon. Edmund F. Brennan



**FILED**

MAY 2 6 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

**AMENDED MOTION RESONSE TO DENY DEFENDANT MOTION TO
DISMISS CLAIMING INSUFFICENT SERIVCE**

I.    **INTRODUCTION**
II.

Any motion submitted to the court must contain sufficient factual matter and
allegations that can be accepted as true to survive its intended purpose and claims.

Defendants' motion does not come remotely close to or contain any truth what so ever that the court can entertain it at any hearing as they will not be able to submit to the court not only their beliefs or truth, but the court even prior to said hearing should review the evidence and readily available access to the Pacer system for it contains multiple exhibits that can counter the defendants false claims.  In the courts preliminary review of these evidentiary evidence, the court will find that the defendants motion is baseless, without merit and its only intended purpose is to commit fraud on the court , which is their documented history in doi9ng so in defense of this client. Defendants and their attorneys are still on their reign of fraud where the plaintiff in support of this motion to deny said motion before the court, will submit to the court multiple fraudulent claims and documents made by the defendants that will show and illustrate a disturbing continuous, vindictive, pattern of hate, racial discrimination, fraud, retaliation, intimidation, hate the plaintiff has endured over the past (4) years from the defendants and their attorneys.  All such hate is in their efforts to escape the inevitable.

The current pandemic has flushed out even more unlawful  criminal activity by the defendants, that will lead to state and federal indictments and prison terms for not only Velocity executives and employees, but also for multiple executives or several multi-billion dollar organizations, who knew of the illegal criminal acts by Velocity and are directly or indirectly involved in the illegal activity and in the racial discrimination of the plaintiff where all knew of its existence and all failed to stop it.

 In their efforts in submitting and making false claims against the plaintiff that, they submitted to AZDES and the Arizona Court of Appeals, where after they have repeatedly lost appeal hearings, they attempted to make a false claim that would have resulted in the plaintiff wrongfully accused of a felony to send him to prison. They pulled out all stops and was so desperate that they would revert to falsely accusing him of a felony to stop him from receiving unemployment benefits in the amount of **$240.00 per week**, after they terminated him from his employment and not for any reason of misconduct but for in **retaliation of exercising his protected right not to participate in illegal criminal activity by Velocity executives and employees**. In this day and age where multiple technology firms are inventing and providing technology solutions to further advance the human race, there are firms like Velocity who instead of embracing these advancements, they chose to steal from the firm that is making the advancement for no more than American Greed, then when anyone opposes their illegal acts, they come after him with everything they have and in any way they

1

have available to them all for a sum less that the hourly rate they are paying the law firm who they have chosen to represent them who have been in unison with them in committing fraud and violating the plaintiffs' rights given to him by this country

## STATEMENT OF RELEVANT FACTS

The history shows that the case was filed on May 8, 2018 and for, during that time the waiver was sent and not responded to nor did the defendants file any motion to dismiss and in fact were in default before the attorney filed their appearance on August =16, 2018, they did not respond as an "over abundance of caution of being in t default in that case but kept a close eye on the proceedings even before the filed their appearance. IN fact the attorneys were from June thru August were actively engaged and represented the defendants in multiple failed appeals with (AZDES) Arizona Department of Economic Security for the past 3 months.

Their failure to mention the waiver and failure to respond does not diminish or negate the rules and efforts by the plaintiff to force them to plead. The defendants did receive the complaint and the waiver. They again saw that they have once again been caught violating the law and the rights of the plaintiff and if they "officially" responded to the complaint and or lodged a counter claim that it would be completely false as they had no evidentiary support of any exhibits, evidence nor could they offer any testimony that would counter any of the plaintiffs allegations because they knew he had supporting documentation and or exhibits.

The motion of May 4, 2020 is simply a desperate futile attempt not to answer the complaint claiming defects in the method of service, however per the rules of Rule 4 where the plaintiff executed the proper procedures, the defendant have already been served and their motion is effectively not only moot but meritless and does not qualify as an answer to the complaint and should be dismissed in its entirety for the same reason.

Their answer or motion was not to attack the insufficient of service, as they knew they were in default. Their defense against the service on the registered agent is moot and irrelevant as the complaint they received and filed with the court per Rule 4 (4) Results of filing a waiver, which the plaintiff did clearly state that

2

**When the plaintiff files a waiver proof of service is not required and these rules apply if a summons and complaint had been served at the time of filing.**

So as of December 11, 2019 at the time of filing defendants were served with the summons and complaint.  With the supporting documents from the USPS service and the fact that none of these mailings and or documents were returned "undeliverable" or other5 months and typical of the tactics of the defendants' he knew they would never respond and would completely ignore but also keeping an eye on this litigation.
If he had not initiated this process, the defendants would have never responded.
As in the case in the Northern District of Illinois, even though they claim and hide under "**the process and procedure of serving a complaint or summon**"
In that case, they did not follow the waiver process or procedure but filed their appearance to lawsuit as if they had been served properly.  It seems ambiguous that they would now make such a claim in this case and not in another.  Their inconsistent interpretation of the law and its requirements is the reason their client is in default and inconsistent as such wise, all claims and efforts to claim improper service is irrelevant and their motion should **be denied**.

The plaintiff only initiated this action to the registered agent because for over If the plaintiff had no the defendants would have continued to not respond to the complaint as if it never existed.

Furthermore, defendant attorney clearly identified his role as **SPECIALLY APPEARING**  In addition, as such his pleading is recognized as a preliminary motion, for the sole purpose is, and was to challenge jurisdiction.  **They will attempt to file another preliminary motion because this one will be dismissed** as it was for an improper purpose and not what is claimed on the face of the motion.

**As pursuant to FCRP Rule 12 (g) (2)**

The defendant will attempt but is barred from submitting other preliminary motions and limited to the motion submitted in this case.  Therefore, their rush to dismissal is obvious because they know they do not have a chance in winning said case, especially with the undisputed evidence in the possession of the plaintiff.
  It is obvious and as expected, the defendants want to "end this case" by its attempts to attack the defect service and not the allegations /

3

Claims in the complaint, as they are true.  It is simply a desperate attempt to avoid and was not done as they claim as an overabundance of caution, but to escape / avoid having to litigate or go to trial knowing that the evidence by the plaintiff simply t is insurmountable.  This rule must be strictly forced, if not the court will again be faced with yet another frivolous desperate motion.

Plaintiff did not serve Velocity with a copy of the Complaint or Summons as

**The defendants motion states**

*And there is nothing in the affidavit of service, entitled to a presumption of correctness, to indicate that Plaintiff served Velocity with the Complaint and Summons as required by FRCP 4.*  Accordingly, because

The plaintiff can present to the court three attempts

**The defendants motion states**

*Plaintiff did not effect service on Velocity, this Court cannot exercise jurisdiction over Velocity and must dismiss the Complaint.*

**C. The Court Should Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b) (5) because Plaintiff Did Not Affect Valid Service of Process Since Plaintiff Did Not Serve Specially Appearing Defendant Velocity with the Complaint and Summons.**

FRCP 12(b) (5) provides the method for challenging any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." *Hernandez v. Senegor*, 2013 WL 1966122, at *2 (E.D. Cal. May 10, 2013).  "Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4." *Id.* (citing

The defendant as the court can see is not challenging the failure to return the waiver and as the rule states, filing of the waiver is as if the complaint and summons has been filed at the time of filing.

**The defendants motion states**

4

*Here, Plaintiff did not serve a copy of the Complaint or Summons on Velocity. Plaintiff's attempted service of the purported amended complaint is not sufficient.* Therefore, the Complaint should be dismissed.

This is a repeated moot statement by defendant and should be dismissed as moot

This response as contained in the motion by defendant counsel confirms that even prior to the registered agent being served; Velocity had prior knowledge that the complaint had been filed.  Counsel states, *"Because service of process has not been properly effected, Velocity is not required to respond to the Complaint."*

In addition, it is unjust to basically keep the plaintiff "frozen" and to refuse and delay his progress in this case when events that should have no relevant reason are put in his path and at the same time allow defendants who have been properly served pursuant to Rule 4, where on three occasions, they had the opportunity to plead and respond to the complaint and failed to do so.  The restrictions put upon the plaintiff coupled with the non-cooperative, non-compliant defendants allowed them to put yet another barrier in front of the plaintiff where after over

Complaint filed November 25, 2019           161 days -
 Complaint and Notice of Lawsuit
 First Request for Waiver of summons filed November 27, 2019           **159 days –**
**No Response**
**(Sent by USPS Certified Priority Mail)**

Second Request for Waiver of Summons filed December 5, 2019           **152 days -**
**No Response**

Third, Request for Waiver of Summons December 11, 2019           **146 days- No**
**Response**
**(Filed with Clerk December 11, 2019)**

5

It seems highly hypercritical that the defendants are accusing the plaintiff of failing to follow the procedures of Rule 4 when at the same time, they themselves are intentionally failing to comply with the same rule with documented proof that they have not.


## Service of Summons

In the case in Northern Illinois District Court Case 1:18-cv-02388 there is not record of the defendant challenging service or summons

## Insufficient process of service
In the case in Northern Illinois District Court Case 1:18-cv-02388 there is not record of the defendant challenging or filing a motion claiming insufficient process of service.


## Jurisdiction

The Seventh Circuit's decision in German *American Financial Advisors & Trust Co. v. Rigsby, No. 15-1612, 2015 WL 5579751 (7th Cir. Sept. 23, 2015),* highlights the preservation of the right to claims of jurisdiction.

In affirming the conclusion that these defendants waived personal-jurisdiction defense, the Seventh Circuit relied on the rule that "a defendant will waive objection to the absence of personal jurisdiction by giving the plaintiff a '**reasonable expectation**' that they 'will defend the suit on the merits.'" They simply went silent and ignored the complaint but yet continued to monitor the complaint and were actively being billed by their attorneys specifically referencing this case in their invoices.

 The defendants **did** not give the plaintiff or the court any indication or expectation that they were going to respond to the complaint or that they was going to defend themselves in the complaint before the court for over 161 days.  Even at them filing of the motion, it was not timely.

6

By their own accord for failure to respond to the Notice of Lawsuit and Request Waiver of summons for over

Preservation Issues:

A personal-jurisdiction defense is generally presented and preserved through one of two mechanisms: (1) a 12(b) (2) motion to dismiss; or (2) the defendant's answer as one of the pled defenses (for later presentation through a motion).

However, even when presented in one of these ways, the defendant may waive or forfeit a personal-jurisdiction defense through litigation on the merits in situations in which it is not clear that the defendant maintains its personal-jurisdiction defense.  See, e.g., Blockowicz v. Williams, 630 F.3d 563, 566 (7th Cir. 2010) (where defendant responded to plaintiff's injunction motion and included statement that the district court lacked personal jurisdiction over it and further stated that it did "not waive any arguments it has pursuant to Fed.  R. Civ. P. 12(b)(2)," defendant nevertheless waived its personal-jurisdiction defense by failing to press it and, instead, substantially litigating on the merits); Gerber v. Riordan, 649 F.3d 514, 518 (6th Cir. 2011) (where defendants filed an initial motion to dismiss for lack of personal jurisdiction – which was rejected for reasons other than the merits – and then participated in litigating on the merits before renewing their motion, which included their counsel making a general appearance, the defendants waived their personal-jurisdiction defense).

The following general rule is central in this context: A "delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where ... the defense was asserted in a timely answer." *Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir. 1999)* It is clear that the defendants motion was not timely and was not done out of an abundance of caution as they claimed but, was done knowing full well they were in default and had to do something to once again submit false allegations and this time a completely false document to the court with all false claims, a practice they have done for more than 3 years.

