## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**
Plaintiff,
v.
**VELOCITY TECHNOLOGY SOLUTIONS**, et al
SHAUNA COLEMAN, individually
and as H.R. Director of Velocity Technology
Solutions; CHRIS HELLER, individually and
as General Counsel of Velocity Technology
Solutions; STEVEN KLOEBLEN,
Individually and as CEO of Velocity
Technology Solutions; MICHAEL
BALDWIN, individually and as an employee
of Velocity Technology Solutions.
Defendants.




**Case No. 2:19-cv-02374-KJM-EFB**
Date: June 3, 2020
Time: 10:00 a.m.
Place: 8
Complaint Filed: November 25, 2019
Trial Date: None Set
Judge: Hon. Edmund F. Brennan

**PLAINTIFF RESPONSE TO LODING DOCUMENT BY DEFENDANT**

### I.  INTRODUCTION
### II.

Perhaps defendant counsel needs to be able to correctly interpretation of Rule 4 Summons. Plaintiff filed with the court after the third time of sending defendants with Notice of Lawsuit and Request to Waive Summons on December 11, 2019.

Per *Rule 4 (4) **Results of Filing a Waiver***. When the plaintiff files a waiver, proof of service is not required and <u>these rules apply as if a summons and complaint had been served at the time of filing the waiver.</u>

## Defendants were served on December 11, 2019 per this rule

Plaintiff does not and is not required to show cause as the defendants who won't admit it received all of the waiver documents sent on December 2, 5, and 11 2019.

Perhaps counsel can explain how defendants found out about complaint and explain all of the access records of this complaint other than the plaintiffs' who accessed and downloaded documents.

<u>Therefore, counsels continued objections to service is again a waste of court resources in order to make him understand that as of December 11, 2019 the defendants have been served per the statue.  As such,</u>

**Per Rule 4 (F)**  The  defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver.  Defendant is not a foreign corporation but a Delaware corporation, headquartered in Charlotte, North Carolina.  Defendants on their own accord received each and every document on three separate occasions and was their choice not to respond to either.

Defendant counsel claims that that plaintiff response from May 22, 2020 that notification was not received until May 26, 2020.  It should be noted that the plaintiff does not control notification of filings with the court and as such is being used by counsel as a means to claim "**they did not have enough time to catch the bus**" **Simply another excuse.**   You can assure that they billed their client for any extra time they spent responding.  Simply **another excuse.**

Defendants have never presented or offered any reasons or cause that they intentionally did not respond to the waiver.  It is and has been racially motivated as they have said on multiple occasions; **We will not bow down to a nigger**".

1

**Plaintiff Timely response.**

FRCP rules give a litigant 21 days to reply to a motion. Defendant motion was filed on May4, 2020. Plaintiff response to said motion was filed with the court on May 22, 2020 for a total of 18 days well within the rules of set forth. Upon filing on May 22, plaintiff upon reviewing the filing noticed that there were blank pages in the motion; this was caused by running out of black in on the printer. This issue was corrected and an amended Motion was printed and filed with the court on Tuesday May 26, 2020 Perhaps a calculator is needed for the computation of dates.

Plaintiff recommends that if counsel has issues with the filing and notifications, he should promptly contact the clerk of court, nevertheless it is not in the control of the plaintiff, but again, this shows how microscopic his responses are, blaming everybody except himself and the his client.

Plaintiff also needs to respond to the statement by counsel "save him". The plaintiff does not need saving, it is the client on judgement day that will stand there to meet their maker and again offer the same excuses counsel is presenting.

Plaintiff has for over 3 years seen and been the subject of the defendants' wrath and still they have failed as such they will fail in this case. The past events are simply being duplicated before the court. Again, this is the first time, defendants and counsel have not went behind the plaintiffs' back and submitted false documents without his knowledge. Even in those events, he showed that the false claims were exactly what they are **FALSE**.

