# UNITED STATES DISTRICT COURT

## EASTERN CALIFORNIA

GARRISON JONES,

Plaintiff,

v.

VELOCITY TECHNOLOOGY SOLIUTIONS et al.,

Defendant.

**CASE NO.2:19-CV-02374- KJM-EFB**

**REQUEST FOR CLERK ENTRY OF DEFAULT**

FILED

JUN 04 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

The undersigned plaintiff, the Garrison Jones, request this Court for entry of a default judgment as to defendant Velocity Technology Solutions et al, Inc., upon the complaint heretofore filed and served upon the defendant, in accordance with the provisions of Rule 55 a (1) (a) (b) (2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following.

1. On November, 25 2019 , Garrison Jones filed in the United States District Court, Eastern California,, a Complaint alleging multiple violations of the Family Medical Leave Act of 1993, by multiple defendants, specifically the Director of Human resources, the highest ranking human resource such individual in the organizations who is by her trainings and instructions given to human resources professional concerning their obligation and the laws related to FMLA and the confidentiality of employee confidential medical information.

2. Its is without question that she was the defendant Shauna Coleman H.R Director who by her position is the main individual who is obligated to protect an employees' not only personal information but specifically mandated to protect an employees' confidential medical information, was in

fact the person main individual who violated these laws but released the plaintiffs confidential medical specific information to multiple executives,

3. directors, managers and employees of Velocity Technology Solutions as well as well directed other employees to create and present forged employment, FMLA documents to deny plaintiff unemployment benefits, she was also in coercion with other executives, terminated plaintiff for no good cause while on FMLA and unsolicited sent FMLA documents to individuals and organizations that did not request them, further disclosing his serious medical confidential medical information. In addition, did so without his knowledge, permission, and or consent.

4. The defendants did this willingly and intentionally in direct violation of FMLA rules / confidentiality and not only should have known, but did know that confidentiality of medical information is a protected right by and they were violating, interfering and retaliating against the plaintiff and used FMLA as the means to do so.

5. On **November 27, 2019** plaintiff sent via USPS certified priority mail a copy of the complaint and **Notice of lawsuit and Request to waive Summons**. To defendant and CEO Steve Klowblen at defendant corporate office address 1901 Boxborough Rd Charlotte, North Carolina 28211



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

CHARLOTTE, NC 28211

| | |
|---|---|
| Certified Mail Fee $ | $3.50 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | $2.05 |
| Total Postage and Fees $ | $5.55 |

0828
11
Postmark Here
NOV 27 2019
11/27/2019

Sent To STEVE KLOEBLEN VTS
Street and Apt. No., or PO Box No. 1901 ROXBOROUGH RD
City, State, ZIP+4® Charlotte, NC 28211

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

USPS records confirmed delivery of these documents on December 2, 2019 @ 11:25 am

**Tracking Number:** 70190700000161765213

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

**Status**

## Delivered

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211
**Get Updates**

**Text & Email Updates**

**Delivered**

**Tracking History**

**December 2, 2019, 11:25 am**
Delivered, Left with Individual
CHARLOTTE, NC 28211
Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

**December 2, 2019, 9:32 am**
Arrived at Unit
CHARLOTTE, NC 28205

**December 2, 2019, 4:30 am**
Arrived at USPS Regional Destination Facility
MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER

**December 1, 2019, 9:42 am**
Arrived at USPS Regional Destination Facility
CHARLOTTE NC DISTRIBUTION CENTER

**November 30, 2019**
In Transit to Next Facility

**November 27, 2019, 9:31 pm**
Arrived at USPS Regional Origin Facility
SACRAMENTO CA DISTRIBUTION CENTER

**November 27, 2019, 11:47 am**
USPS in possession of item
SACRAMENTO, CA 95818

**Track Another Package +**

**Tracking Number:** 70190700000161765213

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 CHARLOTTE, NC 28211.

## Delivered

December 2, 2019 at 11:25 am
Delivered, Left with Individual
CHARLOTTE, NC 28211

6. Defendant has failed to plead or otherwise defend this action, and the plaintiff Garrison Jones is entitled to judgment by default against defendant.

Plaintiff on December 5, 2019 contacted defendants to confirm delivery. Defendants intentionally lied and claimed they never received such a package. Plaintiff knew they were lying. As is their history, the defendants have a pre-disposition to lie in the to make claims of no knowledge.

However, on December 11, 2019 for the (3rd) time plaintiff filed and **Notice of lawsuit and Request to waive Summons** with the clerks office and again sent a copy to defendants. They still have failed to respond to the complaint and the waiver.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

ORIGINAL
FILED
DEC 11 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

for the

Garrison Jones
Plaintiff

v.

Velocity Technology Solutions
Defendant

Civil Action No. 2:19-cv-2374

NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: ______________________________
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

Plaintiff did this, as he knew that the defendants would continue ignore and acknowledge of these documents and obtained as many verifications and proof that said documents had been actually received by defendants.

As of the date of this filing, none of the documents sent by USPS, USPS Certified or USPS Priority mailed or first class mail, have not been, or returned unclaimed from the United States Postal Service (USPS).

Defendant is not in the military and is over the age of 18.

**Per FRCP Rule 4 Summons** the defendant as he did in previous litigation, followed the rules

**(1)** **Requesting a Waiver** An individual, corporation or association that is subject to service un by a plaintiff under rule € , (f) or (h) has a duty to avoid unnecessary expenses of serving the summons The plaintiff may notify such a defendant that an action has commenced and request the defendant waive serving of a summons.

**(2)** **Failure to waive** If a defendant located within the Unites states fails, without good cause to sign and return a/v requested by a plaintiff located in the Unites States the court must impose on the defendant:

(a) The expenses later incurred in making service; and

**Results of Filing a waiver** When the plaintiff files a waiver, proof of service is not required, and these rules apply as if the summons and complaint had been served at the time of filing the waiver.

Therefore, in affect the **defendants were served on December 11, 2019**. If defendant had signed they waiver, they had 60 days from December 11, 2019 to file an answer to the complaint February **11, 2020**. Defendants failed to return the waiver and failed to plead, respond, or file an answer to the complaint in the allocated time.
Therefore, the defendants are in default and have been in default for some time.

**(3)** Defendants and their attorneys knew and verified that a lawsuit had been filed by the plaintiff and as such updated the Pacer next Generation (NextGen) case Management Electronic Case Filing system (CM/ECF) system to monitor and receive notifications of any and all filing in this system. Yet they the still failed to respond to the complaint yet they intentionally failed to respond to the complaint or comply with FRCP Rule 4 (1) (e) ,(f), (h) Requesting a Waiver

**(4)** Rule 4 (2) (2) (a) (b)
Rule 4 (3)
Rule 4 (4) Results of filing a Waiver

Rule 4 (G)(2) Failure to waive

WHEREFORE, plaintiff prays that this Clerk of the court to enter and file **entry of default** against defendant, and that defendant be enjoined and restrained from violating any and all policies, provisions, rules, regulations, and protected

AFFIDAVIT

Pursuant to 50 USC Section 520 Civ P. 55

Garrison Jones, Plaintiff, do hereby certify that the statements and allegations set forth in the motion to be filed true and accurate to the best of our knowledge and belief.

Respectfully submitted,

GARRISON JONES, PLAINTIFF

Garrison.jones@outlook.com