# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**
Plaintiff,
v.
**VELOCITY TECHNOLOGY SOLUTIONS**, et al
 SHAUNA COLEMAN, individually
and as H.R. Director of Velocity Technology
Solutions; CHRIS HELLER, individually and
as General Counsel of Velocity Technology
(Now)  Partner Dentons Law Firm
; STEVEN KLOEBLEN, Individually and as CEO of Velocity
Technology Solutions; MICHAEL
BALDWIN, individually and as an employee
of Velocity Technology Solutions.
Defendants.

**Case No. 2:19-cv-02374-KJM-EFB**
Complaint Filed: November 25, 2019
Trial Date: None Set
Judge: Hon. Edmund F. Brennan

Case No. 2:19-cv-02374-KJM-EFB



FILED

JUN 21 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## FINAL RESPONSE OPPOSITTION DEFENDANT MOTION TO DISMISS MOTION FOR DEFAULT JUDGEMENT

The court must consider the facts in this case and look past all of the false and misleading, fraudulent statements by the defendants and their counsel.

The facts are the complaint was filed on November 25, 2019, defendants knowing that the complaint had been filed, and while monitoring it on a regular basis, intentionally did not respond to the complaint in over **161 days since it was filed, and over 145 days since they received the first Notice of Lawsuit and request Waiver of Summons**.  They sat not dormant but counsel still billed the defendants for doing nothing.  defendants were not simply technically in default , they were in default and as such all the rhetoric , false statements, half-truths, lies and all the other irrelevant immaterial issue the rose attempting to escape default is MOOT.

1

Then after over 5 months they attempt fraud upon the court as they have done multiple times before and file a motion that is not a motion but a counter claim full of incorrect quotes of the law and at the same time put themselves in a position of judicial misconduct all for the sake of prolonging the case before the court and for revenue and billable hours where they now have assigned  two (2) attorneys to grab as much revenue and billable hours as possible for a defendant who's willful, deliberate civil and criminal violation of both state law in now5 states and federal law will no matter what they do and no matter how many billable hours and revenue the obtain, will not prevent them from the civil liability and the indictment of the defendants in federal and state litigation that they knew they would eventually face because of the acts committed by them over the past 3 ½ years.

## CASE LAW OR PRECEDENT

There is no case law or precedent that states that an individual or corporation that has no obligation , duty nor is there any case law or precedent that clearly states that a person or corporation has no obligation or exemption from responding  to a complaint, litigation or lawsuit filed against them in any state or federal jurisdiction.

There is no case law or precedent that specifically identifies and establishes Velocity Technology Solutions or a Velocity Technology Solutions executive or employee that as exempt from being a defendant in a civil and or a criminal complaint.

However, there is a **judicial remedy** that addresses those individuals and or corporations that thinks that the a re above the laws of this country and have no obligation or has what they think is an exemption for their intentional failure to respond to a lawsuit, complaint, and or litigation it is called

 **FRCP Rule 55 (a) Entering a Default**.  The rule clearly states. *When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise the clerk **must** enter the party's default.*

As far as case, research that has been performed no such precedent or case law, exist, yet counsel makes this claim in his motion as if the defendants in their minds are above the law, and do not have to obey any of the rules and statues related to this issue.  The plaint moves the court to apply the law and is not asking for any special consideration. Couple with the efforts of the defendants and counsel who together have a documented

history of misconduct, forgery, fraud and fraud upon the court as well as a history of misconduct in the states of Arizona, Illinois and now California where they have continued to commit acts of fraud and judicial misconduct,  as well as their continuous efforts to hound and harass the plaintiff and his family where he has been forced to move his residence multiple times attempting to escape these criminals, it is paramount that their motion be denied in its entirety and that a default judgement be enter against the defendants  for each of the willful intentional violations in the complaint where the plaintiff moves the court to assess a **treble damages**  value for each such violation for in the amount of $750,000.00  Seven Hundred and Fifty Thousand  per  claim..

In addition asking the court to grant the motion before the court for sanctions against the defendants, counsel and the firm they represent for their efforts in this case in presenting and submitting/making known false statements, half-truths and outright lies to the court to influence them in making a ruling that allows them to escape the intentional, willful, malicious, vindictive and racial motivated hate they have conflicted upon the plaintiff  and his family for the past 3 ½ years that include all of the proven violations of his rights under FMLA where they failed to intentionally administer FMLA per the US department of Labor, that they used FMLA as a racial discriminatory means and tool or racial discrimination and a means of retaliation as well as the severe violations of openly discussing and revealing the confidential specific Medical condition to Velocity executives, employees and the release of this same FMLA protected and prohibited confidential information to AZDES and to the Arizona Court of Appeals in the fraudulent efforts to deny the plaintiff legally deserved unemployment benefits when they terminated him while on FMLA, claimed he was unable to work by impersonating him to AZDES and then sending confidential FMLA documents unsolicited to AZDES to induce them to make a decision that he was unable to work by sending forged FMLA documentation to the agency.

