UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES, | No. 2:19-cv-2374-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| VELOCITY TECHNOLOGY SOLUTIONS LLC; STEVE KLOEBLEN; SUSAN HALTOPP; MICHAEL BALDWIN; SHANA COLEMAN; VICKIE LEROUX; J.C. ODOM; CHAD CARLSON; and CHRIS HELLER, | |
| Defendants. | |

Plaintiff, proceeding pro se, filed a complaint and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] ECF No. 1 & 2. Prior to the court screening the complaint (*see* 28 U.S.C. § 1915(e)(2)), defendant Velocity Technology Solutions ("Velocity") specially appeared in this action and moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to insufficient service of process. ECF No. 5. In response to Velocity's motion, plaintiff filed a motion for sanctions. ECF No. 16. For the reasons explained below, plaintiff's application to proceed *in*

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

*forma pauperis* is granted; the complaint's claims, with the exception of an interference claim under the Family Medical Leave Act against Velocity, are dismissed for failure to state a claim; and plaintiff's motion for sanctions is denied. Further, it is recommended Velocity's motion to dismiss be denied.

I.      Velocity's Motion to Dismiss

Velocity moves to dismiss the complaint pursuant to Rules 12(b)(2) and 12(b)(5), arguing that the court lacks personal jurisdiction over it due to insufficient service of process. ECF No. 5. Velocity contends that plaintiff attempted to serve its registered agent for service more than 90 days after commencing this action. It contends that the untimely service was defective because plaintiff failed to provide its agent with a copy of the summons and the correct version of the complaint filed in this case.[2] *Id.* at 3-4. As discussed below, Velocity ignores the pending application for leave to proceed in forma pauperis, which if granted requires the U.S. Marshal to complete service of process.

Generally, a plaintiff is required to complete service of process within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Although Velocity's motion demonstrates that plaintiff failed to serve it within 90 days of filing his complaint, there is good cause to extend the deadline for completing service of process. *See id.* (requiring the court to extend the deadline for completing serve upon a showing of good cause). As previously noted, plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That statute requires district courts to conduct a preliminary screening of the complaint to determine whether dismissal is warranted for certain enumerated reasons. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). After screening the complaint, the court is required to "issue and serve all process." 28 U.S.C. § 1915(d). Pro se litigants proceeding *in forma pauperis*, such as plaintiff, are entitled to have the United States Marshal complete serve of the summons of the complaint. Fed. R. Civ. P. 4(c)(3).

/////

---

[2] Velocity contends that the complaint plaintiff attempted to serve differs from the complaint filed with the court.

Velocity filed its motion to dismiss for insufficient service prior to the court screening the complaint. Consequently, no summons had issued and the U.S. Marshal had not been directed to serve any of the defendants. But as set forth below, the court now screens the complaint and finds that it potentially states a cognizable claim against Velocity. Should plaintiff decline to file an amended complaint seeking to cure the deficiencies of any of the claims dismissed with leave to amend, *see infra*, the Clerk will issue a summons and the U.S. Marshal will be directed to serve process on Velocity.

Accordingly, there is good cause to extend the time for completing service of process.[3] *See* Fed. R. Civ. P.(m) (court is required to extend the 90 days deadline for completing service upon a showing of good cause). Velocity's motion must therefore be denied.

II.      Motion for Sanctions

In response to Velocity's motion, plaintiff filed a motion for sanctions. ECF No. 16. Plaintiff argues that Velocity violated Rule 11 because its motion fails to acknowledge that plaintiff mailed it three requests for waiver of service. *Id*. at 1. That contention fails to demonstrate that sanctions are warranted here. Accordingly, plaintiff's motion for sanctions is denied.

