ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRISON JONES<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>　　　　　Defendants. | Case No. 2:19-cv-02374-KJM-EFB<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>Complaint Filed: November 25, 2019<br>Trial Date:　　　　None Set<br>Magistrate Judge: Hon. Edmund F. Brennan<br>District Judge:　　Hon. Kimberly J. Mueller |

**I.　INTRODUCTION**

The Magistrate Judge's Order and Findings and Recommendations ("Order & FAR") (Dkt. 29) efficiently synthesizes allegations in Plaintiff's complaint "that are poorly organized and difficult to follow." Dkt. 29 at 4. The Order & FAR correctly dismisses most of Plaintiff's claims. However, the Order & FAR does not go quite far enough. The District Court should dismiss the Complaint (Dkt. 1) in its entirety. Plaintiff does not allege a cognizable interference claim under the Family Medical Leave Act ("FMLA") because he fails to allege facts sufficient to show coverage under the Act's protections. Additionally, Plaintiff acknowledges that he previously filed

and settled a lawsuit against defendant Velocity Technology Solutions ("Velocity") for the claims he asserts in this case. Accordingly, Velocity respectfully asks the Court to amend the Order & FAR to dismiss Plaintiff's only surviving claim, for FMLA interference, and accept all other orders and recommendations.

## II. **FMLA INTERFERENCE**

### A. **Legal Standard**

The Order & FAR correctly summarizes the Ninth Circuit's pleading standard for FMLA interference claims: "To state an FMLA interference claim, a plaintiff must allege that: '(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled.' *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011)." Dkt. 29 at 5. Unfortunately, the Order & FAR does not take into account allegations in the Complaint pertaining to whether Plaintiff "was eligible for the FMLA's protections" or whether "he was entitled to leave under the FMLA." *Id*.

The FMLA provides that an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period… because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An eligible employee is one who has worked for a covered employer for at least twelve months, who has worked at least 1,250 hours during the previous twelve months, and who has been employed at a worksite where there are at least fifty or more employees within a seventy-five mile radius. 29 U.S.C. § 2611(2)(A); 29 U.S.C. § 2612(2)(B)(ii). An employee must satisfy each of these criteria independently to be eligible for FMLA leave. 29 C.F.R. § 825.110. As explained more fully below, the court should dismiss Plaintiff's interference claim because the Complaint fails to allege that (1) Plaintiff was employed by Velocity for twelve months and (2) that he worked at a worksite with at least fifty or more employees within a seventy-five mile radius.

////

////

////

**B.     Analysis**

According to the Complaint, Velocity employed Plaintiff from February 2017 to March 2018.[1] Dkt. 1 at 22, ¶ 21. Plaintiff alleges that Velocity terminated his employment while on FMLA leave relating to a stroke he suffered on November 17, 2017. *Id*. Plaintiff further alleges that Velocity notified him of his rights regarding FMLA leave in January 2018. *Id.* at ¶ 23. As the Court correctly noted, Plaintiff fails to allege exactly when he first requested leave, or when his leave actually began. *See,* Dkt. 1 generally; Dkt. 29 at 6. The Complaint also does not provide any statement regarding whether Plaintiff performed work between the date of his stroke and notice of FMLA rights. *Id*.

However, Plaintiff included as an exhibit to the Complaint a copy of the Notice of Eligibility and Rights & Responsibilities under the Family and Medical Leave Act (Form WH-381) provided to him by Velocity. Dkt. 1 at 44. According to the information in that Notice, Plaintiff first informed Velocity of his request for FMLA leave on or about February 8, 2018, and requested leave dating back to November 18, 2017 – the day after his stroke. *Id*. Although Velocity erroneously granted Plaintiff leave,[2] this information establishes that Plaintiff did not qualify for FMLA leave as of the first date of requested leave – November 18, 2017 – because that was only about nine months after his employment with Velocity began. *See,* Dkt. 1*,* generally. Because the Complaint and this exhibit demonstrate Plaintiff had not been employed by Velocity for twelve months when he requested FMLA leave on November 18, 2017, the Order & FAR should have dismissed the FMLA interference claim.

Additionally, the Complaint fails to allege that Velocity employed Plaintiff at a worksite with at least fifty employees within a seventy-five mile radius. To the contrary, Plaintiff alleges facts that rebut any such finding. First, Plaintiff alleges that Velocity maintains two physical office locations – in Minneapolis, Minnesota and Charlotte, North Carolina. Dkt. 1 at 19, ¶ 6. Second,

---

[1] Plaintiff's employment with Velocity actually ended August 16, 2018, not in March of 2018, but Velocity recognizes that at this stage of the case, the Court must presume all well-pleaded allegations in the Complaint are true. The actual date Plaintiff's employment ended is not relevant to Velocity's objections to the Order & FAR.

[2] Velocity's error should play no role in the ultimate resolution of this dispute because as a matter of law, Plaintiff was not entitled to the protections of the FMLA.

Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country.  *Id*. at ¶ 8.  Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations.  And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites."  Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

Plaintiff's allegations in the Complaint establish that he cannot satisfy the first or third requirements for an FMLA interference claim: (1) Plaintiff was not eligible to receive the FMLA's protections and (3) he was not entitled to take FMLA leave.  Therefore, Plaintiff does not state a claim for FMLA interference, and that claim should be dismissed.

### III.     PRIOR SETTLEMENT AGREEMENT

Plaintiff's FMLA interference claim should also be dismissed on the independent grounds that Plaintiff alleges he previously settled the claims asserted in the Complaint.  Plaintiff incorporates by reference the preceding (and subsequent) paragraphs of the Complaint in Paragraph 37, which would include the FMLA interference claim. Dkt. 1 at 23.  He then alleges that he previously filed a federal lawsuit based on these incorporated allegations in the United States District Court for the Northern District of Illinois against Velocity and "14 Velocity Technology Solutions employees that are also named in this case before the court."  *Id*. at ¶ 38.  Plaintiff then alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this matter. Dkt. 1 at 24.  By his own allegations, Plaintiff admits that the issues addressed in his Complaint have already been resolved.

////

////

////

////

////

## IV. CONCLUSION

The Court should amend the Order & FAR to dismiss Plaintiff's only surviving claim, for FMLA interference, and accept all other orders and recommendations. The FMLA interference claim cannot survive as currently pleaded, and the allegations introduced by Plaintiff in the Complaint foreclose the possibility of any corrective amendment. Additionally, as alleged, Plaintiff acknowledges that he previously filed a lawsuit and settled his claims against Velocity and the individually named defendants, and is therefore not entitled to additional relief.

DATED: August 14, 2020

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

43863076.1