



Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

# U.S. DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

**Plaintiff,**

v.

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**
        **Defendants.**
**Steve Kloeblen**
**Shauna Coleman**
**Michael Baldwin**
**Susan Holtapp**
**JC Odom**
**Vickie Leroux**

**Case No.: 2:19-cv-02374 KJM-EFB**

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

**JURY TRIAL DEMANDED**

Judge: The Honorable Bragi Frigg

Date Action filed: Nov 25, 2019

Date set for trial: NONE

## I. INTRODUCTION

1. Defendant counsel has to know that no individual or corporation has this many lies or discrepancies evidence.  In addition, counsel has to be aware that they are dealing with a firm rooted in Enterprise Corruption.  Enterprise Corruption is when you are knowingly involved in an organization that you know to be criminal in its design, scheme purpose, and foundation.  Additionally more than being aware, you must participate in the organizations criminal conduct.  It appears that

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

defendant counsel has regressed and degenerated to the point where fabrication of evidence is the only course of conduct moving forward, going even further back and now he is wearing a Department of Labor and Human Resources Professional role, making false assumptions on the rights of an individual who was granted FMLA leave by Velocity and making a frivolous case that the protection /confidentiality of FMLA does not apply to him.

You simply cannot believe in n the story they are relaying to their attorney,  There has to be some level of truth, if this is not the case, counsel is knowingly fabricating The has again received yet again a replay that is based and full of lies. There is nothing in the objections from the defendants and their counsel that holds an ounce of truth.  We have been on this same ride repeatedly.  Each time it has been proven that they are lies.  If the court of any other judicial branch does not "correct" a party as to unwanted and negative behavior they gain a false sense of what they believe is power or influence and will continue that behavior until it is out of control.  In this court, this is the second time; counsel has submitted such a filing that demonstrates again **fraud upon the court**.  They will not stop until sanctions or a considerable level of standards.  It is like a burglar making multiple attempts to break into your home.  If his window is closed and this door is locked, they will instead of braking the window, will this time go after the locksmith that made the keys.  This is the deviant level that they have reached.  It is simply acts of

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

desperation, a feverish commitment to telling as many lies they can to stop the

proceedings.  I totally agree with counsel, the court did not go far enough when the

court decided that sanctions were not warranted.  However, they are appropriate

because if no correction is not done, they will come back time and time again

wasting the courts resources with frivolous claims and accusations, that bear no

fruit.

Counsel is correct for the very first time and for once has told the truth.

As I review, at times it may be difficult to follow the plaintiffs' documents, for

which I apologize to the court.  Plaintiffs has a viable excuse for such errors.

However, counsel also has to reveal the reason or is his excuse for continuing to lie

to the court and his inability to submit or provide supporting documentation.  The

plaintiff even though he does not have to has submitted voluntarily exhibits to

contain a mountain of undisputed truth, while defense counsel has only submitted a

mountain of lies, half-truths and no evidence what so ever.  In addition using the

plaintiffs' filings as a road map of what evidence that now needs to be altered,

changed, deleted, or shredded to hide the truth.

However, I have suffered three (strokes) in the past three years, I suffer from

multiple cognizant impairments and to be honest, I struggle every day with some

things and lucky to be alive.  However l despite these issues,

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

I consider myself lucky but **not STUPID**, I can still read, and I can **still isolate and identify a lie and spot a liar when I see one**, despite these disabilities.

I can still demonstrate truth and facts.  They may not be presented in a perfect manner, but never the less, it is the **TRUTH**.  It is not twisted, half-truths or without supporting documents, evidence and exhibits to support them.

What counsel and the defendants have not done is produce, submitted or offered a piece of evidence, exhibit, or testimony in support of any claims or allegations that can or would counter any of the plaintiffs' claims or allegations.  This has been the case for over 3 years now.  Instead, their strategy is to "poke holes" and misdirection that still allows them to fall on their faces, abandon it when confronted with the truth or an exhibit that proves, they are their clients are lying.  The court again needs to prepare itself for round two (2) of the defendants and their counsel, where yet again they are making false statements and outright lies to the court in their responses.  This time they are "compounding" and adding on different elements in a tactic they have done repeatedly before against the plaintiff.  These lies are directly related to the fact that they were unsuccessful in getting the complaint dismissed, so now the sense the real possibility that they are losing the case and makes outrageous new claims related to the plaintiffs eligibility for FMLA, that he does not deserve any protection provided by FMLA, now disputing the actual date the plaintiff was terminated.

The plaintiff will not dignify counsel and respond to some of the more petty statements.  To put all of this in a nutshell It is a proven fact that **Velocity APPROVED PLAINITIFF FMLA on February 20, 2018** and then in an executive meeting held and attended by  C-Suite executives, Senior Vice Presidents and Senior Directors, the decision was made to terminate his employment.  This message was clear to all who attended this meeting, that was also attended by HR Director Shauna Coleman and General Counsel Chris Heller and as instructed, it was done.  The other relevant fact is that they also agreed to cover-up this fact.  Never in their wildest dreams did they think he would ever find out and that he would receive internal communication that he was not intended to receive, that would allow them the benefit of denial.  Their failure to purchase an email platform is the reason the plaintiff received the message

The defense counsel has to take in consideration, the chain of events and that their client and each defendant or individual they speak to in connection with any of these matters before the court are serial habitual pathological liars.  Counsel cannot be so naïve to not see these facts and they are not the first nor the last attorney from their firm who has openly lied to and   assigned to a case where they know without any reservations, that their clients **are liars** and that it will be extremely difficult to defend.  Yet as mentioned before, current counsel are the eighth and

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

ninth (eighth and 9th) attorneys who have been assigned to this client.  It appears the firm does not care, for at the end of the day, they only see the review they have gained.  The record clearly reflects that despite their denial, the plaintiff has been the prevailing party in each litigation and that in all cases; their client has been the defendant and losing party.

Sense they are losing the grip on this case and, just as predicted, in the event that they lose the case, he brings up a void, illegal agreement (trump card) as a last defense /resort.  This void illegal agreement is more of a **"manifesto"** by the defendants.  What it contains is an identification of all the federal, state, local civil and criminal violations that they have willfully intentionally committed.

While they claim, "they admit to any wrongdoing" it's a glaring fact they are attempting to somehow "cleanse" themselves or using the **manifesto as a tool of "confession"**"". It contains more than 17 federal criminal violations, fraud, invasion of privacy, unjust enrichment to name a few.  However, it is a gross misrepresentation of the true violations that they are attempting to disguise.  For example **"training"**.  This indemnification attempt is directly associated with the theft of Intellectual property and trade secrets from Infor in which they used as a stole for the main purpose of profit and **"unjust enrichment**.

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

The notation for invasion of privacy is also connected to the illegally recorded videos and stolen intellectual property, where they invaded the privacy of over 160 registered class participants all who had no knowledge that for six (6) consecutive weeks they were secretly being recorded by Velocity employees Chad Carlson and Eric Lubinsky.

In addition they carefully drafted this illegal agreement as not to touch on admitting that the stole I Intellectual Property and Misappropriation of trade secrets because they know the federal penalty for these crimes is 15 years in federal prison and a fine of **$10,000,000 ten million dollars or 3x the value of the organization they stole the intellectual property and trade secrets from.**

The market value of Infor who is owned by Koch Industries.  Infor was sold for $13 Billion Dollars to Koch Industries in April 2020.  However, the evidence proves and says otherwise.  They have never denied it because the evidence that they committed this federal offense is undisputable.  What is also clear is that once the plaintiff blew the whistle on this illegal scheme, they lost millions of dollars and blamed the plaintiff as the sole person for exposing their criminal activities.

**EXHIBIT 11**

Certification plan email defendant Michael Baldwin dated September

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

- 7 -

**EXHIBIT 100 photo** that originally existed on the Velocity Share Drive, of the now deleted stolen intellectual property that they counted on for unjust enrichment and profits.  Again it was DELETED when they were caught.

 Now they want to" prep the court" by repeatedly bringing  up its existence,  so that in the event a ruling that is in  favor of the plaintiff he will be prevented from any monetary  damages.  The fact of the matter is that the plaintiff has already received monetary awards/benefits that were charged to and paid by Velocity as a result of being the prevailing party in four (4) separate appeal hearings conducted by the Arizona Court of Appeals.  Each hearing was conducted /related to four (4) false claims and "employer protest filed by the defendants Velocity Technology solutions.  Counsel should be well aware of these proceedings because they represented Velocity and each failed to appear at a single hearing, intentionally but monitored them closely but " hid behind a rock" the whole time.  This is similar to why they have done in the case before the court..

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

1  Instead of counsel billing their customer for legal fees unearned, maybe counsel

2  can provide an explanation on how a FMLA confidential document   from HR

3
4  Director, Shauna Coleman wound up in the possession of AZDES and filed under

5  exhibit # 5 **EXHIBIT 9**  in support of the second false claim filed by Velocity as

6
7  an employer protest, where they now claim that the plaintiff is not only still

8  employed by also that he is physically unable to work.

