

1
2
3
4
5

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

**FILED**

AUG 2 4 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

6

## U.S. DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

**GARRISON JONES**

**Plaintiff,**

v.

**VELOCITY TECHNOLOGY
SOLUTIONS LLC et al
Defendants.**

**Case No.: 2:19-cv-02374 KJM-EFB**

**PLAINTIFF REPLY TO
DEFENDANTS OBJECTION
OF MAGISTRATE
FINDINGS AND
RECOMMENDATIONS –
TWO AMENDED**

**JURY TRIAL DEMANDED**

Judge: The Honorable Thomas
Brennan

Date Action filed:  Nov 25, 2019

Date set for trial: NONE

14
15
16
17
18
19
20

## I. INTRODUCTION

21

1. The courts Findings  on August  12, 2020 must be amended to include

22
23

based on the  response from Defendant Counsel (Dkt 35)  filed on August 14,

24

2020 must be amended to include  and add additional cognizable interference

25
26

claim as counsel is alleging that the plaintiffs' employment did not end in March

27

2018 but ended on August 16, 2018.  Plaintiff totally disagrees with statement by

28

counsel as to the date his employment ended with Velocity.  Plaintiff has offered to

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

- 1 -

the court an exhibit, internal communication from a Senior Director, Susan

Haltopp and Senior Vice President Chance Veasay and email dated March 15,

2018 that is recapping a previous conversation between the two confirming that the

plaintiff Garrison Jones is no longer a Velocity employee in support of his claim of

the actual date he received acknowledgement that his employment had been

terminated.

If counsel can produce any evidence and exhibit that can counter or prove

otherwise he is welcome to do so.

However, if he only has to offer rhetoric and undocumented statements,

again he should move on to more pressing items.

The plaintiff disagrees; he also notes that if counsel wants to proceed with this

claim as an undisputed fact/issue, the court must include this   to the standing claim

recognized by the court where its finding recognized a cognizable claim of

termination while on FMLA by Velocity.

Based on defendant counsel opposition (Dkt 35) filed on */14/2020 there

counsel is alleging that the plaintiffs' employment ended on August 16, 2018

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

26

27

28

1 Plaintiff's employment with Velocity actually ended August 16, 2018, not in March of 2018, but Velocity recognizes that at this stage of the case, the Court must presume all well-pleaded allegations in the Complaint are true.  The actual date Plaintiff's employment ended is not relevant to Velocity's objections to the Order & FAR.

2 Velocity's error should play no role in the ultimate resolution of this dispute because as a matter of law, Plaintiff was not entitled to the protections of the FMLA.

2

Case No. 2:19-cv-02374-KJM-EFB

Plaintiff in his previous response has admitted that he is suffering from multiple issues and impairments; however, it is defense counsel who is having serious issues related to comprehension.  He has failed to recognize some of illogical aspects of his pleadings.

In the response (dkt 35) Counsel who is allegedly a "**managing partner**" should know multiple precarious situations.

By know he can see a habitual distinct pattern.  by now multiple faults in his client as to the truth.

### FMLA Legibility

Now counsel makes a statement in his pleading that the plaintiff is not deserving of and ineligible for FMLA or the protection that it offers.

This brings up serious observations from counsel.  It clearly appears that counsel is stipulating his own client who have a documented history of fraud also committed fraud and forgery.

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

1    The fraud is that if what counsel says is true, his client intentionally misled their

2    employee into believing he was on approved d FMLA, but was actually ineligible

3    for FMAL, then when he applied for unemployment, they in a split second changed

4    direction, made a "employer protest on April 24, 2018 a day after they had filed

5    another "employer protest" claiming that not only was he still employed but he was

6    also "physically unable to work" because he was on approved FMLA.

7

8    Now as confusing this may be, it is the defendants' counsel who is on a regular

9    basis coming up with these "far-fetched" allegations.

10   It appears that the deception of FMLA is being used as a "cloaking" tactic to hide

11   other unknown reasons for their actions and termination of the plaintiff.

12

13   Unless, which is a strong possibility that after 3 ½ years of being lied to by their

14   client, they have grown tired of this conduct and has retaliated against their client

15   by implicating them in more federal crimes.  This possibility is the most obvious

16   reason for this type of conduct.  In addition, this is not a simple mistake especially

17   if counsel has seen and discussed this option with his client.

