Garrison Mr. Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.Mr. Jones@outlook.com



**FILED**

SEP 1 0 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON** Mr. Jones<br><br>**Plaintiff,**<br><br>v.<br><br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No.: 2:19-cv-02374 KJM-EFB**<br><br>**FMLA Lawsuit refiling of dismissed claims without prejudice**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: The Honorable Thomas Brennan<br><br>Date Action filed:  Nov 25, 2019<br><br>Date set for trial: NONE |

### REFILING OF CLAIMS ALLEGATIONS DISMISSED WITHOUT PREJJUDICE CASE No 2:19-cv-02374 COMPLAINT DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff Garrison Mr. Jones ("**Mr. Jones**)
 Pursuant to an order by the court in case number 2:19-cv-02374 KJM-EFB dkt 34 by the court on August 14, 2020 Findings and Recommendations.  In refiling dismissed allegations.

The court dismissed without prejudice claims in the complaint, related to FMLA violations by the defendant Velocity Technology Solutions.

1   On July 31, 2020 the court 31`, 2020(dkt 29 pg 2 at 1) the court granted
2   forma pauperis in this case.

3
4   The complaint of those dismissed allegations and claims were for
    violation of FMLA Family Medical Leave act of 1993 that included
5   claims of interference, retaliation, fraud, misrepresentation and violation
6   of FMLA confidentiality related to the unauthorized release of
    confidential medical information all willfully and intentionally
7   committed acts  by the defendants, Velocity Technology Solutions and
8   all done while the plaintiff was engaged in protected activities as defined
9   by DOL Department of Labor FMLA regulations, provisions and
10  policies.  Fed.  R. Civ. P. 15, and states the following for his refiled
11  complaint

12                          **CAUSES OF ACTION**
13
14  1. This is an action **brought under the Family & Medical Leave Act**
       (FMLA) 1993 for **(1) Interference in violation of the FMLA for**
15     notification (2) retaliation in violation of the FMLA.(3)  FMLA
16     Fraud and Forgery of legal DOL FMLA Documents,  (4)
17     Intentional willful Disclosure **of FMLA protected confidential**
       medical information an **(5) interference in eligibility of FMLA**
18

19                              **PARTIES**
20
21  2. The Plaintiff Garrison Mr. Jones ("Mr. Jones") is an individual and
       a Resident of the state of California a who currently resides in
22     Sacramento County, California and but was employed by
23     Defendant, **Velocity Technology Solutions (Velocity) is** an
24     alleged technology organization headquarted in the state of North
25     Carolina at 1901 Roxborough Rd.  Charlotte, North Caroling
       28211
26

27  3. . Mr. Jones always performed his assigned duties in a professional
28     manner and is very well qualified for his position.

1

2   4. Beginning in November 1017, Mr. Jones developed complications
3      of a serious health condition, a stroke.  Which serious health
4      condition is a sensitive and private matter that Mr. Jones desired and
       expected to be kept private.
5

6   5. As a result, Mr. Jones notified Velocity of his serious medical condition on
7      Nov. 18, 2017 this notification included the submission of Mr. Jones's
8      sensitive and detailed medical information to the Defendant where
       it was explained that he had suffered a major stroke on Nov. 17,
9      2017
10

11  6. At the point of notification of his serious medical condition,
12     Velocity planned to interfere in his rights to FMLA.

13  7. Unbeknownst to Mr. Jones, his personal confidential medical and
14     specific information i n regards to his stroke was being  disclosed
       and discussed  via email and  verbal disclosure of sensitive ,
15     detailed medical information by  the Defendant, a management and
16     executive level (Michael Baldwin Senior Manager and Shauna
17     Coleman, HR Director both senior and executive level employees
18     of the Defendant chose to retaliate and embarrass Mr. Jones by
       intentionally and recklessly and repeatedly disclosing his medical
19     condition to those without a need-to-know.  Mr. Jones is making a
20     claim alleging that Velocity breached confidentiality FMLA
21

22  8. On November 10, 2017 @ 10:18 am, just 10 days after his
       hospitalization, he received a text message Susan Haltopp,
23     Senior Director a person he had not spoken to where it was
24     revealed that his confidential medical condition was revealed
25     to her from, with the specific illness.

26

27

28

 Home  LTE          3:36 PM              96%



**Susan**

1469398I6I3

# Long msg Call MBOX Voice Writer service

iMessage
Nov 27, 2017, 10:18 AM

# Garrison. I am so sorry hear about the stoke and your hospitalization. I am glad you daughter is there to support you. Sending speedy recovery!  Susan

 

       

9.

10.      Mr. Jones' other management employees as well as disclosing it to multiple employees inside and outside of the Velocity Infor / Lawson Practice  the specific sensitive and private nature of his serious health condition, which was that he had suffered a major stroke and was hospitalized at St. Joseph Hospital.

Within 10 days of their notification, MR. JONES' began to receive communication from text messages and emails from Velocity employees, where they revealed that they had heard he had suffered a stroke and even statements of who reported the serious health care condition to Velocity.  None of some employees who contacted Mr. Jones was ever contacted by Mr. Jones and none of them received the specific health condition from him.  The disclosure came from Michael Baldwin and Shauna Coleman.  Mr. Jones knows that he did not authorized or consent to the release of his condition to anyone at Velocity.  It appears it became public knowledge.

Mr. Jones again disclosed the nature of his serious health condition to his only to those supervisor/managers/executives with the continued expectation that such sensitive protected health information (PHI) would be kept confidential.

The conversations his immediate manager occurred with the expectation that it would be kept confidential.  Mr. Jones immediate manager, Michael Baldwin has a history of disclosing confidential medical information about other employees personal and personal confidential medical information to individuals who did not need to know or gave the consent of the release pf personal and specific medical information to be released.

 FMLA confidential provisions state that  this information can be shared only for **extremely limited purposes**:

a.. to supervisors and managers where they need medical information in order to provide a reasonable accommodation upon returning to work related to restrictions in duties.

b. to first aid and safety personnel if an employee would need emergency treatment

c. to individuals investigating compliance with the ADA and with similar state and local laws.

It is clear none of these situations existed and that he released this personal confidential information to many internal and external individuals and it is a clear violation of FMLA confidentiality and is so classified as **interference by FMLA and unauthorized disclosure of protected medical information.**

Mr. Jones communicated the nature of his serious health condition solely to advise his manager and director of HR, that he may require FMLA leave in the future and may need reasonable accommodations when working.  He did not disclose this information to be disclosed to any other employee and or become public knowledge within the organization.  He later found out that both Michael Baldwin and Shauna Coleman and no doubt others who openly discussed and disclosed this personal confidential PHT to individuals who did not have the privilege of receiving or disseminating this personal confidential information were holding multiple open discussions.

