ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant VELOCITY
TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>         Plaintiff,<br><br>    v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>         Defendants. | Case No. 2:19-cv-02374-KJM-EFB<br><br>**DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)**<br><br>Date:              October 29, 2020<br>Time:              10:00 a.m.<br>Place:             8<br><br>Complaint Filed:  November 25, 2019<br>Trial Date:           None Set<br>Magistrate Judge:  Hon. Edmund F. Brennan<br>District Judge:      Hon. Kimberly J. Mueller |

TO PLAINTIFF GARRISON JONES:

NOTICE IS HEREBY GIVEN that on October 29, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 on the 13th floor of this court, located at 501 I Street, Sacramento, California, 95814, or as otherwise ordered by this Court, including by remote means if so ordered, Defendant Velocity Technology Solutions, Inc. ("Velocity") will and hereby does move for an order dismissing Plaintiff Garrison Jones's Complaint for Civil Damages [DKT 1] and/or "FMLA Lawsuit refiling of dismissed claims without prejudice" (hereinafter referred to as

44357889_1.docx

the "First Amended Complaint" or "FAC") [DKT 41] pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6).

Velocity asserts that this Court has grounds to dismiss the Complaint and the FAC[1] pursuant to Federal Rule of Civil Procedure 41(b) and 12(b)(6).  First, Plaintiff has repeatedly failed to comply with and has disregarded the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and the Orders issued by this Court in this matter.  Most egregiously, Plaintiff has violated this Court's July 31, 2020 Order instructing Plaintiff to elect whether to "proceed with the cognizable [FMLA] claim or file an amended complaint."  Plaintiff did both instead, necessitating this response.  [See DKT 30 and 41.]  Plaintiff also filed additionally spurious papers with this Court [See DKT 39, 40 and 42], overloading this Court's docket and necessitating responsive pleadings from Velocity.[2]  Should this Court determine that the FAC is now the operative pleading, however, Velocity asserts that the factual allegations of the FAC fail to state a claim for relief and must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The FAC contains documents that cut to the heart of Plaintiff's FMLA claims, contradicting the very "interference" he alleges and foreclosing the possibility of prevailing on those claims.

Accordingly, Velocity submits that this Court should enter an Order dismissing Plaintiff's Complaint [DKT 1] and the improperly filed (and thus ineffective) First Amended Complaint [DKT 42] with prejudice pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, dismissing the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) This motion is based

---

[1] As discussed within, Velocity rejects the position that the FAC is the operative complaint in this matter because Plaintiff first elected to accept the remaining cognizable FMLA claim in the Complaint. [DKT 31.] To the extent this Court determines that Plaintiff *could* file an FAC in spite of his earlier election, Velocity maintains that the FAC is premature because the Court has not yet ruled on Velocity's objections to the Court's earlier Findings and Recommendations. [See DKT 29, 34, and 35 respectively.] Velocity addresses the adequacy of the FAC under Rule 12(b)(6) only to prevent a potential argument that it is in default with respect to the FAC.

[2] Plaintiff has filed several other papers in violation of the rules of civil procedure governing this case, including the previously rejected Motion for Costs [DKT 6] and Motion for Default [DKT 8, 18].  Plaintiff also filed five different "oppositions" and "responses" to Velocity's Motion to Dismiss [See DKT 13, 15, 20, 22, and 23].  Such filings are harassing and may be cause for a vexatious litigant designation by this Court pursuant to Local Rule 151 adopting the vexatious litigant standard enumerated at California Code of Civil Procedure § 391(b)(3) which provides that this court may designate Plaintiff a vexatious litigant for filing "unmeritorious motions, pleading, or other papers" and engaging "in other tactics that are frivolous or solely intended to cause unnecessary delay."

44357889_1.docx

2   Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

upon this Notice of Motion, the Memorandum of Points and Authorities in Support Hereof, all of the records on file in this case to date, and such other oral argument or evidence that may be allowed by the Court at or before the time for hearing (if any) on this Motion.

DATED:  September 25, 2020  OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:  */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.

44357889_1.docx

3   Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VELOCITY'S MOTION TO DISMISS "FIRST AMENDED COMPLAINT"**

## I. INTRODUCTION

Defendant Velocity Technology Solutions, Inc. ("Velocity") brings this motion seeking an order dismissing both the operative Complaint [DKT 1] as amended by this Court's July 31, 2020 Order [DKT 29], and the improperly filed First Amended Complaint titled "FMLA Lawsuit refiling of dismissed claims without prejudice" [DKT 41.]  Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b), which provides that this Court may dismiss any action for a party's failure to comply with the Federal Rules of Civil Procedure or local rules of court, or any court order.  In the alternative, if this Court accepts the First Amended Complaint as the new operative pleading in this matter, it should dismiss that pleading for failing to state a claim for relief because the documents offered in support of Plaintiff's claims prove that no violation of the law could have occurred.

