IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| , <br> Plaintiff, <br> Garrison Jones <br> v. <br> , <br> Defendant. <br> Velocity Technology Solutions et al | No.  2:19-cv-02374 KJM-EFB <br><br> NOTICE OF MOTION TO DISMISS INTENT TO RESPOND <br><br> **FILED** <br> SEP 2 9 2020 <br> CLERK, U.S. DISTRICT COURT <br> EASTERN DISTRICT OF CALIFORNIA <br> BY _____ DEPUTY CLERK |

## NOTICE OF MOTION TO DISMISS INTENT TO RESPOND

Plaintiff does hereby give notice to the court that late yesterday September 28. 2020 I received notification of yet another motion to dismiss filed by defense counsel with more false claims against me.

In addition this motion contains statements that in previous pleadings by defense counsel, (dkt 35) that are stark revelations and admissions that he was adamant about that falsely claimed that plaintiff was ineligible for FMLA, but now in his motion (dkt 43) buried on page 8 are the identical statements and exhibits submitted in the plaintiffs pleading as proof that he was on approved FMLA leave and was terminated on March 15, 2018.  On this page, the defendants are now admitting that the plaintiff was approved for FMLA after multiple lies in previous pleadings making all sorts of unsupported claims and allegations that he was not.

It is my full intent to respond to these false allegations as well as to

statements now made as to the interpretation of what he now calls "erroneous email "where three separate agencies and the Arizona Court of Appeals all interpreted the email as notification of termination, yet counsel now is now the only one claiming that it is a "**contradiction**". Of the evidence and exhibits submitted by the plaintiff. This is his intentional misinterpretation of the exhibits that has again led him to mislead the court.

The plaintiffs confirmed exhibit is one that showed the beginning of the cover-up by Velocity HR director Shauna Coleman and General Counsel Chris Heller, but what defense counsel is attempting to do is discredit the email claiming the defends were not involved in a conspiracy to cover-up the fact that they had terminated the plaintiff.

The defendants at the time of commination thought they had plausible deniability because they thought the plaintiff had no idea he was terminated and had no knowledge at the time he had that email of March 15, 2018. He knew they were going to lie. He simply wanted them to respond via email to confirm it.

In addition, under separate cover or pleadings, I will address and submit to the court in response to defense counsel other false claims as well as the multiple lies he has construed in his efforts to misled the court into making a decision to dismiss this case to deflect from the lies he and his client has told to the court via his pleadings where he knew that he was lying and intentionally failed and misled the court and the plaintiff on wild goose chases in attempting to hide the fact that he had no defense for his clients blatant violations of FMLA as well as other federal

statutes.

I trust that after the court reviews this upcoming pleading that the court re-considers formal sanctions against the defendants and their counsel.

There are still underlying motivation by the defendants and their counsel that should not be "left on the table" or viewed as insignificant and warrants actions to be taken.

Dated
September 29, 2020

*[signature]*

Garrison Jones Plaintiff( Pro Se)
P.O. Box 188911
Sacramento, California 95818
Garrison.jones@outlook.com

3

## garrison.jones@outlook.com

**From:** Chris Heller <chris.heller@velocitycloud.com>
**Sent:** Monday, March 19, 2018 8:36 AM
**To:** Garrison Jones
**Cc:** Shauna Coleman
**Subject:** RE: Employment Status - supporting Documentation - unanswered request Feb 24,2018

Garrison,
You are a Velocity employee that is currently on unpaid leave pursuant to the Family and Medical Leave Act.

**Chris Heller | SVP & General Counsel |** Velocity Technology Solutions, Inc.
o  704.593.3423| m  816.678.5162 | f  703.935.4308 | velocitycloud.com


**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Monday, March 19, 2018 9:22 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Re: Employment Status - supporting Documentation - unanswered request Feb 24,2018

So please clarify what is my employment status ?

