

UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br>**Plaintiff**<br><br>v.<br>VELOCITY TECHNOLOGY<br>SOLUTIONS LLC | No: 2:19-CV-02374 KJM-JDP |

# NOTICE TO COURT DEFENDANTS AVOIDING BEING SERVED BY UNITED STATES MARSHALL

Plaintiff Garrison Jones does hereby notify the court that on August 24, 2020 the plaintiff sent per the courts order of August 14, 2020 a copy of the complaint, summons, and court order (dkt 32) to the United States Marshall. In addition, per the court order he filed notice with the court that he had completed this task.
(dkt 38) Notice of submitting Service documents to USM.

Om September 4, he contacted USM and confirmed receipt of these documents.
On October 5, 2018, USM verified that they per their current procedure a Waiver of Summons Notice of Lawsuit was sent due to the COVID -19 Pandemic.

They did not send the documents to the address on the USM given to them with the documents by the plaintiff, but they sent the documents and the Waiver of Summons

Notice of Lawsuit waiver to the local Law office of Ogltree Deakens at 500 Capitol Mall #500, Sacramento, CA 95814 on September 14, 2020.

As of October 05 the date the plaintiff contacted the USM office to check to status of the service, he upon contacting USM found out that none of the documents had not been served.

The plaintiff even on the USM submitted clearly wrote that the defendants will avoid being served. The address on the USM was for the registered agent In Raleigh, North Carolina Corporation Service Company 2626 Glenwood Avenue, Suite 550 Raleigh, NC 27608. The plaintiff even included the hours of operation of 9:00 am – 3:30 pm in special instructions.

This again is part of the tactics of the defendants and especial Ogltree Deakens who are doing everything they can to obstruct the proceedings at every turn.

They stated that they had until Nov 17, 2020 to return the waiver and as I stated to them, they will not and that this is a repeat of the reason why the service was given to USM because of the original issue of avoidance by the defendants on being served.

The court has to be aware that this was incorrect and that it was Ogltree Deakens who in the past advised Velocity to avoid being served and not to respond and or return any waivers in the above case. As such for over 5 months and over 160 days after plaintiff filed the lawsuit on November 25, 2019, Ogltree and Velocity avoided to be

served and as they stated in the denied motion to dismiss on May 4, 2020, that they had no obligation to return a waiver or respond to the complaint.

This is being repeated, as the documents should have been served on the defendants and not the law firm that is representing them. They do not intend to accept service and again will attempt to take advantage of the limitations of service of 90 days to expire to once again claim they were not served. Yet in their last pleading, they are attacking the plaintiff claiming he is the reason the case has lagged on for 10 months on the court docket.

The plaintiff knows that the defendant counsel not intend to return the waiver and will intentionally do so and will wait and let the 90 limit intentionally expire to, in his mind make another claim that the defendants were not served within the 90 day limit. The court based on the past issues surrounding the same issue, should apply the law to this issue and grant the plaintiff reimbursement of fees associated with for the second time, he has incurred to properly serve the defendants and that it was again the defendants putting unjust, unneeded financial burden upon the plaintiff when the local office of Ogltree is within walking distance of the court house and anyone from that office can simply walk by and drop off the waiver. They again are practicing avoidance.

Knowing this the plaintiff executed alternate service on the defendants that was served October 6, 2020 @ 2:53 pm, that was successfully executed and the certificate of service was filed the day of this notice.

The plaintiff respectively ask the court for a ruling to resolve this issues as the defendants are once again   In a previous request for reimbursement of fees to serve the defendant, the court denied the motion to do so.  It is clear that is the defendants who are intentionally avoiding to be served and return the waiver an adding expense to the plaintiff that is unjust and undeserving.  The court has to apply the rules to Rule 4 Summons   this is the second occurrence

> (2) *Failure to Waive.*  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service

Reverting to the dilatory tactics that have continuously interfered with the administration of justice in this case.

**Date October 06,, 2020**

_____
Garrison Jones (Plaintiff Pro Se)

P.O. Box 188911
Sacramento, California 95818
Garrison.jones@outlook.com