ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 2:19-cv-02374-KJM-JDP (PS)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO FMLA CLAIM**<br><br>Date:          October 29, 2020<br>Time:         10:00 a.m.<br>Place:         9, 13th floor<br><br>Complaint Filed: November 25, 2019<br>Trial Date:           None Set<br>Judge:                Hon. Jeremy D. Peterson |

## I.   INTRODUCTION

Plaintiff Garrison Jones's Motion to Compel the Production of Documents (regarding) FMLA Claim by Defense Counsel ("Motion to Compel") [Dkt. 42] is improper and premature, and should therefore be denied.  A Motion to Compel discovery is permitted only after the responding party to properly propounded discovery has failed or otherwise refused to produce the information sought in discovery.  Plaintiff has not propounded any such discovery.

////

////

////

Plaintiff's "motion" also fails to comply with the Federal Rules of Civil Procedure (referred to herein as "FRCP"), the Local Rules of the Eastern District of California, and this Court's Information and Procedures for Civil Matters.  Plaintiff did not attempt to meet and confer with counsel for Defendant Velocity Technology Solution, Inc. ("Velocity") prior to filing this motion, nor did he request a conference to discuss the same with this Court.  Plaintiff's continued failure to abide by these rules is grounds for the denial of this motion and offers further support in favor of Defendant's Motion to Dismiss pursuant to FRCP 41(b) [DKT 43.]

## II.   PLAINTIFF CANNOT COMPEL THE PRODUCTION OF DOCUMENTS HE DID NOT SEEK IN DISCOVERY

FRCP 34 provides the process by which a party may seek the production of documents, electronically stored information, and other tangible things in litigation through discovery.  FRCP 37(a)(1) provides the process by which a party may compel the disclosure of such documents when not produced: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(3)(B) explains further: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" and may be made where: "(1) a deponent fails to answer a question…; (2) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (3) a party fails to answer an interrogatory…; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  Local Rule 251(b) provides that no discovery motion shall be heard unless the parties "have conferred and attempted to resolve their differences" and "have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement," as described in subsection (c) and the Information and Procedures for Civil Matters before this Court require that the parties meet and confer prior to filing any such motion and request a conference to discuss same with the assigned judge.  Plaintiff has not complied with any of these rules.

////

First, Plaintiff presented no evidence that he has requested documents relating to his FMLA claim through discovery.  He does not assert that he propounded discovery pursuant to FRCP 34, or that Defendant refused or otherwise failed to produce the documents sought.  Moreover, Plaintiff fails to assert that he met and conferred with counsel for Velocity in good faith for the production of the documents sought, nor did he actually do so.  To the contrary, Plaintiff wrongly seeks the production of documents allegedly referenced in Defendant's objections to this court's Findings and Recommendations [DKT 35].  Regardless of whether this request would be proper through discovery, because Plaintiff has not complied with the Federal Rules governing such actions, his motion is premature and improper, and must be denied.

### III. PLAINTIFF'S CONTINUED DISREGARD FOR THE FEDERAL AND LOCAL RULES IS FURTHER SUPPORT FOR DISMISSAL OF THIS ACTION

FRCP 41(b) permits the dismissal of any action wherein any party fails to comply with the Federal Rules of Civil Procedure or any court order. Local Rule 110 of the Eastern District of California reinforces this rule and provides that the court may issue any and all sanctions in response to such behavior.

Here, Plaintiff has filed a motion to compel discovery despite having never propounded discovery.  He continues to ignore the Federal Rules of Civil Procedure in doing so, and the specific local rules of this court 10 months after this case's initiation.  Plaintiff has been cautioned more than once that his failure to comply with these rules could result in the dismissal of this action [See DKT 29 and 32, respectively], but he continues to act as though the rules do not apply to him.  Such behavior continues to hinder the court's ability to efficiently manage its docket and further prejudices defendant.  [See Defendant's Motion to Dismiss, DKT 43.]  Less drastic sanctions no longer exist to correct this behavior.  Accordingly, dismissal is appropriate.

### IV. CONCLUSION

Plaintiff's Motion to Compel should be denied and this action dismissed.  Plaintiff seeks the production of documents he has never requested in discovery, and without following the Federal Rules of Civil Procedure, Local Rules of the Eastern District of California, or the Information and Procedures for Civil Matters Before Magistrate Judge Jeremy D. Peterson.  Continuing to tolerate

this complete disregard for the judicial process will negatively affect the court's ability to manage its docket, and will continue to prejudice Velocity by forcing it to oppose improper and baseless motions.  For these reasons, Plaintiff's motion should be denied.

DATED: October 15, 2020          OGLETREE, DEAKINS, NASH,
                                 SMOAK & STEWART, P.C.


                                 By: */s/ Anthony J. DeCristoforo*
                                     Anthony J. DeCristoforo
                                     Paul M. Smith

                                     Attorneys for Defendant VELOCITY
                                     TECHNOLOGY SOLUTIONS, INC.

44593982.1