ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>Defendants. | Case No. 2:19-cv-02374-KJM-JDP<br><br>**DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 41(b) AND 12(b)(6)**<br><br>Date:           October 29, 2020<br>Time:           10:00 a.m.<br>Place:          8<br><br>Complaint Filed:  November 25, 2019<br>Trial Date:            None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:       Hon. Kimberly J. Mueller |

Defendant Velocity Technology Solutions, Inc. ("Velocity") filed a motion [DKT 43] (the "Velocity Motion" seeking an order dismissing both the operative Complaint [DKT 1] as amended by this Court's July 31, 2020 Order [DKT 29], and the improperly filed First Amended Complaint ("FAC") titled "FMLA Lawsuit refiling of dismissed claims without prejudice" [DKT 41].

In response to the Velocity Motion, Plaintiff Garrison Jones filed a "Notice of Motion to Dismiss Intent to Respond" [DKT 47] ("Opposition").  The Opposition does not address the grounds on which Velocity brought the Velocity Motion:  (1) Plaintiff's repeated and continuing

44661584_1.docx

1                                                                  Case No. 2:19-cv-02374-KJM-JDP
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and the orders previously issued by the Court in this case, and (2) Plaintiff's failure to state a claim in the FAC. The Velocity Motion should be granted.

## I. PLAINTIFF HAS REPEATEDLY REFUSED TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THIS COURT'S ORDERS, WARRANTING DISMISSAL OF THIS CASE UNDER FRCP 41(B)

Plaintiff does not address, and cannot dispute, Velocity's contention in this motion that Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure and this Court's orders. The list of examples of Plaintiff's disregard of the rules is lengthy:

- Plaintiff filed an inappropriate motion for costs [DKT 6].
- Plaintiff filed two inappropriate motions for entry of default [DKT 8, 18].
- In response to Velocity's first motion to dismiss [DKT 5], Plaintiff filed six different oppositions [DKT 10, 13, 15. 20, 22 and 23]. Five of the six oppositions were filed after Velocity filed its reply brief [DKT 12].
- Plaintiff violated the Court's July 31, 2020 order instructing him to elect between proceeding with his surviving claim for FMLA interference and filing an amended complaint. [DKT 29] Plaintiff did both – first filing an election to proceed with the FMLA interference claim [DKT 30], and subsequently filing the FAC. [DKT 41.]
- Neither the Complaint nor the FAC complies with the pleading standards of FRCP 8, which requires a short and plain statement of the claim showing the pleader is entitled to relief, and averments that are simple, concise and direct. Plaintiff filed the FAC [DKT 41], which is 42 pages in length and which includes numerous interspersed documents without any explanation of their relevance, in disregard of the Court's order that, if he chose to file an amended complaint, he must allege cognizable legal theories against proper defendants with clear factual support. [DKT 29, at p. 10]
- Plaintiff filed a discovery motion seeking to compel Velocity to produce documents that have not even been requested in discovery. [DKT. 42]

44661584_1.docx

2   Case No. 2:19-cv-02374-KJM-JDP
DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)

The Court should not countenance Plaintiff's refusal to comply with the Federal Rules of Civil Procedure and this Court's orders, and should dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

## II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT WAS IMPROPERLY FILED, AND DOES NOT ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR RELIEF

Plaintiff's Opposition does not address the fact that he improperly filed the FAC.  Plaintiff does not and cannot dispute that he filed an election to proceed with the FMLA interference claim, precluding him from filing the FAC.  [DKT 30]  Because Plaintiff elected not to file an amended complaint, the Court should not consider the FAC for any purpose.

If the Court were to accept the filing of the FAC and treat it as the operative pleading, the FAC should be dismissed under Rule 12(b)(6) for failing to state factual information that, accepted as true, states a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff does not seem to grasp that Velocity's arguments derive solely from the information that he provided within the four corners of the FAC.  Plaintiff provides the following information in the FAC:

- Velocity provided Plaintiff with a medical leave of absence from November 18, 2017 to January 27, 2018, because he was not then eligible for protected leave under the FMLA.  [DKT 41, at p. 9.]
- On January 23, 2018, Velocity sent Plaintiff FMLA paperwork, which he returned on February 8, 2018.  Velocity reviewed the paperwork, determined Plaintiff was not eligible for FMLA leave, and notified him of that determination.  Velocity further informed Plaintiff he would become eligible for FMLA leave on February 20, 2018.  *Id.*
- As set forth on the FMLA certification form, Plaintiff's FMLA leave would begin on February 20, 2018 and run through May 15, 2018 (a period of twelve weeks).  [DKT 41, at p. 8.]
- In an email to Plaintiff on May 15, 2018, Velocity confirmed that Plaintiff had not been terminated.  [DKT 41, at p. 24.]

Based on these facts, all of which were provided by Plaintiff in the FAC, Plaintiff received all twelve weeks of leave to which he could potentially have been entitled, and no FMLA violation could have occurred. The issue for purposes of this motion is not whether Plaintiff was actually eligible for FMLA leave. Rather, the point is that if Plaintiff were eligible for FMLA leave as he claims, he submits facts in his FAC confirming that he was given all FMLA leave to which he was entitled. Thus, the FAC does not set forth factual allegations sufficient to support a claim for relief under the FMLA.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in the motion [DKT 43], the Court should dismiss this action in its entirety.

DATED: October 22, 2020

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Specially Appearing Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

44661584.1