GARRISON JONES
P,O. Box 188911
G
garrison.jones@outlook.com

Garrison Jones , IN PRO PER



**FILED**

OCT 2 3 2020

CLERK U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## US DISTRICT COURT

## FOR THE EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES, <br>           Plaintiff, <br><br> vs. <br><br> VELOCITY TECHNOLOGY SOLUTIONS <br>           Defendant. | No.  Case Number 2:19-cv-02374 KJM-JDP <br><br> **Plaintiff's Notice Of Ex Parte Application And Motion To Dismiss Based On Fraud Upon The Court And Court Order Of Default And Summary Judgement  Against Defendants** <br> Judge: Peterson <br> Date Action Filed: Nov 25, 2019 <br><br> Trial Date: Not Yet Set |

      Garrison Jones the Plaintiff in the above complain does hereby applies for a court order of default and Summary Judgement against defendants Velocity Technology Solutions and their counsel Ogltree  Deakins for fraud upon the court.

      Recent documents obtained from the US Department of Labor show that the plaintiff did not make or file a complaint with this federal agency.

The defendants and their attorneys knew of the severity of the defendants' stroke and intentionally exploited the impairments in committing fraud upon the court.  Despite his efforts to return to work in 7 months after his stroke, he was not able to retain all of the skills needed to continue, this coupled with the constant harassment of Velocity who was actively stalking him, he was afraid for his safety and was forced to resign from this position.

The plaintiff despite his efforts was even scolded by the judge at his disability hearing saying that" he should never had tried to return to work due to the sever repercussions of his illness".   As such, the plaintiff has been determined to be disabled since November 18, 2017 and the defendants' in all of their illegal civil and criminal violations of the law were inflicting vicious harm to an individual who was disabled per the rules and Laws of this country.

So for over 3 years both Ogltree Deakins and Velocity has been inflicting pain and suffering upon a disable citizen of this country.

The plaintiff did not make or settle any FMLA claims nor did he make any claims or allegations in his complaint against Velocity (dkt 54 proves this), however, it is clear the intent of Velocity and Ogltree was to take advantage of his impairments and disabilities lure an induce him by fraud into an agreement and release of a phony FMLA complaint where he was impersonated on the call to the DOL.

Outlandish, outrageous, unethical, judicial misconduct and above all criminal.   That is what is before the court.  Velocity and Ogltree Deakins have past the threshold of misconduct as we know it and have moved into disbarment and criminality for these outrageous criminal acts aimed at the court.  It is the continuous fraud upon the court that has been uncovered and is finally being unraveled.

There is a reason why this statistic rings true

| Exhibits - Plaintiff – | Defendants |
|---|---|
| 73 | 0 |

It's because they have no Exculpatory evidence that will be in any way appear in their favor.

Fraud on the court applies to only "the most egregious misconduct directed to the court itself. Which is exactly what has been done,

The fraud upon the court requires the following elements: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.

In the case before the court all of these elements have been met and exceeded by the conduct of Velocity and Ogltree attorneys.

The plaintiff fully understands that false statements and false documents typically do not constitute fraud upon the court, however them sum of all the acts committed by the defendants and officers of the court (attorneys) are for the end result of these acts and that being a document create for the only purpose to present and deceive the court and the judicial

3

machinery/process of adjudication of legal proceedings.  Which is exactly what attorneys Anthony Decristoforo, Paul Smith, Jennifer Colvin, Taylor Rollinson, Ryan T. Mangnum and Christopher Meister set out to do. This list includes former General Counsel of Velocity Chris Heller, now at Dentons, as he too is an attorney, office of the court who forego his oath as attorneys and degenerated to the level of fraud, fraudulent schemes to deceive the court into making unjust, illegal decisions in their favor.

Their intent was to undermined the machinery of the court system by the fabrication of evidence, impersonations of the plaintiff, inducement of public servants, and use the resources of local, state and federal public servants including judges and magistrates in in their minds this "innovative legal strategy to create and file fraudulent charges/complaints, then lure individuals into agreements and settlements also designed to create billable hours, enhanced retainer and legal fees for a client that is guilty of multiple violations of local state and federal laws of this country.

They are making the assumption that everybody is "**stupid**" and that the web of fraud upon the court can or will never be put together because of all of the parts and would never be discovered.  They were/are wrong.  The cat is out of the bag.

To think that any attorney or defendant would stoop/degenerate so low as to create and set in motion a scheme of fraud on this level where they would make an official record of an FMLA complaint with a federal agency the Department of Labor, use that complaint as part of an illegal agreement to lure the defendant in to said agreement by fraud and after if later that it

4

was discovered to use that fraudulent activity as the main defense in a case that has not been filed is beyond belief.  However, that is exactly the issue before the court.

This is complete corruption of the judicial process.

The **fabrication of evidence** is the manufacturing circumstance after an act is committed ( in this case, the termination of the plaintiff) with the intention to use as evidence and make it appear it never happen or to appear to be something that is not by deception.

If the defendants ( velocity would have simply walk away instead of in just three days after the agreement , they made a deliberate and vindictive, racially motivated act of racial hatred and continued to harrass the plaintiff and his family, by filing and appeal with the Arizona Court of Appeals, we would not be here.

That is no case on record where the defense (in their minds) has created what they felt was the perfect defense by creating a phony FMLA claim but an official record at a federal agency and then laid in wait, if and when it was discovered, they had a defense or "alibi" or escape mechanism of escape of damages.

The court cannot rule on any other motions in this case as it has been uncovered and mainly because of the repeated reference to an FMLA claim and agreement by current counsel, Paul Smith and Anthony Decristoforo, who have been animi mated about the existence of an FMLA claim that never existed.

Just as before when the defendants and their attorneys who were actively monitoring this case, hiding behind a rock, they were flushed out and at the last hour filed a motion to dismiss that was denied.

Now when it was put up or shut up and when they had the opportunity to produce a single shred of evidence, they filed another motion to dismiss knowing they would not can could not produce an FMLA claim the so frantically claim existed in writing in the complaint in Northern Illinois.

In the docket specifically (**dkt 54**) filed one day after the motion to dismiss where even before defense counsel filed this "silly Motion, he knew this tactic would surface and filed the entire 27 page complaint from case number 1L18cv-02388 where the phrase FMLA does not exist in the entire complaint.

The submission of the complaint shows that counsel was lying and had been lying about the existence of the FMLA claim in the complaint from the beginning. This was directed at the court and submitted by intentional deceit by counsel. A complete fabrication of evidence and fraud upon the court.

The only reason the plaintiff filed the complaint before the court, is because of moths of harassment by the defendants from September 2018 until December 2019 where he was subjected to cyberstalking, unwanted emails and being black listed in his career by Velocity. They simply wanted to **punish the nigger for exposing our illegal criminal act ivies any way they could.**

6

The court can visibly see that as the plaintiff tried to move on and escape from Velocity, he was stalked and followed.  When he lived in Arizona, there was Velocity filing false charges and harassing him, when he moved to Illinois after his stroke, there was Velocity filing false charges with federal government agencies in Illinois, when he began working in Indiana, there was Velocity filing more false charges, then when he came to California where he discovered multiple illegal acts by velocity, he began to stand his ground.  If these attorneys want to risk disbarment for billable hours and revenue, so be it.

The court has the power to Fraud upon the court to enter rulings and judgements where Fraud upon the court by a plaintiff and a ruling of "with prejudice" can also be used against defendants in the form of "default: and Summary Judgements for misconduct clear, convincing equivocal evidence of fraud upon the court.

It's their fault that they thought they could continue to hide what they had done and continue to harrass the plaintiff.  It is also the fault of counsel who made it obvious as to what to look for.  Look at the agreement and the FMLA claim.   As a result, since July 2020, the plaintiff has received responses from multiple state and federal agencies, cultivating with the documents from the Solicitors office of the Department of Labor that uncovered the fraud upon this court as well onto the court in Norther Illinois.

It is clear, there is no statute of limitations on fraud upon the court and it is expected that the court follow the evidence and the law in making the judgement against the defendants and Ogltree Deakins as they both are

7

complicit and have been complicit in directing the fraud upon the court directed at the court.

**Elements of Fraud upon the Court**

*The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).*

**FAUD ON THE COURT AS A BASIS FOR DISMISSAL WITH PREJUDICE OR DEFAULT:**

In December 2019,   the plaintiff began to contact multiple state and federal agencies to inquiry of any false complaints filed by VTS.  Specifically he contacted the US Department of Labor on December 5, 2019.  His contact yielded no information of any contacts by Velocity.  At that time, he thought it was strange as he had developed 5 previous contacts by Velocity at other agencies.

Especially since he had learned that in one complaint filed by Velocity with the AZDES, that velocity in May 2018 filed a complaint that the plaintiff was unable to work. Release his confidential medical record information in files they maintained to AZDES, along with FMLA documents from the US

Department of Labor un what they thought was supporting documentation of his status of being on approved FMLA medical leave until May 15, 2018.

Plaintiff also learned that Velocity in August 2018 filed an appeal from hearing on June 22, 2018 that they made the conscious decision and at the advice of their attorneys Ogltree Deakins, not to attend or testify.  This appeal was denied and dismissed.

Plaintiff still felt uneasy at all of the developments and multiple filings.  He began to contact state and federal agencies to see if any inquiries or complaints were filed with their agencies, specifically the US Department of Labor on December 5, 2019 15, days after he had filed his complaint before the court on November 25, 2019.
His contact with the Department of Labor yielded no such reports.   This again did not sit well because he knew the nature of how Velocity has filed reports behind his back.

The plaintiff had to endure over 4 months of appeals with the Arizona Court of Appeals where he filed appeals on all of the false claims and allegations by Velocity with the last one on November 22, 2019.  These false complaints

1.  Termination while on FMLA
2. Unable to work
3. Fraud ( collecting unemployment and working same time)
4. Denied and dismissal of appeal by Velocity

After all the appeals were successfully won in his favor, he received monetary ward he was due and intentionally delayed by all the false claims by Velocity.  It is important to note that Velocity was supposed to attend all of these appeal hearings and intentionally failed to show up for each occasion.  If anyone had legitimate reason for any of these false claims then why did they not show up for the hearing?

