**FILED**

OCT 26 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| , | No. 2:19-cv-02374 KJM-JDP |
| **Plaintiff,** | |
| **Garrison Jones** | |
| **v.** | **PLAINIFF MOTION FOR** |
| , | **SUMMARY JUDGEMENT** |
| **Defendant.** | **VIOLATION OF FMLA** |
| Velocity **Technology Solutions et al** | Date: October 29, 2020 |
| | Time: 10:00 a.m. |
| | Place: 8 |
| | Complaint Filed: November 25, 2019 |
| | Trial Date: None Set |
| | Magistrate Judge: Hon.Peterson |
| | District Judge: Hon. Kimberly J. Mueller |

,

## INTRODUCTION

A motion for summary judgment should be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be proven or is genuinely disputed must support the assertion by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (1)(B). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact."

1

All of the pleadings and filing by the defendants and counsel have all been submitted in bad faith with the intent to commit fraud upon the court and to hide the real facts of fabrication of evidence and their participation in the fraudulent phony FMLA complaint made to the US DOL and the cover-up and conspiracy that exist even today that has been uncovered by the plaintiff.

The only logical source of all the developments only point to the defendants and Ogltree Deakins who are complicit in the orchestration of these illegal criminal acts.

 The court must treat criminal acts and conduct as a crime.  The start is hear in this summary judgement.  The courts of Arizona quickly recognized the criminal conduct being committed by the defendants and counsel based on the evidence and sent them on their way,  It is apparent that they do not want to go back to Arizona but are attempting to make their rulings null and void.

The doctrine of collateral estoppel precludes the defendants from any such dismissal and judgement in their favor as Velocity and Ogltree Deakins had (1) a full and fair opportunity to litigate the issue of the plaintiffs' termination in **Arizona Appeal No. U-1595392-001** and made a conscious decision to intentional not to appear for and issue they filed an "employer protest" claiming the plaintiff was still employed when they actually terminated him in March 2018.

Equally Velocity and Ogltree Deakins had a full and fair opportunity to litigate the issue of the plaintiffs FMLA status in

1   **Arizona Appeal U-1639659-001** and made a conscious decision to
2   intentional not to appear the appeal hearing  for an issue they filed an
3   "with AZDES a fraudulent protest claiming  the  plaintiff was unable to
4   work because he was on approved FMLA medical leave from Velocity.
5
6   In addition both Velocity and Ogltree Deakins had a full and fair
7   opportunity to litigate the issue of their accusation of fraud where they
8   fraudulently claimed  the plaintiff was committing fraud in July 2018
9   when they filed a third fraudulent claim against the plaintiff in 3
10  consecutive months.  In this appeal d made a conscious decision to
11  intentional not to appear the appeal hearing for an issue they  after all
12  they are the ones who filed the fraudent claim with AZDES.
13
14  Lastly, both Velocity and Ogltree Deakins had a full and fair opportunity
15  to litigate the issue by filing and appeal with the Arizona Court of
16  Appeals in August 2018, the appeal was denied and dismissed.
17  By Arizona Administrative Law Judge Richard Ebert with notations that
18  they did not have good cause not to attend the hearing in
19  **Arizona Appeal No. U-1595392-001** with special notations on that they
20  had no right to appeal this decision (with prejudice) and that the ruling in
21  **Arizona Appeal No. U-1595392-001 was in full force and effect.**
22
23  All these are identical issues in the prior previous litigation action; (2)
24  the issue was actually litigated in the prior action; (3) the issue was
25  decided in a final judgment; and (4) the party against whom issue
26  preclusion [collateral estoppel] is asserted was a party or in privity with a
27  party to the prior action.
28

1  The decisions of the Arizona Court of Appeals are all legally binding and
2  as such the court has to abide by those decisions as they are final and all
3  were made in favor of the plaintiff.

4

5  The court must have substantial overwhelming evidence to overturn each
6  of these rulings/decisions.  **The defendants have submitted NONE**

7

8  Any such reference to any of these issues have been by the attorney who
9  has a documented history of lying and fabricating evidence.

10

11  The defendants nor their counsel has not produced a single piece of
12  evidence that the court can use to overturn any of these decisions

13

14  The plaintiff has exceeded the requirements of proof of granting a
15  summary judgement.

16

17  Just like dismissed with Prejudice for a defendant,  the same is true of
   default rulings  and summary judgement is appropriate if the pleadings
18  and disclosure materials on file, and any affidavits show that there show
19  there is no genuine issue as to any material fact as a matter of law.
   FRCP 56 ©.
20

21  A fact issue is a "material "only if it could affect the outcome of the suit
22  under governing law *Anderson v Liberty Lobby Inc., 477 US, 242,248*
23  *(1986). A fact issue is genuine if the evidence is such that a reasonable*
   *jury could return a verdict for the non-moving party.*
24

25  There are no issued before the court that are disputed or cannot be
26  decided in favor of the plaintiff.

27

28

In fact both the defendants and their counsel both have admitted that the plaintiff was on approved FMLA beginning on February 20, 2018.

