ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRISON JONES<br><br>    Plaintiff,<br><br>    v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>    Defendants. | Case No. 2:19-cv-02374-KJM-JDP<br><br>**DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: November 25, 2019<br>Trial Date:       None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:   Hon. Kimberly J. Mueller |

Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC. ("Velocity") hereby answers Plaintiff GARRISON JONES'S ("Plaintiff) Complaint,[1] as follows[2]:

## DENIALS

1. The first paragraph[3] to the Complaint [DKT 1 P. 10] is an introduction to which no response is required. To the extent any response is deemed necessary by this Court, Velocity denies every allegation of this paragraph.

2. Velocity denies every allegation in the second Paragraph to the Complaint [DKT 1 P. 15].

3. Velocity lacks sufficient information from which it can form a belief as to the truth or falsity of the allegations contained within the third paragraph to the Complaint regarding AZDES's actions, and therefore of that basis denies the allegations therein [DKT 1 P. 15].

4. Velocity denies every allegation in the fourth paragraph to the Complaint [DKT 1 Pp. 15-16].

5. Velocity denies every allegation in the fifth paragraph to the Complaint [DKT 1 P. 16].

6. Velocity denies every allegation in the sixth paragraph to the Complaint [DKT 1 Pp. 16-17].

////

---

[1] Velocity is responding to the Complaint [DKT 1] on file with this Court which Plaintiff elected to use as the operative pleading in this matter on August 10, 2020 [DKT 30] in response to this Court's Order and Findings and Recommendations dated July 31, 2020 [DKT 29]. Velocity contends that it need not answer Plaintiff's First Amended Complaint [DKT 41] dated September 10, 2020, which Velocity has already challenged via Motion to Dismiss [DKT 43] for disregarding the Court's prior Order to elect whether to accept the Complaint OR file an Amended Complaint, and which was filed more than 30 days after the Court's Order to do so [DKT 29]. To the extent this Court subsequently rules that the Amended Complaint is valid and has become the operative complaint, which it should not, Velocity reserves its right to prepare a responsive pleading thereto.

[2] Velocity does not respond to the cover pages of the Complaint regarding the Parties to the Complaint and Jurisdiction [DKT 1 Pp. 2-7], which this Court has already resolved by prior orders.

[3] Although the paragraphs in the Complaint are not numbered as required by the Federal Rules of Civil Procedure, Velocity responds to each "paragraph" by indicating the page numbers of each "paragraph," and interprets each "paragraph" to include each statement which ends before a blank space or wherein the line ends prematurely. Velocity does not respond to the truth or veracity of documents attached as Exhibits to and throughout the Complaint, which do not constitute "allegations" and thus require no response.

7. Velocity denies every allegation in the seventh paragraph to the Complaint [DKT 1 P. 17].

8. Velocity denies every allegation in the eighth paragraph to the Complaint [DKT 1 P. 17].

9. Velocity denies every allegation in the ninth paragraph to the Complaint [DKT 1 P. 18].

10. The tenth paragraph to the Complaint, numbered "1," includes no allegations and therefore requires no response [DKT 1 P. 18].

11. Velocity denies every allegation in the eleventh paragraph to the Complaint, numbered "2" [DKT 1 P. 18].

12. The twelfth paragraph to the Complaint, numbered "3," is a prayer for relief which requires no response [DKT 1 P. 18].

13. The thirteenth paragraph to the Complaint, numbered "4," includes no allegations and therefore requires no response [DKT 1 P. 18].

14. Velocity lacks sufficient information from which it can form a belief as to the truth or falsity of the allegations contained within the fourteenth paragraph to the Complaint, numbered "5," regarding Plaintiff's age, race, and work experience as a "Lawson Supply Chain consultant" and on that basis denies every allegation of this paragraph.

15. Velocity admits the allegations to the fifteenth paragraph to the Complaint, numbered "6," concerning Velocity's corporate office in Charlotte, North Carolina. Except as expressly admitted herein, Velocity denies the remaining allegations in this paragraph.

