Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



**FILED**

**JAN 26 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES** | Case No.: 2:19-cv-02374 KJM-EFB |
| Plaintiff, | **PLAINTIFF ADDITIONAL FMLA FRAUD DEFENDANTS - AZDES** |
| V. | |
| **VELOCITY TECHNOLOGY SOLUTIONS Inc. et al** | **JURY TRIAL DEMANDED** |
| | Magistrate Judge: Hon. Jeremy D. Peterson |
| | District Judge: Hon. Kimberly J. Mueller |
| | Date Action filed: Nov 25, 2019 |
| **Defendants.** | Date set for trial: NONE |

## I. INTRODUCTION

The plaintiff does hereby provide additional proof of fraud by the defendants where the plaintiff contacted AZDES once again and obtained additional documents that have never been received that identify specific individuals from not only Velocity but also identifies specific attorneys Ogltree Deakins where the specific intent was to commit fraud the same as the current attorneys are doing before the court in this case.

The defendants and their counsel is attempting to use a tactic that has already **failed** and a previous appeal by the plaintiff in his favor where they

attempted to block his efforts to obtain unemployment benefits by claiming he was unable to work because he was on approved FMLA Medical leave

. (See **Page 2 Exhibit 11 General Section**) where the Arizona Court of Appeals decision /ruling states

The evidence presented establishes the ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. **Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant.**

This statement by the court is serves as three fold decision.
The court recognizes Velocity as a "previous employer" and shows
   a. The court review the previous appeal showing that the plaintiff was terminated and no longer employed at Velocity.

   b. That defendants' claim that he was on approved FMLA medical leave, it is not sufficient to establish inability to work

c. Despite eh above to decisions the court was presented with documents in the possession of the defendants Velocity from his physician that established his ability to work beginning on **March 22, 2018 seven (7) days after he was terminated**.

This confirms that he was terminated while on FMLA by the defendants a fact and decision that was made on June 22, 2018 and upheld on appeal on August 20, despite the appeal filed by the defendants and their attorneys from Ogltree Deakins on July 23, 2018.

The claimant has present documents from his Physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

These documents are from the Arizona Court of Appeals and the States Attorney Office.

These documents show the specific intent time and time again of the defendants and their counsel. Many of them contain outright lies and different versions of the lies being told by Ogltree Deakins attorneys that a completely different from the lies being told by the Ogltree Deakins attorneys currently being presented to the court by current Ogltree Deakins attorneys Paul Smith and Anthony Decristoforo.

It is as if every single attorney has a different version and in my opinion is not simply stretching the law, they are all participating in "community **fraud**". There is no way that any of these are "**simple mistakes or interpretations of the facts**".

There is no way that a law firm organization of this size did not communicate at all before they took on multiple representations of this client. It is if there was not a single piece of technology in the entire organization, no phones, no computers, and no printers. It all points to a collective conspiracy between Velocity and Ogltree Deakins.

Previously attorney Anthony Decristoforo made statements that in his mind making claims that this was false and that no fraud or conspiracy was being conducted, yet now he like all the other times when exhibits and evidence has been submitted to the court showing both fraud and conspiracy, he is now **silent** and given attorney Paul Smith a turn at bat and he is lying too. They are desperate to get this case unjustly dismissed by the court without a submitting a single piece of evidence, without submitting a single witness so they can brag to their buddies of in their mind so call victory but they can't, the court can see there is simply too many things that do not add up in their defense and also the court can no doubt see the fraud and conspiracy.

- 3 -

The records received from AZDES and the States Attorney office show that Velocity Human Resource Director Shauna Coleman contacted AZDES on May 4, 2018 claiming that the plaintiff Garrison Jones was unable to work because he was on approved FMLA medical leave.

This was the second such false complaint filed by Velocity with AZDES to prevent him from receiving unemployment benefits after he was terminated.

