

1
2
3
4

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

**FILED**

MAR 15 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

5

## U.S. DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15
16

**GARRISON JONES**

**Plaintiff,**

v.

**VELOCITY TECHNOLOGY SOLUTIONS Inc. et al**

**Defendants.**

**Case No.: 2:19-cv-02374 KJM-JDP**

**PLAINTIFF DETREMENTAL ESTOPPEL TO DEFENDANTS FALSE CLAIS OF FMLA INELGIBLILITY**

**JURY TRIAL DEMANDED**

Magistrate Judge: Hon. Jeremy D. Peterson
District Judge: Hon. Kimberly J. Mueller
Date Action filed: Nov 25, 2019

Date set for trial: NONE

17
18

## PLAINTIFF DETREMENTAL/ EQUITABLE ESTOPPEL TO DEFENDANTS FALSE CLAIMS OF FMLA INELGIBLILITY

19
20

## INTRODUCTION

21
22
23
24
25
26
27
28

The plaintiff does hereby invoke both Equitable and detrimental Estoppel:  to the false allegations and claims now being presented to the court by the defendants' attorneys for the second time making again false claims/allegations that the plaintiff is ineligible for FMLA by now OGD attorney Paul Smith, even after the other OGD attorney Anthony Decristoforo who works out of the same office previously made the same claim in DKT ##### but then abandoned this false claim  in DKT ### where he then admitted that the plaintiff was approved for FMLA by Velocity.

There is a distinct patter of avoidance by multiple OGD attorneys to make false claims and allegations behind the plaintiffs back and when challenged they abandon these false claims to make them appear insignificant and move on to other false claims/allegations.

The visible intent is to commit fraud. They knowingly make these false claims with the intent to deceive the court into making a decision and ruling in their favor.

They have filed multiple motions to dismiss because for now over 4 years, not a single OGD attorney has appeared in court or at any hearing on behalf of their client VTS. However, it is clear they have no intention to do so as the ramifications of going on the record is perjury and disbarment. Yet they continue to bill their client for **hundreds of thousands of dollars, to not appear or litigate this case in court.**

The only reason they appeared in this case in May 2020 was because of cost cutting and layoffs at OGD that began in April of 2020.

Everybody knows is the way to avoid pay cuts, **furloughs or layoffs is to produce revenue.**

So immediately after this announcement by OGD all of a sudden after over 6 months of avoiding and ignoring this complaint they saw a source of billable hours and revenue filed and appearance in May 2020. This is not a coincidence.

Equally another documented avoidance was in August2019 BY OGD attorney who in an effort to intimidate the plaintiff sent this email claiming "Velocity at this time

"**<u>Velocity would prefer not to be forced to enforce the terms of the Agreement through litigation.</u>**"

This statement made knowing that at all times, Velocity and Ogltree had been harassing, stalking and cyberstalking the plaintiff and his family for over a year, by putting him and his family in fear of death and serious harm for exposing not only unethical business practices but also state and federal criminal crime by Velocity employees and executives.

Velocity and OGD had not intent or grounds to file any such litigation because they knew by doing so would open the door to these criminal activities.

Besides, there was not a single event or disparagement that was not true about any of events he had reported. In addition the **Truth** is an absolute **defense** to any claims of disparagement because one of the elements that must be proven in any such litigation or lawsuit is falsity of the statement. If a statement is **true**, it cannot be false, and therefore, there is no prima facie case of disparagement or defamation.

If and when they had an opportunity to initiate litigation, they abandoned it because of the ramifications of further exposure in a court of law, thus the avoidance. There was and could only be one source of all of the harassment, stalking, cyberstalking being omitted and that was equally shared between Velocity and OGD.

At the same time, they are ignorant to the fact that they over a period of 18 months had filed false FMLA claims, as well as violations of FMLA from November 2017 to December 2019.

It appears that the "baton" has been passed to Paul Smith and he has degenerated back to a position where "ineligibility "is the best defense for Velocity.

It is obvious to the court that these allegations are first false and do not remotely match the statements., emails from their client VTS, nor do they remotely match statements/events/actions by their client VTS previously made to AZDES or the Arizona Court of Appeals.

However, Mr. Smith getting his turn at bat for the purpose of "billable hours only" has taken advantage of this opportunity to add other false baseless claims/allegations.

The initial observation was that after months of avoiding this complaint as well intentionally avoiding to appear at any such hearing by this court as well as the hearings from AZDES, it appears that these false allegations of :

   a. Statute of limitations
   b. Employment would have "ceased for other reasons"


After 3 months of waiting in violation of FMLA regulations and procedures, the plaintiff was finally approved for FMLA on February 20, 2018.

At that point he detrimentally relied on the communication and assurance he received from Defendant's misrepresentations and was assured by the Shauna Coleman, Velocity HR Director that he was approved for 12 weeks of FMLA.

It was the defendants who approved the plaintiff for FMLA on February 20, 2018, more than 1 year and 279 days before this complaint was filed.

