1  Garrison Jones
2  Plaintiff (Pro Se)
3  P.O. Box 188911
   Sacramento, California 95818
4  garrison.jones@outlook.com
5



**FILED**

JUL 16 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

6              **U.S. DISTRICT COURT**
7        **EASTERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| **GARRISON JONES**<br>**Plaintiff**<br>v.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No.: 2:19-cv-02374 KJM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br>Date set for trial: NONE |

**Introduction**

While fraud upon the court is a rare occurrence and an extreme remedy that must be exercised with restraint and discretion, in this case it is the only remedy to stop the defendants and their counsel from moving forward.

.Sanctions and or dismissal and a ruling in favor of the plaintiff is most appropriate in cases like this one, where the conduct of the defendants and their counsel is particularly egregious, characterized by lies and fabrications in furtherance/continuous criminal fraud of a scheme designed to conceal critical criminal matters from the court and the plaintiff/opposing party.

However, the conduct is being perpetrated repeatedly and willfully,  where the baton of fraud has been handed to the current attorneys from Ogltree Deakins to finish the race.

- 13 -

The plaintiff Garrison Jones has painstakingly uncovered and established by clear and convincing evidence, in the form of documentary evidence from the very source where the defendants have committed multiple felonies ( the US Department of Labor) where it warrants more than just sanctions but criminal prosecution.

 Fraud and federal criminal violations of the law is central to the issues before this court.

The court will have no trouble or issues to find both the defendants Velocity and multiple including the current attorneys intimately involved and participating in federal criminal offenses and that each have committed fraud on the court warranting rulings/decisions all in favor of the plaintiff Garrison Jones.

The court should note that any lesser sanctions would not suffice to correct the offending behavior.

The court should reject any such defendants' argument from the defendants because that is what they want as all it **will serve as another extended delay and another opportunity for billable hours they can charge their guilty client which is exactly what they want is to extent this case as long as possible and achieve as much revenue as possible as business is slow and cuts by Ogltree Deakins will included current counsel.**

**The only reason they responded in May 2020 was because of the pandemic and the cuts of staff and salaries.**

**We all know to not be included in any budgetary cuts is to produce more revenue**.

What should be applied is "the conclusively demonstrated" standard, noting, "Defendants' standard would permit a party to escape a court's consideration of claims of egregious acts of deceit by presenting bare denials of the truth of the allegations."

Applying the "clear and convincing" along with corroborated evidence and the pervasive nature of their deception should be more than enough to convict the defendants of all criminal acts and once and for all put an end to the conduct by the defendants and their counsel.

They have not once presented any such evidence, exhibits, nor have they offered any rebuttal to counter or deny any of the allegations and evidence against them, because they cannot.

It is human nature if wrongfully accused to speak out and voice/declare innocence, yet all the defendants and their attorneys have done with extreme arrogance is lay silent assuming that nothing will ever happen to them and that they will walk away Scott f-Free, from this litigation and move onto the next victim.

Like all criminals who have been caught committing crimes, their version of the termination of the plaintiff and his FMLA status/ story  has constantly changed as and at that time it is to their advantage to change and reverse their last claims and lies that the evidence has uncovered that implicates them in the crime.

The defendants and their attorneys version of the termination of the plaintiff Garrison Jones as well as his FMLA status has changed multiple times over the past 4 ½ years and \none of their lies and changes match or align with the documented history and or the historical past and litigation.

However, the version of the plaintiffs version has never changed he was terminated , Velocity Technology Solutions while on approved FMLA medical leave **a protected activity in direct retaliation**  for filing a complaint with Velocity Human Resources and exposing Velocity executives and employees in the theft of intellectual property, misappropriation of trade secrets, mail fraud, wire fraud, fraudulent billing of their customers, sexual harassment, racial discrimination and a host of local, state and federal criminal offenses and violations of the law.

It is also important that **that retaliation exist and continues today** after more than 4 ½ years since he was terminated.

Both Velocity / Navisite and Ogltree Deakins are throwing around the illegal, unconsciable, and unenforceable agreement and settlement letter as the ultimate get out of jail free card that will allow both to escape any financial liability and federal prison jai time. **Both are mistaken**.

That settlement agreement and the release letter sent to the USDOL is going to be the catalyst for aggravate enhancements to any financial monetary awards by this court and is the main document that will send Velocity employees and executives as well as multiple attorneys from Ogltree Deakins to prison because embedded in both of these documents are multiple criminal fraud and violations of federal law.

The have attempted use it multiple times before this court in attempting to induce this court to dismiss this case by deceiving them and misrepresenting the facts/terms of the agreement including that it clearly states that it is inadmissible in any proceeding.

> 9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

Equally as a term in the illegal agreement, that it is governed by the laws of Arizona. As in a previous pleading, the State of Arizona is waiting for the defendants and their attorneys to attempt to file any litigation to enforce this illegal agreement.

- 16 -

13. **Plain Language; Severability; Applicable Law; Modification; Waiver**. Jones acknowledges and agrees that this Agreement shall be interpreted based on the plain meaning of its language and shall not be construed for or against any Party. If any portion of this Agreement is deemed void or unenforceable for any reason, the unenforceable portion will be deemed severed from the remaining portions of this Agreement, which will otherwise remain in full force. The Parties agree this Agreement will be governed by Arizona law. This Agreement may not be modified except through a written document signed by an authorized representative of each Party. No waiver of any of the provisions of this Agreement will be binding unless executed in writing by the waiving Party nor will any waiver be a continuing waiver or waiver of any other provision.

To add multiple terms of this illegal agreement have been proven to be unlawful and unenforceable as it relates to monetary awards to the plaintiff as a result of any proceeding under the section of Protected Acts which is the illegal parameter knowing that there are multiple willful and intentional civil and criminal violations of the law committed by Velocity that they know the court will award maximum monetary awards to the plaintiff.

3. **Protected Rights.** Nothing in this Agreement prohibits or restricts Jones from initiating communications directly with, responding to any inquiry from, providing information to, or providing testimony before any self-regulatory organization or state or federal regulatory authority or agency or prevents Jones from receiving an award as a result of these actions. This Agreement also does not affect Jones' right to file an administrative charge with or participate in an investigation or proceedings conducted by any federal, state, or local administrative agency. Jones does, however, knowingly and willingly waive his right to any monetary damages or equitable relief, including reinstatement, arising from or relating to any administrative charge or proceeding.

**This has already proven to be un-enforceable and the plaintiff has been awarded and Velocity has paid on two separate occasions financial and monetary awards from appeals ruled in favor of the plaintiff of multiple false charges made, filed against him by Velocity, that they were actively aware of the litigation.**

**As their customary practice, they intentionally did not appear at these appeal hearings, taking the position that these proceedings were "beneath them.**

I am certain that any individual would walk into any federal law enforcement office and admit they stole the identity of another person in violation of
**<u>FELONY 1</u>**

**Title 18 United States Code - Section 1028**

**Identity Theft and Assumption Deterrence Act of 1998**
**Fraud and Related Activity in Connection with Identification Documents and Information**

**18 U.S. Code § 1028A - Aggravated identity theft**

**<u>FELONY 2</u>**

**18 United States Code - Section 1028**
**Fraud and Related Activity in Connection with Identification and Information. And**

(7) knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law or that constitutes a felony under any applicable State or local law;

This where the intended use of this personal identifying information was to combine it with information that was only known and contained from a federal lawsuit by another federal felony in that they knowingly were making a false statements to a federal agent and agency in regards to a federal matter in a direct violation of

- 18 -

## FELONY 3

**18 USC Section 1001. Under 18 USC Section 1001, where it is a felony to** make **a** "false statement" **to an** agent **or** agency **of the** federal government **in connection with a** federal **matter, also impersonating the plaintiff Garrison Jones at the time of the contact additionally as a collectively by-product of all of these felonies that resulted in yet another federal criminal violation .**

## FELONY 4

**18 U.S. Code § 1519 Destruction, alteration, or falsification of records in Federal investigations in this case falsification of an FMLA complaint in the files of the USDOL.**

It is a felony for anyone to knowingly alters, mutilate, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence or interfere by deception the proper administration of any matter within the jurisdiction of any department or agency of the United States and in this case the USDOL and the matter being the knowingly creation falsification of a FFMLA complaint in the files/records of this federal agency.

To further add, then intentionally omit the record/charge/complaint number from a document as a means of inducement of an illegal agreement that was part of the complicit conspiracy between Velocity and Ogltree Deakins and the vast cover-up of all the actions connected to the termination of the plaintiff while on approved FMLA by Velocity.

