UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES,<br><br>             Plaintiff,<br><br>      v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS,<br><br>             Defendant. | No. 2:19-cv-02374-KJM-JDP (PS)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 45 |

Plaintiff moves for the appointment of counsel in this civil action brought under the Family and Medical Leave Act. ECF No. 45.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  Plaintiff appears able to articulate his claims.  The allegations in the amended complaint are not exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on the merits at this early stage in litigation.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, plaintiff's motion to appoint counsel, ECF No. 45, is denied without prejudice.

IT IS SO ORDERED.

Dated:    July 21, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE