1  Garrison Jones

2  Plaintiff (Pro Se)

3  P.O. Box 188911

4  Sacramento, California 95818

5  garrison.jones@outlook.com



AUG - 9 2021



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## U.S. DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

**Plaintiff,**

**v.**

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**
**Defendants.**

**Case No.: 2:19-cv-02374 KJM-JDP**

**JURY TRIAL DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

### Introduction

1. Pursuant to the courts order on July 22, 2021 document 79 the plaintiff does herby refile his Motion for Summary Judgement Document 59  originally filed on October 26, 2020 document 59.

2. Per the courts order the plaintiff is  attaching full complete rulings and decisions from five (5) separate Administrative appeal rulings/decisions that were all made in favor of the plaintiff Garrison Jones in addition to the denial and dismissal of appeals filed by Ogltree Deakins in behalf of their client Velocity where in each case both fraudulently made false statements, claims, accusations that were all proven to be false and fabricated and with the intent to

by deceit and deception induce AZDES low level employees, AZDES and the Arizona Court of Appeals into making decisions based on multiple false statements, claims and documents submitted ex parte, as well as exparte communication with the Arizona Court of Appeals to intentionally avoid appearing at all of the appeal hearings, avoiding appearing and testifying on the record.

3. As indicated on each decision/ruling the plaintiff has indicated markings of key statements in the decision/ruling that are significant to the case before this court.

4. **<u>Document 1</u> - Arizona Appeal no. U-1595392-001 - Decision/Ruling Decision/Ruling – 1 Plaintiff termination – June 22, 2018**

The court will see that the defendants and their attorneys from Ogltree Deakins attempted to **"undercut" the judicial process** and instead of appearing at the scheduled hearing on June 22, 2018, they had ex parte communications and provided ex parte evidence to the court on June 21, 2018 the day before the hearing and had no intentions on appearing on the record in defense of their false allegations that the plaintiff was still employed on the record at the proceeding.

On June 21, 2018 they presented to the court ex parte, the same document sent to Velocity the notification sent to all employers after an individual applies for unemployment.  It contained six words

**"Employee is still employed with the firm"**

This was sent by Nelson Bowles a payroll clerk at the instructions given to him by Velocity HR Director, Shauna Coleman and Velocity General Counsel

- 4 -

Chris Heller as part of the cover-up of the termination of the plaintiff. This same document was sent to AZDES on April 24, 2018. They were under the impression that if it worked the first time, it would work a second time and they did not need to appear or testify at all. They were wrong.

The court in the middle of the hearing informed the plaintiff of these documents and in their ruling determined that it was inadmissible and included in the ruling, **the employer did not submit any evidence.**

5. <u>**Document 2**</u> **- Arizona Appeal no. U-1600600-001 - Decision/Ruling – Dismissal of Appeal filed by Velocity/Ogltree Deakins appeal July 23, 2018**

   **5a- Actual Ogltree Deakins appeal July 23, 2018 – Christopher Meister**

6. <u>**Document 3**</u> **- Arizona Appeal no. U-1600600-001 - Decision/Ruling August 20, 2018 Denial to reopen hearing** of decision of June 22, 2018 termination of the plaintiff

7. <u>**Document 4**</u> **- Arizona Appeal no. U-1639659-001 - Decision/Ruling October 23, 2019**

FMLA filed by Velocity May 4, 2018  where they used FMLA as offensive weapon to deny plaintiff unemployment benefits knowing that he had been terminated a year prior in March 2018  See decision/document 1 June 22, 2018

8. **Document 5** - **Arizona Appeal no. U-1642697-001 - Decision/Ruling  Fraud October 29, 2019**

Appeal of false unemployment fraud filed by Velocity June 2018 after they lost appeal hearing on June 22, 2018 and displaying the vindictive, retaliatory nature where they were stalking the plaintiff looking for anything to affect him negatively and prevent him from collection legal and just unemployment benefits after he was terminated

9. The exhibits and evidence from these proceedings will show and validate where the plaintiff painstakingly had to fight back from multiple false allegations, claims and complaints filed by the defendants and their attorneys where they intentionally put multiple obstacles in his path to avoid the penalties and cost associated with paying a measly $240.00 per week in justly deserved unemployment benefits, after he was unlawfully terminated by Velocity in complete retaliation for filing a complaint with Velocity HR a protected activity where he exposed Velocity executives and employees in multiple local, state and federal criminal activities and violations with the most serious being illegally recording phone calls, the theft of intellectual property and trade secrets and the misappropriation trade secrets from Velocity business partner and main revenue contributor, Infor.

10.     In addition the plaintiff was also terminated for filing a complaint with the EEOC for discrimination which is also a federally protect activity.

11.     Included in the attached exhibits are supporting exhibits submitted to the Arizona Court of Appeals that are direct evidence that counters and proves that the defendants and their counsel from Ogltree Deakins are attempting to re-litigate these same issues again making more false claims that are still false and untrue.

12.     There are no issues related to the plaintiff termination or his termination while on approved FFMLA that are in dispute and the defendants and their attorneys are well aware and received copies of all of these rulings/decisions.

13.     The court has a duty to uphold the doctrine of res judicata and the doctrine of collateral estoppel of these decisions and preclude the defendants and their attorneys from attempting to relitigate these final decisions.

14.     **Preclusion of claims and defense of re-litigation**

15.     All of the prerequisites for claim preclusions have been met.  The  in each of the prior litigations and judgements/rulings/decisions had a full and fair opportunity to litigate the issues of the plaintiffs termination and his FMLA rights, interference as well as any and all other violations or defenses they may have had at that time.

16.     The state court rulings/decisions and judgments is the basis of preclusion in this federal court and the requirement is met by the state court determination that the state administrative proceedings satisfy the procedural requirements for due process.

17.     Again, the defendants not their attorneys raised any of the issues they are now attempting to raise in any of the prior proceedings as they at all times felt that they were arrogantly above any such response to the courts and at all times the plaintiff was "beneath them in statue and their participation and intentional disregard to those proceedings would ever in any way affect them.  So they did not even bother to attend, rolling the dice and assuming that their false fabricated claims, statements and documents would take care of the issues on

their own and again shows that they would prefer others including the courts judges and AZDES to do their dirty work for them.

18.　　　After all they were success by letting a low level payroll clerk return a document with 5 words stating "employee is still employed and it resulted in a denial and negative determination of receiving unemployment benefits for the plaintiff that he legally was entitled to, so why not continue this theme and do the same, time and time again by providing as little or no information and effort to achieving the same goal.

19.　　　Their goal at all times was to do as little as possible and let their minimal efforts be sent to AZDES and the Arizona Court of Appeals for interpretation any way they wanted as long as it was at the end interpreted in the defendants favor.

20.　　　They were under the impression that based on the statistics, they would win many of the decisions after achieving results of denial after making the false claim, allegations and complaint and to make multiple false claims to put as many obstacles in the path of the plaintiff in preventing him from receiving a penny of unemployment benefits and they also never believed that he would achieve any success in reversing all of their false claims and negative adjudications.

21.

## 22.　　　Res Judicata

Under res judicata, a party cannot bring a claim in a lawsuit once that claim has been the subject of a final judgment in an earlier lawsuit. This usually applies to any new lawsuit filed in any court, not just the court that issued the earlier judgment.

## 23.　　　Collateral Estopppel

Collateral Estoppel arises when the exact same issue that is before the Court has been raised and litigated in an earlier action or proceeding

24.    **Collateral Estopppel**

25.    All of the rulings and decisions in all five (5) proceedings are all final judgments and decisions.

26.

27.    **Appeals**

The defendants and their attorneys both were well aware of the procedures to file appeals to all of these final judgements/rulings/decisions.
They failed to file any appeals to the Arizona Maricopa County Superior Court to appeal any of the final judgements from the prior proceedings.

Thus, they have forfeited these rights but as always, they have ignored these facts and now in a different court where he stakes are much higher, they have attempting to induce this court to entertain their false claims by adding additional and more false claims on top of the main issues that have already been adjudicated.

It is extremely prejudicial and a direct violation of due process for the plaintiff to have to once again re-litigate the same issues because Ogltree Deakins is using this litigation for the main purpose of billable hours and revenue.

Under their representation on behalf of Velocity, they have lost every signal litigation and has only been successful in exposing both organizations to multiple local, state and federal criminal violations of the law.

Per the rules in Arizona n appeal of a final administrative decision, more specifically for an appeal of an administrative decision, must be filed with the Arizona Maricopa County Superior Court not later than thirty-five days after the final administrative decision is served on the appealing party (forty days if the decision is served by mail). See A.R.S. § 12-904.

By this time the court and the judges from the Arizona Court of Appeals where on to what Velocity and Ogltree Deakins attorneys were up to fraud, criminality, unethical tactics, misleading, misrepresentation just the same things they are attempting to do in the case before this court.

They are looking to do the same thing and use the resources of this court by using the same ole tactics they were or have been successful before by deception and obtain unjust verdicts / decisions

In each case he defendants and their counsel failed to file any such appeal. As such all of the rulings/decisions and judgements are all final.

28. At each appeal, Velocity and Ogltree Deakins both were given fair notice of the date/time of each appeal hearing.

29. Both were given every opportunity to appear in defense of their false claims, allegations, and complaints before the Arizona court of Appeals. They on each occasion made the conscious decision, not to intentional appear.

30. However, there is direct evidence that both Velocity and attorneys from Ogltree Deakins knew of the date/time of these hearings and they both had multiple exparte communication as well as submitted exparte "what they called evidence /exhibits" to the Arizona Court of Appeals the day before multiple appeal hearings yet they still intentionally appear the next day for said hearing.

