ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:  916-840-3150
Facsimile:  916-840-3159

Attorneys for Defendant
VELOCITY TECHNOLOGY
SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| GARRISON JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>　　　　Defendants. | Case No. 2:19-cv-02374-KJM-JDP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently with Notice of Motion for Summary Judgment; Separate Statement of Undisputed Facts; Request for Judicial Notice; Declaration of Jennifer Colvin]<br><br>DATE:　　　September 16, 2021<br>TIME:　　　10:00 AM<br>LOCATION:　Courtroom 9, 13th Floor<br>　　　　　　501 I Street<br>　　　　　　Sacramento, CA 95814<br><br>Complaint Filed: November 25, 2019<br>Trial Date:　　　None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:　Hon. Kimberly J. Mueller |
|---|---|

## I. INTRODUCTION

Summary judgment should be granted in favor of Defendant because Plaintiff released the claims he asserts in this case.

This employment dispute concerns the lawful separation of employment of Plaintiff Garrison Jones ("Plaintiff") by his former employer, Defendant Velocity Technology Solutions, Inc. ("Velocity"). As discussed in the papers already on file, Plaintiff began working for Velocity in

February 2017. He suffered a stroke in November of that same year. Although Plaintiff was not eligible for job-protected leave under the Family and Medical Leave Act (FMLA) because he had not been employed for at least 12 months by the company, Velocity nevertheless gave him time off from work and held open Plaintiff's position. Upon his one year anniversary with the company (February 20, 2018), Velocity granted Plaintiff twelve additional weeks of job-protected leave under the FMLA.

While on leave, Plaintiff filed a lawsuit against Velocity in the United States District Court for the Northern District of Illinois. He never returned to work again for Velocity and, on August 16, 2018, entered into a Confidential Negotiated Settlement Agreement and Full Release with Velocity, agreeing to dismiss the Illinois lawsuit and releasing "all known and unknown causes of action, claims, allegations, liabilities, losses, and damages of any kind," including "any claims: … (e) for violation of state or federal common law or statutory law including all claims arising under…the Family Medical Leave Act…"

Based on these undisputed facts, Plaintiff has released his claims in this action, regardless of whether the Court accepts Plaintiff's Complaint [DKT 1] or the FAC [DKT 41] as the operative pleading.[1] All of Plaintiff's claims in the Complaint and FAC relate to an alleged interference with rights under, or direct violations of, the FMLA during Plaintiff's employment. Because Plaintiff has released these claims, Velocity's motion should be granted in full.

## II.  STATEMENT OF ALLEGATIONS AND FACTS

### A.  Velocity Employs Garrison Jones and He Experiences a Stroke

Plaintiff alleges that he began working for Velocity in February 2017. [DKT 1 P. 22/47 ¶ 21; DKT 41 P. 10/41 Lines 13-16.] He experienced a stroke in November of that same year. [DKT 1 P. 23/47 ¶¶ 21, 43; DKT 41 P. 3/41 ¶ 4.] Because he was not then eligible for leave under the Family and Medical Leave Act, Velocity placed Jones on a temporary medical leave of absence beginning in November 2017. [DKT 41 P. 9.]

////

---

[1] As of the filing of this motion, the Court has not ruled on Velocity's September 25, 2020 Motion to Dismiss the Complaint and/or FAC. [DKT 43.]

B.  **Velocity Provides Plaintiff with Medical Leave as an Accommodation From November 2017 Until He Qualifies for Leave under the FMLA on February 20, 2018**

On January 23, 2018, Velocity sent Plaintiff papers regarding his eligibility for leave under the FMLA.  [DKT 41 P. 9.]  Plaintiff returned those papers on February 8, 2018.  *Id*.  On February 14, 2018, Velocity's Director of Human Resources emailed Plaintiff explaining that he had not been eligible for leave under the FMLA at the time of his stroke but that he would become eligible on his one year anniversary with the company.  *Id*.  She explained that he would become eligible for leave under the FMLA on February 20, 2018, and that leave would start and run for twelve consecutive weeks.  *Id*.  Velocity then granted Plaintiff leave under the FMLA from February 20 to May 15, 2018. *Id*.

C.  **While on Job-Protected Leave under the FMLA, Plaintiff Files Suit in the United States District Court for the Northern District of Illinois**

On May 8, 2018, Plaintiff, proceeding *pro se*, filed a lawsuit in the United States District Court for the Northern District of Illinois, *Garrison Jones v. Velocity Technology Solutions, et al.*, Case No. 1:18-cv-03288.  He alleged numerous causes of action, including harassment, discrimination, and other employment-related claims. *See,* Defendant's Request for Judicial Notice ("RJN"), Exh. A.

