# EXHIBIT 1

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND FULL RELEASE

This Negotiated Settlement Agreement and Full Release ("Agreement") is made between Garrison Jones on behalf of himself, his agents, assigns, heirs, estates, executors, administrators, beneficiaries, and representatives ("Jones") and Velocity Technology Solutions, Inc. (the "Company"). Jones and the Company are sometimes collectively referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

NOW THEREFORE, the Parties knowingly and voluntarily agree to the following terms, promises, and conditions.

1. **Settlement Consideration and Payment**. As valid and sufficient consideration to which Jones agrees he was not previously entitled for this Agreement and the promises, obligations, and undertakings described herein, and in full settlement for any and all damages or relief to which Jones could possibly be entitled from Released Parties, the Company agrees to pay Jones the gross amount of One Hundred Seven Thousand Five Hundred Dollars ($107,500) (the "Settlement Payment"). The Settlement Payment shall be allocated and paid as follows:

     **(a)** **Wage Income.** $26,875 for lost wages by check or wire transfer made payable to Jones, with applicable taxes and other withholdings withheld. The Company will furnish a W-2 to Jones, which includes this payment at the appropriate time.
     **(b)** **Non-Wage Income.** $80,625 for compensatory non-wage damages by check or wire made payable to Jones. The Company will issue an IRS Form 1099 to Jones for this payment.

The Settlement Payment shall be inclusive of all claims for attorneys' fees (except for the Attorney Fee Reimbursement expressly provided at the end of this paragraph, as applicable), expenses, or other costs. Jones acknowledges that the Settlement Amount shall not be paid until Jones provides an executed 2017 version W-9 to the Company. The Settlement Payment shall be made promptly after all of the following have occurred: (a) the Company's receipt of an executed and effective Agreement; (b) the Company's receipt of executed and effective documents that provide for full and final withdrawal of the Charges and dismissal of the Lawsuit with prejudice; and (c) the receipt of any other

applicable documents necessary for completion of any and all additional actions necessary to effectuate the terms and conditions of this Agreement, including the withdrawal of the Charges and dismissal of the Lawsuit. Jones agrees and acknowledges that the Company's receipt of all items described in this Paragraph is a condition precedent to the Company's obligation to tender the Settlement Payment. In addition to the Settlement Payment, Jones shall be entitled to reimbursement for attorney's fees incurred in connection with the negotiation of this Agreement, capped at $3,000 (the "Attorney Fee Reimbursement"); provided, that any such Attorney Fee Reimbursement shall be subject to the Jones' submission of documentation evidencing such fees.

Jones agrees and acknowledges that he has not relied on any representations made by the Company or its attorneys relating in any way to the tax treatment of the Settlement Payment and that he is solely responsible for reporting the Settlement Payment, filing the appropriate tax forms, and paying his share of any and all taxes that may be due and owing as a result of the Company's payment of the Settlement Payment. Jones agrees to indemnify and make whole the Company in the event that any governmental or taxing authority asserts against the Company any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the allocation and payment of the Settlement Payment.

2. **Release of Claims**. To the fullest extent legally permissible, Jones knowingly and voluntarily releases, relinquishes, waives, and forever discharges the Company and all past, present or future owners, investors, officers, directors, employees, shareholders, partners, predecessors, successors, acquirers, purchasers, affiliates, related entities, agents, representatives, insurers, attorneys, employee benefit plans or funds, fiduciaries, trustees, successors and assigns, whether acting on behalf of the Company or in their individual capacities (collectively, "Released Parties") from all known and unknown causes of action, claims, allegations, liabilities, losses, and damages of any kind (including attorneys' fees, costs, interest, and claims for reimbursement) Jones has alleged, brought or sought or could allege, bring or seek against Released Parties as of and including the date this Agreement is executed by Jones, including those based on additional or later discovered facts, circumstances, information, claims, causes of action, or theories. This Agreement does not, however, apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement.

Potential claims against the Released Parties that Jones is releasing include, but are not limited to, any claims: (a) arising out of or based on Jones's employment with the Company and/or his resignation thereof; (b) arising under the Company's policies, plans, or practices, including those regarding promotion, compensation, overtime pay, commissions, vacation pay, bonuses, expenses, or benefits; (c) based in tort, contract, or equity including defamation, negligence, negligent hiring, negligent supervision, invasion of privacy, false imprisonment, negligent misrepresentation, fraud, breach of an express or implied contract, breach of the covenant of good faith and fair dealing, detrimental reliance, unjust enrichment, and promissory estoppel; (d) for harassment, discrimination, retaliation or violation of public policy; (e) for violation of state or federal common law or statutory law including all claims arising under Title VII of the Civil Rights Act of

1964, the Employee Retirement Income Security Act, the National Labor Relations Act, the Labor Management Relations Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Occupational Health and Safety Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Genetic Information Nondiscrimination Act, the Health Insurance Portability and Accountability Act, the Age Discrimination in Employment Act, the Older Workers Benefit and Protection Act, the Equal Pay Act, the Fair Credit Reporting Act, the Arizona Employment Protection Act, the Arizona Civil Rights Act, the Arizona Wage Statutes, the Illinois Human Rights Act, the Fair Wages and Healthy Families Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, 42 U.S.C. § 1395(b)(3)(A), and other federal, state, or local laws relating to employment or separation from employment or benefits associated with employment; and (f) for emotional distress, mental anguish, humiliation, or personal injury.

