1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GARRISON JONES,                            Case No.  2:19-cv-02374-KJM-JDP (PS)

12              Plaintiff,                        FINDINGS AND RECOMMENDATIONS
                                                  THAT:
13         v.
                                                  DEFENDANT'S MOTION TO DISMISS BE
14    VELOCITY TECHNOLOGY                         GRANTED IN PART AND DENIED IN PART
      SOLUTIONS,
15                                                ECF No. 43
                Defendant.
16                                                OBJECTIONS DUE WITHIN 14 DAYS

17

18         On July 31, 2020, the court screened plaintiff's complaint and found that it alleged a

19    potentially cognizable Family Medical Leave Act ("FMLA") claim against defendant Velocity

20    Technology Solutions.  ECF No. 29.  The court asked plaintiff either to elect to proceed on that

21    claim or to file an amended complaint within 30 days.  *Id.* at 11.  On August 7, 2020, plaintiff

22    filed a notice of election to proceed only with the FMLA interference claim against Velocity.

23    ECF No. 30.  The court ordered service on Velocity.  ECF No. 31.  Plaintiff's other claims were

24    dismissed without prejudice.  ECF No. 48.  On September 10, 2020, plaintiff filed a first amended

25    complaint against Velocity under the FMLA.  ECF No. 41.  On September 25, 2020, defendant

26    filed the instant motion to dismiss.  ECF No. 43.

27

28

                                                   1

1

**Legal Standard**

2     "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

3 legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v.*

4 *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure

5 requires a complaint to contain "a short and plain statement of the claim showing that the pleader

6 is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must

7 contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

8 face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

9 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that

10 allows the court to draw the reasonable inference that the defendant is liable for the misconduct

11 alleged." *Iqbal*, 556 U.S. at 678.

12     In assessing the sufficiency of the pleadings, "courts must consider the complaint in its

13 entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

14 to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

15 which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

16 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and

17 construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media*

18 *Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that

19 a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

20 conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

21 conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can

22 provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679.

23 Those facts must be sufficient to push the claims "across the line from conceivable to plausible."

24 *Id.* at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim

25 is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and

26 citation omitted).

27     Where a plaintiff appears without counsel in a civil rights case, the court must construe

28 the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los*

2

1   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is

2   "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

3   1992).  In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply

4   essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of*

5   *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

6         When a complaint or claim is dismissed, "[l]eave to amend should be granted unless the

7   district court determines that the pleading could not possibly be cured by the allegation of other

8   facts."  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is

9   not required where permitting further amendment to the pleadings would be futile.  *See*

10  *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

11  **Discussion**

12        As an initial matter, defendant seeks to have this case dismissed for plaintiff's failure to

13  follow court orders and to have the court to ignore plaintiff's first amended complaint.  ECF No.

14  43 at 5-7.  Defendant claims that when plaintiff elected to proceed on his FMLA claim against

15  Velocity, he was foreclosed from filing a first amended complaint.  But plaintiff can amend his

16  complaint once as a matter of course; it was not a violation of any rule or court order for plaintiff

17  to do so.  Fed. R. Civ. P. 15(a)(1).  The first amended complaint, ECF No. 41, is the operative

18  complaint in this case.

19        Defendant also moves to dismiss on the merits, arguing that the amended complaint does

20  not state an FMLA claim because plaintiff was not eligible for FMLA leave at the time he alleges

21  interference.  ECF No. 43 at 8.  Defendant asserts that plaintiff's other FMLA claims, which were

22  previously dismissed, remain non-cognizable in the first amended complaint.  *Id.*

23        Plaintiff began working for defendant on February 20, 2017.  *See* ECF No. 41 at 9.  On

24  November 18, 2017, he went on a medical leave of absence.  *Id.*  Plaintiff's medical leave was

25  extended to February 20, 2018.  *Id.*  On that date, he became eligible for FMLA leave because he

26  had worked for defendant for one year; he was given twelve weeks—until May 15, 2018.  *Id.*

27  Velocity notified plaintiff of his FMLA eligibility on January 23, 2018, *id.* at 11-12, and approved

28  his FMLA leave on February 20, 2018, *id.* at 31.  While on FMLA leave, plaintiff was notified of

his employment termination on March 15, 2018.  *Id.* at 26.  Plaintiff was cleared to work by his doctor starting March 20, 2018.  Plaintiff applied for unemployment benefits from the state.  However, defendant subsequently recognized that plaintiff's termination was an error and confirmed that plaintiff was still employed while on FMLA leave through May 15, 2018.  *Id.* at 24, 27.

"The FMLA creates two interrelated substantive rights: first, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave."  *Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1122 (9th Cir. 2001) (citing 29 U.S.C. §§ 2612(a), 2614(a)).  Congress has made it unlawful for an employer to interfere with, restrain, or deny an employee's exercise or attempt to exercise those rights.  29 U.S.C. § 2615(a)(1).  Regulations specifically prohibit discriminating or retaliating against an employee for having exercised or attempted to exercise FMLA rights.  29 C.F.R. § 825.220(c).

To state an FMLA interference claim, a plaintiff must allege that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled."  *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Plaintiff claims that Velocity interfered with his rights when it did not notify him of his eligibility until January 2018, and did not approve his leave until the following month.  ECF No. 41 at 31-33.  But because plaintiff was not eligible for FMLA leave until February 20, 2018, Velocity could not have interfered with plaintiff's FMLA protections in January.  *See Sanders*, 657 F.3d at 778.  Plaintiff's first FMLA interference claim regarding notice must be dismissed.  I recommend dismissal with prejudice as further leave to amend would be futile.

Plaintiff next claims that his employment was terminated while he was on leave.  As was the case with the original complaint, the first amended complaint does state a claim for FMLA interference based upon plaintiff's termination.  He was eligible for and entitled to FMLA's protections in March 2018 and was using FMLA leave benefits when Velocity allegedly

terminated his employment without reason.  Velocity argues that plaintiff was not actually terminated or that his termination was a mistake as plaintiff was on FMLA leave.  However, plaintiff asserts that the state agency that approved his unemployment benefits found him to have been terminated.  ECF No. 41 at 16.  Dismissal of plaintiff's FMLA interference claim based upon his termination of employment is not appropriate at this stage.

Accordingly, I recommend that defendant's motion to dismiss, ECF No. 43, be granted in part and denied in part.  Plaintiff should be permitted to proceed on his FMLA interference claim based upon defendant's termination of his employment.  Plaintiff's other FMLA claim should be dismissed without leave to amend.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     August 13, 2021     _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE