# U.S. DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

   **Plaintiff,**

   v.

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**
   **Defendants.**

**Case No.: 2:19-cv-02374 KJM-JDP**

**JURY TRIAL DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE



FILED
AUG 1 6 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

## Plaintiff Opposition to Defendants motion for Summary Judgement

## Introduction

1. First of all the plaintiff is opposed to the defendants motion for summary judgement as they claim that this issue was previous settled and per their affirmative defense seven filed on November 13, 2020.

2. The court is aware that the extensive efforts of fraud and criminal violations of local, state and federal law that has been committed by the defendants with the advice, aiding and abetting of multiple attorneys from the law firm of Ogltree Deakins.

3. Specifically targeting the one desperate claim of release they have been claiming for over a year but has never produced, the plaintiff does hereby on the record state what is already known.  The commission of fraud and the entering into a contract for an illegal purpose or in connection to a contract immediately voids the entire contract.

Equally, a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the released party.

1. This statutory amendment resulted from California Senate Bill No. 1431. As Section 3 of the bill states, the amendments "are declaratory of existing law." Other than grammatical tweaks, the amended version of Section 1542 adds "releasing party" and "released party" alongside "creditor" and "debtor" and also changes "must have materially affected" to "would have materially affected" regarding the creditor's or releasing party's decision to settle.

2. Next based on the felony criminal violations committed by the defendants and their counsel where they intentional omitted material information in connection to the fabricated FMA complaints and charges they filed with the US department of Labor which constitute criminal felony fraud, the plaintiff in no capacity has the authority to release any claims of fraud and criminality committed against the federal government.  Only the federal government can do that.

3. Lawyers have ethical duties to inquire whether a client is seeking to use their services to commit fraud or other criminal activity.  There is no way that now over 4 years that Ogltree Deakins does not know or are aware that they were hired specifically to participate, advise, and council Velocity into committing fraud and criminal acts to prevent and relive them from any financial liability in connection with the unlawful termination of the plaintiff while on approved FMLA.  No one simply hires a so called tier one law firm to defend them against a parking ticket.

4. Based on their tract record of failure it is obvious Velocity has chosen the wrong representation.  They have lost every single engagement.

5.

6. Next, No release extends or can be extended to any claims or allegations, that were fraudulent concealed from the plaintiff.

7.

8. They have represented velocity from the beginning and have participated in the fraud and criminal acts.

- 3 -

9. It's still important to note that collectively they have lost very single litigation despite their fraudulent approaches, documents and failure to stand up on the record for their guilty liable client Velocity / Navisite.

10. Their acts in filing this frivolous motion for summary judgement is the same as their multiple motions to dismiss, that have also been denied. It's a sheer act of desperation as they see the case against them mounting and overflowing with incriminating damaging evidence especially the multiple FOIA responses from the agency they committed multiple federal violations of the law against the US Department of Labor.

11. They have stated in these response that their records do not contain a single record of an FMLA complaint filed by Garrison Jones against Velocity Technology Solutions as well, they have via the same media confirmed that the false fabricated FMLA complaint planted in the files was not and could not have been made by Garrison Jones as well confirmation that Velocity and Ogltree Deakins received a copy of this false fabricated FMLA complaint before August of 2018.

12. Their responses speaks volumes and completely confirm what the plaintiff has been saying all along with that being this has always been a join, coordinated complicit conspiracy and extensive effort to cover-up, commit fraud, by deception and inducement to cover up for the termination of the plaintiff while on approved FMLA.

13.

14.

15. The plaintiff Garrison Jones does hereby notify the court for an order to deny defendants motion for summary judgement and strike the entire answer to the complaint and all Affirmative Defenses pursuant to FRCP Rule 12 (f) With Prejudice and also deny the defendants the right to amend.

16. This court has the authority and the duty to uphold res judicata and collateral estoppel.

17. The defendants counsel contends in their latest motion for summary judgement that the plaintiff while on FMLA filed a lawsuit in the northern District of Illinois. The plaintiff begs to differ on this statement.

18. The plaintiff was not on FMLA on May 8, 2018 because he had been terminated on March 15, 2018 from his former employer Velocity technology Solutions while on approved FMLA medical leave.

- 4 -

19.     His FMLA medical leave was terminated at the same time he was unlawfully terminated by Velocity.

20.     As well as a terminated employee he also was able to work for any organization.  However, Velocity with vengeance in its heart came after him once again filing false fabricated unemployment fraud against him, yet again behind his back, cowardly.

21.     Maybe if counsel was not so busy building cases of fraud they would have counselled Velocity to let this entire vengeance retaliation go.  Instead, they coordinated retaliation disguised as efforts of settlement where at the same time of the so called "negotiations" Ogltree Deakins client Velocity and specifically Shauna Coleman on the same date was busy contacting AZDES filing another false claim, allegation of falsely accusing the plaintiff of not being physically able to work.  May 4, 12018.

22.     Ogltree Deakins attorney Christopher Meister was tasked with "keeping the plaintiff occupied while this was going on.

23.     Or may after this false inducement failed it was the turn of the Velocity General counsel Chris Heller to present another false inducement of $3,000 for attorney fees claiming this is another attempt to settle the case in Northern Illinois.

**24.**     However after just one phone call the attorney found by the plaintiff immediately withdrew and declined to represent the plaintiff Garrison Jones because and I quote **"Your former employer ( Velocity) is up to some bullshit and I am not going to risk my license to practice law and get involved in this  shit"**

25.     **Sent:** Tuesday, June 26, 2018 10:56 AM
**To:** Chris Heller <chris.heller@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@outlook.com>
**Subject:** Re: Attorney fees

26.

27.     Mr. Heller:

28.

29.     As of today, we will not be representing Mr. Jones in this matter.

30.     Luke A. Casson

31.

32.

On Jun 26, 2018, at 10:31 AM, Chris Heller <chris.heller@velocitycloud.com> wrote:

33.     **Communication for Settlement Purposes Only**

34.     Luke/Garrison,

35.     Velocity is willing to pay up to an additional $3,000 as part of the settlement agreement for Mr. Jones to use in connection with his engagement of counsel on this matter.

36.     I have attached the previous email to Mr. Jones related to this offer.

37.     Velocity cannot get involved in the engagement arrangements between you and this must remain between you two.

38.     Regards,

39.     Chris

40.     He was right it was a scam, at the same time, Velocity was filing unemployment fraud against the plaintiff and had no intention of doing anything to settle or resolve the litigation,  It at all times was a setup.


41.     If counsel this issue has already been adjudicated in an appeal file by the plaintiff and upheld on an appeal filed by Ogltree Deakins attorney Christopher Meister where the court denied as dismissed the appeal and again upheld when after the court clearly stated there was no right to appeal its decision, instead Ogltree Deakins filed a "Request **to reopen**" that was also denied by the Arizona court of appeals.

42.     If counsel or any number of the 900 lawyers had the guts to attend all of these prior proceedings they would have heard first hand as these decisions were being made.  Instead, **they hid in the bushes as a member of the cheap**

**seats when they should have been up front and center in front of the judge on behalf of their guilty client.**

43.    The defendants motion for summary judgement Document 83 filed on August 13, 2021.

44.    It is yet again apparent that the defendants and their counsel from Ogltree Deakins specifically Ogltree Deakins attorney Anthony Decristoforo are again in desperation mode.

