

FILED

SEP 07 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>**Plaintiff,**<br>v.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No.: 2:19-cv-02374 KJM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed:  Nov 25, 2019<br>Date set for trial: NONE |

**Plaintiff**
**Objections to Magistrate Judge's Findings and Recommendations**
**Supplemental**

## Introduction

**Defense counsel in its motion Document 43 states the plaintiff asserts several baseless and unsupported allegations of fraud and conspiracy against Velocity**

- 2 -

**and their defense constitutes fraud upon the court "Again, plaintiff offers no factual support for these claims and they must be dismissed.**

1.
2.
3. This was in his motion to dismiss on September 25, 2020 5 days before the plaintiff received his first FOIA response from the US DOL.
4. Their response, supports the plaintiffs' claims of fraud upon the court by Velocity and Ogltree Deakins as the response uncovered the false fabricated FMLA complaint planted in the files of the USDOL on July 19, 2018.

5. After this discovery, that was filed with this court just as is their pattern, and once caught in a lie, they go silent and never bring this issue up again and move onto the next lie.
6.
7.
8. The defense counsel has accused the plaintiff of "rambling" on multiple occasions.  Well, it is a documented fact that I suffered a major stroke and a near death experience.

Case 2:19-cv-02374-KJM-JDP   Document 43   Filed 09/25/20   Page 8 of 9

1   such a challenge, the complaint must contain sufficient factual information that, accepted as true,

2   states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

3   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must contain a short and

4   plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2)*;

5   *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).  The First Amended Complaint does neither.

6       The First Amended Complaint consists of a long, rambling recitation of the many causes of

7   action that this Court and Plaintiff previously dismissed relating to harassment and discrimination.

8   Plaintiff does not plead any facts to support these claims and therefore they must be dismissed.

9.
10.

11.    Now, he can't say "I did not say that because it's right there in black and white.

12.    He can't transform it into something else like a glass of lemonade.

13.    **I have a medical excuse for my disability**.

14.    I can counter that and asked the same. **What is your excuse for lying at every breath you take?**

15.    In addition **what is your medical condition** other than the motivation for money, billable hours and revenue, that allows and prevents you from seeing the truth or the medical condition that allows you to see/put and replace words that are not there, and **transform thank-you letters into FMLA complaints**? ?????.

16.    What medical condition is that?

17.    There were people I saw that had less of a stroke than I had that are deformed and have lifelong disabilities.  I am blessed and fortunate to have survived and still able to function in life.

18.    There is one thing my stroke did not take away from me and **that is the ability to spot a liar from 100 miles away** and the ability to detect and isolate a lie with the truth.  You might want to have a stroke maybe it will teach you something other than how to lie……………

19.    To add finally, I actually do not know when I am rambling, repeating or duplicating statements, however, I do know when you are lying.

20.

21.    The plaintiff Garrison Jones commend this court in its recommendations this is the third (3rd) such dismissal of defendants motion to dismiss because they simply do not have a case whatsoever.  Their Motion to Dismiss and their latest Motion for Summary Judgement Document 83 in what they describe as an    "Alternative Motion to Dismiss"   and not a summary judgment where they are claiming that the federal criminal acts of fraud as well as other criminal general **release claims umbrella**.

22.    However, the defendants have submitted to this court a document that clearly states it is **"inadmissible in any proceeding"**

9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

23. **In addition it contains claims that cannot be release by an agreement**. They have attempted to release claims under the Fair Labor Standard Act that cannot be release without theXXXXXX

24.

25. According to an old Department of Labor rule, FLSA claims may only be waived in a settlement agreement that is made under court or DOL supervision. This means that in order for the employer to resolve such claims, the plaintiff must have filed suit or initiated an administrative investigation of the employer's pay practices. The Fourth Circuit and other appellate circuits have upheld the validity of this regulation.

26.

27. The Fifth Circuit stood as an exception to this position, interpreting the DOL rule to apply only to attempts by employers to prospectively release FLSA claims. However, last week the Fifth Circuit, in Bodle v. TXL Mortg. Corp., restricted its prior position on release of FLSA claims. In this case, the plaintiffs had settled a non-compete dispute with the employer and had signed general releases of claims. They then filed a subsequent claim for overtime payment. The defendant sought to dismiss the claim based on the prior release.

28.

29. The Fifth Circuit rejected this position, stating that private releases of FLSA claims only work when the underlying dispute that leads to the release involves unpaid overtime or minimum wages. General releases obtained in unrelated matters or releases signed in the absence of any known dispute between the employer and employee will not act to prevent later FLSA claims. There was no claim or allegation in respect to any unpaid overtime and minimum wages.

In addition, as the plaintiff has repeatedly stated he cannot release a claim where the claim was filed by the defendants in a conspiracy to commit fraud upon the United States government in violation of The general conspiracy statute, 18 U.S.C. § 371, creates an offense "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose.

30.
31. The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . (A) any conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operation and reports as fair, impartial and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.

32.      To conspire to defraud the United States means primarily to cheat the Government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the Government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention.

33.      There is no question or dispute that it was a conspiracy to defraud the government and specifically the USDOL where Velocity and Ogltree conspired to plant evidence of an FMLA complaint in the files of the USDOL and as they have done in the past attempted to "FRAME" the plaintiff Garrison Jones as the person submitting this false fabricated FMLA complaint with the USDOL on July 19, 2018.

34.      They then in a complicit conspiracy attempted to cover up this and other criminal violations of federal law and fraudulently conceal them intentionally

from the plaintiff Garrison Jones, up until it was uncovered and then they are now attempting to claim it is now transformed to an 'unknown claim".

35.     It is not an unknown claim as it was known to the defendants prior to August 2018.

> 1964, the Employee Retirement Income Security Act, the National Labor Relations Act, the Labor Management Relations Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Occupational Health and Safety Act, the Americans with Disabilities

36.

37.     The court granted in part the defendants motion to dismiss but there is no clear indication in its order **Document 87** what part is being granted as the only thing only relief the seek is dismissal of the complaint claiming again the plaintiff deserves no relief again reverting back to the unconsciable, illegal, unenforceable agreement that had not been submitted to the court until now 11 months later.  There is no such evidence or exhibits at the time this motion was filed that could give anyone any existence of it and they have at that time not done or used any offer of proof.

38.     The motion just as it is now should have been **denied in its entirety**.

39.     Even when the court has the third motion for Summary Judgement in the courts possession that they are calling and "Alternative motion to dismiss" the court still denied Document 43 so there is no difference in the content of either as they are again claiming the same thing.

40.     As in the prior two denials they were dismissed in entirety and as such so should this one and the Motion for Summary Judgement because all contain the same reasons for dismissal.

41.     The unconsciable, illegal, enforceable agreement is not under the jurisdiction of this court, it is under the laws of the state of Arizona.

42.     In the case in Northern Illinois an Order was submitted on December 19, 2019 after this complaint before the court was filed where Judge Jorge Alonso specifically denied his motion to vacate the judgment but Stated at the end of his order "If the plaintiff seeks relief from the obligations of the settlement agreement, he should file a new case in an appropriate court.

For the foregoing reasons. plaintiff's motion provides no basis for the Court to disturb its judgment in this case. If plaintiff seeks relief from the obligations of his settlement agreement with Velocity. he should file a new case in an appropriate court.

Date: 12/18/2019



Jorge L. Alonso
United States District Judge

43.

44.

45.    That court, is the state of Arizona the state court and forum in the illegal agreement and the state that Ogltree Deakins is attempting to avoid and give jurisdiction to this court and the state of California.

46.    The plaintiff Garrison Jones did not make any assumptions of the risk of "unknown claims, the unknown claims were specifically and intentionally, hidden, surprises, omitted and fraudulently conceal from him by the defendants and their counsel from Ogltree Deakins.

47.    The USDOL in their FOIA response of dated June 8, 2021 confirm that Velocity and Ogltree Deakins prior to August 2018 received a copy of July 19, 2018 false fabricated FMLA complaint and had it in their possession before August 16, 2018 and the complaint number 3850645 was intentionally omitted from the document.

48.

### 49.    Denials of Motion to Dismiss

50.    The court on multiple occasions and orders have repeatedly denied the defendants motions to dismiss this case including the latest denial of their Document 43 Motion to Dismiss on August 16, 2018

51.    As stated they have a Motion for Summary Judgement that again contains the same '**general release claim** that has already been denied in its entirety

52.

53.

54.    This court pas already **denied** a prior order Document 29 denied motion to dismiss in its entirety   Document 5 a Motion to Dismiss that included the same defense of claiming the "general release" as the reason the court should dismiss the complaint.  Yet here they are once again in front of a different

- 8 -

judge attempting to re-litigate an issue where an order has been previously denied with the same ole fabricated defense or release claim, the exact same tactic they have used in the past that was dismissed, and denied.

55.     XXXXXXX

56.     The court on its own merit and reviewed denied the entire motion Document 5 filed on May 5, 2020 where they were claiming resolution in a prior litigation and the general release.  They did not grant any portion of this motion.

> 26
>
> [1] Among the multiple grounds for early dismissal of this case is that Plaintiff previously filed and dismissed with
> 27    prejudice a virtually identical action involving the same parties and claims in the United States District Court for the
> Northern District of Illinois.  Plaintiff filed that case in May 2018. the parties settled the case. and Plaintiff signed a
> 1.docx 28   general release. Plaintiff dismissed that case with prejudice on August 16, 2018. *Jones v. Velocity Technology Solutions,*
> *et al.* (N.D.Ill.). No. 1:18-cv-03288.
>
> 3          Case No. 2:19-cv-02374-KJM-EFB
>
> SPECIALLY APPEARING DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

57.

58.     The court did not grant in part any of their motion to dismiss, it was denied in its entirety.

59.     As well the court on August 16, denied their motion to dismiss

60.     Document 29

> Case 2:19-cv-02374-KJM-EFB   Document 29   Filed 07/31/20   Page 2 of 12
>
> 1    *forma pauperis* is granted: the complaint's claims. with the exception of an interference claim
>
> 2    under the Family Medical Leave Act against Velocity. are dismissed for failure to state a claim:
>
> 3    and plaintiff's motion for sanctions is denied.  Further, it is recommended Velocity's motion to
>
> 4    dismiss be denied.

61.

62.     However, the court in its order granted in part their motion to dismiss

63.     The court in this case denied their motion in document and court order 29 dated August 29, 2020

64.     The court did so twice in its order in Document 5 page 2 at 4 and      page 3 at 10.

65.     The court has in rulings/decisions from prior proceedings that was requested  from the plaintiff received in Document 82 on August 9, 2021

> 19   The Motion to Dismiss [DKT 43] provides the Court with adequate grounds to dismiss the
> 20   Complaint and, to the extent it is deemed properly filed, the FAC.  Nevertheless, because the
> 21   Settlement Agreement provides an additional, independent basis to terminate this case, Velocity files
> 22   this Motion as an alternative to its Motion to Dismiss.

