

SEP 07 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br><br>　　　　Plaintiff,<br>v.<br><br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>　　　　Defendants. | Case No.: 2:19-cv-02374 KJM-JDP<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br><br>Date set for trial: NONE |

## NO CLUE NUMBER TWO decristoforo

### Introduction

1.
2.
3. May this will help you in the lie you stated to the court in regards to FMLA eligibility and worksite.
4. My worksite as I have said was Minneapolis. However, just as I said 70 % of the consultants including myself worked remotely from their homes.
5. Which again shows that I worked at a work site with more than 50 employees were located. Maybe this business card will help you understand the lie you told to the court attempting to induce them to dismiss based on this lie. I suggest practicing in front of a mirror before you want to lie and the only person you will convince is yourself as no other judge or

- 1 -

jurisdiction has ever believe a single word from a single Ogltree Deakins attorney as none of them had the guts to appear in open court in support of any of the lies, false claims they have presented to multiple jurisdictions including present counsel.
6. Next time counsel wants to lie get your facts and lies straight before you put them on paper.
7. For employees who work from home, their worksite is the office to which they report and from which assignments are made.
8.
9. Therefore, the plaintiff was is receiving his assignments from the worksite to which his used to report, that worksite would be considered his worksite. If at least 50 company employees within 75 miles work at that site, the plaintiff would meet the "50 employees within 75 miles" eligibility criterion. This would be true even if the plaintiff's residence was 200 or 300 miles away from the office where his assignments originated.
10.
11.     Consequently, if the plaintiff had worked for the company for at least 12 months and had performed at least 1,250 hours of work in the 12 months before leave was to begin, his would be eligible to take FMLA leave for a qualifying reason.
12.
13.     It's apparent that counsel has no clue about what he is talking about. Now he is attempting to re-litigate a case from over 3 years ago by claiming that the reason for the litigation and appeal is because the plaintiff answered no.
14.     Well that is far from the truth and it is apparent that he must have billed Velocity for hours on an issue that is immaterial and irrelevant to the case before this court for no reason whatsoever, except revenue showing detachment of the issues of this case and before this court.
15.     Just in case he is unaware of the real facts. The plaintiff Garrison Jones won that appeal in his favor.
16.     Unfortunately you are missing something, the criminal offenses you folks committed prior to the document and the multiple criminal offense committed against the US DOL including the :unknown claims" you are claiming now are covered in this document as well and cannot be released by the plaintiff.

17. I suggest if you want closure on that issue. You need to contact the law enforcement of the United States and see if they will let you off the hoof for these because as it has been stated , this "unknown claim was uncovered after the document and it directly connects Velocity and your law firm and attorneys to its filing and planting in the files on the USDOL

18.
> and including the date this Agreement is executed by Jones, including those based on additional or later discovered facts, circumstances, information, claims, causes of action, or theories. This Agreement does not, however, apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement.

19. This section or so called **"protected rights"** is all they are concerned about but it has already been proven to be unenforceable as I have on two occasions received monetary relief and awards from administrative hearings and as such Velocity paid these awards on tow occasions.

> 3. **Protected Rights.** Nothing in this Agreement prohibits or restricts Jones from initiating communications directly with, responding to any inquiry from, providing information to, or providing testimony before any self-regulatory organization or state or federal regulatory authority or agency or prevents Jones from receiving an award as a result of these actions. This Agreement also does not affect Jones' right to file an administrative charge with or participate in an investigation or proceedings conducted by any federal, state, or local administrative agency. Jones does, however, knowingly and willingly waive his right to any monetary damages or equitable relief, including reinstatement, arising from or relating to any administrative charge or proceeding.

20. The proceedings were not about unemployment benefits, if you were there you would know that apparently this smear campaign was only for the benefit of billable hours.

> 2018 [ECF 82, Document 4]; and
>
> - AZDES determined that Plaintiff was overpaid benefits because Plaintiff answered "no" to the question of whether he worked or earned money during certain benefit weeks, and while Plaintiff's answer was not accurate, Plaintiff "did not intend to intentionally give false or inaccurate information to the Program." [ECF 82, Document 5, at 64.]