To retain the potential for proper preservation of a personal-jurisdiction defense, they should have presented as early as possible in the action.  They did not, forcing the defendant to "serve" them when he did not have to, only to now bring a false, lie based motion, with no proven facts submitted from pure improper means.

The motion should be **denied** and counsel should also be subjected to major sanctions for submitting known false motions in their attempt to mislead the court in rendering an unjust ruling.

Counsel knows that the defendants are in the position that they cannot defend or counter any of the claims by the plaintiff, as they know in the past that he has multiple supporting documents and exhibits to present to the court to show the defendants guilt.

## Personal or Subject Matter jurisdiction

. Plaintiff does hereby submit the Notice of Lawsuit and waiver of Summons filed with the court on December 11, 2019, USPS Certified Mail receipt and USPS Tracking and Delivery confirmation as documented written material of service and the fact that none of these documents that were sent to defendants on November, 27, 2019, December 5, 2019 or December 11, 2019 were returned by USPS as undeliverable to

the plaintiff.  As such, they cannot claim non-receipt and the rules of service have been satisfied.

The plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat a rule 12 (b) (2) motion to dismiss OMI *Holdings. Inc. v Royal Ins. Co of Can 149 F.3d 2086 1090 (10th Cir. 1998)*  A plaintiff may make this *prima facie*  showing by demonstrating by affidavit or other written materials, facts, that if true would support the exercise of personal jurisdiction over the defendant *Rainy Day Books Inc. v Rain Day Books & Café, LLC 186 F.Supp 2d 1158, 1160 (D. Kan. 2002)*  In considering whether plaintiff has made a *prima facie* showing of personal jurisdiction over the defendant, the court  must take the complaint's allegations as true to the extent that the defendant affidavits, pleadings and or pleadings do not controvert them.  The defendant have made no such filing or counter claim against any allegation or claim to the court. *Tompkins v Executive Comm.  Of S. Baptist Convention No CIV `3-0840 JB/CG 2015 (doc. 31 Press Release, (iv)*  When conflicting affidavits are presented factual disputes are resolved in the plaintiff's favor *Behagen v Amateur Basketball Ass'n of USA 744 2d 731,733 (10th cir 1984)*

In this case, if the defendants wish to make any such challenge, their claim cannot be of insufficient process of service as they have attacked the service on the registered agent and not the service per Rule 4 that resulted from their failure to return or respond to the waiver.  Again, Rule 4 (4) clearly states
Rule 4 Summons **(4)** ***Results of Filing a Waiver.***  **When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.**

Defendants have been served officially as of December 11, 2019 and as such, any claim of not being served is irrelevant and immaterial.  There is no other way other than the multiple waivers sent to the defendants and copies of the complaint would they have known that there was a lawsuit filed against them.  As such, then did they have the information case number etc., that would allow them to look specifically at the case filed in the Eastern District of California and to periodically check on any filings, and or download and documents.  Then intentionally not filing an appearance as they did in the case in the Northern District of Illinois.  By doing so they "appear to not have knowledge of the case as no official connection to them are made and or documented" However, Pacer keeps extensive records as to the user name, searches, case numbers and documents downloaded and it is clear that defendants had

9

knowledge and downloaded documents on several occasions, prior to the first notification being sent on May 4, 2020.  Their claim of no jurisdiction is unfounded based on these facts.

In the case in Northern Illinois District Court  Case 1:18-cv-02388  there is not record of the defendant challenging the courts or filing a motion to claim the court did not have   jurisdiction for either personal or subject matter

Yet in the cases before the court, they filed a motion making claims of all three.

## Registered Agent

Defendant is adamant that the serving of the registered agent was not properly done; however, the registered agent is Corporation Service Company (CSC) is the paid registered agent that can receive service of process.  On April 13, 2020, if they were not the registered agent for Velocity, they could have refused service, they did not. The affidavit of service reflects that Collen Walsh a representative of Corporate Service Company accepted service on behalf of Velocity during normal business hours @10.46 am.  Again, this was and is valid service as for over 5 ½ moths Velocity avoided responding to the complaint and as such service is valid and legal.

### AFFIDAVIT OF SERVICE

. Erin De La Cruz, do hereby certify that I have served a true and exact copy of the Filed d Complaint on the defendant, Velocity Technology Solutions, Inc. c o Registered Agent, ie Service Company at 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608, I personally I said documents to Colleen Walsh, Representative for Corporate Service Company on th, 2020 at 10:46AM.

10

The defendants are allegedly  a multi-million dollar  organization and has no good cause other than arrogance and their normal position that  blacks and the plaintiff are inferior and that they will not "bow down to him or any other black by responding to and or admitting to anything they are obligated to do by law, and have spent hundreds of thousands of dollars in covering up their racist acts committed against the plaintiff where he has openly stood his ground and defended himself against multiple false statement, forged documents and false allegation by the defendants.

The "service" that the defendants are claiming that was insufficient is a irrelevant issue and  was a method that the plaintiff used to "**draw/flush" out** a non-compliant, un-cooperative and hostile defendant, who has for over 3 years **hidden  in the bushes** after they have committed  multiple violations of the law.  The plaintiff had no intent of filing an amended complaint with the court, his intention again was to get the defendants before the court a place they did not to go and have from the beginning, avoiding .

They make multiple statements that display arrogance and their intent no to comply with the law.  They claim they are not required to do anything, yet their performance in representing their client mirrors the arrogance of non-compliance with the rules of the court and judicial system.

**FOOT NOTE AT BOTTON OF WAIVER FROM A0399**

11

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**Form A0399 WAIVER OF SUMMONS** sent to defendants clearly states that if the waiver is returned that the failure to waive service a party that believes the complaint is unfounded, that action has been brought in an improper venue/place, or in a court, that lacks jurisdiction over the subject matter or over the defendant. A party who waives service of the summons retains all defenses and objections **(EXCEPT ANY RELATED TO SUMMONS OR THE SERVICE OF THE SUMMONS**) and may later object to jurisdiction of the court or to the place where action has been brought. The defendant forfeit those rights and have no legal right to claim them, as t hey did not return the waiver so they is thus barred from both claiming insufficient service of the summons and from **challenging jurisdiction** as they were not retained by their own actions and non-compliance. Ion related to the summons or the service of the summons in a clear illustration of their disrespect and disobedience of the law. The rule says "certain "Defendants, however, it is clear defendants do not qualify for an exemption for not complying with or that they are not covered by the Rule 4

Nevertheless, **they did it anyway** and filed a motion before the court falsely claiming the service of summons and the process of the service is insufficient, however in the same breath, claiming the plaintiff did not comply with Rule 4 and it is they who did not comply with any of the provisions of Rule 4.

. Why did they do this? Because they simply do not care or respect the law. They will break it; go against this repeatedly, until they are stopped. The Arizona Court of Appeals put a stop to their reign. After over a year and a half they had had enough of

12

the false pleading, false documents, and false misleading statements and tired of them using the resources of the people of the state of Arizona to carry out their vendetta.

They denied the motion, however just like the plaintiff they again, went behind the back of the state of Arizona and put in the agreement that the laws of the agreement were governed by the laws of Arizona. After they have for months rained hell over the state of Arizona, now they want them to enforce an illegal agreement. Totally disrespect for the law.

This in indicative of a situation they created with AZDES Ad the Arizona Court of Appeals, where after they have lied to AZDES, forced the plaintiff to appeal a completely wrong determination they made based on forged documents sent by the defendants, they first after they were to be a witness at the appeal hearing, knew of the date/time and then failed to appear at the hearing. After the judge sent them, its ruling that specifically said the deadline to appeal this decision was July 23, 2018. They did not file an appeal by July 23, 2018. They waited until the induced the plaintiff into an unconsciable and illegal agreement on August 17, 2018, then behind his back three days later the filed an appeal with the Arizona Court of Appeals, that was immediately denied, EXHIBIT **15**   by the judge, as they did not have good cause not to attend the hearing.

Defendants now opposition despite the fact that Rule 4 clearly states that you cannot make any object.

Defendant intentionally failed to return waiver despite given three (3) opportunities to do so
 and or respond or answer the complaint in the allotted time. If the defendant had returned the waiver, they would have had 60 days from the designated date on which notice was sent.
The first Notice of Lawsuit and Request of Waiver of Summons was sent on November 27, 2019, the second was sent on December 5, and the third was sent on December 11, 2019 at that time the plaintiff also filed the waiver with the court. Still after all these attempts to comply with Rule 4, the defendants still intentionally failed to respond to the wavier nor did they respond and or file an answer to the complaint. Now per the language on the waiver that the defendants and their counsel are familiar clearly states.

13

However, his comment is far from the truth. The defendants did have an obligation to respond and ignored their responsibility to do so. This has been a tactic for some time. It is by virtue of that arrogance that the issue is before the court where their legal obligation has a documented and calculated history of avoidance to face the facts and violations of the law committed not only by the defendants but by their attorneys as well.

The plaintiff in need of direction after he had sent three (3) separate Notice of Lawsuit and Request for Waiver of Summons to the defendants attended the Pro Se clinic at the District Court house.



Thu 3/5/2020 11:19 AM

CAEDdb_ProSeAppointment <proseappointment@caed.uscourts.gov>

RE: Appt request

'o   Garrison Jones

Great, thank you. Your appointment time is indicated below:

**12:30-1:00 p.m.- Friday, March 6th**
United States District Court
First Floor Attorney Lounge, 501 I Street, Sacramento

Please bring any case information and documents that may be helpful to the pro bono attorney providing assistance. Thank you and we look forward to seeing you at the event.

 They explained this issue and he was given tactical direction to make progress in this case and force the defendants to answer. They specifically mentioned that if the plaintiff, who had no funds to do so, served the registered agent as the defendants were avoiding and would not acknowledge service or it appears they would never return the waiver, that if the registered agent was served, no attorney would risk not responding to the complaint for it would be misconduct. In addition well they mentioned that since you had already filed the waiver with the court and sent the defendants a copy of the Notice of Lawsuit and Request Waiver of Summons, coupled with the fact that you have receipts and confirmation of delivery that, this was proof that they in fact received this material, just in case they again claim they did not.

14

Therefore, the attack by defendants on the service on the registered agent is baseless and without merit and said motion to dismiss should be denied as; they also knew that by virtue of their failure to respond to the original complaint in a timely manner, they were already in default as of January 2020.  Upon receiving the waiver and the complaint the defendants failed to respond to the complaint and the Motion to Dismiss is not and cannot be categorized as a response, with that said, it is  was filed 154 days after they received the complaint and is more than 124 days after the allotted time they had to respond.

In addition to those facts.  The plaintiff after more than 45 days since the time for defendants to respond had elapsed, went to the clerks office to file a default against the defendants, he handed the motion / request to a Black woman with a Jamaican accent, she reviewed the first page of the motion, looked the case on the system and refused to accept the motion.  She said **that he could not submit the motion because there was an application for IFP still pending and that if he submitted the motion and request that it would be denied.**  She further added **<u>"Nothing can happen in your case until the application for IFP is approved"</u>**

Later when this was explained to the Pro Se clinic, they told me that I had the right to file the default and it had nothing to do with my IFP application.  As well, I should report this to her manager and file a complaint, as no clerk of court can provide anyone with **"legal advice"** and this was definitely considered **"unauthorized legal advice"**. So to further complicate matters.  The plaintiff who had a right to was talked out of the default process and over 3 months went by and by then the defendants filed their motion for dismissal on May 4, 2020 at the last minute.  Because on May 5, the plaintiff planned to file default again.
He filed a request to default with the clerk and it was denied, this time they claim the denial was because of the pending IFP and the motion to dismiss have not been ruled on.  However, when the none of this was relevant and the motion for dismissal was seven filed, he had a right to file a default judgment and it was incorrectly and refused to be filed by this clerk, damaging his case irreparably as now there are multiple obstacles that he again must hurdle as he knew back in January that the defendants were never going to file a response to the complaint.