If counsel thinks that they have not been engaged to "Save them" from this known culture at Velocity, he is mistaken. Said complaint and supporting documents drip with racial motivation on the part of defendants. The lawsuit before the court is an extension of their hate and racism, one where they will spend hundreds of thousands of dollars in attempting to get them out of the inevitable
.

**Defendants are not despite what they think excluded or exempt from this rule**

   (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.

The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

## Plaintiff gave defendants more than 60 days and still not response
## They are not exempt from this rule either

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Plaintiff gave defendants more than the required 60 days and they still did not respond.

## Defendants are not despite what they think excluded or exempt from this rule

(2) *Failure to Waive*. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver*. A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

### None of Rule 4 € is applicable to the defendant

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an

3

incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) **delivering a copy of each to an agent authorized by appointment or by law to receive service of process. – done by the plaintiff.**

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

4

## Defendants are not despite what they think excluded or exempt from this rule

(i) SERVING THE UNITED STATES AND ITS AGENCIES, **CORPORATIONS, OFFICERS**, OR EMPLOYEES.

(1) *United States.* To serve the United States, a party must:

(A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

## Defendants are not despite what they think excluded or exempt from this rule

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**This rule applies to the defendant whether they want to admit it or not**

(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

## (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

5

(C) when authorized by a federal statute.

(2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) Exercising jurisdiction is consistent with the United States Constitution and laws.

, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

(3) ***Validity of Service; Amending Proof.*** Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

Attached receipts from USPS Certified mail addressed to defendant Steve Kloeblen, CEO of Velocity, and delivery confirmation

(m) TIME LIMIT FOR SERVICE.  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the **action without prejudice against that defendant** or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

**Defendants were served on December 11, 2019 well before the 90 days set forth in the statue.**

**ORIGINAL FILED**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the

DEC 11 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

By _____

Garrison Jones
_____
Plaintiff

Velocity Technology Solutions
_____
Defendant

Civil Action No. 2:19-CV-2374

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days (give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_William Jones_
Signature of the attorney or unrepresented party

GARRISON JONES
Printed name

_____
Address

jaxrsonjones@outlook.com
E-mail address

_____
Telephone number

7



**Tracking Number:** 70190700000161765213

Remove

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

## ✓ Delivered

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211

8

It appears that as indicated that counsel is so eager to maybe get a bonus of funds from their client that he is stumbling over his own feet. The statement that the plaintiff is in need of "saving" is typical of the arrogance of both the defendants and their attorneys.

Perhaps counsel can explain why within a 90 day period they and their client submitted documented fraudulent documents and how they impersonated the plaintiff to mesh the forged documents to make it appear that he was unable to work, when they had documentation they requested from his physician, that showed he was able to work over a month before their release of his confidential medical records to AZDES. In addition perhaps he can explain after doing so, why they intentionally failed to appear at a total of five (5) appeal hearings.

Perhaps counsel can explain, knowing how easy it is to accuse a black man of a crime, in order induce others to make that decision from the fraudulent documents they submitted to the court, hoping that he will become a victim of the criminal justice system.

More than Rule 11 sanctions are justified, and some solely based on the evidence and to the inability of counsel who will not respond to a single documented proof of the events outlined. Sanctions are mandatory and just.

After hiding behind or under a rock after they have done their dirt for over 5 months the best they can do is the same as they have done before, lied, and make false allegations. It is perplexing that they are confused as the shark surfacing from the deep waters when he thinks he "smells blood", however the confusion is that it is not the blood of the prey, it is their own

## AFFIDAVIT

Garrison Jones, Plaintiff, do hereby certify that the statements and allegations set forth in the motion to be filed true and accurate to the best of our knowledge and belief.

May 27, 2020

Respectfully submitted,

_____
GARRISON JONES, PLAINTIFF

P.O. Box 188911

9

Sacramento, California 95818

Garrison.jones@outlook.com

*[signature: Garrison Jones]*