Their failure to respond to the complaint in the time specified by law and the above events warrant serious sanctions and the granting of a default order against the defendants as well as a restrictive order clearly stating that the defendants' have no right to appeal this decision /judgment for if it is not included  counsel will see this as another window of milking the defendants for more billable hours and extend this litigation  and will not have any factual evidence and or exhibits to do so.  They would just see it as another revenue possibility and will once again waste precious judicial resources for no good cause.


## DEFENDANT CLAIMS OF AMENDED COMPLAINT

Defendant counsel states in his motion *"Plaintiff purported to serve an "amended complaint" upon Velocity's Agent for Service of Process in North Carolina (without a Summons)* even though Plaintiff has not filed an amended complaint in this action. "

Pursuant to FRCP Rule 15 Amendment or Supplementation of a pleading (the complaint and the answer) is allowed, without the courts permission.

Rule 15 of FRCP permits the plaintiff to amend its complaint once as a matter of right, i.e.. Without the need of the courts permission if it occurs before the defendant has responded with an answer and if, the lawsuit has not been put on the trail schedule. Defendants have no grounds for dismissal under FRCP 12 (b) (5) as he is loudly claiming in his "motion" where he is claiming the court has no personal jurisdiction over Velocity.

## NOTICE OF LAWSUIT   WAIVER OF SUMMONS RULE 4 –PERSONAL JURISDICTION

Defendant and counsel should be prohibited from and given the opportunity to as he states "reserve argument as to why they have no obligation to return the waiver". The court should immediately deny defendants a platform to lie to the court again.  If there was case law that specifically stated that a defendant has the right or the option to not respond to the waiver, request counsel should have included in his reply.  In addition, he is unable to give or reserve argument for any other matter or issue that is not covered or under FRCP Rule 12 and it is clearly out of scope for a separate argument is given to defendants on that issue.  The fact and the record shows that the defendants received all three (3) request and intentionally failed not to return or respond. Defendants did not have good cause not to return the waiver, period.  It is simply a waste of time to give them an opportunity to explain, as it is immaterial and irrelevant to the issue.

Pursuant to Rule 4, where again it clearly states "good cause does not include a belief that the lawsuit is groundless or that it has been brought in an improper venue, **or that the court has no jurisdiction over the defendant.**

4

Despite this clear notification, the defendant, and counsel yet again shows that they do not care about the law and did not perform the duty of return the waiver and as such is again a display of arrogance and disobedience.

He simply under any of the "quotes of law" he has used has failed each time in his quest to claim that the court has no personal jurisdiction over the defendants when it has been shown multiple times that it does.

**RULE 12**

Rule 12 b and the limitations and restrictions that only the seven (7) defenses could be included in said motion and the challenge must have been to personal jurisdiction and nothing else. Yet defendants and counsel added counter claims to their motion and as such violates Rule 12 limitations and restrictions of what can be included in a motion submitted under this Rule and statue.

It is obvious to the court the intentions of the fraud upon the court, that is directed at the court.

The defendants honestly feel that they are above the law in that they are "immune" from any obligation and from being served with a lawsuit, litigation and or either a criminal or a civil complaint. It is not the first or nor will it be the last time, they have or will have a lawsuit filed against them. Defendants and their counsel has made it clear in their pleadings that they "**only responded out of caution" or Velocity is not obligated to respond and finally they want to "reserve argument as to the reason they have no obligation to respond or return a waiver"**

The reason for this obvious arrogance is clear, it is because the plaintiff is **BLACK** and Velocity does not respond or **BOW DOWN TO NIGGERS.** Their attitude during his racially charged hostile work environment was a clear indication on Velocity view of blacks within their organization, especially one who had more experience and

knowledge that their white golden boy Chad Carlson who had them believing that he was the only one on the planet that knew procurement that was exposed by the plaintiff upon his arrival.

Their reasons are **purely racial** as they view blacks as inferior to whites not only in their organization, but also in their hiring, promotion and skill level practices. They think at all times, whites are better equipped than any black person is.

## REITERATE MOTION FOR SANCTIONS

Plaintiff wants to reinforce and reiterate his motion for sanctions filed Case 2:19-CV-02374-KJM-EFB Document 16 Filed 05/28/20. For counsel who is alleged managing shareholder in the Sacramento office for Ogltree Deakins you would think that he would be held to a higher level and performance/standard. Instead, he is no better than the other eight (8) attorneys who have been chosen to represent the defendants. He too is involved in a scheme to hinder prosecution, obstruction of justice, and aiding and abetting Velocity in avoiding their well-documented willful, malicious, illegal acts they have committed against the plaintiff and the concealment of state and federal criminal offenses.