III.     Application to Proceed *In Forma Pauperis* and Screening Requirement

Plaintiff's application to proceed *in forma pauperis* makes the financial showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

---

[3] Plaintiff has also filed a motion requesting reimbursement of the costs he expended in serving Velocity. ECF No. 6. He argues that he is entitled to costs under Rule 4(d) because Velocity refused his requests to waive service. *Id*. at 2; *see* Fed. R. Civ. P. 4(d) (if a defendant refuses to sign and return a request to waive service, the court must require the defendant to reimburse plaintiff "the expenses later incurred in making service."). While that is generally a correct citation of the rule, plaintiff has not yet properly served defendant with a copy of the summons and complaint. Indeed, a summons has yet to issue in this action. Further, any reimbursement for the Marshal's costs incurred in effecting service due to a refusal to waive personal service would be to the Marshal's office.

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against his former employer, defendant Velocity, its CEO, one of its directors, and six other employees. The complaint's allegations are poorly organized and difficult to follow. Liberally construed, the complaint alleges plaintiff suffered a "job related stroke" in November 2017. *Id.* at 23. He promptly notified Velocity's director of human resources, defendant Shana Coleman, about his medical condition, but Velocity allegedly waited until January 2018 to inform him that he was entitled take leave under the Family Medical Leave

4

1  Act ("FMLA"). *Id*. at 23.  Plaintiff subsequently took FMLA leave, but he claims that on March
2  13, 2018, while still on leave, his employment was terminated without reason. *Id*. at 22.

3        After his termination, plaintiff allegedly filed an application for unemployment benefits
4  with the Arizona Department of Economic Security ("DES"). *Id*.  He claims his application was
5  initially denied[4] because defendants submitted to DES confidential medical records and
6  fraudulent documents indicating plaintiff was unable to work due to his medical condition. *Id*. at
7  22-23, 40-42.  Plaintiff further alleges that at some point during his employment, he filed a
8  complaint of racial discrimination with defendant Coleman. *Id*. at 24.  Based on these allegations,
9  the complaint purports to allege claims under the Family and Medical Leave Act ("FMLA"); Title
10 VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; the Equal Pay Act, 29 U.S.C.
11 § 206(d)(1); the Privacy Act, 5 U.S.C. § 552a; and for intentional infliction of emotion distress.

12        Liberally construed, plaintiff potentially alleges a cognizable FMLA interference claim
13 against defendant Velocity based on the termination of his employment.  "The FMLA creates two
14 interrelated substantive rights: first, the employee has a right to use a certain amount of leave for
15 protected reasons, and second, the employee has a right to return to his or her job or an equivalent
16 job after using protected leave." *Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1122 (9th Cir.
17 2001) (citing 29 U.S.C. §§ 2612(a), 2614(a)).  Congress has made it unlawful for an employer to
18 interfere with, restrain, or deny an employee's exercise or attempt to exercise those rights.  29
19 U.S.C. § 2615(a)(1).  This includes a prohibition on discriminating or retaliating against an
20 employee for having exercised or attempted to exercise FMLA rights.  29 C.F.R. § 825.220(c).

21        To state an FMLA interference claim, a plaintiff must allege that: "(1) he was eligible for
22 the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave
23 under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer
24 denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772,
25 778 (9th Cir. 2011).  Plaintiff alleges that he suffered a serious health condition and that Velocity

---

[4] Documents appended to the complaint reflect that the initial decision was reversed by an administrative law judge, who determined plaintiff was entitled to unemployment benefits. ECF No. 1 at 40-42.

granted his request for leave under the FMLA. He further claims that while he was on FMLA-protected leave, his employment was terminated without reason. These allegations are sufficient to state a cognizable FMLA claim against Velocity.

However, plaintiff fails to state an FMLA claim against the individual defendants based on plaintiff's termination. He does not allege that any of the individual defendants were involved in the decision to terminate his employment. *See* 29 U.S.C. § 2611(4)(A)(ii)(I) (creating a private right of action against an "employer," which includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.").