9  Exhibit 9 is FMLA document sent to AZDES by Velocity as supporting evidence

10
11  that plaintiff was on FMLA. For dense counsel to totally disregard this document

12  and attack eligibility is not only puzzling but also shows confusion and desperation

13
14  to find something they can prevent or misdirect the court.

15  The department of Labor to preserver= the availability of rights creates two types

16  of claims, interference and retaliation, it is clear defendants committed both such

17
18  violations and did so multiple times and also used FMLA as an offensive and

19  defensive tool and as a roadblock and obstacle of interference where it where used

20
21  at any time to be intended as an obstacle put in the path of the plaintiff.  It is clear

22  of the intended use, when it was presented to government agencies in their efforts

23  to deceive those agencies and not used for its intended use by federal authorities..

24
25  To  support a claim of interference an employee need only demonstrate a

26  preponderance of the evidence that he was entitled to the benefit ( in this case

27  FMLA and unemployment benefits after he was terminated) and the  employer did

28

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

1   in fact interfere to a benefit he was entitled to but denied specifically because f the

2   interference of the employer (Velocity)  The plaintiff has more than demonstrated

3

4   that Velocity was the only one  who was vested to interfere  and deny his rights of

5   these benefits. *Colburn , 429  F3d  (citing Smith v Diffee Ford-Lincoln Mercury*

6
7   *Inc.  298 F.3d 955 960-61 ( 10th circuit.2002) King v Preferred Technical Group*

8   *166 3d.  887, 891 (7th Circuit 1999)* The defendants knowingly, willfully and

9   intentionally interfered in the  .

10

11  **FMLA Interference #3**

12  **EXHIBIT # 76 Email** from AZDES Client Advocate on submission of illegal

13  agreement and other documents to Arizona Court of Appeals

14

15

16  Perhaps he can explain how a non-health care provider (AZDES used this

17
18  document to make the adverse negative determination that the plaintiff was on

19  FMLA and unable to work.  This document matches email from Velocity HR

20  Director, Shauna Coleman

21

22  **EXHIBIT 3a**

23  General Adjudication negative adverse action based on FMLA document sent by

24
25  Velocity claiming unable to work.

26   Perhaps counsel can also explain how emails from Velocity have the same date of

27  May 15, 2018 to match this document and perhaps counsel can explain how and

28
**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

who impersonated the claimant in a phone call to AZDES claiming he was still

under the care of his physician until May 15, 2018, when in fact he was cleared by

his physician to go back to work on 3/22/2018.  Perhaps counsel can explain how

after learning he was terminated on March 15, that he had begun to receive offers

from other organizations in April 2018 based on his termination.

### **EXHIBIT 3b**

The plaintiff hereby informs the court that it was he was the one who introduced

and submitted the illegal agreement to AZDES, to AZDES Client Advocates and to

the Arizona Court of Appeals where it was reviewed by multiple Client Advocates

and by each Administrative judge of the Arizona Court of Appeals in anticipation

of the defendants crawling from under a rock at the last minute presenting it to the

court.  If they had stopped hiding maybe, they would have shown up at the

hearings.

Each of them acknowledged that they were aware of its existence, it had been

reviewed along with other exhibits submitted by the plaintiff, and all made the

same determination after reviewing the document.  They basically stated that the

agreement would not have any effect on the outcome of the appeal.  The alleged

agreement was "unenforceable" in the state of Arizona.  The agreement has

nothing to do with the matters before AZDES and the Arizona Court of Appeals.

The agreement cannot prevent or be used to reverse the courts ruling and will have

1  no bearing whatsoever on any monetary award due to the plaintiff in the event that

2  a ruling is handed down in his favor.

3

4  **EXHIBIT 76**

5  Exhibit 77 is an email from the Client Advocate unit for AZDES confirming the

6
7  receipt of all exhibits, including the agreement stating that all had been received

8  and submitted to the Arizona Court of Appeals prior to the hearings.  They also

9  relayed that all exhibits from all parties will be reviewed prior to the hearing.

10

11

12   and to the Client Adducing  a "dead issue" in regards to the complaint filed in the

13
14  US District Court of Northern Illinois, again claiming that the claims existed in

15  that case when the claims do not exist nor does the phrase "FMLA" exist in any of

16  the 49 pages of the complaint.

17

18  **FMLA Interference # 4**

19  Perhaps defense counsel while he is contemplating his response to the

20
21  aforementioned interferences, he can also attempt to explain to the court

22  First, let us identify the rules for disclosure.  An employer can only discuss and

23  reveal restrictions and accommodations with other employees, supervisors and

24
25  managers that need to be undertaken when an employee previously on FMLA

26  leave when he or she returns to work.  Under no circumstance is the employer to

27

28

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

discuss or reveal the specific medical conditions of the employee with anyone within the organization.

Perhaps counsel can explain how Susan Holtapp and individual that the plaintiff did not speak with at any time or provide her with any information regarding his medical condition, perhaps he can explain the unauthorized exposure to her and others within the organization and how all of these individuals knew specifically that the plaintiff suffered a stroke, if it did not come from his Manager, Michael Baldwin or from the HR Director, Shauna Coleman who were the only individuals who knew the specific medical condition and that per FMLA guide lines were only able to say that the " employee was on medical leave and not reveal the specific reason for such leave.

**EXHIBIT 78 Text Message Susan Holtapp Nov 17, 2017**

iMessage
Nov 27, 2017, 10:18 AM

**Garrison. I am so sorry hear about the stoke and your hospitalization. I am glad you daughter is there to support you. Sending speedy recovery!  Susan**

Perhaps counsel can explain how on November 27, 2018  ten ( 10 days) after he suffered the stork and still hospitalized,  **how Susan gained knowledge of his hospitalization and medical condition** and sent a text message revealing the protected confidential medical condition/reason of  the plaintiff was on medical leave.  To close the loop on this Velocity received and acknowledge that he suffered s serious medical condition on November 20, 2017 and as such had no authorization to discuss or reveal plaintiffs medical condition to anyone.

This is a major violation of FMLA Confidential Provisions but as the court can see, they do not care how the rights of the plaintiff are violated.  They have a false sense of security that they will never be confronted or suffer any consequences for any of their actions

### Settlement Agreement/ Manifesto

 The court needs to be aware that it was the defendants and defendant counsel who has opened the door on the illegal agreement, which also opens the door on its intent and content in addition, opens the door that has directly implicated the defendants in the theft of Intellectual Property and Trade Secrets of Infor.  As indicated below, this is a federal crime with serious penalties of federal prison and fines in excess of ten million dollars.  Plaintiff has always anticipated its introduction and it has surface as the final means to escape the financial awards

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

they knew would be awarded as well as they knew based solely on their vindictive nature, at some point in the near future, the plaintiff would find out the massive amount of hate and anger they had against me by exposing their illegal schemes and the violations of federal, state and local laws they had committed.  It spears "the chickens have come back to roost".  Counsel has been cautioned about its use in previous communication, yet as they have done at all times, that cautioned has been ignored.  Plaintiff has already forwarded and alerted federal authorities of the crimes committed by the defendants.  They have feverishly tried to keep these federal crimes committed out of the courtroom and it is now their own counsel that has opened the door for its introduction into this federal proceeding.

 The agreement counsel is referencing was induced by fraud, has nothing to do with the discrimination case filed by the plaintiff has terms so  illegal and contains over 30 acknowledgements of federal, state, civil violations the defendants want to confess to and seek indemnification from, it is  laughable , where they added terms from the plaintiffs' personal confidential medical records, related to a doctor note where the term claims that the plaintiff is **not suffering from stage ending renal failure**.  Terms you would see in a malpractice lawsuit but not in a racial discrimination case or agreement.  What does renal failure have be included in and agreement to indemnify the defendants, if they were not the cause of or contributed to this condition.  The defendant counsel has on multiple occasions It is evident

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

that the defendants counsel is "prepping" the court as they see that they are losing the case in favor of the plaintiff, where the plaintiff has already predicted that once the truth is exposed, they will present the illegal, unconscionable agreement as a means to avoid the penalties associated with a ruling in favor of the plaintiff. The plaintiff

First of all, if defendants and counsel had any intentions of "enforcing this illegal agreement, they would have done so and file litigation with any court to compel compliance. Second, any agreement or contract does not protect any organization from intentional criminal conduct, such agreements and contracts are not binding and unenforceable. Based solely on the evidence, no federal, state or local judicial branch will enforce void or illegal contracts, especially in states where the defendants have openly committed perjury forgery, fraud and criminal violations within that state upon the citizens and used the resources of the judicial system to carry out their vendetta against the plaintiff, which by the way has failed every single time. If defendant counsel wants to continue on this path, I would caution them that manifesto is basically the roadmap for indictments that should have been done long ago. I am sure the federal state authorities will weigh the purpose of the illegal agreement to the crime committed in that jurisdiction and validate that criminal and civil charges defendant are warranted. Especially the state of Arizona who has been alerted/forewarned by the plaintiff of the possibility that the

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

defendants may attempt to file litigation related to said agreement.  I am sure based on the rulings handed down by the Arizona Court of Appeals and the fraudulent acts will be a deterrent.  It makes no logical sense to go back to the state you have committed fraud and then come back to force them to compel the enforcement of an illegal agreement.