18   On the other hand, it is par for the course for counsel who is visibly desperate to

19   make claims without doing due diligence before he puts pen to paper , then using

20   this as simply another delay/stall tactic, another  useless obstacle to put in the ring,

21   but in actuality, is simply Obstruction of Justice of a Federal Proceeding.

22

23

24

25   The bigger question is why your own attorney would implicate their client

26   knowing that the ramifications and consequences of that statement would subject

27   their own client to more serious charges of fraud and forgery of federal documents.

28

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS**
**AND RECOMMENDATIONS – ONE**
- 4 -

1   There has to be a motivating factor that is driving these claims.  As a client, if this

2   was presented to me before, it was filed and based on the evidence; I would

3   completely disapprove of and disapprove that such a response would ever be filed.

4

5   ∧∧∧∧∧∧∧∧∧∧∧∧ and

6

7   Then when confronted put **an employee that was not ELGIBLE** for FMLA, on

8   what was not "officially eligible FMLA (so they say now) but then sent forged

9   documents to state agencies claiming that he is on FMLA by forging a federal

10  government FMLA certification document where it clearly indicates **he was**

11  **approved for FMLA until May 15, 2018** for the purpose of deceiving all the

12  parties they sent this document to.

13  However, approved him for FMLA and then **forged federal government**

14  **documents**.

15  This means the defendants submitted these forged documents to AZDDES and

16  Arizona Court of Appeals

17

18

19  What counsel is also saying is that the highest ranking Human Resource Employee

20  at Velocity, Shauna Coleman, Human Resource Director whose name is listed as

21  the contact name, is the Velocity employee that altered, forged and submitted these

22  comments as ell is the same individual who deceived the plaintiff along with

23  General Counsel, Chris Heller that he was on unpaid FMLA Leave.

24

25  **EXHIBIT 53**

26  Email from Shauna Coleman dated February 14, 2018 confirming the beginning of

27  FMLA (February 20, 2018) and the proposed end date where re-certification is

28  required (May 15, 2018.  This date matches the date on all forged documents sent

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS**
**AND RECOMMENDATIONS – ONE**

to and used by AZDES as proof provided by Velocity that he was unable to work
due to being on FMLA.

In addition, to deceive the plaintiff in believing he was on unpaid FMLA eave they
sent vial email on February 14, 2018 confirming dates of FMLA leave to the
plaintiff.

**EXHIBIT 54**

Forged FMLA documents from Velocity and HR Director, Shauna Coleman
Showing approval of FMLA


At this point they  sent these  documents to a state agency(AZDES)  who jointly
with the federal government Department of Labor administer the unemployment
program as proof and in support of their false claim, that the plaintiff was unable to
work because he was on approved FMLA until May 15, 2018.

**Escalation to Authorities**

.  Please tell me that this is not the case, because it is, this has blossomed into an
entirely different spectrum of litigation that federal law enforcement
I will make sure to forward his response along with the forged documents to the
Department of Labor they should immediately be made aware of these statements
by defendants counsel.  If the statements are in fact true, counsel should be
commended for stepping forward and exposing his clients' illegal criminal activity.
If he is again lying and this ploy is simply another attempt to distract the attention
of the court to a **"alternate version"** away from the real issue, sanctions by the
court is in order.


A valid appearance have all resigned in wake of this issue.  Now it appears their
own counsel has taken the first step of emancipation as well

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

1   The ramifications mandates escalation to higher level of authority.

2   . What he is now saying is that his client used the'image"of FMLA, its policies,

3   procedures for an entirely different purpose.  They used FMLA in a racial

4   discrimination manner to keep the plaintiff from returning to work, then used

5   FMLA to deny him unemployment benefits and then finally and what is the most

6   serious is that they did to when what counsel is saying, he did not or does not

7   deserve the protection of FMLA even though his client submitted documents that

8   clearly indicate he was on FMLA.