. At no time has Mr. Jones disclosed the nature of his serious health condition to anyone other than his manager Michael Baldwin or to the Defendant's human resources department, who received his this information and per the guidelines of the Department of Labor, had five business days to notify the plaintiff of his rights and eligibility under FMLA.  The plaintiff alleges that they intentional failed to make this notification.  It was not until around January 23,

2018 that they began to perform and efforts to notify him of his rights more than 64 days past the notification period per the U.S. Department of Labor, which constitutes as interference and violation of FMLA confidentiality provisions by the defendants.

. At all times material herein, the plaintiff was on approved unpaid FMLA Medical Leave granted by the employer Velocity Technology Solutions on February 20, 2018

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply)

✓ Contact __Shaune Coleman__ at _____ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We _____ have / have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as
    _____ the calendar year (January – December).
    _____ a fixed leave year based on _____
    _____ the 12-month period measured forward from the date of your first FMLA leave usage.
    ✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

• You must be reinstated to the same or an equivalent job when your leave ends, unless you are a key employee as explained above. If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.

• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness that would entitle you to FMLA leave, or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

• If we have not informed you above that you must use accrued paid leave while taking unpaid FMLA leave entitlement, you have the right to have _____ sick, _____ vacation, and/or _____ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

    _____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at _____

    _____ Applicable conditions for use of paid leave: _____

**FMLA leave will begin on February 20, 2018.**

**12 Weeks of FMLA extends through May 15, 2018.**

**A recertification is required by the employee prior to May 15, 2018.**

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact: _____

PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617, 29 C.F.R. § 825.300(b), (c). It is mandatory for employees to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that a will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Page 2                                                                                         Form WH-381 Revised February 2013

Exhibit # 05

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
To: garrison jones <garrisonjones1724@outlook.com>, Garrison Jones
<garrisonjones@outlook.com>
Date: Wednesday, February 14, 2018, 10:59 AM -0700
Subject: Re: FMLA - Garrison Jones

Hello Garrison,

As you know, you have been on a medical leave of absence since November 18, 2017. During this time, you have applied for and received short term disability benefits. Your current medical leave of absence expired with the ending of your short term disability benefits on January 27, 2018, which is why we sent you the FMLA paperwork on January 23, 2018. You returned that paperwork to us on February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form). We have evaluated your certification form and determined that you do not currently meet the eligibility requirements for FMLA, which require that you have been employed for 12 months.

That said, since your short term disability and medical leave of absence ended on January 27, 2018 and in close proximity to your one year employment anniversary, Velocity, although it is not required to do so, will extend your unpaid medical leave to your one year anniversary, February 20, 2018. On that day, you become eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018. You will be required to provide a re-certification of your medical status from your healthcare provider prior to May 15, 2018 so that we can evaluate continued eligibility and potential return to work. Attached are the "Notice of Eligibility and Rights & Responsibilities" document.

Best,

Shauna Coleman




**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

- 9 -

# JURISDICTION AND VENUE

This Court has jurisdiction of this matter under 28 U.S.C. §1331.

. Venue is proper in the United States District Court for the Eastern California because the Plaintiff resides in the state of California in Sacramento County, and the Defendant conducts business in the state of California.  Sacramento County is within the Eastern District Division.

# GENERAL ALLEGATIONS

Mr. Jones was hired by the Defendants as a Lead Lawson Supply Chain Consultant on February 20, 2017.  He was the only such employee with that title in the entire organization of over 750 people.

Mr. Jones suffered thru moths of racial hostility, sexual harassment, racial harassment, hostile work environment as well witnessed unethical business practices or over billing, charging customers for services not received or delivered by Velocity employees and executives during the entire period of employment.

The history of events will clearly show that Velocity will use whatever they have had available to them, to them to interfere, intimidate, harass and retaliate against the plaintiff.

They have failed to pay him wages as scheduled, intentionally withheld reimbursement of Velocity business related expenses, encouraged him to bill their customers for hours and work he did not perform.  All the while, they have violated multiple federal, state, and local criminal and civil laws of this country.  Confronted

the first thing they will do is lie, cover-up and then viciously retaliate against the individual.

The only thing that is different is that others walked away and allowed them to push their will upon them. The plaintiff at all times has stood his ground and fought back with the one thing they have demonstrated they are unable to do, that being tell the truth and produce any such supporting evidence to support any claim and allegation they are making.

They openly practice avoidance, while at the same time, monitor the situation to see what exactly is going on hoping it will simply die down and go away.

At all times, they want to think of themselves as "the prevailing party' or the victors, but in reality they are the losers. They are under the false pretenses that they are able to get away with anything and will not suffer any form of consequences for their illegal actions.

## COUNT 1 – Violation of Family Medical Leave Act ("FMLA") – Interference Notification of FMLA Eligibility

The plaintiff alleges and claims Velocity intentionally violated FMLA by failing to notify him of his FMLA eligibility status within   five (5) business days of receiving notification of his serious medical condition he suffered on November 17, 2017.

. It is an interference violation if the employer does not inform the employee of his eligibility under FMLA when the employer acquires knowledge that an employee leave may be for an FMLA-qualifying reason;   Employer must • Inform the employee of his or her eligibility status; and • If the employee is determined to be not eligible for FMLA leave, state at least one reason why.

Velocity did not do any form of notification on eligibility despite claiming that they would do so in December 2017 and failed to do so until January 23, 2018 exactly 66 days after the acknowledged plaintiff had suffered a serious health condition and 61 days after he was supposed to receive notification of FMLA eligibility status.

 Velocity first began any such FMLA mandated contact and requested on January 23, 2018 certification from his physician.  The certification was returned/sent to velocity on January 24, 2018.

However, Velocity failed to respond to any inquiries until February 8, 2018 when they acknowledged receipt of the physician certification form sent to them.


**COUNT 2 – Violation of Family Medical Leave Act ("FMLA") – Disclosure and violation of Confidentiality-f plaintiff protected medical information**

 The plaintiff alleges and claims Velocity intentionally violated FMLA by openly discussing his personal confidential medical information including his specific condition (stroke) with others in the organization that did not need to know this information.


**COUNT 3 – Violation of Family Medical Leave Act ("FMLA") - notification of FMLA Eligibility Interference Dates of Notification fraud**

 The plaintiff alleges and claims Velocity intentionally violated FMLA as an act of interference where Velocity committed fraud as they intentionally altered the dates of notification on the FMLA Notice of Eligibility form, a legal document   This is where Velocity began the

conspiracy of covering up their violations and interference of the Plaintiffs FMLA rights.