Dismissal of this action is appropriate under Federal Rule of Civil Procedure 41(b) because after review of the initial filing in this action, this Court granted Plaintiff Garrison Jones ("Plaintiff") the option either to proceed with his surviving FMLA claim or to file an amended complaint.  [DKT 29.]  Plaintiff elected the former and memorialized this decision by filing his Notice of Election on August 7, 2020.  [DKT 30.]  On August 12, 2020, this Court accepted Plaintiff's election [DKT 31] and issued an Order Setting Status Conference [DKT 32].  Therein, the Court directed service of the Complaint via the U.S. Marshals Service and cautioned Plaintiff that "Failing to obey federal or local rules, or any order of this court, 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court,' including dismissal… L.R. 110."[3]  Plaintiff then filed a First Amended Complaint adding allegations and causes of action in direct contravention of the court's previous order and his earlier election.

////

---

[3] This Court previously cautioned Plaintiff that failure to follow these rules could result in a recommendation that the action be dismissed in its July 31, 2020 Order and Findings and Recommendations.  [DKT 29.]

44357889_1.docx

4   Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

Plaintiff's ongoing disregard of the orders of this Court, its Local Rules, and the Federal Rules of Civil Procedure can no longer be excused. Pursuant to Federal Rule of Civil Procedure 41(b), this Court can and should dismiss this action for Plaintiff's failure to conform his behavior accordingly. However, if this Court declines to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 41(b), and if the Court accepts the First Amended Complaint as the operative pleading, it should dismiss the First Amended Complaint for failing to allege facts that, if accepted as true, state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL ARGUMENT

### A. This Action Should be Dismissed Pursuant Federal Rule of Civil Procedure 41(b) for Plaintiff's Continued Failure to Abide by the Federal Rules of Civil Procedure and the Orders of this Court.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss any action or claim against it where the plaintiff fails to comply with the federal rules or a court order. FRCP 41(b). Local Rule 110 of the Eastern District of California parrots this rule, and the Court emphasized this message in its July 31, 2020 [DKT 29] and August 12, 2020 Orders. [DKT 32.] ("Failing to obey federal or local rules, or any order of this court 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court,' including dismissal of this action. L.R. 110. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with all procedural rules."). Plaintiff has failed to comply with both the Federal Rules of Civil Procedure and this Court's orders, warranting dismissal of the case.

Plaintiff has failed to comply with the federal pleading standards enumerated by Federal Rule of Civil Procedure 8. *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008); *Nasiou v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Rule 8(a) provides: "A pleading which sets forth a claim for relief…shall contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief…" Rule 8(e) similarly provides: "(1) Each averment of a pleading shall be simple, concise,

44357889_1.docx

and direct."  Plaintiff's Complaint and the FAC do not comply with these rules to provide a short and plain statement of relief.  The Complaint is approximately 40 pages in length (excluding the first 7 pages of court-issued forms for use in pro se pleadings) and as the Court has noted, its "allegations are poorly organized and difficult to follow."  [DKT 29.]  It includes several incomplete sentences and does not connect the factual allegations to the causes of action alleged.  [See, DKT 1.]  The FAC is no better.  [DKT 42.]  The substance of the FAC is longer (spanning 42 pages) and includes numerous documents offered as "evidence" of Plaintiff's allegations.  They are interspersed in the pleading and on at least one occasion, duplicated.  Plaintiff does not explain how the documents support his alleged claims or why they are relevant at all.  And the factual allegations are conclusory.  Such a pleading does not comply with Rule 8. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal with prejudice where complaint was "verbose, confusing, and almost entirely conclusory.")

Plaintiff has also failed to comply with this Court's orders in this case.  Courts have confirmed that Rule 41(b) provides the discretion to dismiss any action because of a party's failure "to comply with any order of the court…"  *Yourish v. California Amplifier,* 191 F.3d 983, 986-987 (9th Cir. 1999) (holding that plaintiff's failure to amend complaint following Rule 12(b) motion to dismiss within time permitted by court order was grounds for dismissal).

Here, Plaintiff violated the court's July 31, 2020 Order instructing him to elect whether to proceed with his surviving FMLA claim or to file an amended complaint.  [DKT 29.]  He first elected to proceed with the FMLA claim and filed his notice of election confirming this decision.  [DKT 30].  The Court accepted this election and instructed Plaintiff to proceed with service of the complaint via the U.S. Marshals Service.  [DKT 31-32.]  Then, in complete disregard of the Court's Order and his election, Plaintiff filed the First Amended Complaint (more than 30 days after the Court's order) [DKT 41], leaving the Court and Velocity to guess as to his intentions.