Get Outlook for iOS

**From:** Garrison Jones
**Sent:** Friday, March 16, 2018 7:50:24 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Employment Status - supporting Documentation - unanswered request Feb 24,2018

In response to your message as to who told me that I had been terminated

1. I sent the message below to both you and Shauna Coleman on 2/24/2018 that neither of you responded to, as a friend tipped me off that Velocity was looking for a "Lead Procurement consultant and sent me the link to the position below. Now again somebody for the 37th time is lying

# Infor S3 Professional Procurement

**Velocity Technology Solutions, Inc. - Remote**

**Description**

Apply your expertise to Customers in healthcare ai
transform their Supply Chain/Procurement operatic
Infor. Become intimately involved with driving soluti
and allowing Velocity Customers to become better
knowledge of Infor's S3 product and of best practi
will lead the solution design, build, and testing for l
times, these projects will be a full scale implement
projects will be a tactical re-design of business prc
configuration. In all cases, you will be a functional l
project team. As an Infor Professional Services Le
teammates will look to you as the subject matter e
Customers using Infor's solutions in Supply Chain (

Velocity is looking for an Infor Professional Service
consulting, and designing solutions This role is part
organization and requires travel in North America. ,
nearly 700 experts who lean in and help Customer
Software no matter where they are on their journe

### 1st source

Personal friend that I will not provide her name. that said Velocity was looking for a "lead Procurement Consultant and that the job was on several job boards.

NOTE Prior to typing this email I went back on INDED.COM and the position has now mysteriously "DISSAPPEARED" no doubt by Velocity after I sent the email of Feb 24,2018. Too late as I have a copy of it as seen below that clearly shows the Velocity logo and position they are looking for

### 2nd source

2nd - Source Indeed .com who verified the posting

### 3rd source

2. 3rd source as I also have an email from a recruiter who has a requisition he is trying to fill for the same and he identified Velocity as the client.

### 4th source

I have an email made a copy of same email from an internal velocity employee stating that I was no longer with velocity
( no I ill no provide the name as the last time I did that Velocity, jumped the gun and called Infor and lied to them as to the illegal
Recordings. But as you know I do not bluff and if I say I have evidence and or supporting documentation, I have it, you people must think I am stupid as I keep sending you info, you do nothing with it, no response and then keep asking for more.
Just so you know " I was born at night, not last night."
I know hundreds of people in the Lawson community at Lawson, consultants and customers. The supply Chain community is unique and small. You should know that as Velocity has multiple contractors that are "procurement consultant" and have multiple unhappy customers who have upgraded and or implementing Lawson procurement that are not happy with their performances and are in turmoil as a result.

Now if you Mr. Heller is telling the truth that means four different sources who none know each other are telling me a lie

1. Indeed.com
2. Recruiter
3. My Personal friend who I have known for over 12 years
4. Internal Velocity source – still employed

   All have to be lying to me and I doubt that is the case. I will not just go away and with the unethical , cutthroat attitude I have seen thus far in the time I have been with Velocity  "Stevie Wonder" is the only person who cannot see it.

   You can keep up these lies and legal tactics just so long, yet there is not one thing that i have sent to you / a allegations that Velocity has fought back and said that is not true.

   So I don't care how it's done but you need to look at my settlement  offer deeply and see that it is the best option to resolve this issue.

   These people will make you look like a fool  and violate you oath in a court room trying to defend them.

   The evidence I have **will not potentially** cost Velocity Millions in a court settlement or future revenue. I am a banana peel away from the last straw and the gloves coming off. Gamble if you may but the repercussions are larger than you think

3

35-1

ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:       916-840-3150
Facsimile:        916-840-3159

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>Defendants. | Case No. 2:19-cv-02374-KJM-EFB<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>Complaint Filed: November 25, 2019<br>Trial Date:          None Set<br>Magistrate Judge: Hon. Edmund F. Brennan<br>District Judge:     Hon. Kimberly J. Mueller |