After more than 160 days after having knowledge of the complaint, avoiding and failing to respond to waivers, Ogltree Deakins filed motion to dismiss on May 4, 2020 1 day before default.  Among the multiple lies in his motion he claimed that the FMLA claim had been resolved in a previous complaint in US District Court in Northern Illinois  case number 1:18-cv—2388.**Exhibit 1**

This is the beginning of the fraud upon the court.  He was adamant that the current complaint before the court was identical to the previous complaint and fabricated evidence that it was a duplicate claim/allegation and was used this fabricated claim as "grounds for dismissal".
//
 In addition he also claimed that the FMLA claim was "settled"  This also was fabrication as there was no FMLA claim or allegation in the complaint in Northern Illinois but his introduction of these fabrications establishes that he had conversations with the attorneys previous assigned to that case, Taylor Rollinson and Jennifer Colvin and was given an extensive brief into the case and all of the illegal criminal conduct of both Velocity and Ogltree

Deakins in connection with the agreement and other criminal activities conducted.

Counsels introduction of these events/elements show that he is the transitional component of the fraud upon the court related to the FMLA claim and all of the events in this motion.  His motion for dismissal was denied and rightfully so as this is just the tip of the extensive elaborate fraud upon the court as it goes further and deeper.

Counsel is as previously mentioned in the plaintiff's prior pleadings, counsel sees that they were losing the case before the court and began "preparing the court for his "Ace in the Hole" where he would present and offer the illegal agreement as his final defense.  However, he has already violated California Penal Code 134.

 The statue is clear where at a person can be guilty of **preparing false evidence even if the evidence <u>never finds its way into a legal proceeding</u>**. Thus, the crime of preparing false evidence can be said to be broader than the crime of offering false evidence.

Preparing or Offering False Evidence: California PC 132 and PC 134 California law does not look favorably upon any person who prepares or offers false evidence in any court proceeding. In fact, a person who is found to have done either act, whether the proceeding is a criminal trial or a civil trial, can be convicted of a felony under California Penal Code sections 132 or 134.

In this case it is clear counsel had  did so with the **intent to produce** it as **evidence** in these federal  legal proceeding, and  he did so with the **intent to**

**deceive** the court into believing duplicity and that the FMLA claims had been resolve both false.

WHAT he is not sharing is the fact that in complicit, criminal conduct by Velocity and Ogltree Deakins prior where they violated multiple local, state and federal civil and criminal laws in their quest to achieve the desired end results of the illegal agreement and release of an FMLA claim that was fabricated to appear that it was the plaintiff who filed the complaint with the Department of Labor and the fact that in the process of getting the false complaint they committed

a. **Violation of 18 US Code 1028A  Aggravated Identify Theft**  described as

The prohibited use of another person specific personal indentifying information in connection with any federal crime, or any state or local felony.  In this case the felony committed in conjunction was the violation of r Making False statements**18 USC Section 1001**, where it is a felony to make a "false statement" to an agent or agency of the federal government in connection with a federal matter.

The federal matter is FMLA which is under the jurisdiction of the federal government, the agency the false statements were made is the US Department of Labor committed on July 19, 2018 by Shauna Coleman, Human Resource Director of Velocity Technology Solutions and it was orchestrated by Ogltree Deakins as the crucial component of the fraud where the intent was to use the Department of Labor as a unknown pawn in this conspiracy to commit fraud upon the court.

***Making false statements*** *(18 U.S.C. § 1001) is the common name for the United States federal process crime laid out in Section 1001 of Title 18 of the United States Code, which generally prohibits knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States*

The court can see from the phony complaint filed with the Department of Labor.

It is extremely important to go on the record and inform the court that the plaintiff never, repeat never made a FMLA complaint to the US Department of Labor at any time.  This is entirely a creation by Velocity and Ogltree Deakins in seeing that the most serious  damaging of all the allegations and claims they early on knew that they had to create conditions that would in their minds give them an alibi and escape of the charges and that scheme was to fabricate a FMLA complaint with the Department of Labor, impersonate the plaintiff, lure him into an agreement and release of and FMLA claim and complaint that he did not make, by intentionally omitting any specific information from the agreement ( charge or complaint number) knowing that the plaintiff suffered from impaired vision and by omitting this information obtained his signature for the fraudulent release.

**EXHIBIT FOIA 1** Department of Labor complaint filed by Velocity /Ogltree Deakins **3850645 July 19, 2018**

It was important to the caller to have the intake person record what Velocity and Ogltree thought was personal identifying information of the plaintiff to the complaint to make it appear he made the complaint and appear authentic.

Note the reference on August 24, 2018 a letter sent to the Department of Labor by Ogltree attorney Taylor Rollinson.

**EXHIBIT FOIA 2** Department of Labor complaint filed by Velocity /Ogltree Deakins **3850645 July 19, 2018**

**Below** is a snapshot from the manifesto/agreement and the files sent to the plaintiff.

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

The court can see that notated on the report underlined are the references to **her** and **she.**

**The phrase "her is recorded a total of <u>9 times</u> in the report.**
**The phrase "she is recorded a total of <u>8 times</u> in the report.**

Why is this important?  It is clear from the conversation that the intake person at the Department of Labor was **speaking with a female and the plaintiff is male**

**<u>Exhibit T-Mobile-1</u>**

Copy of plaintiff T-Mobile bill from July 17, 2018 – August 16, 2018 showing that as in the billing cycle that he had changed his service, the previous service was deactivated and new phone number of 916-270-7650 had been activated.

So on July 19, 2018 the call could not have come from his cell number of 918-870-4960 because it had been changed a month earlier.

16



**FIRST CONVENIENCE BANK**
A division of First National Bank Texas

GARRISON JONES
4011 S MONROE MEDICAL PARK BLVD
BLOOMINGTON IN 47403-8000

Statement Date:   07/19/18 - 08/11/18
Page:                    1 of 4

*Strength* in
*Banking*
since
1901

www.1stcb.com ★ 800-903-7490
(TTY) 866-390-9768

P.O. Box 937 • Killeen, Texas 76540

The address on the bank statement of the plaintiff on July 19- August 11, 2018  was the correct address of the plaintiff in **Bloomington, Indiana not Wheaton, Illinois**.

They used information from the federal complaint and documents from AZDES where this was the address on file with that complaint and the address used on documents and mailings from AZDES during multiple appeals filed by the plaintiff, never was it the plaintiffs' physical address because of the racial stalking of Velocity.  Why would anyone give their physical address to a person or organization that is actively stalking him, making false allegations of fraud attempting to induce law enforcement to charge him with a felony?  I would be stupid to give them that information for fear of what they would do.

Again this rang true as this address was not only used on the phony complain but also later.

They also note from the complaint that the phone number recorded is

17

**916-87040460**. while incorrect, it was a typo, but was supposed to be the plaintiffs' cellphone number on file at Velocity a number he had for over 15 years.

Unknown to Velocity and Ogltree Deakins, after months of harassing, blocked phone calls, and finally the last straw was when Velocity and Ogltree entered his cell number in a fax machine and for over 5 hours straight, every 15 minutes, the machine re-dialed his number multiple times until he had the number deactivated in June 2018 with T-Mobile and changed his number.

## AZDES 1

Here is the pattern of fraud and impersonation of the plaintiff that Velocity and Ogltree Deakins had committed before with the AZDES, In May 2018 they made a false claim that the plaintiff was not able to work, then had a male employee of Velocity call AZDES,, impersonating the plaintiff and told them "he was under his doctors care until May 15, 2015. Which just so happens to match the FMLA certification date on document sent to AZDES by Velocity HR Director Shauna Coleman in support of their claim that he was unable to work as he was on approved FMLA Medical leave.  Plaintiff never returned a call to AZDES and made this statement.

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply)

(7)

✔ Contact  Shauna Coleman  at  _____  to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave  You have a minimum 30-day (or indicate longer period, if applicable) grace period in which to make premium payments  If payment is not made timely your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work

You will be required to use your available paid _____ sick, _____ vacation, and or _____ other leave during your FMLA absence  This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement

Due to your status within the company, you are considered a "key employee" as defined in the FMLA  As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us  We  have  have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us

While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as
  - _____ the calendar year (January – December)
  - a fixed leave year based on _____
  - the 12-month period measured forward from the date of your first FMLA leave usage.
  - ✔ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.
- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12 month period to care for a covered servicemember with a serious injury or illness  This single 12-month period commenced on _____
- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work
- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment or your return from FMLA-protected leave  (If your leave extends beyond the end of your FMLA entitlement, you do not have retain rights under FMLA ;
- If you do not return to work following FMLA leave for a reason other than  1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave, 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave, or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave
- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to take _____ sick, _____ vacation, and/or _____ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy  Applicable conditions related to the substitution of paid leave are referenced or set forth below  If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave

For a copy of conditions applicable to sick/vacation other leave usage please refer to _____ available at _____

Applicable conditions for use of paid leave

**FMLA leave will begin on February 20, 2018.**

**12 Weeks of FMLA extends through May 15, 2018.**

**A recertification is required by the employee prior to May 15, 2018.**

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement.  If you have any questions, please do not hesitate to contact:

_____ at _____

PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities  29 U S C § 2617, 29 C F R § 825.300(b), (c).  It is mandatory for employers to retain a copy of this disclosure in their records for three years.  29 U S C § 2616, 29 C F R § 825.500  Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number  The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information  If you have any comments regarding the burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division  U S Department of Labor, Room S-3502, 200 Constitution Ave , NW, Washington, DC 20210  DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

He was actively looking for work prior to this alleged call. He was impersonated by Velocity who made the claim of unable to work.

The truth is that the plaintiff was terminated on March 15, 2018 and his physician approved his return to work on March 22, 2018. Velocity had requested these documents months before and had them in their possession at the time of this impersonation call.

It is clear that in December 2017 Velocity had this document in their possession and instead of sending this document to AZDES with the date of March 22, 2018 as his eligibility to return to work they sent the FMLA certification document with the date they calculated of May 15, 2018 as the end of FLA medical leave.

**Lincoln**
**Financial Group®**

8801 Indian Hills Drive, Omaha, NE 68114-4066
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY**
**(PLEASE see FRAUD NOTICES attached)**   (877)-843-3956

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER EXPENSE.