There is no issue in regards to the plaintiffs **FMLA Status**, both Velocity and their counsel both admit he was approved for unpaid FMLA medical leave of February 20, 2018.

**<u>Velocity admissions of approved FMLA Status</u>**

Velocity admitted plaintiff was on approved FMLA this by filing a false claim with AZDES in April 2018 that the plaintiff was not able to work and in support of that in May 2018, they sent AZDES US DOL form **WH832 Designation Notice under Family and Medical Leave Act**. Showing that Velocity had approved the plaintiff for unpaid GMLA medical leave from February 20, 2018 thru May 15, 2018 Shown below as Exhibit #5 for the plaintiffs Appeal hearing in **Arizona Appeal No. U-1639659-001**

| **Designation Notice**<br>**under the Family and Medical Leave Act** | **U.S. Department of Labor**<br>**Wage and Hour Division** | **≅WHD** |
| --- | --- | --- |
| **DO NOT SEND TO THE DEPARTMENT OF LABOR.**<br>**PROVIDE TO EMPLOYEE.** | | OMB Control Number: 1235-0003<br>Expires: 6/30/2023 |

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform

1
2
3
4
5
6
7
8
9
10
11

____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

____ Applicable conditions for use of paid leave: _____

FMLA leave will begin on February 20, 2018.

12 Weeks of FMLA extends through May 15, 2018.

A recertification is required by the employee prior to May 15, 2018.

_____

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

_____ at _____.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Page 2                                                                                           Form WH-381 Revised February 2013

Exhibit # 05

## Ogltree Deakins   admissions of approved FMLA Status

Ogltree Deakins attorney Anthony Decristoforo finally admitted plaintiff was on approved after months of **lying to the court** in multiple previous pleadings claiming, ineligible to FMLA protection.


**DEFENDNANTS OWN ADMISSION OF FMLA STATUS AND APPROVAL OF FMLA**
**I**

In the defendants in (dkt 43) page 8 at 13-28 counsel admits after multiple previous claims that the plaintiff was ineligible for FMLA and the protection it allows, that Velocity did in fact approve the plaintiff for unpaid FMA medical leave from February 20, 2018 until May 15, 2018

1  had not been employed for twelve months, and conveyed this message to him. Velocity then

2  explained that he would qualify for FMLA leave on February 20, 2018, and that they would then

3  recognize his leave. *Id.* Plaintiff even includes a copy of the FMLA certification form showing

4  that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018."

5  [DKT 41 at P. 8.] After an erroneous email questioned whether Plaintiff was still employed on

6  March 15, 2018 [See DKT 41 at P. 26]. Shauna Coleman clarified that Velocity had not terminated

7  his employment and that he remained employed as of the date of his expiration of FMLA leave –

8  May 15, 2018. [See DKT 41 at P. 24.] These documents contradict Plaintiff's allegations, and

9  show that Plaintiff received every benefit afforded to him by the FMLA and that no violation could

10  have occurred.

11

12  In the case before the court, the plaintiff has summited over 73 pieces of
    evidence/exhibits. **The defendants have offered and submitted NONE**
13

14

15

16

17

18

19  In light of the recent uncovering of evidence documents /exhibits the
20  court can see that **the fabrication of evidence is the same as "planting"**
    **evidence** and to imagine that  the defendants and their attorneys did this
21  as they that they had committed a serious violation of the plaintiffs
22  FMLA rights by terminating him while on FMLA, then fabricating
23  evidence by impersonating him in the filing of a FMLA complaint with
    the Department of Labor, is recognition and knowledge that they knew
24  prior to August 2018, the severity of their actions and chose to by fraud
25  and criminal conduct,  they **targeted the federal government agency**
26  that administers this program the US Department of Labor, and filed a
    fraudulent phony FMLA claim using what they thought was "current"
27  personal indentifying information taken from court records and his
28

7

employee file at Velocity illustrates to the court how devious and low the lengths both Velocity and Ogltree will go to escape the ramifications of intentional acts.

The court should know, there is more that has been uncovered. The Department of Labor has begun a preliminary investigation with information the plaintiff has provided them with, showing previous patterns of fraud and impersonation by Velocity and Ogltree Deakins and that this was not an isolated incident.