16. Velocity denies every allegation in the fourteen paragraph to the Complaint, numbered "7."

17. Velocity admits that a percentage of its workforce are "remote" employees who work from home offices across the country. Except as expressly admitted herein, Velocity denies every allegation of the seventeenth paragraph to the Complaint, numbered "8."

////

////

18. Velocity admits that it is an "employer" under the definitions provided under the Family Medical Leave Act. Except as expressly admitted herein, Velocity denies the remaining allegations in the eighteenth paragraph to the Complaint, numbered "9."

19. Velocity denies every allegation in the nineteenth paragraph to the Complaint, numbered "10."

20. Velocity denies every allegation in the twentieth paragraph to the Complaint, numbered "11."

21. Velocity denies every allegation in the twenty-first paragraph to the Complaint, numbered "12."

22. Velocity denies every allegation in the twenty-second paragraph to the Complaint, numbered "13."

23. The allegations to the twenty-third paragraph to the Complaint, numbered "15," concern jurisdiction, to which no response is required.

24. The allegations to the twenty-fourth paragraph to the Complaint, numbered "16," concern jurisdiction to which no response is required.

25. The allegations to the twenty-fifth paragraph to the Complaint, numbered "17," concern venue, to which no response is required.

26. Velocity denies every allegation in the twenty-sixth paragraph to the Complaint, numbered "18."

27. Velocity lacks sufficient information from which it can form a belief as to the truth or falsity of the allegations contained within the twenty-seventh (unnumbered) paragraph to the Complaint regarding "exhibits" from the "AZDES" and on that basis denies every allegation of this paragraph.

28. Velocity lacks sufficient information from which it can form a belief as to the truth or falsity of the allegations contained within the twenty-eight (unnumbered) paragraph to the Complaint regarding the motivations behind Plaintiff's appeal in Arizona, and on that basis denies every allegation of this paragraph.

////

29. Velocity denies every allegation in the twenty-ninth (unnumbered) paragraph to the Complaint.

30. Velocity admits that Plaintiff was, at certain, but not, "all" times concerning this action, employed by Velocity. Except as specifically admitted herein, Velocity denies the allegations of the thirtieth paragraph to the Complaint, numbered "21."

31. Velocity denies every allegation in the thirty-first paragraph to the Complaint, numbered "22."

32. Velocity admits that Plaintiff had contacted Shauna Coleman at some time after his stroke in 2017 to notify her and the company regarding his health. Except as expressly admitted herein, Velocity denies the allegation of the thirty-second paragraph to the Complaint, numbered "23."

33. Velocity denies every allegation in the thirty-third paragraph to the Complaint, numbered "24."

34. Velocity denies every allegation in the thirty-fourth paragraph to the Complaint, numbered "25."

35. Velocity denies every allegation in the thirty-fifth paragraph to the Complaint, numbered "26."

36. The thirty-sixth paragraph to the Complaint, numbered "27," includes no allegations and therefore requires no response.

37. Velocity denies every allegation in the thirty-seventh paragraph to the Complaint, numbered "28."

38. The thirty-eighth paragraph to the Complaint, numbered "29," includes no allegations and therefore requires no response.

39. The thirty-ninth paragraph to the Complaint, numbered "30," includes no allegations and therefore requires no response.

40. The fortieth paragraph to the Complaint, numbered "31," includes no allegations and therefore requires no response.

41. The allegation contained within Pages 25 to 28 concern alleged causes of action for

violations of the FMLA, and attempted recitations of the elements to each cause of action, which Velocity denies and to which no response is required.

42. Velocity incorporates by reference its response to the first forty one paragraphs to the Complaint, as asserted above.

43. Velocity denies every allegation in the forty-second paragraph to the Complaint, numbered "33."

44. Velocity denies every allegation in the forty-third paragraph to the Complaint, numbered "34."

45. Velocity denies every allegation in the forty-fourth paragraph to the Complaint, numbered "35."

46. Velocity denies every allegation in the forty-fifth paragraph to the Complaint, numbered "36."

47. Velocity incorporates by reference its response to the first forty six paragraphs to the Complaint, as asserted above.