This second false claim filed just **10 days after Velocity had filed their first false claim, where they filed an "employer protest claiming the plaintiff was still employed on April 24, 2018**

**Exhibit 9   General Adjudication ZADES May 4, 2018**

The plaintiff was completely unaware that Velocity had contacted AZDES and made this false claims, which was their intent to do so behind his back and the documented pattern they have used throughout the past 4 ½ years, where the defendants put multiple false obstacles in the plaintiffs' path.


**Exhibit 10 General Adjudication ZADES May 8, 2018**

This false claim and adjudication was directly connected to the false statements made by Velocity Human Resource Director, Shauna Coleman who in support of this false claim also sent to AZDES the confidential FMLA documents of the plaintiff from the confidential FMLA medical file of the plaintiff maintained by Velocity Human Resources that was not requested by AZDES, sent without the knowledge of or consent of the plaintiff, Garrison Jones a violation and breach of confidentiality of FMLA as defined by the US DOL.

**Exhibit 12 B FMLA certification documents sent to AZDES by Velocity Human Resource Director, Shauna Coleman on May 4, 2018 labeled as Exhibit # 5 by AZDES and the Arizona Court of Appeals**

**Exhibit 11 confidential FMLA documents sent to AZDES by Velocity Human Resource director, Shauna Coleman on May 4, 2018**

Here is where the fraud/fabrication of evidence occurs and the first documented fabrication of evidence by the defendants where someone from Velocity and or Ogltree Deakins contacted AZDES on May 8, 2018 impersonating the plaintiff and making a statement he was still under "his doctors' care until 5/15/2018. In addition to this false statement.

The individual who contacted AZDES made sure that they recorded the cellphone number for the record as a means of providing in their minds that it was the plaintiff who made the contact with AZDES appear authentic a pattern that will be used later in a complaint filed with the US DOL.

**The truth of the matter is that if the plaintiff had no such knowledge of the false complaint how could he proactively call AZDES 4 days after it was filed?**

The first observation for the court is, if the plaintiff was unaware that this false claim was filed on May 4, 2018, how could he have called AZDES on May 8, 2018 and confirm that he was under his doctors' care and it matched the statement made by Velocity Human Resource Director, Shauna Coleman made 4 days prior.

The second observation is that if the plaintiff had known of this false claim, he would have disputed and filed an appeal in 2018 immediately after he found out about them. He did not find out about any of these false claims until July 2019. The defendants in the elapsed time of over a year **intentionally** did not inform him of these false claims, especially the fact that the false claim of unemployment fraud was a felony in the state of Arizona, despite multiple contacts with the plaintiff where they could have informed him of these false complaints they had filed. They would have preferred that "**let the nigger find out for himself** "and hopefully they had done enough to stop all of the civil litigation by his arrest on fraud charges.

**Exhibit 12 Arizona Court of Appeals Decision October 23, 2019**
**After learning of the false allegation plaintiff appealed. The ruling was reversed in his favor on October 23, 2019 over a year after Velocity filed the false complaint. Despite having knowledge of the appeal hearing, they intentionally failed to appear and avoided testifying and going on the record for the third time.**

It's also important to not for the court that at the time they made all of these false allegations/complaints they were represented by Ogltree Deakins attorneys. In case of their false claim of unable to work, they were represented **by Ogltree Deakins attorney Ryan T. Mangnum**.

The truth of the matter is that he did not know. The plaintiff was attempting to move on with this life and career from the worst employment experience of his life away from Velocity. This proved not to be true as their racially motivated hatred by Velocity continued for over 10 months. They harassed him via email, they

harassed him via his cell phone where he had to change his phone number he had for over 17 years because of the harassment. In addition, they black listed him from a career of 27 years where he was unable to obtain gainful employment to support himself and his family.

In July 2019 he began to "**back-check**" by contacting multiple agencies he had filed complaints against Velocity with, and discovered that Velocity had filed multiple false complaints against him from May 2018 thru September 2019 including the FMLA false complaint with AZDES along with a fraud complaint with AZDES.

Upon learning of these false claims he immediately filed contacted AZDDES related to unemployment benefits he had not received from the hearing of June 22, 2018 and was informed of the other false claims made by Velocity.

HE learned not only did they file a false unable to work claim but also filed a false claim of unemployment fraud in July 2018.