- 5 -

At no time during this time period did the defendants nor their attorneys make a statement documented or otherwise that the plaintiff was ineligible for FMLA.

It should also to be noted that the defendants have been represented by multiple attorneys from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, and P.C.
It is also noted that during this time period the plaintiff discovered multiple false claims and allegations filed by the defendants Velocity Technology Solutions from May 2018 until August 2019 with the AZDES where upon learning of these false claims/allegations he immediately filed appeals with the Arizona Court of Appeals.
Appeal hearings were conducted between August 2019 thru November 2019.

For all hearings both the defendants VTS and OGD were notified of the date/time of the hearing. They were well aware of the issues of appeals and intentionally failed to appear to offer any testimony, offer any witnesses, exhibits or evidence at any such hearing, however they were actively monitoring each appeal hearing and also received notifications from the court and the rulings/decisions.  All rulings and decisions from the Arizona Court of Appeals, were made **in favor of the plaintiff**.

It is important to note that the defendants knew they had made all of these false claims/allegations prior to August 2018 and intentionally did not inform the plaintiff that they had filed any complaints.  Their preference was **"let the nigger find out on his own"**.

**It was the defendants** and specifically HR Director, Shauna Coleman who proactively contacted AZDES on May 4, 2018 to make a false allegation / claim that the plaintiff was unable to work because he was on approved FMLA medical leave and because he was on FMLA he was not eligible to receive unemployment benefits.  This was the second such false

- 6 -

claim made by Velocity in less than 10 days. The first was he was not eligible for unemployment because he was still employed.

On May 4, 2018 she then after making this false allegation forwarded to AZDES from the confidential medical file of the plaintiff maintained by HR, FMLA documents stating that he was approved for FMLA from February 20, 2018 until May 15, 2018.

It's important to note that the plaintiff was unaware of the submission of these documents.

It's also important to note that he never received these same documents in February 2018. The only notification he received of his approval of FMLA was in the form of emails from Velocity Human Resource Director, Shauna Coleman that stated he was approved for FMLA. He never received any formal/official documents from Velocity that were specific to his FMLA

Both these allegations were false, however the defendants were successful in obtaining adverse determinations from AZDES in preventing and denying unemployment benefits.

This FMLA and Private Employers As previously mentioned, equitable estoppel is an effective tool in shielding ineligibility defenses in FMLA interference and retaliation claims.49 Specifically, equitable estoppel prevents an employer from maintaining an ineligibility defense under the FMLA where: (1) it has made a misrepresentation of fact with reason to believe its employee will rely upon it; (2) the employee reasonably relied upon it; and (3) the employee suffered a detriment as a result.50 One attorney recently cautioned empl

The plaintiff hereby notifies the court that the previous statements, and actions made by the defendants differ from the statements/claims being made by their attorneys from Ogltree Deakins in regards to the FMLA status of the plaintiff.

There is a documented trail of different statements that do not match the events.
At no time beginning in February 2018 that after the plaintiff was approved for FMLA on February 2018 that the defendants make any such claim that he was ineligible for FMLA. However, there is a documented history of the conspiracy to cover –up the fact that the plaintiff was terminated while on FMLA.

Early on the defendants knew that somehow the plaintiff discovered or suspected that he had been terminated after he had been approved for FMLA.  There exist multiple documented events and communications between the defendants Shauna Coleman and then General Counsel Chris Heller that were not responded to when the plaintiff questioned and submitted documents that in no certain terms indicate he had been terminated by Velocity.
The start of his termination and the conspiracy to cover-up criminal actions by Velocity began in January 2018 when his access to Velocity corporate email was revoked.
At that time, the plaintiff was physically unable to work but after his release from the hospital began to communicate with Shauna Coleman in regards to the specific racial discrimination he had endured for the entire year of 2017.
When asked to provide Velocity with specific information the response after seeing that the information was damaging to Velocity, and the source of the information was coming from his email account, Velocity revoked access to his corporate email account claiming he was **"working"** to justify this removal, when they were more interested in cutting him off to the same information they had requested of him to produce.

It was Velocity who made the decision that any further communication would be to the plaintiff personal email account garrison.jones@outlook.com.

Based on all of the previous cover-up and non-response by Velocity to any of the issues, the plaintiff anticipated this action and before it was done he had forwarded over 200 emails to have proof of all of these documented events.

The events include getting contacted by a recruiter who did not know the plaintiff had suffered a stroke, contacted him to fill a requisition for a Supply Chain Consultant, the positing of his position on Indeed.com, the email he received on March 15, 2018 differ and conflict with statements made by the defendants each other and neither match the documented events on the use or eligibility of FMLA on behalf of the plaintiff.

Each time it is to their advantage there are documented communications by Velocity Human Resource Director, Shauna Coleman over a period of over 5 months that clearly and consistently make claims and statements that the plaintiff was approved for FMLA

from is different claims versions/statements and or communications, all that do not match the documented events from the dates between January 2018 and August 2018.