To spell things out Shauna Coleman, Velocity HR Director the highest-ranking HR employee in the organization, went into the Employee files of the plaintiff Garrison Jones and without his authorization, and instructed to do so by Ogltree Deakins attorneys took his personal identifying information

- 19 -

a. Name
b. Cell Phone Number
c. Personal email address

After this information was disclosed to others, Velocity and Ogltree Deakins conspired and created a criminal fraudulent scheme to use this information to proactively contact the US DOL and by impersonating the plaintiff file a false fabricated FMLA complaint against Velocity on July 19, 2018.

This was done by combining all of their intentional willful violations they knew they had committed in violations of the FMLA rights given to the plaintiff and is an acknowledgement even before the complaint before the court was filed over a year later, for the specific purpose of inducement into a settlement agreement that had nothing to do with any of the allegations claimed or made in a Racial Discrimination lawsuit filed by the plaintiff in the US District Court in Northern Illinois.

This criminal pattern of using impersonation and use of the plaintiff personal identification was done in May 2018 where again Velocity HR Director Shauna Coleman **proactively contacted AZDES on May 4, 2018** claiming that the plaintiff was Physically unable to work because he was on approved FMLA medical leave by Velocity ending in May 15, 2018, knowing that Velocity had terminated the plaintiff over 2 months prior in March of 2018 and that his physician had approved him to return to work on March 22, 2018, yet Velocity had no intentions of allowing the plaintiff to return to work under any circumstances.

### General Adjudication

Claimant SSN:   361 56 1008 0

ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING
E, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

i RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

NT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT
CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON

' NOTE: DUE TO THE INFORMATION PRESENTED BY BOTH ER AND CLMT AND NOT BEING ABLE TO REBUTTLE
i DUE TO CLMT REQ IT SEEMS CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING TO
BECAUSE HE FEELS HE HAS BEEN DISCHARGED AS OF 3/15/18. WILL USE START DATE AS 3/15/18 SICE THAT IS
;UMED SEPERATION DATE

CABLE SEE SECOND UB-098 FOR ADDITIONAL INFORMATION FROM ER AND OR CLMT.

So prior to his return date of March 22, 2018, they unlawfully terminated him and
began to cover-up the fact that he was terminated.

What is important is that on May 7, 2018 there is an entry from AZDES claiing that
the plaitiff Garrison Jones conacted them and confirmed every statement made by
Shauna Coleman 3 days earlier on May 4, 2018 and is the first occerence of Velocity
impersonating the plaintiff and using his personal identifying informaiton as a means
to authenticate that he was the person making this call and entry into AZDES
records.

The truth of the matter is the plaintiff had no knowledge of the false complaint/claim
being made by Velocity and **never returned a call on May 7, 2018**.

He was unaaware of this false allegation until over a year later July 2019.

- 21 -

The plaintiff was trying to move on with is life after a serious medical healt condition that almost took his life and his intent to move forward after the worst eplyment expersience of his life,  Yet Velocity had other plans and for over a year continued to harrass the plaintiff and his family, ruined and destroyed his 27 year career by black lising him to the point where he was unable to obtain gainful emplyment to support himself and his family all because he refused to participate in any and all of the unethical, illegal and criminal violations of the law being commtted every single day by Velocity executives and employees who did this with no remorse of the consequences.

As it goes to this methodolyogy of impersonation and making false stateents and complaints.  Velocity and Ogltree thought that since they had gotten away with this in May 2018, that they would stupidly do it again on a larger scale with the intended target the USDOL in July 2018.

The previous attempt with AZDES failed.  After the plaintiff found out all th eactivity by Velocity and Ogltree from May 2018 until August 2018 he appealed every single one of the false claims, allegations and complaints made against him, staring with the false compaint that he was physically unable to work, next moving onto the fraud complaint made by Velocity behind his back and then learning that they had filed 2 separate appeals related to his termination, that both were denied and dismissed by the Arizona court of Appeals.

General Adjudication

UB-098        Claimant SSN  361 56 1008 0

Issue: Abic

Basis:                                                    Base Period Separation: No
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT.
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED
OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017 CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18

What they are not revealing is that on the same exact day May 4, 2018, in a coordinated scheme, Ogltree Deakins attorney Christopher Meister as a means of distraction contacted the plaintiff to what he calls "discuss **a settlement" for 3 minutes the plaintiff listened to him brag saying the plaint if had no case and the case would be better settled in small claims court".**

At that point, the plaintiff hung up and blacked his number from calling again. It was not a coincidence that behind my back once again, Velocity and Ogltree got together and did this and at the same time, Shauna Coleman is contacting AZDES filing another false fabricated FMLA complaint against me.

- 23 -

Below is the email the plaintiff received after he hung up.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| **Sent:** | Friday, May 4, 2018 8:28 AM |
| **To:** | Garrison Jones |
| **Subject:** | RE: |

Mr. Jones, I am writing to follow-up on our conversation on Wednesday. It is unfortunate that you again lost your temper and hung-up because I was only trying to clarify for you what the confidential settlement negotiation process entails. Despite your recent behavior, my client is willing to try one more time to reach an amicable resolution. My client would prefer to resolve this matter in this way as opposed to taking the various legal avenues available.

He had no intention of settling anything, it is simple the pattern Velocity and every other Ogltree Deakins attorney has displayed and that is deception and fraud trying at all times to take advantage via misrepresentation and fraud, nothing more.

**You cannot trust either of them**.

No federal law enforcement agency would turns it back on any of these federal criminal violations and allow no individual to walk away **"Scott Free"** and neither should this court.
These are not just simple coincidences, and points only to both Velocity and Ogltree Deakins as the parties who have engaged in all of this criminal activity against this court and specifically against the plaintiff Garrison Jones.

falsification and creation of an official record and complaint in the files of a federal agency, that any federal law enforcement would close their eyes and turn their backs and allow that individual to walks away Scott free, claiming no harm no foul" and allow this individual to walk out of their office and simply do nothing.

- 24 -

This is the precedent now facing this court as this is exactly the situation that the defendants and their attorneys have offered to this court.

They both are under the delusion that this court will turn its back on the commission of multiple criminal felonies committed against the United States federal government with the specific target being the USDOL.

Each Velocity/Navisite are under the impression that the illegal, unconsciable, un-enforceable agreement gives each of them some form of "qualified immunity" and that they will be able to walk out of the courtroom " Scott Free" and escape any and all of the liability and penal penalties of multiple federal felonies intentionally committed as part of the complicit conspiracy to implicate the plaintiff Garrison Jones in all of the manufactured, false fabricated FMLA complaints, charges, claims and allegations made against Velocity Technology Solutions.

The fact of the matter is the plaintiff Garrison Jones did not contact any local, state or federal agency and file any such FMLA complaint, charge, claim or allegation against this former employer Velocity Technology Solutions.  Not a single one.

Any such declared immunity or release from liability being claimed by the defendants is void as both the FMLA claims/complaints/charges were made by the defendants and their attorneys from Ogltree Deakins.
Both of these false fabricated FMLA complaints/charges were part of ere part of a vast cover-up and conspiracy and both have multiple embedded criminal felony violations/offenses against the federal government of the United States.
Both were manufactured and done with the specific intent of inducement of fraud to obtain the plaintiffs signature on the illegal, unconsciable, unenforceable agreement and the release letter sent to the US DOL on August 24, 2018.


**to that included the plot to commit felony criminal fraud against the US DOL a federal agency of the United States as part of a separate fraud that had nothing**

- 25 -

to do tithe any of the allegations and claims in the lawsuit in the US District Court of Northern Illinois.

2. Paramount to all the issues, allegations, false claims and complaints is that Velocity and Ogltree Deakins used my personal identifying information, my name, my personal sell phone number from my employee file at Velocity and used it to commit a criminal felony against the federal government of the United States.  What they did not know is that because of harassment and the multiple blocked calls, restricted calls and multiple hang-ups, a month prior to committing these criminal felonies.

3. **I had my cell phone number of over 17 years disconnected in June 2018 and was assigned a new number, a month prior to this false fabricated FMLA complaint.**

**Person Submitting Information**

| | | | |
|---|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: | *705 West Liberty Drive* | Other Phone: | ext. |
| | *Wheaton, IL, 60187* | Fax: | ext. |
| | | Email: | |
| | | If not complainant, EE Name: | |
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action          *N* | |
| Written permission to use name | *N* | Relationship: | |

4. The phone number and address in this fabricated complaint is was a fatal mistake by Velocity and Ogltree Deakins as at the time of this fabricated complaint it was not my current cell phone number as in the false complaint .

5. Section of my cell phone bill clearly shows  that the line was **deactivated and a new number was added**

**PLANS**

**$226.23**

3 VOICE LINES = $226.23

**This month's charges are $156.23 more**

- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

6.