31. The pattern of this unethical approach is clear and indicated in an appeal that was denied and dismissed in connection with the plaintiffs' termination appeal and the appeal where Velocity falsely claimed that the plaintiff was physically unable to work and the day before the appeal they sent the court copies of the plaintiffs' personal confidential FMLA documents at Velocity HR

and HR Director, Shauna Coleman to the court to show that he was on approved FMLA medical leave from February 20, 2018 until May 15, 2018. This is again a direct violation of the plaintiffs' rights under FMLA as it is also interference as when this unlawful act was committed he was still on approved FMLA medical leave.

32.    The court as part of their pre-hearing procedure sent the plaintiff all evidence /exhibits for the hearing and these documents labeled as **"exhibit #5 "** were identified as **"employer exhibits"** meaning they came from Velocity.

33.    This mirrors the same tactic used in the plaintiffs' termination hearing where the day before the hearing, Velocity and Ogltree Deakins contacted the Arizona Court of Appeals on June 21, 2018 and had conversations with the court ex parte.

34.    What they are not stating in the appeal is that they also submitted ex parte evidence if that's what you want to call it.

35.    The sent to the court the same document sent to them by AZDES that resulted in a negative adjudication denying unemployment benefits.  The document basically was the same sent on April 24, 2018.

36.    "the employee is still employed "

37.    They were under the assumption that it worked the first time it should work the second time and both Velocity and Ogltree Deakins would again avoid appearing in court and going on the official record.

38.    The court also needs to be aware, the appeal hearing on the false allegation made by Velocity claiming the plaintiff was physically unable to work was conducted over a year after they made the false claim to AZDES.

39.    This illustrates that they were sent notification of the date/time of the appeal hearing where they sent these federal documents specifically for that hearing in support of their false claim.

**40.**     **This tactic failed,** just like it failed in the previous appeal hearing each time they attempted this tactic, **the court either ignored it or determined that it was inadmissible.**

**41.**     However, this clearly illustrates the same tactic that is evident in the case before this court of avoidance, exparte, using back channels and the serious documented pattern of Velocity and Ogltree Deakins where both continue to make known false statements in this case related to documented events, proceedings, claims and rulings because now they think it is in their favor to do so as well as attempting to **"re-litigate"** issues decisions/rulings that they know were made in favor or the plaintiff and also attempting to induce this court to ignore and reverse them, at the same time, the continue the  pattern of doing this without submitting a single piece of evidence  and or exhibit in direct support of these fabricated false claims and allegations.

**42.**

43.

44.     In One decision, it is apparent the judge had looked at the previous hearings and saw that what they were doing "was **simply a tactic that failed**".

45.     What they judge did not know was that a multiple stages that Velocity and their attorneys had coordinated events of " distractions/diversion" where they dangled in front of the plaintiff false inducements of "settling or preventing the filing of a federal lawsuit" but behind his back, Velocity took this opportunity to file additional false charges., claims, allegations and complaints against the plaintiff playing the odds assuming that there would be no way he could win and be successful in all of these proceedings.  They were wrong.

46.     Included in the exhibits is an illustration of how heinous and callous Velocity and Ogltree Deakins are where they attempted for "frame" the plaintiff for committing unemployment fraud a felony in the state of Arizona

where they intended to induce and use the resources of AZDES to view their false allegation to weaponize law enforcement to charge the plaintiff with a felony to stop his progress in legally and justly receiving any monetary relief.

47.     Their preference was to let others do their dirty work for them, while they cowardly hide in the bushes and wait until they find out he had been arrested and imprisoned base solely on their false allegations.

48.     The plaintiff was attempting to move forward in his life after a near death experience however, it has always been Velocity who uses anything they have or think they have available to them with every intent was to hurt the plaintiff, hurt his family, his ability to support himself and family, ruining his 27 year career and most of all subject him to the criminal court system already flooded with innocent black men and also intent was to cut him off from all of the criminating evidence he had in his possession that proves Velocity guilt in multiple local, state and federal criminal violations of the law.

49.     This court needs to be reminded that in now over 4 ½ years the defendants and their counsel from Ogltree Deakins has never appeared in court for any proceeding, nor have they ever presented a single piece of evidence a single exhibit, not have the made an argument or statement on the record, nor have they offered any witness testimony.

50.     All they have done is lied to every single judicial branch, filed and made false misleading statements, half-truths misrepresentation of events, documents and historical proceedings , all done after the fact as a "Monday morning quarterback" with the intent to discredit the plaintiff, his evidence , exhibits and the proceedings they intentionally avoided.

**Per rule** Rule 56. Summary Judgment

 A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

In the case before this court, there is no genuine dispute as to any of the facts and evidence that in any way can dispute that the plaintiff was unlawfully terminated while on approved FMLA medical leave by Velocity and that it was done in retaliation of the plaintiff while engaged in multiple protected activities.

51.     The versions of the plaintiffs termination in the eyes of the defendants and their counsel has changed multiple times I the past 4 ½ years.

52.     made

53.     The evidence, exhibits and communications show that they thought they had plausible deniability of his termination because they had revoked his access to Velocity corporate email and gave all employees a standing order to report to HR and to the legal department any contacts by the plaintiff to report them to first HR and then to Velocity legal.

54.     There was no. contact with any employee from Velocity made by the plaintiff as he had been terminated and released from the worse horrific employment of his career.

55.     Velocity had already planned to terminate the plaintiff but when confronted with evidence of his termination, they immediately began the vase cover-up

56.     Again, the versions of his termination and cover-up has changed multiple times from:

57.    a. He is still employed and on approved FMLA medical leave
58.    b. Velocity is "**negotiating**" the terms of his employment separation"
       a. c. Plaintiffs employment ended on August 17, 2018 and no violation of
       FMLA  ever existed or occurred
       d. His employment would have ended for other reasons
       e. After – acquired evidence
       f. All actions taken in connection to the plaintiff employment was done
       for **"business reasons"** These **versions are all lies.**

59.    At the time of the plaintiffs' stroke he had over 5 customers at different
       stages of implementation.  Velocity did not have any employees on their staff
       anywhere near the experience or skillset of the plaintiff and immediately had to
       go outside of the organization to hire an outside consultant.
60.    Even the person they hired did not have the experience and Velocity did
       not have the knowledge to clearly see this so instead they hired this person who
       eventually and quickly degraded the work of the plaintiff where the hospital he
       was assigned to was basically manual for over 6 months doing all of the
       automated functions of the system for supply chain manually everyday where it
       eventually affected patient care.
61.    The CFO and multiple employees of this institution   out to the plaintiff to
       guide them through the pitfalls and degradation they were experiencing
       knowing full well that he had suffered a stroke but their desperation is evident
       on how serious the matter was.
62.    It was clear Velocity could not find a resource internally or by recruiting
       from the outside where the pool of individuals still did not live up to the
       expectation of the customer.
63.    There were no **"business reasons"** associated to their actions.  It was
       plain and simple retaliation nothing less.
64.    Why would any organization terminate the one of the top 10 percent
       Lawson supply chain consultants in the entire country?  Because he refuse to
       be an active participant in their unethical, illegal and criminal acts of over-
       billing customers, the theft of intellectual property and other criminal activity
       that all other employees thought nothing of it, said nothing and looked at these
       acts as the normal way Velocity does business.

65.     The plaintiff was the only one in the entire organization that objected and refused this activity and for that he reported this to HR who already knew of the criminal activity and in the past as they do now did nothing about it because they were involved too.  They condoned this type of activity and did the bidding of multiple executives to hide it by terminating anyone who was against it. I.e. the plaintiff Garrison Jones.

### Conclusion

The plaintiff has met and exceeded the burden of proof to assist this court to invoke the doctrine of preclusion, res judicata and collateral estoppel as well as the  granting of summary judgement with enhanced and aggravating conditions that all illustrate on the record sufficient , reliable evidence and exhibits to support preclusion, collateral estoppel and summary judgement.

**Dated August 5, 2021**

**Garrison Jones Plaintiff (**Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

### CERTIFICATE OF SERVICE

**I hereby certify** that on this [date] a copy of the forgoing Motion for Summary Judgement] was mailed, USPS to defendants

Navisite/Velocity Technology Solutions
 400 Minuteman Rd
Andover, Ma 01810

Garrison Jones **Plaintiff Pro Se**

Dated: August 2, 2021

**PLEASE TAKE NOTICE** that on September 9, 2021 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacrament, California 95814, Plaintiff Garrison Jones will move this

**Court for an** Order granting with aggravating circumstances plaintiff motion for Summary judgement pursuant to FRCP Rule 56. Summary Judgment, Doctrine of Collateral Estoppel and Res Judicata as there is no dispute of the issues before this court as to the termination of the plaintiff while on approved FMLA medical leave and that the issues of his termination and FMLA have been previously adjudicated in prior proceedings where final judgements have been entered in favor of the plaintiff Garrison Jones and the defendants are precluded from re-litigation of these same issues. The defendants were given fair notice and opportunity to litigate these issues in the prior proceedings and their appeals were denied and dismissed with the stipulation that they had no right to appeal the court's decision and the fact that the court refused to re-open the hearings in connection to the plaintiffs' termination.

The court denied this request to re-open as well and made special notification in the ruling that the judgment of June 22, 2018 was in full effect and the tribunal decision issued remains in full force and effect.

. . .

Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
***

**Richard Ebert**
Administrative Law Judge

T

Primary tabs

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of

each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*TERMINATION*



**Arizona Department of
Economic Security**

**Office Of Appeals**

*1*

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES



VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
DBA VELOCITY TECHNOLOGY
SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE, NC  28211

Arizona Appeal No. U-1595392-001

Date of Mailing:              6/22/2018

Social Security 

Employer Acct. No.          7428011000

---

### DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT
# EMPLOYER'S ACCOUNT IS CHARGED

---

**The last day to file an appeal is   July 23, 2018   . Instructions for filing an appeal
are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Should the claimant be disqualified from receiving unemployment benefits because of
the reasons for separating from employment?