D.  **Plaintiff Settles the Illinois Case and Releases All Known and Unknown Claims, Specifically Including FMLA Claims**

On August 16, 2018, Plaintiff and Velocity entered into a Confidential Negotiated Settlement Agreement and Full Release ("Settlement Agreement") of the Illinois case.  [Statement of Undisputed Facts, No. 1.]  In exchange for consideration outlined therein, Plaintiff released Velocity "from all known and unknown causes of action, claims, allegations, liabilities, losses, and damages of any kind…" including "…(e) for violation of state or federal common law or statutory law including all claims arising under Title VII of the Civil Rights Act of 1964, the Employee Retirement Income Security Act, the National Labor Relations Act, the Labor Management Relations Act, ***the Family and Medical Leave Act***, the Fair Labor Standards Act… and other federal, state, or local laws relating to employment or separation from employment or benefits associated with employment…" *Id*. at ¶ 2

(emphasis added) [Statement of Undisputed Facts, No. 2.]  The parties filed a Stipulation for Voluntary Dismissal of the Illinois lawsuit, with prejudice, that same day.  [RJN, Exh. B.]

### III.   LEGAL STANDARD FOR SUMMARY JUDGMENT

A Motion for Summary Judgment should be granted whenever the moving party demonstrates that there exists "no genuine dispute as to any material fact" and that the movant is therefore "entitled to judgment as a matter of law."  Fed. R. Civ. Proc. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking a grant of summary judgment bears the initial burden of informing the court of the basis for its motion and, in particular, the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under governing law."  *Anderson*, 477 U.S. at 248.  There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S, 574, 587 (1986).

Affirmative defenses may be adjudicated in a motion for summary judgment.  *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (noting rule but finding defense not raised in answer).

### IV.   RELEVANT PROCEDURAL HISTORY

Plaintiff filed the Complaint on November 25, 2019.  [DKT 1.]  The Complaint named Velocity and several individuals as defendants.  In the Complaint, Plaintiff purported to assert various claims arising from his employment and separation of employment with Velocity.

On July 31, 2020, this Court, issued an Order and Findings and Recommendations in which it found that Plaintiff's Complaint, for screening purposes, alleges a potentially cognizable FMLA claim against Velocity based on the termination of Plaintiff's employment, and that all other claims were dismissed with leave to amend within thirty days.  [DKT 29.]  The Court directed Plaintiff to

file a Notice advising the Court whether Plaintiff would elect to proceed with the cognizable FMLA claim or file an amended complaint. *Id*.

On August 7, 2020, Plaintiff filed a Notice of Election to Proceed only with the FMLA interference claim. [DKT 30.] On August 12, 2020, the Court issued an Order based on this Election, by which service was to be effected on Velocity. [DKT 31.]

Notwithstanding his election to proceed only with the FMLA interference claim rather than file an amended complaint, Plaintiff filed the First Amended Complaint ("FAC") on September 10, 2020. [DKT 41.] The FAC purported to state the claims that this Court had dismissed. Velocity filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 41(b) and 12(b)(6) on September 25, 2020. [DKT 43.] In the Motion to Dismiss, Velocity asked the Court to enter an order dismissing the Complaint [DKT 1] and the improperly filed FAC [DKT 42] or, in the alternative, dismissing the FAC. The Court has not yet ruled on this Motion.

On November 13, 2020, Velocity filed its Answer to the Complaint [DKT 62]. As required by Federal Rule of Civil Procedure 8(c), Velocity asserted release as an affirmative defense:

> Plaintiff's Complaint, and each alleged (and surviving) cause of action therein, is barred because and to the extent that Plaintiff previously settled and released all rights to the claims presented herein.

[DKT 62, at ¶ 11.]

The Motion to Dismiss [DKT 43] provides the Court with adequate grounds to dismiss the Complaint and, to the extent it is deemed properly filed, the FAC. Nevertheless, because the Settlement Agreement provides an additional, independent basis to terminate this case, Velocity files this Motion as an alternative to its Motion to Dismiss.