3. **Protected Rights.** Nothing in this Agreement prohibits or restricts Jones from initiating communications directly with, responding to any inquiry from, providing information to, or providing testimony before any self-regulatory organization or state or federal regulatory authority or agency or prevents Jones from receiving an award as a result of these actions. This Agreement also does not affect Jones' right to file an administrative charge with or participate in an investigation or proceedings conducted by any federal, state, or local administrative agency. Jones does, however, knowingly and willingly waive his right to any monetary damages or equitable relief, including reinstatement, arising from or relating to any administrative charge or proceeding.

4. **Withdrawal of Charges and Stipulation to Dismiss Lawsuit**. As consideration and a material inducement for the Company to enter into this Agreement, Jones agrees to voluntarily, fully, and permanently withdraw the Charges and to take all steps necessary to obtain the approval of their withdrawal, including executing and expressly authorizing the Company to send the Withdrawal Request Letters and the Illinois Department of Labor Acknowledgment, attached as <u>Attachment A</u>, to the pertinent agencies. Further, Jones agrees to dismiss the Lawsuit with prejudice and to take all necessary steps necessary to obtain the dismissal with prejudice including executing and authorizing the Company to file the Stipulation for Voluntary Dismissal, attached as <u>Attachment B</u>, with the District Court.

5. **Affirmations**. Jones knowingly and willingly consents, agrees and affirms that: (1) as of the date of this Agreement, he has been paid or provided all amounts due to him as wages, commissions, bonuses, insurance, benefits, overtime, reimbursements, and any other monies or benefits due and owing to him and/or resulting from his employment with the Company and he understands that his benefits will end consistent with applicable law and policy or plan terms because his employment has ended; (2) other than as alleged in the Charges and the Lawsuit, he was not subjected to any unlawful harassment, discrimination, or retaliation during his employment; (3) he has been granted any and all paid or unpaid leave to which he was entitled under any policy, practice, or federal, state or local leave or disability accommodation laws; (4) he has no known workplace injuries or occupational diseases; (5) other than the Charges and the Lawsuit, he has not filed, pursued, participated in, opted-into, or will permanently withdraw or

dismiss with prejudice any other claim, cause of action, lawsuit, or administrative charge against Released Parties; (6) if any complaint, cause of action, lawsuit, or claim that has been released in this Agreement is filed, re-filed, or brought by anyone including third parties, he will not accept any damages, attorneys' fees, or equitable relief relating to any such claims or causes of action; (7) he is not subject to any garnishments, judgments, liens, or child support orders and has not assigned or transferred his rights to any claim or cause of action or otherwise impaired, by bankruptcy or otherwise, his ability to sign a complete and binding release of any and all claims released in this Agreement; and (8) he shall not be deemed a "prevailing party" for the purposes of any fee shifting statute, rule, or agreement.

6. **Future Employment**. Jones agrees that he voluntarily, knowingly, and permanently waives his right to reinstatement or reemployment and will neither seek nor accept future or reemployment with the Company or any of its parent, affiliated, related or successor entities at any time in the future. Jones understands and agrees that the Company is entitled to reject any application for employment by him without cause.

7. **Medicare**. This settlement is based upon a good faith resolution of a disputed claim. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Jones' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this settlement. Jones further affirms that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not 65 years of age or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or that he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Jones further affirms that he has made no claim for illness or injury against nor is he aware of any facts supporting any claim against the Released Parties under which the Released Parties could be liable for medical expenses incurred by Jones before or after the execution of this agreement. Jones further affirms that because he is not a Medicare recipient as of the date of this release, Jones is aware of no medical expenses which Medicare has paid and for which the Released Parties are or could be liable now or in the future. Jones agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Jones will indemnify, defend, and hold Released Parties harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Jones further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq.*

8. **Additional Acts**. Jones agrees, represents, and warrants that he will take any and all acts necessary to comply with and fulfill his obligations under and/or to effectuate

4

the terms, conditions, and purpose of this Agreement, including cooperating with the Company to obtain the full and permanent withdrawal of the Charges, the dismissal with prejudice of the Lawsuit, and any other necessary withdrawals, dismissals with prejudice, or court or agency approvals.