45.    In multiple prior pleadings including the last one filed over 9 months ago by Ogltree Deakins attorney Paul Smith where they have repeatedly flipped and flopped on the FMLA Status of the plaintiff, going from he is/was eligible to was not eligible for FMLA or FMLA protection.

46.    The defendants now are attempting to claim that the fabricated FMLA complaint uncovered by the plaintiff now falls under the known and unknown claims in the illegal unenforceable agreement.

47.    What they are again attempting to do is disconnect themselves from the filing of the false fabricated FMLA complaint in their files dated July 19, 2018 where the fabricated release letter is attached to.

48.    All is does is again prove they are still actively participating in the fraudulent concealment of their criminal violations committed against the US Department of Labor.

49.    The false fabricated FMLA complaint file filed on July 19, 2018 was not an unknown claim it was planted in the files of the US Department of Labor as **a holding spot/placement slot for the fabricated release letter hand delivered to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin.**

50.    Ogltree Deakins and Velocity were the only organizations who knew it existed before August 2018.  This again is no coincidence.

51.

52.     The plaintiff contends that it does not.  The defendants defined that the US Department of Labor contained a complaint/charge dated May 22, 2018 and that it existed in the files of the US Department of Labor. There have been four attorneys from Ogltree Deakins, Christopher Meister, Ryan Mangnum, Paul Smith, and Anthony Decristoforo who all have filed pleadings, appeals to different jurisdictions on the FMLA status of the plaintiff all dependent on which one appears to be in their favor at the time.

53.     In addition, they have at all times attempted to "disconnect" the termination of the plaintiff from his FMLA leave and FMLA protection, glossing over it again depending on if it was in their favor or advantage to do so.

54.     Attorney Anthony Decristoforo is the worst of the bunch as in previous pleadings filed by him he has went back and forth on this topic.

55.     In addition, he has been caught in lies to this court via his pleadings where he falsely claimed that this complaint was virtually identical to a previous litigation filed by the plaintiff claiming he made these same claims/allegations in the prior litigation.  When It came time to prove there was an FMLA claim or allegation in the prior litigation, he angrily claimed it was immaterial and irrelevant as he could not prove that the plaintiff (which he did not) make a FMLA claim or allegation in that proceeding.  Even still he again filled a second motion to dismiss that was denied and failed.

56.     However, he again begins to fabricate claims, allegations in the current complaint in Document 1.

57.     In document 35 filed by this attorney, he made known false allegations about FMLA eligibility and even directed the courts attention to the location he imagined these statements he attributed to the plaintiff.

Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country. *Id.* at ¶ 8. Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations. And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites." Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

58.     However, just like in his prior pleading **none of these statements**, phrases are located in the entire document.

Now either he has some form of dyslexia or reading comprehension issues, all these statements are considered to be outright lies which is a staple quality that has been displayed by every single Ogltree Deakins attorney in all of the prior and current litigations.

a. He claims "the plaintiff alleges that he worked in various home office in Arizona, Illinois, Indiana and California.
b. The truth of the matter is the phase Arizona does not exist in the entire document.
c. The phrase **Illinois** does not exist in the entire document
d. The phrase **Indiana** does not exist in the entire document
e. The phrase **worksite** does not exist in the entire document
f. The phrase **Arizona** does not exist in the entire document

59. Then he goes on and attempts to himself disqualify the plaintiff for FMLA claiming none of these "worksites" are anywhere near Velocity locations.

60. However he is intentionally leaving out a fact that was established over 15 years ago from the department of labor where it addressed the remote, telecommuting employee and FMLA of those employees, attempting to exclude the plaintiff and his failure to do due diligence on his criminal client.

61. The US Department of Labor states that remote employees are eligible for FMLA and FMLA protection not because of their residence location but because they report to an office where their assignments are given our and their assigned work site where 40 or more employees work within 75 miles of this location.

62. This is the same configuration of the plaintiff and 70% of the employees who work for Velocity where they work from home, travel to different customer sites but just like the plaintiff all were assigned to Minneapolis or Charlotte worksite locations where they were given business cards and an extension at those locations with that location address as heir "**WORKSITE which makes them eligible for FMLA.**

63. Now however, in his latest flip/flop he does not state ineligible for FMLA now he is back on the bandwagon of this "imaginary release document that now over two (2) years Ogltree Deakins and Velocity / Navisite have threatened to "enforce and present to multiple jurisdictions and proceedings but for some reason (probably criminal) they have intentionally failed to do so.

64. The first and only indication of any sort of evidence they now want to present is what they call the " **declaration of Jennifer Colvin**" who is the Ogltree Attorney who by deception inserted the famous fabricated Department of Labor release letter amongst legitimate complaints filed by the plaintiff in order to obtain his signature hiding the content of the letter, then immediately snatching it away as if it was simply "**routine**"

- 10 -

Jennifer Colvin now has been identified as the "attorney: who sent the fabricated release letter to the US Department of Labor on August 24, 2018 as recorded in this contact log from the US Department of Labor

**WHISARD Complaint Information Form**

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

| | |
|---|---|
| *8/24/2018 1:43:46 PM* | *FILED-NO ACTION* |
| *7/19/2018 5:14:44 PM* | *INTAKE ONLY* |

Also where she included this letter that they claimed was an FMLA complaint by the plaintiff made on May 22, 2018 but in fact was a **thank-you letter to the agency** on providing direction based on his termination while on approved FMLA medical leave from Velocity.

It makes no logical sense that this "fabricated FMLA complaint where it is being alleged only by Velocity and Ogltree Deakins, that it Shows up 2 months after the false fabricated FMLA complaint was filed where normally in the real world the date of May 22, 2018 comes before July 19, 2019 and this false fabricated release letter

- 11 -

and the fabricated FMLA complaint they claim was filed on May 22, 2018 show up on August 24, 2018 because and only shows up because it was attached to the same release letter and we are supposed to believe that they say it was an official FMLA complaint with the US Department of Labor and that it is included in the illegal agreement that it is an official complaint/charge with the US department of Labor.

Makes no logical sense but shows how extensive the fraud and confusion they want this court to believe is part of legitimate, efforts and negotiations of settlement of a discrimination lawsuit settlement.

Now that the plaintiff was the one who diligently uncover the truth and criminal fraud committed upon this court where the defendants and Ogltree Deakins now are still not taking credit for the false fabricated FMLA complaint filed on July 19, 2018, they are now claiming that this discovery is covered under and now they are **considering it to be a known and unknown claims.**

This is what they are now trying to weasel out of putting it under what they think is a covered element of the illegal agreement.

Let's make it clear to the court.  This is again another attempt among a long list of criminal violations of the law that only implicates Velocity and Ogltree Deakins.

It is nothing more than proof that the defendants and Ogltree Deakins are still actively involved in the fraudulent concealment of claims and actions they intentionally committed intended to conceal, suppress

through fraudulent concealment, "the defendants conspired and employed "artifice, they also planned to prevent discovery inquiry or escape investigation, and mislead or hinder acquirement the knowledge of both the false fabricated FMLA complaints they filed and planted in the files of the US department of Labor along with other information disclosing a right of action, when they had the responsibility to disclose all of the information to the plaintiff.  Instead they remained silent and in the deception mode just as they had the duty and responsibility that from May 2018 until December 2018 had filed multiple false fabricated charges, allegations, claims and

against the plaintiff with AZDES the Arizona court of Appeals prior to and after August 2018.

The defendants and their attorneys from Ogltree Deakins are still actively participating in the fraudulent concealment of the FMLA claim they listed in the illegal agreement as well as a assisting Velocity in the concealment of all the individuals within their organization who were involved and participating in any and all of the concealment where Velocity and Ogltree Deakins would both be held liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person ( the plaintiff) entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

FRAUDULENT INDUCMENT AND CONCEALEMENT

The defendants and their attorneys from Ogltree Deakins had one and one only intent and that was to fraudulent induce and fraudulent concealment of the claims in connection with FMLA, they had no intention or care whatsoever about any of the other discrimination claims in the prior litigation. Their efforts and direction was concentrated on the FMLA termination of the plaintiff.

The plaintiff has already shown the where the defendants knowing made false statement of material fact and omissions as not to draw attention to the real reason for the illegal agreement they also knew what they were going was false and illegal, (2) known or believed to be false by the defendant; (3) intended to induce the plaintiff to act; (4) plaintiff acted in reliance on the truth of the representation; and (5) resulting damage but also they did multiple acts of deception to obtain his signature on the illegal fabricated release and release letter.

At no time did the plaintiff file with a local, state, or federal jurisdiction an FMLA complaint to charge.

- 13 -

However, the defendants and their attorneys felt it was necessary to not create one but multiple FMLA complaints and fabricated release letters.

As previously mentioned a release in any form is void when it was the intent of the defendants to intentional conceal the claim of FMLA from the plaintiff by deception fraud and criminal violations against the federal government that was committed prior to the agreement.

There was no record of any FMLA complaint made by the plaintiff on May 22, 2018.

However, this contact was attached to the only FMLA complaint in the WHISRD system used by the US Department of Labor and that complaint was an FMLA complaint that the defendants have never mentioned or recognized that they planted in the files/records of the US Department of Labor, in preparation of the inducement into the illegal, unenforceable agreement that the defendants have been claiming exist and vindicates them from any liability.

The date of this false fabricated FMLA complaint was made on July 19, 2018 and the documents sent to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018 as attached and associated with this false fabricated complaint because, Velocity and Ogltree Deakins knew that the low level employees of the US Department of Labor would first look in the WHISARD system for an official complaint and they would attached these documents to the first open complaint they fund and would do no investigation on none of the letters sent to them by Ogltree Deakins.

**This false complaint is still OPEN in the files of the US Department of Labor.** It was never assigned to an investigator, it was never updated internally by a single employee at the US Department of labor.

## PRIOR BAD ACTS

The defendants despite their efforts not to mention the existence of the false fabricated FMLA complaint under customer id 3850645 filed on July 19, 2018 there could be only two organizations who had a vested interest to file such a false fabricated FMLA complaint with the US department of Labor and that being Velocity and Ogltree Deakins.

They had done the same thing behind the plaintiffs back on May 7, 2018 where they thought they had gotten away with this same tactic of impersonation.

**I never contacted AZDES on May 7, 2018 but as you can see there is my cell phone number in the contact log** just as it is in the fabricated FMLA complaint filed with the US Department of Labor. I was unaware of this false claim/allegation until July of 2019 over a year later.

- 15 -

This the court knows was overturned on October 23, 2019.

However, this shows that they again thought they had not gotten caught and made the decision to do it once again on a higher stage and on July 19, 2018 they did the exact same thing and impersonated the plaintiff and planted a false fabricated FMLA complaint and planted it in the files of the US Department of labor, using personal identifying information that could only have come from Velocity in filing this false complaint.

**As rule 404 states under permitted use**

**(2)** *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

It was not a coincidence, it was Velocity and Ogltree even more than a year before the current litigation was even filed.  They had in their minds laid the foundation of fraud and what they thought was a defense of termination of the plaintiff while on FMLA and laid the foundation of inducement into an illegal agreement where they asserted by fraud and federal criminal violations of federal law and inserted them into the illegal unenforceable agreement.

If at any time, prior to this complaint if they had grounds to move forward to enforcing it, they would have done so.  Only now that the stakes are much higher did have they repeatedly referred to it as a means to end this litigation.

Like all the other false allegations, claims, complaints, this too will fail.

Prior documented bad acts are admissible and there are many to present to this court.

However, it does show that they were aware of its existence as they intentionally omitted the charge/complaint number from this illegal document.

## WHISARD Complaint Information Form

### U.S. Department of Labor
#### Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: | *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: | *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | |
|---|---|---|
| Name: | *Velocity Technology* | Primary Phone: 704-357-7705 ext. |
| Address: | *1901 Roxborough RD.* | Other Phone: ext. |
| | *Charlotte, NC 28211* | Fax: ext. |
| | | Email: |

| | |
|---|---|
| County: *Mecklenburg* | NAIC |
| Contact Name: | Gov. Contract, Furnishes   *N* |
| Contact Title: | Gov. Contract, Furnishes services:   *N* |
| Estimated # of locations: | Gov. Contract, Performs construction:   *N* |
| Headquarters location: | Gov. Contract, Other contract type:   *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract   *N* |
| Branch Name/location 2: | Est. expiration date of gov. |
| ER business status: | Estimated EEs affected: |
| Estimated $ADV: | Special Coverage: |
| Nature of Business: | Franchise:   *N* |
| Interstate Commerce: | Union Shop:   *N* |
| Number Of Employees: | ER Exempt?   *N* |

### Person Submitting Information

| | |
|---|---|
| Name: *Jones, Garrison* | Primary Phone: *916-870-4060* ext |
| Address: *705 West Liberty Drive* | Other Phone: ext |
| *Wheaton, IL, 60187* | Fax: ext |
| | Email: |
| | If not complainant, EE Name: |
| Is Customer complainant?   *Y* | |
| Verbal permission to use name   *N* | Verbal notification of Private Right |
| Written permission to use name   *N* | Action   *N* |
| Written permission to use name   *N* | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

The plaintiff has already proven to the US Department of Labor and this court that he did not and could not have filed this false complaint as at the time it was created, the phone number that is connected to this complaint, was disconnected over a month prior to it being made.

T··Mobile·

**TOTAL DUE**

**$202.15**

**Hi Jones,**

**Here is your statement for August.**

Enjoying your new Galaxy Note8 · Midnight Black · 64GB? Thanks for adding an Equipment Installment Plan with your NM32 2018 Q3 Samsung Galaxy with Add a Line. Details below.

---

**BALANCE FORWARD**

**-$106.64**

**This is what happened since your last bill:**
- Your last bill was $106.64
- Your total payments totaling $106.64

---

**PLANS**

**$226.23**

**This month's charges are $156.23 more**
- You have deactivated, T-Mobile ONE Unlimited 65
- You have added a T-Mobile ONE plan
- Enjoy your T-Mobile ONE Plan

**Your plan includes:**
- Unlimited data
- Mobile hotspot data to keep you connected up to 3G speeds

**Details @ t-mo.co/Plans**

---

**EQUIPMENT**

**$8.62**

**This month's charges are $8.62 more**

**The T-Mobile® app lets you easily:**
- Pay your bill anytime anywhere
- Upgrade your phone
- Get 24/7 support

**Download the app @ t-mo.co/App**

---

**SERVICES**

**$24.33**

**This month's charges are $14.33 more**

**Sample Global update:**
- We've added additional countries and destinations!
- Details, eligibility @ t-mo.co/SGCal

---

**ONE-TIME CHARGES**

**$49.61**

---

- 20 -

.It's clear that in the previous month his number was deactivated and he had been assigned a new cell number because of repeated blocked, restricted, private calls from Velocity as a means of harassment for over 3 months with the final straw where his cell number was entered into a fax machine that repeatedly called his cell number for over 5 hours every 15 minutes where finally it was turned off and disconnected.

Equally, the US Department of Labor verified that the defendants had received a copy of this false fabricated FMLA complaint prior to August 2018 and had knowledge of its existence but omitted the number from the document as not to draw attention to their  criminal illegal activity where they by the hand off Shauna coleman the personal cell number from his employee file and combined it with information from the civil case in Illinois and by impersonating the plaintiff  made it appear authentic that he was in fact the person who made this contact to the US Department of Labor.

Even in his response to the US Department of labor he stated there was a big problem and stated the same thing that the number in the false FMLA complaint  he had gotten rid of that number because of harassing calls from his former employer, Velocity technology Solutions.



There is a big problem. I did not make the complaint under your customer I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity. One of them was they impersonated me and made a false allegation to the Arizona Department of Economic Security claiming I was unable to work where they used that to deny me unemployment benefits. I informed them as well I never made that call because my physician had approved me to return to work on 3/23/2018. In their reason for the adverse negative decision, they claimed I said I was under the care of my doctor until 5/15/2018. This date is the same date matched on the certification from velocity that they sent to AZDES to claim I was on fmla and unable to work. There is no way I would yell AZDES that I was under his care when I was approved to return a month before this date.
They impersonated me. I appealed and won the appeal because I submitted the doctor statement showing the date of 3/22/2018.

So somehow in a span of over 11 months the defendants and their attorneys from Ogltree Deakins now have had all this time to conspire and they think they now have a plan to  pass off this illegal document as legitimate and apparently have a game plan to present it to this court as evidence.

I am certain that when the time comes they will not do so because as I have said in previous pleadings, I have alerted and kept abreast law enforcement and the state of Arizona that they have been stalling for over two and ½ years and that they have been aware of multiple legal proceedings where they could have appeared and

offered this illegal inadmissible document as a means to prevent any monetary award given to the plaintiff and has never done so.

As a result, the plaintiff has welcomed their participation but better minds have prevented them from appearing before any tribunal or jurisdiction to do so, knowing the ramification of the fact that the plaintiff on 5 separate occasions have obtained rulings in his favor, despite this illegal document in his favor.

The main, issue is if they have the guts to do so.  I can assure this court that I will be participating in any official proceeding and that I will be in the presence of law enforcement at that time of the proceeding so they can see/hear firsthand and see which Ogltree Deakins attorney who goes on the official record and presents this document as evidence and finally connects Velocity / Navisite to

Aggravated Identify theft
Making False Statements to a Federal agent and Agency of the US Government
Falsification and entry of know false record in the files of a federal agency
Criminal Fraud against the US federal government specifically the US Department of Labor
Criminal   fraud against a federal program jointly administered by the US Department of Labor and the State of Arizona just to name a few of the federal charges that anyone who walks into that court and presents this illegal document

Jul 23. 2018  4:44PM                                         No 1235  P. 3/16

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletree.com

Christopher J. Meister
602.778.3720
christopher.meister@ogletree.com

July 23, 2018

**Via Fax and First Class U.S. Mail**

Arizona Department of Economic Security
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015
Fax No. (602) 257-7056

RE:   Unemployment Insurance Claim, Garrison Jones
       Arizona Appeal No. U 1595392-001

To Whom It May Concern:

This firm represents Velocity Technology Solutions, Inc. ("Velocity" or "Employer"), in connection with Garrison Jones's ("Claimant") claim for unemployment benefits before the Arizona Department of Economic Security. We write to Request to Reopen the Decision of the Appeal Tribunal, dated June 22, 2018, which found that Mr. Jones qualifies for benefits because he was discharged from employment, but not for willful or negligent misconduct. The Appeal Tribunal's decision should be overturned because Mr. Jones has been employed by Velocity from the day he filed for unemployment benefits to this day.

As an initial matter, Velocity should not be precluded from requesting that the Appeal Tribunal's decision be reopened because it can show excusable neglect. Velocity had good reason not to appear at the hearing before the appeal tribunal on June 22, 2018. As Velocity communicated in its June 21, 2018 call to the Appeal Tribunal, Mr. Jones and Velocity have been negotiating the terms of his separation from employment. Velocity believed that appearing before the Appeal Tribunal to contest Mr. Jones's eligibility for unemployment benefits would disturb those discussions. Velocity and Claimant have continued their negotiations, and hope to soon reach an amicable agreement but unfortunately that has yet to occur.

Nevertheless, Mr. Jones is not eligible for unemployment benefits because he is still employed by Velocity. Under A.R.S. § 23-771, only an "unemployed individual" is eligible to receive benefits. A person is deemed "unemployed with respect to any week during which the individual performs no services and with respect to which no wages are payable to the individual .." A.R.S. § 23-621. Wages constitute "all remuneration for services from whatever sources, including commissions, bonuses,

- 24 -

July 23, 2018                                      **Ogletree**
Page 2                                            **Deakins**

and fringe benefits and the cash value of all remuneration in any other medium other than cash."
A.R.S. § 23-622. From February 2018 to the present, Velocity has continued to provide Mr. Jones
with health, dental, and vision benefits. Thus, Mr. Jones has received "wages" as defined by the
Arizona Revised Statutes, is not unemployed, and is, therefore, not eligible for unemployment
benefits.

Moreover, the Appeal Tribunal's findings of fact show that Mr. Jones was not discharged
from his position. The Appeal Tribunal's decision states that Mr. Jones believed he was discharged
because he was copied on an email indicating that he was no longer employed and because his job
was posted for hire. However, the evidence cited in the Appeal Tribunal's decision belies its own
conclusion. Mr. Jones claims he was copied on an email on March 15, 2018, in which a Senior Vice
President questioned whether he was still employed. But, on March 24, 2018, when Mr. Jones asked
Velocity's General Counsel directly about his employment status, he was unequivocally told that he
was on FMLA leave. The fact that a similar position to the one held by Mr. Jones may have been
posted is irrelevant. As stated by Velocity's General Counsel, Mr. Jones was on FMLA leave and
then an unpaid leave of absence until he was able to return work. Thus, the Appeal Tribunal's own
findings of fact show that the last communication from Velocity to Mr. Jones indicate that he was
still employed.

For the foregoing reasons, Velocity respectfully requests that the Appeal Tribunal's June 22,
2018, decision granting Mr. Jones unemployment benefits be reversed.

Sincerely,

Christopher J. Meister

Enclosure

34846283.1

There was never any "negotiations" as he is claiming in his appeal off July 23, 2018
There was less than a 3 minute call where the plaintiff only listened to him where he
was claiming that the plaintiff did not have a case and that it would be better settled
in small claims court.

At that point the plaintiff hung up and blocked his phone number from contacting
him again.  Four days later the plaintiff filed the complaint on May 8, 2018.  For
over 5 months Velocity ignored all efforts to settle the discrimination.
It's all a game to these people.

The only reason there is a complaint before this court is because after the illegal
agreement Velocity got right back on the retaliation and harassment horse and
continued to intimidate the plaintiff, and harrass him and his family while at the
same time, continuing to file false fabricated claims, complaints, Chagres and
allegations against him that all have been reversed, overturned, changed, denied and
dismissed.

Document 73

The plaintiff has already illustrated to the court that it was the defendants who
drafted the illegal agreement and they also included a term that the illegal agreement
was not admissible in any proceeding in addition that it is governed under the laws of
Arizona.  As such this court does not have any jurisdiction nor can it be used in any
decision of this court

Respectfully submitted,
Dated: August 16, 2021

**Garrison Jones Plaintiff** Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

- 26 -

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that on this August 16, 2021 a copy of the forgoing [Opposition to deny defendant motion for summary judgement was mailed, USPS to defendants on August 16, 2021

**General Adjudication**

**UB-098**   Claimant SSN 3⬛⬛⬛⬛⬛⬛⬛⬛

Base Period Separation: No

Issue  Ablc

Basis.
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text

CLMT WRITTEN STATEMENT
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1.53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

They contacted AZDES 4 days after a false FMLA complaint was filed with AZDES by Velocity HR director Shauna coleman, claiming the plaintiff was physically unable to work as he was on approved FMLA Medical leave, again, preying on low level employees of the AZDES and they did exactly what they intended, they made a second negative adjudication against the plaintiff and denied unemployment benefits.

- 16 -

**U.S. Department of Labor**   Wage and Hour Division
Washington, DC 20210



October 30, 2020

Garrison Jones                              Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA 95818

RE:   Freedom of Information Act Response
      Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request
made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020.
Specifically, you asked for any record of a compliant made by you regarding Velocity
Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our
possession as of the date our search began. The search began on October 28, 2020. After
performing an electronic search of the Wage and Hour Investigative Support and Reporting
Database, we did not locate any documents responsive to your request. Consequently, we are
providing a "no records" response. You have not been assessed related fees as the processing
costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at
*pannell.larhonda@dol.gov* or call 770-736-5465. You may also call this office at 202-693-1004.
If we cannot assist you in your concerns, you may contact the Departmental FOIA Public
Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*. Alternatively, you
may contact the National Archives and Records Administration's Office of Government
Information Services regarding available mediation services at Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road,
College Park, MD 20740-6001. You can also reach that office by email at *ogis@nara.gov*, by
phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required. In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter. The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in
writing and received prior to a decision. The appeal should be addressed to the Solicitor of
Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor,
200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be

submitted by email to *foiaappeal@dol.gov*.  Appeals submitted to any other email address will not be accepted.

Sincerely,

# Forrest T. Horak
Digitally signed by Forrest T. Horak
Date: 2020.10.30 11:09:29 -04'00'

Forrest T. Horak
Disclosure Officer

| | |
|---|---|
| **From:** | Garrison Jones |
| **To:** | FOIARequests |
| **Subject:** | Re: FOIA REQUEST FOR COMPLAINT FILED ON may 22, 2018 |
| **Date:** | Saturday, May 29, 2021 10:34:47 PM |
| **Attachments:** | image001.png |

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

They claim that the withdrawal letter is for a complaint filed on Nay 22, 2018 and I never filed a complaint with your agency at all in the year 2018 or at any other time.  I need your response to say that your records do not contain a FMLA complaint filed on May 22,2018 to directly counter this fabricated complaint and release letter

On May 27, 2021, at 9:20 PM, Garrison Jones <garrison.jones@outlook.com> wrote:

Please search your records of a complaint made or  filed on May 22, 2018 under the name of Garrison Jones.

In complaint number  which is attached it states that the Chicago DO received a withdrawal letter on 8/24/2018  I have attached a copy of that letter.

In that letter it states that it is a withdrawal of a complaint filed on May 22, 2018.
I simply want your response to confirm that there was a complaint filed on May 22, 2018 under my name or any other name against the employer Velocity Technology Solutions.
If this complain exist, I want a copy of the complaint.

If it does not exist, I want your organization to confirm specifically  that it does not exist in your files.
My address is P.O. Box 188911  Sacramento, California however, if all responses can be sent to me via my email garrison. jones @outlook.com

Thanks for your swift attention to this request

**Dodson, Aretha A. - SOL**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Saturday, May 22, 2021 12:52 PM |
| **To:** | FOIARequests |
| **Subject:** | FOIA request velocity technology solutions and navisite and Ogltree Deakins |

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Thus is an official FOIA request for all documents and communications made from and to Velocity Technology Solutions, navisite and the law firm If Ogltree Deakins from January 2017 until The present date

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | | | |
|---|---|---|---|---|
| Complaint ID: | **3850645** | Receiving | **Chicago IL District Office** | Last updated by: |
| Date of Contact: | **07/19/2018** | Contact Priority: | | Last updated |
| Complaint Status: | **FILED-NO ACTION** | Contact Type: | | See customer history log for Contact type(s) |

### Establishment Information

Name: **Velocity Technology**

Address: **1901 Roxborough RD.**
**Charlotte, NC 28211**

Primary Phone: **704-357-7705**   ext.
Other Phone:   ext.
Fax:   ext.
Email:

County: **Mecklenburg**

| | |
|---|---|
| NAIC | |
| Gov. Contract, Furnishes | *N* |
| Gov. Contract, Furnishes services: | *N* |
| Gov. Contract, Performs construction: | *N* |
| Gov. Contract, Other contract type: | *N* |
| Gov. Contract, Unknown contract | *N* |
| Est. expiration date  of gov. | |
| Estimated EEs affected: | |
| Special Coverage: | |
| Franchise: | *N* |
| Union Shop: | *N* |
| ER Exempt? | *N* |

Contact Name:
Contact Title:
Estimated # of locations:
Headquarters location:
Branch Name/Location 1:
Branch Name/location 2:
ER business status:
Estimated $ADV:
Nature of Business:
Interstate Commerce:
Number Of Employees:

### Person Submitting Information

Name: **Jones, Garrison**

Address: **705 West Liberty Drive**
**Wheaton, IL, 60187**

Primary Phone: **916-870-4060**   ext.
Other Phone:   ext.
Fax:   ext.
Email:
If not complainant, EE Name:

Is Customer complainant?   *Y*

| | | | |
|---|---|---|---|
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action | *N* |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

Date: 09/29/2020 3:47:49 PM          Customer ID: 3850645          Page 1

# WHISARD Complaint Information Form

Most critical act:  *FMLA*

## Employment Information

Job title:

Description of duties:

Employed From:                    To:

Employee status:

Date of Birth:

Employee age at time of complaint:

Employee age at time of violation:

## Payroll Information

Pay rate:

Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:

Days worked per week:

Total hrs per week:

Pay period:

Time records kept:     *N*

## Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required  five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compkklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

### WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*

*07/19/2018 5:14:44 PM*          *INTAKE ONLY*

From:         Garrison Jones
To:           FOIARequests
Subject:      FOIA REQUEST FOR COMPLAINT FILED ON may 22, 2018
Date:         Thursday, May 27, 2021 10:20:36 PM
Attachments:  image001.png
              Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf
              FOIA 896928 Complaint 3850645_Redacted.pdf

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov

Please search your records of a complaint made or filed on May 22, 2018 under the name of Garrison Jones.

In complaint number which is attached it states that the Chicago DO received a withdrawal letter on 8/24/2018 I have attached a copy of that letter.

In that letter it states that it is a withdrawal of a complaint filed on May 22, 2018.
I simply want your response to confirm that there was a complaint filed on May 22, 2018 under my name or any other name against the employer Velocity Technology Solutions.
If this complain exist, I want a copy of the complaint.

If it does not exist, I want your organization to confirm specifically that it does not exist in your files.
My address is P.O. Box 188911 Sacramento, California however, if all responses can be sent to me via my email
garrison. jones @outlook.com

Thanks for your swift attention to this request

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM        FILED-NO ACTION*

| From: | Garrison Jones |
|---|---|
| To: | FOIARequests |
| Subject: | FOIA REQUEST FOR ALL RECORDS AND COMPLAINTS, INQUIRIES FROM AND TO VELOCITY TECHNOLOGY SOLUTIONS AND OGLTREE DEAKINS |
| Date: | Thursday, May 27, 2021 10:30:06 PM |
| Importance: | High |

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

I am hereby via an FOIA request for all inquiries, documents, letters and or complaints made by anyone from Velocity Technology solutions and from the law from of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. from January 2017 to the current date in connection and or related to any FMLA complaint that includes the name of Garrison Jones

My address is P.O Box 188911 Sacramento, California 95818 however, if all responses can be sent to my email address garrison. jones @outlook.com I would appreciate it .

Thank you for your urgent attention to this request

court via any pleadings, or in open court.  All they have done is "referenced" these documents and until they present them to this court, they are not evidence, they simply do not exist.

2. They want the court to turns its back to wanton, heinous fraud they have committed on multiple occasions and make a ruling in their favor in the complaint before the court.
3. What they are not going to present to this court is that the illegal agreement and the fabricated FMLA release document are **both inadmissible and this court does not have any jurisdiction over either.**
4.
5. They have repeatedly referenced both the illegal, unconsciable, unenforceable agreement however, they have only "referenced it and has never presented any evidence that it even exists.
6. **Evidence that is not properly submitted to any court is no evidence at all**.
7. There are reasons why they have never presented any evidence and or exhibits or offered any witness testimony not have a single Ogltree Deakins attorney ever appeared in open court on behalf of their client Velocity Technology Solutions in now over 4 ½ years.

8. The current litigation before the court is no difference.
9. The plaintiff wants to direct the courts attention to two specific locations within this illegal , unconsciable, unenforceable agreement with that being
10. **Paragraph number 9 under the heading of No Admission of Wrongdoing** and
11. **Paragraph 13 under the heading Plain Language: Severability: Applicable law:Modification;Waiver.**

**<u>Paragraph 9</u>**
12. **It is clear in Paragraph 9** ***<u>that it states the parties agrees that this Agreement is not admissible in any proceeding as evidence</u>***"

- 2 -

**9. No Admission of Wrongdoing.** Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

**13.** _____

**14.**

**15.**    It is clear that even then it was yet another attempt to **hide the illegality of this illegal agreement** which was created by a collaboration between Velocity General Counsel, Chris Heller and multiple attorneys from Ogltree Deakins that under no circumstances would this illegal agreement be presented to any court by either party in any proceeding.  However, now that they have been exposed in multiple local, state and federal criminal violations of the law, like in all the other instances they will attempt to back out of these provisions and terms and then say that these terms only apply to the plaintiff Garrison Jones now that they think this term is in favor of the plaintiff and not to their advantage.  In fact they have already violated the terms of the agreement as on 4 separate occasions in this litigation that have offered this agreement and the fabricated release letter to this court as evidence.

**16.**    The plaintiff does herby revoke the **parol rule** that prevents any party who have reduced their agreement to a final written document from later introducing other evidence, such as the content of oral discussions from earlier in the negotiation process, as evidence of a different intent as to the terms of the contract and or agreement. This is exactly what they are attempting now. They think by invoking this illegal, unconsciable, unenforceable agreement it is in their favor to do so.  However, there is documented history of Ogltree Deakins attorneys Paul Smith and Anthony Decristoforo pulling the trigger on the illegal, unconsciable, unenforceable agreement and the fabricated FMLA complaint release letter multiple times in this proceeding why because they think they are to their advantage to do to,, but in fact it confirms and implicates

- 3 -

each of them in the continued federal criminal fraud against the United States government and specifically the United States Department of Labor.

## 17.   **Paragraph 13**

### 18.   **No Jurisdiction**

*19.*   It clearly states "The *parties Agreement will be governed by Arizona Law.*"

> 13. **Plain Language; Severability; Applicable Law; Modification; Waiver.** Jones acknowledges and agrees that this Agreement shall be interpreted based on the plain meaning of its language and shall not be construed for or against any Party. If any portion of this Agreement is deemed void or unenforceable for any reason, the unenforceable portion will be deemed severed from the remaining portions of this Agreement, which will otherwise remain in full force. The Parties agree this Agreement will be governed by Arizona law. This Agreement may not be modified except through a written document signed by an authorized representative of each Party. No waiver of any of the provisions of this Agreement will be binding unless executed in writing by the waiving Party nor will any waiver be a continuing waiver or waiver of any other provision.

20.   Per the terms of this illegal unconsciable, unenforceable agreement the defendants and their counsel this court does not have any jurisdiction over this agreement and the fact that it is inadmissible, the court cannot use any of the agreement as part of its rulings or decisions.

21.   This court does not have the authority to use this agreement as part of any ruling and or decision in the case before the court.

22.   The defendants and their counsel are completely aware of these terms as the illegal contract was created in complicity between Velocity General Counsel, Chris Heller and multiple attorneys from the law firm of Ogltree Deakins.  However, despite these terms, they have repeatedly offered it to this court as evidence attempting to obtain a quick dismissal and ruling/decision in their favor with no intention of producing it to this court, knowing if they do

that the ramification will be disbarment, federal charges against both Velocity and any Ogltree Deakins attorney bold enough to present it in open court.

**23.**    The result, "*thumbs up and leaving the court in handcuffs*"

**24.**    They have no intention whatsoever in offering and presenting it to the court on the record, in open court or via any pleading.  This court does not have any jurisdiction over this illegal, unconsciable, unenforceable agreement because in attempting to gain an advantage the agreement states it is **Inadmissible and** governed **by the laws of Arizona.**   A fact they were aware of but is misleading this court as to the facts once again.

*25.*    In prior litigation the judge in an order in the exact same circumstances before this court with that being jurisdiction of the court in reference to the agreement.  The court ruled that it did not in that case, the court did not retain jurisdiction over the illegal agreement and that if the plaintiff "seeks relief from the obligations of his settlement agreement with Velocity , he *should file a new case in an appropriate court"*

> For the foregoing reasons, plaintiff's motion provides no basis for the Court to disturb its judgment in this case.  If plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court.

Date: 12/18/2019



Jorge L. Alonso
United States District Judge

**26.**
**27.**    Also as previously mentioned the illegal agreement is  govened by the laws of the state of Arizona.

**28.**    Additionally on August  26, 2019 after months of being hunted and harrassed by Velocity, the plaintiff began to fight back  the plaintiff began to expose the criminal acts by Velocity , fraudulent billing and stolen intellectual property to Velocity customers that prompted a response from Ogltree Deakins attorney Jennifer Colvin claiming " *despite your conduct Velocity would prefer not to be forced to enforce the Agreement through litigation"*.

- 5 -

**29.**     This again  was far from the truth and nothing but a threat.  Neither Velocity or Ogltree Deakins had no intention of filing any proactive litigation where this illegal agreement would be presented to any court in any jurisdiction and attempt to "enforce it".

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone:  312-558-1220
Facsimile:  312-807-3619
www.ogletree.com

Jennifer L. Colvin
312-558-1234
jennifer.colvin@ogletree.com

August 26, 2019

**Via E-Mail**

Garrison Jones
*garrison.jones@outlook.com*

**RE:**   Jones –and– Velocity Technology Solutions, Inc.

Dear Mr. Jones:

**30.**

> Despite your conduct in violation of the Agreement, at this time Velocity would prefer not to be forced to enforce the terms of the Agreement through litigation.  However, your continued violation of the Agreement will force us to do so.  Thus, we implore you to immediately discontinue making disparaging comments about Velocity and from taking any other actions in violation of the Agreement.

**31.**

**32.**     This was over two years ago and they still did not file any such litigation.

**33.**     Equally, based on the fraud and criminal actions committed by Velocity and Ogltree Deakins left in their wake in the state of Arizona in connection with the plaintiff and  the criminal acts Ogltree Deakins committed in their representation engagement with  the Maricopa County Judicial system, it is hardly unlikely and highly improbable that they would again go back to this state and then asked them to make a ruling in their favor in support of an

- 6 -

illegal, unconscable, criminal agreement that reflects federal criminal felonies'
committed and fraud against the federal government of the United States.

**34.** It is clear that the defendants are again attempting to gain what they think
is an advantage by adding the term **"this Agreement will be governed by
Arizona Law".** This also makes the illegal, unconscable, unenforceable
agreement and the fabricated release letter void as *"**Consent** of the
parties **cannot** allow subject matter **jurisdiction** to a court. Unlike
personal **jurisdiction**, which the court can obtain upon a party's **consent** or
failure to object, lack of subject matter **jurisdiction** is never waivable; either
the court has it, or it **cannot** assert it nor can it be given to any court where the
parties*

**35.** This order from case number 1:18-cv-02388 Document in the US District
Court of Northern Illinois Document #: 15 Filed: 12/18/19 was entered by
Judge Alonso. It's also important to note that it was Velocity who steered this
case before Judge Alonso and gained what they thought was a victory however,
that was not the intention of the plaintiff. His intention was to get Velocity and
Ogltree to present the illegal, unconscable, unenforceable agreement to their
court as a means to derail any attempts to reverse the judgment. They did and
quickly presented the agreement and the courts response is the same one that
should be made by this court in a ruling that the US District Court of Eastern
California does not have jurisdiction over this illegal agreement, it is
inadmissible in the current proceeding and that it will not and cannot be used
by the defendants, nor will it play any role as part of any decision or ruling
made by this court.

36. The issue before this court is FMLA, where the plaintiff Garrison Jones
was unlawfully terminated by Velocity while on approved FMLA medical
leave.

37. The federal is federal law and under the jurisdiction of the federal
government of the United States.

- 7 -

**38.**    The burden on the both the plaintiff and defendants in this case would be great. Neither do not reside in the state of Arizona. The events at the heart of this litigation of did not occurred in the state of Arizona, the plaintiff at the time of this litigation **was a citizen of Illinois** and not Arizona.  He was terminated while on FMLA when he was in Illinois a fact that the defendants attempted to cover-up as they thought they had "plausible deniability" since the plaintiffs access to Velocity email was revoked in January 2018.

**39.**    They had no idea that this attempt failed and he had been on regular basis continued to receive emails on his personal business email account up until December 2019.

**40.**    In addition, the corporation of Velocity Technology Solutions is headquarted in the state of North Carolina.  Even before any litigation is filed they have declined any and all jurisdiction over this illegal agreement as it violates due process to hail both a **plaintiff and defendant to a state where the forum state does not apply to either party.**

**41.**    To add to this jurisdictional issue, the plaintiff has made and put law enforcement and the judicial system of the state of Arizona on alert that the defendants and their counsel may attempt to file litigation attempting to enforce this illegal, unconsciable, unenforceable agreement by again using the resources of the state of Arizona judicial system a state where they have committed fraud upon a state agency (AZDES) the Arizona Court of Appeals and fraud and criminal acts in connection with a federally funded program ( unemployment) that was administered by the state of Arizona.

42.    They have also been forwarded specific documents from all prior litigation months ago of   in preparation of any anticipated filings by the defendants and their attorneys from Ogltree Deakins.

43.    Basically because of prior documented history of false statements and fraud, they are waiting in eager anticipation of their presence back in the state of Arizona.

- 8 -

**44.**

**45.**

13. **Plain Language; Severability; Applicable Law; Modification; Waiver**.
Jones acknowledges and agrees that this Agreement shall be interpreted based on the
plain meaning of its language and shall not be construed for or against any Party. If any
portion of this Agreement is deemed void or unenforceable for any reason, the
unenforceable portion will be deemed severed from the remaining portions of this
Agreement, which will otherwise remain in full force. The Parties agree this Agreement
will be governed by Arizona law. This Agreement may not be modified except through a
written document signed by an authorized representative of each Party. No waiver of any
of the provisions of this Agreement will be binding unless executed in writing by the
waiving Party nor will any waiver be a continuing waiver or waiver of any other
provision.

46.     attempting once again to commit fraud upon this court and also
knowingly deceiving this court to dismiss this case by fraud with that they are
knowingly presenting false fabricated documents I.e. the illegal, unconsciable,
unenforceable settlement agreement, that clearly implicates both Velocity and
Ogltree Deakins current and prior attorneys from previous litigation in a vast
pre-meditated conspiracy to commit federal criminal fraud against the United
States federal government with the United States Department of Labor as the
intended target, in addition to the plaintiff, the US District Court of Northern
Illinois and the Us District Court of Eastern California where Judge Jeremey
Peterson is presiding on the above mentioned case.

## CONCLUSION

For all the obvious reasons the defendants and their attorneys must be held
accountable by the maximum sanctions and penalties by this court from this
unconsciable scheme of fraud and federal criminality they have committed not only
against this court but also the US District court of Northern Illinois, the United States
Department of Labor and federal criminal fraud and other criminal violations against
the United States government.  If not immediately this unethical, illegal and criminal
behavior will be mimicked by other lawyers and law firms because Ogltree Deakins

attorneys will brag at every opportunity and the crimes they have committed will spread.

47.

Respectfully submitted,

**Garrison Jones Plaintiff** (Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

for litigation.

**Garrison Jones Plaintiff** (Pro Se
P.O. Box 188911
Sacramento, California 95818

- 10 -

garrison.jones@outlook.com

## **CERTIFICATE OF SERVICE**

**I hereby certify** that on this [date] a copy of the forgoing [name of document] was mailed, USPS to defendants

Velocity Technology Solutions
1901 Roxborough Road
Charlotte, North Carolina 28211

_____

Garrison Jones **Plaintiff Pro Se**

Dated: August 21, 2020            GARRISON JONES

_____,

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818.
garrison.jones@outlook.com

- 11 -

### General Adjudication

**UB-098**          Claimant SSN: ▓▓▓▓▓

Issue: Able

Basis:
ABILITY TO WORK

Base Period Separation: No

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02

## garrison.courtdocs@outlook.com

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Thursday, May 21, 2020 2:32 PM |
| **To:** | Garrison Jones -Court-Docs |
| **Subject:** | Fwd: Garrison Jones |

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday | Velocity Technology Solutions, Inc.**
**Sr. Practice Director Professional Services, Infor Line of Business**
o 612.333.9853 | m 612.802 6914|
eMail susan.holtapp@velocitycloud.com | Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited, please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

**FILED**

JUN 2 1 2021

CLERK, U.S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# U.S. DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>    **Plaintiff**<br>v.<br><br>**VELOCITY TECHNOLOGY**<br>**SOLUTIONS LLC et al**<br>    **Defendants.** | **Case No.: 2:19-cv-02374**<br>**KJM-JDP**<br><br>**JURY TRIAL**<br>**DEMANDED**<br><br>Action filed: Nov 25, 2019<br><br>Date set for trial: NONE |

## Introduction

The plaintiff in the above mentioned case does herby move the court for an immediate order in the above case for sanctions against the defendants and their attorneys from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C, Paul Smith and Anthony Decristoforo as well for an immediate summary judgement to put an end to the nightmare that the defendants and their counsel has created.

1. The defendants and their counsel is attempting to misdirect the courts attention away from multiple federal criminal violations of the law that have been uncovered by the plaintiff Garrison Jones by repeatedly directing the courts attention to an illegal, unconscible, unenforceable agreement and release letter that they are under the assumption that it will solve all the world problems, cure cancer and obtain a ruling from tis court that will allow them to escape the federal criminal charges by both Ogltree Deakins and Velocity committed against the federal government.  Yet they have not and will not preset it to the

- 1 -

**From:** Garrison Jones
**To:** FOIARequests
**Subject:** FOIA REQUEST FOR COMPLAINT FILED ON may 22, 2018
**Date:** Thursday, May 27, 2021 10.20.36 PM
**Attachments:** image001.png
Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf
FOIA 896928 Complaint 3850645 Redacted.pdf

CAUTION - The sender of this message is external to the DOL network  Please use care when clicking on links and responding with sensitive information  Send suspicious email to spam@dol.gov

Please search your records of a complaint made or filed on May 22, 2018 under the name of Garrison Jones.

In complaint number which is attached it states that the Chicago DO received a withdrawal letter on 8/24/2018 I have attached a copy of that letter.

In that letter it states that it is a withdrawal of a complaint filed on May 22, 2018.
I simply want your response to confirm that there was a complaint filed on May 22, 2018 under my name or any other name against the employer Velocity Technology Solutions.
If this complain exist, I want a copy of the complaint.

If it does not exist, I want your organization to confirm specifically that it does not exist in your files.
My address is P.O. Box 188911 Sacramento, California however, if all responses can be sent to me via my email
garrison. jones @outlook.com

Thanks for your swift attention to this request

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*

| From: | Garrison Jones |
|---|---|
| To: | FOIARequests |
| Subject: | FOIA REQUEST FOR ALL RECORDS AND COMPLAINTS, INQUIRIES FROM AND TO VELOCITY TECHNOLOGY SOLUTIONS AND OGLTREE DEAKINS |
| Date: | Thursday, May 27, 2021 10:30:06 PM |
| Importance: | High |

> CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

I am hereby via an FOIA request for all inquiries, documents, letters and or complaints made by anyone from Velocity Technology solutions and from the law from of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. from January 2017 to the current date in connection and or related to any FMLA complaint that includes the name of Garrison Jones

My address is P.O Box 188911 Sacramento, California 95818 however, if all responses can be sent to my email address garrison. jones @outlook.com  I would appreciate it .

Thank you for your urgent attention to this request

**From:** Garrison Jones
**To:** FOIARequests
**Subject:** Re: FOIA REQUEST FOR COMPLAINT FILED ON may 22, 2018
**Date:** Saturday, May 29, 2021 10:34:47 PM
**Attachments:** image001.png

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

They claim that the withdrawal letter is for a complaint filed on Nay 22, 2018 and I never filed a complaint with your agency at all in the year 2018 or at any other time.  I need your response to say that your records do not contain a FMLA complaint filed on May 22,2018 to directly counter this fabricated complaint and release letter

> On May 27, 2021, at 9:20 PM, Garrison Jones <garrison.jones@outlook.com> wrote:

Please search your records of a complaint made or  filed on May 22, 2018 under the name of Garrison Jones.

In complaint number  which is attached it states that the Chicago DO received a withdrawal letter on 8/24/2018  I have attached a copy of that letter.

In that letter it states that it is a withdrawal of a complaint filed on May 22, 2018.
I simply want your response to confirm that there was a complaint filed on May 22, 2018 under my name or any other name against the employer Velocity Technology Solutions.
If this complain exist, I want a copy of the complaint.

If it does not exist, I want your organization to confirm specifically  that it does not exist in your files.
My address is P.O. Box 188911  Sacramento, California however, if all responses can be sent to me via my email garrison. jones @outlook.com

Thanks for your swift attention to this request

**PLEASE TAKE NOTICE** that on September 16, 2021 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacrament, California 95814, Plaintiff Garrison Jones will move this Court for an Order to deny the defendant's motion for summary judgement filed on August 13, 2021deny defendant's motion for summary judgement and to strike all affirmative defenses with prejudice and deny the defendants ability to amend.

This motion shall be based upon this Notice, the attached evidence and exhibits. The

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

- 1 -