66.     Should also denied and dismissed in the courts decision to deny and dismiss as well.

67.     They have never offered in this case and in any of the other administrative proceedings any evidence what so ever that has in anyway been successfully submitted as a counter-claim to counter any of the evidence and exhibits by the plaintiff.   Instead, in an act of desperation that have done as they always have and abandoned their latest lies and failure and move on to other false unproven claims and allegations to misdirect this court away from the real issues of this case and only done so because they have been caught committing fraud upon this court and in their Document 83 submitted finally the "Alamo Defense document that not only proves fraud upon this court but felony fraud against the United States Government.  They simply do not case at this point but have confirmed every actuation the plaintiff has proven to be true.

68.     Their motion to dismiss Document 43 and Document 83 both should be denied and dismissed in their entirety.

69.     There is no doubt that the plaintiff was terminated while on FNLA and was done so unlawfully, and a direct act of interference and retaliation by Velocity.

70.     In addition, they and their attorneys at the time he was terminated thought they had plausible deniability as to hide and cover-up his termination because on January 17, 2018 they revoked his access to Velocity corporate email, then

on January 23, 2018 cancelled all his health care benefits and finally on
January 29, 2018 revoked and removed his access to all Velocity systems.

71.     However, they began the cover-up that exist to this day that he was not
terminated.

72.     They want this court and others to believe none of this happened and that
his termination on FMLA was a mistake or erroneous.

73.     They want this court and others to believe his employment ended on the
same date of the unconsciable, illegal, unenforceable agreement on August 16,
2018 and that none of the documented events happened between January 2018
and August 2018.

74.     They want this court to **believe he was still employed and receiving
wages and his health benefits premiums were being paid by Velocity all
this despite the facts** and that again they were cancelled by Velocity in
January 2018 after they reneged on a promise to collect them after he returned
to work but cancelled them in retaliation of him filing a complaint with HR.

**75.**     They want this court to believe they were "negotiating the **"terms of his
separation of employment"**.

Jul. 23. 2018  4:44PM                                              No. 1259   P. 1/16

**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletree.com

Christopher J. Meister
602.778.3720
chrismeister.meister@ogletree.com

July 23, 2018

**Via Fax and First Class U.S. Mail**

Arizona Department of Economic Security
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015
Fax No. (602) 257-7056

    RE:   Unemployment Insurance Claim, Garrison Jones
          Arizona Appeal No. U-1595392-001

To Whom It May Concern:

     This firm represents Velocity Technology Solutions, Inc. ("Velocity" or "Employer"), in connection with Garrison Jones's ("Claimant") claim for unemployment benefits before the Arizona Department of Economic Security. We write to Request to Reopen the Decision of the Appeal Tribunal, dated June 22, 2018, which found that Mr. Jones qualifies for benefits because he was discharged from employment, but not for willful or negligent misconduct. The Appeal Tribunal's decision should be overturned because Mr. Jones has been employed by Velocity from the day he filed for unemployment benefits to this day.

     As an initial matter, Velocity should not be precluded from requesting that the Appeal Tribunal's decision be reopened because it can show excusable neglect. Velocity had good reason not to appear at the hearing before the appeal tribunal on June 22, 2018. As Velocity communicated in its June 21, 2018 call to the Appeal Tribunal, Mr. Jones and Velocity have been negotiating the terms of his separation from employment. Velocity believed that appearing before the Appeal Tribunal to contest Mr. Jones's eligibility for unemployment benefits would disturb those discussions. Velocity and Claimant have continued their negotiations, and hope to soon reach an amicable agreement but unfortunately that has yet to occur.

     Nevertheless, Mr. Jones is not eligible for unemployment benefits because he is still employed by Velocity. Under A.R.S. § 23-771, only an "unemployed individual" is eligible to receive benefits. A person is deemed "unemployed with respect to any week during which the individual performs no services and with respect to which no wages are payable to the individual..." A.R.S. § 23-621. Wages constitute "all remuneration for services from whatever sources, including commissions, bonuses,

76.

77.     The fact is that he was terminated in March 2018, before the date he was able to return to work March 22, 2018 by his physician, a document in the

possession of Velocity since January 2018 and that after he had been
terminated the plaintiff within 30 days received multiple offers of employment
from multiple organizations.

**To:**      Vishnu Laljie <VLALJIE@jhmc.org>

**Date:**    4 9 2018 8:42 PM

**Subject:** Re[2]: Garrison Jones Offer  Letter

I need a couple days to go over this with family


Monday, 09 April 2018, 11:25AM -05:00 from Vish
vlaljie5_6i2@indeedemail.com:

Garrison,

I sent you an email on Friday that we did get approv
your the offer at 160k. Any word?

Please let me know

Vishnu


Vishnu Laljie
Director of Talent Acquisition

78.
79.

- 13 -



June 14, 2018

Garrison Jones
16152 W Durango St
Goodyear, AZ 85338

Re:    Offer of Employment

Dear Mr. Jones,

We are pleased to extend this offer to you to join Monroe Hospital as IT Application Analyst – Supply Chain Management.

Your starting compensation will be $130,000.00 on an annualized basis, payable bi-weekly. As an employee of Monroe Hospital, you will be eligible for benefits we offer generally to our employees, which currently include: Paid Time Off, 401(k), Medical, Dental and Vision for you and your dependents. All compensation and benefits are, of course, subject to change at any time, upon appropriate notice.

By signing below, you acknowledge that you are not relying on any promises that are not set out in this offer letter in deciding to accept this offer of employment.

It is a condition of this offer that, before commencing employment, you sign a Mutual Agreement to Arbitrate that contains additional requirements for the protection of Monroe Hospital, a copy of which is enclosed.

80.

81.    The later he accepted.

82.    Now, as the plaintiff has repeatedly illustrated Velocity has been coming after him time and time again and prior to his acceptance in this position where he was a corporate employee of Primc Healthcare based in California, he was assigned a worksite at one of their facilities in Indiana as they knew of his

recent recovery from a stroke and did this to cut down time travel and provide coverage for the eastern section of the country for multiple hospitals.

83.    Now claiming after stalking the plaintiff Velocity found out he was working for this organization, in the state of Indiana immediately contacted AZDES and filed a false complaint claiming he was committing unemployment fraud (a felony in Arizona).

84.    Who else had the motivating interest to do this other than Velocity?  The plaintiff was working for a California organization with facilities all over the country and a state Agency where he used to live and a state agency he just appealed and was awarded monetary unemployment benefits against his former employer who terminated him and as he is attempting to move forward, return to work after a near death experience, he is stalked and false accused of felony employment fraud by his former employer.

85.

86.    This was done to induce AZDES to do their dirty work, induce them to contact and weaponize law enforcement to charge and convict him of a felony, send him to prison to stop from paying $240.00 per week in unemployment benefits that he was awarded after his successful appeal on June 22, 2018.

87.    At this time they claim he was still employed at Velocity and receiving health benefits they claim to be paying for on his behalf, knowing he was employed at another organization and at the same time, they are filing felony fraud charges of unemployment fraud against an employee they claim to be still employed.

88.    Keep in mind, they did this behind his back yet again which is their tradition and what cowards to and when it was appealed by the plaintiff, they again intentionally failed to appear at the hearing, relying on AZDES and the Arizona Court of Appeals to again do their dirty work for them,

89.    The court already has in their possession the decision in that appeal. Again, despite knowledge and the so called agreement that they claim would prevent the plaintiff from receiving any monetary awards from his employment and the opportunity to present it to the Arizona Court of Appeals over a year later, they failed to do so, in another documented instance of avoidance in the state of Arizona by Velocity and specifically Ogltree Deakins.

- 15 -

90.

91.

## 92.   Unknown Claims

93.   Defendants attempt to include and categorize the discovery/uncovering of the false fabricated FMLA complaint they planted in the files of the US Department of Labor does not qualify as an "unknown claim" as it is their documents submitted to the US Department of Labor on August 24, 2018 by Ogltree attorney Jennifer Colvin that are attached to it along with communication from the US Department of Labor that show that prior to August 2018, that Velocity and Ogltree Deakins received copies of this FMLA complaint and as such knew of its existence and that they intentionally fraudulently concealed it from the plaintiff and excluded/omitted any and all identifying information ( complaint/charge number ) from the illegal agreement from him as not to alert him or anyone else of their inducement and fraud.

94.   Neither Velocity nor Ogltree Deakins never intended or anticipated he or anyone else would ever discover this or the federal criminal violations of the law they both committed prior to the agreement.

95.   Paramount in the issue to this court is the fact they are attempting to illegally interpret and modify the same agreement that was drafted/created by them to now include all of the criminal uncovered elements that only implicates them further in all of the illegal activities.

96.   This including intentionally not a single defense to the "unknown claim" anywhere in their pleadings since it was uncovered and now attempting to modify and change the jurisdiction and state governing law of the illegal agreement from Arizona to California, claiming California laws are "similar" the most laughable attempt I has seen so far.  It is nothing more of the same approach of avoidance and attempt to gain an advantage.  None of the events in connection to the agreement occurred in California except the criminal violations uncovered by the plaintiff.

97.

98.

99.


## Transformations

100.   The plaintiff has multiple serious concerns in relation with Ogltree Deakins attorney Anthony Decristoforo who has seen too many Transformer movies or the court must order him to complete **"drug testing" with negative results"** before he is allowed to return or proceed in these proceedings.

101.   First, he wants to transform a thank-you letter to the US DOL into an FMLA complaint.

102.   Second, after being caught red handed in planting evidence of an FMLA complaint in the official records of the US DOL he wants to transform it into an **"unknown claim"**

103.   **Third**, he wants to transform the filing of an complaint by the plaintiff in Northern Illinois in his mind as a negative bad thing to do claiming and I quote

> **C.   While on Job-Protected Leave under the FMLA, Plaintiff Files Suit in the United States District Court for the Northern District of Illinois**
>
> On May 8, 2018, Plaintiff, proceeding *pro se*, filed a lawsuit in the United States District Court for the Northern District of Illinois, *Garrison Jones v. Velocity Technology Solutions, et al.*, Case No. 1:18-cv-03288. He alleged numerous causes of action, including harassment, discrimination, and other employment-related claims. *See,* Defendant's Request for Judicial Notice

104.   This knowing that the plaintiff had been terminated unlawfully over two months ago while on FMLA and in his previous pleadings to this court he claims the plaintiff was **"not eligible for FMLA or for FMLA protection"**.

105.   However now he must have watched a "sneak preview" of an unreleased Transformer movie as not he claims he was on approved **"Job-Protected leave under the FMLA"**.

106.    **In his last transformation on Pages 5 and 6 he reverts back to a 3rd
grade Psych 101 tactic where he reduces the font on Page 5 at 25 for no
reason from a 14 to a 6.  Here he changes the font 3 separate times, for no
reason, making it hard to read.  In most circumstances, people will skip of
these sections and move on to a section that is back in the normal font size**

107.    **This is nothing more than a deliberate act concealment, deception** on
the part of the attorney, Anthony DeCristoforo.  He does not want anyone to
stop and concentrate on his deception he wants them to concentrate on the
distraction and not the intent.

108.    He then changes back to a different larger font.  By all intentions, this is
no more than a "[petty" Jedi mind trick to draw attention away from his
"transformation" where he is inducing this court into a decision to obtain
jurisdiction over an inadmissible, unconsciable, illegal, unenforceable
document.  **Petty at best.**

109.

### 110.    Arizona

111.    This directly attributed to the knowledge by Ogltree Deakins attorney of
what they did as a law firm in the state of Arizona and specifically against the
Count of Maricopa County, the jurisdiction that they would have to file any
litigation with to attempt to litigate the illegal agreement.   Arizona is the last
jurisdiction they want to go to.

112.    Included is the letter if you want to call it is a threat to enforce the illegal
agreement from July 19, 2019 from Ogltree Deakins attorney Jennifer Colvin.

113.    **Here she claims "at this time Velocity " Velocity does not want to
enforce the agreement"**

**Ogletree
Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: 312-558-1220
Facsimile: 312-807-3619
www.ogletree.com

Jennifer L. Colvin
312-558-1234
jennifer.colvin@ogletree.com

August 26, 2019

Via E-Mail

Garrison Jones
garrison.jones@outlook.com

RE:   Jones –and– Velocity Technology Solutions, Inc.

Dear Mr. Jones:

As you may recall, you and I met last summer in Ogletree's Chicago, Illinois office when you came in to sign the attached settlement agreement (the "Agreement") with Velocity. In exchange for you signing the Agreement and releasing all claims against the released parties named in the Agreement, Velocity paid you a handsome sum of $107,500. Velocity fulfilled its obligation under the Agreement and paid you the full amount.

As part of the Agreement, you agreed, among other things, "not to make any disparaging statements or remarks regarding" Velocity or any of the released parties. You also agreed that if you do so, Velocity may seek damages, including attorneys' fees. Now, unfortunately, it has come to my attention that you have begun sending a series of emails and letters to individuals at Velocity, Infor and other parties, and that you have written to the New York Times publication. In each instance, your conduct has violated the plain terms of the Agreement.

Despite your conduct in violation of the Agreement, at this time Velocity would prefer not to be forced to enforce the terms of the Agreement through litigation. However, your continued violation of the Agreement will force us to do so. Thus, we implore you to immediately discontinue making disparaging comments about Velocity and from taking any other actions in violation of the Agreement.

Lastly, we understand from your communication that you have had difficulty obtaining a new position. I cannot pretend to know why others have elected not to employ you, but Velocity can assure you that it has not engaged in the conduct you allege and has made no attempt to prevent you from obtaining gainful employment. We wish you all the best in the future and, again, implore you to discontinue your campaign against Velocity.

Sincerely,

Jennifer L. Colvin

114. _____

115.   In reality neither Velocity nor Ogltree Deakins had any intention of filing any litigation to "enforce this illegal agreement. Everything said about

- 19 -

Velocity and all their unethical, illegal, criminal crimes as well their fraudulently overbilling their customers can be proven even today.

116.     After months of being harassed, stalked and cyber-stalked by Velocity and finding out they had filed multiple false claims against the plaintiff, he began to fight back and fought back with undisputable proof.  Then Velocity like big babies went and called their watch dogs at Ogltree Deakins crying now that they have been exposed with the truth. The problem is in the words of Jack Nicholson, "**They can't handle the truth**"

117.     This was on August 26, 2019 and if they had grounds to enforce or grounds for litigation they would have done so.  They did nothing for over 2 years.

118.     The reason why they have not done anything is because they knew they had to go to the state of Arizona to do it, the same as the current attorneys.

119.     This is why they why the state of California transformation and the intentional effort then and now to avoid going back to the State of Arizona for anything.

120.     It really does not matter if they want to any court in this country because **as soon as the court sees that agreement is "inadmissible" they will decline and dismiss any litigation and Ogltree Deakins knows it**.

121.     **This is where he is attempting to transform this unconsciable, illegal, unenforceable agreement** into something it can and it is not, **a contract governed by the laws of the state of California and not a contract governed by the state of Arizona.  It is not the states of California or Arizona** and their "interpretation it is the transformation interpretation of Ogltree attorney Anthony Decristoforo who thinks that he and Ogltree Deakins have a better advantage in California and not Arizona.

25
26
27
28

A release of claims is "governed by the principles of local law which apply to [the] interpretation of contracts generally." *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (internal citations omitted). The Settlement Agreement includes an Arizona choice of law provision: "The Parties agree this Agreement will be governed by Arizona

5                                    Case No. 2:19-cv-02374-KJM-JDP
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case 2:19-cv-02374-KJM-JDP   Document 83-1   Filed 08/13/21   Page 6 of 7

1    law." [Declaration of Jennifer Colvin in support of Defendant's Motion for Summary Judgment ¶ 3,

122.

24
25   2 Although the parties agreed that Arizona law would govern the Settlement Agreement, California law is similar. When
26   considering a release, the court should "give effect to the parties' mutual intent as it existed" when they entered into
     their agreement. *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (quoting *Skrbina v. Fleming Cos*, 45 Cal.App.4th
27   1353 (1996)). Absent ambiguity or uncertainty in the agreement, the parties' intent should be inferred from the
     language in the release. *Id.* (citing Cal. Civ. Code §§ 1638, 1639). " 'Where contract language is clear and explicit and
     does not lead to absurd result, [the court] ascertains intent from the written terms and go[es] no further.' " *Shaw v.
28   Regents of Univ. of Cal.*, 58 Cal.App.4th 44, 53 (1997) (quoting *Ticor Title In. Co. v. Employers Ins. Of Wausau*, 40
     Cal.App.4th 1699, 1707 (1995)).

6                                    Case No. 2:19-cv-02374-KJM-JDP

123.
124.
125.    Here he has went from a size 14 font to a size 6.
126.    His beginning statement: "Although" is **his transformaiton phrase.**
127.    This also is his knowledge based on the history of fraud and criminality by Ogltree Deakins in the state of Arizona and the fact that he knows they do not have a chance in hell in succeeding in Arizona, he is violating the illegal agreement and failing to put this "**change/modification** if that's what you want to call it, in writing and send to the other party ( the plaintiff) assuming that he and everybody else is stupid and will not question his motives or wuestion his unethical tactics.

- 21 -

128.   **This from an alleged managing stakeholder at Ogltree Deakins** who assigns litigation and gives advice and diretion to lesser attorneys.  WOW.

129.   XXXXXXX

130.   Even before this complaint before the court was filed, it was the intention of both Velocity and Ogltree Deakins to commit the act of Fraudulent Concealment of both the false and fabricated FMLA complaints they filed with the USDOL.  First in the unconsciable, illegal, unenforceable agreement, they conspired to intentionally omit the complaint and charge numbers from the document only referring to it as "the FMLA charge filed with the United States Department of Labor".  It is the only so called charge that does not have a complaint or Charge number and it is inserted into the document amongst legitimate complaints filed by the plaintiff Garrison Jones and the only one he did not file a complaint with.

referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288  (the "Lawsuit").

131.

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288  (the "Lawsuit").

132.

133.   To establish fraudulent concealment, a plaintiff must prove (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do The plaintiff from

the beginning of this litigation has shown and proved this element, this was never a mistake it was always the intention in the conspiracy to do this as not to draw attention to a specific complaint/charge number so that it would prevent the plaintiff or anyone else from fact-checking or investigation this before the document was signed.,

134.     (2) The plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence.  This is evident as they continued to remain silent and made no reference to it even after it was uncovered by the plaintiff in September of 2020.

(#) The third essential element of fraudulent concealment is knowledge on the part of the defendant of facts giving rise to the cause of action. In other words, the defendant must be aware of the wrong.

135.     Not only were they aware of the wrong they have continued to remain silent to this day and have never referenced the discovery and uncovering of this damaging information because it ties/connect them even further into all of the federal criminal felony offense both Velocity and Ogltree committed prior to August 16, 2018.

136.     The fourth and final essential element of fraudulent concealment is a concealment of material information from the plaintiff.

*Shadrick v. Coker,* 963 S.W.2d 726, 735 (Tenn. 1998) (citations omitted). If a fiduciary relationship exists between the plaintiff and defendant, the party asserting fraudulent concealment need not show affirmative concealment of the cause of action, because 'failure to speak where there is a duty to speak is the equivalent of some positive act or artifice planned to prevent inquiry or escape investigation.' *Id.* (quoting *Hall v. De Saussure,* 297 S.W.2d 81, 85 (Tenn. Ct. App. 1956))." 2008 WL 4253628 at *6.

137.     This is apparent they have again on the date of the document being signed Jennifer Colvin knew of all the illegal criminal acts that were committed and intentionally failed to disclose and speak of any of them.  To add she also knew of all the other false complaints, charges and claims made against the plaintiff from May, June and July 2018 made in the complicit conspiracy between Velocity and Ogltree Deakins attorneys with AZDES and the Arizona Court of Appeals and

said nothing.  Knowing at the plaintiff was being set-up and he was being victimized.XXXXXXXXX

138.

139.   The defendants and their attorneys from Ogltree Deakins in their Motion for Summary Judgement on October, 13, 2021 Document 83, is attempting to use their affirmative defense 7 as the means of inducing this court to grant this motion, claiming again for the 15th time a unconsciable, illegal, unenforceable release as the means and mechanism for the court to grant this desperate motion.

140.   As the plaintiff has repeatedly stated that he cannot release any claims that were made in connection with   federal criminal crimes/offenses committed/ made by the defendants, only the federal government can release such claims.

141.   The defendants committed multiple federal criminal violations of the law in the inducement and procuring this unconsciable, illegal agreement and as such it was and has been void from its inception and unenforceable.

142.   Any contract that was created for illegal purposes or via illegal criminal activity is void in its entirety.

143.   No one has to seek relief from anything they are not connected to.

144.   Its human instinct to defend oneself from any false allegations.  Only criminals remain silent as it is their constitutional right, however, you don't move evidence to an "unknown claim" category in seeking relief unless you know you have or can be held responsible for in their minds "a **lesser included crime**.

145.   What the defendants and their attorneys have done is submitted to this court a confession and admission that they are the ones who committed multiple federal criminal violations of the law including fraud upon this court.

146.   They should be adjudicated for both as they are in parallel violations of civil and federal law.

147.

148.   The silence by the defendants and their counsel from Ogltree Deakins on the discovery of what they now call "**unknown claim**" that could have only been filed by the defendants and their attorneys from Ogltree Deakins.

149.    It did not just appear in the records of the WHISARD system at the US Department of Labor on its own.

150.    It was made by individuals who knew all issues about the unlawful termination by Velocity and where they could plant evidence in regards to an FMLA complaint over a year before this complaint before this court was even filed.

**151.**    Again, in the complaint, it was made by a "female**" where the phrase of ""her and she "was mentioned over 17 times, indicating it was a female the intake person was speaking to.**

152.    Throughout these proceedings they have denied every single claim, allegation and complaint that has been presented to this court by the plaintiff all except one.

153.    They have never made a mention or denial of the fact that they were the parties who filed the false fabricated FMLA complaint with the US Department of Labor, nor have they denied in any form the fact that it was part of a criminal complicit conspiracy executed by both Ogltree Deakins attorneys and Velocity.

**154.**    However, by way of their desperate attempt and the filing of their latest motion for Summary Judgement, they seek relief from the liability and financial monetary award and damages by now including "known **and unknown claims" which in itself is an admission of guilt and liability.**

**155.**    One does not have to seek any relief from any claim they have not committed or liable for if they did not commit any violation or offense.

**156.**    The defendants have never offered or made a single mention about this claim or made any statement or reference to it in any of their pleadings.

**157.**    Instead, they have done their traditional abandonment and pretended it never existed.

**158.**    However, this inclusion of "**unknown claims**" is a reference directly to the conspiracy to commit these heinous federal criminal crimes and violations of multiple federal criminal offenses that were in connection to this and other events that they have included in the unconsciable illegal, unenforceable agreement that they have presented to this court where every single piece of evidence even their own ties both Velocity and Ogltree Deakins.

**159.**    The plaintiff wants to stress for the 50th time, he has never filed an FMLA complaint with any local, state, or federal agency against his former

employer Velocity Technology Solutions except this complaint before this court.

**160.**

161.     The court is well aware of the multiple stunts and changes off statements made by the defendants and their counsel from Ogltree Deakins.  This is no more than another example of them scheming after being caught red handed. It's absurd and absolutely ridiculous.

162.     Again, now they contend that they are covered by this unconsciable, illegal, unenforceable agreement claiming now this is an "unknown claim when in the illegal agreement they created clearly says the "**FMLA charge filed with the United States Department of Labor**" as the specific known claim . It is now "unknown" it's indicated in the document.

163.     They can't now claim and move it into the "unknown claim or categorize it as unknown category because now it is in their minds advantageous /beneficial to do so, because they created an release letter, sent it to the US Department of Labor with a fabricated "release letter with an attachment that was in fact a thank-you letter to the agency, that they were now forcing the agency and this court to think it was an official FMLA complaint in the files of the US Department of Labor.

164.     To add, this "release letter was attached to the false fabricated FMLA complaint they filed by impersonating the plaintiff Garrison Jones, where they again, fraudently did from the plaintiff and this court until he uncovered it.

165.     Is blatantly obvious, they are the parities who filed it.

166.     Even the agency they claimed where the FMLA complaints existed has come forward and stated there is no record of any complaints in their system what was made by the plaintiff Garrison Jones.

167.     All off the records communications, attachments, were all made by the defendants Velocity Technology Solutions and their attorneys from Ogltree Deakins.

168.     They are the ones who submitted this false inadmissible evidence to the court under the assumption that it is the ultimate " free at Last" document but in fact all it does in strengthen the rope around their neck,

169.     They have already implicated themselves by the connection to the documents sent to the US department of labor, they are simply tightening the loose by now claiming the release sets them free.

**170.   CONFESSION AND ADMISSON**

171.   The release document is not a release, it is a confession of guilt and admission that they are the parties who committed federal criminal fraud against the federal government of the United States and fraud upon this court. It is not vindication.  How can it be?

172.   This is the first and only piece of **so called evidence** that have submitted in over 4 years and it's clear that it proves every single thing the plaintiff has said against them.

173.   **It does and will not have the "Alamo affect"** they anticipated and planned after 10 months of silence.

referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288  (the "Lawsuit").

**174.**
**175.**
**176.**
**177.**
**178.   FRIVIOUSLY LITIGATION STUNT**
The defendants Motion for Summary Judgment is nothing more than a frivolous litigation stunt after they have been caught once again committing fraud upon this court where they have now submitting false fabricated evidence to this court in their "Alamo **Defense**.

**179.   FRAUDULENT INDUCMENT AND CONCEALEMENT**

180.     **What they are now claiming to be unknown claim and that their so called illegal agreement in their minds cover them and escape liability simply   cannot give them any relief they seek.**

181.     **What this is a text book case of fraudulent concealment.**

182.     The plaintiff has already shown by multiple affirmative acts and misrepresentation by the defendants and their counsel from the beginning as they have been lying in wait expecting the plaintiff to offer and present this unconsciable, illegal, unenforceable document to the   court.  However, the desperation set in as they saw that they were losing another case that led to the "so called Summary judgement motion that included long awaited unconsciable, illegal, unenforceable agreement by Ogltree Deakins after 10 months of laying in wait.

183.

184.     First of all in a case of fraudulent concealment, it has always been the intent of the defendants and counsel that this **"unknown claim"** would never have been found, however from the beginning there has always been more illegal acts luring behind every single thing they have done that now that they have submitted this document to the court makes it clear.  They knew it was always there from the beginning and intentionally hid, concealed, suppressed it from the illegal agreement.

185.     The unknown claim as they are calling it has all **the fingerprints of the defendants Velocity and Ogltree Deakins all over it.**  The only element that connects the plaintiff to this **"unknown claim" was planted in it o by Velocity and Ogltree Deakins because** that is what they wanted and needed to **do, Frame the plaintiff Garrison Jones for filing it** illegally taking personal identifying information from his employee file at Velocity maintained by Velocity HR. Director, Shauna Coleman, his name, the address from address they thought he lived at from documents from AZDES and the case in Northern Illinois. **What they thought was his cell number of 17 years** from his employee file, not knowing that it had been changed over a month prior to the filing of this false FMLA complaint with the US Department of Labor.

186. Its creation on July 19, 2018 to the entry on August 24, 2018, and all of the updates to this document at the US Department of Labor, all have been from **Velocity and Ogltree Deakins**.

187. They knew it existed.  It is not "unknown, and cannot be attributed to the plaintiff Garrison Jones as it is a defense claim and the plaintiff or anyone else **can't release a claim for another party**.

188. There exist hundreds of cases where the police and prosecutors have planted drugs, weapons and other evidence that led to the incarceration of hundreds if not thousands of individuals, some are still in prison.

189. Velocity and Ogltree Deakins figured if it's good for the goose, it's good for the gander so why they cannot do the same thing and reverse the trend and the defendants frame the plaintiff in the same way.

190. This by the way is the second time they had executed this same illegal tactic in a 2 month period.

**191.      The first attempt to impersonate and frame the plaintiff**
**May 7, 2018**

192.     **The first attempt to impersonate and frame the plaintiff was on May 7, 2018** with this contact log from AZDES, where they impersonated the plaintiff 3 days after Velocity HR Director Shauna Coleman filed a false complaint with AZDES claiming he was physically unable to work because he was on approved FMLA knowing she and Velocity had unlawfully terminated him more than 2 months prior.

**193.      The second  attempt to  frame the plaintiff**
**June 2018**

194. This second attempt to frame the plaintiff occurred when Velocity found out because they were stalking him, that he returned to work for another organization in June 2018, immediately contacted AZDES falsely accusing him of unemployment fraud ( a felony in Arizona) attempting to induce AZDES to weaponize law enforcement charge him with a felony and send him to prison, knowing since he is black that it's easy to get in the criminal court and prison system , cut him off from all evidence against him and the petty item stop them from paying $240.00 per week in unemployment benefits one of the lowest if not the lowest amount in the nation.

195. By making this one simple call they gave them his name, who he was working for etc.

196.   **They wanted someone else to do their dirty work.  It failed**.



197.

198.   **The third   attempt to  frame the plaintiff**
**July 19, 2018**

199.   This contact was with the US Department of Labor when as stated was
the third attempt to frame him now with a federal government agency claiming
he contacted them on July 19, 2018 and filed a FMLA complaint when in fact
he was planning a business trip for his new employer to California on
June 22, 2018.

- 30 -

**200.    Again, it is still important to show that the cell number in this false fabricated FMLA complaint was disconnected in June 2018 but it appears in the false complaint under the section "person Submitting Information**

| Person Submitting Information | | | |
|---|---|---|---|
| Name: *Jones, Garrison* | | Primary Phone: *916-8⁻0-4060*   ext. | |
| Address: *⁻05 West Liberty Drive* *Wheaton, IL, 6018⁻* | | Other Phone:   ext. | |
| | | Fax:   ext. | |
| | | Email: | |
| | | If not complainant. EE Name: | |
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action   *N* | |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

201.    In other words, the plaintiff must show that the defendant engaged in some affirmative arrangement that was intended to prevent subsequent discovery of the underlying claim or of the defendant's identity. The defendant's mere silence will be insufficient to show fraudulent concealment.

202.

203.    Typically, the courts will only be interested in actions the defendant takes after the alleged injury has already occurred – actions taken before the injury will not be viewed as being capable of concealing a claim that does not yet exist. Moreover, the statute requires reasonable diligence on the part of the plaintiff. Therefore, if there was an attempt to conceal a claim but the plaintiff failed to take reasonable steps that would have revealed it, fraudulent concealment" will not be available to toll the statute of limitations. In other words, the plaintiff will be held to know what he ought to know.

204.

205.    Let's keep it simple: regardless of the nature of the underlying cause of action, to show fraudulent concealment a plaintiff is essentially going to have to prove a fraud and show (1) a material representation or action by the defendant which was false or intended to conceal the claim; (2) the defendant

knew his actions were false and/or misleading or they were made recklessly without knowledge of their truth or falsity; (3) the defendant intended that the plaintiff to rely upon the defendant's representation or actions; (4) the plaintiff did, in fact, reasonably rely and (5) the plaintiff was damaged as a result.

206.

**207.**

208.

209.

210.

211.     This is a supplemental motion in support of the plaintiffs opposition and denial to defendants motion for Summary Judgement as they are not entitled to any form of relief to escape the civil liability and criminal penalties of the termination of the plaintiff while on FMLA and the criminal acts of fraud, forgery, fraudulent misrepresentation, fraudulent concealment of all claims, criminal falsification and other local, state and federal criminal statutes.

212.     The court must be aware that after 10 months of silence from the defendants and their counsel, they now think they have a solid fool proof plan. They have known of the fraudulent discovery by the plaintiff via multiple FOIA responses from the source they claimed the plaintiff filed multiple FMLA complaints specifically the FMLA complaint they claimed was filed on May 22, 2018 in a "so called release letter" that was actually a thank-you letter sent to the US Department of Labor for its direction and guidance on his options related to his termination while on approved FMLA leave.

213.     This thank-you letter was sent to Velocity HR Director Shauna Coleman and Velocity General Counsel, Chris Heller.

214.     The plaintiff was instructed by the EEOC investigator that was assigned to his discrimination complaint with the EESO, case on March 15, 2018 after the plaintiff informed her and sent her a copy of an email he received the same day.

215.     Based on the contents of the email, she informed him that she was not qualified to speak on his termination while on FMLA and instructed him to contact the US Department of Labor for direction.

216.     As indicated in the letter, the representative informed him based on their conversation, that he did not have to file a complaint with their agency, that he could proceed directly to federal District Court and file a formal official

lawsuit/complaint based on the communication he received and the fact that he was on approved FMLA when his termination occurred.

217.    At that time, the plaintiff did not file such a lawsuit as he had just received his right to sue on the racial discrimination and other violations from the EEOC investigator on March 15, 2018 the same day he received notification of his termination.

218.

## VERSIONS CHANGES FFMLA AND PLAINTIFF TERMINATION

219.    The defendants and their attorneys have changed their versions of the FMLA status of the plaintiff and the versions of the termination of the plaintiff more than 9 times total.

220.    Meanwhile, the plaintiffs' version of his FMLA status and his version of his termination has never changed a single time.  He has been consistent with any statements, he has been consistent in connecting evidence and exhibits to the court and all tribunals he has been involved in including this one.

## AFTER BEING CAUGHT AND TELLING LIES TO THIS COURT

221.    Meanwhile, this has never been the same for the defendants and especially all of the multiple attorneys from the law firm of Ogltree Deakins.

222.    In the current case attorneys Paul Smith and Anthony Decristoforo who work each is trying this case separately and each has changed their version of the termination of the plaintiff and his termination multiple times which is unbelievable.

223.    At the same time,  what is in front off this court are three attorneys from the same law firm, raking up billable hours times 3 against a single plaintiff who has no legal experience and has done the only thing he has experience in from his consulting back ground is tell and demonstrate the truth.

224.    There exist a documented history by attorneys from Ogltree Deakins where when they get caught in a lie by the plaintiff, they quickly attempt to

discredit him but they have never countered his evidence or exhibits and prove him incorrect or wrong.

## CHANGE FROM RELEASE CLAIM TO INCLDE UNKNOWN CLAIMS

225.   Now after 10 months of conspiracy, huddling and planning the best thing they have avoided and intentionally failed to present to this court is the illegal, unconsciable, unenforceable agreement they have now submitted it to this court as evidence in a last ditch attempt to induce this court into a decision/ruling in favor of their guilty client.

226.

227.   However, this time after they have been caught lying once again about the nature of the FMLA notations in the illegal agreement where they claim at the time of the agreement, these claims were filed by the plaintiff Garrison Jones and they claimed, they existed before the agreement and including them being specific as in their release letter written by Velocity General Counsel Chris Heller but sent to the US Department of Labor by none other than Ogltree Deakins Attorney Jennifer Colvin, where it was hand delivered to this agency.

228.   Assuming all their troubles were over and after a large slap on the back party.  Now, again after being caught lying, in their motion for Summary Judgment, **they have changed and abandoned the** " released claim defense but now they are including what they now call **"known and unknown claims"** change when before the agreement consisted of the specific claims in the agreement as illustrated below.

referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288  (the "Lawsuit").

Here they indicated that an FMLA charge exist filed with the United States Department of Labor, however, it is the only such "complaint listed that does not have a complaint, or charge number like all of the legitimate complaints that were actually filed by the plaintiff.

There is a good reason for this is because the plaintiff never filed an FMLA complaint or charge against Velocity Technology Solutions with any local, state or federal agency except this case before the US District Court of Eastern California on November 25, 2019.
The charge, complaint number was intentionally omitted as not to draw the attention to anyone off their plan of inducement and to specifically draw attention away from this and the attorney that was assigned to this was none other than Jennifer Colvin who works at Ogltree Deakins office in Chicago.

229.   On the date of the agreement she attempted to separate me from my bodyguard daughter, so she could get me alone but that was refused.  She then hastily put us in a conference room claiming we had to do this quickly as there is another meeting scheduled and on only displayed the signature sections of the documents hiding the content.

230.   She even told me I could not touch the check until I signed all the document like a black man was going to do a snatch and grab and run from the 15th floor in a secured building with a check.

231.   Sleazy.

232.   Now in their motion as stated, they had no way out, nor did they have any intent or expectation of the plaintiff ever uncovering all of the criminal, false fabricated, claims, charges and or complaints they and Velocity had filed against him.

**233.**   While the plaintiff was trying to move on from the most horrific work experience of his life, Velocity had been hard at work stalking him, filing multiple false charges against him and most of all filing false fabricated FMLA complaints with the US Department of Labor to cover-up the fact that they

unlawfully terminated him while on FMLA that **they now are claiming to be a unknown claim.**

234.    **This not an unknown claim** as the defendants and their counsel from Ogltree Deakins are now claiming.

235.    **They knew about the false fabricated FMLA complaint way before** this complaint before this court was filed over a year prior.

236.    The only time, their false fabricated May 22, 2018 "complaint they came was in the form of the thank-you letter that both Ogltree Deakins and Velocity conspired to make convert it in their minds in to an FMLA complaint and send it with the fabricated release letter 3 months after they claimed it was filed with the US Department of Labor, where no FMLA complaint existed in their files on that date.

237.    So yet again knowing what their procedures were, Ogltree Deakins attorneys knew the low level US Department of Labor employee would look in the official WHISARD Complaint system and find the only FMALA complaint and attach their letter and its attachments to this complaint, the false fabricated FMLA complaint made by the defendants on July 19, 2018.

238.

239.    This false claim was filed by the defendants.

240.    This claim is part of the **premeditated executed conspiracy** to commit criminal fraud by way of using personal identifying information of the plaintiff Garrison Jones from the employee file at Velocity release unlawfully without his consent and or permission by Shauna Coleman, Velocity Human Resource Director.

241.    For good measure, they included along with his name and address from various decisions and ruling from the Arizona Court of Appeals and document from case number was intentionally included in this false complaint to deceive the intake person at the US Department of Labor to make it appear authentic and to make it appear that it was actually the plaintiff Garrison Jones making the false complaint.

242.    For good measure, they included his cell phone number from his employee file maintained by Velocity HR Director Shauna Coleman in the Human Resource Department at Velocity.

243.    Via an FOIA request and response from the US Department of Labor on September 30, 2020, the plaintiff uncovered not the May 22, 2018 fabricated

FMLA complaint he expected but what he received via this response was an FMLA complaint filed on July 19, 2018 that was filed naming him as the person submitting the complaint identified as **complaint number 3850645**.

244.   This false fabricated FMLA complaint was filed by the defendants to aid in their defense of the unlawful termination of the plaintiff.

245.   The plaintiff had no knowledge of this false fabricated complaint until September 2020.

246.   At the time of this complaint, the plaintiff had returned to work for a different organization, Prime Healthcare where he was a corporate employee, but was assigned the worksite at one of its facilities in Bloomington, Indiana.

247.   At the time of this false complaint, he was preparing to leave on a business trip scheduled for July 22, 2018 to California. He left Velocity in his rear view window and was attempting to move on with his life. However, it was Velocity who had vengeance and retaliation in their hearts to still come after him.

248.   as

**AIR Confirmation. LNRDV6**                                     Confirmation Date: 07-11-2018

| Passenger(s) | Rapid Rewards # | Ticket # | Expiration | Est. Points Earned |
|---|---|---|---|---|
| JONES/GARRISON | Join or Add # | 5261466213663 | Jul 11, 2019 | 10340 |

Rapid Rewards points earned are only estimates. Not a member - visit Southwest.com/rapidrewards and sign up today!

| Date | Flight | Departure/Arrival |
|---|---|---|
| Sun Jul 22 | 1563 | Depart **INDIANAPOLIS, IN** (IND) on Southwest Airlines at **07:45 PM** Arrive in PHOENIX, AZ (PHX) at 08:25 PM Anytime |
| | 4702 | Change planes to Southwest Airlines in PHOENIX, AZ (PHX) at 09:45 PM Arrive in **ONTARIO/LA, CA** (ONT) at **10:50 PM** Anytime |

| Date | Flight | Departure/Arrival |
|---|---|---|
| Sat Jul 28 | 5890 | Depart **ONTARIO/LA, CA** (ONT) on Southwest Airlines at **09:15 AM** |

249.    As you can see, from the document above.

250.    The plaintiff was not in Chicago at the time of this false fabricated complaint he was in the state of Indiana.

251.    However, the attorneys at Ogltree Deakins are and were in Chicago and they and velocity cooked up this criminal illegal scheme to commit fraud upon a US government agency and targeted the US Department of Labor as they knew this was the agency that had jurisdiction over FMLA.

252.    Since it now had been uncovered thanks to Ogltree Deakins attorneys Paul Smith and Anthony Decristoforo, who repeatedly kept mentioning FMLA complaint and releases, they were intentionally leaving "bread crumbs" and dropping hints that was specifically directed at the plaintiff as they knew, he had uncovered multiple false fabricated charges, claims, and complaints made by Velocity from May 2018 until December 2019.  They knew all them had been uncovered, reversed, overturned, denied appeals and dismissed.

253.    They intentionally left these "**bread crumbs** to extend this case for the. Purpose of billable hours and revenue as Ogltree Deakins was in the midst of pay cuts, layoffs and staff reduction.

254.    Everybody knows the only way to distance yourselves from these events is to produce revenue and they targeted Velocity.

255.    Now that there illegal scheme has been uncovered once again, now they are claiming that the uncovered claim that they at all times knew about but uncovered by the plaintiff by due diligence and they had no other way out, the now claim the illegal agreement covers them as it is now and unknown claim.

256.    It is not, it is part of the fraudulent concealment of a claim and it has and was part of the intent when they filed it on July 19, 2018 and that being to misrepresent the fact and its existence and had the intent to suppress, hide and conceal and omit any information that would direct him or anyone else to the existence of the false complaint especially from the plaintiff Garrison Jones.

257.    However, the US department of Labor verified that before August 2018 Velocity and Ogltree Deakins actually received copies of this false fabricated FMLA complaint but again as you can see there is no complaint number listed in the illegal agreement.  Nor is there a complaint number on the fabricated release letter sent to the US department of Labor by Ogltree Deakins attorney, Jennifer Colvin.

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

Re:   DOL Complaint

To Whom It May Concern:

Please accept this letter as my request to withdraw my DOL Complaint, dated May
22, 2018, which I have attached to this letter. The Parties have entered into a settlement
agreement that fully resolves the concerns and allegations raised in my Complaint. Your
prompt and responsible attention to processing this permanent withdrawal is greatly
appreciated.

Sincerely,

Garrison Jones

34314971.1

258.

259.    Written the day before by Velocity general counsel Chris Heller with
input by Ogltree Deakins attorneys

260.

- 39 -

261.

| Description | |
|---|---|
| File: | Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf |
| Title: | |
| Author: | Christopher Heller |
| Subject: | |
| Keywords: | |
| Created: | 8/15/2018 5:36:03 AM |
| Modified: | 8/15/2018 5:36:03 AM |
| Application: | Microsoft® Word 2016 |

| Advanced | | |
|---|---|---|
| PDF Producer: | Microsoft® Word 2016 | |
| PDF Version: | 1.7 (Acrobat 8.x) | |
| Location: | C:\SETTLEMENT RELEASE DOCUMENTS\ | |
| File Size: | 9.26 KB (9,482 Bytes) | |
| Page Size: | 8.50 x 11.00 in | Number of Pages: 1 |
| Tagged PDF: | Yes | Fast Web View: No |

262.

263.     Received hand delivered at the US Department of labor on August 24, 2018  recorded and attached not to an FMLA complaint made on May 22, 2018 but attached to the only FMLA complaint in the entire system with that being the false fabricated FMLA complain filed on July 19, 2018 because there never was an FMLA complaint filed by the plaintiff on May 22, 2018 and rhey knew there was not.

264.     It was their intent all along to have the "release letter" attached to the flase fabricated complaint because it was the only one in the system and they preyed on low level employees to go first to the WHISARD SYSTEM , to look for a record of a complaint that matched the plaintiffs name and they knew the only one they would find is the one on July 19, 2018 because they had planted it there just for that purpose on July 19 as a holding spot for the fabricated release lette because they knew of the policies and procedures of the agency and decieved them into doing there dirty work for them.

265.     If the plaintiff had not uncovered it, they would be presenting this court as proof of an FMLA complaint they claimed was filed by the plaintiff, now that that option had been taken away, they have regenerated and now cosider it an unknown claim and it is not. It is evedence of premediated criminal fraud of falsification and entry of a record into the files/records off a federal agency of

the US Government with the intent to use it as fraudulent inducement of a settlement that they are now after it has been discovered only by the due diligence of the plaintiff to prove that both Velocity and Ogltree Deakins attorneys are and have had the intent to commit criminal fraud against the federal government.   XXXXXXX

266.

1. First of all the plaintiff is opposed to the defendants motion for summary judgement as they claim that this issue was previous settled and per their affirmative defense seven filed on November 13, 2020.
2. The court is aware that the extensive efforts of fraud and criminal violations of local, state and federal law that has been committed by the defendants with the advice, aiding and abetting of multiple attorneys from the law firm of Ogltree Deakins.
3. Specifically targeting the one desperate claim of release they have been claiming for over a year but has never produced, the plaintiff does hereby on the record state what is already known.  The commission of fraud and the entering into a contract for an illegal purpose or in connection to a contract immediately voids the entire contract.
4. Equally, a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the released party.
5. This statutory amendment resulted from California Senate Bill No. 1431. As Section 3 of the bill states, the amendments "are declaratory of existing law." Other than grammatical tweaks, the amended version of Section 1542 adds "releasing party" and "released party" alongside "creditor" and "debtor" and also changes "must have materially affected" to "would have materially affected" regarding the creditor's or releasing party's decision to settle.
6. Next based on the felony criminal violations committed by the defendants and their counsel where they intentional omitted material information in connection to the fabricated FMA complaints and charges they filed with the US department of Labor which constitute criminal felony fraud, the plaintiff in no

capacity has the authority to release any claims of fraud and criminality committed against the federal government. Only the federal government can do that.

7. Lawyers have ethical duties to inquire whether a client is seeking to use their services to commit fraud or other criminal activity. There is no way that now over 4 years that Ogltree Deakins does not know or are aware that they were hired specifically to participate, advise, and council Velocity into committing fraud and criminal acts to prevent and relive them from any financial liability in connection with the unlawful termination of the plaintiff while on approved FMLA. No one simply hires a so called tier one law firm to defend them against a parking ticket.

8. Based on their tract record of failure it is obvious Velocity has chosen the wrong representation. They have lost every single engagement.

9. Next, No release extends or can be extended to any claims or allegations, that were fraudulent concealed from the plaintiff.

10.

11.    They have represented velocity from the beginning and have participated in the fraud and criminal acts.

12.    It's still important to note that collectively they have lost very single litigation despite their fraudulent approaches, documents and failure to stand up on the record for their guilty liable client Velocity / Navisite.

13.    Their acts in filing this frivolous motion for summary judgement is the same as their multiple motions to dismiss, that have also been denied. It's a sheer act of desperation as they see the case against them mounting and overflowing with incriminating damaging evidence especially the multiple FOIA responses from the agency they committed multiple federal violations of the law against the US Department of Labor.

14.    They have stated in these response that their records do not contain a single record of an FMLA complaint filed by Garrison Jones against Velocity Technology Solutions as well, they have via the same media confirmed that the false fabricated FMLA complaint planted in the files was not and could not have been made by Garrison Jones as well confirmation that Velocity and Ogltree Deakins received a copy of this false fabricated FMLA complaint before August of 2018.

15.     Their responses speaks volumes and completely confirm what the plaintiff has been saying all along with that being this has always been a join, coordinated complicit conspiracy and extensive effort to cover-up, commit fraud, by deception and inducement to cover up for the termination of the plaintiff while on approved FMLA.

16.

17.

18.     The plaintiff Garrison Jones does hereby notify the court for an order to deny defendants motion for summary judgement and strike the entire answer to the complaint and all Affirmative Defenses pursuant to FRCP Rule 12 (f) With Prejudice and also deny the defendants the right to amend.

19.     This court has the authority and the duty to uphold res judicata and collateral estoppel.

20.     The defendants counsel contends in their latest motion for summary judgement that the plaintiff while on FMLA filed a lawsuit in the northern District of Illinois. The plaintiff begs to differ on this statement.

21.     The plaintiff was not on FMLA on May 8, 2018 because he had been terminated on March 15, 2018 from his former employer Velocity technology Solutions while on approved FMLA medical leave.

22.      His FMLA medical leave was terminated at the same time he was unlawfully terminated by Velocity.

23.     As well as a terminated employee he also was able to work for any organization. However, Velocity with vengeance in its heart came after him once again filing false fabricated unemployment fraud against him, yet again behind his back, cowardly.

24.     Maybe if counsel was not so busy building cases of fraud they would have counselled Velocity to let this entire vengeance retaliation go. Instead, they coordinated retaliation disguised as efforts of settlement where at the same time of the so called "negotiations" Ogltree Deakins client Velocity and specifically Shauna Coleman on the same date was busy contacting AZDES filing another false claim, allegation of falsely accusing the plaintiff of not being physically able to work. May 4, 12018.

25.     Ogltree Deakins attorney Christopher Meister was tasked with "keeping the plaintiff occupied while this was going on.

26.     Or may after this false inducement failed it was the turn of the Velocity General counsel Chris Heller to present another false inducement of $3,000 for attorney fees claiming this is another attempt to settle the case in Northern Illinois.

**27.**     However after just one phone call the attorney found by the plaintiff immediately withdrew and declined to represent the plaintiff Garrison Jones because and I quote  **"Your former employer ( Velocity) is up to some bullshit and I am not going to risk my license to practice law and get involved in this  shit"**

28.     **Sent:** Tuesday, June 26, 2018 10:56 AM
**To:** Chris Heller <chris.heller@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@outlook.com>
**Subject:** Re: Attorney fees

29.

30.     Mr. Heller:

31.

32.     As of today, we will not be representing Mr. Jones in this matter.

33.     Luke A. Casson

34.

35.

On Jun 26, 2018, at 10:31 AM, Chris Heller <chris.heller@velocitycloud.com> wrote:

36.     **Communication for Settlement Purposes Only**

37.     Luke/Garrison,

38.     Velocity is willing to pay up to an additional $3,000 as part of the settlement agreement for Mr. Jones to use in connection with his engagement of counsel on this matter.

39.     I have attached the previous email to Mr. Jones related to this offer.

40.  Velocity cannot get involved in the engagement arrangements between you and this must remain between you two.

41.  Regards,

42.  Chris

43.  He was right it was a scam, at the same time, Velocity was filing unemployment fraud against the plaintiff and had no intention of doing anything to settle or resolve the litigation,  It at all times was a setup.

44.  If counsel this issue has already been adjudicated in an appeal file by the plaintiff and upheld on an appeal filed by Ogltree Deakins attorney Christopher Meister where the court denied as dismissed the appeal and again upheld when after the court clearly stated there was no right to appeal its decision, instead Ogltree Deakins filed a "Request **to reopen**" that was also denied by the Arizona court of appeals.

1.  If counsel or any number of the 900 lawyers had the guts to attend all of these prior proceedings they would have heard first hand as these decisions were being made.  Instead, **they hid in the bushes as a member of the cheap seats when they should have been up front and center in front of the judge on behalf of their guilty client.**

2.  The defendants motion for summary judgement Document 83 filed on August 13, 2021.

3.  It is yet again apparent that the defendants and their counsel from Ogltree Deakins specifically Ogltree Deakins attorney Anthony Decristoforo are again in desperation mode.

4.  In multiple prior pleadings including the last one filed over 9 months ago by Ogltree Deakins attorney Paul Smith where they have repeatedly flipped and flopped on the FMLA Status of the plaintiff, going from he is/was eligible to was not eligible for FMLA or FMLA protection.

5. The defendants now are attempting to claim that the fabricated FMLA complaint uncovered by the plaintiff now falls under the known and unknown claims in the illegal unenforceable agreement.

6. What they are again attempting to do is disconnect themselves from the filing of the false fabricated FMLA complaint in their files dated July 19, 2018 where the fabricated release letter is attached to.

7. All is does is again prove they are still actively participating in the fraudulent concealment of their criminal violations committed against the US Department of Labor.

8. The false fabricated FMLA complaint file filed on July 19, 2018 was not an unknown claim it was planted in the files of the US Department of Labor as a **holding spot/placement slot for the fabricated release letter hand delivered to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin.**

9. Ogltree Deakins and Velocity were the only organizations who knew it existed before August 2018.  This again is no coincidence.

10.

11. The plaintiff contends that it does not.  The defendants defined that the US Department of Labor contained a complaint/charge dated May 22, 2018 and that it existed in the files of the US Department of Labor. There have been four attorneys from Ogltree Deakins, Christopher Meister, Ryan Mangnum, Paul Smith, and Anthony Decristoforo who all have filed pleadings, appeals to different jurisdictions on the FMLA status of the plaintiff all dependent on which one appears to be in their favor at the time.

12. In addition, they have at all times attempted to "disconnect" the termination of the plaintiff from his FMLA leave and FMLA protection, glossing over it again depending on if it was in their favor or advantage to do so.

13. Attorney Anthony Decristoforo is the worst of the bunch as in previous pleadings filed by him he has went back and forth on this topic.

14.   In addition, he has been caught in lies to this court via his pleadings where he falsely claimed that this complaint was virtually identical to a previous litigation filed by the plaintiff claiming he made these same claims/allegations in the prior litigation.  When It came time to prove there was an FMLA claim or allegation in the prior litigation, he angrily claimed it was immaterial and irrelevant as he could not prove that the plaintiff (which he did not) make a FMLA claim or allegation in that proceeding.  Even still he again filled a second motion to dismiss that was denied and failed.

15.   However, he again begins to fabricate claims, allegations in the current complaint in Document 1.

16.   In document 35 filed by this attorney, he made known false allegations about FMLA eligibility and even directed the courts attention to the location he imagined these statements he attributed to the plaintiff.

Case 2:19-cv-02374-KJM-JDP   Document 35   Filed 08/14/20   Page 4 of 5

Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country.  *Id.* at ¶ 8.  Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations.  And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites."  Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

17.   However, just like in his prior pleading **none of these statements**, phrases are located in the entire document.

Now either he has some form of dyslexia or reading comprehension issues, all these statements are considered to be outright lies which is a staple quality that

- 47 -

has been displayed by every single Ogltree Deakins attorney in all of the prior and current litigations.

    a. He claims "the plaintiff alleges that he worked in various home office in Arizona, Illinois, Indiana and California.
    b. The truth of the matter is the phase Arizona does not exist in the entire document.
    c. The phrase **Illinois** does not exist in the entire document
    d. The phrase **Indiana** does not exist in the entire document
    e. The phrase **worksite** does not exist in the entire document
    f. The phrase **Arizona** does not exist in the entire document

18.    Then he goes on and attempts to himself disqualify the plaintiff for FMLA claiming none of these "worksites" are anywhere near Velocity locations.

19.    However he is intentionally leaving out a fact that was established over 15 years ago from the department of labor where it addressed the remote, telecommuting employee and FMLA of those employees, attempting to exclude the plaintiff and his failure to do due diligence on his criminal client.

20.    The US Department of Labor states that remote employees are eligible for FMLA and FMLA protection not because of their residence location but because they report to an office where their assignments are given our and their assigned work site where 40 or more employees work within 75 miles of this location.

**21.**    This is the same configuration of the plaintiff and 70% of the employees who work for Velocity where they work from home, travel to different customer sites but just like the plaintiff all were assigned to Minneapolis or Charlotte worksite locations where they were given business cards and an extension at those locations with that location address as heir "**WORKSITE which makes them eligible for FMLA.**

**22.**    Now however, in his latest flip/flop he does not state ineligible for FMLA now he is back on the bandwagon of this "imaginary release document that now over two (2) years Ogltree Deakins and Velocity / Navisite have threatened to "enforce and present to multiple jurisdictions and proceedings but for some reason (probably criminal) they have intentionally failed to do so.

**23.**    The first and only indication of any sort of evidence they now want to present is what they call the " **declaration of Jennifer Colvin**" who is the Ogltree Attorney who by deception inserted the famous fabricated Department of Labor release letter amongst legitimate complaints filed by the plaintiff in order to obtain his signature hiding the content of the letter, then immediately snatching it away as if it was simply "**routine**"

Jennifer Colvin now has been identified as the "attorney: who sent the fabricated release letter to the US Department of Labor on August 24, 2018 as recorded in this contact log from the US Department of Labor

**WHISARD Complaint Information Form**

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*8/24/2018 1:43:46 PM*          *FILED-NO ACTION*

*7/19 2018 5:14:44 PM*          *INTAKE ONLY*

Also where she included this letter that they claimed was an FMLA complaint by the plaintiff made on May 22, 2018 but in fact was a **thank-you letter to the agency** on providing direction based on his termination while on approved FMLA medical leave from Velocity.

It makes no logical sense that this "fabricated FMLA complaint where it is being alleged only by Velocity and Ogltree Deakins, that it Shows up 2 months after the false fabricated FMLA complaint was filed where normally in the real world the date of May 22, 2018 comes before July 19, 2019 and this false fabricated release letter and the fabricated FMLA complaint they claim was filed on May 22, 2018 show up on August 24, 2018 because and only shows up because it was attached to the same release letter and we are supposed to believe that they say it was an official FMLA

- 50 -

complaint with the US Department of Labor and that it is included in the illegal agreement that it is an official complaint/charge with the US department of Labor.

Makes no logical sense but shows how extensive the fraud and confusion they want this court to believe is part of legitimate, efforts and negotiations of settlement of a discrimination lawsuit settlement.

Now that the plaintiff was the one who diligently uncover the truth and criminal fraud committed upon this court where the defendants and Ogltree Deakins now are still not taking credit for the false fabricated FMLA complaint filed on July 19, 2018, they are now claiming that this discovery is covered under and now they are **considering it to be a known and unknown claims.**

This is what they are now trying to weasel out of putting it under what they think is a covered element of the illegal agreement.

Let's make it clear to the court.  This is again another attempt among a long list of criminal violations of the law that only implicates Velocity and Ogltree Deakins.

It is nothing more than proof that the defendants and Ogltree Deakins are still actively involved in the fraudulent concealment of claims and actions they intentionally committed intended to conceal, suppress

through fraudulent concealment, "the defendants conspired and employed "artifice, they also planned to prevent discovery inquiry or escape investigation, and mislead or hinder acquirement the knowledge of both the false fabricated FMLA complaints they filed and planted in the files of the US department of Labor along with other information disclosing a right of action, when they had the responsibility to disclose all of the information to the plaintiff.  Instead they remained silent and in the deception mode just as they had the duty and responsibility that from May 2018 until December 2018 had filed multiple false fabricated charges, allegations, claims and against the plaintiff with AZDES the Arizona court of Appeals prior to and after August 2018.

- 51 -

The defendants and their attorneys from Ogltree Deakins are still actively participating in the fraudulent concealment of the FMLA claim they listed in the illegal agreement as well as a assisting Velocity in the concealment of all the individuals within their organization  who were involved and participating in any and all of the concealment where Velocity and Ogltree Deakins would both  be held liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person ( the plaintiff)  entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

The defendants and their attorneys from Ogltree Deakins had one and one only intent and that was to fraudulent induce and fraudulent concealment of the claims in connection with FMLA, they had no intention or care whatsoever about any of the other discrimination claims in the prior litigation.  Their efforts and direction was concentrated on the FMLA termination of the plaintiff.

The plaintiff has already shown the  where the defendants knowingly with intent made  false statement of material facts and omissions as not to draw attention to the real reason for the illegal agreement they also knew what they were going was false and illegal, (2) known or believed to be false by the defendant; (3) intended to induce the plaintiff to act; (4) plaintiff acted in reliance on the truth of the representation; and (5) resulting damage but also they did multiple acts of deception to obtain his signature on the illegal fabricated release and release letter.

These are all of the undisputed elements of fraudulent concealment by the defendants.  To

At no time did the plaintiff file with a local, state, or federal jurisdiction an FMLA complaint to charge.

However, the defendants and their attorneys felt it was necessary to not create one but multiple FMLA complaints and fabricated release letters.

As previously mentioned a release in any form is void when it was the intent of the defendants to intentional conceal the claim of FMLA from the plaintiff by deception fraud and criminal violations against the federal government that was committed prior to the agreement.

There was no record of any FMLA complaint made by the plaintiff on May 22, 2018.

However, this contact was attached to the only FMLA complaint in the WHISRD system used by the US Department of Labor and that complaint was an FMLA complaint that the defendants have never mentioned or recognized that they planted in the files/records of the US Department of Labor, in preparation of the inducement into the illegal, unenforceable agreement that the defendants have been claiming exist and vindicates them from any liability.

The date of this false fabricated FMLA complaint was made on July 19, 2018 and the documents sent to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018 as attached and associated with this false fabricated complaint because, Velocity and Ogltree Deakins knew that the low level employees of the US Department of Labor would first look in the WHISARD system for an official complaint and they would attached these documents to the first open complaint they found and would do no investigation on none of the letters sent to them by Ogltree Deakins.

- 53 -

This false complaint id 3850645 **is still OPEN number in the files of the US Department of Labor.** It was never assigned to an investigator, it was never updated internally by a single employee at the US Department of labor.

**PRIOR BAD ACTS**

The defendants despite their efforts not to mention the existence of the false fabricated FMLA complaint under customer id 3850645 filed on July 19, 2018 there could be only two organizations who had a vested interest to file such a false fabricated FMLA complaint with the US department of Labor and that being Velocity and Ogltree Deakins.

They had done the same thing behind the plaintiffs back on May 7, 2018 where they thought they had gotten away with this same tactic of impersonation.

**I never contacted AZDES on May 7, 2018 but as you can see there is my cell phone number in the contact log** just as it is in the fabricated FMLA complaint filed with the US Department of Labor. I was unaware of this false claim/allegation until July of 2019 over a year later.

**General Adjudication**

**UB-098**      Claimant SSN   36 : 56 1008 0

Issue  Able

Basis
ABILITY TO WORK

Base Period Separation:  No

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text

CLMT WRITTEN STATEMENT
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE REC'D 5/2/18

CLMT CALL ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED
OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017, CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18

They contacted AZDES 4 days after a false FMLA complaint was filed with AZDES by Velocity HR director Shauna coleman, claiming the plaintiff was physically unable to work as he was on approved FMLA Medical leave, again, preying on low level employees of the AZDES and they did exactly what they intended, they made a second negative adjudication against the plaintiff and denied unemployment benefits.

This the court knows was overturned on October 23, 2019.

However, this shows that they again thought they had not gotten caught and made the decision to do it once again on a higher stage and on July 19, 2018 they did the exact same thing and impersonated the plaintiff and planted a false fabricated FMLA complaint and planted it in the files of the US Department of labor, using personal identifying information that could only have come from Velocity in filing this false complaint.

**As rule 404 states under permitted use**

**(2)** *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

It was not a coincidence, it was Velocity and Ogltree even more than a year before the current litigation was even filed. They had in their minds laid the foundation of fraud and what they thought was a defense of termination of the plaintiff while on FMLA and laid the foundation of inducement into an illegal agreement where they asserted by fraud and federal criminal violations of federal law and inserted them into the illegal unenforceable agreement.

If at any time, prior to this complaint if they had grounds to move forward to enforcing it, they would have done so. Only now that the stakes are much higher did have they repeatedly referred to it as a means to end this litigation.

Like all the other false allegations, claims, complaints, this too will fail.

Prior documented bad acts are admissible and there are many to present to this court.

However, it does show that they were aware of its existence as they intentionally omitted the charge/complaint number from this illegal document.

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: 3850645 | Receiving: *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: 7/19/2018 | Contact Priority: | Last updated 8/24/2018 |
| Complaint Status: *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | |
|---|---|---|
| Name: *Velocity Technology* | Primary Phone: *704-357-7705* | ext. |
| Address: *1901 Roxborough RD.* | Other Phone: | ext. |
| *Charlotte, NC 28211* | Fax: | ext. |
| | Email: | |

| | |
|---|---|
| County: *Mecklenburg* | NAIC |
| Contact Name: | Gov. Contract, Furnishes: *N* |
| Contact Title: | Gov. Contract, Furnishes services: *N* |
| Estimated # of locations: | Gov. Contract, Performs construction: *N* |
| Headquarters location: | Gov. Contract, Other contract type: *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract: *N* |
| Branch Name/Location 2: | Est. expiration date of gov. |
| ER business status: | Estimated EEs affected: |
| Estimated $ADV: | Special Coverage: |
| Nature of Business: | Franchise: *N* |
| Interstate Commerce: | Union Shop: *N* |
| Number Of Employees: | ER Exempt? *N* |

### Person Submitting Information

| | | |
|---|---|---|
| Name: *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: *705 West Liberty Drive* | Other Phone: | ext. |
| *Wheaton, IL, 60187* | Fax: | ext. |
| | Email: | |
| | If not complainant, EE Name: | |
| Is Customer complainant? *Y* | | |
| Verbal permission to use name *N* | Verbal notification of Private Right | |
| Written permission to use name *N* | Action *N* | |
| Written permission to use name *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Note |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

The plaintiff has already proven to the US Department of Labor and this court that he did not and could not have filed this false complaint as at the time it was created, the phone number that is connected to this complaint, was disconnected over a month prior to it being made.

TOTAL DUE

$202.15

[illegible]

**Hi Jones,**

**Here is your statement for August.**

Enjoying your new Galaxy Note8 • Midnight Black • 64GB? Thanks for adding an Equipment Installment Plan with your [illegible] Samsung Galaxy with [illegible]. Details below.

BALANCE FORWARD

-$106.64

**This is what happened since your last bill:**

- [illegible]
- [illegible]

PLANS

$226.23

**This month's charges are $156.23 more**

- [illegible]
- [illegible]
- [illegible]
- [illegible]

**Your plan includes:**

- [illegible]
- [illegible]

Details [illegible]

EQUIPMENT

$8.62

**This month's charges are $8.62 more**

- [illegible]
- [illegible]

**The T-Mobile app lets you easily:**

- [illegible]
- [illegible]
- [illegible]

Download the app [illegible]

SERVICES

$24.33

**This month's charges are $14.33 more**

- [illegible]

**Simple Global update:**

- [illegible]
- [illegible]

Details [illegible]

ONE-TIME CHARGES

$49.61

- [illegible]

.It's clear that in the previous month his number was deactivated and he had been assigned a new cell number because of repeated blocked, restricted, private calls from Velocity as a means of harassment for over 3 months with the final straw where his cell number was entered into a fax machine that repeatedly called his cell number for over 5 hours every 15 minutes where finally it was turned off and disconnected.

Equally, the US Department of Labor verified that the defendants had received a copy of this false fabricated FMLA complaint prior to August 2018 and had knowledge of its existence but omitted the number from the document as not to draw attention to their criminal illegal activity where they by the hand off Shauna coleman the personal cell number from his employee file and combined it with information from the civil case in Illinois and by impersonating the plaintiff made it appear authentic that he was in fact the person who made this contact to the US Department of Labor.

Even in his response to the US Department of labor he stated there was a big problem and stated the same thing that the number in the false FMLA complaint he had gotten rid of that number because of harassing calls from his former employer, Velocity technology Solutions.

- 60 -



FILE    MESSAGE

Wed 9/30/2020 9:16 AM
Garrison Jones <garrison.jones@outlook.com>
896928

To   foiarequests@dol.gov

There is a big problem. I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits. I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018. In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018. This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work. There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me. I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

So somehow in a span of over 11 months the defendants and their attorneys from
Ogltree Deakins now have had all this time to conspire and they think they now have
a plan to  pass off this illegal document as legitimate and apparently have a game
plan to present it to this court as evidence.

I am certain that when the time comes they will not do so because as I have said in
previous pleadings, I have alerted and kept abreast law enforcement and the state of
Arizona that they have been stalling for over two and ½ years and that they have
been aware of multiple legal proceedings where they could have appeared and

- 61 -

offered this illegal inadmissible document as a means to prevent any monetary award given to the plaintiff and has never done so.

As a result, the plaintiff has welcomed their participation but better minds have prevented them from appearing before any tribunal or jurisdiction to do so, knowing the ramification of the fact that the plaintiff on 5 separate occasions have obtained rulings in his favor, despite this illegal document in his favor.

The main, issue is if they have the guts to do so.  I can assure this court that I will be participating in any official proceeding and that I will be in the presence of law enforcement at that time of the proceeding so they can see/hear firsthand and see which Ogltree Deakins attorney who goes on the official record and presents this document as evidence and finally connects Velocity / Navisite to

Aggravated Identify theft
Making False Statements to a Federal agent and Agency of the US Government
Falsification and entry of know false record in the files of a federal agency
Criminal Fraud against the US federal government specifically the US Department of Labor
Criminal   fraud against a federal program jointly administered by the US Department of Labor and the State of Arizona just to name a few of the federal charges that anyone who walks into that court and presents this illegal document

Jul. 23. 2018  4:44PM                                    No. 1235   P. 3/16

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*
Esplanade Centre III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletree.com

Christopher J. Meister
602.778.3720
christopher.meister@ogletree.com

July 23, 2018

## Via Fax and First Class U.S. Mail

Arizona Department of Economic Security
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015
Fax No. (602) 257 7056

RE:   Unemployment Insurance Claim, Garrison Jones
      Arizona Appeal No. U 1595392-001

To Whom It May Concern:

This firm represents Velocity Technology Solutions, Inc. ("Velocity" or "Employer"), in connection with Garrison Jones's ("Claimant") claim for unemployment benefits before the Arizona Department of Economic Security. We write to Request to Reopen the Decision of the Appeal Tribunal, dated June 22, 2018, which found that Mr. Jones qualifies for benefits because he was discharged from employment, but not for willful or negligent misconduct. The Appeal Tribunal's decision should be overturned because Mr. Jones has been employed by Velocity from the day he filed for unemployment benefits to this day.

As an initial matter, Velocity should not be precluded from requesting that the Appeal Tribunal's decision be reopened because it can show excusable neglect. Velocity had good reason not to appear at the hearing before the appeal tribunal on June 22, 2018. As Velocity communicated in its June 21, 2018 call to the Appeal Tribunal, Mr. Jones and Velocity have been negotiating the terms of his separation from employment. Velocity believed that appearing before the Appeal Tribunal to contest Mr. Jones's eligibility for unemployment benefits would disturb those discussions. Velocity and Claimant have continued their negotiations, and hope to soon reach an amicable agreement but unfortunately that has yet to occur.

Nevertheless, Mr. Jones is not eligible for unemployment benefits because he is still employed by Velocity. Under A.R.S. § 23-771, only an "unemployed individual" is eligible to receive benefits. A person is deemed "unemployed with respect to any week during which the individual performs no services and with respect to which no wages are payable to the individual .." A.R.S. § 23-621. Wages constitute "all remuneration for services from whatever sources, including commissions, bonuses,

JUL 23. 2018  4:44PM                                                No. 1235   P. 4/16

                                                                    **Ogletree**
July 23, 2018                                                       **Deakins**
Page 2

and fringe benefits and the cash value of all remuneration in any other medium other than cash."
A.R.S. § 23-622. From February 2018 to the present, Velocity has continued to provide Mr. Jones
with health, dental, and vision benefits. Thus, Mr. Jones has received "wages" as defined by the
Arizona Revised Statutes, is not unemployed, and is, therefore, not eligible for unemployment
benefits.

        Moreover, the Appeal Tribunal's findings of fact show that Mr. Jones was not discharged
from his position. The Appeal Tribunal's decision states that Mr. Jones believed he was discharged
because he was copied on an email indicating that he was no longer employed and because his job
was posted for hire. However, the evidence cited in the Appeal Tribunal's decision belies its own
conclusion. Mr. Jones claims he was copied on an email on March 15, 2018, in which a Senior Vice
President questioned whether he was still employed. But, on March 24, 2018, when Mr. Jones asked
Velocity's General Counsel directly about his employment status, he was unequivocally told that he
was on FMLA leave. The fact that a similar position to the one held by Mr. Jones may have been
posted is irrelevant. As stated by Velocity's General Counsel, Mr. Jones was on FMLA leave and
then an unpaid leave of absence until he was able to return work. Thus, the Appeal Tribunal's own
findings of fact show that the last communication from Velocity to Mr. Jones indicate that he was
still employed.

        For the foregoing reasons, Velocity respectfully requests that the Appeal Tribunal's June 22,
2018, decision granting Mr. Jones unemployment benefits be reversed.

Sincerely,

Christopher J. Meister

Enclosure

                                                                    34948203.1

There was never any "negotiations" as he is claiming in his appeal off July 23, 2018
There was less than a 3 minute call where the plaintiff only listened to him where he
was claiming that the plaintiff did not have a case and that it would be better settled
in small claims court.

At that point the plaintiff hung up and blocked his phone number from contacting
him again.  Four days later the plaintiff filed the complaint on May 8, 2018.  For
over 5 months Velocity ignored all efforts to settle the discrimination.
It's all a game to these people.

The only reason there is a complaint before this court is because after the illegal
agreement Velocity got right back on the retaliation and harassment horse and
continued to intimidate the plaintiff, and harrass him and his family while at the
same time, continuing to file false fabricated claims, complaints, Chagres and
allegations against him that all have been reversed, overturned, changed, denied and
dismissed.

Document 73

The plaintiff has already illustrated to the court that it was the defendants who
drafted the illegal agreement and they also included a term that the illegal agreement
was not admissible in any proceeding in addition that it is governed under the laws of
Arizona.  As such this court does not have any jurisdiction nor can it be used in any
decision of this court

Respectfully submitted,

Dated: August 16, 2021

**Garrison Jones Plaintiff (**Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

- 65 -

## CERTIFICATE OF SERVICE

   **I hereby certify** that on this August 16, 2021 a copy of the forgoing [Opposition to deny defendant motion for summary judgement was mailed, USPS to defendants on August 16, 2021