21.

22. The reason for the appeal is because again, his client Velocity lied and falsely accused the plaintiff of unemployment fraud, a felony, claiming he was working and collecting unemployment at the same time.

- 3 -

23. It was never about overpayment. Good try, regardless the ruling was in my favor and I have all the supporting documents. I was told when this false claim was filed and the documents from AZDES that support the claim of fraud made by Velocity.
24. Like all your other transformations, you have no clue about what you are talking about.
25. Those proceedings established more than you think or want to recognize.
26. They proved I was terminated and by default and base on your last pleading, I was terminated while on FMLA unlawfully.
27. They proved by virtue of FMLA documents submitted by your firm and velocity that I was on FMLA at the time I was terminated and directly connect to the interference claim before this court that has been confirmed by 3 separate judges.

> 9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

28. They are not there to appease you and your law firm. They are her to make ruling on the facts and evidence.
29. The only evidence you have submitted is a document your law firm has deemed inadmissible.
30. Every single exhibit and evidence I have submitted is ADMISSABLE and I am not relying on just one inadmissible document.
31. So if you have any issues of their insignificance, then I suggest you go to Arizona and file a motion to reopen, appeal or whatever you feel necessary to reverse these binding rulings.
32.
33. This after they were stalking him, found out who and where he was working and to stop paying a measly $240.00 per week in unemployment they

called AZDES attempting to induce them to weaponize law enforcement to charge the plaintiff with a felony.
34. I have every single document from all of these proceedings with AZDES and the Arizona court of Appeals.
35. I also have every single contact log that was recorded that contains contacts from Velocity, Ogltree Deakins attorneys, Christopher Meister, Ryan Mangnum, Jennifer Colvin, Taylor Rollinson and all contacts to AZDES and the Court of Appeals, including the ex parte evidence submitting to the court in addition to statements made stating that they were not going to attend any of the hearings.
36. SO again, just in case you don't know, Velocity and Ogltree Deakins lost all of these proceedings.
37. Maybe, or even if you were a 3 yrs. late Monday morning quarter back you would have suffered the same fate, possibly lied more than they did which is your usual pattern.
38. It's apparent you have taken a hooked on phonics reading class since your last pleading if you went back and located the one thing you think could minimize or discredit the ruling. Good luck with that.
39. If your decision is to re-litigate this judgment please let me know the time and place and I will be there.
40. I am not the least intimidated by a bunch of liars who run away from the very litigation they initiated by lies and then when push comes to shove when it's time to defend or present their lies, they are nowhere to be found.
41. You have no clue about what you are doing or saying. Your motivation is money and revenue. My motivation is to defend myself against a bunch of cowards who have a documented history of lying, fraud and all lack any credibility, code, and honor to their oath or trade.
42. I would rather you go work at a dog whistler and clean kennels because you have no idea what evidence I have on Ogltree Deakins and your client Velocity.

**Conclusion**

I see it now more than I want to it's the Alamo. I see that. It means you may have reached your end of lies and misdirection, to the point that you now have to go back three years and bring up an issue that is irrelevant.
Again, it was you client who made that call to AZDES and it was your fellow attorneys who advise them to do this and as stated despite this effort, they still lost the proceeding.

So just a suggestion, if you want to go that far back then I suggest go back to the Fred Flinstone era and you will find the same thing.

In addition, find an attorney among the 900 plus attorneys at your firm that is not afraid of open court litigation and one that can read……………..

Respectfully submitted,
Dated: August 16, 2021

        **Garrison Jones Plaintiff** (Pro Se
        P.O. Box 188911
        Sacramento, California 95818
        garrison.jones@outlook.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on this August 23, 2021 a copy of the forgoing [Opposition to deny defendant motion for summary judgement was mailed, USPS to defendants on August 23, 2021