To go further the plaintiff even before his appointment with the Pro Se Clinic.

15

The plaintiff will not only show that the defendants knew and received a copy of the complaint and Notice of Lawsuit and Request to Waive Summons but he will also prove they received these documents in addition to the fact that a third party can also validate that as far back as December 2019, they were **actively accessing court records for case number 2:19-cv-02374 but also were downloading documents from that case as well.**

This further implicates the defendants and their attorneys, if they are making yet another false claim that they had no knowledge of the complaint until the registered agent was served. If they had no knowledge, then **who was accessing and downloading documents in this case**?

Pacer records show that the **first notification** for **the current defendant attorneys** who received any notification was on May 4, 2020.

Key here is **current** but as mentioned above, documents have been viewed and downloaded by multiple individuals beginning in December 2019. This shows that the defendants' and their lawyers are playing the same old game of "I **did not know**". If you did not know, then who has a vetted interest in this case other than the defendants to download these documents? Nevertheless, Pacer has extensive records that can do a reverse query as to what user name, date/time and what records were accessed and or downloaded, if the defendants want to continue to lie claiming no knowledge and they were not required to respond. The first notification was no the first time, they had knowledge or accessed the documents of this case.

>
**Sent:** Thursday, May 21, 2020 10:24 AM
**To:** Garrison Jones <garrison.jones@outlook.com>
**Subject:** RE: not receiving notifications


It appears the first electronic notice counsel for Velocity Technology Solutions received in this case is 05/04/20; their first appearance in the case when they filed their Motion to Dismiss, #5.

16

CM/ECF HELPDESK for the United States District Court Eastern District of California

Phone Numbers:                              current phone hours:
    In Sacramento: 866-884-5525   9:00 a.m.-- 1:00 p.m.
    In Fresno:        866-884-5444   9:00 a.m.– 12:00 p.m

However, records also show that they were aware of the case.

Their intent is to steer the court into only looking at the service made upon the registered agent of Velocity and not to look at the fact that service has already been rendered upon the defendants and the fact that on three (3) separate occasions that the waiver was sent to the defendants and on three (3) separate occasions, they intentionally failed to return the waiver that clearly explained that
`.

With that said, we need to direct the court to
 Rule 4 Summons **(4) *Results of Filing a Waiver*.  When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.**

***"Because service of process has not been properly effected, Velocity is not required to respond to the Complaint."***

This motion is in response to defendants' motion to dismiss due to what they claim was insufficient service of May 4, 2020.  Let us first entertain the fact that the entire motion, submitted is full of false statements, half-truths and in some cases outright lies by the defendants and their attorneys.  The only way to combat or counter these false allegations is with the truth, something the plaintiff has done in the previous eight (8) encounters where he has been faced with false allegations, forged documents and fraudulent acts committed by the defendants and their counsel.  The best way to approach this for the court is by taking the false statement allegation and or statement in the defendants' motion and show, present and illustrate to the court the lies, false statements, versus the factual truth.

At the root of their motion is a tale of two cases.  The defendants are speaking in half-truths are yelling fire and it is them who set the fire.  This is what I think "precedent" is relevant.  If the same procedure is followed each and every time, the same result is

17

achieved.  However, they made no motion to dismiss in the case in Northern Illinois, nor did they file any motions claiming they were they had not been properly served, yet in the case before the court when the exact same process was done, they are making that false claims before the court and at the same time, intentionally not mentioning the fact that they were sent the exact same document in this case.  In addition to

They are making a false claim that the plaintiff has failed to properly serve the defendants, however in the tale of the two cases begins right there.  As the defendants are touting, there was a previous case In the District Court of Northern Illinois, case number 1:18: cv-03288 Jones V Velocity Technology.  Next, they are attempting to sway the court into thinking; this case is virtually identical to the case before the court. This is a complete lie.  The court on its own has the ability to look at the two cases and see that they cases are not "virtually identical" as they falsely claim.  In the case in Northern Illinois, the phrase or word "FMLA" does not even exist in the complaint, however in the case filed in the Eastern district of California **FMLA**  is mentioned a mere total of **58 times**.  This case is about the multiple violations and confidentiality of the rights of the plaintiff uncovered after he attempted to walk away from the worst employment experience of his life, that all were committed willfully and with vicious intent by the defendants, who left a documented trail of fraud, misrepresentation and even an act where they literally impersonated the plaintiff in having a conversation with a state agency to further impact the fraud they were already committing.

Next, they are claiming that they were not properly "served" when the plaintiff sent them in each case a Notice of Lawsuit and Request of Waiver of Summons.  In the case in Northern Illinois, and by illustration of the Docket history the court will see that **the plaintiff filed no affidavit of service**.  You will also see that the defendants never responded or filed any such motion for dismissal making a claim that they were never served with a summons and or complaint.

**Exhibit 1**.  **History of documents of case 1:18-v-02388 Northern District of Illinois**

▪▪ **Home** **LTE** **11:49 AM** @ 100% 🔋⚡

🔒 **ecf.ilnd.uscourts.gov**

## History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | Filed & Entered: | 05/08/2018 | 🌑 received complaint |
| 2 | Filed & Entered: | 05/08/2018 | 🌑 civil cover sheet |
| 3 | Filed & Entered: | 05/08/2018 | 🌑 pro se appearance |
| 4 | Filed & Entered: Terminated: | 05/08/2018 08/20/2018 | 🌑 application for leave to proceed in forma pauperis |
| 5 | Filed & Entered: Terminated: | 05/08/2018 08/20/2018 | 🌑 motion for attorney representation |
| 8 | Filed & Entered: | 05/08/2018 | 🌑 Notice re Mandatory Initial Discovery Pilot(MIDP) |
| 9 | Filed & Entered: | 08/16/2018 | 🌑 attorney appearance |
| 10 | Filed & Entered: | 08/16/2018 | 🌑 stipulation of dismissal |
| | Filed & Entered: | 08/20/2018 | 🌑 terminated case |
| 11 | Filed & Entered: | 08/20/2018 | 🌑 order on motion for leave to proceed in forma pauperi |
| 12 | Filed & Entered: | 12/13/2019 | 🌑 assigning/reassigning Case |
| 13 | Filed: Entered: Terminated: | 12/13/2019 12/16/2019 12/18/2019 | 🌑 motion to vacate |
| 14 | Filed: Entered: | 12/13/2019 12/16/2019 | 🌑 letter |
| 15 | Filed & Entered: | 12/18/2019 | 🌑 order on motion to vacate |
| 16 | Filed: Entered: | 12/31/2019 01/03/2020 | 🌑 notice of appeal |
| 17 | Filed: Entered: Terminated: | 12/31/2019 01/03/2020 01/21/2020 | 🌑 motion for leave to appeal in forma pauperis |
| 18 | Filed & Entered: | 01/03/2020 | 🌑 notice of appeal due letter |
| 19 | Filed & Entered: | 01/03/2020 | 🌑 transmitted short record to USCA |
| 20 | Filed & Entered: | 01/03/2020 | 🌑 USCA acknowledgment of short record |
| 21 | Filed & Entered: | 01/08/2020 | 🌑 USCA order |
| 22 | Filed & Entered: | 01/21/2020 | 🌑 order on motion for leave to appeal in forma pauperis |
| 23 | Filed & Entered: | 01/21/2020 | 🌑 circuit rule 3(b) fee notice |
| 24 | Filed & Entered: | 02/04/2020 | 🌑 USCA acknowledgment of short record |
| 25 | Filed & Entered: | 02/05/2020 | 🌑 USCA order |
| 26 | Filed & Entered: | 02/05/2020 | 🌑 motion for leave to appeal in forma pauperis |

**PACER Service Center**

Transaction Receipt

The only filing by the defendants was on August 16, 2018 after they had hatched a plan to "settle" the case out of court with the intent to induce the plaintiff to enter into an

19

agreement by **fraud and misrepresentation**. A Theme and practice they have done time and time again.

erty of an organization, that has fueled his career over 27 years, put a roof over the his head and his family, put his children thru school and college, now only to see former employees of that same firm, Lawson/Infor being targeted where a using their knowledge of how the inner workings of that organization, they conspired to steal intellectual property from them for the purpose of **American Greed**. They also targeted the plaintiff to unknowingly make him a participant in their illegal criminal activity. When the plaintiff found out what they were doing, he simple exercised his protected right and **refused to participate** in their illegal activity. For this and over the past 3 ½ years they have retaliated against him and his family, black listed him and prevented him from being able to gain honest lawful employment on top of all this after he was trying to walk away, he discovered that they had without his knowledge, committed several civil and criminal acts against the plaintiff **"behind his back"** including made a false allegation of fraud where they attempted to charge the plaintiff with a felony and get him wrongfully convicted of fraud by falsely claiming that he was committing unemployment fraud where he was working and collecting unemployment at the same time. Fact along with 5 other false allegations they made to the Arizona Department of Economic Security (AZDES) to prevent the plaintiff in collecting unemployment after they terminated him while on FMLA without his knowledge for no reason of misconduct and then after they were caught lying, both the HR Director and Legal Counsel openly lied to him in their effort to begin a cover-up that exist today and as a result lead to 5 cases of appeal with the Arizona Court of appeals, all regarding false allegations made by the defendants where the plaintiff was forced to file appeals to prove that all (5) allegations were not true.

Now in the case before the court, they are claiming that they were not properly served, when the plaintiff followed and executed the exact same procedure and on (3) separate occasions forwarded Notice of Lawsuit and Request Waiver of Summons to the defendants that they following their previous habit of not responding

Thee attorneys are not being ethical, what they are doing is obvious, the same as if a person brings his car to a mechanic for a flat tire and the mechanic pads the bill with other un-needed repairs and estimates, then after those repairs are done, he does a half assed job to get the car back in his shop to fix more things. This is exactly what Ogltree is doing; they are intentionally stringing Velocity along for the sake of revenue

20

and billable hours. They do a half ass job, leaving the window open for the event that it will result into more revenue and billable hours. they are simply prolonging this case for the sake of profit, revenue, and billable hours. They are no better than the client they represent. Two snakes eating the others tail.

They have suffered eight consecutive lost cases because all they have done is presented lies. Now there are (2) attorneys assigned (double the pleasure) one billable attorney was not enough.

To then address all of the FRCP Rules that have been quoted and intentionally misrepresented in the motion. For the record, there was not a single rule nor a single case quoted by the defense counsel that remotely made any such recommendation that the appropriate resolution and or ruling is to dismiss any case with prejudice.

Rules 12(b) (5), FRCP 4, FRCP 12(b) (2), and FRCP 12(b) (5). None of which has any of the language that is being quoted by counsel.

Nor does any of the legal cases quoted remotely recommend the same appropriate resolution. *Lemoge v. United States*, 587 F.3d 1188, 1198 (2009). *re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001 nor does *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) and or (abrogated on other grounds by *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004 ll

No case specifically makes any such assumptions. Yet one of them clearly recommended " without prejudice, but as illustrated counsel is so eager to end this case that he I one breath claim that the proper resolution is "notice to the plaintiff –***must dismiss the action*** without prejudice, then contradicts himself and (6) additional times in the motion he claims with prejudice.

He is asking the court to close its eyes to precedent, break the law, and do his will. This motion is a clear act of desperation and fraud. On one hand they attack "service as insufficient but under the same circumstances, same parties different claims, they claim another process is appropriate, knowing it is a lost cause as they know the effects of not to have returned the waiver. They are intentionally making mistakes milking their client. Even billing them for just logging into Pacer to see if any of the cases have made and progress. They may not since the pandemic have many clients that are billable and they are milking the source of income every day for revenue. There is no

21

way I would stay with any attorney no matter how "prestigious they claim to be, after eight loses, I would run to another firm.

The issue is, they are being forced to stay with this firm by "a higher power" investors or business partners, who knows and who cares. There is no attorney on this planet that get them off the hook for what they have done. It has already been proven that no matter how low and the dirty tricks they try, the truth will prevail.

I have lived by a very basic creed. I do not lie cheat and or steal and I do not tolerate anyone who does" Velocity is on track for becoming the first "technology firm to be indicted under the RICO Statue.

Of all the technology firms who do things every day to advance society, there are those who would rather "steal" others success as their own for profit without doing the work but want the credit. Then when they are caught, they just as Velocity revert to fraud to hide their crimes.

When I tried to walk away, they still came after my family and me again, why? for exercising my protected right and not be involved in a conspiracy to steal from a firm who over 27 years helped me in a career to put a roof over my head and family and send my kids to college and now they want me to drop that history and participate in illegal activity, please.

The court should know I have not backed down. I may have lost almost everything I have but I am not wrong for standing up for my rights for I have done absolutely nothing. What they are doing is pure racism nothing else. They have done everything they can and spent millions of dollars hiding the truth. Racial injustice is the black mans burden and the white man shame. No matter how we gain by technological genius, if we cannot live together or we will perish together as fools. The disease of racism drips from the pens who drafted the defendants' motion. It is saying who he to challenge us/me is.

Man must put an end to racism for if we do not. Racism will put an end to mankind.

The court needs to be aware and force the rules as defined in
Rule four Notice of Lawsuit and Waiver of Summons. As of December 11, 2019 and pursuant to Rule 4 **(4) *Results of Filing a Waiver*. When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and**

22

**complaint had been served at the time of filing the waiver**. The defendants have already been served.  The attack on the affidavit and summons as insufficient **is moot and irrelevant**

It is a proven fact that the defendants knew of the filing of the lawsuit and received the Notice of Lawsuit and Request Waiver of summons on (3) separate occasions and that they have been monitoring the case since it was lied on November 25, 2019.  It is a proven fact that they have monitored the case on a regular basis.

As in the past, they have ignored all communications and as such, the claims of not being properly served are hereby moot.

The documents sent to the defendants are not "another attempt to serve them" with an amended complaint what soever.  It was done because history dictated that if the plaintiff did not do anything, they would have continued to ignore the complaint as they have done before, however in the case before the court and the case in the northern district of Illinois, by their intentional failure, they put themselves in default.  The hearing by the court is completely unnecessary and a waste of judicial resources as the defendants' are only doing this for interference and fraud purposes to persuade the court to look the other way and allow them to escape the default position they are in.  They forced the plaintiff to incur unnecessary expense and then attempting to ignore the (3) sets of documents sent to them that could have put them in a better position to defend, yet they chose not to respond and as such now they realize they have to do something.  They did not act as an overabundance of caution; it was a sheer act of desperation at the last minute.

Rule 4 of the Federal Rules of Civil Procedure specifically requires certain defendants to cooperate in saving unnecessary expenses of serving a summons.  It is clear that the defendants intentionally did not comply with this rule.  It is not the fault of the plaintiff that they did not comply it was their chose to ignore.  As in all litigation, the defendants feel none of the laws of this country apply to them.

The defendants were sent on (3) separate occasion the Notice of Lawsuit and Waiver of Summons.  The defendants are located in the United States and who failed to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service.  Plaintiff on May 13, 2020, filed a motion for

recover cost/expense of service with the court. The defendants have shown arrogance and not show good cause for their failure to return any of the waivers sent to them They instead have went " silent" and ignored their obligations to the court.

They have basically failed to comply with Rule 4 in its entirety as their arrogant statements and belief that the lawsuit is groundless, t it was brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant as they have clearly outlined in its motion of May 4, 2020. None of them are relevant to the fact that they failed to sign and return the waiver. They as by law can still make these and all other defenses and objections, but cannot object to the absence of a summons or of service. In addition, they failed to waive, as well failed to file a respond to the complaint by February 9, 2020 more than 60 days after the original waiver was sent. The result of their failure or failure of strategy that they alone must take the blame where they did not respond, within the time specified on the waiver form.

As such the motion before the court is moot and without basis, however as in this motion to deny the defendants motion, the court must retain the fact that the intent of their motion was as it has been in the past, intent to commit fraud on the court. A motion for Sanctions will be filed under a separate motion.

The plaintiff respectfully submits in support of this denial as well as documents that show a consistent pattern of false statements, half-truths, and lies that can assist the court in coming to its conclusions.


**False statement one**

First beginning with the statement where defendants claim that this case before the court is a duplicate case. I do hereby challenge the defendants and counsel to visually prove that the case before the court is a duplicate of the case in the northern District of Illinois. It is a complete lie.

**Just as they think, the plaintiff was stupid enough to apply for unemployment benefits, while he was still employed,** when he had documents /email from tom the defenants stating that he had been terminated.__ I challenge the defendants or counsel to prove this false allegation.  (Knowing now, they will not)__

24

The same thing here in this false allegation, that he was also **so stupid to file the same identical case with the same claims in a different district.**
They are attempting to make the court believe that the plaintiff is so stupid to file the same case twice, just in a differed jurisdiction.  This is deception and fraud, a familiar tactic.  Not only are the cases very different, the complaint in the Northern District of Illinois the word/phrase FMLA cannot be found anywhere in the complaint.  In addition, the plaintiff at the scheduled hearing will demonstrate to the court by using a file comparison tool/technology that will compare the actual files against each other where it will highlight the obvious difference graphically to show that this is simply just another lie and false allegations.

The only thing that is duplicated in these two cases is the acts committed by the defendants in attempting to ignore and cover up their illegal acts.


 The settlement reference by the defendants was induced by fraud, is, and was void at the moment after it was signed.  The defendants were forced to make some form of agreement so that they could conceal multiple state and federal offenses with the major one being the theft of intellectual property of their biggest revenue contributor, Infor, and to do is before it is discovered the involvement and direct or indirect participation of several multi-billion dollar organizations, who had invested millions of dollars in Velocity.

Not even (3) three days after the signing of this so-called agreement Velocity filed an appeal with AZDES that was denied Velocity further voided the agreement showing the vindictive nature that resulted in multiple federal complaints.  The plaintiff was out of the country addressing issues surrounding the death of his ex-mother-in-law.  He was simply walking away from the worst employment experience of his entire life.  Upon his return to the states in August 2019, he re-contacted (AZDES) in regards to the monies, he did not receive from the appeal hearing that he had won in June 2018.  He was  Unknown to him the monies he was expecting had not been paid or released because the defendants in a span of less than 90 days had contacted AZDES on (3) three other occasions and made three more false claims:
On April 24, 2018 they contacted AZDES and sent unsolicited /proactively a forged FMLA form claiming that the plaintiff was unable to work due to his stroke and that he was on FMLA until May 15, 2018

25

**(Which was a lie)** AZDES even had documentation that claimed that the plaintiff called to confirm this, **which was another lie.** Someone from Velocity contacted AZDES and impersonated the plaintiff and made these false claims.

In addition to this event the plaintiff who had returned to work right before the hearing in June 2018, Velocity who was steaming from their appeal lost in June 2018 found out that the plaintiff had returned to work and contacted AZDES yet again, falsely claiming that he was committing unemployment fraud ( **A Felony in Arizona**) to get him wrongfully convicted of a felony and sent to prison.

The plaintiff also found out that Velocity also on August 20, 2018 filed an appeal to the hearing June 2018 over 40 days after the court deadline, that had expired, that was immediately dismissed for "no Cause.

All the above documented false and fraudulent acts are hereby submitted with this motion to show the court the pattern of hate, vindictiveness, and false allegations that the plaintiff has endured at the hands of the defendants and their attorneys that are relevant to the motion before the court because it too is full of complete false statements.

Submitted with this motion are the following

**Arizona Appeal U-1595392-001 (Another lie) terminated and not for reasons of misconduct- Employer protest logged by Velocity**
Falsely claiming plaintiff still employed after they terminated him in March 2018. When the hearing date arrived, they failed to appear but sent for the second time the same forged document to Court of Appeals

**Arizona Appeal U-1600605-001 (Another lie) Dismissal of Velocity appeal for no cause for not being able to appear at hearing** after knowing the exact date/time of hearing the failed to appear, however on June 21, 2018 faxed over the same forgery they sent in April 2018 that AZDES used to determine that he was not due any benefits as he was still employed.  They did this hoping that they forgery would be interpreted anyway the court of appeals wanted as long as it was in their favor.  It failed.

**Arizona Appeal  U-1639659-001 ( Another lie)    unable to work** Defendants faxed over plaintiffs' personal medical records along with a forged FMLA document less

26

than 2 weeks after they sent the forged document that claimed he was still employed, this time falsely claiming not only was he still employed but **unable to work**

**Arizona Appeal  U—1642697-001** Velocity claimed after stalking the plaintiff and when he returned to work contacted AZDES yet again claiming plaintiff committing unemployment fraud.

The court should be aware that for all of the false fraudulent claims and allegations Velocity made to AZDES and with the knowledge of each appeal hearing, they failed to show up four (4) consecutive times.  They chose to hide behind **under a rock** and see what happened after they lied to AZDES 5 times.

They are making false claims that the first notification of the lawsuit was when the plaintiff filed affidavit of service on April 16.  However, how would they know this was filed if they have not been monitoring the case for over 4 ½ months.

Inquiries to prove that the first notification they received was on May4, 2020.  The notification does not mean that they have not logged into pacer and have kept track with case events, the same manner that they did in the case in Northern Illinois.  For months, they failed to respond and or plead but had full knowledge of the events going on with that case as well.  To now claim they are only reacting in a d" overabundance of caution "is yet another false statement, as they have known oi this case for months.  It is again another act of deception they are pushing on the court.

**Exhibit 1** is the complete document history from Case number 1:18_cv-02388 from the Northern District of Illinois of the case mentioned by the defendants that was filed titled *Jones v Velocity Technology Solutions et al* on May 8, 2018.

27

It shows 26 documents filed.  In that case, the plaintiff sent via regular USPS mail after the complaint was filed, a copy of the complaint and **Notice of Lawsuit and Request to Waive Summons with return postage per FRCP Rule 4.**  In that case, the plaintiff did not file the waiver with the court; however, the defendants knew that a complaint had been filed.

They did not file a motion for dismissal claiming that Velocity had not been served.  In fact they filed no pleadings not did they res0ond to the case.
They notified their attorney and the attorney updated the Pacer system to receive updates on any filings in that case.  In the case currently before the court, the defendants in their motion claim.
Yet in the current case and the same identical conditions exist the claim

***"Velocity is not required to respond to the complaint."*** Now in the case in Northern Illinois where the court can visibly see that no affidavit of service was never filed, nor was one ever filed with the court, yet the same law firm and attorneys chose to defend and represent their client in a case **where they had not been officially served,**

Later they filed their appearance in a case on August 16, 2018 filed in a case they had **no legal obligation to respond** they did respond and raise no objections to jurisdiction.

This after more than 96 days after it was filed.  In that case, they did not file a single motion or response.  Yet after notification of the filing out the complaint, they updated Pacer so that they would receive notifications on any filings.

Now under the same identical conditions, same parties and same circumstances the plaintiff filed the complaint in the U.S. District Court of California Easter Division and upon filing the case on November 27, 2019 sent the defendants a copy of the Complaint, Notice of Lawsuit and Request Waiver of Summons just as he had done in the previous case and per the procedure in FRCP Rule 4..  The plaintiff knowing from his last experience time with the defendants, knew that they would again intentionally fail not to return the waiver, however this time, he sent all documents vis=a USPS Certified Mail to the attention of defendant Steve Kloeblen, CEO of Velocity Technology Solutions with Tracking to assure that if they did the same thing, he would have record of the delivery of these documents.

USPS records confirm that the documents were delivered on December 2, 2019. The plaintiff contacted the defendants on December 5, 2019 and the defendants claimed they did not receive the documents. The plaintiff knew they were lying as he received confirmation that they had been delivered.

## Exhibit 3
## USPS certified mail Receipt dated November 27, 2019
## Sent to defendant CEO Steve Klieblen



## Exhibit 4
## USPS Tracking Confirmed delivery December 2, 2019 with tracking history

**Tracking Number:** 70190700000161765213

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

**Status**

**Delivered**

29

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211
**Get Updates**

                                                                    **Delivered**

**Text & Email Updates**
**Tracking History**
**December 2, 2019, 11:25 am**
Delivered, Left with Individual
CHARLOTTE, NC 28211
Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

---

**December 2, 2019, 9:32 am**
Arrived at Unit
CHARLOTTE, NC 28205

---

**December 2, 2019, 4:30 am**
Arrived at USPS Regional Destination Facility
MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER

---

**December 1, 2019, 9:42 am**
Arrived at USPS Regional Destination Facility
CHARLOTTE NC DISTRIBUTION CENTER

---

**November 30, 2019**
In Transit to Next Facility

---

**November 27, 2019, 9:31 pm**
Arrived at USPS Regional Origin Facility
SACRAMENTO CA DISTRIBUTION CENTER

**November 27, 2019, 11:47 am**
USPS in possession of item
SACRAMENTO, CA 95818

**Product Information**

**Exhibit five – Velocity attorney appearance August 16, 2018 yet before the appearance no response to complaint filed May 8, 2018**

31

**U.S. District Court for the Northern District Of Illinois**
**Attorney Appearance Form**

Case Title: GARRISON JONES v.       Case Number: 1:18-cv-03288
VELOCITY TECHNOLOGY SOLUTIONS

An appearance is hereby filed by the undersigned as attorney for:
Defendant Velocity Technology Solutions

Attorney name (type or print):  Taylor N. Rollinson

Firm:   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Street address:    155 North Wacker Drive, Suite 4300

City/State/Zip:   Chicago, IL 60606

Bar ID Number:  6293657       Telephone Number:   312.558.1220
(See item 3 in instructions)

Email Address: taylor.rollinson@ogletree.com

Are you acting as lead counsel in this case?        ☒ Yes      ☐ No

Are you acting as local counsel in this case?        ☐ Yes      ☒ No

Are you a member of the court's trial bar?        ☐ Yes      ☒ No

If this case reaches trial, will you act as the trial attorney?    ☐ Yes      ☒ No

If this is a criminal case, check your status.    ☐    Retained Counsel

                                        ☐    Appointed Counsel
                                             If appointed counsel, are you a

                                             ☐ Federal Defender

                                             ☐ CJA Panel Attorney

In order to appear before this Court an attorney must either be a member in good standing of this Court's
general bar or be granted leave to appear pro hac vice as provided for by local rules 83.12 through 83.14.
I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C §1746, this
statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on August 16, 2018

Attorney signature:   S/ Taylor N. Rollinson

                    (Use electronic signature if the appearance form is filed electronically.)

                                        Revised 8/1/2015

**In the defendants motion it states:**

*"Plaintiff already filed suit in federal court against Velocity in a previous lawsuit in the Northern District of Illinois, and thus understands his obligations to effect.*

32

The plaintiff does in fact understand his obligation, however in the case in the Northern District of Illinois, he also sent the defendants in the case filed by the plaintiff in the Northern District of Illinois, there is no record of "service" filed by the plaintiff against the defendants in this case.

The plaintiff mailed both the registered agent and the defendants a copy of the complaint **AND NOTICE OF A LAWSUIT AND REQUEST TO WAIVE ERVICE OF SUMMONS** via regular USPS mail, with no tracking or signature requirements to verify that they in fact received the complaints.  Again, the defendants and their attorney is intentional lying to the court in regards to facts surrounding that case.  The defendants were represented by the same law firm as well OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.  In that case as in this one, the defendants received these documents failed to respond and return the waiver as well. Therefore, this shows that they think of themselves as if they do not have to comply with the laws of this country and its court system.  They simply ignore and go silent however; they know of and failed to abide by the laws of the court system, any court system,

This, is  the track record of this law firm the court docket document history below confirms and validates t this fact.

The docket history shows for case # 1:18-cv-03288 filed on may, 8, 2018 and from May 8, 2018 to  February 5, 2020 there is a total of 26 documents not one of them **show an affidavit of  service**  of any kind.  It does however show that the defendants attorney filed their appearance on August 16, 2018 **document number (9)**

. Begging the courts pardon for any clarity in his motion as he has suffered 4 strokes in the past 3 years and sometimes has issues with clarity and repeaters of facts.

With that said the motion filed  by defendant attorney in representation of the defendants  **outright lies, intentional fabrication / interpretation of the evidence** and fraud upon the court, meant to deceive the court by intentional misrepresentation of the facts, all that can be easily be proved to be false.  If the court cannot make that determination from this response, the plaintiff wishes to make those observations at the scheduled hearing.  This has been a regular documented practice by every single attorney that has been assigned by this law firm to this client.  The court should be aware; Mr. DeCristoforo is the **(8th) Eighth** attorney that has been assigned to this

client by 2020 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.  each of them have been removed as replaced with " the next big dog" and because each of them have failed in their assignment.  The reason being they have been unsuccessful is because there is entirely too much evidence and exhibits that shows their clients guilt and liability that no attorney has been unable to scale that mountain, that all have had to revert to lies, fabrication, and even making false claims of fraud against the plaintiff to charge him with a felony and put him in prison.

Repeatedly they have failed.  In their motion it states "
*Proper service of process " 'is the mechanism by which the court [actually] acquires'*
*the power to enforce a judgment against the defendant's person"*

They do not want to recognize and or comply with the mechanism, choosing to poke holes at it.  Yet in an inconsistent pattern and manner.

Proper procedure for Rule 4 have been followed to the letter.  The plaintiff has followed the procedures in Rule 4 to the letter and it is the defendants who ignored the complaint, failed their obligations to the court and their client by failing to give them effective counsel, which is the main reason this litigation is before the court.  If they had simply returned the waiver, there would not be an issue before the court.
It is their helter-skelter legal advice that has put them in the position they are in.

As in both cases, if the plaintiff had not followed proper procedures in both cases, how did the defendants know of the litigation that had been filed against them?

  Why in one case they filed an appearance in a case that they when their client was not "properly served" but they defended any way even though they had no legal reason to do so, as they are making that same claim under the same conditions as the previous case.  It is simply acts of deceit, deception, fraud, and misrepresentation.

 After the defendant and their registered agent received these documents, yet in the case before the court where the exact same procedures were followed counsel instructed them not to respond and as such forced the plaintiff to incur unnecessary expense that now they claim is insufficient.

If the process of service was never questioned in a previous case yet they defended client anyway they saw or claimed no insufficiency in the process yet in this case they

34

are adamantly claiming that it was not properly conducted in this case and filed a lengthy motion for dismissal, full of lies, unproven facts, quotes of the law asking the court to violate the law and dismiss the case.

It seems, more of a concern that they are doing this to prolong litigation by making false assumptions to their client who they know just by their relationship is eventually going to be indicted on both federal and state charges for a series of criminal acts they have not only committed in this case but also others, that now the pandemic has brought into light.

Insufficient is a claim that should be claimed when it legally viable and the events and conditions are the same and or identical.  That is what any counsel is taught in their educational path in becoming an attorney, yet this counsel has thrown it out the window.  The same conditions existed yet the actions of the same counsel that represented the client in one case, did not follow the same road map and make the same claim in defense of their client.

Insufficient process is not the issue before the court.  The issue is "fraud upon the court" attorney misconduct and sanctions for the filing of litigation that is false with no evidentiary support to move it forward or has a chance to be granted because of the outrageous lies it contains and with the intent to once again commit fraud upon the court.

The plaintiff has not been alleged to have committed a single act of misconduct in his employment or otherwise.  The defendants have not launched or filed a single counter-claim against any allegation.  The plaintiff at all times has been the victim of over 100 acts of vindictive retaliation from his former employer, why?  for exercising his protected right not to participate in criminal illegal activity by Velocity employees and executives.

Was not claimed in one case and was "sufficient" in one case but it is insufficient in another goes to an ineffective defense strategy as the circumstances and events related to the Procedures related to Rule 4 that the plaintiff has followed in each case.  It is the defendants false claim of that process was not executed properly when it was executed the same in each case.

35

In making, others believe them and their client only to hit a brick wall go silent when the truth surfaces that totally squashes their statement that they knew were false from the beginning.  The same as it appears here.  It appears based on his profile, he is a managing shareholder shows the progression of the attorneys that have been assigned.

## \ CONCLUSION

WHEREFORE For all of the reasons addressed herein, with the addition of the fact that the defendants have created a "mirage" of lies, half-truths and false statements to the court , with the intent to misled  the court into making a ruling in their favorand with the support of the exhibits respectfully asks this Court to deny defendants motion in its entirety grant the plaintiffs motion for default judgement and put the defendants , their counsel on notice for sanctions per Rule 11 for submitting a completely false pleading to the court and to forward its sanctions to the California and Sacramento Bar Associations for the purpose of filing of official misconduct.

<u>AFFIDAVIT</u>

Garrison Jones, Plaintiff, do hereby certify that the statements and allegations set forth in the motion to be filed true and accurate to the best of our knowledge and belief.

Respectfully submitted,

_____

GARRISON JONES, PLAINTIFF

Garrison.jones@outlook.com

36

SUPPORTING DOCUMENTATION IN SUPPORT OF
MOTION TO DENY DEFENDANT MPTION OF MAY 4,
2020

Fraudulent/forged documents sent to AZDES and Arizona court
of appeals

Including email from HR Director and General Counsel lying
stating that plaintiff was still employed after they terminated
him while on FMLA

Arizona Court of appeals decisions that show that they was
using the resources of AZDES to assist and use their resources t
to engage law enforcement to charge plaintiff with felony and
thus get him wrongfully convicted of a false crime.



**Arizona Department of Economic Security**



APPEAL #10 A

~~Office of Appeals~~

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL  60187-4842

~~VELOCITY TECHNOLOGY~~
ENTERPRISES INC DBA
DBA VELOCITY TECHNOLOGY
SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE, NC  28211

| | | |
|---|---|---|
| Arizona Appeal No. U-1595392-001 | Date of Mailing: | 6/22/2018 |
| Social Security No. ▉▉▉▉▉ | Employer Acct. No. | 7428011000 |

## DECISION OF APPEAL TRIBUNAL



~~IN FAVOR OF CLAIMANT~~
~~EMPLOYER'S ACCOUNT IS CHARGED~~

**The last day to file an appeal is   July 23, 2018   . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Should the claimant be disqualified from receiving unemployment benefits because of the reasons for separating from employment?

*APPEAL # B*

Should employer's account be charged for benefits paid the claimant as a result of this employment?

██████████:

The employer's account is subject to charges for benefits paid the claimant.

I set aside the deputy's ruling that the claimant quit this employment without good cause.

~~The claimant~~ was discharged from this employment, but not for ~~wilful or negligent~~ misconduct. The claimant qualifies for benefits.

## FINDINGS OF FACT:

The claimant was last employed as a consultant by the employer, a client based technology firm, for approximately 13 months prior to being discharged on 3/24/2018.

The claimant had a stroke in November of 2017 and was absent from work. The employer placed the claimant on FMLA in February of 2018 which would expire in May. The claimant was scheduled for an evaluation with his doctor at the ████████ to determine whether he would be released to return to work.

On March 15, 2018 the claimant was copied on an email from the Senior Director over Infor practice to the Senior Vice President indicating that the claimant's name was still showing up in the payroll system and that she understood from their last exchange that the claimant was no longer employed, and asking whether she or the claimant's supervisor could release him from the payroll.

The claimant was also contacted by 4 different individuals, including a head hunter firm, who advised him that the employer was advertising his job.

The claimant emailed the employer's general counsel on 3/24/2018 asking about his employment status. The general counsel replied that the claimant was on FMLA. The claimant responded asking why his job was posted? The general counsel did not answer the claimant's reply.

The claimant has sent ████████ to the employer to which he has not received a reply.

In January the claimant filed a complaint with the employer's human resources department, alleging discrimination.

In February he filed charges with the EEOC. Charges were dismissed in March and the claimant was given a right to sue letter.

The claimant filed a claim for unemployment insurance in April and filed a lawsuit against the employer in May as well as another EEOC complaint.

## REASONING AND CONCLUSIONS OF LAW:

~~The claimant has contested a Determination of Deputy which held the claimant left work voluntarily without good cause in connection with the employment.~~ The issue involves the application of Sections 23-775 and 23-727 of the Employment Security Law of Arizona.

Section 23-775 of the Arizona Revised Statutes provides in pertinent part as follows:

An individual shall be disqualified from benefits:

1.  For the week in which the individual has left work voluntarily without good cause in connection with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable. ...

2.  For the week in which the individual has been discharged for wilful or negligent misconduct connected with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable.

Arizona Revised Statutes, Section 23-727, provide in pertinent part as follows:

C.  Except as otherwise provided in subsections D, E, F and G of this section and sections 23-773 and 23-777, benefits paid to an individual shall be charged against the accounts of the individual's base-period employers. The amount of benefits so chargeable against each base-period employer's account shall bear the same ratio to the total benefits paid to an individual as the base-period wages paid to the individual by the employer bear to the total amount of base-period wages paid to the individual by all the individual's base-period employers.

D.  Benefits paid to an individual whose separation from work with any employer occurs under conditions found by the commission to be within those prescribed by section 23-775, paragraph 1 or 2 or for compelling personal reasons not attributable to the employer and not warranting disqualification for benefits, shall not be used as a factor in determining the future contribution

a. If a statement is denied by another party, and not supported by other evidence, it cannot be presumed to be true.

b. When a discharge has been established, the burden of proof rests on the employer to show that it was for disqualifying reasons. This burden may be discharged by an admission by the claimant, or his failure or refusal to deny the charge when faced with it.

c. An employer who discharges a worker and charges misconduct but refuses or fails to bring forth any evidence to dispute a denial by the claimant does not discharge the burden of proof. It is important to keep in mind that mere allegations of misconduct are not sufficient to sustain such a charge.

The evidence shows that the claimant believed that he was to be discharged because he was copied on an email that indicated that he was no longer employed and because his job was posted for hire. The claimant contacted the employer's general counsel who failed to answer the claimant's question as to why his job was posted.

~~The employer did not appear at the hearing and presented no evidence to show that the claimant was not going to be discharged.~~ The employer is, therefore, considered to be the moving party ~~and is held that the claimant did not quit but was discharged.~~

~~The employer did not present any evidence to show that the claimant's discharge was~~ ~~misconduct.~~

Therefore, I conclude that ~~the claimant was discharged, but not for willful or negligent misconduct connected with the~~

**B. J. Cather**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018          Issue Code: 10,20
Date of Separation: 3/24/2018
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 6/22/2018

*Appeal #1*
*E*

Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant

**Distribution:**
Claimant
Employer
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Claimant: garrison.jones@outlook.com

File


BC/aj




(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR
DESEMPLEO. SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA
LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN
PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL
DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

1. File your Petition for Review or Request to Reopen by Internet by going to
   www.azui.com and then clicking "Appeal a UI Decision." (The option of filing
   an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE
OPTIONS BELOW:**

2. Fax the Petition for Review or Request to Reopen to (602) 257-7056.

3. Mail or hand deliver the Petition for Review or Request to Reopen to:

   ARIZONA DEPARTMENT OF ECONOMIC SECURITY
       Office of Appeals



*Appeal #2* A

**Arizona Department of Economic Security**

**Office Of Appeals**

1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019
Toll Free 1(877)528-3330 FAX (602)257-7056

## DISMISSAL OF APPEAL

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL 60187-4842

~~VELOCITY TECHNOLOGY SOLUTIONS~~
Appeal Staff
~~C/O LITTLER MENDELSON NAOMI SMOAK &~~
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ 85016

Arizona Appeal No. U-1600605-001

Date of Mailing: 8/20/2018

Social Security No. ~~—~~

Employer Acct. No. 7428011-000

**IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS**

The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602)771-9019.

**IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO**

The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

| NOTICE TO CLAIMANT |
| --- |

\***

~~YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.~~

\***

Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the ~~Tribunal decision issued 6/22/2018 remains in full force and effect.~~

~~There is no right to appeal this dismissal.~~ However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
\***

**Richard Ebert**
Administrative Law Judge

**General Adjudication**

**UB-098**     Claimant SSN:  361 56 1008 0

Issue:  Able

Base Period Separation:  No

Basis:
ABILITY TO WORK

APPEAL #②A

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02

**Arizona Department of
Economic Security**



**Office Of Appeals**

Appeal #2
B

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No. 

---

### DECISION OF APPEAL TRIBUNAL


~~IN FAVOR OF CLAIMANT~~

---

**The last day to file an appeal is** ~~November 22, 2019~~ **. Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

*Appeal #②*
*C*

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
>
> *    *              *
>
> 3.  Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

> A.    General
>
>> 1.    Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist.  Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted.  Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001



Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.

**D. Whiting**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018          Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

## Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File

dw /db

## APPEAL/REOPENING DEADLINE:  NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## <u>APPEAL AND REOPENING RIGHTS</u>

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

**Arizona Department of
Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1642697-001       Date of Mailing:        10/29/2019

Social Security No.

---

### DECISION OF APPEAL TRIBUNAL

## ~~CLAIMANT WAS OVERPAID BENEFITS~~
## HOWEVER, CLASSIFICATION OF OVERPAYMENT IS ~~CHANGED~~

---

**The last day to file an appeal is   <u>November 29, 2019</u>   .  Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the Claimant overpaid benefits?  If yes, what is the amount and classification of the overpayment?

If the overpayment classification in the Determination of Overpayment is fraud, what is the amount of the penalty?

## DECISION:

I affirm but modify the Determination of Overpayment dated 10/1/2019.  The Claimant was overpaid benefits in the amount of $960.00.  The overpayment is classified as non-fraud. No penalty is due.

## FINDINGS OF FACT:

The Claimant received benefits in the amount of $240.00 for each of the weeks ending 7/7/2018 through 7/28/2019 for a total of $960.00.

The claimant had previously been disqualified from receiving benefits based upon his separation from his last employment.  Upon appeal, the Determination of Deputy that disqualified him was reversed in a Decision of Appeals Tribunal dated 6/22/2018.

Prior the Decision that found him eligible to receive benefits, the claimant had not received any benefit payments on his claim. He was advised by the Program to fill out his weekly benefit claims as he did in the past.

The claimant became reemployed on 6/27/2019. He worked and earned wages during the benefit weeks ending 7/7/2019 through 7/28/2019. When he filed his claims for each of those benefit weeks, he answered "no" to the question of whether he worked or earned any money during those benefit weeks. He answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously ~~denied, but eligible~~, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.

~~He did not intend to~~ intentionally give false or incorrect ~~information to the Program~~ in order to receive benefits to which he was not entitled.

## REASONING AND CONCLUSIONS OF LAW:

The issues are (1) whether the Claimant has been overpaid benefits, (2) the amount and the classification of any such overpayment, and (3) if applicable, the amount of fraud penalty due.

Arizona Revised Statutes, Section 23-787, provide in pertinent part as follows:

A.   A person who receives any amount as benefits under this chapter to which the person is not entitled is liable to repay the overpaid amount to the department.   The department may deduct all or a portion of the overpayment from future benefits payable to the person under this chapter.

(PLEASE BE AWARE THAT THE DEFENDANT IS SUBMMITTING THE ORIGINAL DOCUMENT BUT LATER SENT A FRAUDELANT DOCUMENT THAT WAS ALTERED.  ABOVE IS THE ORIGINAL DOCUMENT,)

PLAINTIFF COUNTER DOCUMENTATION TO FRAUD BY DEFENDANT – FRAUD 2

ACTUAL PHYSICIAN STATEMENT FROM PLANITFF DOCTOR SENT TO DEFENDANT ON 12/21/2017 THAT THEY HAD IN THEIR POSESSION AT THE TIME THEY SENT FRAUD DOCUMENT 2 TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY.  THE PHYSICIAN STATEMENT CLEARLY SHOWS THAT PLAINTIFF WAS CLEARED TO RETURN TO WORK ON 3/22/2018

IN ADDITION, THE JUDGE WHO READ ALL OF THE DOCUMENTS FROM APPEAL HEARING  AZ APPEAL  U1595392-001 MENTIONED ON THE RECORD, HOW CAN YOU BEON FMLA IN  APRIL WHEN THEY TERMINATED YOU IN MARCH ?

AZ COURT OF APPEALS DECISION- ARIONA APPEAL U-163959-001 **ARIZONA FRAUD 2**

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No. 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

## DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT

**The last day to file an appeal is   November 22, 2019   .  Instructions for filing an appeal are at the end of this decision.**

The evidence presented establishes  the claimant's ability to work  from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant  FMLA is insufficient to establish  an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared  him for work. In the absence  of any other evidence  which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

6

# Arizona Department of Economic Security



# Office Of Appeals

**1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019**
**Toll-Free 1-877-528-3330   FAX (602) 257-7056**

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1642697-001         Date of Mailing:         10/29/2019

Social Security No.

---

## DECISION OF APPEAL TRIBUNAL

## ~~CLAIMANT WAS OVERPAID BENEFITS~~
## ~~HOWEVER, CLASSIFICATION OF OVERPAYMENT IS~~
## ~~CHANGED~~



---

The last day to file an appeal is   **November 29, 2019**   . Instructions for filing an appeal are at the end of this decision.

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the Claimant overpaid benefits?  If yes, what is the amount and classification of the overpayment?

If the overpayment classification in the Determination of Overpayment is fraud, what is the amount of the penalty?

## DECISION:

I affirm but modify the Determination of Overpayment dated 10/1/2019. The Claimant was overpaid benefits in the amount of $960.00. The overpayment is classified as non-fraud. No penalty is due.

## FINDINGS OF FACT:

The Claimant received benefits in the amount of $240.00 for each of the weeks ending 7/7/2018 through 7/28/2019 for a total of $960.00.

The claimant had previously been disqualified from receiving benefits based upon his separation from his last employment. ~~Upon appeal, the Determination of Deputy that~~ ~~disqualified him was reversed in a Decision of Appeals Tribunal dated 6/22/2018.~~

Prior the Decision that found him eligible to receive benefits, the claimant had not received any benefit payments on his claim. He was advised by the Program to fill out his weekly benefit claims as he did in the past.

The claimant became reemployed on 6/27/2019. He worked and earned wages during the benefit weeks ending 7/7/2019 through 7/28/2019. When he filed his claims for each of those benefit weeks, he answered "no" to the question of whether he worked or earned any money during those benefit weeks. He answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously declared ineligible, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.

~~He did not intend to intentionally give false or incorrect information to the Program in order to receive benefits to which he was not entitled.~~

## REASONING AND CONCLUSIONS OF LAW:

The issues are (1) whether the Claimant has been overpaid benefits, (2) the amount and the classification of any such overpayment, and (3) if applicable, ~~the amount of~~ ~~fraud penalty due.~~

~~Arizona Revised Statutes, Section 23-787,~~ provide in pertinent part as follows:

> A.    A person who receives any amount as benefits under this chapter to which the person is not entitled is liable to repay the overpaid amount to the department. The department may deduct all or a portion of the overpayment from future benefits payable to the person under this chapter.

6.    "Benefit overpayment classified administrative" means an overpayment which occurred without fault on the part of the claimant.

7.    ~~"Benefit overpayment classified fraud means an~~ overpayment occurred because a claimant knowingly misrepresented or concealed material facts in order to obtain benefits to which the claimant was not entitled.

8.    "Benefit overpayment classified non-fraud" means an overpayment created because the claimant unintentionally gave incorrect or incomplete information.

Although the claimant testified that he was not sure whether he received benefits for each of the four weeks in issue here, he did not present any evidence to contradict the Program's record (Exhibit "2") that reflect that payments were made to him for each of the benefit weeks ending 7/7/2018 through 7/28/2018, nor did he deny that he did, in fact, work and earn money during those weeks.

Accordingly, I find that the claimant received benefits in the total amount of $960.00 for the weeks in question

Although the claimant had indicated that he did not work or earn any money during the weeks in question when he filed claims during those benefit weeks, he answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously declared ineligible, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.

Although the claimant argues that the classification of the overpayment should be administrative because the Program created the overpayment due to its failure to timely resolve an eligibility issue based upon a question concerning his ability to work, it was the *claimant,* and not the Program who filed each of the weekly benefit claims in question, and it was the *claimant*, and not the Program who supplied the answers to the questions on the claim forms. Accordingly, I cannot hold that the overpayment occurred without fault on the part of the claimant.

Due to the circumstances of this case, however and the claimant's explanation as to why he filed the claims the way he did, I find that the claimant did not intentionally give incorrect or incomplete information to the Program. ~~Accordingly, I find the overpayment~~

Therefore, I conclude that the claimant was overpaid benefits, but that the overpayment must be modified with regard to classification. The claimant was overpaid benefits in the amount of $960.00 and the overpayment is classified non-fraud.


Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 8/25/2019 ·                     Issue Code: OV, OV01
Date of Determination: 10/1/2019
Appealed By: Claimant
Date of Hearing: 10/29/2019
Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant ·

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

### Electronic Distribution:
Claimant: garrison.jones@outlook.com
BUnit@azdes.gov

File


SR


# APPEAL/REOPENING DEADLINE:  NOVEMBER 29, 2019


## APPEAL RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION:**

1. File your Petition for Review by Internet by going to www.azui.com and then clicking "Appeal a UI Decision." (The option of filing an appeal by Internet is only available to claimants at this time.)


Page 5—Arizona Appeal No. U-1642697-001

Equal Opportunity Employer/Program •  Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans  with Disabilities  Act  of  1990  (ADA),  Section  504  of the Rehabilitation  Act  of  1973,  the  Age Discrimination  Act of 1975,  and  Title II  of the Genetic Information Nondiscrimination  Act (GINA)  of 2008;  the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion,  sex, national  origin,   age, disability,   genetics and retaliation.   The Department  must make a reasonable accommodation to allow  a person with a disability  to take part  in a program, service  or activity.  For example, this means if necessary, the Department must provide sign language interpreters for people  who are deaf,  a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part  in and understand  a program  or activity,  including  making reasonable  changes  to an activity. If you believe that you will not be able to understand  or take part  in a program or activity because of your disability, please let us know of your disability  needs in advance  if at all possible.   To request  this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019  or toll-free  at 1(877)528-3330;  TTY/TDD  Services:  7-1-1.  •  Free language assistance  for DES services is available upon request.

**REPRESENTATION**: You may have someone represent you. If you pay the representative, then that person must be a licensed Arizona attorney or be supervised by one. An employer may also use any employee of the business as its representative. This office does not provide representatives.

**Distribution:**
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
~~███████████████akins.com~~
File

RE/aj



# Arizona Department of Economic Security

**1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019
Toll Free 1(877)528-3330 FAX (602)257-7056**

## DISMISSAL OF APPEAL

| | |
|---|---|
| GARRISON JONES | VELOCITY TECHNOLOGY SOLUTIONS |
| 705 W LIBERTY DR | Appeal Staff |
| WHEATON, IL 60187-4842 | |
| | 2415 E CAMELBACK RD STE #800 |
| | PHOENIX, AZ 85016 |
| Arizona Appeal No. U-1600605-001 | Date of Mailing:  8/20/2018 |
| Social Security No. | Employer Acct. No. 7428011-000 |

### IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS

The Department of Economic Security provides language assistance free of charge.  For assistance in your preferred language, please call our Office of Appeals (602)771-9019.

### IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO

The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

## NOTICE TO CLAIMANT



\*\*\*

~~Rather, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened.  I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.~~

~~You have no right to appeal this dismissal.  However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.~~

\*\*\*



Richard Ebert
Administrative Law Judge

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1(877)528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**REPRESENTATION**: You may have someone represent you. If you pay the representative, then that person must be a licensed Arizona attorney or be supervised by one. An employer may also use any employee of the business as its representative. This office does not provide representatives.

**Distribution:**
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Employer: ryan.mangum@ogletreedeakins.com
File

RE/aj

# Arizona Department of Economic Security



# Office Of Appeals

**1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019**
**Toll-Free 1-877-528-3330   FAX (602) 257-7056**

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1639659-001             Date of Mailing:             10/23/2019

Social Security No. 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

## DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT

**The last day to file an appeal is   November 22, 2019   . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
>
> \*     \*           \*
>
> 3. Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

> A.   General
>
>> 1.   Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist. Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted. Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.


**D. Whiting**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File


dw /db

# APPEAL/REOPENING DEADLINE:  NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO. SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**


Page 3—Arizona Appeal No. U-1639659-001

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Gallardo, Monica, D <MGallardo-Garcia@azdes.gov> on behalf of UIA Client Advocate <UIAClientAdvocate@azdes.gov> |
| **Sent:** | Friday, May 4, 2018 2:36 PM |
| **To:** | Garrison Jones |
| **Subject:** | RE: Garrison Jones - Supporting documents |

All document have been submitted on your behalf.

Thanks,

Monica Gallardo-Garcia
**Client Advocate**
(602)542-5954
Fax (520)746-4466
**ARIZONA@WORK**

**From:** Garrison Jones [mailto:garrison.jones@outlook.com]
**Sent:** Wednesday, May 02, 2018 9:08 AM
**To:** UIA Client Advocate <UIAClientAdvocate@azdes.gov>
**Subject:** Garrison Jones - Supporting documents
**Importance:** High

They are attached. I am going to make a suggestion that you folks get your legal department involved. They do not care other than hurting me.

Any way they can. They are lying  saying I am still with the company. They terminated me without my knowledge, while I was on FMLA and because I refused to participate in illegal activity.

They have been and continue to intentionally lie to state and federal agencies in covering up these acts of discrimination

I have attached as much documentation that you need and will forward others in a few min

**From:** Gallardo, Monica, D [mailto:MGallardo-Garcia@azdes.gov] **On Behalf Of** UIA Client Advocate
**Sent:** Wednesday, May 2, 2018 10:28 AM
**To:** GARRISON.JONES@OUTLOOK.COM
**Subject:** unemployment

Per your request here is my email address.

Thanks,

1

Monica Gallardo-Garcia

**Client Advocate**

**(602)542-5954**

Fax (520)746-4466

**ARIZONA@WORK**

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. It may contain information that is privileged and confidential under state and federal law. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the person named above by reply e-mail, and then delete the original e-mail. Thank you.

Notice of Eligibility and Rights &
Responsibilities
(Family and Medical Leave Act)

U.S. Department of Labor
Wage and Hour Division

**WHD**

## Part A - NOTICE OF ELIGIBILITY

To: Garrison Jones

Employee:

From: Shauna Coleman

Employer Representative

Date: February 20, 2018

On February 5, 2018 ... you informed us that you needed leave beginning on ...

This Notice is to inform you that you:

✓  Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

☐  Are not eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

If you require additional space ... Shauna Coleman at shauna.coleman@velocitycloud.com

## PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE

✓  ...

## SINCE HIS STROKE IN NOVEMBER 2017 **APRIL 23, 2018**

**PLAINTIFF ACTION – APPEAL   ARIZONA FRAUD 2**

ORIGINAL / FMLA
FORM
H R DIRECTOR

**ARIZONA FRAUD 2**



REF #2413011

**Lincoln**
**Financial Group**

The Lincoln National Life Insurance Company
8801 Indian Hills Drive, Omaha, NE 68114-4056
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY**
**(PLEASE see FRAUD NOTICES attached)**   (877) - 843 - 3956

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER EXPENSE.

**Attending Physician's Statement**

1. Patient's Name  Garrison Jones                     Date of Birth  Redacted

2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)

    _strade (I 63.8, R 65.1) w/ residual left weakness, s/h r level_
    _deficit_

3. a) Date of First Treatment                11/22/201?
   b) Date of Most Recent Treatment          12/11/201?
   c) Frequency of Treatments                PT/weekly
   d) Type of Treatment Rendered             physical therapy
   e) Is surgery scheduled? If so, when?     n/a

4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions on light duty) from  11/22/1? to current
   If the patient is still disabled, when should the patient be able to return to work?  unclear 12/year?

5. Remarks or Comments  pending further PT eval, s/h to _expect improvement_

6. List Restrictions and Limitations  _no repetitive reaching, lifting, carrying for_
   _no heavy lifting_

7. Physical Impairment
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%)
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/manual activity (60 – 70%)
   Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairment ( If applicable)
   Class 1 – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)
   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate limitation)
   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitation)
   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe limitations)

Date  12/11/1?     Signed _____  (Degree/Specialty  Fun J. Sted, MD
          Month Day Year        (Attending Physician, no Stamps, please)

          Street Address    1427 N 3rd Ave
          City, State       Phoenix, AZ
          Phone Number      602 795 3131
          Fax Number        602 795 9171

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
GL-1234 (2/10)                                                                                    Page 1 of 1
                                                                                                  15 93

**7**



| | |
|---|---|
| **From:** | Susan Holtapp <susan.holtapp@velocitycloud.com> |
| **Sent:** | Thursday, March 15, 2018 8:09 AM |
| **To:** | Chance Veasey |
| **Cc:** | Garrison Jones |
| **Subject:** | Garrison Jones |

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity, remains in ADP reporting to Michael B. Please let us know if Michael or myself have open act release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday**  | Velocity Technology Solutions, Inc.
Sr. Practice Director Professional Services, Infor Line of Business
o 617.939.9883  m 617.939.9883
email susan.holtapp@velocitycloud.com  | website velocitycloud.com

STATEMENT OF CONFIDENTIALITY

This email may be confidential and/or protected by law legal. If you are not the intended recipient, disclosure, copying, distribution and or notify us immediately at counsel@velocity.com and delete this copy from your system.

March 15, 2018 plaintiff received the first mysterious email saying that he was no longer with Velocity. Message was from defendant Susan Holtapp Senior Director ,, Infor Practice to Defendant Chance Veasey, then Vice President of Infor Practice ( Chance demoted as a result failures in the theft of IP that he approved that failed) Plaintiff was cc'd on this message that went to his personal email account

**Plaintiff action** - Plaintiff sent email to defendant Shauna Coleman, HR Director, where she denied that plaintiff had been terminated. Plaintiff knew she was lying and attempting to cover up the illegal act.

Both responded that plaintiff had not been terminated

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Monday, March 19, 2018 9:22 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Re: Employment Status - supporting Documentation - unanswered request Feb 24, 2018


So please clarify what is my employment status?



**From:** Garrison Jones
**Sent:** Friday, March 16, 2018 7:50:24 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Employment Status - supporting Documentation - unanswered request Feb 24, 2018


In response to your message as to who told me that I had been terminated


1.  I sent the message below to both you and Shauna Coleman on 2/24/2018 that neither of you responded to, as a friend tipped me off that Velocity was looking for a "Lead Procurement consultant and sent me the link to the position below.  Now again somebody for the 37th time is lying

Sources




Mon 3/19/2018 8:36 AM

Chris Heller <chris.heller@velocitycloud.com>

RE: Employment Status - supporting Documentation - unanswered request Feb 24,2018

To    Garrison Jones

Cc    Shauna Coleman

🛈 You replied to this message on 3/20/2018 11:06 AM.


Garrison,
You are a Velocity employee that is currently on unpaid leave pursuant to the Family and Medical Leave Act.

**Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.**
o  704.593.3423| m  816.678.5162 | f  703.935.4308 |  velocitycloud.com


**22**

# ARIZONA FRAUD 1

DEFENDANT VELOCITY FRAUD SENT TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
Unemployment Insurance Program

**NOTICE TO EMPLOYER**
See Explanation on Reverse

| | |
|---|---|
| Mail Date:   06/15/2018 | Social Security No.:   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 |
| | Employer No.:   7428011-000 |
| VELOCITY TECHNOLOGY | Charge Control Date:   01/01/2017 |
| ENTERPRISES INC DBA | |
| VELOCITY TECHNOLOGY SOLUTIONS | Benefit Year Beg.:   04/08/2018 |
| 1901 ROXBOROUGH RD FL 4 | |
| CHARLOTTE NC   28211 | Potential Charges:   * |

**GARRISON JONES**                    has filed a claim for Unemployment Insurance on
04/18/2018.   The Department's Records show your firm was the claimant's  **LAST EMPLOYER**.

If you are the Last Employer, the claimant listed the reason for separation from your employment as  **DISCHARGE**
and stated the last day worked was  **03/15/2018.**

YOU MUST COMPLETE AND SIGN THE REVERSE SIDE AND RETURN THIS NOTICE NO LATER THAN 10 BUSINESS
DAYS FROM THE MAIL DATE. MAKE A COPY OF BOTH SIDES FOR YOUR RECORDS AND RETURN THE ORIGINAL
TO THE ADDRESS SHOWN BELOW.

**EMPLOYERS RESPONSE**

My records show the last day of work as: _____

My records show the reason for separation was (Please mark only one box). Provide detailed information on the
separation or other eligibility information on the reverse of this notice.

| | | |
|---|---|---|
| [ ] Laid-Off | [ ] Voluntary Quit | [ ] Discharged |
| [ ] Labor Dispute | [ ] Still Working Part-time | |

If you paid or will pay vacation, holiday, unused sick pay or severance pay on or after the last day of work,
complete the appropriate section on the reverse, sign and return this notice no later than 10 business days
from the mail date.

D. E. S.      I.D.  990                          PHONE: (602) 364-2722
UNEMPLOYMENT INSURANCE PROGRAM                   PHONE: (520) 791-2722
PO BOX 29225 MAIL DROP 5895                      FAX:   (602) 364-1211
PHOENIX AZ 85038-9225                            FAX:   (520) 770-3357

THIS NOTICE MUST BE SIGNED ON THE REVERSE TO BE VALID

*[handwritten: FORGERY Sent to AZDES Claiming Still Employed]*

1

| | DATE PAID | GROSS AMOUNT | # HOURS | RATE OF PAY |
|---|---|---|---|---|
| **VACATION** | $ | | $ | per |
| **HOLIDAY** | $ | | $ | per |
| **SICK** | $ | | $ | per |
| **SEVERANCE** | $ | | $ | per |

PROVIDE DETAILED SEPARATION OR ELIGIBILITY INFORMATION
IN THE SPACE BELOW
PLEASE ENTER THE EMPLOYEES SSN

✗ Employee still active with the firm.

NOTICE MUST BE SIGNED TO BE VALID

SIGNATURE:

PHONE NUMBER: 612-333-9385   FAX:

PRINT YOUR NAME: Nilson Brulet

TITLE: Payroll Analyst

COMPANY NAME: Velocit

DATE: 4-23-18

---

## PLAINTIFF ACTION – APPEAL

## PLAINTIFF COUNTER DOCUMENTATION TO FRAUD BY DEFENDANT – FRAUD 1

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Susan Holtapp <susan.holtapp@velocitycloud.com> |
| **Sent:** | Thursday, March 15, 2018 8:09 AM |
| **To:** | Chance Veasey |
| **Cc:** | Garrison Jones |
| **Subject:** | Garrison Jones |

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday | Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9453 | m  612.832.6914
email susan.holtapp@velocitycloud.com | Website velocitycloud.com

DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS FRAUD SEN SAME DOCUMENT TO AZ COURT OF APPEALS – **June 21, 2018**

**2**

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply): ( ✓ )

✓  Contact Shauna Coleman _____ at _____ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____ You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____
(Indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

*PMA Forms Normally by Physician Hand Written*

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

____ the calendar year (January – December).

____ a fixed leave year based on _____

____ the 12-month period measured forward from the date of your first FMLA leave usage.

✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
• You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
• If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ sick, ____ vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____

___ Applicable conditions for use of paid leave: _____

**FMLA leave will begin on February 20, 2018.**

**12 Weeks of FMLA extends through May 15, 2018.**

**A recertification is required by the employee prior to May 15, 2018.**

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:
_____ at _____.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Page 2

*Typed PMLA Fraud Form*

Form WH-381 Revised February 2013

Exhibit # 05



**Black Dog Agency LLC**
PO Box 1863
Raleigh, NC 27602
919 961 2195
info@blackdoglegal.com
www.BlackDogLegal.com

# Invoice # 6387

CASE #
2:19-cv-02374

PAID
04/15/2020

To: **Garrison Jones**

**Sacramento CA 95815**

| | |
|---|---|
| Invoice Date: | **4/15/2020** |
| Invoice Terms: | **Due on receipt** |
| Client Number: | **Pro Se** |

| Date | Item | Description | Qty/Min | Rate | Subtotal |
|---|---|---|---|---|---|
| 4/13/2020 | Service | Complaint- Velocity Technology Solutions c/o RA CSC, Raleigh: Served on Colleen Walsh, rep for CSC | 1 | 65.00 | 65.00 |

**Total:** $65.00

Payment **Please make checks payable to Black Dog Agency, LLC. A 10% late fee will be charged for payments received later than 30 days of receipt of this invoice.**

Questions **If you have any questions about your bill, please contact us at your convenience and we would be happy to help.**

Thank you for choosing Black Dog Agency
Please visit us at www.BlackDogLegal.com

www.BlackDogLegal.com



FILED

APR 16 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
             DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISRTICT OF CALIFORNIA

Garrison Jones.                           )
                                          )
        Plaintiff.                        )      Civil Action No. 2:19-CV-2374-KJM EFB
                                          )
v.                                        )           2:19-CV-02374
                                          )
                                          )
Velocity Technology Solutions. Inc.,      )
        Defendants.                       )
                                          )
_____)

## AFFIDAVIT OF SERVICE

I, Erin De La Cruz, do hereby certify that I have served a true and exact copy of the Filed Amended Complaint on the defendant, Velocity Technology Solutions. Inc. c/o Registered Agent, Corporate Service Company at 2626 Glenwood Ave.. Suite 550, Raleigh, NC 27608. I personally delivered said documents to Colleen Walsh. Representative for Corporate Service Company on April 13th, 2020 at 10:46AM.

I further certify that I am over the age of 21 and not an attorney or a party to this action and that I am not related by blood or marriage to a party to the action or to the person upon whom service was made.

Erin De La Cruz
Private Process Server
PO Box 1863
Raleigh NC 27602

Sworn to and subscribed before me
this the 15 of April, 2020.

Notary Public
Kelly De La Cruz
Printed Name
My commission expires: 5-28-21



# BUSINESS CORPORATION ANNUAL REPORT

10-2017

**NAME OF BUSINESS CORPORATION:** **Velocity Technology Solutions, Inc.**

**SECRETARY OF STATE ID NUMBER:** 1389918     **STATE OF FORMATION:** DE

**REPORT FOR THE FISCAL YEAR END:** 12/31/2019

Filing Office Use Only

E - Filed Annual Report
1389918
CA202009102802
3/31/2020 11:00

☒ Changes

## SECTION A: REGISTERED AGENT'S INFORMATION

**1. NAME OF REGISTERED AGENT:** Corporation Service Company

**2. SIGNATURE OF THE NEW REGISTERED AGENT:**

SIGNATURE CONSTITUTES CONSENT TO THE APPOINTMENT

**3. REGISTERED AGENT OFFICE STREET ADDRESS & COUNTY**

2626 Glenwood Avenue,
Raleigh, NC 27608 Wake County

**4. REGISTERED AGENT OFFICE MAILING ADDRESS**

2626 Glenwood Avenue,, Suite 550
Raleigh, NC 27608

## SECTION B: PRINCIPAL OFFICE INFORMATION

**1. DESCRIPTION OF NATURE OF BUSINESS:** **Technology Services**

**2. PRINCIPAL OFFICE PHONE NUMBER:** (704) 594-8632     **3. PRINCIPAL OFFICE EMAIL:** Privacy Redaction

**4. PRINCIPAL OFFICE STREET ADDRESS**

1901 Roxborough Road, Suite 400
Charlotte, NC 28211-3492

**5. PRINCIPAL OFFICE MAILING ADDRESS**

1901 Roxborough Road, Suite 400
Charlotte, NC 28211-3492

**6. Select one of the following if applicable. (Optional see instructions)**

☐ The company is a veteran-owned small business

☐ The company is a service-disabled veteran-owned small business

## SECTION C: OFFICERS (Enter additional officers in Section E.)

| NAME: Chris Heller | NAME: Damon Gregoire | NAME: Steve Kloeblen |
|---|---|---|
| TITLE: Secretary | TITLE: Treasurer | TITLE: President |
| ADDRESS: 1901 Roxborough Rd | ADDRESS: | ADDRESS: |
| Suite 400 | 1901 Roxborough Rd, Suite 400 | 1901 Roxborough Rd , Suite 400 |
| Charlotte, NC 28211 | Charlotte, NC 28211 | CHARLOTTE, NC 28211-3492 |

## SECTION D: CERTIFICATION OF ANNUAL REPORT. Section D must be completed in its entirety by a person/business entity.

Chris Heller

| SIGNATURE | 3/31/2020 |
|---|---|
| | DATE |

Form must be signed by an officer listed under Section C of this form.

| Chris Heller | Secretary |
|---|---|
| Print or Type Name of Officer | Print or Type Title of Officer |

This Annual Report has been filed electronically.
MAIL TO: Secretary of State, Business Registration Division, Post Office Box 29525, Raleigh, NC 27626-0525