He too has in his motions is needlessly multiplying the proceedings, prolonging the actions, making claims and statements that will trigger events where they will be able to not defend their client but constructed to leave "opening" for additional billable hours. Along the same lines of asserting baseless claims, then abandoning those claims when caught in a lie when confronted with the undisputed truth of the issue.

Not only are sanctions warranted but they the attorneys as well as the firm they represent should incur judicial wrath for their efforts in filing unnecessary motions (that could have been resolved without judicial intervention) or engaging in litigation practices that waste time and resources. The majority of the litigation can be resolved based on the evidence alone, with no need for oral argument. Counsel should know better, yet he intentionally leaves out facts and makes comments to lead to another chapter and episode of litigation.

The undisputed false statements were specifically and intentionally directed to the court with the intent to induce the court and to make the interpretation that theses lies were in fact true. The defendants with their repeated use of the "with prejudice" sought the most fatal judgement that can be rendered against the plaintiff. Why based on the fact that they are committing fraud upon the court should the not suffer the same in the court rendering a ruling to the equivalent of the same fate and enter a default judgment against them with the same restrictions that "with prejudice "carries.

The defendants and their counsel as well as the firm they represent has a long documented history of fraud upon the court. Time after time, they have done so and have suffered no consequences. As such, since they have not been sanctioned, they have gained confidence each and every time they have committed fraud upon the court that was unpunished.

Unbeknownst to many, federal courts have the power under the Federal Rules of Civil Procedure to set aside judgments entered years earlier that were obtained by "fraud on the court." Fraud on the court, however, can take many forms and courts and commentators agree that it is a nebulous concept. The power to set aside a judgment requires courts to strike a balance between the principles of justice and finality. A majority of courts require a showing, by clear and convincing evidence, of intentional fraudulent conduct specifically directed at the court itself. This standard is flawed. In addition, courts that have adopted it are abdicating their solemn responsibility as the gatekeeper to justice because innocent victims seeking to set aside judgments obtained by abusive discovery find themselves as a square-peg trying to fit into a round hole. The remedial and equi- table nature of the **fraud-on-the-court** doctrine and the great public policy that it embodies militates against making that burden an impossible hurdle for victims of abusive discovery.

This Article suggests that courts depart from the heightened standard used to set aside judgments, particularly judgments obtained by abusive discovery. Specifically, this Article advances a four-step process to resolve the ultimate in quiry: whether the abusive conduct caused the court not to perform in the usual manner its impartial task of adjudging cases. Under this standard, courts will more readily find that abusive motion and, statements, intentional omissions,  and half-truths  undermines the integrity of the judicial process and their intent was to  **<u>influence the decision of the court constitutes a fraud on the court.</u>**

7

They are laying a trap for the court by throwing everything in the book at the court the case in Northern , Illinois, dismiss with prejudice, mis quoting / bastardizing case precedent, settlement agreement, lies and half-truths to influence the court.  It is clear they have a weak defense but instead want to "win" the case by quoting previous cases that have no precedent of the case before the court.

The case before the court is related to the violation of the rights of the plaintiff under FMLA, discovered by the plaintiff after what the endured was the worst employment of his career/life, only to find out that the defendants had done more damage that he was un aware of at the time, he wanted to go on with his life after suffering a major stroke.  Instead what he found was the heinous, vicious nature of the defendants, who in just 3 days after this so called settlement got right back on the horse of retaliation, harassment, intimidation against the plaintiff and his family and used whatever they had available to them to do so, whether it was harassment by flooding his personal email with communication from their organization, then claiming they could not find a record of it, to providing false information to AZDES and to the Arizona Court of Appeals to induce them to file felony criminal charges against the plaintiff for collecting legal, rightfully deserved unemployment benefits after they terminated him while he was on FMLA for exposing their illegal criminal activities.

To think in this age of racial discrimination, that white employers have and would stoop to the level of false accusations and subjecting a black man to the criminal judicial system as a method of punishment and avoidance of their illegal criminal activity is above and beyond the imagination.

## AGREEMENT INDUCEMENT

In a previous response, the plaintiff fully expects that the defendants in losing the case before the court that in the event that they lose, they will attempt to use the illegal agreement of August 2018 as their "reason" to justify that the plaintiff is not entitled to any monetary award in the above-mentioned case.

While they clearly know that the agreement at the time it was signed and was illegal and void as the intent of the agreement was to conceal federal and state

8

crimes committed by the defendants, their investors/employees, and business partners.

## SUMMONS IFP PENDING STATUS

In relation to counsel/**managing shareholder** statement in regards to failure to *Plaintiff failed to serve Velocity with the Summons and Complaint within 90 days of the Complaint's filing. In failing to do so, Plaintiff violated FRCP 4(m)'s requirement to effect service within 90 days.*

Again, an experienced litigator that holds the status of managing shareholder should not only be able to **quote the law but obey the law**.

Counsel knows that based on the fact that the plaintiff filed an application to proceed in forma pauperis that a summons will not be issued until the court enters a ruling on the motion to proceed in Forma Pauperis. As such, he has no grounds of dismissal claiming that there was no summons as one could not have been issued due to the pending IFP application.

Counsel contends that the registered agent was "served: o then goes on a rampage as to make the court believer that not only are the defendants immune from litigation but also that their registered agent is also immune to be served with a complaint on behalf of the defendants.

To squash this entire petty line of defense, the court simply needs to look at the record and the court file related to the summons. Since counsel is going to stay in denial, the court must look at the case document history for fact.

KJM-EFB Document 3 Filed 12/11/19 is in fact the waiver filed with the court. Whether counsel agree or disagrees with the significance of the statue is irrelevant. However, Rule 4(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, **proof of service is not required** and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

Counsel also states again that they wanted to "reserve argument on why they did not have to return the waiver" another irrelevant immaterial matter. What matters is the court and the language of the ruling. As of December 11, 2019, the defendant had been served with both the summons and the complaint. Coupled with a previous statement

that counsel is well aware of a summons from the court will not be issued until the court rules on Forma Pauperis application and despite the fact that per the statue, proof of service is not required, the plaintiff also <u>filed proof of service</u> with the court the court document history reflects this on 02374-KJM-EFB Document 14 Filed 05/26/20 as

**Summons Returned Executed**

| | | |
|---|---|---|
| 14 | *Filed:* 05/26/2020 | 🌙 Summons Returned Executed |
| | *Entered:*05/27/2020 | |

Because it is the history of the defendants to ignore and he removed this level of defense by filing proof of service with the court.

It is clear that the court correctly recognized and its interpretation the proof of service pursuant to *Rule 4 that again clearly states*
*(4)* Results of Filing a Waiver. *When the plaintiff files a waiver, proof of service is not required and these rules apply as if a **<u>summons and complaint had been served at the time of filing the waiver.</u>***

They correctly applied the law to the documents filed and recorded that the summons was executed upon the defendants on December 11, 2019.
Defendants response related to the insufficiency of process carries no weight to from a defense to support **any** such fact of insufficiency as he claims.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

## FILED

for the

DEC 1 1 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

_Garrison Jones_
_____
Plaintiff

_Velocity Technology Solutions_
_____
Defendant

)
)
)
)
)
)

Civil Action No. 2:19-cv-2374

### NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.

## (4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

When and only when the application is **granted** the court will issue or has the ability to issue a summons.  In the case before the court such IFP application is still pending, however the plaintiff has made multiple attempts and sent defendants Notice of Lawsuit and Request Waiver of Summons, which by definition of the defendants 02374-KJM-EFB Document 11 Filed 05/26/20 response where even though the willfully and intentionally did not respond to 3 consecutive waivers and the complaint in the allotted time, their response acknowledges that they received each and every document.  As such, it does not matter the  reason why the defendants did not file and answer to the complaint of=r the waiver is irrelevant and immaterial the fact that they did not return to waiver or file and answer to the complaint is reflected on the record,

so to grant the defendants an opportunity to Reserve a lie to the court once again is paramount in their minds as at the time of the filing of 02374-KJM-EFB Document 11 Filed 05/26/20, they had not yet had enough time to conspire as to which false statement, quotation of the law or the lie was not ready to present to the court. Defendants are always on the path of deception and fraud upon the court when they are faced with the truth.  Again, this is why serious sanctions are in order.

Counsel is attempting to achieve and get the court to grant immunity for all of their intentional, willful civil and criminal violations of the law, something that is not achievable.
 Counsel is intentionally again attempting to mislead the court on the virtues of FRCP Rule 4 and the status of the case they have been monitoring since it was filed on November 25, 2019.  Counsel is doing like his client avoiding any attempts of the claims in the allegation and avoidance of a trial / hearing on the merits.  Counsel is simply "compounding his motion, which is not a motion at all as it is an answer to and counter claim of the complaint by the plaintiff.

## Defendants   have no grounds for dismissal

Defendants   have no grounds for dismissal  because for over  5 months their arrogance when they knew of the lawsuit and began monitoring the lawsuit by periodically logging into Pacer, to check on the progress, they ignored the law and all the requirements and obligations **intentionally**  and at the same time, their counsel was in effect **billing them for doing nothing"**.

They intentionally ignored each deadline set forth by the law and had it not been for direction given to the plaintiff by a court-sponsored event, the defendants would still be doing the same and ignoring the lawsuit and not responding because in their mind they had no obligation to do so.

By flushing them out of the hole they were in, the plaintiff knew if there was to be a response that it would be fraudulent, false, and full of lies and half-truths.  The defendant and counsel did not disappoint in that arena for the entire "motion" if you can called it one is full of each.  Then when caught in a lie, their counsel abandons his lie, then stalls for time to think of yet another lie to present to the court.

The court should be guided by the evidence and the events not intentional misquotes of the law that counsel wants to "massage" and " omit" in misleading the court to do its bidding as they have done in the past.

Counsel could not help but attempt to use the fact of another case but in using that case they again, misled the court claiming " duplicity" and a judgement and agreement that was induced by fraud, misrepresentation as well as the omission of the fact that they (Velocity ) when the plaintiff who was walking away from Velocity and the worst experience of his life, Velocity in their customary fashion, continued to harass the plaintiff and his family yet 3 days after signing the illegal agreement, showing they had no intent of honoring it , despite the fact that they received everything they wanted but by fraud it was achieved. Their vicious vindictive nature especially after they lose or are exposed is obvious.

## Defendants have no grounds for dismissal – response to complaint

The defendants have no grounds or rights to a dismissal as their motion and counter claim was filed more than 120 days after the deadline to do so and was not timely. Plaintiff moves the court to enter a default judgement against the defendants for same as well as the viable sanction against the defendants for fraud upon the court, which is what is warranted for their clear and convincing intent of the false statements, lies, and half-truths in their motion of May 4, 2020

## Defendants have no grounds for dismissal under FRCP Rule 4 (m)

It is rather ironic that the defendants counsel openly accuses the plaintiff of violating FRCP Rule 4 but at the same time does not think that FRCP Rule 4 applies to the defendants and the fact that they intentionally failed to obey FRCP Rule 4 in its entirety.

Plaintiff did not violate Rule 4 (m) because under FRCP Rule 4 *Lujano v. Omaha Public Power Dist., 30F .3d 1032,1034 (8TH Cir. 1994),* **the 120 day requirement of**

**Rule 4(m) should be tolled during the time a court considers a motion to proceed in forma pauperis,** "*Lowery v. Carrier Corp, 953 F.Supp.151,156 (E.D. Tex. 1997) see also Williams –Guice v. Board of Educ., 45 F.3d 161, 162 (7th Cir. 1995; Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596,598 (7th Cir.1989)*

Counsel and certainly a managing shareholder should know that once a plaintiff submits an application for forma pauperis complaint within the time provided by the statute of limitations, and after the § 1915(a) in forma pauperis determination is made, the 120 day period of Rule 15(c) (3) for satisfying the requirements for relation back of an amendment that changes or adds a party
**Is suspended while the district court considers the § 1915(d) question**. If, the suspension ends and the 120 day period of Rule 15(c) (3) for service begins to run."

Counsel in his motion claims that a plaintiff failed to serve defendant within 90 days. Not only were they served per Rule 4 but also again, the defendants with the instructions from counsel intentionally failed to return waiver and or respond to the complaint in the allotted time.

Case law states "when complaint was filed when and presented to the court, regardless of whether accompanied by the filing fee or by a motion to proceed *in forma pauperis* .Nevertheless, in the court's view, for purposes of assessing the time for effecting service of process where the complaint is accompanied by a motion to proceed *in forma pauperis,* considerations of fairness dictate that the time for service be tolled until the court decides that motion. As the court observed in *Scary v. Philadelphia Gas Works,* 202 F.R.D. 148, 151 (E.D.Pa.2001), if a complaint accompanied by a motion to proceed *in forma pauperis* is considered " filed" for purposes of service when presented to the court, then " judicial delay in deciding the ifp motion would be fatal to some actions. The 120-day period for service could pass before the ifp motion is resolved, thereby violating Rule 4(m) through no fault of the plaintiff." That court thus adopted what it viewed as the "most sensible approach to this conundrum," holding that " the filing of **a *complaint with a motion for IFP tolls the statute of limitations, and that the 120-day period for service commences when the filing fee is paid or IFP ruling is made." Id.***

**MOTION – COUNTER CLAIMPERSONAL JURISDICTION**

Defendants have no grounds for dismissal under Federal Rules of Civil Procedure ("FRCP") 4(m), 12(b) (2), or 12(b) (5).

The Court reasoned that by defending on the merits and filing a counterclaim, the defendant had invoked and submitted to the jurisdiction of the federal court.  As support for this contention the Court Merchants *Heat & Light Co. v. J. B. Clow & Sons*,

*Coupling a counterclaim with the 12(b) defenses in the answer constitutes a waiver of those defenses.  North Branch Products, Inc. v. Fisher*.' In that case, the plaintiff sought a declaratory judgment that it owned certain patents that had been issued to the defendant.  The defendant answered on the merits and counterclaimed for infringement and for royalties.'  Sixteen months later, the defendant made a motion to dismiss for lack of personal and subject matter jurisdiction.  The court, after sustaining its jurisdiction over the subject matter, ***refused to dismiss the case for lack of personal jurisdiction; relying on the fact that personal jurisdiction had been obtained when the defendant sought affirmative relief by filing a counterclaim.  "Just in this case the defendants sought relief from the court for dismissal and as such waived personal jurisdiction***

***The*** defendant argued that since his counterclaim was compulsory, 24 the court's interpretation would have forced him either to waive his jurisdictional defenses or to lose his right of action on the counterclaim.  The court found this argument unpersuasive because servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver.... "21. *Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, 23 F.R.D. 654, 656 (S.D.N.Y. 1959); IA BARRON & HOLTZOFF, supra note 14.  22. 284 F.2d 611 (D.C. Cir. 1960), cert. denied, 365 U.S. 827 (1961), noted in 63 W. VA.  L. REV. 287 (1961).  23. The* doctrine has also been applied in cases wherein the defendant had not raised the issue of venue prior to or coincident with the making of his counterclaim. See, e.g., *Thompson v. United States, 312 F.2d 516 (10th Cir. 1962*) (objection to venue raised after motion for summary judgment and filing of a counterclaim); *Rubens v. Ellis, 202 F.2d 415 (5th Cir. 1953) (no jurisdictional question raised by defendant); Textron, Inc. v. Maloney-*

15

objection raised after counterclaim filed). In these instances, the broad
application of the doctrine may more properly be interpreted as covering only
the narrower fact pattern. See also *Annot., 5 L. Ed. 2d 1056, § 7 (1961).*
*Courts generally contend that a defense such as personal jurisdiction should*
*be raised early in the pleadings,*

*The pleading **a counterclaim prior to any such defense may be interpreted as active***
***pursuit of the defendant's claim, which seeks and invokes the court's jurisdiction.***
***Kincade v. Jeffery-De Witt Insulator Corp., 242 F.2d 328 (5th Cir. 1957). 24. FED.***
***R. Crv. P. 13(a)*** provides inter alia: "Compulsory counterclaims.
 A pleading shall state as a counterclaim any claim, which at the time of
serving the pleading the pleader has against any opposing party, if it arises
out of the transaction or occurrence that is the subject matter of the opposing
party's claim.

It is clear that the (3) counter claims made by the defendants have nothing
what so ever to do with the claim/complaint before the court. They all had to
do with another case where they first claimed, "duplicity, then claimed with
was "dismissed with prejudice" without informing the court that the
judgement and the settlement was induced by fraud, intentionally leaving
these crucial facts out from their response

*Courts generally contend that a defense such as personal jurisdiction should be raised*
*early in the pleadings, and that **pleading a counterclaim prior to any such defense***
***may be interpreted as active pursuit of the defendant's claim, which seeks and***
***invokes the court's jurisdiction. Kincade v. Jeffery-De Witt Insulator Corp., 242***
***F.2d 328 (5th Cir. 1957). 24. FED. R. Crv. P.***

*Defendants made three (3) such counter claims all with the intent to deceive*
*the court into making a ruling and judgment with prejudice, a judgement they*
*were seeking, however, all such counter claims were false or filled with half-*
*truths and left out intentional information that was also related to fraud upon*

*the court in ~~the case they (Ogltree Deskins) represented the defendants in,~~ this case as well.*

None of the counter claims defenses have nothing to do with the case before the court and were again added by the defendants to gain some form of "strength" to their motion but the real intent was deception. All the other times they have committed fraud upon the court and committed fraud; they did so behind the plaintiffs back and without his knowledge. This forced him to climb the mountain of appeal process to reverse each and every false claim, document, and statement submitted by counsel and the defendants they represent Velocity.

Each time, the plaintiff was victorious and each time when the defendants had the unobstructed opportunity to defend the lies and fraudulent documents or statement, they intentional failed to appear, however from a far still monitored the proceedings to see if their fraud upon the court would be ruled in their favor.

merits of the case, so they are easy to separate and rule on prior to proceeding with the main lawsuit

1. *Falsely claiming duplicity in that the case before the court is virtually identical of case 1:18-cv-02388 in the Northern District of Illinois*
2. *Counter claim that in the above case that there was a settlement and judgment of dismissed with prejudice. However counsel intentionally failed to mention that the agreement and subsequent judgment was induced by fraud and that the defendants with the same counsel filed frivolous appeal in the AZ Court of Appeals over 40 days after the appeal deadline that was denied, where the defendants and counsel intentionally failed to appear for an appeal hearing that was conducted in June 2018 that was brought about specifically because the defendants had submitted forged / fraudulent documents to AZDES and the court of appeals claiming that the plaintiff was still employed, knowing that they had terminated him while on FMLA.*

These counter claims were all " included" in their " so called motion " but in fact it was an answer to the complaint by the plaintiff and as such cannot be considered or regarded as a motion to dismiss.

They can only be interpreted as active counterclaims to the court in their pursuit to o persuade the court into making a ruling in their favor and dismiss the case.  In of the defendant's counter claim, which seeks and invokes the court's jurisdiction. *Kincade v. Jeffery-De Witt Insulator Corp., 242 F.2d 328 (5th Cir. 1957).  24. FED.  R. Crv. P. 13*

**<u>Plaintiff failed to serve Velocity with the Summons and Complaint within 90</u>**

Consequently, the  defendants and counsel who were attempting  to challenge personal jurisdiction  and going for the jugular failed to adhere to the rules set forth by Rule 12 b and the limitations and restrictions that only the seven (7) defenses could be included in said motion and the challenge must have been to personal jurisdiction and nothing else.

The seven challenges that Federal Rule 12(b) specifically allows to be made by preliminary motion are the following:

– *(1) lack of subject-matter jurisdiction;*

– *(2) Lack of personal jurisdiction;*

– *(3) Improper venue;*

*(3) Improper venue;*

– *(4) Insufficient process;*

– *(5) Insufficient service of process;*

– *(6) Failure to state a claim upon which relief can be granted; and*

– (7) Failure to join a party under Rule 19.

A defendant wishing to raise any one of these seven challenges has two options.  Option one is to raise any and all of the defenses in the answer.  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed.  R. Civ. P. 12(b).  The answer is the responsive pleading required to

the complaint. Option two is to raise any and all of these defenses in a preliminary motion, one made before the answer is pleaded. "But a party may assert the following defenses by motion: [listing the seven defenses]. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The party may join all motions under Rule 12 into a single motion. Fed. R. Civ. P. 12(g) (1).

 In addition, what must be said is that the defendants will attempt to file another motion to "counter" the facts in this response, however a defendant cannot make successive preliminary motions to dismiss; one is the quota allowed:

Except as provided in Rule 12(h) (2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g) (2).

The reason the rules limit defendant to one preliminary motion is rather obvious. That is the efficient method to dispose of all the threshold jurisdictional motions. Without that limitation, defendant could delay the proceeding for a long time by doling out the motions. For example, defendant could move to dismiss for insufficient service of process; following denial of that motion, defendant could move to dismiss for improper venue. The string could continue through multiple preliminary motions. Defendants will try this and ignore the law and the rule like they have done thru out these proceedings. The court must not allow them to do so, even putting on the record notations for the Appeals court, for as sure as you know, the defendants will file an appeal to again prolong and extend this case despite the fact that they have lost. History shows this is part of their "revenue machine" they are running on the defendant.

All of the seven grounds for dismissal found in Federal Rule 12(b) are threshold issues that can and should be disposed of before the parties and the court proceed to the work of deciding the merits of the case.[ii] . With the exception of dismissal for failure to state a claim upon which relief can be granted, all of the grounds for dismissal are separable from the merits. With the exceptions of dismissal for failure to join a Rule.

3. Waiving Rule 12(b) Defenses

While Fed. R. Civ. P. 12(g)(2) requires a defendant who makes a preliminary motion under Rule 12 to consolidate all of its Rule 12(b) defenses into that motion, the enforcement provision is found in Fed. R. Civ. P. 12(h):

**(1)  A party waives any defense listed in Rule 12(b) (2)-(5) by:**

**(A)** Omitting it from a motion in the circumstances described in Rule 12(g) (2); or

**(ii)** Include it in a responsive pleading or in an amendment allowed by rule 15(a) (1) as a matter of course.

**Rule 12(f) motion is a "motion under this rule [Rule 12]," the defense of personal jurisdiction was waived.**

**FRCP RULE   12(g) (2).**

The reason the rules limit defendant to one preliminary motion is rather obvious.  That is the efficient method to dispose of all the threshold jurisdictional motions.  Without that limitation, defendant could delay the proceeding for a long time by doling out the motions.  For example, defendant could move to dismiss for insufficient service of process; following denial of that motion, defendant could move to dismiss for improper venue.  The string could continue through multiple preliminary motions.

**(i)** make it by motion under this rule; or

**(ii)** include it in a responsive pleading or in an amendment allowed by rule 15(a) (1) as a matter of course.

It is clear that the defendants, up to their normal fraudulent tricks, knew at the time of the signing that they had committed multiple willful, malicious, heinous violations of both civil and criminal acts against the plaintiff that he had no knowledge of.  Knowing this, in the agreement they included what they think is protection from litigation that had not even been filed against them and

20

as a "so-called condition of the agreement" preset the award the plaintiff could receive, which on its own merit and purpose is Ludacris and absurd. No legal contract, plea deal, or agreement can preset the award or penalty in litigation for acts that were willfully committed but misrepresented by fraud.

The defendants "knew this day would occur and with illegal language and tactics, induced the plaintiff. The plaintiff in the months following said agreement, tried vigorously to move forward only to be on the end of continued harassment directed at him and his family by Velocity.

They knew the agreement would be challenged and received multiple letters and communication from the plaintiff, that they naturally ignored stating on multiple occasions that based on the continued misconduct , harassment, intimidation and retaliation by the defendants, business partners and investors that the was repudiating agreement in its entirety.
He also informed defendants that the agreement was illegal and void as it was entered into by misrepresentation, fraud and for the purpose of the continued concealment of criminal state and federal crimes by the defendants known and unknown to the plaintiff at the time it was signed.

In August 2019, he forwarded this communication to then Velocity Legal Counsel and defendant, Chris Heller.
Naturally, they ignored it and intend to use it in this case before the court.

It is clear the signing of the so-called agreement, that the defendants knew they had committed multiple acts civil and criminal violation against the plaintiff and knew that when and if they were uncovered that they would be liable. They intended to use this illegal agreement in the event they were to lose these litigations, attempting to "pre-determine the monetary award to the plaintiff to zero, which by its own is absurd and illegal. <u>No agreement or contract can predetermine the award the award in future litigation even before been filed.</u>

<u>Nor can it control, limit and or cover acts both criminal and civil violations that were committed intentional and willfully by a defendant.</u>

This only shows that at the time of the agreement misrepresentation by the defendants, fraud, and the fact that they knew they had committed such acts.

That the agreement was void from the date it was signed and reputiate the agreement in its entirety.

Yet the defendants still in their minds believed that it was still in effect. If the defendants were so sure and felt, the illegal agreement was sound they would not have had to try to trick and induce the plaintiff into believing that there was a dispute with their Client Valley Medical Center.

This dispute were facts that the defendants sent the plaintiff to Valley Medical Center, to "implement Infor Supply Chain software, knowing that the plaintiff had not even seen the software. They did this by fraud and billed Valley Medical Center hundreds of thousands of dollars from a front loaded contract that stipulated that Valley Medical Center would pay these funds at the after the "kick off meeting " was completed. It was done purely to capture the revenue and bill the customer, by sending an unqualified consultant as a "decoy" to accomplish this feat.

The plaintiff reported this to Valley Medical center and the defendants used this knowledge and attempted to "trick" the plaintiff into sharing this illegal agreement as a means of "violation".
Well as demonstrated in previous document filed, it failed. The plaintiff asked for proof and then all of a sudden there was "no need" for him to fly to Seattle as the dispute was resolved over the thanksgiving holiday.

Little did the "lawyer" know that the plaintiff had sensed that velocity was at the root of this "trick"

He contacted multiple court judicial systems in the state of Washington. He contacted King County, Snohomish County, and Pierce County after each contact none of the clerks of Court could find any case or hearing that was scheduled for January 13, 2020 for Velocity, Valley Medical Center or Washing ton Health System.

It was all a lie. A lie to finally get something that Velocity thought was tangible evidence to claim the plaintiff was in violating the agreement.

They continued to harass the plaintiff even after they had failed once again. It is always fraud being attempted, lies, misrepresentation, half-truths and forgery.

Yet they seem to not care and tried it anyway ignoring the fact that what they are doing is illegal and to think they paid, OGD and another law firm to co induce as well into to getting involved in their fraudulent schemes, along with the other multiple documented events of fraud by the defendants shows that it is to them just a part of their DNA. Thinking that a trip to Seattle expense paid would be enough to make him jump on a plan to testify against Velocity. If said agreement was solid, no one has to result to trickery and fraud to entice anyone to violate an agreement or contract. This is Velocity at best "grabbing at **straws**".

. **EXHIBIT 25**

**AFFIDAVIT**

Garrison Jones, Plaintiff, do hereby certify that the statements and allegations set forth in the motion to be filed true and accurate to the best of our knowledge and belief.

May 27,2020

$\int$ UNE 21, 2020

Respectfully submitted,

GARRISON JONES, PLAINTIFF
P.O. Box 188911
Sacramento, California 95818
Garrison.jones@outlook.com