Plaintiff also appears to allege that defendants interfered with his rights under the FMLA by failing to promptly notify him that he was entitled to FMLA leave. Under the FMLA, an employee is not required to expressly state that he seeks leave covered by the FMLA. 29 U.S.C. § 825.302(c). Instead, the employee need only notify the employer that leave is sought for a qualifying reason. 29 U.S.C. § 825.302(c); *Price v. City of Fort Way*, 117 F.3d 1022, 1026 ("The FMLA does not require that an employee give notice of a desire to invoke the FMLA."). *Price*, 117 F.3d at 1026 ("The FMLA does not require that an employee give notice of a desire to invoke the FMLA. Rather, it requires that the employee give notice of *need* for FMLA leave.) (emphasis in original); *Bachelder*, 259 F.3d at 1131 ("In short, the employer is responsible, having been notified of the reason for an employee's absence, for being aware that the absence may qualify for FMLA protection.").

Plaintiff alleges that he informed defendant Coleman in November 2017 that he had suffered a stroke, but that he was not informed he was entitled to FMLA leave until January 2018. *Id.* at 23. And while the complaint indicates that plaintiff eventually took FMLA leave, it does not specify when plaintiff requested leave from his employment. Significantly, plaintiff does not provide any allegations regarding the severity of his stroke or indicate that his medical condition necessitated him to take a leave from work prior to January 2019. Nor does plaintiff allege that he requested leave any time prior to January 2019, which is when he learned he could take FMLA leave. Accordingly, plaintiff fails to state an interference claim based on defendants' alleged failure to timely notifying him of his entitlement to FMLA leave.

1        Plaintiff also appears to claim that defendants interfered with his FMLA rights by
2   disclosing confidential medical information to other Velocity employees.  In that regard, plaintiff
3   claims that defendant Coleman discussed his medical condition with defendants Chris Heller,
4   Velocity's legal counsel.  ECF No. 1 at 23.  He further claims that during a meeting, defendant
5   Michael Baldwin, a senior manager, disclosed to 20 to 30 employees that plaintiff had suffered a
6   stroke.  *Id*. at 24.  He also alleges that in May 2018, defendant Coleman provided his
7   "confidential FMLA" documents to DES in relation to his application for unemployment benefits.
8   *Id*. at 22.

9        "Records and documents relating to certifications, recertifications or medical histories of
10  employees or employees' family members, created for purposes of FMLA, shall be maintained as
11  confidential medical records in separate files/records from the usual personnel files."  29 C.F.R.
12  § 825.500(g).  "It is not settled whether this provision gives rise to a private right of action for
13  disclosure."  *Walker v. Gambrell*, 647 F. Supp. 2d 529, 539 n. 5 (D. Md. 2009).  But even
14  assuming there is a private right of action for failing to comply with 29 C.F.R. § 825.500(g),
15  plaintiff has not adequately alleged a claim based on a violation of that regulation.  Although
16  plaintiff alleges Coleman and Baldwin disclosed to others that plaintiff suffered a stroke, he does
17  not allege that any records or documents "created for purposes of FMLA" were revealed to other
18  employees.  *See* 29 C.F.R. § 825.500(g).  Indeed, plaintiff does not allege that he notified
19  defendants that he suffered a stroke for purpose of obtaining leave from work.

20       More significantly, plaintiff does not allege that the disclosure of his medical condition
21  interfered with, or deterred him from, exercising his rights under the FMLA.  *See* 29 U.S.C.
22  § 2615(a)(1) (making it "unlawful for any employer to interfere with, restrain, or deny the
23  exercise of or the attempt to exercise" any right under the FMLA).  Nor does he allege any
24  prejudice as a result of the disclosure.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81,
25  89 (2002) (an employee must establish "that the employer violated § 2615 by interfering with,
26  restraining, or denying his or her exercise of FMLA rights.  Even then, § 2617 provides no relief
27  unless the employee has been prejudiced by the violation:  The employer is liable only for
28  compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained

'as a direct result of the violation,' and for 'appropriate' equitable relief, including employment, reinstatement, and promotion.") (citations omitted). Accordingly, plaintiff's interference claim predicated on the disclosure of confidential information must be dismissed.

Plaintiff also purports to asserts disparate treatment and retaliation claims under Title VII. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color religion, sex, or national origin." 42 U.S.C. § 2000e-2. To state a claim of discrimination under Title VII, plaintiff must allege "that (1) he belongs to some protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000). To establish a prima facie case for retaliation in violation of Title VII, plaintiff must allege that "(1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two." Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir. 1988); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).

Plaintiff alleges that he is African American. ECF No. 1 at 18. He also claims that some of the individual defendants made racist remarks to other employees, and that he submitted a complaint to human resources about racial discrimination he had endured while employed by Velocity. *Id*. at 24. Curiously, plaintiff also alleges that defendants discriminated against him "by treating them [sic] differently from their [sic] male coworkers." *Id*. at 33. But the complaint is devoid of any allegations suggesting that plaintiff's race or gender influenced the decision to terminate his employment. Nor does it allege plaintiff was subjected to any other adverse employment action on account of his race or gender. Instead, plaintiff's allegations indicate his employment was terminated due to taking FMLA leave. Accordingly, he fails to state a claim for violation of Title VII.

Plaintiff's claim for violation of the Equal Pay Act, 29 U.S.C. §§ 206, *et seq.*, also fails since the complaint does not allege that employees of the opposite sex were paid different wages than plaintiff for performing the same work. *Stanley v. Univ. of S. California*, 178 F.3d 1069,

8

1073-74 (9th Cir. 1999) (to state a prima facie case of discrimination under the Equal Pay Act, plaintiff must allege "that employees of the opposite sex were paid different wages for equal work."). In fact, the complaint contains no allegations regarding plaintiff's salary or compensation.

Plaintiff also purports to allege a claim under the Privacy Act of 1974. That act prohibits a "federal agency's disclosure of information pertaining to an individual unless the individual has made a request or has given consent to disclosure in writing, or unless disclosure is provided for under the exceptions to the Privacy Act." *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1372-73 (9th Cir. 1981). "[T]he private right of civil action created by the Privacy Act . . . is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (citations omitted). Because plaintiff does not bring this action against a federal agency, his Privacy Act claim fails as a matter of law.

Lastly, plaintiff alleges a state law claim for intentional infliction of emotion distress. "In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). "Conduct is deemed outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Saridakis v. United Airlines*, 166 F.3d 1272, 1278 (9th Cir. 1999).

Although plaintiff does not identify the specific factual allegations intended to support this claim, nothing in the complaint indicates that any of the defendants' conduct was outrageous or in reckless disregard for the probability of causing emotion distress. Instead, the crux of the complaint is that plaintiff's employment was wrongfully terminated while he was on FMLA leave. But terminating plaintiff's employment, without more, is insufficient to support an

9

intentional infliction of emotion distress claim. *See Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988) (termination from employment, by itself, does not constitute extreme and outrageous conduct).

Accordingly, plaintiff may either proceed only on the potentially cognizable claim against Velocity for violation of the FMLA based on the termination of plaintiff's employment, or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

Should plaintiff choose to amend his complaint, he is informed that any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to

/////

comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2.  Plaintiff's motion for costs (ECF No. 6) is denied.

3.  Plaintiff's motion for Rule 11 sanctions (ECF No. 16) is denied.

4.  Plaintiff's complaint alleges, for screening purposes, a potentially cognizable FMLA against Velocity based on the termination of plaintiff's employment.

5.  All other claims are dismissed with leave to amend within 30 days from the date of service of this order.  Plaintiff is not obligated to amend his complaint.

6.  Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

Further, it is RECOMMENDED that defendant Velocity's motion to dismiss for insufficient process (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 31, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES,<br><br>            Plaintiff,<br><br>      v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS LLC; STEVE KLOEBLEN; SUSAN HALTOPP; MICHAEL BALDWIN; SHANA COLEMAN; VICKIE LEROUX; J.C. ODOM; CHAD CARLSON; and CHRIS HELLER,<br><br>            Defendants. | No.  2:19-cv-2374-KJM-EFB PS<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1)  _____   proceed only with the (a) FMLA interference claim predicated on the termination of his employment against defendant Velocity.

         OR

    (2)  _____   delay serving any defendant and files a second amended complaint.

_____
                                    Plaintiff

Dated:

12