It is clear they plan to pull the trigger on this "agreement" to avoid the known damages they and their client intentionally and willfully committed by terminating the plaintiff while he was on FMLA,  , and then immediately went into "**cover-up" mode** because they knew, what they did was unlawful and did so in direct retaliation against the plaintiff for engaging in three (3) separate protected activities.  Those protected activities were:

    a. Refusing to participate in the conspiracy and executed theft of intellectual property from Infor, (their biggest revenue contributor and "business partner) and the misappropriation of trade secrets, which they planned to use and gain millions of dollars of revenue and unjust enrichment from. They targeted the plaintiff to be the "scapegoat in the event that he was questioned and or caught by Infor as to how he obtained knowledge of Infor Cloud suite Procurement that was released less than a year ago and how he was to take the certification exam, without attending a single mandated  certification class.  The defendants knew that Infor had discontinued the practice and ability to "Grandfather" certification by only taking the exam and made it a requirement that all individuals who wanted to achieve certification, it was mandatory that they attend the

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

entire six (6) week Certification classes; there was no exception to this requirement.

   b.  Direct retaliation for plaintiff engaging in a protected activity for filing 15 page complaint with HR on Jan. 15, 2018

   c.  Direct retaliation for engaging in a protected activity for filing a major complaint with the EEOC in February 2018 in connection with sexual harassment by a male homosexual employee, JC Odom who was drunk at a customer site, harassment, racial intimidation, hostile work environment to name a few of the allegations.

## EXHIBIT 79

Exhibit 79 is email from EEOC Investigator on March 16, 2018 same day I received email regarding my termination from Velocity.  Please note statement of protected activity.

 Defendant counsel is adamant in bringing/re-introducing issues that have already been proven lies and that is not supported by a single piece of evidence, exhibits and or testimony.  His continued efforts to deceive the court that the case in the US District Court of Northern Illinois, that he still claims to be identical and that it contained a claim of FMLA is simply ridiculous, when the word or phrase FMLA or terminated does not exist in the entire complaint.  **If the court would simply view the complaint for itself to confirm that no claim exist**, may be just maybe, counsel will cease to re-introduce this false claim.

     Counsel also makes reference that " the court did not go far enough in its findings and recommendations.  I beg to differ.  The findings were applied as fair as I have seen in multiple litigations against the defendants.  It is clear that the courts findings were not in favor of the defendants, who hoped for a quick dismissal that was not warranted and failed.

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

What the defendants and their counsel does not understand, the issue surrounding the termination of the plaintiff while he was on FMLA has already been adjudicated by a court of law, the Arizona Court of Appeals Appeal Number U-1595392001 ON June 22, 2018.  In addition, **the decision has also been upheld** as the defendants attempt to appeal was immediately dismissed with special stipulation from the appeals court; they had no rights to appeal the decision to a higher court.

Next, plaintiff would like to direct the court to **EXHIBIT 1**

Exhibit 1 is the notification to Velocity and acknowledgement from Velocity HR **On November 20, 2017,** they received notification of the stroke suffered by the plaintiff on November 17, 2017.

At this point per Velocity being notified of a serious health condition, that he was hospitalized and the possibility based on the illness, would prevent the plaintiffs from immediately returning to work.

At this point Velocity per Department of Labor FMLA notice requirements, they **had five (5) business days to notify the employee of his rights under FMLA**. Failure to do so and in this case is clearly indicated that they did not, **constitutes to an interference with, restrain, or denial of the employees' FMLA rights.** The employer is **required** to respond to the employee within five (5) days of receiving or becoming aware of the possible need for FMLA Leave, regardless whether the employee is or is not eligible for FMLA, notification is still required. **It is clear that this is a clear FMLA interference violation.**

**Exhibit 1**

Email notification from HR Director November 20, 2017 First notification of FMLA Rights

Counsel's attempt that he is not eligible for protection of FMLA stems is completely incorrectly used.  The fact that there are no velocity employee who works and /or reports to a work site with 50 or more employees within 75 miles. The truth of the matter is 95% percent of all Velocity employees are "remote" employees and even at the two main locations, Minneapolis and North Carolina neither50 or more employees, so in retrospect, if counsel wants to use this as a reason, I would suggest he contact his client and verify and get a roster headcount with designation of whether the employee is not a remote employee.  This simply un-adulterated "jargon" attempting to make the court believe he has done due diligence before he made such and outrageous claim.

It was not until **January 23, 2018** that the plaintiff heard from Velocity as to his rights and or eligibility for FMLA.

**Exhibit 3**

Nonetheless, **Exhibit 3 shows that on February 14, 2018** and email from HR Director Shauna Coleman explains that on February 20, 2018 that the plaintiff was **eligible for FMLA and approved for FMLA** and that it would begin **on February 20, 2018**

**Exhibit 4**

**This is a forgery**   Velocity attempting to cover up their failure to notify employee within 5 business days of FMLA eligibility.  This document contains 2 notification

dates and this is impossible.  February 8, 2018 was the date they received physician certification document they requested plaintiff to fill out and return on January 23, 2018.

## Exhibit 4a

Exhibit 4a is an email from HR Director Shauna Coleman who somewhat explains FMLA but it is clear She is asking the plaintiff to "complete the attached DOL required for and return to me for further processing and review

To add she goes on and identifies the attachment.  1Certification of Health Care Provider for Employee's Serious Health Condition ( (Form QVH-380-E) please complete Section 2 and have your doctor complete Section 3 per the requirements and return the completed form within 15 days (Feb ·*, 2018).  So maybe council is confused or suffering from anxiety and became mixed up as to **what lie to tell**, because plaintiff did not request FMLA on Feb. *, 2018, it was the date he returned the above mention certification form from his doctor that supports the forget and altering of the dates that their client clearly indicated on the form to make it appear to be something else.  The just of it is immaterial as the prevailing issue is the fact that counsel is fabricating evidence and presenting it to be fact with no supporting documentation to back up his statement.  That is basically lying again shows desperation.

Again, Velocity APPROVED his FMLA on February 20, 2018 and terminated him on March 15, 2018.  That is a fact that is undisputable.

January 23, 2018 **more than 66 days** after per DOL FMLA notification requirement of five (5) business days   This was the first time and notification from Velocity in regards to plaintiff rights under FMLA and a clear interference c violation.

**Exhibit 4** is the original FMLA document that coincides with the email from February 14, 2018 however; you can clear see that Velocity is beginning to cover-up for their intentional FMLA violations.  It says

"on **February 8, 2018**, they were notified of "Your **own serious health Condition**" You, informed us that you needed medical leave beginning on **2/20/2018 Original date 11/18/2017.**  It is hard to phantom how notification was done on two (2) separate dates.  Velocity was notified in November 18, 2017.

This is where the counsel is pointing to an apparently he has talked to the defendants and concocted this lie to make it "match up" with his claim.  The fact of the matter is that on February 8, 2018 is when the certification from  my physician was sent over to Velocity, a form that I had just received  less than 10 days before, they requested be filled out by health care provider.  The glaring issue is that this is now 94 days since the serious health condition was received and now they are putting the plaintiff on FMLA.  **This is a clear FMLA Interference #2**

**Exhibit 4 enlargement**

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

Exhibit 4a is enlarged section to show original date of notification

Counsel should be very familiar with this appeal as they were representing the defendants at this time and they also were complicit in the creation of the forged document sent to AZDES that was the main document used to deny unemployment benefits as Velocity at this point began the cover-up to lie to anyone and any agency by claiming that plaintiff was still employed, as the ramifications for terminating him while on FMLA were greater than the benefits he would have received from unemployment.

Counsel should also be familiar with these facts.  Third client filed an employer protest after they were notified that the plaintiff filled for unemployment on February 8, 2018.  Velocity filed an employer protest.

**EXHIBIT 5**

Exhibit 5 is the employer protest forgery document sent by Velocity employee Nelson Bowles on April 23, 2018, who reports to HR Director Shauna Coleman.  This is when the cover-up begins.  Plaintiff filed an appeal to Arizona Court of Appeals.  Counsel should have  intimate knowledge of the fact that an appeal hearing was scheduled for June 22, 2018 that they instructed the clients not to appear and neither id  a single  attorney from Ogltree Deakins

**EXHIBIT 6**

Exhibit 6 is the complete decision (11 pages) from the hearing.  Let us not forget that instead of attending the hearing, they had knowledge of the date/time they instead sent the same forgery yet again, rolling the dice assuming that if they were so stupid to deny benefits the first time, it would work again.  IT **FAILED**.

In addition to the defendants had prior notice of the date/time of the appeal hearing and both intentionally failed to appear at the hearing.  However, counsel

should also remember that the same forgery sent to AZDES was sent to the Arizona Court of Appeals the day of the hearing.  The hope was to deceive the court of appeals as well.  Counsel will also remember that the forgery failed this time and a ruling was made in favor of the plaintiff.  The appeal decision was stipulated that "**the plaintiff was terminated and not for reasons of misconduct**" If counsel had the guts to send forgeries to the court he should have also been there to back it up, however he and his client did not, yet they did receive the courts decision.

## **EXHIBIT 7**

Exhibit 7 is the decision from Arizona Court of Appeals on August 23, 2018 of the appeal from Velocity and their counsel that was immediately dismissed.

Now, not only has the issue in regards to termination already been adjudicated, but also the appeal filed by counsel and the defendants more than 40 days after the deadline of July 23, 2018, was immediately dismissed, as they did not have good cause not to have attended the hearing of June 22, 2018.  Let us take this even further, the court also made a special stipulation and notation on the decision that the defendants had **NO RIGHT TO APPEAL** the court ruling.

Now not only did counsel and defendants lose the appeal, they also were denied any possibility to appeal the case any further to a higher court.

While this was their first crack at interference of the plaintiffs' rights under FMLA, it was not the last for just 8 days after they sent the first forgery to AZDES they sent a copy of confidential FMLA documents to AZDES to " compound the path of receiving unemployment benefits that plaintiff was entitled to.  SO if the forgery failed, there would be another obstacle to overcome this time, they made a false claim that not only was he still employed but also he was physically unable to

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

work and sent the FMLA documents as proof to AZDES who again made a negative adverse decision against the plaintiff.

Now this clearly is FMLA Interference where the defendants used the FMLA document as a means of interference, however, this also counters what their current counsel is now claiming that the plaintiff was not eligible for FMLA protection.

First, I would like counsel to explain how the document created by the HR Director, Shauna Coleman came to be in the possession of AZDES where it clearly states that he is on FMLA until MAY 15, 2018 and how it came to be identified and sent to plaintiff after he filed an appeal to reverse the decision that he was "physically unable to work. How did this document become Exhibit # 9 . for the appeal-hearing if it did not come from the defendants.  Velocity is the only organization that had a "vested" interest in denial of unemployment benefits. How can counsel explain how a confidential document from Velocity HR Director and system was sent to AZDES unsolicited?

Plaintiff as well as the court would be interested in hearing how he is not eligible but at the same time, a document stating he is on FMLA is used for a different purpose.

Counsel entire objections pertaining to the courts findings and recommendations is complete garbage and should be stricken from the record in its entirety.  It contains nothing but false unsupported hearsay, without a shred of evidence to support any of their statements, designed for the sole purpose to delay the inevitable, losing of this case against their client as well.

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

By now, the court can clearly see that **the defendants and their counsel are pathological liars**, that at the drop of a hat they will flood the court with immaterial irrelevant issues and matters that have no bearing what so ever tied to any events surrounding this case.

By now the court has seen that even in the face of insurmo9untable evidence that the very first thing counsel and the defendants do when confronted with the truth is LIE first and then go "silent" or abandon the lie, move onto something else

Counsel can recall this appeal was related to the plaintiff learning that he had been terminated via an email he was copied on from Defendant Susan Holtapp to her immediate Senior Vice President, Chance Veasay.  She was recapping from a previous conversation they had confirming that the plaintiff Garrison Jones was no longer a Velocity employee.

## EXHIBIT # 10

The court should know that the plaintiff was not supposed to see this email as in retaliation for filing a 15 page complaint with HR, Velocity who asked him for supporting documentation on Jan 15, 2018 an upon receiving the supporting documentation on Jan. 16, 2018 and the fact that it was coming from his corporate email account and the fact that it contained damaging evidence against Velocity, they revoked his access to email, claiming he was "working".

Therefore, the email of March 15, 2018 came to be somewhat of a surprised but later it was found that for more than 10 months after his email privileges were revoked and because Velocity was, so cheap and did not purchase a "real email platform", he continued to receive emails from their email system.

**CONCLUSION**

Since we are "beating dead horses" , I want to remind the court that the defendants and their counsel, Ogletree Deakins have lost four (4) consecutive appeal hearings filed as a direct counter claims against their client Velocity, where they made false claims, forged documents and intentionally failed to appear at any of such appeal hearings and **did so intentionally**.  It is a pattern of avoidance they have done for over 3 ½ years.  Yet they continue to file pleadings to the judicial system full of lies.

There is a reason why defendants and defense counsel has not submitting a single piece of evidence, testimony or exhibits, they reached doe a quick ending of this case hoping they would win on a technicality.  All of their pleadings do not in any way fit the evidence offered by the plaintiff.  However, those exhibits show a heinous, cold, calculated, conspiracy to tell lies , hide the truth, deceive the court into thinking they did nothing work.  The evidence shows otherwise.  I move the court to make and put the defendants and their counsel on notice that if the persist in filing false documents and pleadings once proven to be false, they will be harshly and immediately sanctioned for doing so.  This has to stop. The court should strike all pleadings filed by the defendants and their counsel as

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

moot, immaterial, and irrelevant to the proceedings.  It is nothing more than hearsay and rhetoric.  None has any supportive factor that proves anything except the length that has been undertaken to alter documents, misinterpret evidence, and deceive the court a, put so many false statement/pleadings in front of the court , by doing so is obstructing a federal proceeding and should be formally charged.  They are intentionally interfering in the administration of justice and obstructing the path of the plaintiff in receiving a ruling he is entitled to based on the insurmountable evidence he has presented supported by facts.

The court on its own accord should see that there is no genuine dispute from the defendants that even in a trial setting would not be in their favor.  The preponderance of evidence by the plaintiff has been exceeded and the court has enough evidence and exhibits to support a Summary Judgement by the court that will also be upheld upon appeal.

Dated: August 17, 2020                      GARRISON JONES

GARRISON JONES
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.jones@outlook.com

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

- 28 -

*EXHIBIT 1*

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Monday, November 20, 2017 8:00 AM |
| **To:** | Garrison Jones |
| **Subject:** | Checking In |

Hi Garrison,

Michael reached out to me that your daughter called over the weekend. We hope you are well. Michael I on PTO this week so I wanted to reach out and see how you were and if you were out of the office or working.

Please give me a call if needed.

Thank you

**Shauna Coleman | Director, Human Resources | Velocity Technology Solutions, Inc.**

o  704.357.7721 | m  845.282.6955 | f  703.935.1269 | velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

*Notification Knowledge*
*Serious heath Condition*

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
To: garrison jones <garrison.jones1724@outlook.com>, Garrison Jones
<garrison.jones@outlook.com>
Date: Wednesday, February 14, 2018, 10:59 AM -0700
Subject: Re: FMLA - Garrison Jones

Hello Garrison,

As you know, you have been on a medical leave of absence since November 18, 2017. During this time, you have applied for and received short term disability benefits. Your current medical leave of absence expired with the ending of your short term disability benefits on January 27, 2018, which is why we sent you the FMLA paperwork on January 23, 2018. You returned that paperwork to us on February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form). We have evaluated your certification form and determined that you do not currently meet the eligibility requirements for FMLA, which require that you have been employed for 12 months.

That said, since your short-term disability and medical leave of absence ended on January 27, 2018 and in close proximity to your one year employment anniversary, Velocity, although it is not required to do so, will extend your unpaid medical leave to your one-year anniversary, February 20, 2018. On that day, you become eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018. You will be required to provide a re-certification of your medical status from your healthcare provider prior to May 15, 2018 so that we can evaluate continued eligibility and potential return to work. Attached are the "Notice of Eligibility and Rights & Responsibilities" document.

Best,

Shauna Coleman

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

**Designation Notice
(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division

OMB Control Number: 1235-0003
Expires: 5/31/2018

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To: ___Garrison Jones_____

Date: ___02/14/2018_____

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on ___February 2018_____ and decided:

___✓___ Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

**The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:**

___✓___ Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: ___12 weeks_____

_____ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**
_____ You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

_____ We are requiring you to substitute or use paid leave during your FMLA leave.

___✓___ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ___ is ✓ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

_____ **Additional information is needed to determine if your FMLA leave request can be approved:**

_____ The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
(Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)

_____ We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

_____ Your FMLA Leave request is Not Approved.
_____ The FMLA does not apply to your leave request.
_____ You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009

*Exhibit 3*

On Wed, Feb 14, 2018 at 12:59 PM, Shauna Coleman
<shauna.coleman@velocitycloud.com> wrote:

Hello Garrison,

As you know, you have been on a medical leave of absence since November 18,
2017.  During this time, you have applied for and received short term disability
benefits.  Your current medical leave of absence expired with the ending of your
short term disability benefits on January 27, 2018, which is why we sent you the
FMLA paperwork on January 23, 2018.  You returned that paperwork to us on
February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form).  We have
evaluated your certification form and determined that you do not currently meet
the eligibility requirements for FMLA, which require that you have been employed
for 12 months.

That said, since your short-term disability and medical leave of absence ended on
January 27, 2018 and in close proximity to your one year employment anniversary,
Velocity, although it is not required to do so, will extend your unpaid medical
leave to your one-year anniversary, February 20, 2018.  On that day, you become
eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018.  You will be
required to provide a re-certification of your medical status from your healthcare
provider prior to May 15, 2018 so that we can evaluate continued eligibility and
potential return to work.  Attached are the "Notice of Eligibility and Rights &
Responsibilities" document.

Best,

Shauna Coleman




**Shauna Coleman | Director, Human Resources | Velocity Technology
Solutions, Inc.**

o  704.357.7721 | m  845.282.6955 | f  703.935.1269 | velocitycloud.com

**General Adjudication**

**UB-098**     Claimant SSN:  361 56 1008 0

Issue:  Able

Base Period Separation:  No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

*Exhibit 3A*

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02

*EXHIBIT 4*

# Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division


U.S. Wage and Hour Division

OMB Control Number: 1235-0003
Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

## [Part A – NOTICE OF ELIGIBILITY]

TO:  **Garrison Jones**
_____
Employee

FROM:  **Shauna Coleman**
_____
Employer Representative

DATE:  **February 20, 2018**
_____

*ORIGINAL DATE 11/18/17*

On **February 8, 2018** _____, you informed us that you needed leave beginning on **2/20/2018, Original Dt. 11/18/2017** _____ for:

____ The birth of a child, or placement of a child with you for adoption or foster care;

✔ Your own serious health condition;

____ Because you are needed to care for your ____ spouse; ____ child; ____ parent due to his/her serious health condition.

____ Because of a qualifying exigency arising out of the fact that your ____ spouse; ____ son or daughter; ____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

____ Because you are the ____ spouse; ____ son or daughter; ____ parent; ____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✔ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

    ____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ____ months towards this requirement.

    ____ You have not met the FMLA's hours of service requirement.

    ____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact **Shauna Coleman at shauna.coleman@velocitycloud.com** _____ or view the

FMLA poster located in _____.

## [PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** **previously provided** _____. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

✔ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request ____ is/ ✔ is not enclosed.

____ Sufficient documentation to establish the required relationship between you and your family member.

____ Other information needed (such as documentation for military family leave): _____

_____

_____

____ No additional information requested

     CONTINUED ON NEXT PAGE      Form WH-381 Revised February 2013

*Exhibit 4A*



informed me of my eligibility 5 business days from the date of my illness back in November. My stroke occurred on November 18. Five business days excluding the holiday and the next weekend and even including the last week of November means this notification should have occurred no later than the 28th of November it did not. There is nothing mailed to my home or email. Which is a failure by you and velocity in properly administering this program. You folks have been to busy retaliating against me that you Neglected your job responsibilities.

Get Outlook for iOS

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Tuesday, January 23, 2018 7:53:58 PM
**To:** garrison.jones1724@outlook.com; Garrison Jones
**Subject:** FMLA - Garrison Jones

*1st Notification*

Good Evening Garrison,

We wanted to review your request for FMLA with you.  Per the <u>Notice of Eligibility and Rights & Responsibilities (Form WH-381)</u>. You are not eligible for FMLA leave, because you do have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately <u>8</u> months toward this requirement. In addition, you do not work and/or report to a site with 50 or more employees within 75-miles.

Velocity's FMLA calculation practice for eligible employees aligns with the Federal DOL regulations; which is a maximum of 12 weeks coverage within a 12 month period. Our calculation runs concurrently with short-term disability.

That said, please complete the attached DOL required form and return to me for further processing/review:



1. Certification of Health Care Provider for Employee's Serious Health Condition (Form WH-380-E). Please complete Section 2 and have your doctor complete Section 3. Per the requirements and return the completed form within 15 days (Feb 8, 2018).

Once you return the form we will provide a written designation notification form as per the DOL requirements.

If you have any questions please let us know.

Thank you

**Shauna Coleman** | Director, Human Resources | **Velocity Technology Solutions, Inc.**

-30

25 Dec

3d Jan

1/1/11

EXHIBIT 4 AB

**[Part A - NOTICE OF ELIGIBILITY]**

TO: Garrison Jones

Employee

FROM: Shauna Coleman

Employer Representative

DATE: February 20, 2018

On February 8, 2018 , you informed us that you needed leave beginning on 2/23/2018, Original Dt. 11/18/2017 for:

___ The birth of a child, or placement of a child with you for adoption or foster care;

✓ Your own serious health condition;

___ Because you are needed to care for your ___ spouse; ___ child; ___ parent due to his/her serious health condition.

# FAX COVER SHEET

*Exhibit 5*

| TO | |
| --- | --- |
| COMPANY | |
| FAX NUMBER | 16023641211 |
| FROM | Nelson Bowles |
| DATE | 23/04/2018 17:00:48 EDT |
| RE | G. Jones-request for information |

## COVER MESSAGE

Please see attached with details as requested.

*Exhibit 5*

**Nelson Bowles | Payroll Analyst | Velocity Technology Solutions, Inc.**

o (612) 333-9885 | f (704) 625-9071 | velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

## ARIZONA DEPARTMENT OF ECONOMIC SECURITY
### Unemployment Insurance Program

**NOTICE TO EMPLOYER**
See Explanation on Reverse

Mail Date:     04/19/2018

Social Security No.:     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

Employer No.:     7428011-000

VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
VELOCITY TECHNOLOGY SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE NC  28211

Charge Control Date: 01/01/2017

Benefit Year Beg:     04/08/2018

Potential Charges:     *

GARRISON  JONES                                    has filed a claim for Unemployment Insurance on
04/18/2018.    The Department's Records show your firm was the claimant's  **LAST EMPLOYER**.

If you are the Last Employer, the claimant listed the reason for separation from your employment as  **DISCHARGE**
and stated the last day worked was  **03/15/2018.**

**YOU MUST COMPLETE AND SIGN THE REVERSE SIDE AND RETURN THIS NOTICE NO LATER THAN 10 BUSINESS
DAYS FROM THE MAIL DATE. MAKE A COPY OF BOTH SIDES FOR YOUR RECORDS AND RETURN THE ORIGINAL
TO THE ADDRESS SHOWN BELOW.**



## EMPLOYERS RESPONSE

My records show the last day of work as: _____

My records show the reason for separation was (Please mark only one box). Provide detailed information on the
separation or other eligibility information on the reverse of this notice.

| ☐ Laid-Off | ☐ Voluntary Quit | ☐ Discharged |
|---|---|---|
| ☐ Labor Dispute | ☐ Still Working Part-time | |

If you paid or will pay vacation, holiday, unused sick pay or severance pay on or after the last day of work,
complete the appropriate section on the reverse, sign and return this notice no later than 10 business days
from the mail date.

D. E. S.      L. O.  990
UNEMPLOYMENT INSURANCE PROGRAM
PO BOX 29225 MAIL DROP 5895
PHOENIX AZ 85038-9225

PHONE: (602) 364-2722
PHONE: (520) 791-2722
FAX:   (602) 364-1211
FAX:   (520) 770-3357

**THIS NOTICE MUST BE SIGNED ON THE REVERSE TO BE VALID**

## EXPLANATION OF NOTICE

Your account will be relieved from charges as provided by law when the Department finds that the claimant:

1. Left work voluntarily without good cause in connection with the employment; or
2. Was discharged from employment for willful or negligent misconduct connected with the employment; or
3. Separated from employment for a compelling personal reason not attributable to the employment; or
4. Worked part-time for you during the last quarter of the base period, and you continue to provide employment to the same extent.

**EXCEPTION:** Relief of charges does not apply to employers who have elected to make payments in lieu of contributions. (A.R.S.§ 23-750).

**BENEFIT PAYMENTS/CHARGES:** SUBMIT A DETAILED EXPLANATION OF THIS CLAIMANT'S SEPARATION ON THIS NOTICE WITHIN 10 BUSINESS DAYS FROM THE MAIL DATE. The postmark or telefax transmittal date is the date the notice is returned. This period may be extended if failure to make timely submission is due to delay or other action of the United States Postal Service, or error or misinformation by the Department of Economic Security. If the notice is late for other of these reasons, please give details with your notice.

**IF YOU DO NOT FILE A TIMELY NOTICE:** (1) If you are the last employer, a determination will be made regarding the claimant's eligibility based on available information. Benefits will be paid immediately, if allowed, and no appeal rights will be afforded you. (2) If you are a base-period employer your experience rating account will be charged with its pro-rata share of benefits paid.

**REQUIRED INFORMATION:** IF YOU ARE THE CLAIMANT'S LAST EMPLOYER, ARIZONA ADMINISTRATIVE RULES REQUIRE THAT YOU SUBMIT ANY SEPARATION OR ELIGIBILITY INFORMATION WHICH WOULD HAVE A BEARING ON THE CLAIMANT'S RECEIPT OF BENEFITS. You may also be contacted by telephone for further information. If you are a base-period employer, it will assist the Department in determining the claimant's eligibility if you submit any information you have regarding the claimant's current employment, ability to work, or availability for work. Please notify the Department if you wish to offer the claimant employment.

This notice must be returned even if you have previously received a notice of this claimant's application for Unemployment Insurance and the claimant has not been reemployed by you subsequent to such "notice". If the claimant failed to return to available work at the conclusion of a labor dispute, this action must be returned.

**CHARGE CONTROL DATE:** The date of our last notice to you or the beginning of the claimant's base period, whichever is later.

**POTENTIAL CHARGES:** The amount which may be charged against your experience rating account, or for which reimbursement may be requested, if you make payments in lieu of contributions. These charges are in direct proportion to your percentage of the total wages paid during the claimant's base period, and so subject to change if other wages are added or deleted. If Potential Charges show asterisks, the potential charges cannot be determined.

**PATTERN OF FAILURE:** The requests failure to return the Notice to Employer timely and with adequate information. A pattern shall be established if the employer has five or more failures or failures in more than five percent of the number of requests whichever is greater. (A.R.S. § 23-727).

Equal Opportunity Employer/Program

UB-410 (REVERSE 01/10)

If you paid or will pay vacation, holiday, unused sick pay, or severance pay on or after the last day of work, complete the appropriate boxes.

| | DATE PAID | GROSS AMOUNT | # HOURS | | RATE OF PAY |
|---|---|---|---|---|---|
| VACATION | | $ | | $ | per |
| HOLIDAY | | $ | | $ | per |
| SICK | | $ | | $ | per |
| SEVERANCE | | $ | | $ | per |

**PROVIDE DETAILED SEPARATION OR ELIGIBILITY INFORMATION IN THE SPACE BELOW**

PLEASE ENTER THE EMPLOYEE'S SSN:

* Employee still active with the firm.

**NOTICE MUST BE SIGNED TO BE VALID**

| SIGNATURE: | PHONE NUMBER: 612-333-9885 | FAX: |
|---|---|---|
| PRINT YOUR NAME: Nelson Bowles | TITLE: Payroll Analyst | |
| COMPANY NAME: Veteast | | DATE: 4-23-18 |

*Exhibit #6*



**Arizona Department of Economic Security**

**Office Of Appeals**

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL  60187-4842

VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
DBA VELOCITY TECHNOLOGY
SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE, NC  28211

Arizona Appeal No. U-1595392-001

Date of Mailing:            6/22/2018

Social Security No. 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

Employer Acct. No.         7428011000

---

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT
## EMPLOYER'S ACCOUNT IS CHARGED

---

**The last day to file an appeal is   July 23, 2018  . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM  FOR UNEMPLOYMENT BENEFITS
The Department  of Economic Security provides language assistance  free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department  of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Should the claimant be disqualified from receiving unemployment benefits because of the reasons for separating from employment?

Should employer's account be charged for benefits paid the claimant as a result of this employment?

## DECISION:

The employer's account is subject to charges for benefits paid the claimant.

I set aside the deputy's ruling that the claimant quit this employment without good cause.

The claimant was discharged from this employment, but not for wilful or negligent misconduct. The claimant qualifies for benefits.

## FINDINGS OF FACT:

The claimant was last employed as a consultant by the employer, a client based technology firm, for approximately 13 months prior to being discharged on 3/24/2018.

The claimant had a stroke in November of 2017 and was absent from work. The employer placed the claimant on FMLA in February of 2018 which would expire in May. The claimant was scheduled for an evaluation with his doctor at the end of March to determine whether he would be released to return to work.

On March 15, 2018 the claimant was copied on an email from the Senior Director over Infor practice to the Senior Vice President indicating that the claimant's name was still showing up in the payroll system and that she understood from their last exchange that the claimant was no longer employed, and asking whether she or the claimant's supervisor could release him from the payroll.

The claimant was also contacted by 4 different individuals, including a head hunter firm, who advised him that the employer was advertising his job.

The claimant emailed the employer's general counsel on 3/24/2018 asking about his employment status. The general counsel replied that the claimant was on FMLA. The claimant responded asking why his job was posted? The general counsel did not answer the claimant's reply.

The claimant has sent 124 messages to the employer to which he has not received a reply.

In January the claimant filed a complaint with the employer's human resources department, alleging discrimination.

In February he filed charges with the EEOC. Charges were dismissed in March and the claimant was given a right to sue letter.

The claimant filed a claim for unemployment insurance in April and filed a lawsuit against the employer in May as well as another EEOC complaint.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy which held the claimant left work voluntarily without good cause in connection with the employment. The issue involves the application of Sections 23-775 and 23-727 of the Employment Security Law of Arizona.

Section 23-775 of the Arizona Revised Statutes provides in pertinent part as follows:

An individual shall be disqualified from benefits:

1. For the week in which the individual has left work voluntarily without good cause in connection with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable. ...

2. For the week in which the individual has been discharged for wilful or negligent misconduct connected with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable.

Arizona Revised Statutes, Section 23-727, provide in pertinent part as follows:

C. Except as otherwise provided in subsections D, E, F and G of this section and sections 23-773 and 23-777, benefits paid to an individual shall be charged against the accounts of the individual's base-period employers. The amount of benefits so chargeable against each base-period employer's account shall bear the same ratio to the total benefits paid to an individual as the base-period wages paid to the individual by the employer bear to the total amount of base-period wages paid to the individual by all the individual's base-period employers.

D. Benefits paid to an individual whose separation from work with any employer occurs under conditions found by the commission to be within those prescribed by section 23-775, paragraph 1 or 2 or for compelling personal reasons not attributable to the employer and not warranting disqualification for benefits, shall not be used as a factor in determining the future contribution

Page 3—Arizona Appeal No. U-1595392-001

rate of the employer from whose employment the individual so separated, ...

The Arizona Administrative Code, in Section R6-3-50135, provides in pertinent part as follows:

A. Distinguishing Quits and Discharges

1. Except as otherwise provided in this Chapter, a worker's separation from employment is either a quit or a discharge.

   a. The separation is a quit when the worker acts to end the employment and intends this result.

   b. The separation is a discharge when the employer acts to end the employment and intends this result. A discharge includes:

      i. A layoff for lack of work; and

      ii. A request by the employer for the worker's resignation.

2. The Department shall determine whether a separation is a quit or discharge by considering all relevant factors, including:

   a. Both parties' remarks and actions;

   b. Who initiated the separation; and

   c. The parties' intentions.

3. A party's expression of criticism or effort to clarify the position of the other party does not by itself constitute notice of intent to quit or to discharge.

4. When the worker or the employer gives notice of intent to end an employment relationship, later attempts to withdraw the termination do not change the type of separation, except as otherwise provided in subsection (5).

   a. The type of separation does not change even if:

    i. The party who causes the separation allows the other party to choose the time or type of separation; or

    ii. The parties agree to delay the date of separation.

  b. A separation is a quit when the worker tells the employer the worker is quitting but agrees to work long enough to train a replacement.   The separation remains a quit even if the employer later fails to temporarily keep the worker.

 5. A separation is a quit when an employer who previously gave a worker notice of intent to end the employment relationship, on or before the intended termination date offers continued employment under conditions not amounting to new work, and the worker elects to leave as of the original termination date.

...

C. Leaving In Anticipation of Discharge

If a worker, based on information other than the employer's authorized notification of discharge, believes that the employer intends to discharge the worker, the worker shall take steps, prior to leaving, to find out if the worker is, in fact, to be discharged.  If the worker fails to do so and was not to be discharged, the worker leaves work voluntarily without good cause in connection with the work.

Arizona Administrative  Code, in Section R6-3-51190, provides  in pertinent  part  as follows:

B. Burden of proof and presumption

 1. The burden of proof consists of the requirement to submit evidence of such nature that, taking all other circumstances into account, the facts alleged appear to be true.  When this burden has been met, the evidence becomes proof.



 2. The burden of proof rests upon the individual who makes a statement.



a.  If a statement is denied by another party, and not supported by other evidence, it cannot be presumed to be true.

b.  When a discharge has been established, the burden of proof rests on the employer to show that it was for disqualifying reasons.  This burden may be discharged by an admission by the claimant, or his failure or refusal to deny the charge when faced with it.

c.  An employer who discharges a worker and charges misconduct but refuses or fails to bring forth any evidence to dispute a denial by the claimant does not discharge the burden of proof.  It is important to keep in mind that mere allegations of misconduct are not sufficient to sustain such a charge.

 The evidence shows that the claimant believed that he was to be discharged because he was copied on an email that indicated that he was no longer employed and because his job was posted for hire.  The claimant contacted the employer's general counsel who failed to answer the claimant's question as to why his job was posted.

 The employer did not appear at the hearing and presented no evidence to show that the claimant was not going to be discharged.  The employer is, therefore, considered to be the moving party and I conclude that the claimant did not quit but was discharged.

 The employer did not present any evidence to show that the claimant's discharge was for misconduct.

 Therefore, I conclude that the claimant was discharged, but not for wilful or negligent misconduct connected with the employment.

**B. J. Cather**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                Issue Code: 10,20
Date of Separation: 3/24/2018
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 6/22/2018

Page  6—Arizona Appeal No. U-1595392-001

Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant

6 — 7

**Distribution:**
Claimant
Employer
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Claimant: garrison.jones@outlook.com

File

BC/aj

# APPEAL/REOPENING DEADLINE:  JULY 23, 2018

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR
DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE  CON SU OFICINA
LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION  WILL BECOME FINAL UNLESS  YOU FILE A SIGNED WRITTEN
PETITION FOR  REVIEW AND/OR A REQUEST  TO REOPEN BY THE  APPEAL
DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

1. File your Petition for Review  or Request  to Reopen by Internet  by going to
   www.azui.com and then clicking "Appeal a UI Decision."  (The option of filing
   an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE  A LETTER USING ONE  OF THE
OPTIONS BELOW:**

2. Fax the Petition for Review or Request to Reopen to (602) 257-7056.

3. Mail or hand deliver the Petition for Review or Request to Reopen to:

   ARIZONA DEPARTMENT OF ECONOMIC SECURITY
      Office of Appeals



1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015

4.  Mail, hand deliver or fax the Petition for Review or Request to Reopen to any
    unemployment office in the United States or Canada.

The appeal or Request to Reopen is considered filed on the date: (A) postmarked by the
United States Postal Service; (B) received by fax at the above number; or (C) received
via the Internet or hand delivery.

You or your authorized agent must sign the appeal.  Your appeal may be based on:

a.  Irregularity on part of presiding officer or other party to proceedings;
b.  Abuse of discretion on part of hearing officer whereby petitioner was
    deprived of a fair hearing;
c.  Newly discovered evidence which could not with reasonable diligence have
    been discovered and produced at time of original hearing;
d.  Error in admission or exclusion of evidence in Tribunal hearing;
e.  Error in law in Tribunal hearing; and/or
f.  Other good and sufficient grounds.

**The Appeals Board Chairman will refer your appeal to a single member for review.
If you or the other party objects <u>in writing</u> to review by one member,  three
members of the Appeals Board will review your appeal.**

**AUDIO RECORDING OF YOUR HEARING:**  To request an audio recording of the
hearing, you may either:

1.  Call (602) 771-9019, or

2.  Fax your request to (602) 257-7056, or

3.  Mail or hand deliver your request in writing to:

        ARIZONA DEPARTMENT OF ECONOMIC SECURITY
        Office of Appeals
        1951 W. Camelback Road, Suite 400
        Phoenix, AZ 85015

**CLAIM FILING:**  If you are a claimant who remains unemployed, you should continue to
file your weekly claims while any appeal of this case is pending.  If you have questions
regarding the filing or payment of claims, you should contact the unemployment
insurance claims office.

**RIGHT TO BE REPRESENTED:**  You may have someone represent you.  If you pay your representative,  that person must be a licensed  Arizona attorney or must be supervised by a licensed Arizona attorney.  An employer may also use any employee of the business as its representative.  The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.



**MAIL OR HAND DELIVER TO:**

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
**Office of Appeals**
**1951 W. Camelback Road, Suite 400**
**Phoenix, AZ  85015**

**OR FAX TO:     (602) 257-7056**

**INSTRUCTIONS:**

Check **ONE** of the three following boxes:

☐  I did not appear at the hearing.   I request reopening <u>only</u> (complete only Part A below).

☐  I am filing a Petition for Review to the Appeals Board <u>only</u> (complete only Part B below).

☐  I request <u>both</u> reopening and filing a Petition for Review to the Appeals Board (complete <u>both</u> Part A and Part B below).

**PART A:**

| REQUEST TO REOPEN |
|:---:|

I, _____, request reopening of the hearing.

**I did not appear for the hearing because:**

_____

_____

_____

**Signature:** _____**Date:**_____

**Current Mailing Address:** _____
<span style="padding-left:4em;">*(Street address)*</span>

_____
<span>*(City)*                    *(State)*          *(Zip Code)*</span>

**PART B:**

| PETITION FOR REVIEW OF APPEAL TRIBUNAL DECISION |
|---|

I, _____, appeal the Tribunal decision.

**I believe the decision is wrong because:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as needed)

**Signature:** _____ **Date:** _____

**Current Mailing Address:** _____
                                              *(Street address)*

_____
          *(City)*                    *(State)*              *(Zip Code)*

Page 11—Arizona Appeal No. U-1595392-001



# Arizona Department of Economic Security

*Exhibit 7*

## Office Of Appeals

1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019
Toll Free 1(877)528-3330 FAX (602)257-7056

# DISMISSAL OF APPEAL

| | |
|---|---|
| GARRISON JONES<br>705 W LIBERTY DR<br>WHEATON, IL 60187-4842 | VELOCITY TECHNOLOGY SOLUTIONS<br>Appeal Staff<br>OGLETREE DEAKINS NASH SMOAK &<br>STEWART<br>ESPLADE CENTER III<br>2415 E CAMELBACK RD STE #800<br>PHOENIX, AZ 85016 |
| Arizona Appeal No. U-1600605-001 | Date of Mailing:  8/20/2018 |
| Social Security No. 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 | Employer Acct. No. 7428011-000 |

### IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS

The Department of Economic Security provides language assistance free of charge.  For assistance in your preferred language, please call our Office of Appeals (602)771-9019.

### IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO

The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

## NOTICE TO CLAIMANT

***
**YOUR APPEAL  HAS BEEN  DISMISSED BECAUSE   THE EMPLOYER  DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
***

***
Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018  and that the hearing  would not be reopened.  I am dismissing  your appeal  because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal.  However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
***

**Richard Ebert**
Administrative Law Judge

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1(877)528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**REPRESENTATION**: You may have someone represent you. If you pay the representative, then that person must be a licensed Arizona attorney or be supervised by one. An employer may also use any employee of the business as its representative. This office does not provide representatives.

**Distribution:**
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Employer: ryan.mangum@ogletreedeakins.com
File

RE/aj

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

✓    Contact Shauna Coleman    at shauna.coleman@velodycloud.com    to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

_____ You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

_____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ____have/____ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

_____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as: *Exhibit 9*

    _____ the calendar year (January – December).

    _____ a fixed leave year based on _____

    _____ the 12-month period measured forward from the date of your first FMLA leave usage.

    ✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have _____ sick, _____ vacation, and/or _____ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

    _____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____

    _____ Applicable conditions for use of paid leave: _____

## FMLA leave will begin on February 20, 2018.

## 12 Weeks of FMLA extends through May 15, 2018.

## A recertification is required by the employee prior to May 15, 2018.

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:**

_____ at _____.

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Page 2                                                     Form WH-381 Revised February 2013

Exhibit # 05

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply):

✔  Contact **Shauna Coleman** at **shauna.coleman@veteritycloud.com** to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

___  You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

___  Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___ have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

___  While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave:

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

   ___  the calendar year (January – December).

   ___  a fixed leave year based on _____

   ___  the 12-month period measured forward from the date of your first FMLA leave usage.

   ✔  a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

• You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

• If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ___ sick, ___ vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

   ___ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

   ___ Applicable conditions for use of paid leave: _____

   **FMLA leave will begin on February 20, 2018.**

   **12 Weeks of FMLA extends through May 15, 2018.**

   **A recertification is required by the employee prior to May 15, 2018.**

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

_____ at _____.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Form WH-381 Revised February 2013

Exhibit # 05

**garrison.courtdocs@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Thursday, May 21, 2020 2:32 PM |
| **To:** | Garrison Jones –Court-Docs |
| **Subject:** | Fwd: Garrison Jones |

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday  |  Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m 612.802.6914|
eMail susan.holtapp@velocitycloud.com   |Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

On Tue, May 15, 2018 at 7:04 PM, Garrison Jones <garrison.jones@outlook.com>
wrote:
Again this repeatedly stuff is not working Shauna. I never said I had dr appt on
May 20. That again is velocity saying that.

You guys want to have a reason.          Fabrication of Evidence

I have tons of questions. Call me  you have my number 916 879 4960

Repeatedly after 4 months, this is just a tactic

Get Outlook for iOS

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Tuesday, May 15, 2018 5:59:10 PM
**To:** Garrison Jones
**Subject:** Re: FMLA - Garrison Jones

Good Afternoon Garrison,

We have repeatedly informed you that your employment has not been terminated by
Velocity. To our knowledge, you remain an employee on leave, which is why you are
continuing to receive medical, vision, dental, FSA, LTD, STD, basic life insurance, and
AD&D benefits from Velocity. If you have decided to end your employment, please let
us know the effective date of your resignation.

If you have not resigned, you have exhausted your FMLA leave as of today, May 15,
2018. You have indicated that you have a doctor's appointment on May 20, so please
promptly provide us documentation from your healthcare provider regarding your ability
to return to work, and any restrictions or potential accommodations you may have or
would like to discuss after that appointment.

Please let me know if you have any questions and we look forward to continuing to work
with you throughout this process. Thank you for your time and responsible attention to
these important matters.

Thank you,

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

o  704.357.7721 | m  845.282.6955 | f  703.935.1269 | velocitycloud.com

As indicated in your Notice of Eligibility and Rights & Responsibilities dated February 14, 2018, you are on approved FMLA leave from February 20, 2018 until May 15, 2018. As you know, we recently agreed to continue your leave beyond the expiration of your 12 week entitlement to accommodate your scheduling of an appointment with your doctor on May 20, 2018.

**[Part A – NOTICE OF ELIGIBILITY]**

TO: Garrison Jones

Employee

FROM: Shauna Coleman

Employer Representative

DATE: February 20, 2018

On February 8, 2018, you informed us that you needed leave beginning on 2/23/2018, Original Dt. 11/18/2017 for:

____ The birth of a child, or placement of a child with you for adoption or foster care;

✓ Your own serious health condition;

____ Because you are needed to care for your ____ spouse; ____ child; ____ parent due to his/her serious health condition.

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
To: garrison jones <garrison.jones1724@outlook.com>, Garrison Jones
<garrison.jones@outlook.com>
Date: Wednesday, February 14, 2018, 10:59 AM -0700
Subject: Re: FMLA - Garrison Jones


Hello Garrison,

As you know, you have been on a medical leave of absence since November 18, 2017. During this time, you have applied for and received short term disability benefits. Your current medical leave of absence expired with the ending of your short term disability benefits on January 27, 2018, which is why we sent you the FMLA paperwork on January 23, 2018. You returned that paperwork to us on February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form). We have evaluated your certification form and determined that you do not currently meet the eligibility requirements for FMLA, which require that you have been employed for 12 months.

That said, since your short-term disability and medical leave of absence ended on January 27, 2018 and in close proximity to your one year employment anniversary, Velocity, although it is not required to do so, will extend your unpaid medical leave to your one-year anniversary, February 20, 2018. On that day, you become eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018. You will be required to provide a re-certification of your medical status from your healthcare provider prior to May 15, 2018 so that we can evaluate continued eligibility and potential return to work. Attached are the "Notice of Eligibility and Rights & Responsibilities" document.

Best,

Shauna Coleman




**Shauna Coleman** | Director, Human Resources | **Velocity Technology Solutions, Inc.**

**garrison.courtdocs@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Thursday, May 21, 2020 2:32 PM |
| **To:** | Garrison Jones -Court-Docs |
| **Subject:** | Fwd: Garrison Jones |

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday  | Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m  612.802.6914|
eMail susan.holtapp@velocitycloud.com  |Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

1

*Exhibit #1 1*

**From:** Michael Baldwin <michael.baldwin@velocitycloud.com>
**Date:** January 3, 2018 at 10:03:01 AM MST
**To:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject: Fwd: Training Certification Plan 2017-09-05 - Jones, Garrison - Invitation to edit**

---------- Forwarded message ----------
From: **Michael Baldwin (via Google Sheets)** <drive-shares-noreply@google.com>
Date: Fri, Sep 8, 2017 at 10:50 AM
Subject: Training Certification Plan 2017-09-05 - Jones, Garrison - Invitation to edit
To: michael.baldwin@velocitycloud.com
Cc: garrison.jones@velocitycloud.com, susan.holtapp@velocitycloud.com


Michael Baldwin has invited you to **edit** the following spreadsheet:

Training Certification Plan 2017-09-05 - Jones, Garrison


        Garrison,

Attached  is your certification plan that we have discussed for the CloudSuite Supply Management certification. This begins next week. The tasks are  scheduled weekly and as each task is completed, please make sure to mark it completed by placing a check mark in column 1.

I will send you the link to the certification materials separately. They are grouped together by Week, such as Week 1 - Week 6. At the end of each week, we will have a review call with Chad Carlson to see how you did through the week.

It's critical that you stay focused on this process and complete each task in the week it was assigned. We can't delay this and your dedication to completing this process is critical to the success.

## We plan to use this model to certify other resources within Velocity, so you are the test bed. It's going to require that you commit extra hours to complete this

## each week.

I will also follow up with you and Chad on a weekly basis to make sure that you are progressing.

Please let me know if you have any questions or issues. I would suggest accessing weeks 1-3 and making sure you can play the recordings ahead of time, so we can address any issues before hand.

Thank you for going through this effort!

Michael

This is a courtesy copy of an email for your record only. It's not the same email your collaborators received. Click here to learn more.

--

**Michael Baldwin | Senior Manager, Professional Services |** Velocity Technology Solutions, Inc.
o  612-333-9859| m  760.716.6613 | www.VelocityCloud.com

*Exhibit 76*

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Gallardo, Monica, D <MGallardo-Garcia@azdes.gov> on behalf of UIA Client Advocate <UIAClientAdvocate@azdes.gov> |
| **Sent:** | Friday, May 4, 2018 2:36 PM |
| **To:** | Garrison Jones |
| **Subject:** | RE: Garrison Jones - Supporting documents |

## All document have been submitted on your behalf.

Thanks,

## Monica Gallardo-Garcia
## Client Advocate
## (602)542-5954
Fax (520)746-4466

**ARIZONA 🐾 WORK**

**From:** Garrison Jones [mailto:garrison.jones@outlook.com]
**Sent:** Wednesday, May 02, 2018 9:08 AM
**To:** UIA Client Advocate <UIAClientAdvocate@azdes.gov>
**Subject:** Garrison Jones - Supporting documents
**Importance:** High

They are attached.  I am going to make a suggestion that you folks get your legal department involved. They do not care other than hurting me.

Any way they can.  They are lying  saying I am still with the company. They terminated me without my knowledge, while I was on FMLA and because I refused to participate in illegal activity.

They have been and continue to intentionally lie to state and federal agencies in covering up these acts of discrimination

I have attached as much documentation that you need and will forward others in a few min

**From:** Gallardo, Monica, D [mailto:MGallardo-Garcia@azdes.gov] **On Behalf Of** UIA Client Advocate
**Sent:** Wednesday, May 2, 2018 10:28 AM
**To:** GARRISON.JONES@OUTLOOK.COM
**Subject:** unemployment

## Per your request here is my email address.

Thanks,

1

Monica Gallardo-Garcia

**Client Advocate**

(602)542-5954

Fax (520)746-4466

**ARIZONA WORK**

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. It may contain information that is privileged and confidential under state and federal law. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the person named above by reply e-mail, and then delete the original e-mail. Thank you.

*Exhibit 19*

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones1724@gmail.com> |
| **Sent:** | Saturday, September 14, 2019 9:29 AM |
| **To:** | Garrison Jones; garrison jones |
| **Subject:** | Fwd: Garrison Jones |

---------- Forwarded message ---------
From: **ROBIN CAMPBELL** <ROBIN.CAMPBELL@eeoc.gov>
Date: Thu, Mar 15, 2018 at 1:47 PM
Subject: RE: Garrison Jones
To: Garrison Jones <garrison.jones@outlook.com>

Mr. Jones,

If you are terminated and you believe you have evidence to show that your termination was based on a protected activity you have every right to file a charge of discrimination against the company.

Regards,

*Robin L. Campbell*

Robin L. Campbell

EO Investigator

3300 N. Central Avenue, Suite 690

Phoenix, AZ 85012

Office:(602) 640-5048

Fax:  (602) 640-5071

robin.campbell@eeoc.gov

https://publicportal.eeoc.gov/portal/EEOC/CheckChargeStatusIMS.aspx

1

**From:** Garrison Jones [mailto:garrison.jones@outlook.com]
**Sent:** Thursday, March 15, 2018 1:40 PM
**To:** ROBIN CAMPBELL <ROBIN.CAMPBELL@EEOC.GOV>
**Subject:** Fwd: Garrison Jones

79 — 1

I just received this from a source at velocity. I am on FMLA as of feb 20. If they have terminated my employment is this a new charge ?

Get Outlook for iOS

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Thursday, March 15, 2018 1:36:14 PM
**To:** garrison.jones1724@outlook.com
**Subject:** Fwd: Garrison Jones

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey
**Cc:** Garrison Jones
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.