9   In addition the plaintiff disputes the significance claim by defendant counsel where

10
11  again he is attempting to down play the significance of the date of termination in

12  March 2018 and the "**manufactured date of end embayment**" they are now

13
14  claiming to be August 16, 2018 saying that "*Velocity's error should play no role*

15  *in the ultimate resolution as a matter of law.*"

16  Counsel is attempting to lie to nullify the observations of two separate independent

17
18  jurisdictions who both with evidence in hand that the plaintiff was terminated in

19  March 2018.  In addition to recognition of the EEOC investigator who also

20
21  reviewed the same all coming to the same conclusion,  that he had been terminated

22  in March of 2018 and was so directed on the record in their separate rulings..

23  Each show that they plaintiff was engaged in a protected activity and that the

24
25  adverse action taken against him (termination of employment) was directly

26  attributed/connected to and in direct retaliation of exercising these rights.

27

28

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS**
**AND RECOMMENDATIONS – ONE**

the evidence that the plaintiff was able to work on 3/22/2018, supported by evidence of physician statements and documents that clearly indicate this, as well as multiple job offers he had received after 3/22/2018 from at least two separate organizations.

In addition, if counsel had an ounce of knowledge about  the level of interaction required by a Lawson/Infor Supply Chain consultant, it is impossible to hold two full time positions at the same time.

In addition, the court must consider how Ludacris this attempt is.  Given that Velocity found out that the plaintiff had returned to work, they retaliated against him once again by contacting AZDES yet for the third time in a 90-day span, now claiming he was working and collecting unemployment benefits at the same time. Therefore, in their eyes the unbelievable is occurring.

1. Plaintiff is employed at one organization full time and at the same time is an active employee at Velocity?????

2. He is not eligible for FMLA even though it was approved by Velocity

2. He is employed at Velocity but on FMLA

2He is employed and collecting unemployment benefits at the same time

Excuse me, did I miss something?

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

**II ISETTLEMENT AGREEMENT**

2. Defense counsel repeatedly keeps referencing what he calls "settlement agreement but in actuality is a manifesto where a criminal is bragging and identifying/ admitting to all of the criminal acts they have committed.  What counsel is intentionally neglecting to inform the court is that the plaintiff was induced into the manifesto by fraud, intentional misrepresentation of the facts and the intent the  plaintiffs' contacted him to  imitate " settlement discussions"  In addition, counsel is neglecting to inform the court that 3 days after said agreement, the defendants at the request of counsel, filed an appeal to a ruling that was immediately dismissed by the Arizona Court of Appeals, directly related to the cognizant claim of termination of the plaintiff while he was on FMLA with special notation and stipulation by the court that they ( defendants) have no right to appeal the court's decision.  This if counsel agrees or not this case has already been adjudicated and the ruling has been upheld and affirmed/ by the Arizona court of Appeals.  If counsel wanted to raise the issues he or another attorney from his law firm should have showed up to be heard at the original hearing on June 22, 2018 where they had the opportunity to go on the record to make these outrageous claims.  If counsel can remember, it **was Arizona Appeal number**

**U-1595392-001 June 22, 2018** and the dismissal of Appeal August **the** dismissal of appeal August 20, 2018 highlights below.  Please make special attention that the

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

1  court clearly **indicates, "the tribunal decision issued on 6/22/2018 remains in**

2  **full force and effect "**

3

4  ...

5  **YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
   ...

6

7  **

   Today. I made a separate decision that found the employer did not have good cause for failing to appear at the hearing

8  scheduled for 6/22/2018 and that the hearing would not be reopened.  I am dismissing your appeal because the tribunal decision issued 6/22/2018 remains in full force and effect.

9  You have no right to appeal this dismissal  However, you may request further review of my other decision that you did

10  not have good cause for failing to appear at the scheduled hearing.
   **

11                          **Richard Ebert**
                            Administrative Law Judge

12

13

14

15  It has a "bi-partisan affect because it also confirms that is clearly identified in the

16  courts ruling that he was on approved FMLA leave at the time he was terminated.

17

18  Counsel would know this if he and his client were man enough to attend the

19  original hearing and the appeal hearing.

20

21  As to their confession and stipulation  that  he now claims the plaintiffs

22  employment did not end until  August 16, 2018, what he has done is widened the

23

24  scope and timeline to include additional acts of interference by the defendants  in

25  his rights under FMLA.

26  In addition, the plaintiff does not agree and has not agreed to any of the alleged

27  agreements counsel continues to claim in relation to a "imaginary claim of FMLA

28

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**
- 10 -

that does not exist in the complaint in Northern Illinois, nor does the plaintiff agree of any alleged "recovery" stipulation he made to anyone, especially to any of the defendants and their counsel.

The plaintiff does herby challenge counsel to produce this manifesto/agreement and cease making comments of the elements contained in it so that the court can see for itself and make its own determination on the evidence.  If he does not want to produce this document, it is recommended that he move on.

It is obvious the desperation being displayed.  The phrase "recovery" is associated to monetary awards and counsel is again setting a trap so that he can again at the last moment produce this document to ward off any monetary award by the court. However, again what he is not claiming and given recognition to is that, no agreement can pre-set or predetermine any monetary word or damages of any litigation by means of any contract or agreement.  Only the court can administer such matters.

As previously mentioned, there is no such claim related to FMLA in the complaint but if counsel produces this document, the court will see that there are many and multiple items in this manifesto that are not in the claim as well.  They seek to indemnify themselves, business partners etc. for everything, from retaliation, intimidation, harassment and the intentionally drowning of "Flipper".  At the same time, they claim no wrongdoing but the evidence indicates otherwise.  As well

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

there are multiple attempts to claim indemnification for that no federal, state or local judicial system or law enforcement **that would ever not consider** indictment, prosecution and imprisonment for these intentional violations of the law.  They even wadded "training" as an item for indemnification.  The mere mention of "**training**"  signify that they are trying to escape the main harsh penalty of the theft of Intellectual Property and Trade Secrets, where they stole this intellectual property and used it as a tool , means and instrument of racial discrimination against the plaintiff.

 The plaintiff has in his possession sent to him by Ogltree Deakins attorney Christopher Meister on May 21, 2018 his Personnel Records and Confidential Medical

Records.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| **Sent:** | Monday, May 21, 2018 2:15 PM |
| **To:** | Garrison Jones |
| **Attachments:** | Jones Confidential Medical Records.pdf; 20180518155027747.pdf |

Mr. Jones attached please find your personnel and confidential medical records files. Thank you.

**Christopher J. Meister | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3720 | Fax 778-3750
christopher.meister@ogletree.com | www.ogletree.com | Bio

In those personnel records, there is not a single document or mention to any

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

**training by Velocity that was attempted or taken by the plaintiff during his entire employment period.**

In addition, there is no reference to any training request or this document

## Exhibit 52

Velocity Training Course Exam Request Form

This form is mandatory for all employees to be completed for any and all internal or external training attended, taken, and or completed, yet these is no such document in his file.  Unlike the white employees, this was completed and shows up in their personnel files as the two white employees Velocity paid to attend Infor Certification classes, where they received certification.

Could it be and I am going out on a limb here, could it be that there was no "Official Training of Cloud suite and this is part of the cover-up.  But this does not make any logical sense as also in his personnel file was what they called, his "**performance review**"   In actuality this was the way his manager made sure that he did not meet the requirements of a bonus like the white employees so he intentionally gave him an extreme/unjust review so that his share would be divided amongst the white employees so their bonuses were much larger than expected.

However, in his " performance review, there is a reference to training  where  his

manger is now attempting to disguise the stolen intellectual property as " self-

Study" but does mentioned training.

Mid Year Semi-Annual Review 2017 July 26, 2017

**Garrison Jones**

PSC04-Infor Professional Services - Lead
000041-PS - Infor

Reviewed by Michael Baldwin

| Goal 5 of 5 | Skills | 0% Complete | Weighted at 0% |
|---|---|---|---|

Education / Skills Development

2 - Below Expectations

Garrison hasn't been busy and has had opportunities to do some self-study, but has not taken advantage of it.  He also had a chance to sit in on some of the first week of version 11 training, but only made it for one session.  His counterpart tried to reach out to him a couple of times.

So how and why is this not notated in his personnel file as "training " and equally

how is it an indemnification item/element in the manifesto ?  Cover-up to the

highest power.

This again was intentional because the only alleged training is tied to the stolen

intellectual property and trade secrets.  It is obvious the intent is to distance and

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS
AND RECOMMENDATIONS – ONE**

omit any reference to these illegal acts but at the same time, seek indemnification from the consequences of their illegal criminal acts at the same time.  Makes no logical sense to get a shot for rabies if you have not been bitten by a dog or been cut by a piece of metal.  This is the theme throughout this manifesto.  You will find tons of items that they acknowledge or seek indemnification from that has no connect to the complaint.  However, they were added because at the time of the manifesto, the plaintiff was unaware the defendants had committed any of those violations.  As such, this is the normal mode of conduct by the defendants, misrepresentation, deception, and fraud.  Then after being caught, the first thing they do is LIE, then deception and attempts to misdirect attention to something else.  This pattern has been seen time after time.  As previously mentioned the doctrine of clean hands simply does not exist for any of the defendants, nor their counsel.

They had the keys to their own freedom and threw them away three (3) days after the signing of the manifesto and jumped right back on the horse of hatred, intimidation, and racial harassment of the plaintiff and his family.  They displayed the vindictive nature and hostility they displayed throughout his employment and while his back was turned and attempting to walk away, they lashed out again in direct retaliation for exposing their illegal criminal activities and filed an appeal of

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS AND RECOMMENDATIONS – ONE**

a case they had already lost, failed to attend any of the proceedings because they

knew the ramifications and consequences of offering testimony as they knew

perjury was sin their future if they did.  Therefore, they skipped the hearings.

The court must see the pattern and if allowed to continue, they will for the fourth

(4th) time submit more false pleadings to the court in their feverish attempt to avoid

the inevitable.  They can only blame themselves; here is an organization that has a

single mission, GREED.  They have shown that they are motivated by greed will

commit mail fraud, wire fraud, over billing, fraud beg, borrow and steal anything

or asset to obtain this greed, including violate any law of this country to obtain it.

If counsel won't cease making mention of this manifesto/agreement

While the plaintiff disagrees, he also notes that if counsel wants to proceed with

this claim as an undisputed fact/issue.

# Conclusion

The court has to see that there are multiple serious issues going on in the

defendants' camp between the client and the defendants.  Despite the

fact that this the fourth (4th) such "pleading" if you will filed by

defendants and their counsel for no other propose but to obstruct these

proceedings with all kinds of lies, fabrication of evidence and not a

shred of evidence to support any of these allegations/claims.  It appears

to be a visible, internal battle where counsel now may be attempting to

distance themselves from their client by throwing out there issues that

will lead to their indictments.  Who would agree to file a document that

further implicates them and serves no logical purpose?  The only thing

the pleading filed on August 14, 2020 is pull the defendants further and

further into the deep abyss in which they have flung themselves into.

 It also appears that internally within Ogltree Deakins, their client has

openly complained in regards to the string of failures and losses they

have suffered at the hands of Ogltree Deakins and the attorneys

assigned, now to include a "managing partner" who also is losing a case

before yet another court.  They all have degenerated to the point where

they will continue to do anything illegal to get their clients' off the hook

for the serious damages of their actions.  However, the evidence shows

that they have committed heinous / calculate acts of racism, retaliation,

fraud, misrepresentation among other hideous acts and these trivial

attempts by counsel to put multiple obstacles and obstruction of justice

should be duly noted by the court along with a formal warning that if it

**PLAINTIFF REPLY TO DEFENDANTS OBJECTION OF MAGISTRATE FINDINGS**
**AND RECOMMENDATIONS – ONE**

- 17 -

is done again, the court will render harsh sanctions against counsel and the defendants.

 they are now not so much interested in billable hours and revenue and at some point in the near future, they will dump this client.  The apparently see that there is no pot of gold or redemption for his client.  Why else would they throw them under the bus or even do they even know their counsel filed such a pleading.

Dated: August 21, 2020

GARRISON JONES

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.jones@outlook.com



HRF01- Training Course/Exam
Request Form

Department / LoB: HR
Approver: Shauna
Version: 2.1
Approved: 07/06/2016

_Exhibit 52_

## TRAINING COURSE / EXAM REQUEST FORM

| Employee | | Training? | ☐ |
|---|---|---|---|
| Department | | Exam? | ☐ |

Employee to fill in this section:

| Training Course/Exam Required |
|---|
| |
| Reason for Training Course/Exam |
| |
| Training Course/Exam Provider (including address) |
| |

| Dates | Start/End Times | No of Days | Total Cost |
|---|---|---|---|
| In-House/External | | | |

| Detail Resources Required (books etc) | |
|---|---|
| Detail Travel Required | |
| Any other relevant info required | |
| | |

| Employee Signature | | Date | |
|---|---|---|---|
| Manager Signature | | Date | |
| Director of HR Signature | | Date | |
| Finance Representative Signature | | Date | |

| To be completed by Admin) | Signature | | Date | |
|---|---|---|---|---|
| Course/Exam Booked | | | | |
| Resources/Travel Arranged | | | | |
| Training Register Updated | | | | |
| To be completed by Employee) | Signature | | Date | |
| Course/Exam Complete | | | | |

| Did you gain any certification, i.e. MCP, MCSA, MCSE, Oracle, Cisco? | |
|---|---|
| Have you passed a copy of your certificate to Admin | |
| Was the course/exam useful | |
| Would you recommend it | |
| Any other comments | |

*exhibit 53*

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
To: garrison jones <garrison.jones1724@outlook.com>, Garrison Jones
<garrison.jones@outlook.com>
Date: Wednesday, February 14, 2018, 10:59 AM -0700
Subject: Re: FMLA - Garrison Jones

Hello Garrison,

As you know, you have been on a medical leave of absence since November 18, 2017.  During this time, you have applied for and received short term disability benefits.  Your current medical leave of absence expired with the ending of your short term disability benefits on January 27, 2018, which is why we sent you the FMLA paperwork on January 23, 2018.  You returned that paperwork to us on February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form).  We have evaluated your certification form and determined that you do not currently meet the eligibility requirements for FMLA, which require that you have been employed for 12 months.

That said, since your short-term disability and medical leave of absence ended on January 27, 2018 and in close proximity to your one year employment anniversary, Velocity, although it is not required to do so, will extend your unpaid medical leave to your one-year anniversary, February 20, 2018.  On that day, you become eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018.  You will be required to provide a re-certification of your medical status from your healthcare provider prior to May 15, 2018 so that we can evaluate continued eligibility and potential return to work.  Attached are the "Notice of Eligibility and Rights & Responsibilities" document.

Best,

Shauna Coleman

**Shauna Coleman** | Director, Human Resources | **Velocity Technology Solutions, Inc.**

FORGERY making plaintiff believe he
WAS Approved FMLA Email

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

✓ Contact ~~Shauna Coleman~~ at ~~_____~~ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave.  You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments.  If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____ You will be required to use your  available paid _____ sick, _____ vacation, and/or _____other leave during your FMLA absence.  This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA.  As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us.  We ___have/____ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

*Exhibit 54*
*Forged FMLA*
*Document*

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

____ the calendar year (January – December).

____ a fixed leave year based on _____

____ the 12-month period measured forward from the date of your first FMLA leave usage.

✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness.  This single 12-month period commenced on _____

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

• You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave.  (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

• If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ sick, ____vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy.  Applicable conditions related to the substitution of paid leave are referenced or set forth below.  If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid leave.

____For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____

___ Applicable conditions for use of paid leave: _____

## FMLA leave will begin on February 20, 2018.

## 12 Weeks of FMLA extends through May 15, 2018.

## A recertification is required by the employee prior to May 15, 2018.

_____

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement.**  If you have any questions, please do not hesitate to contact:

_____ at _____

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities.  29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c).  It is mandatory for employers to retain a copy of this disclosure in their records for three years.  29 U.S.C. § 2616; 29 C.F.R. § 825.500.  Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210.  **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Page 2                                                                                   Form WH-381 Revised February 2013

Exhibit # 05

*Exhibit 54-1*

**Designation Notice**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division

**WHD**

U.S. Wage and Hour Division

OMB Control Number: 1235-0003
Expires: 5/31/2018

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To:   **Garrison Jones**

Date:   **02/14/2018**

*Forged FMLA Doc 2*

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on **February 2018** and decided:

___✓___   Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

**The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:**

___✓___   Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: **12 weeks**

_____   Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**

_____   You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

_____   We are requiring you to substitute or use paid leave during your FMLA leave.

___✓___   You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ___ is __✓__ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

_____   **Additional information is needed to determine if your FMLA leave request can be approved:**

_____   The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
(Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)

_____

_____   We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

_____   Your FMLA Leave request is Not Approved.
_____   The FMLA does not apply to your leave request.
_____   You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009