.  They had already intentionally failed to notify him of his eligibility and now they are intentionally manipulating and altering the date of notification of his notification of reporting of serious medical condition to reflect February 8, 2018 over 82 days after he actually reported it to Velocity.  As illustrated on the document, there are two (2) dates where they claim notification February 8, 2018 and as they listed Original date of 11/18/2017, which is the actual date of notification.

This document was intentionally altered by Velocity Human Resource Director, Shauna Coleman, the highest-ranking human resource employee in the organization.  She is listed as the Employer Representative and the person who sent this form to the plaintiff.

[Part A - NOTICE OF ELIGIBILITY]

TO: Garrison Jones

Employee

FROM: Shauna Coleman

Employer Representative

DATE: February 20, 2018

On February 8, 2018 , you informed us that you needed leave beginning on 2/23/2018, Original Dt. 11/18/2017 for:

___ The birth of a child, or placement of a child with you for adoption or foster care;

✔ Your own serious health condition;

___ Because you are needed to care for your ___ spouse; ___ child; ___ parent due to his/her serious health condition.

**11.**

**COUNT 4 – Dates of termination to evade – Fraud and Interference**

The plaintiff alleges and claims Velocity intentionally violated FMLA as an act of fraud and interference where Velocity committed fraud as they intentionally submitted to the court on August 14, 2020 (dkt 35) in their opposition of the courts findings (dkt 34) the defendants counsel from Ogltree Deakins filed in opposition to the courts order of August 14, 2018 Dkt 35 Page 2 at 15 thru 25, counsel makes a ridiculous claim on FMLA eligibility.  The defendants now claim that the Plaintiff was not eligible for protection of FMLA because he was "not eligible for FMLA.

This is in gross contradiction of the events, exhibits, and evidence

In addition to this false claim, they attempted to make an unsupported claim that the end date of the plaintiff was August 17, 2018 an not March 15, 2018 as determined by the Arizona Court of Appeals in case Arizona Appeal number U-159392-001. An appeal filed by the plaintiff held on June 22, 2018, that the defendants intentionally failed to appear.

In addition, the defendants filed a frivilous appeal over 40 days after the courts dealine that was immediately dismissed with a special notation that they had no right to appeal the dismissal.

**Arizona Department of Economic Security**



**Office Of Appeals**

1951 W. Camelback Road, Ste 400. Phoenix. AZ. 85015 (602)771-9019
Toll Free 1(877)528-3330 FAX (602)257-7056

## DISMISSAL OF APPEAL

| | |
|---|---|
| GARRISON JONES | VELOCITY TECHNOLOGY SOLUTIONS |
| 705 W LIBERTY DR | Appeal Staff |
| WHEATON, IL 60187-4842 | OGLETREE DEAKINS NASH SMOAK & STEWART |
| | ESPLADE CENTER III |
| | 2415 E CAMELBACK RD STE #800 |
| | PHOENIX, AZ 85016 |
| Arizona Appeal No. U-1600605-001 | Date of Mailing. 8/20/2018 |
| Social Security No. 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 | Employer Acct. No. 7428011-000 |

12.

- 15 -

**NOTICE TO CLAIMANT**

...

YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOO
CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.

...

\*\*\*

Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing
scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the
Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did
not have good cause for failing to appear at the scheduled hearing.
\*\*\*

**Richard Ebert**
Administrative Law Judge

13.

In essence the defendants are attempting to appeal a decision and ruling that found that they terminated the plaintiff and not for any misconduct and the appeal decision where they intentionally did not appear.

Now they come up with an alternate version of the dates of employment coupled with ineligibility for FMLA yet another interference and fraud upon the court.

The plaintiff is in total disagreement with the statements and attempts by defense counsel.  Velocity the defendants cannot rely on the plaintiff's ineligibility in light of the erroneously provided notice informing the plaintiff that he was eligible for FMLA leave on February 20, 2018

Coupled with the documented fact that they sent AZDES the same legal documentation given to the plaintiff   This is simply another attempt at Fraud

WH832 Notice of Designation (Family Medical Leave Act) WH832 Notice of Designation (Family Medical Leave Act)  as supporting documentation that he was in fact on FMLA medical leave and unable to work.  The court to apply a three-part test adopted in an earlier decision of the 5th U.S. Circuit Court of Appeals:

. "An employer who in this case had the intent to deceive or makes what defense counsel claims is an error or makes a definite but erroneous

representation to [an] employee that he is an 'eligible employee' and entitled to leave under FMLA, and has reason to believe the employee will rely upon it, may be estopped to assert [prevented from asserting] a defense of noncoverage and or eligibility of FMLA and the protection of any and all employee rights under FMLA.  If the employee reasonably relies on that representation and takes action thereon to his r detriment."

The court must  concluded that the first element of the test, an "erroneous representation," was clearly satisfied by the written notice and emails sent from Velocity HR Director, Shauna Coleman, indicating the plaintiff was eligible for FMLA leave.

Secondly, the element, foreseeable reliance on these representations and communication, was likewise met because Velocity was aware the plaintiff had suffered a serious medical condition, they acknowledged it, and upon his anniversary, date approved him for unpaid FMLA medical leave.

The plaintiff would have made or could conceivably have made alternate arrangement had he known he was not eligible for FMLA-protected leave.

 As to the third element, as long as the results of their deception meant that it would interfere and prevent the plaintiff from obtaining any such benefit he was entitled to or adverse negative adjudications.  The court should completely disallow this tactic as the defendants used FMLA on multiple occasions and to multiple agencies as a means of deceit and deception.

. The defendants did not and have not submitted any factual undisputed evidence to counter any of the exhibits and the record shows that they did not intentionally appear at any of the appeals that were conducted solely because of claims, they made against the plaintiff.

 It stands to in support of the five (5) such appeals filed by the plaintiff were overturned, ruled in favor of the plaintiff, changed or dismissed.

Each and every false claims and allegations by the defendant were proven to be false or fabricated specifically to stall, deceive the court, hurt the plaintiff in some form or fashion, and most of all in violation of the law whether it be civil or criminal, whether it was federal, state, or local laws, Velocity had to discretion and did so on a continuous basis just as they are now.

You also have to consider that each of the appeal hearings in the past year, the defendants failed to appear at all of them.

Specifically , as a matter of law, the plaintiff relied on the notices and communications  given by   Velocity that stated FMLA policy was that an employee had to have one year's service in order to be eligible for FMLA leave.  However, they at all times had other deceitful intent for the plaintiff and the use of FMLA.

.As the exhibits clearly illustrate he was granted and on approved FMLA leave from velocity when he was terminated and at the time Velocity made a false claim to AZDES claiming he was unable to work.

. In addition, if any of the false claims can be remotely believed, (which they cannot) Any person who goes on approved FMLA, then files for unemployment against an organization that claims he is still employed, then accepts a position with another organization, as a result the employer finds out and makes a claim of unsubstantiated fraud, should in fact go to jail or prison (if it is true).

However, if it is the events that has occurred between the plaintiff and Velocity where each of the claims were known to be false estoppel should be applied

.

*Byrd v. City of Houston*, S.D. *Texas No. 18-cv-778 (Jan. 29, 2019)*.

- 18 -

**. Fraudulent intent:** The document required under the FMLA are important legal documents and must be prepared with the utmost care and attention to detail.  It is clear that Velocity intended to use FMLA in a manner that was for interference and retaliation against the plaintiff and not for the purpose, it was intended.  They repeatedly manipulated them at any time in a negative manner and did so to gain negative advantage and each time they used FMLA it was in their minds chose the option most damaging to the plaintiff, whether it was on FMLA or ineligible for FMLA.  Documents already submitted by the plaintiff that was entered as evidence in appeals from false allegations and claims, voluntarily made and submitted by the defendants, that claimed that the plaintiff was one unpaid approved FMLA medical leave that were made to him in the form of emails prior to February 2018 thru May 15, 2018.

In addition, the defendants in making false allegations that the Plaintiff was unable to work because he was on unpaid FMLA medical leave.  In this false claim, the defendants went into the Plaintiffs' confidential medical file that they maintained and sent, without being asked in support of the false claim, WH832 Notice of Designation (Family Medical Leave Act) WH832 Notice of Designation (Family Medical Leave Act) they had filed out and then sent this as supporting documentation that he was in fact on FMLA medical leave.

This document showed the dates that matches the email sent by Velocity that clearly states that his FMLA leave would begin on February 20, 2018 thru May 15, 2018

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply):

☑ Contact Shauna Coleman at _____ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, i.e. if out of pocket, we may pay your share of the premiums during FMLA leave, and recover those payments from you upon your return to work.

You will be required to use your available paid ____ sick, ____ vacation, and/or ____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ____ have ____ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every ____ (indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave.

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

    ____ the calendar year (January – December).

    ____ a fixed leave year based on ____

    ____ the 12-month period measured forward from the date of your first FMLA leave usage.

    ☑ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on ____

- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ sick, ____ vacation, and/or ____ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

    ____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to ____ available at ____

    ____ Applicable conditions for use of paid leave:

FMLA leave will begin on February 20, 2018.

12 Weeks of FMLA extends through May 15, 2018.

A recertification is required by the employee prior to May 15, 2018.

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

____

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617, 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Page 2                                                                                     Form WH-381 Revised February 2013

Exhibit B-05

Again, this document was filled out by Shauna Coleman Velocity HR Director, the highest-ranking HR employee in the organization.

This document was used and matches the negative adverse determination made by AZDES where Velocity called them and first made the claim of unable to work.

This document matches the same dates of May 15, 2018 as the duration dates of approved FMLA medical leave document and was the document used to make the negative adjudication against the plaintiff.

**General Adjudication**

UB-098     Claimant SSN   361 56 1008 0

Issue: Abic

Basis:
ABILITY TO WORK

Base Period Separation: No

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB-100

Additional Text:

CLMT WRITTEN STATEMENT
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1.53PM PHN: 916-870-4960, T/C WITH CLAIMANT.

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18

Exhibit # 07

- 21 -

Velocity conspired to deceive AZDES into believing the plaintiff was on Velocity approved unpaid FMLA medical leave.  They did this because; it would prevent him from obtaining unemployment benefits.  They also made this claim, to compound, complicate, make it harder to unravel, or disprove in addition to putting multiple obstacles in his path to get entitled benefits.

After they had terminated him, just a few after they had filed their first fraudulent claim that the plaintiff was still employed, covering up the fact they had done so, while he was on FMLA.

of  By asserting this fraudulent statement/document  at this stage, claiming that the first date of notification was February 8, 2018 as well also claiming and " admitting Velocity made what he now calls "errors" in administering and eligibility of FMLA, which are both lies.

These were not errors nor were they mistakes, they were conspired calculated cover-ups of intentionally violations of FMLA that began the day after the Plaintiff reported his serious medical condition and was directly connected to the retaliation against him.

However, there are already issues of intent to commit fraud.  Velocity had already received per their request, documentation from the plaintiffs' physician, back in December 2017 that the plaintiff was approved to return to work on March 22, 2018.

They had in their possession at the time of this false claim both documents and conspired and sent the FMLA document to interfere in unemployment benefits and intentionally failed to send the factual document.

Documented proof that they had this document is the fact that as part of the plaintiffs legal request for copies of his complete employment file,

1  instead of Velocity responding, instead they sent the documents "
2  **"unencrypted as required by law"**   to Ogltree Deakins attorney
3  Christopher Meister, who then sent via email both what he calls
   "personnel records and confidential medical records on  page 11 in a
4  document completed by his physician, it clearly shows the return to
5  work date of 3/22/2018

6

7  **Attending Physician's Statement**
   1. Patient's Name  Garrison Jones                    Date of Birth Redacted
8  2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)
   _stroke ( L PCA, R PCA) w/ residual LUE weakness b/l visual_
9  _deficit_
   3. a) Date of First Treatment            11/22/2017
10    b) Date of Most Recent Treatment      12/21/2017
      c) Frequency of Treatments            2-3/week
11    d) Type of Treatment Rendered         physical therapy
      e) Is surgery scheduled? If so, when?  n/a
12 4. The patient has been continuously Totally Disabled (unable to perform regular job) from ___ to ___
      The patient has been continuously Partially Disabled (some restrictions or light duty) from  11/22/2017 to 3/2
13    If the patient is still disabled, when should the patient be able to return to work?  re-eval 3/22/2018
   5. Remarks or Comments:  _pending further PT/aeuro rehab, then ophth/neurology_
14
   6. List Restrictions and Limitations:  _visual impairment weakness require Fmw'kr_
15 _or bclt/ba/n_
   7. Physical Impairment:
16    Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
      Class 2 – Medium manual activity (15 – 30%)
      Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
17 **15.**  Class 4 – Moderate limitations of functional capacity, capable of sedentary/related activity (60 – 70%)

18 His admission that the defendants Velocity knew that they had violated
19 the rights of the plaintiff as it relates to FMLA eligibility and had no
20 other way other than now claiming he was ineligible for FMLA.
   However, now they are claiming it was an error on the part of Velocity
21 but in fact shows their original intent as they made a definite erroneous
22 representation to an employee that he was in fact on FMLA and entitled
23 to leave under FMLA.  Velocity at this point cannot claim estoppel to
   asset or prevent a claim or defense of non-coverage/eligibility because
24 not only did the plaintiff rely on the communication from Velocity but it
25 was Velocity who sent documents to filed the second employer protest
26 with AZDES and made the same assertion that was relied upon by
27 AZDES as well, that he was in fact on FMLA.  The act was not
   erroneous but was   Velocity was so involved in the conspiracy of fraud
28

1 that as their history shows they will use anything at their disposal to
2 commit fraud and use it in the misrepresentation and deception of the
3 factual truth of the matter.

4 To add of all of the other exhibits is an email from HR Director, Shauna
5 Coleman, on May 15, 2018 where they are continuing the cover-up and
6 charade/deception; she is now alerting the plaintiff that his FMLA has
7 been exhausted.  Via email.

8
9   garrison.jones@outlook.com

10  **From:**      Shauna Coleman <shauna.coleman@velocitycloud.com>
    **Sent:**      Tuesday, May 15, 2018 3:59 PM
11  **To:**        Garrison Jones
    **Subject:**   Re: FMLA - Garrison Jones

12
13  Good Afternoon Garrison,

14  We have repeatedly informed you that your employment has not been terminated by Velocity. To
    knowledge, you remain an employee on leave which is why you are continuing to receive medica
15  vision, dental, FSA, LTD, STD, basic life insurance, and AD&D benefits from Velocity. If you have
    decided to end your employment, please let us know the effective date of your resignation.

16  If you have not resigned, you have exhausted your FMLA leave as of today, May 15, 2018. You h
    indicated that you have a doctor's appointment on May 20, so please promptly provide us
17  documentation from your healthcare provider regarding your ability to return to work, and any
    restrictions or potential accommodations you may have or would like to discuss after that
18  appointment.

    16.

19
20  17.      This communication is **equally disturbing** as they knowing
21           that they have grossly interfered in his rights under FMLA, where
         he was terminated, and then had his confidential medical records
22       sent to FMLA, yet Velocity with this email has committed the third
23       such interference of fraud of FMLA.  They are now saying that
         after 12 weeks his FMLA period is exhausted.
24

25 All these events occurred before the first appeal filed by the plaintiff
26 where Velocity claimed he was still employed.

27
28

1
2
3

The court again needs to be aware it was Velocity who filed this protest, gave the court of appeals a phone number to call at the date/time of the hearing, and was given advance notice of the hearing date/time.

4
5

On the date of the hearing, Velocity failed to appear and also failed to answer the phone number they gave to the court to contact them.

6
7
8
9
10
11
12

However, on the same day, Velocity faxed over the same document they sent AZDES in April 2018, hoping that if it worked the first time, it would also work a second time.  The made the assumption that the court of appeals could interpret the document anyway they wanted as long as it was in their favor.  They avoided appearing and offering any testimony or offered this exhibit to be put into evidence.  This tactic failed.

13
14
15
16

At the time of the hearing and in the months between March 15, 2018 and the hearing date, Velocity had no knowledge on the email received by the plaintiff stating "he **was no longer an employee of Velocity" and that he had been terminated"**

17
18
19
20
21
22
23
24
25
26
27
28

1    **18.      COUNT 7Third FMLA interference March 15, 2018**
2          **termination**

3

4

5

6
                    garrison.jones@outlook.com
7
                    From:          Susan Holtapp <susan.holtapp@velocitycloud.com>
8                   Sent:          Thursday, March 15, 2018 8:09 AM
                    To:            Chance Veasey
9                   Cc:            Garrison Jones
                    Subject:       Garrison Jones
10
                    Chance.
11
                    I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record
12                  remains in ADP reporting to Michael B.  Please let us know if Michael or myself have open action item to
                    release Garrison.
13

14                  Regards,
                    Susan
15
                    **Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
                    Sr. Practice Director Professional Services, Infor Line of Business
16   **19.**

17

18   As illustrated in the email above, whether it was a mistake or intentional,
19   it clearly shows that Garrison Jones was cc (copied) on the email and it
20   did not go to his corporate email account, it went to his personal email
     account.
21

22   This is because even though his access was revoked, there were still
23   some serious configuration issues that failed as he received this email
24   when he was not supposed to and continued to receive email in his
     personal email account for over 9 months from Velocity.
25

26   Even after the Plaintiff contacted Velocity both the HR Director, Shauna
27   Coleman and General Counsel communicated back that the Plaintiff was

28

1  on "approved unpaid FMLA medical leave" and had not been
2  terminated.

3  ### Fourth FMLA interference March 19, 2018
4

5  It is interference when an employer continuous to make statements that
6  are in contradiction of the event and done with the intent to deceive or
7  defraud.

8

9  **garrison.jones@outlook.com**

10
| | |
|---|---|
| **From:** | Chris Heller <chris.heller@velocitycloud.com> |
| **Sent:** | Monday, March 19, 2018 8:36 AM |
| **To:** | Garrison Jones |
| **Cc:** | Shauna Coleman |
| **Subject:** | RE: Employment Status - supporting Documentation - unanswered request Feb 24.2 |

11
12
13

14

15  Garrison,
   You are a Velocity employee that is currently on unpaid leave pursuant to the Family and Medical Leave Act.

16
17  **Chris Heller | SVP & General Counsel |** Velocity Technology Solutions, Inc.
   o 704.593.3423| m 816.678.5162 | f 703.935.4308 |

18

19  20.        **From:** Garrison Jones <
20

21  Unaware of the email and both under the assumption that since the
22  plaintiff had no access to email and access to other Velocity employees
   that they could terminate him and as they did assume they had
23  **Plausible deniability"**   So the plaintiff knew that both were lying and
24  involved in a conspiracy to cover up this fact.

25
26  Yet this is the fourth such communication that the plaintiff was on
   "unpaid leave pursuant to the Family Medical Leave Act as of March 19,
27  2018

28

- 27 -

1 Now, this illustrates that even though they have committed fraud,
2 terminated the plaintiff,  they still are deceiving the plaintiff who at that
3 time, did not know Velocity had made false allegations of unable to
4 work to AZDES and for sure, Velocity.

5 Within a span of 90 days, the defendants had made and filed three false
6 allegations to AZDES.  Then as illustrated, when they had the
7 opportunity to go on the record and appear at the first appeal hearing,
  they intentionally failed to do so.
8
9 On March 15, 2018, he received and an email in his personal email
10 account from Susan Haltopp, Senior Director of Infor Practice, that was
  also sent to Chance Veasey Senior Vice President, Infor Practice.
11
12  That email was a recap of a previous conversation that stated Garrison
13 Mr. Jones was no longer a Velocity employee, and that he was looking
14 for direction on removing him from the ADP reporting and payroll
  system.
15

16

17

18 **garrison.jones@outlook.com**

19 | | |
  |---|---|
  | **From:** | Susan Holtapp <susan.holtapp@velocitycloud.com> |
  | **Sent:** | Thursday, March 15, 2018 8:09 AM |
20 | **To:** | Chance Veasey |
  | **Cc:** | Garrison Jones |
  | **Subject:** | Garrison Jones |
21

22 Chance,

23 I understood from our last exchange that Garrison Jones was no longer employee of Velocity.  His record
  remains in ADP reporting to Michael B.  Please let us know if Michael or myself have open action item to
24 release Garrison.

25 Regards,
  Susan
26
  **Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
27 Sr. Practice Director Professional Services, Infor Line of Business

28

- 28 -

1   At that time, he knew he was not supposed to receive this email as after
2   he had filed a lengthy complaint with human resources in January 2018,
3   where he was asked to provide proof and supporting documentation of
    his claims of racial harassment, sexual harassment, intimidation, and
4   retaliation, on January 15, 2018.

5

6   On Jan 16, he began to forward this information to HR Director Shauna
7   Coleman.  After seeing that the information was damaging to Velocity,
    his access to his Velocity email was revoked, claiming he was "working.
8   He was simply providing Velocity with the information they requested.

9

10  On January 17, 2018, he received and email from Coleman, stating that
    any further communication would be sent to his personal email address
11  on file.

12

13

14      21. **Michael Baldwin | Senior Manager, Professional Services |** Velocity Technology Solutions,
            Inc.
15              •    612-333-9859| m  760.716.6613 | www.VelocityCloud.com
        22.

16

17

18  He even ignores Velocity confidentiality statement of confidential and or
19  protected by privilege and still openly release this information.

20
    Information was only contained in his FMLA application and medical
21  certification, which pursuant to 29 C.F.R. § 825.500(g) was to be kept
22  confidential.

23

24   As a result, Mr. Jones' honestly does not know the number of individuals
25  who /employees who have now became aware of **Mr. Jones**'s serious
26  health condition.  The number is estimated at over 40 different
    employees or individuals.
27

28

1  The unauthorized disclosure of and about Mr. Jones' serious health
2  condition, which has caused to alter the terms and conditions of his
3  employment as well intentionally violated his rights to privacy
   provisions under HIPPA and FMLA.
4

5  Under the FMLA, the Defendant was required to keep Mr. Jones's PHI
6  Confidential and was prohibited from disclosing Mr. Jones's PHI.

7   If an employee takes leave under the FMLA, co-workers may only be
8  told that the employee is taking leave.  However, the Defendant
9  disclosed Mr. Jones's PHI to his coworkers without Mr. Jones's knowledge
10 and or authorization.

11  Mr. Jones has demanded the Defendant take corrective action but none
12 has was taken and it was completely ignored by the Defendants.

13

14  As a result, the Defendant intentional reckless conduct the plaintiff
   claims that Velocity  interfered with .his 's rights under the FMLA and
15 has caused, and continues to allow, Mr. Jones who already had been
16 subjected to a racial hostile work environment as well as the continued
17 harassment, intimidation that he was subjected to before he suffered a
18 stroke.  The defendants have repeatedly used whatever means they had
   available to them to harass, intimidate and discrimination against the
19 plaintiff and now the feel that his personal PHI and serious medical
20 condition is not off limits or personal and openly disclosed this
21 information throughout the organization for multiple reasons but mainly
22 because he was black and that he refused to participate in unethical,
   illegal and criminal activities being committed by Velocity executives
23 and employees
24     23.        .
25 The Defendant is liable for damages under the FMLA guidelines for
26 violation of confidential medical information.
27  .
28

**COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")-INTERFERENCE FAILURE OF NOTIFICATION OF FMLA ELGIBILITY**

24.    The plaintiff alleges and claims Velocity intentionally violated FMLA by failing to notify him of his FMLA eligibility status within   five (5) business days of receiving as required and mandates by FMLA regulations.

25.    .Mr. Jones suffered a serious medical condition (major stroke) on November 17, 2018.  It was reported his immediate manager, Michael Baldwin on November 18, 2018 and relayed directly to HR Director, Shauna Coleman, who acknowledged this notice on Monday November 20, 2017.

The Plaintiff hereby incorporates Paragraphs **29 thru** in this Count by reference as though fully set forth below.

 Mr. Jones informed the Defendant of his need for leave for his own serious health condition on November 18, 2017.

 The Defendant determined that Mr. Jones was eligible and approved his leave under the FMLA on February 20, 20018 upon his one (1) year anniversary.

 As a result, Mr. Jones from the moment of his notification of his serious health condition  November 18, 2017, he was is entitled to all of the rights of privacy and disclosure, benefits and protections of the FMLA, including the Defendant's duty to keep his PHI confidential, they intentionally failed to do so and as a result violated confidentiality provisions of FMLA by disclosing the specific medical condition he suffered to multiple individuals within velocity as well as it developed interference on the part of the defendants on a continuous and fraudulent path in his rights under   that were intentionally misrepresented,

1   withheld , altered and used against him from November 2017 until .this
2   day.

3    The Defendant breached this duty and thus interfered with Mr. Jones's
4   rights under the FMLA by disclosing his PHI without his consent.

5

6   Mr. Jones engaged in activity protected by the FMLA when he informed
7   the Defendant of his need leave due to his serious health condition,
    including the disclosure of the nature of his serious health condition.
8

9    A more than causal connection exists between Mr. Jones's request for
10  FMLA-protected leave and the illegal disclosure of his PHI prior to and
    after FMLA application and medical certification.
11

12  The Defendant Velocity intentionally interfered in his rights of FMLA
13  and as a result denied Mr. Jones a benefit to which he was entitled under
14  the FMLA.  To: to maintain his FMLA application and medical
    certification in accordance with 29 C.F.R. § 825.500(g).  were violated
15  and interfered with by Velocity from the mandated notice of eligibility
16  notification period, to include forgery of FMLA documents, release of
17  FMLA confidential medical information, disclosure of specific FMLA
18  medical conditions, violation of confidentiality and use of FMLA as a
    means of retaliation and harassment.
19

20  As a result of the above-described violations of FMLA, Mr. Jones has
21  been damaged by the Defendant in the nature of lost employment, future
22  employment, black listing, front pay equal to his level of experience,
    benefits and other compensation and is entitled to recover actual
23  monetary losses, interest at the prevailing rate  front pay, back pay
24  liquidated damages and treble pay for the intentional acts of deliberate,
25  calculated of fraud, forgery in connection to the  interference  by the
26  defendants Velocity Technology solutions.  Each act as defined in this
    complaint was done willfully, intentionally with outrageous, false
27  allegations and was done with deliberate indifference to the
28  consequences of their actions.

It is clear that these acts were intentionally to harm the Plaintiff and to interfere and retaliate against him for exercising or participating in defined protected activities as well as his refusal to participate in illegal criminal activities of Velocity employees and executives, that would make him equally liable and guilty of major federal, state and local criminal and civil statues.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") – RETALIATION

The Plaintiff hereby incorporates by reference Paragraphs 1-28 and 30-35 in this Count by reference as though fully set forth below.

Mr. Jones engaged in several activities that were ongoing from January 2018 thru June 2018

At the time of his termination on March 15, 2018, none of them had been resolved and as such was protected activities under/by FMLA provisions and regulations.

Mr. Jones had filed a number of complaints related to his employment at Velocity.
>	Hunan Resources complaint – January 2018
>	EEOC Complaint February 2018
>	Workers Compensation complaint February 2018
>	Arizona Civil Rights complaint February 2018

Velocity by the end of February 2018 had been served by these agencies with three complaints by the Mr. Jones.

Mr. Jones was legally entitled to file these complaints and at all times, he was engaged in protected activities in doing so.

There was a direct connection with the engaging in these protected activities and the adverse employment decision made by Velocity, who terminated the plaintiff on March 15, 2018

. There is more than a causal connection that exists between Mr. Jones's requests for FMLA-protected leave, the engagement of a protected activity, i.e. his refusal to participate in the illegal criminal activity of Velocity executives and employees from June 2017 thru November 2017, the complaint he filed with HR in January 2018 , the retaliation against him for filing and EEOC complaint  filed in February 2018 case Charge Number 540-2018-01834 and EEOC Charge Number  440-2018-05157 and EEOC  Charge number , 35A-2018-00231

 All the retaliation occurred because he engaged in the statutorily protected activity and after he had been granted and approved of requesting FMLA leave.

As a result of the above-described violations of FMLA, Mr. Jones  has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate, front pay as the plaintiff was grossly under paid for his experience level compared to the white employees in the organization all with less than 1 year of experience in Infor/Lawson Supply Chain experience, compared to the 27 years of experience of the plaintiff.

Employment offers to the plaintiff proves his ability to command salaries more than 30 percent above his salary at Velocity of $160,000.00 per year compared to the $140,000 per year he was paid at Velocity.  In addition, liquidated damages.

## COUNT III – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") - notification of FMLA Eligibility

The plaintiff alleges and claims Velocity intentionally violated FMLA by failing to notify him of his FMLA eligibility status within   five (5) business days of receiving notification of the initial request for leave or when the employer acquires knowledge that an employee leave may be for an FMLA-qualifying reason;   Employer must • Inform the employee of his or her eligibility status; and • If the employee is determined to be not eligible for FMLA leave, state at least one reason why.  Velocity did not do any form of notification on eligibility despite claiming that they would in December 2017 and failed to do so until January 23, 2018 exactly 66 days after the acknowledged plaintiff had suffered a serious health condition and 61 days after he was supposed to receive notification of FMLA eligibility status.

To further add, on August 14, 2020 the defendants counsel from Ogltree Deakins filed in opposition to the courts order of August 14, 2018  Dkt 35 Page 2 at 15 thru 25, counsel makes a ridiculous claim on FMLA eligibility.  By asserting this fraudulent statement at this stage is admission that the defendants Velocity knew that they had violated the rights of the plaintiff as it relates to FMLA eligibility and had no other way other than now claiming he was ineligible for FMLA.  However, now they are claiming it was an error on the part of Velocity but in fact shows their original intent as they made a definite erroneous representation to an employee that he was in fact on FMLA and entitled to leave under FMLA.  Velocity at this point cannot claim estoppel to asset or prevent a claim or defense of non-coverage/eligibility because not only did the plaintiff rely on the communication from Velocity but it was Velocity who sent documents to filed the second employer protest with AZDES and made the same assertion that was relied upon by AZDES as well, that he was in fact on FMLA.  The act was not erroneous but was   Velocity was so involved in the conspiracy of fraud that as their history shows they will use anything at their disposal to

commit fraud and use it in the misrepresentation and deception of the factual truth of any matter.

In the case of FMLA, Velocity has used FMLA as the mechanism of interference as they have wavered on both sides of FMLA, approval and ineligible and changes their position at a moment's notice and makes the choice as long as that choice is to deceive and gain them the advantage on the issue.  It is obvious that then and now has intent to deceive the court into believing the plaintiff was ineligible for FMLA because now it is to their advantage to do so.  However, this contradicts, previous communication from Velocity in the form of emails, FMLA documents and statements made to the Plaintiff, AZDES and to the AZ Court of Appeals that he was on approved unpaid FMLA.  The time span of the communication is over a period of five (5) consecutive months, from the email messages sent by Velocity HR Director, Shauna Coleman in February 2018 where he outlined the date Plaintiff was to be eligible for FMLA, the duration of FMLA, May 15, 2018.

If this were a simple error in calculation, it would have been caught early on.  However, that is not the case.  The events that were imitated by Velocity between February 2018  where Velocity made several documented assertions and claims that he was on FMLA and even on May 15, 2018 they continued the charade of FMLA sending communication to the Plaintiff that his FMLA had been exhausted.

This is connected to the cover-up of his termination while on FMLA and it shows they were counting down the dates, despite all of the other events that were occurring during that time.  They had to continue to cover-up the termination, ignoring the fact that they

Filed an employer protest that he was still employed.  Velocity Filed another employer protest that he was on FMLA an unable to work was clearly and act of Interference. **Velocity did not let the ink dry from the false employer protest days** before they filed another false claim

when they made these accusations and sent FMLA documents in support thereof.

The court should be aware that an employer who with intent to deceive makes a definite but erroneous representation to [an] employee and others that he is an 'eligible employee' and entitled to leave under FMLA, and has reason to believe the employee will rely upon it, **may be estopped to assert [prevented from asserting] a defense of noncoverage**, if the employee reasonably relies on that representation and takes action thereon to his detriment."

Velocity cannot rely on the plaintiff's ineligibility in light of the erroneously provided notice informing the plaintiff that he was eligible for FMLA leave.

The application of a three-part test id applicable as adopted in an earlier decision of the 5th U.S. Circuit Court of Appeals: "An employer who without intent to deceive makes a definite but erroneous representation to [an] employee that he is an 'eligible employee' and entitled to leave under FMLA, and has reason to believe the employee will rely upon it, may be estopped to assert [prevented from asserting] a defense of noncoverage, if the employee reasonably relies on that representation and takes action thereon to her detriment."

The court can concluded that the first element of the test, an "erroneous representation," was clearly satisfied by the written notice indicating the plaintiff was eligible for FMLA leave.  The second element, foreseeable reliance on the erroneous representation, was likewise met because the Velocity  was aware the plaintiff was requesting the leave  and could conceivably he could have taken alternate steps to and arrangements f to address his serious health condition had he  known he was not eligible for FMLA-protected leave.

As to the third element—that the plaintiff reasonably relied on the erroneous information.  The court should see that the entire FMLA assertions and claims by Velocity was and is a systematic conspiracy to

interfere in the plaintiffs rights as it relates to him exercising and taking FMLA leave.

The he court should reject any such argument, notions, pleadings, and or responses from the defendants and their counsel that remotely says otherwise, as a matter of law.

The plaintiff   relied on the notice given by Velocity that he would be eligible for FMLA upon his one (1) year anniversary of Feb. 20, 2018 had to have one year's service in order to be eligible for FMLA leave. Byrd v. City of Houston, *S.D. Texas No. 18-cv-778 (Jan. 29, 2019).*

## COUNT IV– VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") - FRAUD

Plaintiff alleges and makes the claim that the defendants (Velocity) conspired to violate these rights under FMLA by committing fraud in connection to his rights under FMLA.

Velocity and specifically human resource director, Shauna Coleman, the highest ranking HR individual in the organization, committed fraud against the Plaintiff in exercising his rights under FMLA on multiple occasions.

Velocity between April 24, 2018 and May 5, 2018 contacted AZDES and filed a false employer protest with the intent of fraud using FMLA and FMLA legal documents knowingly making a false claim that the Plaintiff was physically unable to work because he was on approved unpaid FMLA Leave.

They submitted two (2) different altered FMLA documents to AZDES in support of this false claim and allegation.

One of the fraudulent documents was a document that clearly was altered to show two (2) different dates of notification of serious health condition, Feb 8, 2018 and original date of Nov 18, 2017.  The date the

Plaintiff notified and Velocity acknowledged notification of his condition was November 18, 2017.

The date of Feb. 8, 2018 was he date the Plaintiff returned Certification from his physician that Velocity requested he have her, complete per FMLA regulations and procedures.  It was not notification of anything, it was the intent of Velocity to alter this date to deceive others into believing eighty nine (89) days had elapsed before the plaintiff notified Velocity that he had suffered a serious health condition and was then requesting FMLA leave, which is false.

## COUNT V – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") - FORGERY OF DEPARTMENT OF LABOR FMLA CERTIFICATION DOCUMENTS

The plaintiff and alleges that the defendants conspired and executed forgery of Department of Labor Certification documents and sent these documents to AZDES and to the Arizona Court of Appeals in Arizona Appeals on or around April 24, 2018 falsely claiming that the plaintiff was on FMLA, even after he was terminated on March 15, 2018 to interfere in the administration of entitled unemployment benefits by claiming he was "**unable to work**"  by intentionally manipulating legal FMLA documents specifically the  WH832 Notice of Designation ( Family Medical Leave  Act)

In support of this false allegation/claim, the defendants interfered in the rights under FMLA by sending AZDES the forged documents where they listed the return to work date as May 15, 2018 to match the adjudication made by AZDES.  Plaintiff was not under any doctors' care as his physician had approved him to return to work as of 3/22/2018.  It was in a call from Velocity where they made the claim he was under a doctor's care, in fact the plaintiff had completed all of scheduled rehab a month earlier and had begun looking for employment since he was terminated.

The defendants knew this was true, as they had request his physician to complete a "Continuance of Disability form in December 2017 for Short Term Disability Lincoln Financial Group, the organization who administers STD for Velocity.

They had in their possession this document at the same time they sent the forged FMLA document to AZDES but instead of sending this document, they sent the FMLA document.

This was not a mistake, it was intentionally done.  The intent of the defendants was not to show he was able to work and did so by using the FMLA Certification documents.

26.	As a result, AZDES made a negative adverse decision based on the forged FMLA document and denied benefits to the plaintiff.

**COUNT VI – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") –Interference**

It is clear this is the second consecutive interference n as any days by the defendants in a matter of 3 days that they voluntarily reached out to AZDES, conspired to alter these documents and send them to AZDES and the Arizona Court of Appeals.

The plaintiff after he was terminated in March 2018 began to look for employment, waiting on the first appeal scheduled for June 22, 2018.

He received multiple offers from several organizations.  Since he had been illegally unlawfully terminated, he had no barriers to stop him from seeking gainful employment.  At the time, he was unaware of the false claim of "unable to Work" by Velocity.  This in part was AZDES and Velocity.  He simply was waiting on the appeal hearing of June 22, 2018.

However, he received offers on a weekly basis since he was cleared to return to work.

The plaintiff went back to work for another organization on June 25, 2018, just three days after the appeal hearing they lost and failed to appear.
The plaintiff was attempting to move on with his life and distance himself from the worst work experience of his life and career.

Yet Velocity as they have done time and time again, being the vindictive organization, saw an opportunity to again hurt the plaintiff and proactively contacted AZDES and this time, claimed that the plaintiff was working and collecting un benefits at the same time.  In actuality, he had not received a dime.

Velocity who was actively stalking him, found out whom he was working for and where.  They immediately did what they typically do is make a false claim.

Nevertheless, the made this false claim and induced AZDES to file a fraud claim against the plaintiff based on this information from Velocity. What Velocity intended was for AZDES, to contact law enforcement and charge the plaintiff with a felony in Arizona to again, interfere in his ability to collect entitled unemployment benefits of $240.00 per week that would be charged to Velocity.

Their intent was to subject him to the criminal justice system that they know is impartial to blacks whether they are innocent or not.  Just to get him in that system was their intent.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages, benefits lost and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), such other legal or equitable relief as may be appropriate  costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

**DEMAND FOR JURY TRIAL**

The Plaintiff Garrison Mr. Jones, , and demands a jury on all issues
triable of right by a jury in this action.

Respectfully submitted,
Dated: September 1, 2020
Garrison Mr. Jones
(Plaintiff Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on September, 1, 2020, I am officially filing the
foregoing complaint per the ruling by the court in case number 2:19-cv-
02374 KJM-EFB (dkt 77777) where the court in its ruling on
@@@@@@@ dismissed without prejudice the claims in this new
complaint against the same defendants and with the stipulation "without
prejudice" plaintiff is refiling those claims in the new complaint with the
Clerk of Court for the Eastern District of California.

I further certify that I mailed the foregoing document and
the notice by first-class mail to the following non-CM/ECF participants:
None.

Dated: September 1, 2020                    GARRISON.  JONES


_____,
Garrison Mr. Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.Mr. Jones@outlook.com

- 42 -