In deciding whether to dismiss this case under Rule 41(b), the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives."

44357889_1.docx

6   Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

*Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-1261 (9th Cir. 1992). All five factors weigh in favor of dismissal. This litigation has not moved past the pleading stage in nearly 10 months and Plaintiff's continued abuse of the rules governing this case will only further delay its resolution. This unnecessary delay impairs the court's ability to manage its docket and prejudices Velocity, which is required to respond to baseless allegations and improper papers filed with the court on a near weekly or bi-weekly basis. Dismissal is appropriate under the circumstances because this Court has already issued less drastic sanctions to Plaintiff, including the dismissal of his first complaint without prejudice, and the denial of other baseless motions, and has provided clear directions to Plaintiff about complying with its orders. [See, DKT 29 and 32, respectively.] Finally, the public policy favoring disposition of the case on its merits weighs in favor of dismissal because, as discussed below, the improper FAC does not even state a claim for relief. Rather, it presents documentary evidence that undercuts and defeats the only cognizable claim still surviving under the FMLA. Accordingly, this action should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b).

   **B. If the Court Declines to Dismiss this Action Under Federal Rule of Civil Procedure 41(b), and Determines the First Amended Complaint is the Operative Complaint, Plaintiff's First Amended Complaint Must Still be Dismissed Because it fails to Allege Sufficient Facts to Support a Claim for Relief Under the FMLA**

The FAC was not properly filed. Plaintiff filed an election not to proceed with an amended complaint [DKT 30], and he should be held to that election. Additionally, the Court has not yet ruled on Velocity's Objections to this Court's earlier-issued Findings and Recommendations ("FAR") [DKT 35], so the state of the pleadings is in flux. However, if the Court accepts the FAC as properly filed, and determines that Velocity must respond to the FAC, the Court should still dismiss the FAC because it fails to state a claim for relief under the law. Even if all factual allegations are accepted as true, Plaintiff cannot recover the relief he seeks and therefore Velocity's Motion to Dismiss should be granted.

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint while assuming the facts alleged therein are true. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Francis v Giacomelli*, 588 F.3 186, 192 (4th Cir. 2009). To survive

44357889_1.docx

7    Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

such a challenge, the complaint must contain sufficient factual information that, accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2)*; *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). The First Amended Complaint does neither.

The First Amended Complaint consists of a long, rambling recitation of the many causes of action that this Court and Plaintiff previously dismissed relating to harassment and discrimination. Plaintiff does not plead any facts to support these claims and therefore they must be dismissed. Plaintiff further asserts several baseless and unsupported allegations of fraud and conspiracy against Velocity and its outside counsel, indicating that their defense of this litigation constitutes a "fraud upon the court." Again, Plaintiff offers no factual support for these claims and they must be dismissed.

Finally, with respect to Plaintiff's surviving FMLA interference claims, Plaintiff offers documents contradicting his claims. For example, Plaintiff offers evidence that Velocity provided him with a medical leave of absence from November 18, 2017 until January 27, 2018 because he was not then eligible for protected leave under the FMLA. [See DKT 41 at Pg. 9.] On January 23, 2018, Velocity then sent Plaintiff FMLA paperwork which he returned on February 8, 2018. After review, Velocity determined that Plaintiff was not eligible for leave under the FMLA because he had not been employed for twelve months, and conveyed this message to him. Velocity then explained that he would qualify for FMLA leave on February 20, 2018, and that they would then recognize his leave. *Id*. Plaintiff even includes a copy of the FMLA certification form showing that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018." [DKT 41 at P. 8.] After an erroneous email questioned whether Plaintiff was still employed on March 15, 2018 [See DKT 41 at P. 26], Shauna Coleman clarified that Velocity had not terminated his employment and that he remained employed as of the date of his expiration of FMLA leave – May 15, 2018. [See DKT 41 at P. 24.] These documents contradict Plaintiff's allegations, and show that Plaintiff received every benefit afforded to him by the FMLA and that no violation could have occurred.

44357889_1.docx

8                      Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

For these reasons, Plaintiff cannot set forth any factual allegations sufficient to support a claim for relief under the FMLA, and thus the First Amended Complaint must be dismissed.

### III. CONCLUSION

For all of the reasons asserted above, this Court should dismiss this action in its entirety. Plaintiff has repeatedly failed to comply with the rules and orders governing this case. His filing of the First Amended Complaint was improper, and in any event that pleading does not assert any viable claims for relief

DATED:  September 25, 2020          OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.


                                By:  /s/ Anthony J. DeCristoforo
                                    Anthony J. DeCristoforo
                                    Paul M. Smith

                                    Attorneys for Defendant VELOCITY
                                    TECHNOLOGY SOLUTIONS, INC.

44357889.1