I.   **INTRODUCTION**

The Magistrate Judge's Order and Findings and Recommendations ("Order & FAR") (Dkt. 29) efficiently synthesizes allegations in Plaintiff's complaint "that are poorly organized and difficult to follow." Dkt. 29 at 4.  The Order & FAR correctly dismisses most of Plaintiff's claims. However, the Order & FAR does not go quite far enough.  The District Court should dismiss the Complaint (Dkt. 1) in its entirety.  Plaintiff does not allege a cognizable interference claim under the Family Medical Leave Act ("FMLA") because he fails to allege facts sufficient to show coverage under the Act's protections.  Additionally, Plaintiff acknowledges that he previously filed

43863076_1.docx

1

Case No. 2:19-cv-02374-KJM-EFB

DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

B.   **Analysis**

According to the Complaint, Velocity employed Plaintiff from February 2017 to March 2018.[1] Dkt. 1 at 22, ¶ 21. Plaintiff alleges that Velocity terminated his employment while on FMLA leave relating to a stroke he suffered on November 17, 2017. *Id.* Plaintiff further alleges that Velocity notified him of his rights regarding FMLA leave in January 2018. *Id.* at ¶ 23. As the Court correctly noted, Plaintiff fails to allege exactly when he first requested leave, or when his leave actually began. *See,* Dkt. 1 generally; Dkt. 29 at 6. The Complaint also does not provide any statement regarding whether Plaintiff performed work between the date of his stroke and notice of FMLA rights. *Id.*

However, Plaintiff included as an exhibit to the Complaint a copy of the Notice of Eligibility and Rights & Responsibilities under the Family and Medical Leave Act (Form WH-381) provided to him by Velocity. Dkt. 1 at 44. According to the information in that Notice, Plaintiff first informed Velocity of his request for FMLA leave on or about February 8, 2018, and requested leave dating back to November 18, 2017 – the day after his stroke. *Id.* Although Velocity erroneously granted Plaintiff leave,[2] this information establishes that Plaintiff did not qualify for FMLA leave as of the first date of requested leave – November 18, 2017 – because that was only about nine months after his employment with Velocity began. *See,* Dkt. 1, generally. Because the Complaint and this exhibit demonstrate Plaintiff had not been employed by Velocity for twelve months when he requested FMLA leave on November 18, 2017, the Order & FAR should have dismissed the FMLA interference claim.

Additionally, the Complaint fails to allege that Velocity employed Plaintiff at a worksite with at least fifty employees within a seventy-five mile radius. To the contrary, Plaintiff alleges facts that rebut any such finding. First, Plaintiff alleges that Velocity maintains two physical office locations – in Minneapolis, Minnesota and Charlotte, North Carolina. Dkt. 1 at 19, ¶ 6. Second,

---

[1] Plaintiff's employment with Velocity actually ended August 16, 2018, not in March of 2018, but Velocity recognizes that at this stage of the case, the Court must presume all well-pleaded allegations in the Complaint are true. The actual date Plaintiff's employment ended is not relevant to Velocity's objections to the Order & FAR.

[2] Velocity's error should play no role in the ultimate resolution of this dispute because as a matter of law, Plaintiff was not entitled to the protections of the FMLA.

Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country. *Id.* at ¶ 8. Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations. And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites." Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

Plaintiff's allegations in the Complaint establish that he cannot satisfy the first or third requirements for an FMLA interference claim: (1) Plaintiff was not eligible to receive the FMLA's protections and (3) he was not entitled to take FMLA leave. Therefore, Plaintiff does not state a claim for FMLA interference, and that claim should be dismissed.

### III. PRIOR SETTLEMENT AGREEMENT

Plaintiff's FMLA interference claim should also be dismissed on the independent grounds that Plaintiff alleges he previously settled the claims asserted in the Complaint. Plaintiff incorporates by reference the preceding (and subsequent) paragraphs of the Complaint in Paragraph 37, which would include the FMLA interference claim. Dkt. 1 at 23. He then alleges that he previously filed a federal lawsuit based on these incorporated allegations in the United States District Court for the Northern District of Illinois against Velocity and "14 Velocity Technology Solutions employees that are also named in this case before the court." *Id.* at ¶ 38. Plaintiff then alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this matter. Dkt. 1 at 24. By his own allegations, Plaintiff admits that the issues addressed in his Complaint have already been resolved.

////
////
////
////
////

Case 2:19-cv-02374-KJM-EFB Document 35 Filed 08/14/20 Page 5 of 15
Case 2:19-cv-02374-KJM-JDP Document 47-5 Filed 09/29/20 Page 10 of 12

35-5

## IV. CONCLUSION

The Court should amend the Order & FAR to dismiss Plaintiff's only surviving claim, for FMLA interference, and accept all other orders and recommendations. The FMLA interference claim cannot survive as currently pleaded, and the allegations introduced by Plaintiff in the Complaint foreclose the possibility of any corrective amendment. Additionally, as alleged, Plaintiff acknowledges that he previously filed a lawsuit and settled his claims against Velocity and the individually named defendants, and is therefore not entitled to additional relief.

DATED: August 14, 2020   OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

43863076.1

43863076_1.docx

43-1

ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: 916-840-3150
Facsimile: 916-840-3159

Attorneys for Defendant VELOCITY
TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>Defendants. | Case No. 2:19-cv-02374-KJM-EFB<br><br>**DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)**<br><br>Date: October 29, 2020<br>Time: 10:00 a.m.<br>Place: 8<br><br>Complaint Filed: November 25, 2019<br>Trial Date: None Set<br>Magistrate Judge: Hon. Edmund F. Brennan<br>District Judge: Hon. Kimberly J. Mueller |

TO PLAINTIFF GARRISON JONES:

NOTICE IS HEREBY GIVEN that on October 29, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 on the 13th floor of this court, located at 501 I Street, Sacramento, California, 95814, or as otherwise ordered by this Court, including by remote means if so ordered, Defendant Velocity Technology Solutions, Inc. ("Velocity") will and hereby does move for an order dismissing Plaintiff Garrison Jones's Complaint for Civil Damages [DKT 1] and/or "FMLA Lawsuit refiling of dismissed claims without prejudice" (hereinafter referred to as

44357889_1.docx

such a challenge, the complaint must contain sufficient factual information that, accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2); Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). The First Amended Complaint does neither.

The First Amended Complaint consists of a long, rambling recitation of the many causes of action that this Court and Plaintiff previously dismissed relating to harassment and discrimination. Plaintiff does not plead any facts to support these claims and therefore they must be dismissed. Plaintiff further asserts several baseless and unsupported allegations of fraud and conspiracy against Velocity and its outside counsel, indicating that their defense of this litigation constitutes a "fraud upon the court." Again, Plaintiff offers no factual support for these claims and they must be dismissed.

Finally, with respect to Plaintiff's surviving FMLA interference claims, Plaintiff offers documents contradicting his claims. For example, Plaintiff offers evidence that Velocity provided him with a medical leave of absence from November 18, 2017 until January 27, 2018 because he was not then eligible for protected leave under the FMLA. [See DKT 41 at Pg. 9.] On January 23, 2018, Velocity then sent Plaintiff FMLA paperwork which he returned on February 8, 2018. After review, Velocity determined that Plaintiff was not eligible for leave under the FMLA because he had not been employed for twelve months, and conveyed this message to him. Velocity then explained that he would qualify for FMLA leave on February 20, 2018, and that they would then recognize his leave. *Id.* Plaintiff even includes a copy of the FMLA certification form showing that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018." [DKT 41 at P. 8.] After an erroneous email questioned whether Plaintiff was still employed on March 15, 2018 [See DKT 41 at P. 26], Shauna Coleman clarified that Velocity had not terminated his employment and that he remained employed as of the date of his expiration of FMLA leave – May 15, 2018. [See DKT 41 at P. 24.] These documents contradict Plaintiff's allegations, and show that Plaintiff received every benefit afforded to him by the FMLA and that no violation could have occurred.

44357889_1.docx

8   Case No. 2:19-cv-02374-KJM-EFB
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)