**Attending Physician's Statement**

1. Patient's Name  Garrison Jones                    Date of Birth  Redacted

2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)
   _stroke (L PECA, R PCA) w/ residual b/l/E weakness b/l visual deficit_

3. a) Date of First Treatment                         _11/22/2017_
   b) Date of Most Recent Treatment                   _12/21/2017_
   c) Frequency of Treatments                         _2-3x/week_
   d) Type of Treatment Rendered                      _physical therapy_
   e) Is surgery scheduled? If so, when?              _n/a_

4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions or light duty) from _11/22/2017_ to _present_
   If the patient is still disabled, when should the patient be able to return to work?  _re-eval 1/24/2018_

5. Remarks or Comments:  _pending further PT/neuro rehab, then ophthalmology_

6. List Restrictions and Limitations.  _visual impairment, weakness require further ambulation_

7. Physical Impairment.
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)
   (Class 5) – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairments ( if applicable)
   (Class 1) – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)

Upon appeal of these false fraudulent allegations the plaintiff sent the same document above as proof he was able to work at the appeal hearing.

It is important to note that they made sure the AZDES representative recorded the **plaintiffs' phone number** in the adjudication to in their minds authenticate the call and associated the call to the plaintiff.   This was the first impersonation and use of the plaintiffs' personal information to make a phony claim.

## **Exhibit AZDES- 1**

**General Adjudication**

**UB-098**     Claimant SSN:  36 1 56 1008 0

.Issue:  Ablc

Basis:
ABILITY TO WORK

Base Period Separation:  No

BPR:
R6-3-52235.A.

Reasoning and Conclusion
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Adjudication AZDES May 4, 2018

Velocity had someone impersonate plaintiff and "returned a call immediately after they had filed a false complaint that the plaintiff was unable to work.  The plaintiff never called AZDES and made a statement that he was under his doctors care until May 15, 2018

Why would the plaintiff tell AZDES this e when he had been cleared to return to work on March 22, 2018 and even before that date had been actively looking for employment after he learned he had been terminated by Velocity on March 15, 2018.

The reason is because he did not make this call to AZDES.  Shows the court that with the call to the US Department of Labor they thought if it worked the last time, it would work again,

This is the pattern that shows that the defendants and their counsel will continue these illegal acts until someone steps up and confronts them as the plaintiff Ha done.

**To:**     Vishnu Laljie <VLALJIE@jhmc.org>
**Date:**   4 9 2018 8:42 PM
**Subject:** Re[2]: Garrison Jones Offer  Letter
I need a couple days to go over this with family


Monday, 09 April 2018, 11:25AM -05:00 from Vishnu Laljie
vlaljie5_612@indeedemail.com:

Garrison,
I sent you an email on Friday that we did get approval from my CFO to extend
your the offer at 160k. Any word?

Please let me know

Vishnu

23

## General Adjudication

**UB-098**   Claimant SSN:   361 56 1008 0

Issue: Able

Base Period Separation:  No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

24

**Illinois Address**

**Phoenix Address**

In addition, the address recorded on the complaint was not the address of the plaintiff at the time of the phony FMLA complaint was filed. That address is for Dupage PADS a homeless shelter organization where the plaintiff used that address for mailing purposes only it was not his physical address in Illinois

The address in Phoenix is an address where the plaintiff used and an extended stay hotel he stayed at when travelling to cut down on the distance to the airport to beat the traffic days before traveling as his physical address was in the path of gridlock travel to the airport, not his physical address only a mailing address.

.  Early on in his employment, his manager Michael Baldwin who he was told to look out for as he was homosexual, began calling out landmarks near his home in Arizona, using a GPS software package.  The plaintiff felt uneasy at this and changed his address to a location he used when travelling to cut down on the distance to the airport, where he knew the manager and was allowed to receive mail there.  The address Velocity had in their files from early March of 2017 was not the physical address f his residence, it was always and mailing address as he feared something sinister with these events.

The address in Wheaton, Illinois was the same situation.  This proved to be true later.

**Release letters**.

The plaintiff did not write any of the letters sent to any of the agencies to withdraw or release complaints with any agency.  All of those letters were written and filed by Ogltree Deakins attorneys Taylor Rollinson and Jennifer Colvin. All except the Department of Labor letter have legitimate

charge number associated with them. The Department of Labor letter is intended not to have one.

They were sent to plaintiff from Velocity General Counsel Chris Heller on August 15, 2018

Fwd: Settlement Documents - CONFIDENTIAL COMMUNICATION - FOR SETTLEMENT PURPOSES ONLY

**Message**   Jones Garrison 2018-08-15 REV#6 Settlement Agreement - Clean.pdf (147 KB)   Garrison Jones Withdrawal Letter (EEOC Charge No. 440-2018-05157)...pdf (10 KB)

Garrison Jones Charge Withdrawal Letter (ACRD Charge No. P18-0038) (002)...pdf (60 KB)   Garrison Jones Charge Withdrawal Letter (EEOC Charge No. 35A-2018-00231)...pdf (10 KB)

Stipulation for Voluntary Dismissal v4).pdf (131 KB)   Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf (10 KB)

Get Outlook for Android

**From:** Chris Heller <chris.heller@velocitycloud.com>
**Sent:** Wednesday, August 15, 2018 6:51:15 AM
**To:** Garrison Jones

Even in this email snapshot you can see the Department of Labor letter has no charge number

26

August 16. 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

      Re:   DOL Complaint

To Whom It May Concern:

      Please accept this letter as my request to withdraw my DOL Complaint. dated May 22. 2018. which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

                                      Sincerely.

As you can see from the letter it states a Department of Labor complaint filed on May 22, 2018 when the plaitiff never filed a complaint n May 22, 2018. They are creating an imaginary audit trail, fabricating evedence of a Department of Labor FMLA compaint that does not exist, they are making the date up. As also told to the Department of Labor SOlictor, thi letter should have been a red flag

1. There was no complaint in March with this letter
2. The address as it appears in the letter is a combinaiton of the Department of Labor address but also the mailing address of the plaitiff. They were so frantic to complete the fabricationof evidence and get this letter to the Department of Labor that they put a Whaeton, address and zip code on the phoney release letter. It is however notted at the Department of Labor that a letter from an attorny was received on August 24, 2018

**WHISARD Complaint Information Form**

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM          FILED-NO ACTION*

This letter was days after the agreement of August 16, 2018.  They thought at that time they had pulled off the "ultimate fraud but in the process only has sunk them into the abyss of more documented federal crimes, this time instead of the AZDES and Arizona Court of Appeals, their victim is not the US Department of Labor

All of the legitimate letters have the charge or complaint numbers associated and contained in the letter, except one, the letter to the Department of Labor which was sent to the Department of Labor on August 24, 2018 it has no charge letter nor did the agreement have a charge or complaint number as well.

## Agreement 1

In the section in the agreement entitled it is visibly clear that the omission of a charge number is only associated with what they called only "the FMLA charge filed with the United States Department of Labor " because there was no charge filed by the plaintiff and if it was included, it would alert the plaintiff, so it was intentionally omitted from the agreement unlike all the legitimate complaints filed by the plaintiff, this one was camoflauged between them and they also took advantage of the fact that due to his stroke, the vison of the plaintiff was seriously impaired.

28

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

The act of omission of any charge/complaint number in the agreement was intentional misrepresentation by Ogltree Deakins and fraud, which appears to be a staple of this organization and Velocity.

Fraudulent intent is the first order of business in any and all dealings.

The court should also be aware that the plaintiff was in 2020 been declared as "disabled" and disabled as of November 18, 2018 after he suffered a stroke. This fact also escalates that Velocity and Ogltree Deakins was taking advantage of the impairments of a disable person in inducing him into an agreement and release in violation of

CHAPTER 24. (b) PROTECTION OF VULNERABLE ADULTS

 (B) includes acts by a person who stands in a position of trust or confidence with a vulnerable adult or who knows or should know that the vulnerable adult lacks the capacity to consent that involve obtaining profit or advantage through undue influence, deception, fraud, intimidation, or breach of fiduciary duty; in this subparagraph, "fraud" has the meaning given in AS 13.26.324(1) and (2);

Despite his attempt to return to work, an attempt that failed as 6 weeks after he returned, the plaintiff realized that he was unable to perform the at the same level he previously attained as a Lawson Supply Chain Consultant. Coupled with the fact that Velocity who were again stalking him, learned that he was working for Prime Healthcare in Indiana, he was forced to leave this position, with the main reason being

velocity's knowledge of his work place.  Because of his high profile experience, it was a coup for Prime Healthcare to have him employed, yet this bragging also was a death sentence and served as a location finder for velocity to continue the harassment and subsequently they used this knowledge to immediately contact AZDES to now claim he was committing fraud, after they had lost appeal hearing

AZDES documents state " they learned" that he was employed, the "learned is that Velocity contacted them and made a false claim of fraud and based solely on the call by Velocity who gave AZDES the name and location of the organization he was working for, AZDES made an determination of FRAUD  just 3 weeks after he started this position.



Unemployment Insurance Program
Benefit Payment Control, Mail Drop 5893
P.O. Box 26225, Phoenix, Arizona 85038-9225
Telephone: 602-364-4300
Fax: 602-364-1211 or 602-364-1213

UB-1084/PORPO (12-16)

ARIZONA DEPARTMENT OF ECONOMIC SECURITY
Workforce Administration

**DETERMINATION OF OVERPAYMENT**
**FRAUDULENT**

GARRISON JONES
PO BOX 1751
Attn: BIRTE
SACRAMENTO, CA 95812-1751

Date: 10/01/2019
Claimant ID:   0014164237

Our records show that you have been overpaid benefits (or had benefit entitlements applied as offsets to a prior overpayment reduced or totally ... of this Determination  This overpayment is a result of unreported or underreported earnings and is classified as

*I. KIME  UJVR*

*6/14/18*

**✚ Monroe Hospital**

June 14, 2018

Garrison Jones
16152 W Durango St
Goodyear, AZ 85338

Re: Offer of Employment

Dear Mr. Jones,

We are pleased to extend this offer to you to join Monroe Hospital as IT Application Analyst – Supply Chain Management.

Your starting compensation will be $130,000.00 on an annualized basis, payable bi-weekly. As an employee of Monroe Hospital, you will be eligible for benefits we offer generally to our employees, which currently include: Paid Time Off, 401(k), Medical, Dental and Vision for you and your dependents. All compensation and benefits are, of course, subject to change at any time, upon appropriate notice.

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

31

**From:** Chris Heller <chris.heller@velocitycloud.com>

**Sent:** Wednesday, May 30, 2018 2:03:27 PM

**To:** Garrison Jones

**Subject:** RE: Dept of labor complaint -FMLA

Garrison,

The EEOC investigator has reached out to Velocity regarding using their mediation process to try to resolve this matter.

Is this something that you are interested in exploring?

Please advise if this is an option and we will let the EEOC know that Velocity is willing to use this option.

Regards,

Chris

**Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.**

o 704.593.3423 | m 816.678.5162 | f 703.935.4308 | velocitycloud.com

See more about Chris Heller.

The plaintiff had moved and began to work for Prime Healthcare in June 2018 and the address in the complaint is what Velocity thought at the time was his address in Illinois another attempt to make it appear authentic.

**Making false statements** (18 U.S.C. § 1001)

Fabrication of Evidence – Phony FMLA Claim

It is clear that the defendants was using whatever they felt available to them to create an image of authenticity, they did not care who or what agency or fraud they had intended to commit or the consequences, their main goal was

to do whatever they could to put obstacles and images that appear that it was the plaintiff and not Ogltree and Deakins who were pulling the string

> *Making false statements (18 U.S.C. § 1001) is the common name for the United States federal process crime laid out in Section 1001 of Title 18 of the United States Code, which generally prohibits knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States*

## CONCLUSION

Based on the evidence the court can see that the plaintiff did not file a complaint with the US Department of Labor at no time. This is complete fabrication of evidence on the part of Velocity and Ogltree Deakins.

There is not possible way he made this contact and provided this information as his current information cell phone and address had changed, unknown to both Velocity and Ogltree Deakins.

With the intentional omission of charge numbers, the frantic attempt to get the release letter to the DOL and visible evidence that every time he relocated, there was Velocity and Ogltree Deakins continuing to harrass him and his family and doing everything available to them including the fabrication of events, complaints, evidence show that they have degenerated to a level of disbarment for what they have committed.

The court also needs to be aware that after presenting this evidence to the Solicitor office of the US DOL, they did not take kindly to what was presented and has opened an official investigation into this matter.

These are attorneys who are committing intentional fraud upon the court.

In addition to this motion, the plaintiff had been previously warned by other attorneys of the unethical illegal tactics of Ogltree Deakins and was forwarded a link to an article from Arizona Maricopa County as he recalled some of the same things he had send and read about Ogltree that mirrored the identical tactics and events of our conversation.  In that article, Ogltree had lost all litigations, advised their client Maricopa County to commit criminal acts and over billed them and billed them for resources that performed no work on any cases.  The same as they have done here.  The contract with Ogltree was terminated, this shows the plaintiff is not the only one who has been subjected to this type of criminal conduct.


Ogltree had the nerve to sue Maricopa County after they were caught over billing by millions of dollars and advising illegal tactics and criminal conduct.

The plaintiff respectfully ask the court for an entry of default based on fraud upon the court against the defendants.





## WHISARD Complaint Information Form

Most critical act: *FMLA*

| Employment Information | Payroll Information |
|---|---|
| | |

**Employment Information**

Job title:

Description of duties:

Employed From:          To:

Employee status:

Date of Birth:

Employee age at time of complaint:

Employee age at time of violation:

**Payroll Information**

Pay rate:

Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:

Days worked per week:

Total hrs per week:

Pay period:

Time records kept:     *N*

## Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology. CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required  five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compkdaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

| Date: 09/29/2020 3:47:49 PM | Customer ID: 3850645 | Page 2 |
|---|---|---|

## WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*       **FILED-NO ACTION**

*07/19/2018 5:14:44 PM*       **INTAKE ONLY**

3894889

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3894889* | Receiving *Tucson Area Office* | Last updated by |
| Date of Contact: | *12/05/2019* | Contact Priority: | Last updated |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | |
|---|---|---|
| Name: | *Velocity Technology Solutions* | Primary Phone: ext. |
| Address: | *Charlotte, NC 28201* | Other Phone: ext. |
| | | Fax: ext. |
| | | Email: |

| | | |
|---|---|---|
| County: | *Mecklenburg* | NAIC |
| Contact Name: | | Gov. Contract, Furnishes | *N* |
| Contact Title: | | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | | Est. expiration date of gov. |
| ER business status: | | Estimated EEs affected: |
| Estimated $ADV: | | Special Coverage: |
| Nature of Business: | | Franchise: *N* |
| Interstate Commerce: | | Union Shop: *N* |
| Number Of Employees: | | ER Exempt? *N* |

### Person Submitting Information

| | | |
|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: ext. |
| Address: | *PO Box 1751 C/O Birite* | Other Phone: ext. |
| | *Sacramento, CA, 95812* | Fax: ext. |
| | | Email: |
| | | If not complainant, EE Name: |
| Is Customer complainant? | *Y* | |
| Verbal permission to use name | *N* | Verbal notification of Private Right |
| Written permission to use name | *N* | Action *N* |
| Written permission to use name | *N* | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| | | | | |

| | | |
|---|---|---|
| Date: 09/29/2020 3:47:17 PM | Customer ID: 3894889 | Page 1 |

## WHISARD Complaint Information Form

Most critical act:

### Employment Information

Job title:
Description of duties:

Employed From:                          To:
Employee status:

Date of Birth:
Employee age at time of complaint:

Employee age at time of violation:

### Payroll Information

Pay rate:
Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:
Days worked per week:

Total hrs per week:
Pay period:

Time records kept:      *N*

### Complaint Notes

*The C mailed a letter to Wage & Hour outlining court actions and allegations- they do not appear to be related to Wage & Hour. An internet search of the firm shows three locations: New York State, North Carolina & Minneapolis. A Whisard search shows no prior history. Complaint will be GAF/ NFA- ADD Wood 12/05/2019.*

Contact Log:

*12/05/2019 7:55:57 AM*        **FILED-NO ACTION**

*12/05/2019 7:49:50 AM*        **INTAKE ONLY**

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

      *Note*
      *INCORRECT*
      *Address*

      Re:    DOL Complaint

To Whom It May Concern:

      Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter.  The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

      Sincerely,

      Garrison Jones

*DOL Did not have a compliant filed on May 22, 2018*

34314971.1

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones |
| **Sent:** | Friday, October 9, 2020 6:12 AM |
| **To:** | WHD-FOIA |
| **Subject:** | RE: 3850645   letter |

Also if you notice that all the other release letters have charge or case numbers associated except the DOL letter in the directory on my computer.

You will also notice in the agreement snapshot the charge or case number for all the others is clear  except it says

and   the   FMLA   charge   filed   with   the   United   States

Well if there was a charge sent to them on May 22, 2018 then why is it the only one that does not have a number and why does your agency show a complaint on July 19, 2018 more than 2 months later ??
"

# <u>CONFIDENTIAL NEGOTIATED SETTLEMENT</u> <u>RELEASE</u>

This Negotiated Settlement Agreement and Full Release
Garrison Jones on behalf of himself, his agents, ass
administrators, beneficiaries, and representatives ("Jor
Solutions, Inc. (the "Company"). Jones and the Comp
referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employn
ending thereof effective August 16, 2018, including the
made or that could have been made in Equal Employ
Charge Nos. 440-2018-05157, 35A-2018-00231, and 5
Rights Division Charge No. P18-0058, Illinois Departn
095, and the FMLA charge filed with the United
(collectively, the "Charges"), and the lawsuit filed i
Northern District of Illinois titled *Jones v. Velocity Techi*
1:18-cv-03288   (the "Lawsuit").

and in the document filed with the court. They intentionally omitted it because at
the time, I would have caught this as they did not want me to know they had filed
the fraudulent complaint and at the time I was still recovering from my stroke and
only wanted to run as far away from this criminal organization

| | | |
|---|---|---|
| Garrison Jones Charge Withdrawal Letter (ACRD Charge No. P18-0058) (002).._ | 8/15/2018 3:51 A |
| Garrison Jones Charge Withdrawal Letter (DOL) (003) | 8/15/2018 3:51 A |
| Garrison Jones Charge Withdrawal Letter (EEOC Charge No. 35A-2018-00231)..._ | 8/15/2018 3:51 A |
| Garrison Jones Charge Withdrawal Letter (EEOC Charge No. 440-2018-05157)..._ | 8/15/2018 3:51 A |
| Jones Garrison 2018-08-15 REV#6 Settlement Agreement - Clean | 8/15/2018 3:51 A |
| Stipulation for Voluntary Dismissal (4) | 8/15/2018 3:51 A |

**From:** Garrison Jones
**Sent:** Friday, October 9, 2020 6:01 AM
**To:** WHD-FOIA <WHD-FOIA@DOL.gov>
**Subject:** RE: 3850645 letter
**Importance:** High

Also included in your reply under customer ID 385065  on 8/24/2018 where it states the attorney from Ogltree Deakins sent a with drawl letter to withdraw the  well I have the withdrawal letter.  I did not write it , it was written by the Ogltree attorneys
Now , here is another red flag issue, the letter says it is a withdrawal letter for complaint filed on May 22, 2018 but you folks did not send me or return any documents and or complaint filed on May 22, 2018 so how could you folks match or accept a with drawl letter to a complaint on May 22, 2018 that does not exist.

That should have sent off a red flag as to what complaint is being withdrawn.  This is the extent of the fraud that needs to be addressed.  They have gone to extreme lengths to cover-up this first impersonating me to file a complaint with the DOL and then sending your agency a fraudulent forged document.  I have attached the letter.  Please advise ASAP

The letter is dated 8/15/2018

Date: 09/29/2020 3:47:49 PM                    Customer ID: 3850645

# WHISARD Complaint Information F

*CP alleges that the requested time she put in with VTS is incorrect to the time she wa*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrac*

*Chicago DO received a withdrawal letter from attorney citing a settlement between C*

Contact Log:

*08/24/2018 1:43:46 PM*          **FILED-NO ACTION**

*07/19/2018 5:14:44 PM*          **INTAKE ONLY**

**From:** Garrison Jones
**Sent:** Friday, October 9, 2020 1:47 AM
**To:** WHD-FOIA <WHD-FOIA@DOL.gov>
**Subject:** RE: 896928 Complaints

Please see the attached documents that need to be referred to your legal or
fraud  department for fraud prosecution,  as I did not make the complaint sent to me
on July 19, 2018.

I understand that it is a felony to make false statements and file false reports to a
federal government agency.

Taylor N. Rollinson, IL SBN 6293657
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
taylor.rollinson@ogletreedeakins.com

Attorneys for Defendant Velocity Technology Solutions, et al.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Garrison Jones, | No. 1:18-cv-03288 |
| Plaintiff, | Honorable Ruben Castillo |
| vs. | **STIPULATION FOR VOLUNTARY DISMISSAL** |
| Velocity Technology Solutions, et al., | |
| Defendant. | |

Pursuant to Federal Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties request that the above-captioned action be dismissed in its entirety, with prejudice, with no award of counsel fees or costs by the Court to either side. Plaintiff Garrison Jones has expressly authorized Velocity Technology Solutions' legal counsel, Ogletree Deakins, to file this stipulation for voluntary dismissal with prejudice and the proposed Order with the Court.

*Written by
Ogltree*

Ogletree, DEAKINS, NASH,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800

RESPECTFULLY SUBMITTED this _____ day of August 2018.

_____         /s/ Taylor N. Rollinson
                                          One of the Attorneys for Defendant

Garrison Jones                            Taylor N. Rollinson
705 W. Liberty                            **OGLETREE, DEAKINS, NASH,**
Wheaton, Illinois 60187                   **SMOAK & STEWART, P.C.**
garrison.jones@outlook.com                155 North Wacker Drive, Suite 4300
                                          Chicago, Illinois 60606
                                          taylor.rollinson@ogletreedeakins.com


                                          Attorneys for Defendant Velocity Technology
                                          Solutions, et al.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback road, Suite 800

2

August 16, 2018

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison St.
Suite 2000
Chicago, IL 60661

      Re:    EEOC Charge No. 440-2018-05157

To Whom It May Concern:

      Please accept this letter as my request to withdraw my EEOC Charge, Number 440-2018-05157, dated May 10, 2018.   The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my charge.   Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

            Sincerely,

            Garrison Jones

34178499 1

August 16, 2018

U.S. Equal Employment Opportunity Commission
Phoenix District Office
3300 N Central Ave., #690
Phoenix, AZ 85012

     Re:    EEOC Charge No. 35A-2018-00231

To Whom It May Concern:

    Please accept this letter as my request to withdraw my EEOC Charge, Number 35A-2018-00231, dated February 15, 2018, which was duel filed with the Arizona Civil Rights Division. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my charge. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

        Sincerely,

        Garrison Jones

August 16, 2018

Ms. Jesse Cuilty
Investigator
Civil Rights Division
Attorney General's Office
2005 N. Central Avenue
Phoenix, Arizona 85004

      Re:    ACRD Charge No. P18-0058

Dear Ms. Cuilty:

      Please accept this letter as my request to withdraw my ACRD Charge, Number P18-0058, dated February 15, 2018, which was duel filed with the Equal Employment Opportunity Commission. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my charge. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

Sincerely,

Garrison Jones

34179118 1

In addition, I sent last week official complaint letters to DOL office in Chicago and Sacramento to alert them of this as well

Please create another contact record for this issue and connect it to the above false complaint or assign a new number rand let me know the new tracking number

Thank you

**From:** WHD-FOIA [mailto:WHD-FOIA@DOL.gov]
**Sent:** Wednesday, September 30, 2020 7:09 AM
**To:** Garrison Jones <garrison.jones@outlook.com>
**Subject:** 896928 Complaints

Please see attached complaint forms.

Genise E. Coleman
**Branch of Document Management**
**USDOL | Wage and Hour Division**
**Office:** 202.693.1072

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Tuesday, September 29, 2020 1:56 PM
**To:** ████████████████████@dol.gov; WHD-FOIA <WHD-FOIA@DOL.gov>
**Subject:** Re: 896928 no tesponse

All I need quickly is confirmation that no record exist. That would help immensely

Get Outlook for iOS

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Tuesday, September 29, 2020 10:54:48 AM
**To:** ████████OL <████████████>; WHD-FOIA <WHD-FOIA@DOL.gov>
**Subject:** Re: 896928 no tesponse

Thank you

Get Outlook for iOS

**From:** ████████████████████████████
**Sent:** Tuesday, September 29, 2020 10:14:26 AM
**To:** WHD-FOIA <WHD-FOIA@DOL.gov>
**Cc:** garrison.jones@outlook.com <garrison.jones@outlook.com>
**Subject:** FW: 896928 no tesponse

Wage and Hour:

We are forwarding the requester's status inquiry to you on their behalf.

Sincerely,

5

Darlene Miller

**Darlene Miller**| *Government Information Specialist, Office of Information Services*
Division of Management and Administrative Legal Services (MALS) | Office of the Solicitor
U S Department of Labor | 200 Constitution Avenue NW N2420 | Washington DC 20210
Phone: 202-693-5442 | Fax: 202-693-5389 | Email: miller.darlene@dol.gov | e-FOIAs: foiarequests@dol.gov

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Tuesday, September 29, 2020 12:22 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** 896928 no tesponse

I have left two messages at the number provided with no response on the request above. There is a court hearing at the end of this week that was scheduled in response/reply received as to the completion date given.

If I can get someone to simply confirm no such complaint exist will be enough until the formal letter is received as it is getting close to this date and I need some form of status.

Thank you for your urgent attention

6

SETT/E — 1

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND FULL RELEASE

This Negotiated Settlement Agreement and Full Release ("Agreement") is made between Garrison Jones on behalf of himself, his agents, assigns, heirs, estates, executors, administrators, beneficiaries, and representatives ("Jones") and Velocity Technology Solutions, Inc. (the "Company"). Jones and the Company are sometimes collectively referred to as the "Parties."



WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

NOW THEREFORE, the Parties knowingly and voluntarily agree to the following terms, promises, and conditions.

1. **Settlement Consideration and Payment**. As valid and sufficient consideration to which Jones agrees he was not previously entitled for this Agreement and the promises, obligations, and undertakings described herein, and in full settlement for any and all damages or relief to which Jones could possibly be entitled from Released Parties, the Company agrees to pay Jones the gross amount of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (▮▮▮▮▮▮) (the "Settlement Payment"). The Settlement Payment shall be allocated and paid as follows:

> **(a)     Wage Income.** ▮▮▮▮▮ for lost wages by check or wire transfer made payable to Jones, with applicable taxes and other withholdings withheld. The Company will furnish a W-2 to Jones, which includes this payment at the appropriate time.
> **(b)     Non-Wage Income.** ▮▮▮▮▮ for compensatory non-wage damages by check or wire made payable to Jones. The Company will issue an IRS Form 1099 to Jones for this payment.

The Settlement Payment shall be inclusive of all claims for attorneys' fees (except for the Attorney Fee Reimbursement expressly provided at the end of this paragraph, as applicable), expenses, or other costs. Jones acknowledges that the Settlement Amount shall not be paid until Jones provides an executed 2017 version W-9 to the Company. The Settlement Payment shall be made promptly after all of the following have occurred: (a) the Company's receipt of an executed and effective Agreement; (b) the Company's receipt of executed and effective documents that provide for full and final withdrawal of the Charges and dismissal of the Lawsuit with prejudice; and (c) the receipt of any other

1

FOIA 1

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: **3850645** | Receiving *Chicago IL District Office* | Last updated by |
| Date of Contact: *07/19/2018* | Contact Priority: | Last updated |
| Complaint Status: **FILED-NO ACTION** | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | |
|---|---|
| Name: **Velocity Technology** | Primary Phone: **704-357-7705**  ext. |
| Address: **1901 Roxborough RD.** | Other Phone:  ext. |
| **Charlotte, NC 28211** | Fax:  ext. |
| | Email: |
| County: **Mecklenburg** | NAIC |
| Contact Name: | Gov. Contract, Furnishes  **N** |
| Contact Title: | Gov. Contract, Furnishes services:  **N** |
| Estimated # of locations: | Gov. Contract, Performs construction:  **N** |
| Headquarters location: | Gov. Contract, Other contract type:  **N** |
| Branch Name/Location 1: | Gov. Contract, Unknown contract  **N** |
| Branch Name/location 2: | Est. expiration date  of gov. |
| ER business status: | Estimated EEs affected: |
| Estimated $ADV: | Special Coverage: |
| Nature of Business: | Franchise:  **N** |
| Interstate Commerce: | Union Shop:  **N** |
| Number Of Employees: | ER Exempt?  **N** |

*HER X tImES 9*

*ShE NtImE8 8*

### Person Submitting Information

| | |
|---|---|
| Name: **Jones, Garrison** | Primary Phone: **916-870-4060**  ext. |
| Address: **705 West Liberty Drive** | Other Phone:  ext. |
| **Wheaton, IL, 60187** | Fax:  ext. |
| | Email: |
| | If not complainant, EE Name: |
| Is Customer complainant?  **Y** | |
| Verbal permission to use name  **N** | Verbal notification of Private Right |
| Written permission to use name  **N** | Action  **N** |
| Written permission to use name  **N** | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

| | | |
|---|---|---|
| Date: 09/29/2020 3:47:49 PM | Customer ID: 3850645 | Page 1 |

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Wednesday, August 15, 2018 5:29 AM |
| **To:** | danielle jones |
| **Subject:** | Fwd: Settlement Documents - CONFIDENTIAL COMMUNICATION - FOR SETTLEMENT PURPOSES ONLY |
| **Attachments:** | Jones Garrison 2018-08-15 REV#6 Settlement Agreement - Clean.pdf; Garrison Jones Charge Withdrawal Letter (EEOC Charge No. 440-2018-05157).._.pdf; Garrison Jones Charge Withdrawal Letter (ACRD Charge No. P18-0058) (002).._.pdf; Garrison Jones Charge Withdrawal Letter (EEOC Charge No. 35A-2018-00231).._.pdf; Stipulation for Voluntary Dismissal (4).pdf; Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf |

Get Outlook for Android

**From:** Chris Heller <chris.heller@velocitycloud.com>
**Sent:** Wednesday, August 15, 2018 6:51:15 AM
**To:** Garrison Jones
**Subject:** Settlement Documents - CONFIDENTIAL COMMUNICATION - FOR SETTLEMENT PURPOSES ONLY

**CONFIDENTIAL COMMUNICATION – FOR SETTLEMENT PURPOSES ONLY**

Garrison,
Attached are final copies of the Settlement Agreement and Attachments.
The gross amount is $▮▮▮▮ as set forth in the Agreement. Based on the applicable withholding, the net amount you will receive after signature ▮▮▮▮▮▮▮▮▮▮▮▮ Non-Wage amount and ▮▮▮▮▮▮ Wage amount after applicable withholding per the below).
The check(s) will be made out to Garrison Jones and will be at the lawyer's office for the signing.

Per my email yesterday, You will meet with Jennifer Colvin at 3:30 PM on Thursday.

Address is as follows:
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606

It is in a secure building so your name has been provided to security and you will need to check in with them when you arrive.

Regards,
Chris



Wed 9/30/2020 9:16 AM

Garrison Jones <garrison.jones@outlook.com>

896928

To   foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

**T Mobile**

Bill period
Jul 17, 2018 - Aug 16, 2018

Account
959508066

Page
1 of 12

**TOTAL DUE**

# $202.15

Your bill is due by Sep 09, 2018.

Never worry about forgetting to pay, and save money too. With the AutoPay Discount, you save $5/line (up to $40) every month. Sign up for AutoPay at t-mo.co/autopay.

Thanks for paying your last bill of $328.72.

## Hi Jones,

### Here is your statement for August.

*T-MOBILE -1*

Enjoying your new Galaxy Note8 - Midnight Black - 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

---

**BALANCE FORWARD**

# -$106.64

**This is what happened since your last bill:**

- Your last bill was $222.08
- You made payments totaling $328.72

---

**PLANS**

# $226.23

3 VOICE LINES = $226.23

**This month's charges are $156.23 more**

- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

**Your plan includes:**

- Unlimited entertainment streaming at DVD-quality, 480p.
- Mobile hotspot data to keep you connected at up to 3G speeds.

Details @ t-mo.co/Plans

---

**EQUIPMENT**

# $8.62

1 HANDSET = $8.62

**This month's charges are $8.62 more**

- (916) 270-7650 added a Galaxy Note8 - Midnight Black - 64GB that will be fully paid off after 24 monthly payments
- (916) 270-7650 received NM32 2018 Q3 Samsung Galaxy with Add a Line of $13.38

**The T-Mobile® app lets you easily:**

- Pay your bill anytime/anywhere
- Upgrade your phone
- Get 24/7 support

Download the app @ t-mo.co/App

---

**SERVICES**

# $24.33

1 T-MOBILE ONE PLUS = $14.33  |  1 T-MOBILE SERVICE = $0.00  |  1 OTHER SERVICE = $10.00

**This month's charges are $14.33 more**

- You had multiple feature changes. See details on page 3

**Simple Global update:**

- We've added additional countries and destinations!
- Notice: We're updating our Simple Global international calling rate to $0.25/min

Details/eligibility @ t-mo.co/SGCall

---

**ONE-TIME CHARGES**

# $49.61

4 OTHER ONE-TIME CHARGES = $49.61

- 2 lines had Restore From Suspend of $44.56. See below for details.

# FIRST CONVENIENCE BANK

*Bank-1*

A division of First National Bank Texas

# Strength in Banking

since **1901**

www.1stcb.com ★ 800-903-7490
(TTY) 866-390-9768

P.O. Box 937 • Killeen, Texas 76540

GARRISON JONES
4011 S MONROE MEDICAL PARK BLVD
BLOOMINGTON IN 47403-8000

**Why stay inside when you can go on an adventure this summer?** With competitive rates on financing for motorcycles, boats and RVs; we are dedicated to helping you find the vehicle that meets your recreational travel needs. Apply online or visit your local banking center today! All loans and collateral subject to approval.

## ACCOUNT SUMMARY          Balance as of 08/11/18

| Account | Account Number | Balance |
|---|---|---|
| THE POWER ACCOUNT | | 1,389.07 |

## STATEMENT SUMMARY

| | | |
|---|---|---|
| Beginning Balance | 07/19/18 | .00 |
| Deposits/Misc Credits | 2 | 6,602.29 |
| Withdrawals/Misc Debits | 47 | 5,213.22 |
| Ending Balance | 08/11/18 | 1,389.07 |
| Service Charge | | .00 |




FDIC



78748

*Ogltree – 1* (handwritten)

## OGLTREE TERMINATION OF CONTRACT MARICOPA COUNTY - 2010

PHOENIX (CN) – Labor law **Ogletree, Deakins, Nash, Smoak & Stewart** sued Maricopa County for defamation, claiming the county **removed it from its approved vendor list for outside counsel and accused it of unethical and criminal conduct**.

Ogletree Deakins "was an approved vendor on the county's list of outside counsel and was awarded several contracts for legal services" before September 2010, according to the complaint in Maricopa County Court.

Its clients included Maricopa County Sheriff Joe Arpaio and then-County Attorney Andrew Thomas.

But the county fired it and removed it from the approved vendor list in a Sept. 22, 2010 letter signed by County Manager David Smith.

Ogletree says the termination letter "contained false and defamatory statements **including, among other things, accusing Ogletree of unethical and possibly criminal conduct and of acting in an unreasonable manner."**

The county also made "unprivileged publications and republications of the termination letter and the defamatory statements therein, including causing the defamatory statements to be published by reporters and intentionally leaking misstatements and half-truths to the media for the purpose of impugning the integrity and business practices of Ogletree," according to the complaint.

John Doran, whose Phoenix law office, Sherman & Howard, represents Ogletree, told Courthouse News that the lawsuit "is simply a procedural step that is necessary to preserve rights that we invoked several months ago."

Ogletree filed a notice of claim in March, demanding attorney fees and an apology for the termination letter.

"We continue to work in good faith to resolve all of our issues with the county," Doran said.

Maricopa County communications director Cari Gerchick said the county does not comment on pending or open litigation.

The termination claimed, *inter alia*, **that Ogletree Deakins improperly expanded "the scope of assignments and representation, resulting in the wasteful duplication of legal services and potentially inflated billing," and that it cost county taxpayers "more than $5 million in outside counsel legal fees, ($3.2 million of which was paid to Ogletree during the last fiscal year alone), and Ogletree has yet to prevail in any of the almost a dozen frivolous lawsuits it has filed against the county and its**

**Board of Supervisors**." (Parentheses in letter.)

The letter also **accuses Ogletree of trying "coerce the county into waiving a conflict of interest that a federal judge described as unwaivable, causing the judge to chastise the managing partner of your Phoenix office, Leigh Eric Dowell, for 'grandstanding' and trying to 'browbeat' the county;"**

of **"Promising to pay an alleged expert $1,500 every month regardless of whether the expert provided any services at all, an arrangement which is a highly questionable use of public funds;"**

of **"advising and/or allowing the Sheriff's Office to refuse to turn over public records sought by subpoena despite apparently acknowledging that no legal basis existed for this course of action;"**

of **"Lacking sufficient transparency in billing, resulting in both unnecessary expenditure of County staff time to analyze incomplete information and an increase in the probability of the cover-up of fraudulent activity;"**

and of "Continuously acting in an antagonistic and unprofessional manner that is not only below the standards of any attorney whose legal fees are paid for by public money, but at least one judge described as 'inappropriate, demeaning, and certainly not focused on resolving legal or factual issues' and also found to be '**lacking in civility, unprofessional and discourteous**".

In its complaint, Ogletree says the county's false claims "were part of a baseless campaign to smear the reputation of Ogletree, one of the nation's largest and most respected labor and employment law firms."

It claims the county published the letter "with the intent to damage Ogletree's reputation and acted with actual malice when publishing the defamatory statements."

Ogletree Deakins wants the county enjoined from republishing the defamatory remarks, and compensatory and punitive damages for defamation.

# Social Security Administration
## Retirement, Survivors and Disability Insurance
### Notice of Award

Great Lakes Program Service Center
600 West Madison Street
Chicago, Illinois 60661-2474
Date:  July 24, 2020



3 5P  0.800  0720M3MCS4PI T62 P

GARRISON JONES

9

You are entitled to monthly disability benefits beginning May 2018.

**The Date You Became Disabled**

We found that you became disabled under our rules on November 18, 2017.

Disabled
As Of
Nov. 17, 2017

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | | |
|---|---|---|---|---|
| Complaint ID: | *3894889* | Receiving *Tucson Area Office* | | Last updated by |
| Date of Contact: | *12/05/2019* | Contact Priority: | | Last updated |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | | See customer history log for Contact type(s) |

### Establishment Information

| | |
|---|---|
| Name: *Velocity Technology Solutions* | Primary Phone:                    ext. |
| Address: *Charlotte, NC 28201* | Other Phone:                    ext. |
| | Fax:                    ext. |
| | Email: |

| | | |
|---|---|---|
| County: *Mecklenburg* | NAIC | |
| Contact Name: | Gov. Contract, Furnishes | *N* |
| Contact Title: | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | Est. expiration date of gov. | |
| ER business status: | Estimated EEs affected: | |
| Estimated $ADV: | Special Coverage: | |
| Nature of Business: | Franchise:    *N* | |
| Interstate Commerce: | Union Shop:  *N* | |
| Number Of Employees: | ER Exempt?  *N* | |

### Person Submitting Information

| | |
|---|---|
| Name: *Jones, Garrison* | Primary Phone:                    ext. |
| Address: *PO Box 1751 C/O Birite* | Other Phone:                    ext. |
| *Sacramento, CA, 95812* | Fax:                    ext. |
| | Email: |
| | If not complainant, EE Name: |

| | | |
|---|---|---|
| Is Customer complainant? | *Y* | |
| Verbal permission to use name | *N* | Verbal notification of Private Right |
| Written permission to use name | *N* | Action            *N* |
| Written permission to use name | *N* | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| | | | | |
| | | | | |

| | | |
|---|---|---|
| Date: 09/29/2020 3:47:17 PM | Customer ID: 3894889 | Page 1 |

## WHISARD Complaint Information Form

Most critical act:

### Employment Information

Job title:

Description of duties:

Employed From:                    To:

Employee status:

Date of Birth:

Employee age at time of complaint:

Employee age at time of violation:

### Payroll Information

Pay rate:

Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:

Days worked per week:

Total hrs per week:

Pay period:

Time records kept:      *N*

### Complaint Notes

*The C mailed a letter to Wage & Hour outlining court actions and allegations- they do not appear to be related to Wage &
Hour. An internet search of the firm shows three locations: New York State, North Carolina & Minneapolis. A Whisard
search shows no prior history. Complaint will be GAF/ NFA- ADD Wood 12/05/2019.*

Contact Log:

*12/05/2019 7:55:57 AM*          **FILED-NO ACTION**

*12/05/2019 7:49:50 AM*          ***INTAKE ONLY***

POJA-21

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: **3850645** | Receiving *Chicago IL District Office* | Last updated by |
| Date of Contact: *07/19/2018* | Contact Priority: | Last updated |
| Complaint Status: **FILED-NO ACTION** | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | |
|---|---|
| Name: *Velocity Technology* | Primary Phone: *704-357-7705*    ext. |
| Address: *1901 Roxborough RD.* *Charlotte, NC 28211* | Other Phone:    ext. |
| | Fax:    ext. |
| | Email: |

| | |
|---|---|
| County: *Mecklenburg* | NAIC |
| Contact Name: | Gov. Contract, Furnishes   *N* |
| Contact Title: | Gov. Contract, Furnishes services:   *N* |
| Estimated # of locations: | Gov. Contract, Performs construction:   *N* |
| Headquarters location: | Gov. Contract, Other contract type:   *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract   *N* |
| Branch Name/location 2: | Est. expiration date of gov. |
| ER business status: | Estimated EEs affected: |
| Estimated $ADV: | Special Coverage: |
| Nature of Business: | Franchise:   *N* |
| Interstate Commerce: | Union Shop:   *N* |
| Number Of Employees: | ER Exempt?   *N* |

### Person Submitting Information

| | |
|---|---|
| Name: *Jones, Garrison* | Primary Phone: *916-870-4060*    ext. |
| Address: *705 West Liberty Drive* *Wheaton, IL, 60187* | Other Phone:    ext. |
| | Fax:    ext. |
| | Email: |
| | If not complainant, EE Name: |

| | | | |
|---|---|---|---|
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action | *N* |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

| | | |
|---|---|---|
| Date: 09/29/2020 3:47:49 PM | Customer ID: 3850645 | Page 1 |

# WHISARD Complaint Information Form

Most critical act: *FMLA*

| | |
|---|---|
| **Employment Information** | **Payroll Information** |

Job title:                                                    Pay rate:
Description of duties:                                 Hours Worked:
Employed From:                    To:              Sun  Mon  Tue  Wed Thu  Fri   Sat
Employee status:
                                                                  Avg. hrs per day:
Date of Birth:                                            Days worked per week:
Employee age at time of complaint:
                                                                  Total hrs per week:
Employee age at time of violation:               Pay period:
                                                                  Time records kept:    *N*

## Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology. CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required  five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compkblaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

## WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*      ***FILED-NO ACTION***

*07/19/2018 5:14:44 PM*      ***INTAKE ONLY***

MICHAEL K. JEANES
Clerk of the Superior Court
By Kristy Kee, Deputy
Date 09/21/2011 Time 16:28:08
Description                         Amount
------- CASE# CV2011-017664 -------
CIVIL NEW COMPLAINT                 301.00
-----------------------------------------
TOTAL AMOUNT                        301.00
        Receipt# 21651368

LAW OFFICES
**SHERMAN & HOWARD L.L.C.**
201 EAST WASHINGTON STREET, SUITE 800
PHOENIX, ARIZONA 85004-2327
TELEPHONE (602) 240-3000
FAX (602) 240-6600
(AZ BAR FIRM NO. 00441000)
John Alan Doran (AZ Bar No. 012112)
(JDoran@ShermanHoward.com)
Jamey G. Anderson (AZ Bar 024920)
(Janderson@ShermanHoward.com)
Attorneys for Plaintiff Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., a South Carolina professional corporation,

Plaintiff,

v.

MARICOPA COUNTY, a political subdivision of the State of Arizona,

Defendant.

Case No.   CV2011-017664

**COMPLAINT**

Plaintiff Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree"), a South Carolina professional corporation, by and through its undersigned counsel, respectfully submits its Complaint and affirmatively alleges as follows:

1.    Ogletree is a national labor and employment law firm with an office located in and doing business in Maricopa County, Arizona.

2.    Defendant Maricopa County (the "County") is a political subdivision of the State of Arizona.

3.    This Court has jurisdiction pursuant to A.R.S. § 12-321 and venue is proper in this Court.

4.    Prior to September 2010, Ogletree was an approved vendor on the County's list of outside counsel and was awarded several contracts for legal services.

1     5.      Pursuant to a letter dated September 22, 2010, and signed by David R.

2     Smith, County Manager, (the "Termination Letter") the County terminated Ogletree and

3     removed Ogletree from the County's approved list of outside counsel.

4     6.      David R. Smith was acting in his official capacity, for and on behalf of the

5     County when he drafted and published the Termination Letter.

6     7.      The Termination Letter contained false and defamatory statements

7     including, among other things, accusing Ogletree of unethical and possibly criminal

8     conduct and of acting in an unreasonable manner.

9     8.      The defamatory statements contained in the Termination Letter are false.

10    9.      Upon information and belief, the County made unprivileged publications

11    and republications of the Termination Letter and the defamatory statements therein,

12    including causing the defamatory statements to be published by reporters and

13    intentionally leaking misstatements and half-truths to the media for the purpose of

14    impugning the integrity and business practices of Ogletree.

15    10.     The County, through its agents David Smith, Julie Pace, David Selden,

16    and Cari Gerchick, repeatedly published the defamatory statements beginning in

17    January 2011, and continuing to the present, and said publications were not privileged

18    in any manner.

19    11.     Ogletree has met the jurisdictional prerequisites for suit with respect to the

20    defamatory conduct alleged herein by filing a timely Notice of Claim in accordance

21    with A.R.S. § 12-821.01(A).

22    12.     At the time the defamatory statements were published, the County knew

23    the defamatory statements were false.

24    13.     At the time the defamatory statements were published, the County acted

25    with reckless disregard for the strong likelihood that the statements were false.

26    14.     The defamatory statements were part of a baseless campaign to smear the

27    reputation of Ogletree, one of the nation's largest and most respected labor and

28

1    employment law firms.

2        15.    The County published, or caused to be published, the defamatory

3    statements with the intent to damage Ogletree's reputation and acted with actual malice

4    when publishing the defamatory statements.

5        16.    The defamatory statements tended to impeach the honesty, integrity and

6    reputation of Ogletree and injured Ogletree in its trade and/or profession and are

7    defamatory *per se*.

8        17.    As a direct and proximate result of the County's acts, Ogletree has

9    suffered, and will continue to suffer, damages in an amount to be proven at trial.

10       18.    The County's conduct was intentional and was outrageous, such that a

11   trier of fact can infer the intent to injure Ogletree.  Therefore, Ogletree is entitled to

12   recover punitive damages in an amount to be proven at trial.

13       19.    In light of the foregoing, Defendants should be enjoined from making

14   additional defamatory statements regarding Ogletree and/or from further circulating the

15   defamatory statements.

16       WHEREFORE, Ogletree prays that this Court enter judgment as follows:

17       a.    Granting preliminary injunctive relief ordering that the County

18   immediately cease and desist publishing the defamatory statements or similar or other

19   defamatory statements;

20       b.    Awarding Ogletree, Deakins, Nash, Smoak & Stewart, P.C. compensatory

21   damages in an amount to be proven at trial, plus post-judgment interest thereon, at the

22   legal rate, until paid in full;

23       c.    Awarding Ogletree, Deakins, Nash, Smoak & Stewart, P.C. punitive

24   damages in an amount necessary to deter the County and others from engaging in such

25   tortious conduct, plus post-judgment interest thereon, at the legal rate, until paid in full;

26       d.    Awarding Ogletree, Deakins, Nash, Smoak & Stewart, P.C. its taxable

27   costs pursuant to A.R.S. § 12-341, plus interest thereon, at the legal rate, until paid in

28

1  full; and

2          e.      Awarding Ogletree, Deakins, Nash, Smoak & Stewart, P.C. such other

3  and further relief as the Court deems just and proper.

4

5          DATED this 21st day of September, 2011

6                                      **SHERMAN & HOWARD L.L.C.**

7

8                                      By:
9                                          John Alan Doran
                                           Jamey G. Anderson
10                                         201 East Washington Street, Suite 800
                                           Phoenix, Arizona 85004-2327
11                                         Attorneys for Plaintiff
                                           Ogletree, Deakins, Nash, Smoak &
12                                         Stewart, P.C.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHOENIX\1109243.1                                4



FILE    MESSAGE

Wed 9/30/2020 9:16 AM
Garrison Jones <garrison.jones@outlook.com>
896928

To   foiarequests@dol.gov

There is a big problem. I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits. I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018. In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018. This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work. There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me. I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you



garrison.jones@outlook.com

| From: | Dodson, Aretha A. - SOL <Dodson.Aretha.A@dol.gov> |
|---|---|
| Sent: | Thursday, October 22, 2020 3:33 AM |
| To: | Garrison Jones |
| Cc: | Oliver, Ramona - SOL; McGirt, Eugene A - WHD; Coleman, Genise E - WHD |
| Subject: | Acknowledgment |

Good Day:

Your request has been assigned to the Wage and Hour Division (WHD) with tracking number **2021-F-00657.** When they begin processing it, you will be able to track its progress at https://efoia.dol.gov/App/CheckStatus.aspx. If you need to contact them about it for any reason please submit your inquiry through WHD-FOIA@dol.gov or phone 202-693-1004. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Have a wonderful day!


Best,

## *Aretha Dodson*
**Government Information Specialist**
U. S. Department of Labor Office of the Solicitor
Office of Information Services- Management & Administrative Legal Services
200 Constitution Avenue, NW
Suite N-2424
Washington, DC 20210
Direct Line: (202) 693-5397
Fax: (202) 693-5389
Email: dodson.aretha.a@dol.gov




1

*Velocity induce - 1*

**From:** Chris Heller <chris.heller@velocitycloud.com>
**Sent:** Wednesday, May 30, 2018 2:03:27 PM
**To:** Garrison Jones
**Subject:** RE: Dept of labor complaint -FMLA

Garrison,

The EEOC investigator has reached out to Velocity regarding using their mediation process to try to resolve this matter.

Is this something that you are interested in exploring?

Please advise if this is an option and we will let the EEOC know that Velocity is willing to use this option.

Regards,

Chris

**Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.**
o 704.593.3423| m 816.678.5162 | f 703.935.4308 | velocitycloud.com

See more about Chris Heller.

**T · ·Mobile·**   Case 2:19-cv-02374-KJM-JDP   Document 57   Filed 10/23/20   Page 72 of 82

Bill period
Jul 17, 2018 - Aug 16, 2018

Account
958508066

Page
1 of 12

## TOTAL DUE

# $202.15

Your bill is due by Sep 09, 2018.

Never worry about forgetting to pay, and save money too. With the AutoPay Discount, you save $5/line (up to $40) every month. Sign up for AutoPay at t-mo.co/autopay.

Thanks for paying your last bill of $328.72.

## Hi Jones,

### Here is your statement for August.

Enjoying your new Galaxy Note8 - Midnight Black - 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

*Number Changed June 2018* (handwritten)

## BALANCE FORWARD

# -$106.64

**This is what happened since your last bill:**

- Your last bill was $222.08
- You made payments totaling $328.72

## PLANS

# $226.23



3 VOICE LINES = $226.23

**This month's charges are $156.23 more**

- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

**Your plan includes:**

- Unlimited entertainment streaming at DVD-quality, 480p.
- Mobile hotspot data to keep you connected at up to 3G speeds.

**Details @ t-mo.co/Plans**

## EQUIPMENT

# $8.62

1 HANDSET = $8.62

**This month's charges are $8.62 more**

- (916) 270-7650 added a Galaxy Note8 - Midnight Black - 64GB that will be fully paid off after 24 monthly payments
- (916) 270-7650 received NM32 2018 Q3 Samsung Galaxy with Add a Line of $13.38

**The T-Mobile® app lets you easily:**

- Pay your bill anytime/anywhere
- Upgrade your phone
- Get 24/7 support

**Download the app @ t-mo.co/App**

## SERVICES

# $24.33

1 T-MOBILE ONE PLUS = $14.33  |  1 T-MOBILE SERVICE = $0.00  |  1 OTHER SERVICE = $10.00

**This month's charges are $14.33 more**

- You had multiple feature changes. See details on page 3

**Simple Global update:**

- We've added additional countries and destinations!
- Notice: We're updating our Simple Global international calling rate to $0.25/min.

**Details/eligibility @ t-mo.co/SGCall**

## ONE-TIME CHARGES

# $49.61

4 OTHER ONE-TIME CHARGES = $49.61

- 2 lines had Restore From Suspend of $44.56. See below for details.

*NO way call came from new number Acct* (handwritten)



**To:**     Vishnu Laljie <VLALJIE@jhmc.org>

**Date:**   4/9/2018 8:42 PM

**Subject:** Re[2]: Garrison Jones Offer  Letter

I need a couple days to go over this with family


Monday, 09 April 2018, 11:25AM -05:00 from Vishnu Laljie
vlaljie5_6i2@indeedemail.com:

Garrison,

I sent you an email on Friday that we did get approval from my CFO to extend
your the offer at 160k. Any word?

Please let me know

Vishnu


Vishnu Laljie

Director of Talent Acquisition

Jamaica Hospital Medical Center

Email: vlaljie@jhmc.org

Phone: 718-206-6863.

http://www.jhmc.org



# ⁊ Lincoln
**Financial Group®**

The Lincoln National Life Insurance Company
6801 Indian Hills Drive, Omaha, NE 68114-4066
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY**
**(PLEASE see FRAUD NOTICES attached)**

*(877) - 843 - 3956*

*Ex 2 b*

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS
FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER
EXPENSE.

**Attending Physician's Statement**

1. Patient's Name _Garrison Jones_          Date of Birth _Redacted_

2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)
_stroke (L PICA, R PICA) w/ residual LUE weakness, b/l visual_
_deficit_

3. a) Date of First Treatment            _11/22/2017_
   b) Date of Most Recent Treatment      _12/21/2017_
   c) Frequency of Treatments            _2-3x/week_
   d) Type of Treatment Rendered         _physical therapy_
   e) Is surgery scheduled? If so, when?  _n/a_

4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions or light duty) from _11/22/2017_ to _3/22/2018_
   If the patient is still disabled, when should the patient be able to return to work? _re-eval 3/22/2018_

5. Remarks or Comments: _pending further PT/neuro rehab, then ophthalmology_

6. List Restrictions and Limitations: _visual impairment, weakness require FMLA for_
_ambulation_

7. Physical Impairment:
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)
   Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairments ( if applicable)
   Class 1 – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)
   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate limitation)
   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitation)
   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe limitations)

Date _12/21/17_          Signed _____          /Degree/Specialty _Family Med, MD_
(Month Day Year)        (Attending Physician, No Stamps, please)

Street Address _2627 N 7th Ave_

City, State _Phoenix, AZ_

Phone Number _602 406 3153_

Fax Number _602 406 7176_

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
GLC-01450PTD



0000471 LFPOSYD1 00001981

If your leave does qualify as FMLA leave, you will have the following responsibilities while on FMLA leave (only check if applies):

✓ Contact __Shauna Coleman__ at _shauna.coleman@velocitycloud.com_ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover those payments from you upon your return to work.

___ You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

___ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

___ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave:

$\{ X \} - C$

• You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

___ the calendar year (January – December).

___ a fixed leave year based on _____.

___ the 12-month period measured forward from the date of your first FMLA leave usage.

✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

• You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

• Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
• You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
• If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
• If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ___ sick, ___ vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

___ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

___ Applicable conditions for use of paid leave: _____

FMLA leave will begin on February 20, 2018.

12 Weeks of FMLA extends through May 15, 2018.

A recertification is required by the employee prior to May 15, 2018.

_May 15_

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

_____ at _____.

PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Form WH-381 Revised February 2013

Exhibit # 05

*Ex 2 d*

**Arizona Department of Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No. ~~████████~~

---

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT

---

**The last day to file an appeal is ___November 22, 2019___. Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
>
>     *    *        *
>
> 3.  Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

> A.  General
>
> > 1.  Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist.  Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted.  Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001



Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.

**D. Whiting**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018            Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File


dw /db

# APPEAL/REOPENING DEADLINE:  NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**


Page 3—Arizona Appeal No. U-1639659-001

RESPECTFULLY SUBMITTED this _____ day of August 2018.

_____

Garrison Jones
705 W. Liberty
Wheaton, Illinois 60187
garrison.jones@outlook.com

/s/ Taylor N. Rollinson
One of the Attorneys for Defendant

Taylor N. Rollinson
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
taylor.rollinson@ogletreedeakins.com

Attorneys for Defendant Velocity Technology
Solutions, et al.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback road, Suite 800
Phoenix, Arizona 85016

2

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND FULL RELEASE

This Negotiated Settlement Agreement and Full Release ("Agreement") is made between Garrison Jones on behalf of himself, his agents, assigns, heirs, estates, executors, administrators, beneficiaries, and representatives ("Jones") and Velocity Technology Solutions, Inc. (the "Company"). Jones and the Company are sometimes collectively referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

NOW THEREFORE, the Parties knowingly and voluntarily agree to the following terms, promises, and conditions.

    1. **Settlement Consideration and Payment**. As valid and sufficient consideration to which Jones agrees he was not previously entitled for this Agreement and the promises, obligations, and undertakings described herein, and in full settlement for any and all damages or relief to which Jones could possibly be entitled from Released Parties, the Company agrees to pay Jones the gross amount of ███████████████ ███████████████████ (██████) (the "Settlement Payment"). The Settlement Payment shall be allocated and paid as follows:

        (a) **Wage Income.** ██████for lost wages by check or wire transfer made payable to Jones, with applicable taxes and other withholdings withheld. The Company will furnish a W-2 to Jones, which includes this payment at the appropriate time.

        (b) **Non-Wage Income.** ████████ for compensatory non-wage damages by check or wire made payable to Jones. The Company will issue an IRS Form 1099 to Jones for this payment.

The Settlement Payment shall be inclusive of all claims for attorneys' fees (except for the Attorney Fee Reimbursement expressly provided at the end of this paragraph, as applicable), expenses, or other costs. Jones acknowledges that the Settlement Amount shall not be paid until Jones provides an executed 2017 version W-9 to the Company. The Settlement Payment shall be made promptly after all of the following have occurred: (a) the Company's receipt of an executed and effective Agreement; (b) the Company's receipt of executed and effective documents that provide for full and final withdrawal of the Charges and dismissal of the Lawsuit with prejudice; and (c) the receipt of any other

1

# Arizona Department of Economic Security



# Office Of Appeals

**1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019**
**Toll Free 1(877)528-3330 FAX (602)257-7056**

# DISMISSAL OF APPEAL

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL 60187-4842

VELOCITY TECHNOLOGY SOLUTIONS
Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ 85016

Arizona Appeal No. U-1600605-001

Date of Mailing:  8/20/2018

Social Security No. ████████

Employer Acct. No. 7428011-000

### IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS

The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602)771-9019.

### IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO

The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

## NOTICE TO CLAIMANT

***
**YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
***

***
Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
***

**Richard Ebert**
Administrative Law Judge

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1(877)528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**REPRESENTATION**: You may have someone represent you. If you pay the representative, then that person must be a licensed Arizona attorney or be supervised by one. An employer may also use any employee of the business as its representative. This office does not provide representatives.

**Distribution:**
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Employer: ryan.mangum@ogletreedeakins.com
File

RE/aj

*[Handwritten note:] ← Note og/free Attorney copied on Decision*