The only people who had a vested interest in filing such an outrageous complaint was Velocity and Ogltree.

Their reign of fraud and staling of the plaintiff had moved from Arizona to Illinois, wherever the plaintiff moved, they followed with false accusations charges and claims, all false and fraudulent.

**Termination of Plaintiff**

The plaintiff was terminated by the defendants per an email he was copied on March 15, 2018 from Senior Director Infor Practice, Susan Haltopp to her boss Senior Vice President Chance Veasey

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance.

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.


Regards.
Susan

**Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
Sr. Practice Director Professional Services, Infor Line of Business
o 612.309.9802 | m 612.972.6914
email susan.holtapp@velocitycloud.com | website velocitycloud.com

STATEMENT OF CONFIDENTIALITY.


While he was on approved FMLA by defendants beginning on February 20, 2018.

## Decision by Arizona Court of Appeals
## Administrate Judge B.J. Cather June 22, 2018

This decision/ruling state the based on the evidence the plaintiff was terminated and not for any misconduct on March 15, 2018 by defendants

9

| NOTICE TO CLAIMANT |

```
***
YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD
CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.
***
```

***

Today. I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened.  I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
***

**Richard Ebert**
Administrative Law Judge

charge.

The evidence shows that the claimant believed that he was to be discharged because he was copied on an email that indicated that he was no longer employed and because his job was posted for hire.  The claimant contacted the employer's general counsel who failed to answer the claimant's question as to why his job was posted.

The employer did not appear at the hearing and presented no evidence to show that the claimant was not going to be discharged.  The employer is, therefore, considered to be the moving party and I conclude that the claimant did not quit but was discharged.

The employer did not present any evidence to show that the claimant's discharge was for misconduct.

Therefore, I conclude that the claimant was discharged, but not for wilful or negligent misconduct connected with the employment.

**B. J. Cather**
Administrative Law Judge

# Decision by Arizona Court of Appeals

## Administrate Judge Richard Ebert August 20, 2018

This decision/ruling was in denial of the appeal filed by Velocity and Ogltree over 40 days after the court deadline, was denied and dismissed with prejudice with no rights to appeal this decision. In addition with special notations that the ruling on June 22, 2018 Arizona **Appeal number U-159001-001 was in full force and effect.  Meaning the court decision upheld and affirmed that the plaintiff had been terminated while on FMLA.**

NOTICE TO CLAIMANT

***
YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.
***

***

Today. I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened.  I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.

***

Richard Ebert

Administrative Law Judge

11

1
2
3   This statement is completely untrue and intentionally misled by counsel.

4
5   In the email Susan Haltopp is **"recapping a previous conversation"**.

6   This means that there was a previous discussion.  Connected with that in
7   February 2018, a recruiter contacted the plaintiff recruiting for his
8   position at Velocity, unknown to him, the resume he found was not
    current.

9
10  In addition, the plaintiff was told by 2 friends that his position at
11  Velocity was posted on Indeed.com.

12  After he copied the add and sent it to Velocity, the add was mysteriously
13  removed.  The date was Feb 24, 2018.  Showing Velocity had already
14  planned to terminate the plaintiff and actively looking for his
    replacement.

15
16  **The Indeed.com advertisement of Feb 24, 2018 is below**

17
18  ### Infor S3 Professional Services Lead - Procurement
19
    Velocity Technology Solutions, Inc. - Remote
    **Description**
20  Apply your expertise to Customers in healthcare and service sectors to help them
    transform their Supply Chain/Procurement operations using the latest products from
    Infor. Become intimately involved with driving solutions for complex business problems
21  and allowing Velocity Customers to become better providers to their clients. With your
    knowledge of Infor's S3 product and of best practices in supply chain operations, you
    will lead the solution design, build, and testing for large scale projects in the U.S. Many
22  times, these projects will be a full scale implementation of Infor and in other cases the
    projects will be a tactical re-design of business processes and Supply Chain system
    configuration. In all cases, you will be a functional leader on a small and collaborative
23  project team. As an Infor Professional Services Lead, your project manager and
    teammates will look to you as the subject matter expert and solution architect for
    Customers using Infor's solutions in Supply Chain (e.g., v10 and CloudSuite).
24
    Velocity is looking for an Infor Professional Services Lead that enjoys problem solving,
    consulting, and designing solutions This role is part of our growing Professional Services
25  organization and requires travel in North America. At Velocity, you will join a team of
    nearly 700 experts who lean in and help Customers drive better results with their ERP
    Software no matter where they are on their journey to the cloud



Get job updates from Velocity
Technology Solutions, Inc.

Velocity Technology Solutions, Inc.
Velocity Technology Solutions is a leader in
enterprise and business application services,
fully- managed and protected within a
virtual...

Let employers
find you

Thousands of employers search for
candidates on Indeed



26
27
28

12

1   Between February 20, 2018 and August 2018 Velocity has lied and
2   made multiple "alternate versions of the plaintiffs FMLA status,
3   whichever suited them, that interfered or was in the best interest that
    arose for Velocity.  These events they pick the version that was best
4   suited for the negative impact on the plaintiff whether it was he was or
5   was not on FMLA and or getting benefits committing fraud etc.

6
    Here counsel is failing to mention, downplaying and abandoning all of
7   his previous claims and grounds of dismissals related to FMLA and
8   finally admits what the plaintiff has been saying and illustrating all
9   along, that he had been approved for unpaid FMLA medical leave by
    Velocity on February 20, 2018 and that he was terminated on March 15,
10  2018.
11
12  Defense counsel has not presented any facts, evidence, exhibits,
13  witnesses and or testimony that can prove or dispute otherwise.

14
    Defense counsel has in his response claims that the email was erroneous
15  and that HR Director Shauna Coleman, said he had not been terminated,
16  however, this is not testimony, nor can an attorney testify in a proceeding
    of this nature as a witness.  Shauna Coleman was the person who was
17  told by Velocity that has, can or will counter the fact that Velocity
18  executives to terminate the plaintiff.

19
    The "erroneous email he claims had been reviewed by
20      a. EEOC investigator, Robin Campbell
21      b. Senior Advocate, Monica Gallardo-Garcia
22      c. Intake Coordinator, Hibbler Memorial Pro Se Program
23      d. Pro Se Attorney, Hibbler Memorial Pro Se Program
        e. B. J. Cather, Administrative Law Judge Arizona Court of Appeals
24      f. D. Whiting Administrative Law Judge Arizona Court of Appeals
25      g. S. Rosen Administrative Law Judge Arizona Court of Appeals

26
    All reached the same conclusion and determination that the email clearly
27  meant that the plaintiff had been terminated by Velocity and was not for
28  any misconduct by the plaintiff.

**Collateral Estoppel**

The doctrine of collateral estoppel exist in this case as it precludes a litigant from re-litigating an issue in a legal proceeding that has already been decided and litigated where the decision and ruling was final.

The Court noted that collateral estoppel applies to issues decided in a previous action which the party opposing preclusion had a full and fair opportunity to contest. See *Brugman v. City of New York, 102 A.D.2d 413 (1st Dep't 1984)*.

Moreover, although legal conclusions and conclusions of mixed law and fact will not give rise to collateral estoppel, findings of fact that are necessary for an administrative agency to reach a decision are entitled to a preclusive effect, meaning, **Preclusive Effects** *of Judgments. A. Res Judicata. (A valid, final, judgment on the merits by a court of competent jurisdiction is conclusive on the parties in any subsequent litigation of the same cause of action, whether the matters comprising such cause actually were litigated or could have been litigated.*

Velocity and Ogltree Deakins had a full and fair opportunity to contest and or appear at all appeal hearings as they are the ones who raised all of the issues of current employment, termination, ability to work, fraud and the ones who filed a frivolous appeal in August 2018 that was denied and dismissed.  They had knowledge of the date time of each hearing and made a fatal conscious decision intentionally not to appear, as such the courts ruled on the evidence presented by the plaintiff at each hearing with testimony and rulings/decisions in his favor was entered.

T
The avoidance by the defendants and counsel where they made the decision not to attend all of these Administrative hearings illustrates the

importance of obtaining a party's obligation to attend any underlying administrative proceedings.   They chose not to.

Their avoidance demonstrates the influential effect an administrative decision may have on the outcome of a related action.

 Furthermore, it is possible that the Court's holding that factual determinations are precluded from being re-litigated may have far reaching consequences.  The decisions of the Arizona Court of Appeals are legally binding and Velocity and Ogltree forfeited their rights of appeal for the intentional failure of not attending these hearings. Therefore the decisions are final and at this point cannot be overturned by this court.

The US District court is not a court of appeals and as such, the decisions of termination by the Arizona Court of Appeals have a crucial bearing on this case.
Their decisions confirm that the plaintiff was terminated on March 15, 2018, that he was able to work from March 22,2018 when velocity said he was on approved FMLA medical leave and the record shows that he was actively seeking employment and received multiple job offers, the record also reflects that Velocity learned that he had return to work at Prime Healthcare and was working out of one of their facilities in Indiana, where Velocity filed a third false allegation / complaint that the plaintiff was committing Fraud by collecting unemployment and working at the same time.  All of these false charges, complaints and protest and negative adjudications by AZDES were overturned on appeal by the plaintiff.

As such there is no issue before the court that precludes it from granting a summary judgement in favor of the plaintiff.
These damages to include liquidated damages, front pay based on his senior status as a Lawson Supply Chain Consultant for over 27 years.
As a consultant  where he over that period was he was considered among the top ten% percent of Lawson Supply Chain Consultants where he had

consulted and implemented Lawson Supply Chain Software in over 300 healthcare facilities in this country, Canada, the UK and Australia.

He was   able to command salaries of over $160,000.00 per year a reflection of his experience and front pay he illustrated by his submission of these job offers after he was able to return to work and would be entitled to by the courts for the time period he would have spent at Velocity as he planned, where he had informed them of 6 years duration before he would consider retirement.  This including front pay for benefits and all other compensations he would have obtained if Velocity would have simply let him do his job and not subjected him to illegal criminal activity and terminated him for participating /engaging in protected activities.

The collateral estoppel coupled with the ruling and decisions made in Arizona Appeals
Number U-1595392-001  where it was determined that the plaintiff had been unlawfully terminated by velocity while on FMLA on March 15, 2018 and did so  not for any misconduct but in retaliation against the plaintiff while he was engaged in protected activity and his refusal to participate in illegal criminal activity by Velocity employees and executives.

To supplement this ruling and decision, that was upheld on a frivolous appeal filed by Velocity over 40 days after eh court imposed deadline, in

**Arizona Appeal U-16000605-001** where a separate judge ruled that the defendants (Velocity) did not have good cause for failing to attend the hearing on June 22, 2018 when it was Velocity who filed the employer protest and on the day of the hearing showing knowledge of the date time, they intentionally failed to answer the phone number given to the court of appeals at the time of the hearing instead made a conscious decision to intentionally not appear at the advice of Ogltree Deakins, and instead faxed the same forged document that resulted in the negative adjudication falsely claiming the plaintiff was still employed , knowing that he had been terminated.

This, in their mind was the "innovative defense strategy of Ogltree Deakins.

As such the appeal was denied and dismissed with special notations on the record "with prejudice" and they were on the record forbidden from filing and appeal to this decision.  In addition, the court made another statement on the record that the ruling of June 22, 2018 that the plaintiff **had been terminated was in full force and affect"**

| NOTICE TO CLAIMANT |
|---|

***
**YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
***

**

oday. I made a separate decision that found the employer did not have good cause for failing to appear at the hearing cheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the ribunal decision issued 6/22/2018 remains in full force and effect.

ou have no right to appeal this dismissal. However, you may request further review of my other decision that you did ot have good cause for failing to appear at the scheduled hearing.
**

**Richard Ebert**
Administrative Law Judge

Arizona Appeal No. U-1595392-001

Wherefore, the plaintiff on the numerous grounds evidence, exhibits materials move the court in granting his motion for summary judgement. Defendants have made no defense of ay of he claims of termination and

17

FMLA status, instead they have attempted to defraud the court by making completely untrue allegations with no supporting facts or materials, only the tongue of counsel who apparently has a reading comprehension issue as all of his fabrications of evidence is not supported in any of the locations he claims this evidence existed.

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(c) (b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(d) (c) PROCEDURES.

(e) (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(f) (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials; or

(g) (B) Showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(h) (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(i) (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(j) (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(k) (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(l) (1) defer considering the motion or deny it;

(m) (2) allow time to obtain affidavits or declarations or to take discovery; or

(n) (3) Issue any other appropriate order.

(o) (e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(p) (1) give an opportunity to properly support or address the fact;

(q) (2) consider the fact undisputed for purposes of the motion;

(r) (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(s) (4) Issue any other appropriate order.

(t) (f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(u) (1) grant summary judgment for a nonmovant;

(v) (2) grant the motion on grounds not raised by a party; or

(w) (3) Consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(x) (g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(y) (h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond

(z) Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has

Fabrication of Evidence/lies by Velocity counsel
In just one pleading

He lied about the existence of FMLA claim in case number

1:18-cv-02388 in the Northern District of Illinois

Dkt 54 filed on October 16, 202 shows the entire complaintfiled on May 8, 2018 and does not contain a single claim of FMLA, nor does it even contain the phrase "FMLA" in the entire complaint.

The following list is from a single dkt filed by opposing counsel there he has continued to fabricate evidence related to the FMLA claim he states existed in the case before the court in

 dkt 1 case number 2:19-cv-02374 and the actual text that is contained at the locations he has specified.  None of the text, line numbers or paragraphs match any of the allegations, claims and admissions counsel is stating in his pleadings.  All are fabricated evidence.

This list is from dkt 35 filed by defense counsel and contained in Section III at 13-23 beginning with the heading

**PRIOR SETTLEMENT AGREEMENT**

13 **III.    PRIOR SETTLEMENT AGREEMENT**

14      Plaintiff's FMLA interference claim should also be dismissed on the independent grounds

15 that Plaintiff alleges he previously settled the claims asserted in the Complaint.  Plaintiff

16 incorporates by reference the preceding (and subsequent) paragraphs of the Complaint in Paragraph

17 37, which would include the FMLA interference claim.  Dkt. 1 at 23.  He then alleges that he

18 previously filed a federal lawsuit based on these incorporated allegations in the United States

19 District Court for the Northern District of Illinois against Velocity and "14 Velocity Technology

20 Solutions employees that are also named in this case before the court."  *Id.* at ¶ 38.  Plaintiff then

21 alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this

22 matter.  Dkt. 1 at 24.  By his own allegations, Plaintiff admits that the issues addressed in his

23 Complaint have already been resolved.

1. In **dkt 1 at 37** that he claims that the complaint has been already resolved none of the language he claims exist at dkt 1 at 37 fabrication evidence of a resolution

**The text in Dkt 1 at 37 is below**

37. → Upon his return Garrison Jones continued to address issues related to·

his termination while on FMLA by contacting AZDES where he had filed for·

unemployment benefits.

2

No such language nor any reference to resolved exist

2. So goes for this reference that **dkt 1 at 23** there he   claims that the plaintiff alleges he previously filed and settled a case in the Northern District of Illinois against Velocity and 14 defendants

No such language exist that he claims is located at dk1 1 at 23 he is fabricating evidence

**Dkt 1` at 23 text is below**

2:19-cv-02374

.

22. →

23. → Plaintiff have timely filed this action and have complied with all·

administrative prerequisites to bring this lawsuit.·

3. So goes for this reference that dkt **1 at 38** where he claims that the "out of court settlement foreclosing and possible recovery in this matter.

**Text for Dkt 1 at 38 is below**

It contains no such language as to a settlement agreement nor any such reference to "out of court"

3

unemployment benefits.

38. → Garrison Jones learned that not only had Velocity Technology Solutions sent forged documents to AZDES in a "employer protest" that Garrison Jones had appealed and won but her also found out that Velocity Technology Solutions also sent on or about April 24, 2018 confidential FMLA documents to AZDES again falsely claiming that he was not only still working at the firm (done as they knew the repercussions on firing him while on FMLA, but they also claimed that he was "unavailable to work. "This triggered yet another negative determination by AZDES in receiving benefits.

## So goes for this reference dkt 1 at 24

**dkt 1 at** 24 where he claims that the "out of court settlement foreclosing and possible recovery in this matter.

This is simply language "preparing" the court for the fraudulent introduction of this illegal unenforceable agreement and **fabrication of evidence** that does not exist

1 | alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this
2 | matter. Dkt. 1 at 24. By his own allegations, Plaintiff admits that the issues addressed in his

No such language exist that he claims to be there.

## The text dkt 1 at 24 is below

Again no such language exist in dkt 1 at 24 that remotely resemble the language being quoted by counsel. Her is just another act of deception and lies to the court.

4

24.   Defendant at the time of the notification that the plaintiff had suffered
a serious medical condition was bound by MLA confidentiality.  However the
defendant, Shauna Coleman, openly discussed the specify illness of the plaintiff
with first VTS executives, including Legal Counsel and Defendant, Chris Heller,
where then the next level of executives, Senior Vice Presidents, specifically
Chance Veasey who was informed that the plaintiff suffered a stroke , who then
openly with details he received informed defendant, Susan Holtapp, who then

Counsel makes multiple fabrications of evidence in one pleading
(dkt 35) Section III heading "Prior Settlement Agreement.  A
total of five (5) fabrications where the actual text on where he
claims these mystery claims/allegations are located none of the
text exist in his objections to findings (dkt 35) Section 3 at13-23

However, as I have said on numerous occasions this is an illegal
manifesto/agreement and a complete fabrication of the real
reason for the manifesto/agreement is to fabricate evidence of a
FMLA complaint filed by Velocity and Ogltree Deakins where
they impersonated the plaintiff , used PII Personal Identifying
information to make it appear authentic and that he filed the
complaint, that they induced him by fraud into an illegal
agreement and release of the FMLA claim that he did not make
to prevail in the complaint in Northern Illinois as well as
fabrication of evidence in case he found out the illegal acts in
the future, knowing that they had unlawfully terminated him
while on approved FMLA in March 2018.

The fabrication of the FMLA complaint was entered into by the defendants in addition to for a growing list of illegal purposes and that was to cover-up illegal criminal activity as well as to cover-up local, state and federal criminal acts committed by Velocity employees and executives.

No court can and will not enforce it as it is completely against public policy.

His reference to recovery is his main concern.  However, it must be pointed out to the court facts that the plaintiff despite the language in the manifesto/agreement has already received and was awarded monetary recovery after   he won 4 successive appeals against the defendants and their counsel.

The agreement was known and presented to the Arizona Court of Appeals where they reviewed it and made the determination that the manifesto/agreement would not have or carry any such weight in the awarding of any monetary awards in any of the appeals before the court.

So his statement is also not true as after each appeal decision, that they were required to attend, that they intentionally did not attend, Ogltree Deakins and Velocity both received the courts rulings and decisions, all were in favor of the plaintiff and as a result their account was charged accordingly and they paid the monetary awards.  This is yet another lie being told by counsel.

This is factual information to the court that the manifesto/agreement he is so counting on has not had any such

6

bearing in the monetary awards or damages that the plaintiff justly deserves. No contract and or agreement can pre-set the awards or set them at zero before litigation is even filed.

23. → Plaintiff have timely filed this action and have complied with all·

administrative prerequisites to bring this lawsuit. ·

So goes for this reference that dkt 1 at 24 where he claims

**Text from Dkt 1 at 24 is below**

VI. → FACTUAL·ALLEGATIONS

24. → At all times material to this action, Plaintiff Garrison Jones was· employed by Defendants as a Lead Supply Chain Consultant in the Infor Practice, · from February 2017 until March 15, 2018 when without his knowledge nor for any· reason for misconduct was terminated by Velocity Technology Solutions for no·

Just so we are clear of what fabrication of evidence means

False evidence, fabricated evidence, forged evidence or tainted evidence is information created or obtained illegally, to sway the verdict in a court case.

In counsel dkt 5 at 26 – 28 filing he claims that Velocity committed what HE calls an error by Velocity in the dates of employment of the plaintiff of an error over 5 months from March 15, 2018 until August 16, 2018.  This is a total of over 154 days a significant gap in employment dates.  In the employment world that is viewed as a "gap in employment"

Counsel does not attempt to let the court know that between March 2018 and August 218 that his client Velocity filed 5 false claims and allegations against the plaintiff who they claim was still employed at Velocity.

April 2018 – AZDES to illegally prevent him from receiving unemployment after he was terminated the filed an employer protest

May 2018 AZDES Velocity filed a false claim with AZDES claiming that the plaintiff was unable to work as he was on approved FMLA medical leave

June 2018 – Velocity intentionally failed to appear at appeal hearing June 22, 2018 ruling in favor of Plaintiff

July 2018 - Velocity files another false claim with AZDES claiming plaintiff committing fraud, working and collecting unemployment at the same time (a felony in AZ)

July 19, 2018 – Velocity and Ogltree impersonated the plaintiff and filed a phony FMLA complaint with the US DOL as part of their lure to get plaintiff to an illegal agreement and release of FMLA complaint he did not file or allege in his federal lawsuit

8

in the US District Court of Northern Illinois case number 1:18-cv-02388

August 10, 2018 Velocity filed an appeal to decision of June 22, 2018 that was dismissed and denied by Arizona Court of appeals

All these fabrications of evidence occurred during a time where counsel states no interference in FMLA occurred and that the plaintiff was employed at Velocity

Additionally, the court can't assume anything without proof of the facts and the fact is that the plaintiff was terminated on March 15, 2018 by Velocity while he was on approved FMLA medical leave by Velocity when he was terminated.

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards.
Susan

**Susan Holtapp-Freiday** | **Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services. Infor Line of Business
o 612.230.3855 | m 612.300.4914
email susan.holtapp@velocitycloud.com | website velocitycloud.com

Now the alleged "error" he does not mention any of the illegal acts of Velocity that are documented between these dates

9

In dkt 35

In dkt 35 at 28 he fabricated the dates of employment stating clearly states "Plaintiff was not entitled to the protection of FMLA

Yet in dkt 43 he now has abandoned his prior claim of not "not entitled to the protection of FMLA claim and now after months of fabrication of FMLA entitlement and eligibility he now somehow in a span of 42 days when he filed dkt  35 on 8/14/2020 and when he filed dkt 43 on 9/25/20 he has had an epiphany and has recognized  and no doubt used the exhibits file by the plaintiff in between these dates, somehow gained some form of readability and admits that the plaintiff was on approved FMLA from Velocity, that however does not mean he did not for months prior fabricated evidence to the contrary.

had not been employed for twelve months, and conveyed this message to him. Velocity then explained that he would qualify for FMLA leave on February 20. 2018. and that they would then recognize his leave. *Id.* Plaintiff even includes a copy of the FMLA certification form showing that his "FMLA leave will begin on February 20. 2018" for 12 weeks "through May 15. 2018."

26

[1] Plaintiff's employment with Velocity actually ended August 16, 2018, not in March of 2018, but Velocity recognizes
27  that at this stage of the case, the Court must presume all well-pleaded allegations in the Complaint are true.  The actual date Plaintiff's employment ended is not relevant to Velocity's objections to the Order & FAR.

28  [2] Velocity's error should play no role in the ultimate resolution of this dispute because as a matter of law, Plaintiff was not entitled to the protections of the FMLA.

# Then in dkt 35 Counsel adds these fabrications

26

27

1 doc 28

[1] Among the multiple grounds for early dismissal of this case is that Plaintiff previously filed and dismissed with prejudice a virtually identical action involving the same parties and claims in the United States District Court for the Northern District of Illinois. Plaintiff filed that case in May 2018, the parties settled the case, and Plaintiff signed a general release. Plaintiff dismissed that case with prejudice on August 16, 2018. *Jones v. Velocity Technology Solutions, et al.* (N.D.Ill.), No. 1:18-cv-03288.

3                          Case No. 2:19-cv-02374-KJM-EFB

13 **III.   PRIOR SETTLEMENT AGREEMENT**

14        Plaintiff's FMLA interference claim should also be dismissed on the independent grounds

15   that Plaintiff alleges he previously settled the claims asserted in the Complaint. Plaintiff

16   incorporates by reference the preceding (and subsequent) paragraphs of the Complaint in Paragraph

17   37, which would include the FMLA interference claim. Dkt. 1 at 23. He then alleges that he

18   previously filed a federal lawsuit based on these incorporated allegations in the United States

19   District Court for the Northern District of Illinois against Velocity and "14 Velocity Technology

20   Solutions employees that are also named in this case before the court." *Id.* at ¶ 38. Plaintiff then

21   alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this

22   matter. Dkt. 1 at 24. By his own allegations, Plaintiff admits that the issues addressed in his

23   Complaint have already been resolved.

# Dkt 35 section III Prior Settlement AGREEMENT

He fabricates evidence of the existence multiple imaginary locations in dkt 1 that do not exist at the locations he claims.

**a.** First of all the phrase "Northern" does not exist in the entire complaint and is fabrication of evidence

**b.** The phrase "Illinois" does not exist in the entire complaint and is fabrication of evidence

11

**c.** The phrase "settlement does not exist in the entire complaint and is fabrication of evidence

So if none of these phrases exist how can he state "the plaintiff agrees" and "the plaintiff admits" to any of these references if they do not exist in the entire complaint, fabrication of evidence

However, he buried the fact that the plaintiff was approved for FMLA on page 8 after 7 pages of dismissal garbage that meant or added noting to his pleading.

Still he attempts to claim the email was erroneous downplaying its significance.

If the plaintiff did not have it, then they would still have deniability but they don't under any circumstances as it is between Velocity executives who as it appears had a previous conversation on the same topic

Dkt 43

12  dismissed.

13        Finally, with respect to Plaintiff's surviving FMLA interference claims, Plaintiff offers

14  documents contradicting his claims.  For example, Plaintiff offers evidence that Velocity provided

15  him with a medical leave of absence from November 18, 2017 until January 27, 2018 because he

16  was not then eligible for protected leave under the FMLA.  [See DKT 41 at Pg. 9.]  On January 23,

17  2018, Velocity then sent Plaintiff FMLA paperwork which he returned on February 8, 2018.  After

18  review, Velocity determined that Plaintiff was not eligible for leave under the FMLA because he

19  had not been employed for twelve months, and conveyed this message to him.  Velocity then

20  explained that he would qualify for FMLA leave on February 20, 2018, and that they would then

21  recognize his leave.  *Id.*  Plaintiff even includes a copy of the FMLA certification form showing

22  that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018."

23  [DKT 41 at P. 8.]  After an erroneous email questioned whether Plaintiff was still employed on

24  March 15, 2018 [See DKT 41 at P. 26], Shauna Coleman clarified that Velocity had not terminated

25  his employment and that he remained employed as of the date of his expiration of FMLA leave –

26  May 15, 2018.  [See DKT 41 at P. 24.]  These documents contradict Plaintiff's allegations, and

27  show that Plaintiff received every benefit afforded to him by the FMLA and that no violation could

28  have occurred.

14357889_1.docx

13