48. Velocity denies every allegation in the forty-seventh paragraph to the Complaint, numbered "38."

49. Velocity admits that an earlier dispute by Plaintiff against Velocity was resolved out of court and that Plaintiff signed a general release which forecloses this matter. Except as expressly admitted herein, Velocity denies every allegation in the forty-eighth paragraph to the Complaint, numbered "39."

50. Velocity denies every allegation in the forty-ninth paragraph to the Complaint, numbered "40."

51. Velocity denies every allegation in the fiftieth paragraph to the Complaint, numbered "41."

52. Velocity admits that attorney Christopher Meister of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. was involved in representing Velocity against claims asserted by Plaintiff in Arizona. Except as expressly admitted herein, Velocity denies every allegation in the fifty-first

paragraph to the Complaint, numbered "42."

53. Velocity denies every allegation in the fifty-second paragraph to the Complaint, numbered "43."

54. Velocity denies every allegation in the fifty-third paragraph to the Complaint, numbered "44."

55. Velocity denies every allegation in the fifty-fourth paragraph to the Complaint, numbered "45."

56. Velocity lacks sufficient information from which it can form a belief as to the truth or falsity of the allegations contained within the fifty-fifth paragraph to the Complaint, numbered "46," regarding what documents Plaintiff allegedly included on a "CD" to the Court, and on that basis denies this specific allegation, and every remaining allegation from this paragraph.

57. Velocity denies every allegation in the fifty-sixth paragraph to the Complaint, numbered "47."

58. Velocity denies every allegation in the fifty-seventh paragraph to the Complaint, numbered "48."

59. Velocity denies every allegation in the fifty-eighth paragraph to the Complaint, numbered "49."

60. Velocity denies every allegation in the fifty-ninth paragraph to the Complaint, numbered "50."

61. Velocity denies every allegation in the sixtieth paragraph to the Complaint, numbered "51."

62. Velocity denies every allegation in the sixty-first paragraph to the Complaint, numbered "52."

63. Velocity denies every allegation in the sixty-second paragraph to the Complaint, numbered "53."

64. Velocity incorporates by reference its response to the first sixty-two paragraphs to the Complaint, as asserted above.

////

65. The allegations to the sixty-fourth paragraph to the Complaint, numbered "55," attempt to summarize legal protections under Title VII to the Civil Rights Act, to which no response is required. Moreover, the Court previously dismissed this claim ensuring that no response to this paragraph is required.

66. Velocity denies every allegation in the sixty-fifth paragraph to the Complaint, numbered "56."

67. Velocity denies every allegation in the sixty-sixth paragraph to the Complaint, numbered "57."

68. Velocity denies every allegation in the sixty-seventh paragraph to the Complaint, numbered "58."

69. Velocity denies every allegation in the sixty-eighth paragraph to the Complaint, numbered "59."

70. Velocity denies every allegation in the sixty-ninth paragraph to the Complaint, numbered "60."

71. Velocity incorporates by reference its responses to the first sixty-nine paragraphs to the Complaint, as asserted above.

72. The allegations to the seventy-first paragraph to the Complaint, numbered "62," attempt to summarize legal protections under Title VII to the Civil Rights Act, to which no response is required. Moreover, the Court previously dismissed this claim ensuring that no response to this paragraph is required.

73. Velocity denies every allegation to the seventy-second paragraph to the Complaint, numbered "63."

74. Velocity denies every allegation to the seventy-third paragraph to the Complaint, numbered "64."

75. Velocity denies every allegation to the seventy-fourth paragraph to the Complaint, numbered "65."

76. Velocity denies every allegation to the seventy-fifth paragraph to the Complaint, numbered "66."

77. Velocity denies every allegation to the seventy-sixth paragraph to the Complaint, numbered "67."

78. Velocity denies every allegation to the seventy-seventh paragraph to the Complaint, numbered "68."

79. Velocity incorporates by reference its responses to the first seventy-seven paragraphs to the Complaint, as asserted above.

80. The allegations to the seventy-ninth paragraph to the Complaint, numbered "70," attempt to summarize legal protections under the Equal Pay Act, to which no response is required. Moreover, the Court previously dismissed this claim ensuring that no response to this paragraph is required.

81. Velocity denies every allegation to the eightieth paragraph to the Complaint, numbered "71."

82. Velocity denies every allegation to the eighty-first paragraph to the Complaint, numbered "72."

83. Velocity denies every allegation to the eighty-second paragraph to the Complaint, numbered "73."

84. Velocity denies every allegation to the eighty-third paragraph to the Complaint, numbered "74."

85. Velocity denies every allegation to the eighty-fourth paragraph to the Complaint, numbered "75."

86. Velocity denies every allegation to the eighty-fifth paragraph to the Complaint, numbered "76."

87. Velocity denies every allegation to the eighty-sixth paragraph to the Complaint, numbered "77."

88. Velocity denies every allegation to the eighty-seventh paragraph to the Complaint, numbered "78."

89. Velocity denies every allegation to the eighty-eighth paragraph to the Complaint, numbered "79."

90. Velocity denies every allegation to the eighty-ninth paragraph to the Complaint, numbered "80."

## PRAYER FOR RELIEF

The remaining statements in Plaintiff's Complaint relate to a prayer for relief, to which no response is required. To the extent any response is deemed necessary by this Court, however, Velocity denies that Plaintiff is entitled to recover any or all of the relief he now seeks, including but not limited to, monetary damages and/or injunctive relief.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations within Plaintiff's Complaint, and without admitting that Velocity carries the burden of proof as to any of the issues raised hereby, Velocity asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint, and to each surviving cause of action therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the doctrine of estopped.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff' Complaint, and each alleged (and surviving) cause of action therein, is barred by the doctrine of unclean hands.

////

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred because and to the extent that Plaintiff previously settled and released all rights to the claims presented herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred and/or Plaintiff's damages, if any, must be reduced, because Velocity exercised reasonable care to prevent and correct any alleged discriminatory and/or retaliatory conduct, but Plaintiff unreasonably failed to take advantage of such preventive and/or corrective measures provided by Velocity, or to otherwise avoid harm.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred to the extent that Plaintiff failed to cooperate in the interactive process in good faith concerning the status of his leave.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees in any amount.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that any decision Velocity made with respect to Plaintiff's employment was made in good faith and reasonably based on the facts as applied to the law as Velocity then understood them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that each employment action taken by Velocity and challenged by Plaintiff, if it occurred, was taken and/or made for non-discriminatory and non-retaliatory business reasons that did not violate public policy or any statutory prohibition whatsoever.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that Plaintiff's employment would have ceased/ended for other reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that Plaintiff never provided a health-care provider's certification of his need for leave.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that Plaintiff did not provide a written statement from his health-care provider that he was fit to return to work.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that Velocity was not required to return Plaintiff to work in the same or a comparable position following medical leave because he was employed in a highly paid, essential position.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred on the grounds that Plaintiff was not an "eligible employee" under the provisions of the Family Medical Leave Act.

### RESERVATION OF ADDITIONAL DEFENSES

Velocity reserves the right to assert such other and additional defenses as discovery and further investigation might indicate are appropriate as this litigation continues.

////

////

## **PRAYER FOR RELIEF**

Having fully answered the Complaint and set forth its affirmative defenses to the allegations therein, Velocity hereby requests relief, as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. That the Court enter judgment for Velocity and against Plaintiff;
3. That the Court award Velocity its costs of suit;
4. That the Court label Plaintiff a vexatious litigant to prevent further unmeritorious litigation; and
5. For such other and further relief as the Court deems jut and proper.

DATED:  November 13, 2020    OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Paul M. Smith*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Defendant
VELOCITY TECHNOLOGY SOLUTIONS, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action. My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814.

On November 13, 2020, I served the following document(s) described as:

**Defendant Velocity Technology Solutions, Inc.'s Answer to Complaint**

With the Clerk of the United States District Court of Eastern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System **and/or**:

By placing ___ (the original) XX (a true copy thereof) in a sealed envelope addressed as stated on the following party(ies):

Garrison Jones                              *Pro Se*
P.O. Box 188911
Sacramento, CA 95818

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 13, 2020, at Sacramento, California.

_____
Deborah J Weidle