Upon learning of these false allegations and claims he immediately appealed all of them, including the false claim that he was unable to work.

It's again important to note that all the false claims by the defendants Velocity Technology Solutions were appealed. It is also important to the court that they knew that each appealed had been filed and **intentionally** avoided and **failed** to appear to go on the record or offer any testimony, exhibits or evidence. It is apparent that if they had a defense for any of these false claims, they would have eagerly appeared and offered it to the court. It was my impression that litigation is

- 7 -

## Conclusion

It is clear the pattern of fraud by the defendants and their attorneys where each time after they make a false claim, allegation and or complaint, they have no intention to appear at any such hearing by any tribunal or court to litigate, testify and or offer any witnesses, evidence or exhibits. They have avoided all such actions from May 2018 until the current. However the court can see that they have no reservations whatsoever about filing false claims, allegations and complaints with any agency whether it be state or federal with no intention to defend any of these false allegations, yet they continue to do so for the sake of billable hours and milking there and taking advantage of their client for the sake of "billable hours, knowing full well that they have no anticipation of prevailing in this case.

Their documented history of lies and avoidance is obvious and the court should see that even though they anticipate losing, they will still file a baseless appeals and or

- 8 -

motions to dismiss despite the fraud they have committed upon the court to only delay the inevitable. Yet the defendants and their attorneys know that there are criminal charges awaiting them after this case, thus the reason why they have avoided to testify, offer any witnesses, exhibits or evidence

In addition, if the defendants and their attorneys still wants the court to proceed with their "**ineligibility defense**" then that means that the highest ranking human resource employee Human Resource Director, Shauna Coleman, knowingly **created and submitted fraudulent and forged documents FMLA Certification forms of the US government DOL showing that the plaintiff was on approved FMLA medical leave and submitted them to both the AZDES and the Arizona Court of Appeals, knowing that as their attorneys are now claiming, the plaintiff was "ineligible" for FMLA** and did so not to prevent him from collecting unemployment **benefits of $240.00 per week.**

Instead, the defendants who proactively filed this false claim, preferred to commit fraud upon a federally funded program administered by the AZDES and preferred to pay and alleged tier one law firm paying **rates of over $300.00 per hour to commit this fraud.**

**In the end, they lost the false complaint anyway but left a trail of evidence and exhibits, that their attorneys now want the court to turn their heads the other way as if this event never happen.**

If the defendants and their counsel wants to proceed with this defense, the plaintiff will and is obligated to do so contact both the US DOL , the FBI and US Attorney to inform this of the events described above as it is again a federal crime to

- 9 -

Utter/forge government documents.

They cannot and do not have a defense for these acts or change their position yet again as the situation changes based solely on their statements in Docket 64 filed on November 13, 2020. By make the ineligibility defense they are acknowledging and implication their client Velocity Technology Solutions and specifically Shauna Coleman in fabricating evidence in using federal government documents. Coupled with that they and their attorneys avoided to appear at all of the appeal hearings where the **decisions all were rendered in favor of the plaintiff** and the fact that an appeal filed in connection to the termination of the plaintiff, they did not attend either, was dismissed an denied with prejudice.

The plaintiff respectfully submits these exhibits and evidence to illustrate the obstruction being committed by the defendants and their counsel from the alleged law firm of Ogltree Deakins who have from the beginning have counseled them and conspired with them to commit these heinous outrageous acts, all that have been exposed. **Dated: January 21, 2020**                    GARRISON JONES

_____,
Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.jones@outlook.com

- 10 -

**General Adjudication**

**UB-098**   Claimant SSN: ~~[redacted]~~   *Exhibit 9*

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

DEPUTY NOTE: DUE TO THE INFORMATION PRESENTED BY BOTH ER AND CLMT AND NOT BEING ABLE TO REBUTTLE WITH ER DUE TO CLMT REQ IT SEEMS CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING TO DUE SO BECAUSE HE FEELS HE HAS BEEN DISCHARGED AS OF 3/15/18. WILL USE START DATE AS 3/15/18 SICE THAT IS THE ASSUMED SEPERATION DATE

IF APPLICABLE SEE SECOND UB-098 FOR ADDITIONAL INFORMATION FROM ER AND OR CLMT.

ASA - Deputy General Adjudication - APS #: 1600605 - Type: OA - Exhibit #: 05 - Claimant Last Name: J

**General Adjudication**

**UB-098**   Claimant SSN: ███

Issue: Able

Basis:
ABILITY TO WORK

*Exhibit 8*
*10*

Base Period Separation: No

* BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02

**Arizona Department of Economic Security**

**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES

Arizona Appeal No. U-1639659-001     Date of Mailing:     10/23/2019

Social Security No.

---

## DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT

---

**The last day to file an appeal is   November 22, 2019  . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

### ISSUE:

Was the claimant able to work beginning 4/8/2018?

### DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
>
> \*   \*   \*
>
> 3. Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

> A. General
>
> 1. Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist. Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted. Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.

                    **D. Whiting**
                    Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018            Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

## Distribution:

Claimant
BPC PHOENIX Site Code 918-B2

File

dw /db

## APPEAL/REOPENING DEADLINE: NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO. SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

### APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

Page 3—Arizona Appeal No. U-1639659-001

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply):

✓    Contact **Shauna Coleman** at shauna.coleman@velocitycloud.com to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____ You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___have/___ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.

If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave: **Exhibit 12**

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

  ____ the calendar year (January – December).

  ____ a fixed leave year based on _____

  ____ the 12-month period measured forward from the date of your first FMLA leave usage.

  ✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ sick, ____ vacation, and/or ____ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

____ For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

____ Applicable conditions for use of paid leave: _____

**FMLA leave will begin on February 20, 2018.**

**12 Weeks of FMLA extends through May 15, 2018.**

**A recertification is required by the employee prior to May 15, 2018.**

Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:

_____ at _____.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Page 2                             Form WH-381 Revised February 2013

**Exhibit # 05**

*Exhibit 13* (handwritten)

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Wednesday, May 9, 2018 6:46 PM |
| **To:** | Garrison Jones |
| **Subject:** | Re: FMLA - Garrison Jones |

Good Day Garrison,

Velocity has not terminated your employment. As indicated in your Notice of Eligibility and Rights & Responsibilities dated February 14, 2018, you are on approved FMLA leave from February 20, 2018 until May 15, 2018. As you know, we recently agreed to continue your leave beyond the expiration of your 12 week entitlement to accommodate your scheduling of an appointment with your doctor on May 20, 2018.

Please provide documentation from your healthcare provider addressing your ability to return to work and/or any restrictions or potential accommodations you would like to discuss. Forms are available online should your physician request a template to reference. Please let me know if you have any questions, and we look forward to continuing to work with you throughout this process. Thank you for your time and responsible attention to these important matters.

Thank you,

*No Dr App't* (handwritten)

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

o 704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com


On Wed, Feb 14, 2018 at 12:59 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:
Hello Garrison,

As you know, you have been on a medical leave of absence since November 18, 2017. During this time, you have applied for and received short term disability benefits. Your current medical leave of absence expired with the ending of your short term disability benefits on January 27, 2018, which is why we sent you the FMLA paperwork on January 23, 2018. You returned that paperwork to us on February 8, 2018.

Thank you for submitting the FMLA paperwork (certification form). We have evaluated your certification form and determined that you do not currently meet the eligibility requirements for FMLA, which require that you have been employed for 12 months.

That said, since your short-term disability and medical leave of absence ended on January 27, 2018 and in close proximity to your one year employment anniversary, Velocity, although it is not required to do so, will extend your unpaid medical leave to your one-year anniversary, February 20, 2018. On that day, you become eligible for FMLA leave and Velocity will start you on FMLA leave for 12 weeks.

Your FMLA leave will run from February 20, 2018 to May 15, 2018. You will be required to provide a re-certification of your medical status from your healthcare provider prior to May 15, 2018 so that we can evaluate continued eligibility and potential return to work. Attached are the "Notice of Eligibility and Rights & Responsibilities" document.

1