The defendants in a February FMLA. The defendants have used FMLA illegally at all times. In past documented events the defendants has flip/flopped their use of FMLA and other issues/situations as long as it was to **their advantage to do so** and to obstruct/block the plaintiff in obtaining or access to information that is or will have a negative impact or expose Velocity of unethical or criminal acts.

In addition this has been a documented pattern for some time. As soon as they get an indication of negative information they quickly act and either lie, obstruct or commit an act behind the plaintiffs back to gain the advantage. They then tell a lie to whoever or whatever agency or

court to by fraud and deceit cause those to look the other way, misdirect them of the truth and have them make an adverse decision against the plaintiff.

As far as FMLA they have a documented history of flip/flopping on not only FMLA but other issues as well.

January 2018

**When the plaintiff was physically unable to work as he was recovering from a stroke**, the defendants in order to justify and remove his access to company email.
They did this  after they requested proof of his claims of sexual harassment, harassment, retaliation and criminal activity related to the theft of intellectual property and trade secrets,.
To justify the decision to revoke access **they accused him of working** , when forwarding emails they requested can hardly be categorized as working especially when they were the ones who requested him to do so.

They are the ones who after revoking email access began to send all communication to his personal email account.

The plaintiff was and will not be the last person who to protect himself took it upon himself to obtain specific information to prove his allegations and complaint.

Based on his prior experience with Velocity and how they tend to cover-up everything, if he had not done this, they would have been able to find his allegations as **"unfounded"**.

They did this anyway despite the documented proof that was being presented.

- 10 -

It is equally disturbing that the defendants and their attorneys are making contrasting different statements in regards to the FMLA status of the plaintiff. The defendants on multiple documented occasions from February 2018 thru August 2018 claim and communicated to the plaintiff and to AZDES and to the Arizona Court of Appeals, that at all times the plaintiff was on approved FMLA medical leave.

ACCESS Remove & After Receipt of documents they Requested / damaging cut off From SOURCE.

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Wednesday, January 17, 2018 5:26:13 PM
**To:** Garrison Jones
**Subject:** Fwd: Access Removal Notice

Good Afternoon Garrison,

It has come to our attention that you have been accessing your work email. As you may recall, we instructed you to focus on your health and well-being and not to work while you were our on medical leave. As per the email below you acknowledged this direction and the action you took to comply.

It appears that on or around December 28, 2017 an email forwarding program was installed to forward e-mails from your Velocity work account to multiple personal accounts. This is not permitted both because you should not be working while you are on medical leave and because company e-mails should not be forwarded to a personal e-mail address. It is because of this that we have removed your account access. If you have any questions, please contact me directly.

Going forward, we will send all communications to your personal email that we have on file with human resources: garrison.jones@outlook.com. A copy of this correspondence will also be mailed to your home address at 1360 N 43rd Avenue, Phoenix, AZ 85009. If you would like us to use a different email address to communicate about your leave or other issues related to your employment, please let me know.

There is not one occasion from February 20, 2018 when they approved FMLA for the plaintiff to the present date that the defendants make a claim, statement or communication to the plaintiff that he was ineligible for FMLA.

There is also a documented communication from the highest ranking human resource employee at Velocity Human Resource Director, Shauna Coleman making a statement even though it be false, that Velocity was even "extending the FMLA medical leave "of the plaintiff for an imaginary doctor appointment that he did not have.

It is clear that this fabrication coupled with all the previous events that Velocity had no intention of allowing the plaintiff to return to work as they viewed and considered him terminated and a threat to continue to expose all of the unethical, illegal civil and criminal acts they had committed during his employment before and after that led to and contributed to his stroke in November 2017.

By claiming ineligibility their defense counsel is attempting to make all of the acts intentionally committed by Velocity become null and void and in their minds disappear, cancel out and thus hold them in their minds " be held **unaccountable for all of these documented acts against the plaintiff, Garrison Jones specifically at the top of this list his unlawful termination.**

It is impossible that the documented statements, events and communication by the defendants, specifically the highest ranking human resource employee in the organization Human Resource Director, Shauna Coleman during

- 12 -

The same time period that Ogltree Deakins attorney claims the plaintiff was ineligible for FMLA that the defendants and specifically   SC is communicating to bot the plaintiff and AZDES that he is on approved FMLA medical leave.

 The same time period of what their counsel now claims that the plaintiff was ineligible for FMLA

The plaintiff at all times

All signs of a terminated employee are present.

   a. His access to company email was revoked in Jan 2018
   b. His access to all company systems was revoked in Jan 2018
   c. His position was being advertised on Indeed.com
   d. His position was also being advertised on Velocity Internal jobsite
   e. After learning he had been terminated the plaintiff began a job search beginning in March 2018 and began receiving offers in April 2018
   f. He applied for unemployment April 2018
   g. Velocity filed employer protest April 2018
   h. Velocity filed unable to work protest May 2018
   i. Velocity failed to attend appeal hearing June 2018
   j. Plaintiff accepts position with Prime Healthcare June 2018
   k. Velocity who was stalking the plaintiff found out he was employed at another organization, filed a false fraud complaint with AZDES
   Now if the plaintiff was still employed at Velocity and they were excited for his return to work, **then why was there the need to file a fraud complaint with AZDES for an employee they claim was still employed at Velocity**

1. He had accepted a position with another organization June 2018

They cannot have their cake and eat it too. The court cannot allow the defendants to manipulate the FMLA status each time the situation that presents itself to the defendants in a negative manner.

The defendants in contacting AZDES claimed that the plaintiff was on approved FMLA medical leave because it was to their advantage to use FMLA in obtaining an adjudication/determination that he was unable to work because he was on approved FMLA. The initial decision/adjudication was rendered based on this statement as well as FMLA documents sent to AZDES by the defendants.

However, upon appeal the Arizona Court of Appeals and the determination was reversed in favor of the plaintiff.

Now the defendants have changed their direction and because it is too their advantage to now claim that the plaintiff is in their minds **now "ineligible"** for FMLA because if he is eligible for FMLA it confirms that they terminated the plaintiff while on FMLA. This despite all of the documented evidence, documents and statements made by the defendants to the plaintiff, AZDES and to e Arizona Court of Appeals as well as statements made by their attorneys where they attempt to go into great detail, claiming error, mistake and now intentionally attempting to misdirect the court away from previous statements, documents and events where the defendants have used FML approval for other purposes that favored them.

The plaintiff does hereby invoke his rights of both Equitable and Detrimental estoppel by the defendants who have flipped flop on multiple instances and pleadings on the approval of FMLA claiming ineligibility of FMLA and FMLA protection when both the defendants Velocity

- 14 -

Human Resource Director, Shaina Coleman, Ogltree Deakins attorney, Anthony DeCristoforo both have admitted and agreed that Velocity granted FMLA to the plaintiff on February 20, 2018 yet now Ogltree Deakins attorney Paul Smith now has degenerated back to in his answer Dkt 62 filed on November 13, 2020 to the complaint revered back to ineligibility.  None are telling the truth as this is simply yet another dilatory tactic to delay and add baseless, meaningless false allegations where none of the false claims are supported by any such evidence and cannot dispute emails. Exhibits, evidence and documents from the defendants, AZDES and the Arizona court of Appeals sent to them by the defendants all confirm the FMLA approval, status of the plaintiff Garrison Jones.

All of the defendants tactics are a complete charade and does not in any way match the events and communication from Velocity who at all times knew that they had terminated the plaintiff while on approved FMLA and then unknown that he had received an email that he had been terminated began to cover-up this fact by pretending that **"all is well"**, It **is ALL A CHRADE** Yet at the same time they are behind his back making false statements to make it appear so.

They are carrying on a huge charade related to his termination pretending that he is still employed and in their charade still receiving medical benefits when 5 months ago they informed the plaintiff if he did not pay they were going to revoke and cancel all of his medical benefits.

In addition after 2 days have elapsed since HR Director, Shaun Coleman has contacted AZDES and to fraudulently avoid paying unemployment benefits, she sends and email to the plaintiff **falsifying an email stating that the plaintiff had a dr appt on May 20, 218 when in fact the plaintiff did not exist.**

**This knowing that** his physician cleared him to return to work over 3 months ago.  He had no dr. appt   this was again all part of the charade, as again they still did not know of the email of 3/15/2018.

Shauna Coleman <shauna.coleman@velocitycloud.com>
Sent: Wednesday, May 9, 2018 6:46 PM
To: Garrison Jones
Subject: Re: FMLA - Garrison Jones
Good Day Garrison,
Velocity has not terminated your employment. As indicated in your Notice of Eligibility and Rights & Responsibilities dated February 14, 2018, you are on approved FMLA leave from February 20, 2018 until May
15, 2018. As you know, we recently agreed to continue your leave beyond the expiration of your 12 week
entitlement to accommodate your scheduling of an appointment with your doctor on May 20, 2018.

Please provide documentation from your healthcare provider addressing your ability to return to work.

The plaintiff quickly replied that he did not have a dr appt yet did not receive a response

On Tue, May 15, 2018 at 7:04 PM, Garrison Jones <garrison.jones@outlook.com> wrote:
Again this repeatedly stuff is not working Shauna. I never said I had dr appt on May 20.That again is velocity saying that.

You guys want to have a documented communication to cover-up the multiple failures of administration of FMLA, this is a joke and a weak reason.

I have tons of questions. Call me you have my number 916 870 4960

Repeatedly after 4 months this is just a tactic

Get Outlook for iOS

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
Sent: Tuesday, May 15, 2018 5:59:10 PM
To: Garrison Jones
Subject: Re: FMLA - Garrison Jones

- 16 -

Good Afternoon Garrison,

We have repeatedly informed you that your employment has not been terminated by Velocity. To our knowledge, you remain an employee on leave which is why you are continuing to receive medical, vision, dental, FSA, LTD, STD, basic life insurance, and AD&D benefits from Velocity. If you have decided to end your employment, please let us know the effective date of your resignation.

If you have not resigned, you have exhausted your FMLA leave as of today, May 15, 2018. You have indicated that you have a doctor's appointment on May 20, so please promptly provide us documentation from your healthcare provider regarding your ability to return to work, and any restrictions or potential accommodations you may have or would like to discuss after that appointment.

The defendants proactively sent FMLA documents to the AZDES in their failed attempt to use FMLA as the main reason why the plaintiff was ineligible for unemployment benefits. This attempt backfired in their faces after they presented these documents to AZDES in deceiving them in making a determination that the plaintiff was ineligible for benefits because he was unable to work.

However, upon appeal the Arizona Court of Appeals reversed this decision stating "Their reason for giving the claimant FMLA is insufficient to establish and inability to work on behalf of the claimant"

In addition, the Arizona Court of Appeals also recognized for the record rulings made in the plaintiff previous appeal related to and again recognition of the termination of the plaintiff in its ruling. The court recognized the **termination date of employment of 3/15/2018**.

- 17 -

**FINDINGS OF FACT:**

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

## Administrative Remedies

The defendants made sure that there were multiple obstacles in the path of the plaintiff, **they all failed** all were with the AZDES and Arizona Court of Appeals.  It was their intent to force the plaintiff to resolve and overcome multiple administrative remedies before he was able to file a complaint or lawsuit for relief for any of these claims.   This has always been their MO (Modus operandi **)**.   The same tactic Ogltree Deakins attorneys who have counseled them to do and the same tactic they are doing now with these petty false allegations, that are simply to delay progress and obstruct justice in this case before the court.  If they call themselves an alleged Employment Law firm, it is certain that they can read and know that alleging these false claims and based on the dates of these actions that they will have no bearing whatsoever on this case and won't even present an argument to the court to prove any of these false statements because they do not match any such rule by the United States Department of Labor and or FMLA The plaintiff was successful in appealing each of these false administrative allegations made by the defendants, before he filed his complaint before the court.

 

a.  **Termination Arizona Appeal No. U-1595392-001  6/22/2018  <u>in favor of Plaintiff</u>**

b.  **Unable to work Arizona Appeal No. U-1639659-001   10/23/2019 <u>in Favor of Plaintiff</u>**

c.  **Unemployment Fraud Arizona Appeal No. U-1642697-001 10/29/2019 <u>in Favor of Plaintiff</u>**

d.  **Appeal decision plaintiff termination Arizona Appeal No. U-1600605-001 <u>8/20/2018  In Favor of Plaintiff</u>**

All Administrative remedies were all ruled upon in the favor of the plaintiff before the plaintiff filed his complaint with this court and he filed his complaint within the parameters per the United States Department of Labor time span and regulation.

The plaintiff won every single administrative appeal and as a result received unemployment benefits that was charged to the defendants that they paid. Benefits were received by the plaintiff on November 24, 2019 and he filed the complaint November 25, 2019.

Again, it was the intent of the defendants to obstruct and commit fraud in each of these false protest assuming that the plaintiff would simply give up. At all times, the defendants lost each of these cases and appeals, in addition at all times they were represented and was counseled in these fraudulent effort by Ogltree Deakins attorneys.

## Statute of Limitations

The defendants counsel in his efforts to make every single illegal act by the defendants somehow "disappear makes a claim in their response filed on November 13, 2013 now claiming that the plaintiff is in his mind is "barred from filing a FMLA complaint because of "statute of limitations". Dkt 62 at 14 in the paragraph labeled "second affirmative defense".

Its apparent defense counsel does not have access to a calendar and that this is typical of the dilatory, baseless mean less false allegations they have made in putting multiple baseless obstacles in the path of the defendants. While I take no pleasure in remotely recognizing these attempts, I do take a certain amount of pleasure in once again proving these alleged highly educated individuals who somehow past the bar exam without being able to pass reading comprehension. There is a difference in litigation, stretching the law and outright telling a lie. IN the case of the attorneys from Ogltree Deakins, I have not seen a single truth in any

proceeding filed by any attorney. However, in the tradition of truth here is the United States Department of Labor verified regulation on the statute of limitation on a FMLA complaint from a Senior Source Representative from the United States Department of Labor.

# United States Department of Labor statute of limitation regulations

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the applicable statutes of limitations.

All of the violations FMLA violations occurred between November 17, 2017 and August 2018. However, the defendants made sure that the plaintiff did not know they had committed these violations. The complaint was filed within all of the parameters set forth by the US DOL.

It is clear based solely on the date the complaint was filed, the plaintiff filed the complaint in the time frame defined by the United States Department of Labor in filing a FMLA complaint that was filed on November 25, 2019. **Just Another lie.**

It is also important to note that all the violations by the defendants were all intentional and willfully committed.

As such the statute of limitation increased to 3 years to file a complaint. Equally to add to this the plaintiff in the months of August 2020 has uncovered four (4) additional violations of his rights under FMLA by the defendants as well as multiple other violations of federal law that includes fraud, forgery of federal documents and falsification of a FMLA complaint by the defendants and their counsel where they impersonated the plaintiff in filing a fabricated complaint on July 19, 2018.

- 20 -

The key here as well is the DOL determination of **"learned"** because the plaintiff initially learned of these violations beginning in July 2019. As such he also learned that Velocity had filed multiple false allegations, protest and claims with AZDES.

These false complaints include

    a. Unable to work because he was on FMLA- May 2018

    b. Falsely accusing him of unemployment fraud after they were actively stalking the plaintiff and found out that he had returned to work for another organization, claiming he was working and collecting unemployment at the same time.

    c. Plaintiff also learned that an appeal filed by the defendants was denied and dismissed. It is clear that these were all classified as hurdles/obstacles intentionally put in the path of the defendants. All these false decisions/adjudications were appealed over a 3 month period. All decisions were in favor of the plaintiff, Garrison Jones.

## Dkt 62 at 16 by Ogltree Attorney Paul Smith

### SECOND AFFIRMATIVE DEFENSE

      Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred by the applicable statutes of limitations.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

*Equitable estoppel* *is a legal doctrine that prevents a party from asserting or denying something in court that contradicts his past statements or actions when that contradictory position would be unfair to the other party who relied on the original position.*

*Detrimental estoppel* *an employer cannot deny FMLA rights on the basis of the plaintiff's ineligibility because he relied on the policy's promise of leave benefits to his detriment. The district court found that the plaintiff had met all elements for the estoppel claim: misrepresentation, reasonable reliance, and a detrimental outcome*

The plaintiff had met all elements for each of these estoppel claims, misrepresentation, reasonable reliance, and a detrimental outcome where AZDES used the statements of Velocity Human Resource Director Shauna Coleman as well as the FMLA confidential medical documents sent by Coleman and rom the defendants in making the adjudication that the plaintiff was unable to work because the defendants claimed he was unable and on FMLA.

Under the Family and Medical Leave Act (FMLA), an employer may be estopped from denying an employee's entitlement to leave under certain circumstances if the doctrine of FMLA estoppel applies. FMLA estoppel is based on the doctrine of equitable estoppel. Under equitable estoppel, a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny the representation. In the context of the FMLA, this means that an employer may be barred from asserting an affirmative defense contesting an employee's entitlement to FMLA leave if the employer's words or conduct misled the employee into relying on the leave.

FMLA estoppel is not available to an employee unless the employee first triggers the protections of the FMLA by providing his or her employer with notice that he or she may need FMLA leave. The employee must also show that he or she reasonably believed that the employer

- 22 -

authorized FMLA leave, as opposed to some other kind of leave.  *See Murphy v. FedEx National LTL, Inc., 618 F.3d 893 (8th Cir. 2010).*

 The employer in this case may be equitably estopped from raising the defense of an employee's ineligibility for FMLA leave, if the employer misled the employee into believing he or she was eligible for FMLA leave approved FMLA, where in this case he was informed he was approved for FMLA on February 20, 2018 and before the FMLA had expired he was terminated.

Defense counsel has an even higher mountain to climb as if they continue to make this false claim / allegation as a defense and it is accepted by the court the underlying ramifications are not only ground for appeal but it also provides documented proof that the defendants, Velocity Technology Solutions conspired, created, forged, altered and falsified Federal Government documents of the United States Department of Labor **Form WH-38l**
**Notice of Eligibility & Rights and Responsibilities U.S. Department of Labor under the Family and Medical Leave Act Wage and Hour Division**

identified as Exhibit #05  sent to them by Velocity Director of Human Resources  sent to and received by the AZDES from Shauna Coleman is a forgery and was sent with the to deceive with the intent to deceive AZDES a state agency responsible for administering a federally funded employment insurance program.  As such they are submitting and committing fraud to a federally funded program.

Under the **FMLA**, all documents related to FMLA and FMLA leave are classified as personal confidential medical documents.  An employer may not reveal **confidential** medical information about the employee taking the leave. Any such breach of the release of any of these documents related to an employee FMLA is a **breach of confidentiality and a violation of FMLA.**

This is not a simple mistake of erroneously approving FMLA because of the additional acts willfully and intentionally committed after they made the false complaint but compounded /added to the issue by going into the plaintiffs personal confidential medical records and without being asked and to provide in their minds documented proof of FMLA status to and

- 23 -

agency who first did not ask for these documents and without any prior authorization to release these document and as such

FMLA leave comes with statutory protection. There cannot be an argument, objection or dispute by the defendants or their counsel in regards to the eligibility of FMLA by the plaintiff Garrison Jones as they in their pleadings all have identified that Velocity had already interfered and violated his rights of FMLA where they failed to inform him of his FMLA status per United States Department of Labor regulations 5 days after Velocity was informed of his serious medical condition suffered on November 17, 2017.

Velocity did not even begin this process until January 2018.
**DKT 43 dated /25/20200 at 916 – 12 filed by Ogltree Deakins attorney Anthony Decristoforo**

He attempts to describe this as "**interference clams**" that he calls contradicting but is intentionally confusing the facts.

As illustrated by this communication the discussions with the defendants were on STD and LTD benefits and not about FMLA, which again is a violation and interference.  Plaintiff should have been notified of his FMLA eligibility regardless of his status or in parallel of his STD disability status.  FMLA regulations do not spell out instructions that STD, LTD or any other employment benefit should be a deterrent from providing and informing an employee of his or her rights under FMLA

On Dec 22, 2017, at 12:37 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:

Hello,

Thank you Wendy. Garrison, as mentioned during open enrollment you will not be eligible to receive LTD benefits on your current disability as you did not have this coverage in place when this situation started. That said, you will be eligible for coverage in a year (with review by Lincoln Financial).

Velocity will collect your premium once you return to work.

I hope you are feeling better. When is your current STD up? As a reminder, please be sure to let us know of your limitations before your return so we can work to try and accommodate those.

Thank you and happy holidays.

On Fri, Dec 22, 2017 at 2:33 PM Wendy Cauthen <wendy.cauthen@velocitycloud.com> wrote:

Hi Shauna! I spoke with Garrison Jones earlier today. He had the following question about LTD and LTD premiums. Will the LTD automatically kick in once the STD has been exhausted and how will his LTD premiums be paid since he will not be receiving a check from Velocity and, therefore, deductions cannot be made from his check?

The plaintiff was at the time of his major illness eligible for STD as this was a Healthcare benefit he was enrolled in, however that does not excuse or in any way provide, extend or relieve Velocity from any obligation of notifying the plaintiff of his rights or eligibility of FMLA and as such this is a violation / interference of his FMLA rights as he should have been notified of these rights within 5 days of his notification to the defendants of his major illness.

13    Finally, with respect to Plaintiff's surviving FMLA interference claims, Plaintiff offers
14  documents contradicting his claims. For example, Plaintiff offers evidence that Velocity provided
15  him with a medical leave of absence from November 18, 2017 until January 27, 2018 because he
16  was not then eligible for protected leave under the FMLA. [See DKT 41 at Pg. 9.] On January 23,
16  was not then eligible for protected leave under the FMLA. [See DKT 41 at Pg. 9.] On January 23,
17  2018, Velocity then sent Plaintiff FMLA paperwork which he returned on February 8, 2018. After
18  review, Velocity determined that Plaintiff was not eligible for leave under the FMLA because he
19  had not been employed for twelve months, and conveyed this message to him. Velocity then
20  explained that he would qualify for FMLA leave on February 20, 2018, and that they would then
21  recognize his leave. *Id.* Plaintiff even includes a copy of the FMLA certification form showing
22  that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018."

Yet counsel intentionally confuses himself with the events. After suffering a stroke on November 17, 2018 Velocity was notified and acknowledged his major illness and the plaintiff immediately should have been inform of his eligibility of FMLA withn 5 days of notification. Finally. There was no discussion or communication on FMLA. The plaintiff began STD Short Term Disability in January 2018.

They finally approved FMLA on February 20, 2019 and after being informed of his FMLA status, he fully relied upon the representation by Velocity and as such all of the benefits and protection of FMLA. However, Velocity had alternate motives and intentionally misrepresented and used FMLA to the plaintiff Garrison Jones. Employees under FMLA leave subsequently receives statutory protection which the plaintiff completely relied upon as he was receiving and communicating at all times related to FMLA the highest ranking Human Resource Employee in the Velocity organization, Hum Resource Director, Shauna Coleman.

- 25 -

Shauna Colemen performed all of the research and calculations of when the plaintiff was to be eligible for FMLA February 20, 2018.  At all times he did not know that he was being misled nor did he know that any misrepresentations were intentionally being committed as he was recovery from a major stroke and relied upon the defendants and specifically Shaun Coleman to guide him thru the FMLA process.

However, the now their counsel from Ogltree Deakins in their efforts to escape the fact that after the defendants terminated the plaintiff while on FMLA, they now on multiple occasions have claimed that he was ineligible for FMLA and the protection it offered.
However, specific events and facts do not support these false claims for not only did the plaintiff rely on the FMLA detriment by Velocity and Human Resource Director, Shauna Coleman but so did the AZDES and the Arizona Court of Appeals.  The relied upon the proactive communication from Velocity in regards to their claim that he was not eligible for unemployment benefits as he was unable to work.

They too relied on this statement made to them by Shauna Coleman and made the decision based on the false statement the plaintiff was not able to work as he because he was on FMLA. Yet at the time Velocity made this contact with AZDES, they had documents in their possession that they themselves requested and received from December 17, 2017 completed by his physician, sent to Velocity and Lincoln Financial that clearly stated he was eligible to return to work on March 22, 2018.  The same documents used at the appeal hearing on October 23.2019. The plaintiff as already explained did not know that after Velocity lied to AZDES in **April 2018** that he was still employed in response to his filing for unemployment benefits, they also filed a false allegation in **May 2018** that he was unable to work, in **June 2018** they filed a complaint of fraud after they learned he had returned to work for another organization.

### General Adjudication

**UB-098**   Claimant SSN:  361 56 1008 0

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

# General Adjudication

**UB-098**   Claimant SSN:  361 56 1008 0

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

Yet their counsel from Ogltree Deakins has tried on multiple occasions to make these

documented contacts by the defendants somehow disappear.  In addition in multiple pleadings

filed on behalf of the defendants they have reversed course multiple times

**<u>DKT 35 dated 8/14/2020 at 9 – 12 filed by Ogltree Deakins attorney Anthony Decristoforo</u>**

**<u>he claims plaintiff was ineligible for FMLA and FMLA protection</u>**

10   requirements for an FMLA interference claim: (1) Plaintiff was not **eligible** to receive the FMLA's

11   protections and (3) he was not entitled to take FMLA leave. Therefore, Plaintiff does not state a

12   claim for FMLA interference, and that claim should be dismissed.

## DKT 43 dated 9/25/2020 page at 18 in defendant motion to dismiss12 filed by Ogltree Deakins attorney Anthony Decristoforo he now claims plaintiff was eligible for FMLA and Velocity granted leave from February 20, 2018 until May 15, 2018

14   documents contradicting his claims. For example, Plaintiff offers evidence that Velocity provided

15   him with a medical leave of absence from November 18, 2017 until January 27, 2018 because he

16   was not then eligible for protected leave under the FMLA. [See DKT 41 at Pg. 9.] On January 23,

17   2018, Velocity then sent Plaintiff FMLA paperwork which he returned on February 8, 2018. After

18   review, Velocity determined that Plaintiff was not eligible for leave under the FMLA because he

19   had not been employed for twelve months, and conveyed this message to him. Velocity then

20   explained that he would qualify for FMLA leave on February 20, 2018, and that they would then

21   recognize his leave. *Id.* Plaintiff even includes a copy of the FMLA certification form showing

22   that his "FMLA leave will begin on February 20, 2018" for 12 weeks "through May 15, 2018."



However now  that he has been caught in a lie based on the documents provided by the plaintiff

he received in communication with Velocity, he abandons the "ineligibility claim" and now has

focused his attention by claiming the email plaintiff received was in his mind **"erroneous"**. His

attention now is attempting to discredit the termination. However, the plaintiff at the time he

contacted Velocity on his employment status had not reveled anything about the email and right

on cue, they began to conspire to cover-up the fact that the plaintiff had been terminated. The

contact made to the defendants was for the specific purpose to obtain proof of the cover-up. He

then received two responses, one from HR Director Shauna Coleman and the other from General Counsel, both of them lied and began asking for proof on where plaintiff was getting the information from.

In fact, he was getting it from Velocity email system to his personal email as in January Velocity had revoked his email access and access to all other systems after he filed a 15 page HR complaint of sexual harassment, racial discrimination, sexual assault by a drunk homosexual Velocity employee at a customer site, mail fraud, wire fraud, theft of intellectual property, fraudulent billing, misappropriation of trade secrets among other complaints.

They justified revoking access claiming the plaintiff was "working" and should be tending to his health.

The reason he received the email was because their email system forwarded all email addressed to him to his personal email account.  It was their own fault.  Unknown to them they incorrectly perform this restriction and for over 8 months the plaintiff received multiple emails from their system.

This again was intentional because the only alleged training is tied to the stolen intellectual property and trade secrets. It is obvious the intent is to distance and omit any reference to these illegal acts but at the same time, seek indemnification from the consequences of their illegal criminal acts at the same time. Makes no logical sense to get a shot for rabies if you have not been bitten by a dog or been cut by a piece of metal. This is the theme throughout this manifesto. You will find tons of items that they acknowledge or seek indemnification from that has no connect to the complaint. However, they were added because at the time of the manifesto, the plaintiff was unaware the defendants had committed any of those violations. As such, this is the normal mode of conduct by the defendants, misrepresentation, deception, and fraud. Then after being caught, the first thing they do is LIE, then deception and attempts to misdirect attention to something else. This pattern has been seen time after time. As previously mentioned the doctrine of clean hands simply does not exist for any of the defendants, nor their counsel.

The court must see the pattern and if allowed to continue, they will for the fourth (4th) time submit more false pleadings to the court in their feverish attempt to avoid the inevitable. They can only blame themselves; here is an organization that has a single mission, GREED. They have shown that they are motivated by greed will commit mail fraud, wire fraud, over billing, fraud beg, borrow and steal anything or asset to obtain this greed, including violate any law of this country to obtain it.

If counsel won't cease making mention of this manifesto/agreement

While the plaintiff disagrees, he also notes that if counsel wants to proceed with this claim as an undisputed fact/issue.

# Conclusion

The conclusion is that the defendants do not have a case despite the evidence they continue to make contradicting statements that are not supported by and exhibits or evidence.

Dated: March 9, 2021          GARRISON JONES

_____,

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.jones@outlook.com

- 31 -