**T·· Mobile·**

| Bill period | Account | Page |
|---|---|---|
| Jul 17, 2018 - Aug 16, 2018 | 959508066 | 1 of 12 |

**TOTAL DUE**

**$202.15**

Your bill is due by Sep 09, 2018.

Never worry about forgetting to pay, and save money too. With the AutoPay Discount, you save $5/line (up to $40) every month. Sign up for AutoPay at t-mo.co/autopay.

Thanks for remaining up last bill of $ 709 77

# Hi Jones,

## Here is your statement for August.

Enjoying your new Galaxy Note8 - Midnight Black - 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

PLANS                                                                    $226.23

**YOU CHANGED YOUR PLAN!**

You made a mid-cycle change so we've refunded your old plan and charged for your new plan.

-$69.60 for T-Mobile ONE Unlimited 55 - Credit for last cycle

$130.00 for T-Mobile ONE for last cycle          $130.00 for T-Mobile ONE for this cycle

Last bill cycle: Jul 17 - Aug 16          Current bill cycle: Aug 17 - Sep 16

# Detailed calls from new cell phone number on July 19, 2018

| | | | | | | |
|---|---|---|---|---|---|---|
| | 0.101 M ➞ | (219) 576-3108 | to Memory IN | - | 7 | - |
| Jul 19 | 6:18 AM ➞ | (800) 903-7490 | 1-800 # | - | 1 | - |
| | 6:49 AM ➞ | (855) 847-2030 | 1-855 # | - | 1 | - |
| | 1:16 PM ➞ | (800) 903-7490 | 1-800 # | W | 5 | - |
| | 2:10 PM ⟵ | (562) 274-2225 | Incoming | W | 8 | - |
| | 3:45 PM ⟵ | (909) 904-4567 | Incoming | W | 2 | - |
| | 3:46 PM ⟵ | (219) 576-3108 | Incoming | W | 14 | - |
| | 7:43 PM ➞ | (800) 903-7490 | 1-800 # | - | 1 | - |

## Section of bill noting the deactivation of previous plan and number in June 2018 that appeared on July bill



**PLANS**

# $226.23

3 VOICE LINES = $226.23

**This month's charges are $156.23 more**

- You have deactivated T-Mobile ONE Unlimited 55
- You have added T-Mobile ONE
- (916) 270-7650 has added a Voice line to their plan
- Enjoy your T-Mobile ONE Plan

## Bank statement old bank account with address of plaintiff on July 19 2018 thru August 11.2018



**FIRST CONVENIENCE BANK**
A division of First National Bank Texas

GARRISON JONES
4011 S MONROE MEDICAL PARK BLVD
BLOOMINGTON IN 47403-8000

Statement Date:   07/19/18 - 08/11/18
Page:                    1 of 4



*Strength* in **Banking**
*since* 1901

www.1stcb.com ★ 800-903-7490
(TTY) 866-390-9768

7. Ogltree Deakins attorneys Paul Smith and Anthony Decristoforo are both just as guilty of criminal fraud against this court because both are continuing the criminal crimes committed by attorneys from the same law firm that were assigned to all prior litigation.   They are Accessories after the fact.

8. They are just as guilty as their fellow attorneys from the previous litigation who participated in and counseled Velocity in fabricating evidence and in the commission of multiple federal felony offenses committed against the plaintiff Garrison Jones and the fraud and criminal offenses committed against the us Federal government and specifically against the US Department of Labor.

These federal criminal violations include

a.

Litigation they have represented Velocity in has been made in favor of the plaintiff, Garrison Jones and that all of the reversals, appeals, rulings, decisions and adjudications were the result of false fabricated lies told by Velocity, supported, and counseled by Ogltree Deakins.

.

1. At the center/root of the fraud upon this court and the overlapping federal criminal offenses committed by both the defendants and their counsel from Ogltree are the "claims asserted in the illegal agreement where they claim that the plaintiff Garrison Jones made filed an FMLA charge/complaint with the US

- 29 -

Department of Labor.

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

2. Except for the litigation filed in the US District Court of Eastern California that is currently before this court, the plaintiff Garrison Jones did not file an FMLA complaint/charge with any local, state, or federal agency against his former employer Velocity Technology Solutions.

3. However, records at the US Department of Labor show that on July 19, 2018 an FMLA complaint was filed using the name of Garrison Jones as the complainant against Velocity **Customer ID: 3850645 which was not filed by the plaintiff Garrison Jones**

4. The plaintiff uncovered this false fabricated complaint on September 30, 2020 over 2 ½ years after it was filed.

5. In addition, in this complaint it also contained an update on August 24, 2018 where the "Chicago Office received a withdrawal letter from attorney citing a settlement between CP and her ER"

6.

# WHISARD Complaint Information Form

- 30 -

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*　　　　*FILED-NO ACTION*

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

　　　Re:　DOL Complaint

To Whom It May Concern:

　　　Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

　　　　　　　　　Sincerely,

　　　　　　　　　Garrison Jones

34314971.1

- 31 -

The "**withdrwal letter**" which was not written by the plaintiff Garrison Jones, it was written by Velocity General Counsel, Chris Heller with input from Ogltree Deakins attorneys, states that it is a "release/withdrawl" of an FMLA complaint/charge dated May 22, 2018.

The problem is that there is no record of an FMLA complaint filed on May 22, 2018 by the plaintiff Garrison Jones.

The first and only such appearnce of an FMLA complaint or chagre was made in this letter and there was no offical record of an FMLA complaint/charge in the WHISARD system that is used by the US Department of Labor Wage and Hour Divison that is used to intake, record and investigate any and all complaints including FMLA filed by an individual and or organiation.

Its also important to know that the complaint on July 19, 2018 appeared and a record of the false fabricated FMLA complaint appeared beofore the letter from the Ogltree Deakins attorney.

The fabricated FMLA withdrawl letter for a FMLA compaint on May 22, 2018 appeared after.

In any case, as illustrated in the log entries no action was taken on the July 19, 2018 false FMLA complaint it is coded as "**INTAKE ONLY @ 15:14 pm**

In addition the contact log entry on **August 24, 2018 @1:43 pm was also coded as FILED – NO ACTION**

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*

*07/19/2018 5:14:44 PM*          *INTAKE ONLY*

So it goes to question, how can an FMLA complaint that only appears in a letter from Ogltree Deakins attorneys not be filed on May 22, 2018 yet it arrives at the Department of Labor 2 months later and only exist in this "letter".  There is not a rcord of an FMLA compaint in the files of the US Department of Labor filed by the plaintiff on May 22, 2018.
**This is not a case of the cart before the horse**.  This is a classic case of criminal fraud, manipulation, , misrepresentation, where the defendants **and Ogltree Deakins is attemtping to force a whale into a  sewing needle.**

Both Velocity and Ogltree Deakins attorneys are attempting to jam down the throat of others and make them swallow their lies and fabrications without once looking at , reading or fact checking any of the false statements and documents they are submitting.  They are wrong.

Its impossible for a complaint dated May 22, 2018 to appear 2 months after a 2nd FMLA complaint was recorded in the official system by the US Department of Labor.

The fact of the matter is, the letter sent to the US Department of Labor by the plaintiff Grrison Jones was a "**thank-you letter** and was not in any way an FMLA complaint against Velocity Technology Solutions.

The plaintiff after he had been terminated contacted the EEOC investigator and was instructed by her to contact the US Department of Labor on options and instructions

on how to proceed in an FMLA lawsuit as he was terminated while on FMLA whih is a protected activity.  Hence, she had no experince in the matter, she referred me to the US Department of Labor.

1. The plaintiff was instructed by a federal EEOC investigator who he informed in March of 2018 that he had been terminated by Velocity.  He forwarded this email communication to her on March 15, 2018.
2. Her response was that if he was terminated while engaged in a protected activity that the plaintiff had every right to file a federal lawsuit. She knew many of the details in regards to his employment with Velocity.  She also instructed the plaintiff to contact the US Department of Labor because as he had stated he was on approved FMLA at the time of his termination.
3. Hence she had no experience in FMLA was the main reason she referred him to the US Department of Labor to discuss FMLA and his options for filing a federal lawsuit in connection with his termination while on FMLA unlawfully.
4. A copy of this communication is below as the plaintiff contacted the US Department of Labor approximately one week after he filed his complaint of discrimination in the US District Court of northern Illinois on May 8, 2018.


Mon 9/26/2020 6:11 AM
Garrison Jones <garrison.jones@outlook.com>
**Robin**
To  Garrison Jones
Cc  Garrison Jones -Court-Docs

From: ROBIN CAMPBELL <ROBIN.CAMPBELL@EEOC.GOV>
Sent: Thursday, March 15, 2018 1:47:17 PM
To: Garrison Jones
Subject: RE: Garrison Jones

⇜ Next    ⇞ Last

Mr. Jones,

If you are terminated and you believe you have evidence to show that your termination was based on a protected activity you have every right to file a charge of discrimination against the company.

Regards,

Robin L. Campbell
Robin L. Campbell
EO Investigator
3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012
Office:(602) 640-5048
Fax: (602) 640-5071

On June 8, 2021 the plaintiff in his **7th FOIA repsonse from the US Depatment Labor**, obtained a copy of the attachement letter he went to the US Department of Labor and it was verified by them that it was never entered into the WHISARD system on May 22, 2018 and that it was only retained because it was recived and reocrded and attached to the false fabricated FMLA complaint made on July 19, 2018 because there was no previous/prior FMLA complaint that existed on May 22, 2018.

Also, to go further via another FOIA reponse May 22, 2021 they also confirmed that Velocity and Ogltree Deakins received a copy of the July 19, 2018 false complaint prior to August 2018.

U.S. Department of Labor    Wage and Hour Division
Washington, D.C. 20210



June 8. 2021

Garrison Jones             Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA 95818

RE:   Freedom of Information Act Response
      Tracking Number 2021-F-09036

Dear Mr. Jones:

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responding to your request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated May 22, 2021. Specifically, you asked for All inquiries, documents, letters and or complaints made by anyone from Velocity Technology solutions and from the law from of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. from January 2017 to the current date in connection and or related to any FMLA complaint that includes the name of Garrison Jones.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our possession as of the date our search began. The search began on June 1, 2021. After performing an electronic search of locations searched i.e., the Wage and Hour Investigative Support and Reporting Database, we located the responsive documents you requested. After reviewing the responsive documents, WHD is granting your request in full. Some of the information in the responsive documents is protected by the Privacy Act of 1974 at 5 U.S.C. § 552a. Nevertheless, WHD has determined that these documents may be released to you, pursuant to a routine use Responsive documents released total five (5) pages and are attached. The processing costs incurred did not exceed the chargeable minimum; therefore, you have not been assessed related processing fees.

What was returned was the same false fabricated FMLA complaint filed on July 19, 2018 proving that **they had a copy of this false complaint number in their possession prior to the creation of the illegal agreement and intentionally omitted the charge/complaint number from the illegal agreement** because it would have alerted the plaintiff of the fraud and misrepresentation of what they were doing at the signing of this illegal agreement.

7.

8. **A *general release* encompasses all claims that are in <u>existence</u>** between the
Parties and are within their contemplation when the release is executed. The
defendants claim in the illegal agreement that an **"FMLA charge already
existed in the files/records and was filed with the United States
Department of Labor by the plaintiff Garrison Jones**.

> WHEREAS, a dispute exists regarding Jones' employment with the Company and the
> ending thereof effective August 16, 2018, including the allegations and claims that were
> made or that could have been made in Equal Employment Opportunity Commission
> Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil
> Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-
> 095, and the FMLA charge filed with the United States Department of Labor,
> (collectively, the "Charges"), and the lawsuit filed in United States District Court
> Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No.
> 1:18-cv-03288  (the "Lawsuit").

9. **Meaning that this charge existed in the files/records of the US Department
of Labor at the time of the illegal agreement.**

10.     On multiple occasion over the past year they have continued to reference
this illegal agreement and either "general release or released letter to the court
in multiple pleadings. First in a second motion to dismiss after he had been,
caught lying about the existence of a duplicate virtually identical FMLA claim
and allegation that he was unable and could not present to the court.

- 37 -

11.     While the entire agreement is illegal and void, the "release" if you will is also void as the complaint/release they are connecting it to was a "thank-you letter" and as such it **basically releases nothing**, unless both Velocity and Ogltree Deakins wants to claim credit for the false fabricated FMLA complaint filed on July 19, 2019.  I doubt very serious the defendants and their counsel who have both displayed avoidance and lied in every single litigation would now step forward and admit they filed a false fabricated FMLA complaint and falsified a complaint record in the files of an federal government agency on behalf of their client and at the same time impersonated the plaintiff, made false statements in connection to that complaint.

**12.**     He also includes in this pleading and introduce again

13.     In to this court claiming that and FMLA complaint was filed and released in a settlement agreement and that the release letter released an FMLA complaint.

14.

15.

- 38 -

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

---

[1] Among the multiple grounds for early dismissal of this case is that Plaintiff previously filed and dismissed with prejudice a virtually identical action involving the same parties and claims in the United States District Court for the Northern District of Illinois. Plaintiff filed that case in May 2018, the parties settled the case, and Plaintiff signed a general release. Plaintiff dismissed that case with prejudice on August 16, 2018. *Jones v. Velocity Technology Solutions, et al.* (N.D.Ill.). No. 1:18-cv-03288.

3                    Case No. 2:19-cv-02374-KJM-EFB

SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Next after this failure in Document 35 Filed on 08/14/20

16.      He still made this claim of duplicity and claiming the current litigation is "This complaint was filed November 25, 2019. For months, after it was filed the defendants and their current counsel were sent waivers that were received and ignored. Both the defendants Velocity Technology Solutions who now call themselves Navisite and their attorneys from Ogltree Deakins pretended for 7 months that it never existed.

- 39 -

17.    At all times both ignored this complaint for the main reason that it had been **filed by a nigger.**

18.    This has been the core issue even from the history of the plaintiffs' employment it was purely racial, as both have no respect for the black race and at all times think inferiority and that no matter what they are stupid and that they both Velocity and Ogltree Deakins are above the law.

19.    However, as anyone knows attorneys are an hourly profession and anyone who has remotely any such knowledge the know that they look for opportunities for billable hours.

20.    There is no attorney on this planet that can in a pleading before this or any court that will openly claim before a federal US judge magistrate that for a period of over 554 days not a single attorney from Ogltree Deakins who also have been actively monitoring and being paid for legal services by Velocity for basically doing **NOTHING,** that not one single attorney did not review all the documents in the prior litigation including all of the documents and during the same 554 day period that they never reviewed these shared documents with any of the attorneys from that previous litigation on the same document filing system and they did not review all of the release documents sent to all of the parties especially the US Department of Labor in Chicago and not one single attorney did not know that **the attached letter as indicated in the release letter that was sent to the US Department of Labor was that stated it was a copy of an FMLA complaint they claimed was filed on May 22, 2018 and that it was not a copy of a FMLA complaint but a copy of a Thank-you letter** dated May 22, 2018.

21.    It makes no logical sense to send a withdrawal letter and an FMLA complaint to the USDOL at the same time.  They knew and manipulated the staff at the USDOL as they knew their procedures and also knew how to circumvent them as well they also knew that the  USDOL would not catch on to the fraud and they were not going to "fact check any of the documents

1
2

before filing them where they wanted them and connect them to the July 19, 2018 fabricated FMLA complaint customer ID : **3850645**

3
4
5
6
7
8
9
0
1
2
3
4
5
6

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

7
8

22.   and that at no time did the review did not review the complaint from a previous litigation that could not have been more than

9
0

23.

1
2
3
4
5
6
7
8

24.   At that time both knew that this was not an FMLA complaint was filed after 7 months and after being served with the complaint even though there were verified audit trails that individuals other than the plaintiff had been logging in the system actively monitoring this case First of all official recorded complaints filed by anyone with the US Department of Labor are filed in the WHISARD network system that enables investigators, managers, and assistants in the Wage and Hour Division (WHD) to process complaints; assign and investigate cases; manage and close cases; assist with outreach; record and monitor investigator time; track case history through narratives and diary

entries; process FOIA and publication requests; and report to management. The WHD WHISARD data is shared only with other WHD applications to include the Back Wage Financial System (BWFS).

25.      It is a **documented pattern of fraud and deception** where when both Velocity and attorneys from Ogltree Deakins both where it is presented to them with anything that they both have done unlawful, illegal or criminal, they jump into action and attempt to fabricate this undisputable evidence to their advantage and fabricate it into something it is not, assuming that they can use it to the benefits.

26.

27.

28.      This is the reason why the defendants **Velocity Technology Solutions who now call themselves Navisite** and their attorneys from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. have now for over 4 ½ years have never on the record nor via any pleadings presented / submitted to any court in any judicial proceeding  a single piece of evidence, exhibit, nor have they offered or present a single witness or offered witness testimony on the record for any of the same.

29.      Equally, there has never been a court or judge that has ever believed a single statement or pleading filed by any Ogltree Deakins attorney. All rulings made  have been made  favor of the plaintiff , for the specific reason is that they all have never believed every single attorney who has represented their client has been repeatedly caught lying by the plaintiff in all of these proceedings.

30.      This trend continues today in the current proceeding before the court.  As of yet no court has taken the proper actions and entered an order for sanctions against both the defendants and the attorneys  from Ogletree, Deakins, Nash, Smoak & Stewart, P.C , the day  has come where it is imperative that the court take this action and not only issue and order for the maximum sanctions against both the defendants Velocity Technology Solutions / Navisite  but also against

attorneys Paul Smith and Anthony Decristoforo from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C also to levy the unprecedented maximum and enhanced fines against them but also include in this order the referral of this case to federal law enforcement recommending the maximum federal prison sentence as mandated by federal law.

31.      The preferred litigation path for Ogletree, Deakins, Nash, Smoak & Stewart, P.C attorneys has been to lie, make completely false statements, half-truths and most of all prepare known false fabricated evidence to each and every court and Judicial court system in which they have represented their client. Above all, by deception and fraud they have induced and attempted to induce others to do their "dirty work" and obtain negative adjudications against the plaintiff in this case Garrison Jones.

32.      In the current litigation before the court after they have been caught lying and fabricating evidence to this court on multiple occasions, they have finally been waving an illegal, unconsciable, unenforceable agreement and a fabricated release letter before this court claiming that not only will it induce this court into a ruling in their favor and in favor of their client. They also are under the impression that it will (in their minds) prevent/convince any court and law enforcement that these documents will also serve as the ultimate habeas corpus that will prevent and free them from their federal prison cells. They are mistaken on all counts.

/
/

33.      The plaintiff Garrison Jones does herby move the court for an order for sanctions against the defendants  Velocity Technology Solutions and their counsel from  the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C attorneys  Paul Smith and Anthony Decritoforo as well as a separate order as mentioned above to refer both to federal law enforcement for not only fraud upon the court but also for prosecution for the federal criminal violations connected to the crimes both committed and executed where they n a complicity coordinated conspiracy to commit fraud against the federal

- 43 -

government is the United States and specifically the US Department of labor, where they not only made false statement to a federal agency but also induce them by impersonating the plaintiff Garrison Jones but used personal identifying information that could only have come from the employee human resource files of Velocity technology Solutions they obtained from Velocity Human Resource Director, Shauna coleman and from the docket court files from the complaint filed by the plaintiff in the US District Court of Northern Illinois case number 1:18-cv-02388.

34.     They combined this data and insisted that the intake person they were speaking to record (what **they thought**) was the current cell phone number and address of the plaintiff Garrison Jones in the false fabricated FMLA complaint they were filing to make it appear authentic and that the personal identifying information would make it appear that it was in fact the plaintiff who made this complaint.

35.     What they did not know was the plaintiff tired of the months of harassing calls, hang-up, blocked calls etc., the plaintiff changed his cell number of over 17 years a month before this fabricated FMLA complaint was made.

36.     He has since in this case proven to this court that he did not and could not have made this false FMLA complaint with the US Department of Labor.  This false report per their records was made on July 19, 2018.

37.     Since the time the plaintiff filed this proof to this court, he also filed a FOIA response from the US Department of Labor that after they reviewed the disputed evidence submitted by the plaintiff they issued another response that clearly stated that based on the evidence submitted, their records / files do not contain any records or complaints filed by the plaintiff Garrison Jones of any FMLA complaints filed by him against his employer Velocity Technology Solutions.  The response was received by the plaintiff on October 30, 2020 and also submitted and filed with this court.

38.     Since that time, attorneys Paull Smith and Anthony Decristoforo have followed the same pattern and abandoned all other false claims and allegations

- 44 -

they have been caught lying to this court and then reverted to "what they call)
the release letter as their next defense mechanism since it was uncovered that
the settlement agreement has been proven to contain the federal criminal fraud
that had been committed.

39.     They now claim that the release letter vindicates them and states that it
too prevents any relief for any damages not only against Velocity but also any
such liability or monetary awards.

40.     As previously mentioned, they have never submitted a single document,
evidence and or exhibit in 4 ½ years on behalf of their client.  What they have
done is made comments like "Velocity *reserves the right* "and have only
referenced these documents and has never had any plans to in open court or via
a filed pleading submit these documents to this court.  They have only put
words in their pleadings to induce the court to believe that these documents
will not only gain a ruling in their favor but also that it will cure cancer,
confirm aliens do exist and that these documents are the ultimate
"**boogeyman**" and will resolve all issues before this court and they can move
onto another victim to defend.

41.     However, at all times they have no intention of submitting these
documents as proof because they know they are also  part of the federal
criminal fraud they have committed and the main reason why they won't
present them to this court.

42.     The plaintiff Garrison Jones methodically after they filed Document 62
on November 13, 2020 went forward to also prove the "release was also a piece
of false fabricated evidence and was the final piece of the "**trifecta of fraud**"
that he had to prove to close the door and take away any and all "defense
**routes of escapes** (if you want to call them).

43.          .

44.     In the following pleadings filed by attorneys Paul Smith and or Anthony Decristoforo they have both referenced what they call " general release"

45.     In document 5 filed on May 4, 2020 attorney Anthony DeCristoforo in his failed attempt to get this case dismissed by fraud and after 7 months of avoiding to be served and even acknowledging this case existed despite proof that individuals other than the plaintiff had for months been logging into the court system and actively monitoring this case and billing their client Velocity for basically doing NOTHING, he makes this statement referencing this fabricated release letter, calling it a "general release"

[1] Among the multiple grounds for early dismissal of this case is that Plaintiff previously filed and dismissed with prejudice a virtually identical action involving the same parties and claims in the United States District Court for the Northern District of Illinois. Plaintiff filed that case in May 2018, the parties settled the case, and Plaintiff signed a general release. Plaintiff dismissed that case with prejudice on August 16, 2018. *Jones v. Velocity Technology Solutions, et al.* (N.D.Ill.), No. 1:18-cv-03288.

46.     Next in Document 35 filed on 35 filed on August 14, 2020, he reverts to the illegal, unconsciable, unenforceable agreement as the means of escape and dismissal that also failed.

47.     This time he makes references in the plaintiff complaint where he claims that he admits this and admits that even giving specific locations where these claims and admissions are located only to find out that each of these stations and locations do not contain any of the fabricated statement he claims.

13 | **III.   PRIOR SETTLEMENT AGREEMENT**

14        Plaintiff's FMLA interference claim should also be dismissed on the independent grounds

15 | that Plaintiff alleges he previously settled the claims asserted in the Complaint.  Plaintiff

16 | incorporates by reference the preceding (and subsequent) paragraphs of the Complaint in Paragraph

17 | 37, which would include the FMLA interference claim.  Dkt. 1 at 23.  He then alleges that he

18 | previously filed a federal lawsuit based on these incorporated allegations in the United States

19 | District Court for the Northern District of Illinois against Velocity and "14 Velocity Technology

20 | Solutions employees that are also named in this case before the court." *Id*. at ¶ 38.  Plaintiff then

21 | alleges that he "settled [the Illinois lawsuit] out of court," foreclosing any possible recovery in this

22 | matter.  Dkt. 1 at 24.  By his own allegations, Plaintiff admits that the issues addressed in his

23 | Complaint have already been resolved.

48.      In fact upon search of the entire original complaint the **phrases District, Northern, Illinois, complaint, admits, or admission** all do not exist in the entire original complaint filed on Number 25, 2019.  All of the fabrication locations also do not contain any of these statements.  They are all fabricated.

49.      Next Attorney Paul Smith gets his turn at bat and in after the plaintiff has submitted to the court FOIA response in regards to the fabricated FMLA complaint they claimed was made, he files Document 62 on November 13, 2020 because they have failed on two other occasions to induce the court to dismiss the case to and have been caught fabricating evidence,  He again in what he calls the response where he listed a laundry list of affirmative defenses

50.     ( if that is what you want to call them )

**51.     In document 62 at 49 he reverts back to what he calls " general release which forecloses this matter"**

> 49.     Velocity admits that an earlier dispute by Plaintiff against Velocity was resolved out
>
> of court and that Plaintiff signed a general release which forecloses this matter. Except as expressly
>
> admitted herein, Velocity denies every allegation in the forty-eighth paragraph to the Complaint,

52.     numbered "39."

53.     In fact, it was not a "general release" it was specific to all of the legitimate claims made by the plaintiff but by misrepresentation and deception, they inserted the false fabricated FMLA complaint they had filed on July 19, 2018 in the files / records of the US Department of Labor.

54.     Then at the signing, they by deception inserted this fabricated release letter amongst legitimate letters, hid in the body of the letter, and obtained his signature.

55.     A copy of this fabricated release letter is below.  If you can observe it also contains a fabricated FMLA complaint that they are claiming was made on May 22, 2018 by the plaintiff.  Please keep in mind **all the "release letters were written by Velocity General Counsel with input by Ogltree Deakins**.

56.     They were the only ones who knew before the agreement that there were not one but two false fabricated FMLA complaints filed with the USDOL before August 2018, it was all part of the inducement of the agreement.  I t had nothing to do with the racial discrimination lawsuit as a settlement.

- 48 -

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

     Re:   DOL Complaint

To Whom It May Concern:

     Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

              Sincerely,

              Garrison Jones

34314971.1

57.    The plaintiff never made a FMLA complaint with the US Department of Labor on May 22, 2018 nor did he make am FMLA Complaint on July 19, 2018.

- 49 -

58.     The plaintiff was instructed by a federal EEOC investigator who he informed in March of 2018 that he had been terminated by Velocity. He forwarded this email communication to her on March 15, 2018.

59.     Her response was that if he was terminated while engaged in a protected activity that the plaintiff had every right to file a federal lawsuit. She knew a lot of the details in regards to his employment with Velocity. She also instructed the plaintiff to contact the US Department of Labor because as he had stated he was on approved FMLA at the time of his termination.

60.     Hence she had no experience in FMLA was the main reason she referred him to the US Department of Labor to discuss FMLA and his options for filing a federal lawsuit in connection with his termination while on FMLA unlawfully.

61.     A copy of this communication is below as the plaintiff contacted the US Department of Labor approximately one week after he filed his complaint of discrimination in the US District Court of northern Illinois on May 8, 2018.

Mon 9/28/2020 6:11 AM
Garrison Jones <garrison.jones@outlook.com>
**Robin**

To   Garrison Jones
Cc   Garrison Jones -Court-Docs

From: ROBIN CAMPBELL <ROBIN.CAMPBELL@EEOC.GOV>          ↑ Next   ↓ Last
Sent: Thursday, March 15, 2018 1:47:17 PM
To: Garrison Jones
Subject: RE: Garrison Jones

Mr. Jones,

If you are terminated and you believe you have evidence to show that your termination was based on a protected activity you have every right to file a charge of discrimination against the company.

Regards,

Robin L. Campbell
Robin L. Campbell
EO Investigator
3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012
Office:(602) 640-5048
Fax: (602) 640-5071

62.     The letter states, "My request withdrawal of **my DOL complaint, dated May 22, 2018 which I have attached to this letter.**

63.     US Department of Labor records reflect on August 24, 2018 @ 1:43 pm they received at the Chicago office a letter from attorney a settlement between CP and "her" ER was received.  Later it was uncovered that this letter was hand delivered because in their hast they fraudently put the city state as Wheaton, Illinois 60187.  Everybody knows who has ever lived in the Chicago that the US Department of Labor is in downtown Chicago not Wheaton, Illinois.  This illustrates how hastily they wanted to get this fabricated letter to the US Department of Labor.

64.

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM          FILED-NO ACTION*

65.     This fraudulent release letter is and was the intended target of the entire conspiracy as early on Ogltree Deakins informed Velocity that of all their unlawful actions the termination of the plaintiff while on FMLA was the most serious and thus the vas conspiracy of fraud that continues to this day and they main reason why they are now waving this fabricated release letter before the court as their last hope to induce the court by fraud into dismissing the case before this court.

66.     The plaintiff after reviewing this document filed on November 13, 2020 sought out to prove that this letter and the statement made by Ogltree Deakins attorney Paul Smith was also false fabricated evidence.

67.    **On June 8, 2021,** he finally received from the US Department of Labor this confirmation.

68.    The complaint that Ogltree Deakins attorneys have repeatedly claimed was a US Department of Labor FMLA complaint was not a FMLA complaint at all.

69.    The communication in the files of the US Department of Labor was in fact a Thank-You letter and was not a FMLA complaint.

70.    It is and was the intent of Ogltree Deakins Attorneys Paul Smith and Anthony Decristoforo to again after multiple failed attempts to deceive this court and induce them to dismiss the case before the court using this fabricated evidence that they both knew to be false and fabricated.  The cannot assert the fact that they were unaware that the letter was a Thank- you letter because this letter was sent by attorneys in the prior litigation and they reviewed this letter that was attached to the release letter prior to making these false fabricated statements in their pleadings.

71.    **There is no way anyone can make the mistake and misconstrue a thank-you letter was and is in any way a US Department of Labor FMLA complaint.**

72.    The US Department of Labor did not file or classify this communication a thank-**you** letter as an official formal complaint.   That is the reason in prior FOIA request and responses from the US DOL that the plaintiff did not receive a copy of a FMLA complaint that did not exist a FMLA complaint from May 22, 2018.

73.    As such nor did they assign a customer id, nor complaint, case number or charge number because it was simply a Thank-**you letter and not a complaint.**

74.    However, for over a period an in all of the pleadings especially in the illegal agreement Velocity and Ogltree Deakins wo in the agreement document also referred to it as knowing that there was no "charge filed with the United States Department of Labor, nor was there a complaint filed with the  US Department of Labor as defined in the release document dated August 16, 2018 because it did not match any Customer id, or official complaint number in the

- 52 -

75.    WHISARD network system.

76.    This explains why in the plaintiff previous FOIA request and search by US Department of Labor that they did not find and FMLA complaint filed on May 22, 2018 as claimed in the fabricated FMLA complaint release letter it did not exist. Their search only found the fabricated FMLA complaint filed under complaint number **Customer ID: 3850645** that was filed on July 19 2018.

77.    By the time the fabricated release letter was sent to the US Department of Labor on August 24, 2018 Ogltree Deakins attorneys knew they would filed it in the fabricated FMLA complaint under complaint number **Customer ID: 3850645   because by this time it did exist in the WHISARD network system filing system.**

78.    **Ogltree Deakins knew the first place the staff would look to match the letter with a complaint was the WHISARD system.**

79.    **Which they did.**

80.

81.    They also knew  the staff at the US Department of Labor would immediately go to the WHISARD network system find the fabricated FMLA complaint and record the letter under that Customer ID dated July 19, 2018 Customer if 380645 where they impersonated the plaintiff Garrison Jones as the person who made this false fabricated complaint. He has already proven to this court and the US Department of Labor that he did not and could not have filed this false fabricated FMLA complaint with this agency on July 19, 2018.

82.    They knew that because they were aware of the interworking of that system and the US Department they would file the fabricated release letter under that false fabricated complaint they planted on July 19, 2018.

83.    They knew this from their experience in dealing with this agency for years. This takes the federal criminal fraud to a completely different level of criminality and should be immediately escalated to federal law enforcement.

84.    In addition, the plaintiff deserves from this court the maximum, enhanced, liquidated, extended damages that should be awarded to him in parallel of the federal criminal prosecution that he herby notifies the court that he will openly testify on behalf of the Federal law enforcement investigation

- 53 -

and prosecution trials as the star witness where the deserving punishment for
Velocity and for the attorneys from Ogltree Deakins is not only maximum
monetary damages awarded by the court but also maximum prison sentence for
not only the current attorneys assigned to this case, Ogltree attorneys Paul
Smith and Anthony Decristoforo,  but for chris Heller, former Velocity general
Counsel now employed at Dentons in Kansas as well as Shauna Coleman,
Velocity /Navisite Human Resource Director and all their attorneys and or
employees of Velocity / Navisite that either participated or were involved in
this  vast criminal conspiracy of fraud against the federal government of the
United States.

**85.**

**86.**      At all times they knew this communication the sent to  the US department
of Labor was in fact a thank-you letter and that they had successfully deceived
and criminally misrepresented the plaintiff, the Us District Court of Northern
Illinois, and this court in claiming that this FMLA complaint issue was
previously resolved by a settlement agreement and general release of first an
FMLA complaint that did not exist where now there defense is that they never
made an indication at no time that a  FMLA charge or complaint existed and
that it was at all times their understanding was that it was in fact a thank –you
letter.

# and the FMLA charge filed with the United States Department of Labor,

WHEREAS, a dispute exists regarding Jones' employment with the Company and the
ending thereof effective August 16, 2018, including the allegations and claims that were
made or that could have been made in Equal Employment Opportunity Commission
Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil
Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-
095, and the FMLA charge filed with the United States Department of Labor,
(collectively, the "Charges"), and the lawsuit filed in United States District Court
Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No.
1:18-cv-03288  (the "Lawsuit").

**87.**

- 54 -

**88.**

**89.**     However, after obtaining this letter along with other actions by Ogltree
Deakins and Velocity connected to the unlawful termination of the plaintiff
while on FMLA.

**90.**     They took advantage of this situation as they have a documented history
of using any communication, evidence and exhibits to show them what they
have done is illegal and criminal where they go behind his back and use this
information to what they think to their advantage.

**91.**

**92.**     Each time they have done this, their actions have blown up in their faces
and they have implicated themselves and Ogltree Deakins in unethical, illegal
and or criminal violations of local, state or federal law.

**93.**     This gave them more motivation to conspire and file another false
fabrication FMLA complaint with the US Department of Labor, which they
executed on July 19, 2018 a record that does exist in the official filing system
under complaint number **Customer ID: 3850645** records/files.

**94.**     This fabricated FMLA complaint was again made by a coordinated
conspiracy to commit fraud against the federal government between Velocity
and Ogltree Deakins.   They however, had this case number but intentionally
omitted it from the illegal agreement because it would have alerted the plaintiff
to it and its specific case number.

95.     The only individuals who knew there was an FMLA complaint /Charge in
the files of the US Department of Labor on August 16, 2018 was Velocity and
the attorneys from Ogltree Deakins because they both were part of the criminal
conspiracy to plaint it in the files of the US Department of Labor prior to the
agreement.  This was always the intended target of the illegal agreement; they
paid no attention to the claims alleged in the discrimination lawsuit filed in the
US District Court of Northern Illinois.  It is visibly clear of this fact.

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288   (the "Lawsuit").

**96.**

**97.**     They took a different route of fraud and used the thank-you letter of May 22, 2018 and fabricated an FMLA complaint and then by yet a third level of criminal fraud induced the plaintiff into an illegal agreement and by deception and fraud obtained his signature on a fabricated release letter that connected it to a fabricated FMLA complaint the added to the illegal agreement.

98.     Their actions were intentionally meant to deceive the court by fraud into believing that this matter was previously resolved via this fabricated release letter.

99.     No court on this **PLANET** will accept an agreement of release letter that does not release a legitimate FMLA complaint that did not exist.

100.     The letter sent to the US Department of Labor dated August 16, 2018 did not release a legitimate FMLA complaint as it states in the letter filed on May, 22, 2018 because the letter filed by the US Department of

101.     Nor will any court on this PLANET enforce a release letter and offer and provide a defendant or plaintiff when it is obvious that no FMLA complaint existed and they fabricated a thank-you letter as a FMLA Complaint.

102.     The defendants and the attorneys including the current attorneys all were aware that no FMLA complaint was ever filed by the plaintiff.

103.     This discovery that the defendants and the attorneys fabricated an FMLA out of a thank-you letter from the plaintiff Garrison Jones where wrote a letter of gratitude to the agency on behalf of the extra steps one of their employees went to explain all of his options and issues surrounding FMLA and his options

- 56 -

on how to move forward in the federal court system based on documents reviewed in an in person meeting.

104.    Even before this litigation was filed, this shows that they were actively looking for any and all avenues to escape the financial damages, and monetary damages of their actions in terminating the plaintiff unlawfully while on approved FMLA medical leave by Velocity.

105.

106.    There is no doubt that Ogltree Deakins attorneys Paul Smith and Anthony Decristoforo knew the release letter was fabricated yet they still prepared and offered it to this court knowing this undisputable false and fabricated.  This thank you letter was part of the letter sent to the US Department of Labor from an Ogltree Deakins attorney Jennifer Colvin or Taylor Rollinson because they were the Ogltree attorneys in the Chicago office where both were assigned to the case in Northern Illinois.  Jennifer Colvin was the Ogltree Deakins attorney who by deception inserted the fabricated release letter into the stack of legitimate complaints and also intentionally hid the body of the letter to and obtained the signature.  It really does not matter which Ogltree attorney of these two, we know it was an Ogltree attorney that had the letter hand delivered to the US department of Labor.  That is a documented fact.

107.    This is however the heinous and wanton criminal acts that warrant this court to issue and immediate or for sanctions and a separate order to refer this case to federal law enforcement for criminal prosecution.

108.    If the court does not act and leave any door or crack in the door open these attorneys will not stop, they will continue to prepare, offer and present false fabrication to this court until like all of the previous courts who after they became aware of the fabricated fraudulent statements, pleadings and documents they put a stop to the madness and stopped Ogltree Deakins and Velocity from moving further in any litigations.   This is the same approach the plaintiff is asking of this court. This is a federal proceeding, not local traffic court and it is clear that if allow they will continue and they have no respect for this court and the federal judicial process and procedure and no respect to the oath they took as an office of the court.

## CONCLUSION

An EEOC complaint was made beginning in February 2018.  Prior to this the defendants had already, revoked the plaintiff access to company email on Jan 16, 2018. They cancelled all of his healthcare benefits on Jan. 23, 2018 and then removed all his access to Velocity Systems claiming that they were doing an investigation to his HR complaint filed on January 15, 2018.

The EEOC reached out to Velocity HR Director, Shauna Coleman and informed them of the EEOC complaint and specifically informed her that it was a federally protected activity to do so.

On March 15, 2018 the plaintiff in his personal email, he was copied on an email from Susan Haltopp to her boss Senior Vice President Cahnce Veasey, confirming a previous conversation that the plaintiff was no longer an employee of Velocity.

- 58 -

**From:**          Garrison Jones <garrison.jones@outlook.com>
**Sent:**          Thursday, May 21, 2020 2:32 PM
**To:**            Garrison Jones -Court-Docs
**Subject:**       Fwd: Garrison Jones

Get Outlook for iOS

---

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m  612.802.6914
eMail susan.holtapp@velocitycloud.com   | Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited, please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

The plaintiff immediately contacted EEOC investigator and forwarded this email. He received this response

- 59 -



Thu 3/15/2018 3:47 PM

ROBIN CAMPBELL <ROBIN.CAMPBELL@EEOC.GOV>

**RE: Garrison Jones**

To   Garrison Jones

🛈 You forwarded this message on 6/13/2021 9:05 PM.

Bing Maps

Mr. Jones,

If you are terminated and you believe you have evidence to show that your termination was based on a protected activity you have every right to file a charge of discrimination against the company.

Regards,

*Robin L. Campbell*
Robin L. Campbell
EO Investigator
3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012
Office:(602) 640-5048
Fax:  (602) 640-5071
robin.campbell@eeoc.gov

# As well on the same day, he received his official letter to sue



Thu 3/15/2018 3:43 PM

ROBIN CAMPBELL <ROBIN.CAMPBELL@EEOC.GOV>

**RE: Dismissal letter**

To   Garrison Jones

🛈 You forwarded this message on 4/24/2018 12:12 PM.

📎 **Message**  📄 Jones NRTS.pdf (88 KB)

Bing Maps

Good morning Sir,

I have attached your Notice of Right to Sue letter per your request.

Regards,

*Robin L. Campbell*
Robin L. Campbell
EO Investigator
3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012
Off···/(602) 640-5048

- 60 -

Next the EEOC reached out once again to inform Velocity that it had learned that the plaintiff was terminated while on FMLA and that there were very serious ramification for doing so as again, the documentation and communication he has presented to the EEOC showed that when he imitated his EEOC complaint that he was also on approved FMLA medical leave from Velocity.

She specifically informed them of the federal regulations and penalties as well that she referred the plaintiff to the USDOL to discuss options to protect his rights under FMLA, as she did not have practical experience in its administration.  This was in March 2018.

Instead of listening to the investigator, Velocity went on a fraud/criminal rampage after the plaintiff filed for unemployment since he was terminated unlawfully.

**April 24, 2018**
Velocity filed an "employer protest claiming the plaintiff was still employed" knowing that they had terminated him.

**May 4, 2018**
Ten days Later the filed another false FMLA complaint with AZDES claiming the plaintiff was physically unable to work as he was on approved FMLA medical leave and then followed it up by going into his personal confidential medical files and sent AZDES copies of FMLA documents they created just for this occasion that they never sent to the plaintiff to prove his was on FMLA.

**May 7, 2018**

A mysterious log entry by AZDES claiming the plaintiff Garrison Jones returned a call confirming all statements made by Shauna Coleman 3 days earlier, when in fact he had no knowledge of this false complaint until over a year later, July 2019.

## May 30, 2018

EEOC reaches out and contacts Velocity General Counsel Chris Heller and again communicates to them the seriousness of their actions of termination and FMLA and offers to mediate a resolution.

From: Chris Heller <chris.heller@velocitycloud.com>
Sent: Wednesday, May 30, 2018 2:03:27 PM
To: Garrison Jones
Subject: RE: Dept of labor complaint -FMLA

Garrison,
The EEOC investigator has reached out to Velocity regarding using their mediation process to try to resolve this matter.
Is this something that you are interested in exploring?
Please advise if this is an option and we will let the EEOC know that Velocity is willing to use this option.
Regards,
Chris

Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.
o  704.593.3423| m  816.678.5162 | f  703.935.4308 | velocitycloud.com

## June 7, 2018

Velocity receives notification of appeal from AZDES and Arizona Court of Appeals of appeal hearing date of June 22, 2018.

## June 15, 2018

Plaintiff Garrison Jones returns to work for another organization Prime Healthcare.

- 62 -

**June 17, 2018**

Velocity ignores the EEOC once again, files **false complaint with AZDES for Unemployment FRAUD against the plaintiff.**

Velocity who has been actively stalking the plaintiff and his family finds out because of his reputation in the industry who and where he was working then files, then immediately contacted AZDES to induce them to weaponize law enforcement and charge the plaintiff with **Unemployment fraud a class 6 felony in Arizona falsely claiming he was committing fraud by working and collecting unemployment at the same time.**

**This to avoid paying $240.00 per week in unemployment, one of the lowest benefit amounts in the country.**

**June 21, 2018**

Velocity and Ogltree Deakins the day before he hearing, contacts the Arizona Court of Appeals claiming again, plaintiff still employed and sends "evidence".

It was not "evidence at all but the same document sent to them in April 2018 that they returned to AZDES claiming the plaintiff was still employed that denied his claim for unemployment benefits. There was nothing new or evidence at all, just an attempt to submit the same **weak false evidence** hoping that it worked once that it would work again and they could avoid going on the official record and offer evidence and or testimony.

**June 2018**

After losing the appeal and he plaintiff received monetary wayward

June 26, 2018

- 63 -

Velocity attempts to induce the plaintiff once again this time promising up to $3,000 in attorney fees.  Please keep in mind, they still have never reimbursed the plaintiff over $3,500 in expenses yet they want him to fork over another $3,00 and trues them to reimburse him for atty fees.

On Jun 26, 2018, at 10:31 AM, Chris Heller <chris.heller@velocitycloud.com> wrote:

**Communication for Settlement Purposes Only**
Luke/Garrison,
Velocity is willing to pay up to an additional $3,000 as part of the settlement agreement for Mr. Jones to use in connection with his engagement of counsel on this matter. I have attached the previous email to Mr. Jones related to this offer.
Velocity cannot get involved in the engagement arrangements between you and this must remain between you two.
Regards,
Chris

**Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.**
o  704.593.3423 | m  816.678.5162 | f  703.935.4308 | velocitycloud.com

After one single phone conversation from the prospective attorney, he withdraws claiming that there was something **"sinister going on with Velocity and Ogltree"**

Garrison Jones <garrison.jones@outlook.com>
**Fwd: Attorney fees**
n Jones; Garrison Jones

**Mr. Heller:**

As of today, we will not be representing Mr. Jones in this matter.

Luke A. Casson

July 19, 2018

Velocity and Ogltree Deakins filed false fabricated FMLA complaint with USDOL.

- 64 -

Respectfully submitted,


**Garrison Jones Plaintiff (**Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



## WHISARD Complaint Information Form

Most critical act: *FMLA*

### Employment Information

Job title:
Description of duties:

Employed From:                To:
Employee status:

Date of Birth:
Employee age at time of complaint:

Employee age at time of violation:

### Payroll Information

Pay rate:
Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:
Days worked per week:

Total hrs per week:
Pay period:

Time records kept:    *N*

### Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required five business days*
*CP alleges no conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*



## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by |
| Date of Contact: | *07/19/2018* | Contact Priority: | Last updated |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

## Establishment Information

| | | | |
|---|---|---|---|
| Name: | *Velocity Technology* | Primary Phone: *704-357-7705* | ext. |
| Address: | *1901 Roxborough RD.* | Other Phone: | ext. |
| | *Charlotte, NC 28211* | Fax: | ext. |
| | | Email: | |

| | | | |
|---|---|---|---|
| County: | *Mecklenburg* | NAIC | |
| Contact Name: | | Gov. Contract, Furnishes | *N* |
| Contact Title: | | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | | Est. expiration date of gov. | |
| ER business status: | | Estimated EEs affected: | |
| Estimated $ADV: | | Special Coverage: | |
| Nature of Business: | | Franchise: | *N* |
| Interstate Commerce: | | Union Shop: | *N* |
| Number Of Employees: | | ER Exempt? | *N* |

## Person Submitting Information

| | | | |
|---|---|---|---|
| Name: | *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: | *705 West Liberty Drive* | Other Phone: | ext. |
| | *Wheaton, IL, 60187* | Fax: | ext. |
| | | Email: | |
| | | If not complainant, EE Name: | |
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action *N* | |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

Date: 09/29/2020 3:47:49 PM          Customer ID: 3850645          Page 1

EX- 1 A

October 7, 2020   Dispute

DOL COMPAINT   3850645

As stated in my reply after receiving the above complaint, I did not make this complaint as at date it was made, I had changed my number a month before then in June 2018.  I H have attached my phone bill from this time period as proof.  You can clearly see that the number on my bill is not the same number on the report

I want this complaint to be classified as fraud and referred over to your legal department within DOL for investigation,  as I did not make it. Someone from my former employer and their law firm made this complaint and impersonated me

GARRISON JONES

Ex-1 A
Dispute

 FILE   MESSAGE

 Wed 9/30/2020 9:16 AM
Garrison Jones <garrison.jones@outlook.com>
**896928**

To   foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

EX-2

October 7, 2020

DOL COMPAINT   3850645

As stated in my reply after receiving the above complaint, I did not
make this complaint as at date it was made, I had changed my number a
month before then in June 2018.  I H have attached my phone bill from
this time period as proof.  You can clearly see that the number on my
bill is not the same number on the report

I want this complaint to be classified as fraud and referred over to your
legal department within DOL for investigation,  as I did not make it.
Someone from my former employer and their law firm made this
complaint and impersonated me

GARRISON JONES

**U.S. Department of Labor**      Wage and Hour Division
                                 Washington, DC  20210



October 30, 2020

Garrison Jones                           Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA  95818



RE:    Freedom of Information Act Response
       Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request
made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020.
Specifically, you asked for any record of a compliant made by you regarding Velocity
Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our
possession as of the date our search began.  The search began on October 28, 2020.  After
performing an electronic search of the Wage and Hour Investigative Support and Reporting
Database, we did not locate any documents responsive to your request.  Consequently, we are
 providing a "no records" response.  You have not been assessed related fees as the processing
costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at
*pannell.larhonda@dol.gov* or call 770-736-5465.  You may also call this office at 202-693-1004.
If we cannot assist you in your concerns, you may contact the Departmental FOIA Public
Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*.  Alternatively, you
may contact the National Archives and Records Administration's Office of Government
Information Services regarding available mediation services at Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road,
College Park, MD 20740-6001.  You can also reach that office by email at *ogis@nara.gov*, by
phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter.  The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required.  In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter.  The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal."  Any amendment to the appeal must be made in
writing and received prior to a decision. The appeal should be addressed to the Solicitor of
Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor,
200 Constitution Avenue, NW, Room N2420, Washington, DC  20210.  Appeals may also be

Garrison Jones
P.O. Box 188911
Sacramento, California 95818
Garrison.jones@ouylook.com
PLAINTIFF

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

GARRISON JONES
Plaintiff,

v.

VELOCITY TECHNOLOGY SOLUTIONS,
INC.; Case No. 2:19-cv-02374-KJM-JDP

~~September 29, 2020~~   July 19, 2021

**CERTIFICATE OF SERVICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

GARRISON JONES
Plaintiff,

v.

VELOCITY TECHNOLOGY SOLUTIONS,
INC

**PLAINT NOTIOTICE OF OTION HEARING FOR**

**FRAUD UPON THE COURT AND SANCTIONS AGAINST**
**DEFENDANTS AND DEFENDANTS COUNSEL   OGTREE**
**DEAKINS**

Complaint Filed: November 25, 2019

Trial Date: None Set
Judge: Hon. Jeremy D Peterson

On July 14, 2021, I mailed first class USPS to Defendants
/NAVISITE/Velocity Technology Solutions et al
400 Minuteman Rd, Andover, MA 01810at 1901 1 served the following
document(s) on the attached Motion for fraud upon the court and
sanctions against defendants' and defendants counsel Ogltree Deakins

**Plaintiff Notice to Motion for fraud upon the court and sanctions
against defendants and defendants counsel Ogltree Deakins**

 I am the plaintiff in the above case appearing Pro Se.

I do hereby affirm that I am the plaintiff in the above-mentioned case
appearing Pro Se and that on July 19, 2021 I sent via USPS first class
mail l a copy of said motion to defendants Navisite/ Velocity
400 Minuteman Rd, Andover, MA 01810

**Dated JULY 19, 2021**