Should employer's account be charged for benefits paid the claimant as a result of this employment?

## DECISION:

The employer's account is subject to charges for benefits paid the claimant.

I set aside the deputy's ruling that the claimant quit this employment without good cause.

The claimant was discharged from this employment, but not for wilful or negligent misconduct. The claimant qualifies for benefits.

## FINDINGS OF FACT:

The claimant was last employed as a consultant by the employer, a client based technology firm, for approximately 13 months prior to being discharged on 3/24/2018.



The claimant had a stroke in November of 2017 and was absent from work. The employer placed the claimant on FMLA in February of 2018 which would expire in May. The claimant was scheduled for an evaluation with his doctor at the end of March to determine whether he would be released to return to work.

On March 15, 2018 the claimant was copied on an email from the Senior Director over Infor practice to the Senior Vice President indicating that the claimant's name was still showing up in the payroll system and that she understood from their last exchange that the claimant was no longer employed, and asking whether she or the claimant's supervisor could release him from the payroll.

The claimant was also contacted by 4 different individuals, including a head hunter firm, who advised him that the employer was advertising his job.



The claimant emailed the employer's general counsel on 3/24/2018 asking about his employment status. The general counsel replied that the claimant was on FMLA. The claimant responded asking why his job was posted? The general counsel did not answer the claimant's reply.

The claimant has sent 124 messages to the employer to which he has not received a reply.

In January the claimant filed a complaint with the employer's human resources department, alleging discrimination.



In February he filed charges with the EEOC. Charges were dismissed in March and the claimant was given a right to sue letter.

a. If a statement is denied by another party, and not supported by other evidence, it cannot be presumed to be true.

b. When a discharge has been established, the burden of proof rests on the employer to show that it was for disqualifying reasons. This burden may be discharged by an admission by the claimant, or his failure or refusal to deny the charge when faced with it.

c. An employer who discharges a worker and charges misconduct but refuses or fails to bring forth any evidence to dispute a denial by the claimant does not discharge the burden of proof. It is important to keep in mind that mere allegations of misconduct are not sufficient to sustain such a charge.

The evidence shows that the claimant believed that he was to be discharged because he was copied on an email that indicated that he was no longer employed and because his job was posted for hire. The claimant contacted the employer's general counsel who failed to answer the claimant's question as to why his job was posted.

The employer did not appear at the hearing and presented no evidence to show that the claimant was not going to be discharged. The employer is, therefore, considered to be the moving party and I conclude that the claimant did not quit but was discharged.



The employer did not present any evidence to show that the claimant's discharge was for misconduct.



Therefore, I conclude that the claimant was discharged, but not for wilful or negligent misconduct connected with the employment.

**B. J. Cather**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                Issue Code: 10,20
Date of Separation: 3/24/2018
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 6/22/2018

Page 6—Arizona Appeal No. U-1595392-001

                               i.  The party who causes the separation allows the other party to choose the time or type of separation; or

                              ii.  The parties agree to delay the date of separation.

                    b.  A separation is a quit when the worker tells the employer the worker is quitting but agrees to work long enough to train a replacement. The separation remains a quit even if the employer later fails to temporarily keep the worker.

           5.  A separation is a quit when an employer who previously gave a worker notice of intent to end the employment relationship, on or before the intended termination date offers continued employment under conditions not amounting to new work, and the worker elects to leave as of the original termination date.

...

C. Leaving In Anticipation of Discharge

If a worker, based on information other than the employer's authorized notification of discharge, believes that the employer intends to discharge the worker, the worker shall take steps, prior to leaving, to find out if the worker is, in fact, to be discharged. If the worker fails to do so and was not to be discharged, the worker leaves work voluntarily without good cause in connection with the work.

Arizona Administrative Code, in Section R6-3-51190, provides in pertinent part as follows:

B. Burden of proof and presumption

           1.  The burden of proof consists of the requirement to submit evidence of such nature that, taking all other circumstances into account, the facts alleged appear to be true. When this burden has been met, the evidence becomes proof.

           2.  The burden of proof rests upon the individual who makes a statement.

rate of the employer from whose employment the individual so separated, ...

The Arizona Administrative Code, in Section R6-3-50135, provides in pertinent part as follows:

A. Distinguishing Quits and Discharges

    1. Except as otherwise provided in this Chapter, a worker's separation from employment is either a quit or a discharge.

        a. The separation is a quit when the worker acts to end the employment and intends this result.

        b. The separation is a discharge when the employer acts to end the employment and intends this result. A discharge includes:

            i. A layoff for lack of work; and

            ii. A request by the employer for the worker's resignation.

    2. The Department shall determine whether a separation is a quit or discharge by considering all relevant factors, including:

        a. Both parties' remarks and actions;

        b. Who initiated the separation; and

        c. The parties' intentions.

    3. A party's expression of criticism or effort to clarify the position of the other party does not by itself constitute notice of intent to quit or to discharge.

    4. When the worker or the employer gives notice of intent to end an employment relationship, later attempts to withdraw the termination do not change the type of separation, except as otherwise provided in subsection (5).

        a. The type of separation does not change even if:

The claimant filed a claim for unemployment insurance in April and filed a lawsuit against the employer in May as well as another EEOC complaint.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy which held the claimant left work voluntarily without good cause in connection with the employment. The issue involves the application of Sections 23-775 and 23-727 of the Employment Security Law of Arizona.

Section 23-775 of the Arizona Revised Statutes provides in pertinent part as follows:

An individual shall be disqualified from benefits:

1.     For the week in which the individual has left work voluntarily without good cause in connection with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable. ...

2.     For the week in which the individual has been discharged for wilful or negligent misconduct connected with the employment, and in addition to the waiting week, for the duration of the individual's unemployment and until the individual has earned wages in an amount equivalent to five times the individual's weekly benefit amount otherwise payable.

Arizona Revised Statutes, Section 23-727, provide in pertinent part as follows:

C.     Except as otherwise provided in subsections D, E, F and G of this section and sections 23-773 and 23-777, benefits paid to an individual shall be charged against the accounts of the individual's base-period employers. The amount of benefits so chargeable against each base-period employer's account shall bear the same ratio to the total benefits paid to an individual as the base-period wages paid to the individual by the employer bear to the total amount of base-period wages paid to the individual by all the individual's base-period employers.

D.     Benefits paid to an individual whose separation from work with any employer occurs under conditions found by the commission to be within those prescribed by section 23-775, paragraph 1 or 2 or for compelling personal reasons not attributable to the employer and not warranting disqualification for benefits, shall not be used as a factor in determining the future contribution

Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant

**Distribution:**
Claimant
Employer
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Claimant: garrison.jones@outlook.com

File


BC/aj


# APPEAL/REOPENING DEADLINE:  JULY 23, 2018


(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

1. File your Petition for Review or Request to Reopen by Internet by going to www.azui.com and then clicking "Appeal a UI Decision." (The option of filing an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE OPTIONS BELOW:**

2. Fax the Petition for Review or Request to Reopen to (602) 257-7056.

3. Mail or hand deliver the Petition for Review or Request to Reopen to:

   ARIZONA DEPARTMENT OF ECONOMIC SECURITY
   Office of Appeals

1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015

4. Mail, hand deliver or fax the Petition for Review or Request to Reopen to any unemployment office in the United States or Canada.

The appeal or Request to Reopen is considered filed on the date: (A) postmarked by the United States Postal Service; (B) received by fax at the above number; or (C) received via the Internet or hand delivery.

You or your authorized agent must sign the appeal.  Your appeal may be based on:

a. Irregularity on part of presiding officer or other party to proceedings;
b. Abuse of discretion on part of hearing officer whereby petitioner was deprived of a fair hearing;
c. Newly discovered evidence which could not with reasonable diligence have been discovered and produced at time of original hearing;
d. Error in admission or exclusion of evidence in Tribunal hearing;
e. Error in law in Tribunal hearing; and/or
f. Other good and sufficient grounds.

**The Appeals Board Chairman will refer your appeal to a single member for review. If you or the other party objects in writing to review by one member, three members of the Appeals Board will review your appeal.**

**AUDIO RECORDING OF YOUR HEARING:**  To request an audio recording of the hearing, you may either:

1. Call (602) 771-9019, or

2. Fax your request to (602) 257-7056, or

3. Mail or hand deliver your request in writing to:

ARIZONA DEPARTMENT OF ECONOMIC SECURITY
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015

**CLAIM FILING:**  If you are a claimant who remains unemployed, you should continue to file your weekly claims while any appeal of this case is pending.  If you have questions regarding the filing or payment of claims, you should contact the unemployment insurance claims office.

**RIGHT TO BE REPRESENTED:** You may have someone represent you. If you pay your representative, that person must be a licensed Arizona attorney or must be supervised by a licensed Arizona attorney. An employer may also use any employee of the business as its representative. The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

## MAIL OR HAND DELIVER TO:

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
**Office of Appeals**
**1951 W. Camelback Road, Suite 400**
**Phoenix, AZ 85015**

**OR FAX TO:   (602) 257-7056**

## INSTRUCTIONS:

Check **ONE** of the three following boxes:

☐  I did not appear  at the hearing.   I request reopening <u>only</u> (complete  only  Part  A below).

☐  I am filing  a Petition for Review  to the Appeals Board  <u>only</u> (complete only Part  B below).

☐  I request  <u>both</u> reopening  and filing a Petition  for Review  to the Appeals  Board (complete <u>both</u> Part A and Part B below).

## PART A:

| REQUEST TO REOPEN |
| --- |

I, _____, **request reopening of the hearing.**

**I did not appear for the hearing because:**

_____

_____

_____

**Signature:** _____**Date:**_____

**Current Mailing Address:** _____
                                                                    *(Street address)*

_____
                    *(City)*                              *(State)*              *(Zip Code)*

Page 10—Arizona Appeal No. U-1595392-001

## PART B:

```
┌─────────────────────────────────────────────────────────────┐
│        PETITION FOR REVIEW OF APPEAL TRIBUNAL DECISION        │
└─────────────────────────────────────────────────────────────┘
```

I, _____, appeal the Tribunal decision.

**I believe the decision is wrong because:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as needed)

**Signature:** _____**Date:** _____

**Current Mailing Address:** _____
                                        *(Street address)*

                        _____
                          *(City)*              *(State)*         *(Zip Code)*

### ARIZONA DEPARTMENT OF ECONOMIC SECURITY
### Unemployment Insurance Program

**NOTICE TO EMPLOYER**
See Explanation on Reverse

Mail Date:   04/19/2018

Social Security No.:   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

Employer No.:   7428011-000

Charge Control Date:   01/01/2017

Benefit Year Beg.:   04/08/2018

Potential Charges:   *

VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
VELOCITY TECHNOLOGY SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE NC  28211

GARRISON JONES                         has filed a claim for Unemployment Insurance on
04/18/2018.   The Department's Records show your firm was the claimant's  LAST EMPLOYER.

If you are the Last Employer, the claimant listed the reason for separation from your employment as  **DISCHARGE**
and stated the last day worked was  03/15/2018.

**YOU MUST COMPLETE AND SIGN THE REVERSE SIDE AND RETURN THIS NOTICE NO LATER THAN 10 BUSINESS
DAYS FROM THE MAIL DATE. MAKE A COPY OF BOTH SIDES FOR YOUR RECORDS AND RETURN THE ORIGINAL
TO THE ADDRESS SHOWN BELOW.**

**EMPLOYERS RESPONSE** 

My records show the last day of work as: _____

My records show the reason for separation was (Please mark only one box). Provide detailed information on the
separation or other eligibility information on the reverse of this notice.

| ☐ Laid-Off | ☐ Voluntary Quit | ☐ Discharged |

| ☐ Labor Dispute | ☐ Still Working Part-time |

If you paid or will pay vacation, holiday, unused sick pay or severance pay on or after the last day of work,
complete the appropriate section on the reverse, sign and return this notice no later than 10 business days
from the mail date.

D. E. S.        L.O.  990
UNEMPLOYMENT INSURANCE PROGRAM
PO BOX 29225 MAIL DROP 5895
PHOENIX AZ 85038-9225

PHONE:  (602) 364-2722
PHONE:  (520) 791-2722
FAX:    (602) 364-1211
FAX:    (520) 770-3357

**THIS NOTICE MUST BE SIGNED ON THE REVERSE TO BE VALID**

## EXPLANATION OF NOTICE

Your account will be relieved from charges as provided by law when the Department finds that the claimant:

1. Left work voluntarily without good cause in connection with the employment; or
2. Was discharged from employment for willful or negligent misconduct connected with the employment; or
3. Separated from employment like a compelling personal reason not attributable to the employment; or
4. Worked part-time for you during the last quarter of the base period, and you continue to provide employment to the same extent.

**EXCEPTION:** Relief of charges does not apply to employers who have elected to make payments in lieu of contributions. (A.R.S.§ 23-750).

**BENEFIT PAYMENTS/CHARGES: SUBMIT A DETAILED EXPLANATION OF THIS CLAIMANT'S SEPARATION ON THIS NOTICE WITHIN 10 BUSINESS DAYS FROM THE MAIL DATE.** The postmark or telefax transmittal date is the date the notice is returned. This period may be extended if failure to make timely submission is due to delay or other action of the United States Postal Service, or error or misinformation by the Department of Economic Security. If the notice is late for other of these reasons, please give details with your notice.

**IF YOU DO NOT FILE A TIMELY NOTICE:** (1) If you are the last employer, a determination will be made regarding the claimant's eligibility based on available information. Benefits will be paid immediately, if allowed, and no appeal rights will be afforded you. (2) If you are a base-period employer your experience rating account will be charged with its pro-rata share of benefits paid.

**REQUIRED INFORMATION IF YOU ARE THE CLAIMANT'S LAST EMPLOYER, ARIZONA ADMINISTRATIVE RULES REQUIRE THAT YOU SUBMIT ANY SEPARATION OR ELIGIBILITY INFORMATION WHICH WOULD HAVE A BEARING ON THE CLAIMANT'S ELIGIBILITY FOR BENEFITS.** You may also be contacted by telephone for further information. If you are a base-period employer, it will assist the Department in determining the claimant's eligibility if you submit any information you have regarding the claimant's current employment, ability to work, or availability for work. Please notify the Department if you wish to offer the claimant employment.

This notice must be returned even if you have previously received a notice of this claimant's application for Unemployment Insurance and the claimant has not been recontacted by you subsequent to such "notice". If the claimant failed to return to available work at the conclusion of a labor dispute, this notice must be returned.

**CHARGE CONTROL DATE:** The date of our last notice to you or the beginning of the claimant's base period, whichever is later.

**POTENTIAL CHARGES:** The amount which may be charged against your experience rating account, or for which reimbursement may be requested if you make payments in lieu of contributions. These charges are in direct proportion to your percentage of the total wages paid during the claimant's base period and are subject to change if other wages are added or deleted. If Potential Charges show asterisks, the potential charges cannot be determined.

**PATTERN OF FAILURE:** The repeated failure to return the Notice to Employer timely and with adequate information. A pattern shall be established if the employer has five or more failures or failures in more than five percent of the number of requests whichever is greater. (A.R.S.§ 23-727)

Equal Opportunity Employer/Program

UB-110 (REVERSE 0/78)

If you paid or will pay vacation, holiday, sick and/or severance pay as of or after the last day of work complete the applicable items.

| | DATE PAID | GROSS AMOUNT | # HOURS | | RATE OF PAY |
|---|---|---|---|---|---|
| VACATION | | $ | | $ | per |
| HOLIDAY | | $ | | $ | per |
| SICK | | $ | | $ | per |
| SEVERANCE | | $ | | $ | per |

**PROVIDE DETAILED SEPARATION OR ELIGIBILITY INFORMATION IN THE SPACE BELOW**

**PLEASE ENTER THE EMPLOYEE'S SSN _ _ _ / _ _ / _ _ _ _**

※ Employee still active with the firm

**NOTICE MUST BE SIGNED TO BE VALID**

| SIGNATURE | | PHONE NUMBER 612-733-9335 | FAX |
|---|---|---|---|
| PRINT YOUR NAME Nelson Bowles | | TITLE Mgmt Analyst | |
| COMPANY NAME Volusia | | | DATE 9-25-18 |

# FAX COVER SHEET

| TO | |
|---|---|
| **COMPANY** | |
| **FAXNUMBER** | 16023641211 |
| **FROM** | Nelson Bowles |
| **DATE** | 23/04/2018 17:00:48 EDT |
| **RE** | G. Jones-request for information |

## COVER MESSAGE

Please see attached with details as requested.

**Nelson Bowles | Payroll Analyst | Velocity Technology Solutions, Inc.**

o (612) 333-9885 | f (704) 625-9071 | velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | DESS-ASA-TUC@azdes.gov |
| **Sent:** | Friday, June 22, 2018 2:55 PM |
| **To:** | garrison.jones@outlook.com |
| **Subject:** | employer protest |
| **Attachments:** | 20180622125526849.pdf |

This E-mail was sent from "OIG-333-02SO-MFC2" (MP 7503).

Scan Date: 06.22.2018 12:55:26 (-0700)
Queries to: DESS-ASA-TUC@azdes.gov

garrison,jones@outlook.com

_(handwritten: ✗ Sent During HEARING)_

---

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. It may contain information that is privileged and confidential under state and federal law. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the person named above by reply e-mail, and then delete the original e-mail. Thank you.

_(handwritten: SAME PROtest 4/23/2018)_

1

**garrison.courtdocs@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Tuesday, February 16, 2021 2:49 PM |
| **To:** | Garrison Jones |
| **Subject:** | Fwd: employer protest |
| **Attachments:** | 20180622125526849.pdf |

Sent from my iPhone

Begin forwarded message:

> **From:** DESS-ASA-TUC@azdes.gov
> **Date:** June 22, 2018 at 2:57:17 PM CDT
> **To:** garrison.jones@outlook.com
> **Subject: employer protest**
>
> This E-mail was sent from "OIG-333-02SO-MFC2" (MP 7503).
>
> Scan Date: 06.22.2018 12:55:26 (-0700)
> Queries to: DESS-ASA-TUC@azdes.gov
>
> garrison.jones@outlook.com
>
> ---
>
> NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. It may contain information that is privileged and confidential under state and federal law. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the person named above by reply e-mail, and then delete the original e-mail. Thank you.

1

**garrison.courtdocs@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Thursday, May 21, 2020 2:32 PM |
| **To:** | Garrison Jones -Court-Docs |
| **Subject:** | Fwd: Garrison Jones |

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity.  His record
remains in ADP reporting to Michael B.  Please let us know if Michael or myself have open action item to
release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday  | Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m  612.802.6914|
eMail susan.holtapp@velocitycloud.com   |Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please
notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

*ON THREE Appeal 2* (handwritten)

# Arizona Department of Economic Security



# Office Of Appeals

**1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019**
**Toll Free 1(877)528-3330 FAX (602)257-7056**

# DISMISSAL OF APPEAL

GARRISON JONES
~~[redacted]~~

VELOCITY TECHNOLOGY SOLUTIONS
Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ 85016

Arizona Appeal No. U-1600605-001

Date of Mailing: 8/20/2018

Social Security No. ~~[redacted]~~

Employer Acct. No. 7428011-000

**IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS**

The Department of Economic Security provides language assistance free of charge. For
assistance in your preferred language, please call our Office of Appeals (602)771-9019.

**IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO
DE DESEMPLEO**

The Department of Economic Security suministra ayuda de los idiomas gratis. Para recibir ayuda
en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602)771-9019.

## NOTICE TO CLAIMANT

```
***
YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD
CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.
***
```

\*\*\*

Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing
scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the
Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did
not have good cause for failing to appear at the scheduled hearing.
\*\*\*

**Richard Ebert**
Administrative Law Judge

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1(877)528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**REPRESENTATION:** You may have someone represent you. If you pay the representative, then that person must be a licensed Arizona attorney or be supervised by one. An employer may also use any employee of the business as its representative. This office does not provide representatives.

**Distribution:**
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

**Electronic Distribution:**
Employer: ryan.mangum@ogletreedeakins.com
File

RE/aj

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys At Law*

Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| **DATE:** | 7/23/2018 | **PAGES:** | 16 (includes cover page) |
|-----------|-----------|------------|--------------------------|
| **TO:** | Arizona Department of Economic Security | **FROM:** | Christopher J. Meister |
| **FAX:** | 602.257.7056 | **PHONE:** | 602.778.3720 |

Original Will Be Sent via First-Class Mail

If problems arise with receipt of this transmission, please contact: Diane M. Kelly at 602.778.3749.

**MESSAGE:**   Please see the attached.

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Detroit Metro • Greenville Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis • Mexico City (Mexico) • Miami • Milwaukee • Minneapolis Morristown • Nashville • New Orleans • New York City • Oklahoma City • Orange County • Paris (France) • Philadelphia • Phoenix • Pittsburgh • Portland, ME • Portland, OR Raleigh • Richmond • St. Louis • St. Thomas • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Stamford • Tampa • Toronto (Canada) • Torrance • Tucson • Washington

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

**MAIL OR HAND DELIVER TO:**

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
**Office of Appeals**
**1951 W. Camelback Road, Suite 400**
**Phoenix, AZ  85015**

**OR FAX TO:**    **(602) 257-7056**

**INSTRUCTIONS:**

Check ONE of the three following boxes:

[X]  I did not appear at the hearing.  I request reopening _only_ (complete only Part A below).

[ ]  I am filing a Petition for Review to the Appeals Board _only_ (complete only Part B below).

[ ]  I request _both_ reopening and filing a Petition for Review to the Appeals Board (complete _both_ Part A and Part B below).

**PART A:**

| **REQUEST TO REOPEN** |
|---|

I, _Velocity Technology Solutions, Inc._     , request reopening of the hearing.

**I did not appear for the hearing because:**

Please see the attached letter.

**Signature:** _____    **Date:** _7/23/2018_____

**Current Mailing Address:** _2415 E. Camelback Road, Suite 800_____
                          *(Street address)*
                   Phoenix,              AZ          85295
                   *(City)*            *(State)*    *(Zip Code)*

Page 10—Arizona Appeal No. U-1595392-001

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletree.com

Christopher J. Meister
602.778.3720
christopher.meister@ogletree.com

July 23, 2018

## Via Fax and First Class U.S. Mail

Arizona Department of Economic Security
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015
Fax No. (602) 257-7056

RE:   Unemployment Insurance Claim, Garrison Jones
      Arizona Appeal No. U-1595392-001

To Whom It May Concern:

This firm represents Velocity Technology Solutions, Inc. ("Velocity" or "Employer"), in connection with Garrison Jones's ("Claimant") claim for unemployment benefits before the Arizona Department of Economic Security. We write to Request to Reopen the Decision of the Appeal Tribunal, dated June 22, 2018, which found that Mr. Jones qualifies for benefits because he was discharged from employment, but not for willful or negligent misconduct. The Appeal Tribunal's decision should be overturned because Mr. Jones has been employed by Velocity from the day he filed for unemployment benefits to this day.

As an initial matter, Velocity should not be precluded from requesting that the Appeal Tribunal's decision be reopened because it can show excusable neglect. Velocity had good reason not to appear at the hearing before the appeal tribunal on June 22, 2018. As Velocity communicated in its June 21, 2018 call to the Appeal Tribunal, Mr. Jones and Velocity have been negotiating the terms of his separation from employment. Velocity believed that appearing before the Appeal Tribunal to contest Mr. Jones's eligibility for unemployment benefits would disturb those discussions. Velocity and Claimant have continued their negotiations, and hope to soon reach an amicable agreement but unfortunately that has yet to occur.

Nevertheless, Mr. Jones is not eligible for unemployment benefits because he is still employed by Velocity. Under A.R.S. § 23-771, only an "unemployed individual" is eligible to receive benefits. A person is deemed "unemployed with respect to any week during which the individual performs no services and with respect to which no wages are payable to the individual…" A.R.S. § 23-621. Wages constitute "all remuneration for services from whatever sources, including commissions, bonuses,

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Morristown Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh Richmond ▪ St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

July 23, 2018
Page 2

**Ogletree**
**Deakins**

and fringe benefits and the cash value of all remuneration in any other medium other than cash."
A.R.S. § 23-622. From February 2018 to the present, Velocity has continued to provide Mr. Jones
with health, dental, and vision benefits. Thus, Mr. Jones has received "wages" as defined by the
Arizona Revised Statutes, is not unemployed, and is, therefore, not eligible for unemployment
benefits.

Moreover, the Appeal Tribunal's findings of fact show that Mr. Jones was not discharged
from his position. The Appeal Tribunal's decision states that Mr. Jones believed he was discharged
because he was copied on an email indicating that he was no longer employed and because his job
was posted for hire. However, the evidence cited in the Appeal Tribunal's decision belies its own
conclusion. Mr. Jones claims he was copied on an email on March 15, 2018, in which a Senior Vice
President questioned whether he was still employed. But, on March 24, 2018, when Mr. Jones asked
Velocity's General Counsel directly about his employment status, he was unequivocally told that he
was on FMLA leave. The fact that a similar position to the one held by Mr. Jones may have been
posted is irrelevant. As stated by Velocity's General Counsel, Mr. Jones was on FMLA leave and
then an unpaid leave of absence until he was able to return work. Thus, the Appeal Tribunal's own
findings of fact show that the last communication from Velocity to Mr. Jones indicate that he was
still employed.

For the foregoing reasons, Velocity respectfully requests that the Appeal Tribunal's June 22,
2018, decision granting Mr. Jones unemployment benefits be reversed.

Sincerely,

Christopher J. Meister

Enclosure

34946289.1

## Decision Coversheet

Continue to file claims for unemployment insurance if you remain unemployed during the appeal process. If you win the case you will be paid only for the weeks for which you filed a claim and were otherwise eligible. For additional information about the appeal process, go to:
https://www.azdes.gov/main.aspx?menu=317&id=3918

We are continually striving to improve our customer service. Please go to this web address and take a brief 10 question survey to give us your feedback.
https://des.az.gov/uisurvey

Your responses will not affect your case.

Thank you.

Si sigue sin empleo durante el período de apelación, siga reportando semanalmente sus reclamos. Si gana su apelación se le pagará únicamente por las semanas por las cuales usted reportó un reclamo y era elegible. Para mas información sobre el proceso de apelació, visita a
https://www.azdes.gov/main.aspx?menu=317&id=3918

Estamos continuamente esforzándonos por mejorar nuestro servicio al cliente. Por favor ingrese a la página web y participa en el cuestionario de 10 preguntas para compartir con nosotros su opinión.
https://des.az.gov/uisurveys

Sus respuestas no afectarán de ninguna manera su caso.

Gracias.

Office of Appeals Phoenix
1951 W. Camelback Road, Ste 400
Phoenix, AZ 85015

VELOCITY TECHNOLOGY ENTERPRISES INC DBA
VELOCITY TECHNOLOGY SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE, NC 28211



**REOPEN DENIAL** *3*

## Arizona Department of Economic Security



## Office Of Appeals

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES


DBA VELOCITY TECHNOLOGY
SOLUTIONS
c/o Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ  85016

| | |
|---|---|
| Arizona Appeal No. U-1600600-001 | Date of Mailing: 8/20/2018 |
| Social Security No. | Employer Acct. No. 7428011000 |

### DECISION OF APPEAL TRIBUNAL

## HEARING IS NOT REOPENED

**The last day to file an appeal is   September 19, 2018  .  Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

### ISSUE:

Should the non-appearing party's request to re-open the hearing of June 22, 2018, be granted?

## DECISION:

The applicant did not establish good cause for failure to appear at the hearing scheduled for 06/22/2018. The Decision of Appeal Tribunal remains in effect.

## FINDINGS OF FACT:

On May 17, 2018, a determination was issued holding the claimant ineligible for benefits. Timely appeal of the determination was filed by the claimant.

A Notice of Hearing was mailed to the parties on June 7, 2018. The employer did not appear at the hearing. A Decision of Appeal Tribunal was issued on June 22, 2018.

The employer knew of the time and date for the hearing. The employer chose not to appeal in order to try and maintain a favorable attitude with the claimant in other negotiations regarding the claimant's separation from employment. The tactic was unsuccessful.

## REASONING AND CONCLUSIONS OF LAW:

The issue is whether the nonappearing party's request to reopen the hearing of June 22, 2018, should be granted.

The Arizona Administrative Code, in Section R6-3-1503, provides in pertinent part as follows:

    B.    APPEAL TRIBUNAL HEARINGS

           *         *         *

        3.    Failure of Party to Appear

                a.    If there is no appearance on behalf of an interested party at a scheduled hearing, the Appeal Tribunal may:

                        i.    Adjourn the hearing to a later date; or

                        ii.    Proceed to review the evidence of record and other admissible evidence as may be presented at the scheduled hearing, and make a disposition or decision on the merits of the case.

b.    If a decision is issued adverse to any interested party that failed to appear at a scheduled hearing, that party may file 1 written request for a hearing to determine whether good cause exists to reopen the hearing.   The request to reopen shall be filed within 15 calendar days of the mailing date of the decision or disposition and shall list the reasons for the failure to appear.

c.    The Appeal Tribunal shall hold a hearing to determine whether there was good cause for the failure to appear and, in the discretion of the hearing officer, to review the merits of the case. Upon a finding of good cause for failure to appear at the scheduled hearing, the disposition or decision on the merits shall be vacated and the case rescheduled for hearing under R6-3-1502, unless the hearing on the merits is held concurrently with the good cause hearing.

d.    Good cause warranting reopening of a case shall be established upon proof that both the failure to appear and failure to timely notify the hearing officer were beyond the reasonable control of the nonappearing party.

e.    A party may obtain only 1 hearing to determine if good cause exists to reopen a case.

    i.    If a party does not appear at the scheduled good cause hearing, a party may file a written request for review to determine whether good cause exists for failure to appear at both the good cause hearing and the original hearing on the merits.

    ii.    If a case is reopened upon a finding of good cause, and the party fails to appear at the time and date of the new hearing, the party may file a written request for review to determine whether good cause exists for failure to appear at the new hearing.

f.    A request for review shall state the reasons for the party's failure to appear.   The party shall attach

copies of any documentation supporting the request.

g.    The Appeal Tribunal shall review the request and the evidence of record to determine whether there is good cause to reopen the hearing on the issue of good cause or on the merits and shall issue a decision accordingly.

h.    Any interested party may appeal to the Unemployment Insurance Appeals Board from the decision of a hearing officer that denies reopening for lack of good cause as defined in subsection (B)(3)(d). The appeal shall be in writing and filed within 15 calendar days from the date of mailing of the decision denying reopening. If the Unemployment Insurance Appeals Board reverses the denial to reopen, the case shall be remanded to the Appeal Tribunal and rescheduled for hearing on the merits in accordance with R6-3-1502.

i.    If an appellant fails to appear or waive appearance, the Appeal Tribunal may enter a default disposition in accordance with R6-3-1502(A)(4) without further right to appeal except as provided in this Section.

In *Maldonado v. Arizona Department of Economic Security*, 182 Ariz. 476, 897 P.2d 1362 (App., 1994), the Court of Appeals held that the language in A.A.C. R6-3-1503.B.3.d must be interpreted in such a way as to allow an "excusable neglect" standard to be considered in determining whether to reopen a hearing, similar to the test under Arizona Rule of Civil Procedure 60(c).

In interpreting the term "excusable neglect", as expressly included in Ariz. R. Civ. P. 60(c), Appellate Courts have held that such standard does not apply if the action occurred because of a party's mere neglect, inadvertence or forgetfulness without a reasonable excuse therefor, *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984). The term "excusable neglect" is not synonymous with carelessness, *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 871 P.2d 698 (App. 1993), and a party claiming excusable neglect must have promptly sought relief, *Baker Intern. Associates, Inc. v. Shanwick Intern. Corp.*, 174 Ariz. 580, 851 P.2d 1379 (App. 1993). The standard for determining whether an action constitutes "excusable neglect" is whether the neglect involves an error such as might be made by a reasonably prudent person who attempted to handle a matter in a prompt and diligent fashion. *Beal v. State Farm Mutual Automobile Insurance Co.*, 151 Ariz. 514, 729 P.2d 318 (App. 1986).



Good cause is about allowing parties who have not had the ability to present their case through accident or lack of notice to remedy that situation. In this case, employer did not appear because of a deliberate choice – a tactic to influence other negotiations. The employer had notice and the opportunity to be heard, but knowingly and deliberately declined that opportunity.



Therefore, I conclude that the employer has not established good cause for failing to appear at the hearing of June 22, 2018. I deny the request to reopen that hearing.


**Richard Ebert**
Administrative Law Judge


## CASE HISTORY:

Original Case:

Effective Date of Initial Claim: 4/8/2018            Issue Code: GC
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 6/22/2018
Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant

First Reopening Case:

Date of Appeal Tribunal Disposition/Decision: 6/22/2018
Reopening Requested by: Employer
Date of Reopening Hearing: 8/20/2018
Place of Reopening Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Employer Counsel

## Distribution:
Claimant
Employer Representative
BPC PHOENIX Site Code 918-B2

## Electronic Distribution:
Employer: ryan.mangum@ogletreedeakins.com

File


Page 5—Arizona Appeal No. U-1600600-001

RE/aj

# APPEAL/REOPENING DEADLINE:  SEPTEMBER 19, 2018

## APPEAL RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION:**

1. File your Petition for Review by Internet by going to www.azui.com and then clicking "Appeal a UI Decision."  (The option of filing an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE OPTIONS BELOW:**

2. Fax the Petition for Review to (602) 257-7056.

3. Mail or hand deliver the Petition for Review to:

 ARIZONA DEPARTMENT OF ECONOMIC SECURITY
 Office of Appeals
 1951 W. Camelback Road, Suite 400
 Phoenix, AZ 85015

4. Mail, hand deliver or fax the Petition for Review to any unemployment office in the United States or Canada.

The appeal is considered filed on the date: (A) postmarked by the United States Postal Service; (B) received by fax at the above number; or (C) received via the Internet or hand delivery.

You or your authorized agent must sign the appeal.  Your appeal may be based on:

a. Irregularity on part of presiding officer or other party to proceedings;
b. Abuse of discretion on part of hearing officer whereby petitioner was deprived of a fair hearing;
c. Newly discovered evidence which could not with reasonable diligence have been discovered and produced at time of original hearing;
d. Error in admission or exclusion of evidence in Tribunal hearing;
e. Error in law in Tribunal hearing; and/or
f. Other good and sufficient grounds.

Page 6—Arizona Appeal No. U-1600600-001

The Appeals Board Chairman will refer your appeal to a single member for review. If you or the other party objects in writing to review by one member, three members of the Appeals Board will review the appeal.

**AUDIO RECORDING OF YOUR HEARING:** To request an audio recording of the hearing, you may either:

1. Call (602) 771-9019, or

2. Fax your request to (602) 257-7056, or

3. Mail or hand deliver your request in writing to:

>       ARIZONA DEPARTMENT OF ECONOMIC SECURITY
>       Office of Appeals
>       1951 W. Camelback Road, Suite 400
>       Phoenix, AZ  85015

**CLAIM FILING:** If you are a claimant who remains unemployed, you should continue to file your weekly claims while any appeal of this case is pending. If you have questions regarding the filing or payment of claims, you should contact the unemployment insurance claims office.

**RIGHT TO BE REPRESENTED:** You may have someone represent you. If you pay your representative, that person must be a licensed Arizona attorney or must be supervised by a licensed Arizona attorney. An employer may also use any employee of the business as its representative. The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**MAIL OR HAND DELIVER PETITION TO:**

> **ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
> **Office of Appeals**
> **1951 W. Camelback Road, Suite 400**
> **Phoenix, AZ  85015**

**OR FAX TO:**     **(602) 257-7056**

| |
|---|
| **PETITION FOR REVIEW OF APPEAL TRIBUNAL DECISION** |

I, _____, appeal the Tribunal decision.

**I believe the decision is wrong because:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as needed)

**Signature:** _____**Date:** _____

**Current Mailing Address:** _____
                                                          *(Street address)*

              _____
                    *(City)*                     *(State)*              *(Zip Code)*

**Arizona Department of
Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES

SACRAMENTO, CA ████████

*PMIA Ability
to WORK*

Arizona Appeal No. U-1639659-001          Date of Mailing:          10/23/2019

Social Security No.████████

## DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT

**The last day to file an appeal is   November 22, 2019   . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through
5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

> \*        \*              \*

> 3.  Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

A.   General

1.   Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist. Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted. Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.


**D. Whiting**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File


dw /db

# APPEAL/REOPENING DEADLINE:  NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**


Page 3—Arizona Appeal No. U-1639659-001

1. File your Petition for Review or Request to Reopen by Internet by going to www.azui.com and then clicking "Appeal a UI Decision." (The option of filing an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE OPTIONS BELOW:**

2. Fax the Petition for Review or Request to Reopen to (602) 257-7056.

3. Mail or hand deliver the Petition for Review or Request to Reopen to:

   ARIZONA DEPARTMENT OF ECONOMIC SECURITY
   Office of Appeals
   1990 W. Camelback Road, Suite 200
   Phoenix, AZ 85015

4. Mail, hand deliver or fax the Petition for Review or Request to Reopen to any unemployment office in the United States or Canada.

The appeal or Request to Reopen is considered filed on the date: (A) postmarked by the United States Postal Service; (B) received by fax at the above number; or (C) received via the Internet or hand delivery.

You or your authorized agent must sign the appeal. Your appeal may be based on:

a. Irregularity on part of presiding officer or other party to proceedings;
b. Abuse of discretion on part of hearing officer whereby petitioner was deprived of a fair hearing;
c. Newly discovered evidence which could not with reasonable diligence have been discovered and produced at time of original hearing;
d. Error in admission or exclusion of evidence in Tribunal hearing;
e. Error in law in Tribunal hearing; and/or
f. Other good and sufficient grounds.

**The Appeals Board Chairman will refer your appeal to a single member for review. If you or the other party objects in writing to review by one member, three members of the Appeals Board will review your appeal.**

**AUDIO RECORDING OF YOUR HEARING:** To request an audio recording of the hearing, you may either:

1. Call (602) 771-9019, or

2. Fax your request to (602) 257-7056, or

3. Mail or hand deliver your request in writing to:

ARIZONA DEPARTMENT OF ECONOMIC SECURITY
Office of Appeals
1990 W. Camelback Road, Suite 200
Phoenix, AZ 85015

**CLAIM FILING:** If you are a claimant who remains unemployed, you should continue to file your weekly claims while any appeal of this case is pending. If you have questions regarding the filing or payment of claims, you should contact the unemployment insurance claims office.

**RIGHT TO BE REPRESENTED:** You may have someone represent you. If you pay your representative, that person must be a licensed Arizona attorney or must be supervised by a licensed Arizona attorney. An employer may also use any employee of the business as its representative. The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**MAIL OR HAND DELIVER TO:**

>**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
>**Office of Appeals**
>**1990 W. Camelback Road, Suite 200**
>**Phoenix, AZ  85015**

**OR FAX TO:     (602) 257-7056**

**INSTRUCTIONS:**

Check **ONE** of the three following boxes:

☐  I did not appear at the hearing.   I request reopening only (complete only Part A below).

☐  I am filing a Petition for Review to the Appeals Board only (complete only Part B below).

☐  I request both reopening and filing a Petition for Review to the Appeals Board (complete both Part A and Part B below).

**PART A:**

┌─────────────────────────────────────────────────────────┐
│                     **REQUEST TO REOPEN**                   │
└─────────────────────────────────────────────────────────┘

**I, _____, request reopening of the hearing.**

**I did not appear for the hearing because:**

_____

_____

_____

**Signature: _____ Date:_____**

**Current Mailing Address: _____**
                                       *(Street address)*

                      _____
                           *(City)*              *(State)*          *(Zip Code)*

**PART B:**

---

**PETITION FOR REVIEW OF APPEAL TRIBUNAL DECISION**

---

I, _____, appeal the Tribunal decision.

**I believe the decision is wrong because:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                                                    (Attach additional sheets as needed)

**Signature:** _____ **Date:** _____

**Current Mailing Address:** _____
                                              *(Street address)*

                    _____
                         *(City)*              *(State)*         *(Zip Code)*

**Arizona Department of Economic Security**



**Office Of Appeals**

1951 W. Camelback Road, Suite 400, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL  60187-4842

DBA VELOCITY TECHNOLOGY
SOLUTIONS
c/o Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ  85016

Arizona Appeal No. U-1600600-001

Date of Mailing:              8/20/2018

Social Security No. 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

Employer Acct. No.        7428011000

## DECISION OF APPEAL TRIBUNAL

# HEARING IS NOT REOPENED

**The last day to file an appeal is   September 19, 2018  . Instructions for filing an appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge. For assistance in your preferred language, please call our Office of Appeals (602) 771-9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis.  Para recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Should the non-appearing party's request to re-open the hearing of June 22, 2018, be granted?

✓    Contact **Shauna Coleman** _____ at _shauna.coleman@velocitycloud.com_ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

_____ You will be required to use your available paid _____ **sick**, _____ **vacation**, and/or _____ **other leave** during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

_____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ____ **have**/____ **have not** determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

_____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

**If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave:**

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

  _____ the calendar year (January – December).

  _____ a fixed leave year based on _____.

  _____ the 12-month period measured forward from the date of your first FMLA leave usage.

  ✓   a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.
- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have _____ **sick**, _____ **vacation**, and/or ___ **other leave** run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

  ____For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____

  ____ Applicable conditions for use of paid leave:_____

**FMLA leave will begin on February 20, 2018.**

**12 Weeks of FMLA extends through May 15, 2018.**

**A recertification is required by the employee prior to May 15, 2018.**

_____

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:**

_____ at _____.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-381 Revised February 2013

Exhibit # 05

**Designation Notice**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division

**≋WHD**

U.S. Wage and Hour Division
OMB Control Number: 1235-0003
Expires: 5/31/2018

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To:   Garrison Jones

Date:   02/14/2018

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on February 2018                                    and decided:

_✓_   Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

**The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:**

✔   Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: 12 weeks

_____   Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**
_____   You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

_____   We are requiring you to substitute or use paid leave during your FMLA leave.

✔   You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ___ is _✓_ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

_____   **Additional information is needed to determine if your FMLA leave request can be approved:**

_____   The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
(Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

(Specify information needed to make the certification complete and sufficient)

_____   We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

_____   Your FMLA Leave request is Not Approved.
_____   The FMLA does not apply to your leave request.
_____   You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009

_Employee_

If your leave does qualify as FMLA leave you will have the following responsibilities while on FMLA leave (only checked blanks apply):

✓    Contact **Shauna Coleman** at **shauna.coleman@velocitycloud.com** to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____ You will be required to use your available paid _____ sick, _____ vacation, and/or _____other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____ Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___have/____ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

____ While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____ (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

**If your leave does qualify as FMLA leave you will have the following rights while on FMLA leave:**

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

  ____ the calendar year (January – December).

  ____ a fixed leave year based on _____

  ____ the 12-month period measured forward from the date of your first FMLA leave usage.

  ✓ a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ sick, ____vacation, and/or ___ other leave run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid leave.

____For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

___ Applicable conditions for use of paid leave:_____

FMLA leave will begin on February 20, 2018.

12 Weeks of FMLA extends through May 15, 2018.

A recertification is required by the employee prior to May 15, 2018.

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement.** If you have any questions, please do not hesitate to contact:

_____ at _____.

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Page 2

Form WH-381 Revised February 2013

Employer Exhibit
10/23/19

Exhibit # 05

| Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) | U.S. Department of Labor<br>Wage and Hour Division |  |
|---|---|---|

OMB Control Number: 1235-0003<br>Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**

TO:  **Garrison Jones**
_____Employee_____

FROM:  **Shauna Coleman**
_____Employer Representative_____

DATE:  **February 20, 2018**

On **February 8, 2018**_____, you informed us that you needed leave beginning on **2/20/2018, Original Dt. 11/16/2017**_____ for:

_____ The birth of a child, or placement of a child with you for adoption or foster care;

**✔** Your own serious health condition;

_____ Because you are needed to care for your _____ spouse; _____child; _____ parent due to his/her serious health condition.

_____ Because of a qualifying exigency arising out of the fact that your _____ spouse; _____son or daughter; _____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

_____ Because you are the _____ spouse; _____son or daughter; _____ parent; _____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

**✔** Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

_____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
_____ You have not met the FMLA's hours of service requirement.
_____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact **Shauna Coleman at shauna.coleman@velocitycloud.com**_____ or view the

FMLA poster located in _____.

**[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]**

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** **previously provided**_____. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

**✔** Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request ____is/ **✔** is not enclosed.

_____ Sufficient documentation to establish the required relationship between you and your family member.

_____ Other information needed (such as documentation for military family leave): _____

_____

_____

_____ No additional information requested

EMPLOYER

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

✔    Contact ___Shauna Coleman_____ at ___shauna.coleman@velocitycloud.com___ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave.  You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments.  If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____    You will be required to use your available paid _____ **sick**, _____ **vacation**, and/or _____ **other leave** during your FMLA absence.  This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____    Due to your status within the company, you are considered a "key employee" as defined in the FMLA.  As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___**have**/___ **have not** determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

____    While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every _____. (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

•   You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

     ____      the calendar year (January – December).

     ____      a fixed leave year based on _____.

     ____      the 12-month period measured forward from the date of your first FMLA leave usage.

     ✔      a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

•   You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness.  This single 12-month period commenced on _____.

•   Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.

•   You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave.  (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)

•   If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

•   If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ **sick**, ____**vacation**, and/or ___ **other leave** run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy.  Applicable conditions related to the substitution of paid leave are referenced or set forth below.  If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

     ____For a copy of conditions applicable to sick/vacation/other leave usage please refer to _____ available at: _____.

     ____Applicable conditions for use of paid leave:_____

## FMLA leave will begin on February 20, 2018.

## 12 Weeks of FMLA extends through May 15, 2018.

## A recertification is required by the employee prior to May 15, 2018.

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement.  If you have any questions, please do not hesitate to contact:**

_____at_____.

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c).  It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210.  **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

**Arizona Department of
Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA  95812-1751

*PRAUD*

Arizona Appeal No. U-1642697-001          Date of Mailing:          10/29/2019

Social Security No. 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

---

### DECISION OF APPEAL TRIBUNAL

## CLAIMANT WAS OVERPAID BENEFITS
## HOWEVER, CLASSIFICATION OF OVERPAYMENT IS
## CHANGED

---

**The last day to file an appeal is   November 29, 2019   . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM  FOR
UNEMPLOYMENT BENEFITS
The Department  of Economic Security provides language assistance  free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department  of Economic Security suministra ayuda  de los idiomas gratis.  Para
recibir ayuda  en su idioma  preferido,  por favor comunicarse con  la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

### ISSUE:

Was the Claimant overpaid benefits?  If yes, what is the amount and classification of the
overpayment?

*Velocity Falsely Accused
Plaintiff of Fraud*

If the overpayment classification in the Determination of Overpayment is fraud, what is the amount of the penalty?

## DECISION:

I affirm but modify the Determination of Overpayment dated 10/1/2019. The Claimant was overpaid benefits in the amount of $960.00. The overpayment is classified as non-fraud. No penalty is due.

## FINDINGS OF FACT:

The Claimant received benefits in the amount of $240.00 for each of the weeks ending 7/7/2018 through 7/28/2019 for a total of $960.00.

The claimant had previously been disqualified from receiving benefits based upon his separation from his last employment. Upon appeal, the Determination of Deputy that disqualified him was reversed in a Decision of Appeals Tribunal dated 6/22/2018.

Prior the Decision that found him eligible to receive benefits, the claimant had not received any benefit payments on his claim. He was advised by the Program to fill out his weekly benefit claims as he did in the past.

The claimant became reemployed on 6/27/2019. He worked and earned wages during the benefit weeks ending 7/7/2019 through 7/28/2019. When he filed his claims for each of those benefit weeks, he answered "no" to the question of whether he worked or earned any money during those benefit weeks. He answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously declared ineligible, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.

He did not intend to intentionally give false or incorrect information to the Program in order to receive benefits to which he was not entitled.

## REASONING AND CONCLUSIONS OF LAW:

The issues are (1) whether the Claimant has been overpaid benefits, (2) the amount and the classification of any such overpayment, and (3) if applicable, the amount of fraud penalty due.

Arizona Revised Statutes, Section 23-787, provide in pertinent part as follows:

A.   A person who receives any amount as benefits under this chapter to which the person is not entitled is liable to repay the overpaid amount to the department. The department may deduct all or a portion of the overpayment from future benefits payable to the person under this chapter.

B.     If benefits to which a person is not entitled are received by reason of fraud committed by the person as determined by the department, the department shall assess a penalty on the person equal to fifteen per cent of the amount of the erroneous payment and the person is not eligible to receive any benefits under this chapter until the total amount of the overpayment and all penalties and interest have been recovered or otherwise satisfied in compliance with a civil judgment. The department shall immediately deposit all assessments paid pursuant to this subsection in the unemployment compensation fund established by section 23-701.

C.     If benefits to which a person is not entitled are received without any fault on the person's part and if repayment or deduction from future benefits would be against equity and good conscience, the department may waive all or a portion of the amount overpaid.

D.     If benefits to which a person is not entitled are received without any fault on the person's part, deductions made by the department pursuant to subsection A of this section from benefits payable to an individual for any week shall not exceed twenty-five per cent of the individual's weekly benefit amount unless required by federal law, except that the amount recouped from benefits payable may be fifty per cent of the weekly benefit amount if the individual has previously received benefits but has not received benefits for at least twelve consecutive months before the most recent receipt of benefits and there has been no reasonable attempt to repay the indebtedness during that period. The fifty per cent recoupment rate may not be put in effect before one year after the establishment of the overpayment.

E.     The department shall adopt rules to implement subsection D of this section.

F.     The attorney general or the appropriate county attorney may institute appropriate court proceedings to recover in the name of the department any amount for which a person is liable to the department.

The Arizona Administrative Code, in Section R6-3-1301, provides in pertinent part as follows:

5.     "Benefit overpayment caused by Department error" means an overpayment which resulted from an error committed by Department personnel.

Page 3—Arizona Appeal No. U-1642697-001

6.    "Benefit overpayment classified administrative" means an overpayment which occurred without fault on the part of the claimant.

7.    "Benefit overpayment classified fraud" means an overpayment occurred because a claimant knowingly misrepresented or concealed material facts in order to obtain benefits to which the claimant was not entitled.

8.    "Benefit overpayment classified non-fraud" means an overpayment created because the claimant unintentionally gave incorrect or incomplete information.

Although the claimant testified that he was not sure whether he received benefits for each of the four weeks in issue here, he did not present any evidence to contradict the Program's record (Exhibit "2") that reflect that payments were made to him for each of the benefit weeks ending 7/7/2018 through 7/28/2018, nor did he deny that he did, in fact, work and earn money during those weeks.

Accordingly, I find that the claimant received benefits in the total amount of $960.00 for the weeks in question

Although the claimant had indicated that he did not work or earn any money during the weeks in question when he filed claims during those benefit weeks, he answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously declared ineligible, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.

Although the claimant argues that the classification of the overpayment should be administrative because the Program created the overpayment due to its failure to timely resolve an eligibility issue based upon a question concerning his ability to work, it was the *claimant,* and not the Program who filed each of the weekly benefit claims in question, and it was the *claimant*, and not the Program who supplied the answers to the questions on the claim forms. Accordingly, I cannot hold that the overpayment occurred without fault on the part of the claimant.

Due to the circumstances of this case, however and the claimant's explanation as to why he filed the claims the way he did, I find that the claimant did not intentionally give incorrect or incomplete information to the Program. Accordingly, I find the overpayment to be non -fraud.

Therefore, I conclude that the claimant was overpaid benefits, but that the overpayment must be modified with regard to classification. The claimant was overpaid benefits in the amount of $960.00 and the overpayment is classified non-fraud.

**S. Rosen**
Administrative Law Judge

## CASE HISTORY:

Effective Date of Initial Claim: 8/25/2019          Issue Code: OV, OV01
Date of Determination: 10/1/2019
Appealed By: Claimant
Date of Hearing: 10/29/2019
Place of Hearing: Teleconferencing from Tucson, Arizona
Appearances: Claimant

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

### Electronic Distribution:
Claimant: garrison.jones@outlook.com
BUnit@azdes.gov

File

SR

# APPEAL/REOPENING DEADLINE:  NOVEMBER 29, 2019

## APPEAL RIGHTS

**THIS DECISION  WILL BECOME FINAL UNLESS  YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION:**

1. File your Petition for Review by Internet by going to www.azui.com and then clicking "Appeal a UI Decision."  (The option of filing an appeal by Internet is only available to claimants at this time.)

Page 5—Arizona Appeal No. U-1642697-001

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE OPTIONS BELOW:**

   2. Fax the Petition for Review to (602) 257-7056.

   3. Mail or hand deliver the Petition for Review to:

   ARIZONA DEPARTMENT OF ECONOMIC SECURITY
      Office of Appeals
      1990 W. Camelback Road, Suite 200
      Phoenix, AZ 85015

   4. Mail, hand deliver or fax the Petition for Review to any unemployment office in the United States or Canada.

The appeal is considered filed on the date: (A) postmarked by the United States Postal Service; (B) received by fax at the above number; or (C) received via the Internet or hand delivery.

You or your authorized agent must sign the appeal. Your appeal may be based on:

   a. Irregularity on part of presiding officer or other party to proceedings;
   b. Abuse of discretion on part of hearing officer whereby petitioner was deprived of a fair hearing;
   c. Newly discovered evidence which could not with reasonable diligence have been discovered and produced at time of original hearing;
   d. Error in admission or exclusion of evidence in Tribunal hearing;
   e. Error in law in Tribunal hearing; and/or
   f. Other good and sufficient grounds.

**The Appeals Board Chairman will refer your appeal to a single member for review. If you or the other party objects in writing to review by one member, three members of the Appeals Board will review the appeal.**

**AUDIO RECORDING OF YOUR HEARING:** To request an audio recording of the hearing, you may either:

   1. Call (602) 771-9019, or

   2. Fax your request to (602) 257-7056, or

   3. Mail or hand deliver your request in writing to:

      ARIZONA DEPARTMENT OF ECONOMIC SECURITY
      Office of Appeals

Page 6—Arizona Appeal No. U-1642697-001

1990 W. Camelback Road, Suite 200
Phoenix, AZ  85015

**CLAIM FILING:**  If you are a claimant who remains unemployed, you should continue to file your weekly claims while any appeal of this case is pending.  If you have questions regarding the filing or payment of claims, you should contact the unemployment insurance claims office.

**RIGHT TO BE REPRESENTED:**  You may have someone represent you.  If you pay your representative,  that person must be a licensed  Arizona attorney or must be supervised by a licensed Arizona attorney.  An employer may also use any employee of the business as its representative.  The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination  in admissions, programs, services, activities,  or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters  for people who are deaf, a wheelchair accessible location,  or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**MAIL OR HAND DELIVER PETITION TO:**

> **ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
> **Office of Appeals**
> **1990 W. Camelback Road, Suite 200**
> **Phoenix, AZ 85015**

**OR FAX TO:**     **(602) 257-7056**

| PETITION FOR REVIEW OF APPEAL TRIBUNAL DECISION |
| --- |

I, _____, appeal the Tribunal decision.

I believe the decision is wrong because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as needed)

**Signature:** _____ **Date:** _____

**Current Mailing Address:** _____
*(Street address)*

_____
*(City)*            *(State)*            *(Zip Code)*

6306823874

04:08:01 p.m.    06-22-2018       11 /28

US-107 (06/17)

# ARIZONA DEPARTMENT OF ECONOMIC SECURITY
## Unemployment Insurance Program

### This is your Wage Statement for your Unemployment Insurance claim.

Please examine it carefully to be sure that:
- Your name, address, and social security number are correct.
- All your wages and employers are correct.
- All the wages belong to you.

Date:    04/19/2018
Explanation:  ORIGINAL DETERMINATION
Local Office:   990
    PO BOX 29225 MAIL DROP 5895
    PHOENIX AZ 85038-9225

GARRISON JONES
705 W LIBERTY DR
WHEATON IL 60187-4842

The back of this form has:
- An explanation of this determination.
- What to do if any information on this form is missing or incorrect. Protest must be filed within 10 working days of the date on this form. Special information regarding military, federal-civilian wages, and wages earned in other states.

| 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 | 240.00 | 6,240.00 | 01/01/2017 | 12/31/2017 | 04/08/2018 | 04/06/2019 |
|---|---|---|---|---|---|---|

| VELOCITY TECHNOLOGY SOLUTIONS | 15,435.89 | 34,241.78 | 34,090.14 | 20,212.40 | 103,980.21 |
|---|---|---|---|---|---|

| TOTALS | 15,435.89 | 34,241.78 | 34,090.14 | 20,212.40 | 103,980.21 |
|---|---|---|---|---|---|

YOUR WEEKLY BENEFIT AMOUNT IS SHOWN IN ITEM C AND YOUR TOTAL AWARD IS SHOWN IN ITEM D.  PAYMENTS WILL BE MADE IF YOU FILE CLAIMS AS DIRECTED AND MEET ALL ELIGIBILITY REQUIREMENTS.

SEE REVERSE FOR AN EXPLANATION OF WAGE STATEMENT AND ADA STATEMENT
PAGE 9/10 * RCVD AT 5/22/2018 8:09:53 AM [US Mountain Standard Time] * SVR:DTGRFAXAPFP01A/16 * DNIS:1211 * CSID:* ANI:6302413224 * DURATION (mm-ss):05-08

Exhibit # 08

ASA - Claimant Exhibit - APS #: 1600605 - Type: OA - Exhibit #: 03 - Claimant Last Name: JONES