### V. THE SETTLEMENT AGREEMENT AND FULL RELEASE COVERS EVERY CLAIM ASSERTED IN THIS ACTION.

A release of claims is "governed by the principles of local law which apply to [the] interpretation of contracts generally." *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (internal citations omitted). The Settlement Agreement includes an Arizona choice of law provision: "The Parties agree this Agreement will be governed by Arizona

law." [Declaration of Jennifer Colvin in support of Defendant's Motion for Summary Judgment ¶ 3, Exhibit 1.]  Under Arizona law, when interpreting a contract, the court seeks to discover and effectuate the parties' expressed intent. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152 (1993).  In doing so, courts construe the provisions "according to their plain and ordinary meaning," *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350 (2016), unless it can be shown that the parties intended a special meaning. *Taylor*, 175 Ariz. at 153.  A provision's meaning must be considered in the context of the entire contract. *See, Climate Control, Inc., v. Hill*, 86 Ariz. 180, 188 (1959).  Courts must reconcile and give effect to all terms of the contract to avoid any term being rendered superfluous. *Taylor*, 175 Ariz. at 158, fn. 9.[2]

In this case, the language of the Settlement Agreement is clear:

> "To the fullest extent legally permissible, **Jones knowingly and voluntarily releases,** relinquishes, waives, and forever discharges **the Company**… **from all known and unknown causes of action, claims, allegations, liabilities, losses, and damages of any kind** Jones has alleged, brought or sought or could allege, bring or seek against Released Parties as of and including the date this Agreement is executed by Jones**, including those based on additional or later discovered facts, circumstances, information, claims, causes of action, or theories.** This Agreement does not, however, apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement.
>
> **Potential claims against the Released Parties that Jones is releasing, include, but are not limited to, <u>any claims</u>: (a) arising out of or based on Jones's employment with the Company** and/or his resignation thereof; **(b) arising under the Company's policies, plans, or practices,** including those regarding promotion, compensation, overtime pay, commissions, vacation pay, bonuses, expenses, or benefits; (c) based in tort, contract, or equity… (d) for harassment, discrimination, retaliation or violation of public policy; **(e) for violation of state or federal common law or statutory law including all claims arising under Title VII of the Civil Rights Act of 1964…the Family and Medical Leave Act**… the Age Discrimination in Employment Act, the Older Workers Benefit and

---

[2] Although the parties agreed that Arizona law would govern the Settlement Agreement, California law is similar.  When considering a release, the court should "give effect to the parties' mutual intent as it existed" when they entered into their agreement. *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (quoting *Skrbina v. Fleming Cos*, 45 Cal.App.4th 1353 (1996)).  Absent ambiguity or uncertainty in the agreement, the parties' intent should be inferred from the language in the release. *Id*. (citing Cal. Civ. Code §§ 1638, 1639). " 'Where contract language is clear and explicit and does not lead to absurd result, [the court] ascertains intent from the written terms and go[es] no further.' " *Shaw v. Regents of Univ. of Cal.*, 58 Cal.App.4th 44, 53 (1997) (quoting *Ticor Title In. Co. v. Employers Ins. Of Wausau*, 40 Cal.App.4th 1699, 1707 (1995)).

Protection Act, the Equal Pay Act… and other federal, state, or local laws relating to employment or separation from employment or benefits associated with employment; and **(f) for emotional distress, mental anguish, humiliation, or personal injury.**"

[Statement of Undisputed Facts, No. 2 (emphasis added).]

The broad release language of the Settlement Agreement covers the claims asserted in this case. It starts by releasing "all known and unknown causes of action, claims, allegation, liabilities, losses, and damages of any kind Jones has alleged, brought or sought or could allege, bring or seek against the Released Parties as of and including" the date it was signed, which was August 16, 2018. The Settlement Agreement then recites a non-exhaustive list of examples of the claims Plaintiff agreed to release, including "any claims… (a) arising out of or based on Jones's employment with the Company…"; "any claims… (e) for violation of state or federal common law or statutory law including all claims arising under… the Family and Medical Leave Act…"; "any claims… (f) "for emotional distress, mental anguish, humiliation [and] personal injury." *Id*. These are the exact claims pleaded by Plaintiff in the Complaint and FAC. [DKT 1 and 41.]

Because Jones has released his claims in this matter, Velocity has shown that there is no genuine dispute as to any material fact and Velocity is entitled to judgment on its Seventh Affirmative Defense (Release). [DKT 62, at ¶ 11.]

## VI. CONCLUSION

Plaintiff previously filed a lawsuit in the Northern District of Illinois arising out of his employment with Velocity and the termination of that employment. He settled that lawsuit for a substantial sum in exchange for a complete release of claims. More than a year later, Plaintiff brought the instant action asserting claims he expressly released. Plaintiff's claims are barred and summary judgment must be granted in Velocity's favor.

DATED: August 13, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.

44914614.1