9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

10. **Confidentiality and Non-Disparagement**. Except as required by law, Jones will not disclose this Agreement or its terms, including the Settlement Payment, to anyone other than his immediate family, attorney(s) or accountant(s). Jones also agrees not to make any disparaging statements or remarks regarding any of the Released Parties. Jones agrees that he will inform any immediate family member, attorney(s) and/or accountant(s) to whom he discloses any of the terms of this Agreement or the circumstances surrounding its making of the confidentiality obligations imposed by this Paragraph, or make any written or oral public statement, announcement, or originate any news release about the Company or any Released Parties, and will expressly instruct each of them to honor and abide by these obligations as well. If any other inquiries arise concerning any matters addressed in this Agreement (including the existence of this Agreement or payment of monies hereunder), Jones agrees that he will reply only that "the matter has been resolved," and will make no other comment. In the event Jones receives a subpoena or court order requiring the release of this Agreement or its contents, Jones will notify the Company sufficiently in advance of the date for the disclosure of such information to enable the Company to contest the subpoena or court order. Jones further agrees not to disclose or divulge to any individual or entity any of the Company's proprietary or confidential information including Company product, customer, marketing, pricing, and/or rebate information. Jones acknowledges and agrees that these confidentiality and non-disparagement provisions are material terms and that it could be impractical or extremely difficult to establish damages by reason of a breach of the confidentiality or other provisions of this Agreement. Accordingly, Jones acknowledges and agrees that in addition to the damages, attorneys' fees and/or other remedies at law the Company can seek, without posting a bond, injunctive relief to halt the breach of this Paragraph. Jones further consents to the entry of injunctive relief against him if a court determines that such a breach has occurred and agrees to pay the Company its reasonable attorneys' fees, costs, and disbursements incurred in any such action.

11. **Time to Consider and Knowing and Voluntary Agreement**. Jones acknowledges and agrees that he has been given reasonable and sufficient time to consider, negotiate, and have this Agreement reviewed by an attorney of his choice before signing it. Jones represents and warrants that he has carefully read this Agreement, has had all questions regarding its meaning answered to his satisfaction, and that he fully understands it. Jones further represents and warrants that he is freely, voluntarily, and

without duress or undue influence, signing this Agreement only after fully reading, considering, and understanding it.

12. **Successors in Interest**. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, legal representatives, and successors in interest including, without limitation, any company into which the Company may be merged or by which it or any substantial portion of its assets or business may be acquired. This Agreement cannot be assigned by Jones, but the rights, duties, and obligations under this Agreement can be assigned by the Company to any affiliate, subsidiary, parent, successor, acquirer, purchaser, buyer, or seller.

13. **Plain Language; Severability; Applicable Law; Modification; Waiver**. Jones acknowledges and agrees that this Agreement shall be interpreted based on the plain meaning of its language and shall not be construed for or against any Party. If any portion of this Agreement is deemed void or unenforceable for any reason, the unenforceable portion will be deemed severed from the remaining portions of this Agreement, which will otherwise remain in full force. The Parties agree this Agreement will be governed by Arizona law. This Agreement may not be modified except through a written document signed by an authorized representative of each Party. No waiver of any of the provisions of this Agreement will be binding unless executed in writing by the waiving Party nor will any waiver be a continuing waiver or waiver of any other provision.

14. **Recitals and Titles**. The Parties acknowledge and agree that the above recitals are true and correct and are part of this Agreement. The Parties also acknowledge and agree that the titles of the Agreement's Paragraphs are intended solely for convenience of reference and are not intended and shall not be deemed for any purpose whatsoever to modify, explain or place any construction upon this Agreement or affect the meaning or interpretation thereof.

15. **Entire Agreement**. This Agreement contains the entire and complete understanding and agreement between the Parties on all subjects addressed or contained in these agreements and it replaces and supersedes any and all other verbal or written discussion or agreements regarding the subject matter addressed herein.

16. **Counterparts**. This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. Executed faxed copies or PDF copies transmitted via email are effective and enforceable.

17. **Attorneys' Fees**. In the event any action, lawsuit, arbitration, demand, or adjudication is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to recover attorneys' fees, expenses, and costs in addition to any other available damages or relief.

**JONES ACKNOWLEDGES THAT HE HAS READ AND FULLY UNDERSTANDS THE FOREGOING AND LEGALLY BINDING PROVISIONS**

OF THIS AGREEMENT AND FREELY AND WITHOUT RESERVATIONS ENTERS INTO THIS AGREEMENT.

_____          DATE: August 16, 2018
Garrison Jones

Velocity Technology Solutions, Inc.          DATE: August 16, 2018

_____
By: Robert Orsahw

_____COO_____
Its: