ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: 916-840-3150
Facsimile: 916-840-3159

Attorneys for Defendant
VELOCITY TECHNOLOGY
SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS, INC.; SHAUNA COLEMAN, individually and as H.R. Director of Velocity Technology Solutions; CHRIS HELLER, individually and as General Counsel of Velocity Technology Solutions; STEVEN KLOEBLEN, individually and as CEO of Velocity Technology Solutions; MICHAEL BALDWIN, individually and as an employee of Velocity Technology Solutions.<br><br>　　　　Defendants. | Case No. 2:19-cv-02374-KJM-JDP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:　　　September 16, 2021[1]**<br>**TIME:　　　10:00 AM**<br>**LOCATION:　Courtroom 9, 13th Floor**<br>**　　　　　　501 I Street**<br>**　　　　　　Sacramento, CA 95814**<br><br>Complaint Filed: November 25, 2019<br>Trial Date: None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge: Hon. Kimberly J. Mueller |

## I.　INTRODUCTION

In his scattershot Opposition to Velocity's Motion for Summary Judgment ("Motion"), Plaintiff Garrison Jones raises a variety of meritless arguments. Plaintiff challenges the choice of law provision in the Settlement Agreement that forms the basis of Velocity's Motion. He claims that he was fraudulently induced into signing the Settlement Agreement. He makes a bizarre claim that Velocity impersonated him and filed a complaint in his name with the United States Department of

---

[1] The Court has vacated the hearing on this Motion. [DKT 90].

1  Labor ("DOL").  These, and his other arguments, do not raise a triable issue of fact.  Plaintiff does
2  not dispute the facts submitted by Velocity in support of its Motion.  And he does not submit any
3  admissible evidence to support the facts he presents in opposition to the Motion.  The Court should
4  grant Velocity's Motion.

5  **II.    LEGAL ARGUMENT**

6      **A.    Arizona Law Applies to the Settlement Agreement**

7      Hoping to avoid the consequences of his decision to release his claims against Velocity in the
8  Settlement Agreement, Plaintiff argues that the Arizona choice of law provision should not apply,
9  and that this Court does not even have jurisdiction in this case.  Plaintiff's Opposition ("Oppo.")
10 [DKT 88] at 24, 38, 39, 41, 42.

11     Plaintiff's contention that the choice of law provision is invalid lacks support in law and fact.
12 Because jurisdiction in this case is based on federal question, federal common law applies to the
13 choice of law rule determination.  *Daugherty v. Experian Info. Sols., Inc.*, 847 F. Supp. 2d 1189,
14 1194 (N.D. Cal. 2012) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)
15 (stating where jurisdiction is not based on diversity of citizenship, federal common law choice of law
16 rules apply).  Federal common law regarding choice of law follows the approach outlined in the
17 Restatement (Second) of Conflict of Laws.  *Huynh*, 465 F.3d at 997.

18     Under the Restatement, the parties' choice of law "to govern their contractual rights and duties
19 will be applied if the particular issue is one which the parties could have resolved by an explicit
20 provision in their agreement directed to that issue."  Restatement (Second) of Conflicts of Laws
21 § 187(1) (1988); *Daugherty,* 847 F. Supp. 2d at 1195.  Courts should honor the parties' choice unless
22 "the chosen state has no substantial relationship to the parties or the transaction and there is no other
23 reasonable basis for the parties' choice" or "application of the law of the chosen state would be
24 contrary to a fundamental policy of a state which has a materially greater interest than the chosen
25 state in the determination of the particular issue" and that state would be the state of the applicable
26 law in the absence of an effective choice of law by the parties.  *Id.*

27 ////
28 ////

Here, the parties expressly and specifically agreed that Settlement Agreement would be governed by Arizona law. Further, Plaintiff acknowledges there is a substantial relationship with Arizona, as follows:

- Plaintiff alleges that certain actions allegedly giving rise to his claims "were committed in the state[] of Arizona…." Complaint [DKT 1] at 19.
- Plaintiff alleges that he filed for unemployment benefits in Arizona prior to executing the Settlement Agreement. Complaint [DKT 1] at 22.
- Plaintiff alleges he filed an Arizona Civil Rights Complaint in February 2018 regarding his employment with Velocity. First Amended Complaint [DKT 41] at 33.

Plaintiff's filings in this case reflect that he worked for Velocity in Arizona, and presumably lived in that state. Complaint [DKT 1] at 13 (Decision of Appeal in Favor of Claimant finding that "[t]he claimant was last employed by [Velocity] in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.") A substantial relationship is present when one of the parties is domiciled in the chosen state. *Daugherty,* 847 F. Supp. 2d at 1195 (N.D. Cal. 2012) (citing California law, which also follows the Restatement).

Plaintiff's own allegations clearly establish that Arizona has a substantial relationship to the parties and the dispute. Moreover, Plaintiff has not argued, let alone established that Arizona law is contrary to a fundamental policy of another state (e.g., Illinois) that may have a greater interest than Arizona in the determination of this dispute.

Accordingly, the Court should apply Arizona law to the Settlement Agreement.

**B.     Even if the Court Applies Illinois Law, the Settlement Agreement and Full Release Covers Every Claim Asserted in This Action**

Alleging without evidentiary support that he was an Illinois resident when he signed the Settlement Agreement [DKT 88] at 42, Plaintiff seems to argue that the Settlement Agreement should be interpreted under Illinois law. Applying Illinois law would not change the outcome of this Motion. The Settlement Agreement is enforceable and Plaintiff has released his claims against Velocity under Illinois law.

////

Illinois law provides that a settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law. *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014) (citing *Cushing v. Greyhound Lines, Inc.*, 2013 IL App (1st) 103197, ¶ 354, 991 N.E.2d 28, 91). Under Illinois law, a release within a settlement agreement is also governed by contract law. *Id.* at 1088. "Where a written agreement is clear and explicit, a court must enforce the agreement as written. Both the meaning of the instrument, and the intention of the parties must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids." *Id.* at 1088 (quoting *Rakowski v. Lucente*, 104 Ill. 2d 317, 323, 472 N.E.2d 791, 794 (1984)); s*ee also Haisma v. Edgar*, 218 Ill. App. 3d 78, 578 N.E.2d 163 (1991) (where there is no ambiguity in the language of a settlement agreement, the determination of the intent of the parties is governed by the contract language alone).

For example, in *Hurd v. Wildman, Harrold, Allen & Dixon*, 303 Ill. App. 3d 84, 89, 707 N.E.2d 609, 613 (1999), the court held that a plaintiff's claims were barred because he had previously executed a clear and unambiguous release, which barred claims "whether known or unknown, or suspected to exist, which [plaintiff] ever had or may now…."

The broad release language of the Settlement Agreement covers the claims asserted in this action. Because Plaintiff has released his claims in this matter, Velocity has shown that there is no genuine dispute as to any material fact and Velocity is entitled to judgment on its Seventh Affirmative Defense (Release). [DKT 62] at ¶ 11.

**C.    Plaintiff Properly Released All Known or Unknown Claims**

Plaintiff contends that California Civil Code section 1542 prohibits him from releasing claims that he did not know or suspect to exist at the time he signed the Settlement Agreement. Oppo. [DKT 88] at 2-4.

California Civil Code section 1542 does not apply here, as the parties agreed that the Settlement Agreement is governed by Arizona law, and not California law. Whether the Court applies Arizona or Illinois law, the outcome is again the same -- neither state prohibits the release of unknown claims. To the contrary, under both Arizona and Illinois law, a release of unknown claims is enforceable. See *Gamble v. Arpaio*, No. CV-12-790-PHX-GMS, 2013 WL 142260, at *2 (D. Ariz.

Jan. 11, 2013) ("Arizona law bars subsequent litigation between the same parties if the parties 'unequivocally expressed their intention' to bar all claims which the parties reasonably contemplated and intended to dispose of at the time of the settlement agreement, 'even if the claims were unknown at the time of the settlement'"); *Goodman v. Hanson*, 408 Ill. App. 3d 285, 293, 945 N.E.2d 1255, 1263 (2011) (under Illinois law, a settlement agreement that provided for release of "known or unknown" claims enforceable to bar subsequent lawsuit regarding attorney malpractice claim.)

Moreover, Plaintiff's argument regarding "unknown claims" is a simply a red herring. This lawsuit does not involve an unknown claim. Per Magistrate Judge Peterson's Recommendations and Findings [DKT 87], Plaintiff's only surviving claim is the FMLA interference based on his termination. Plaintiff specifically released any claim under the FMLA, and according to Plaintiff's allegations, the events giving rise to his FMLA interference claim were known to him at the time he executed the Settlement Agreement. Plaintiff alleges that the FMLA interference took place on March 15, 2018, when he contends that Velocity terminated his employment. FAC [DKT 41] at 26. Plaintiff does not dispute that he signed the Settlement Agreement on August 16, 2018, more than five months after the termination giving rise to his FMLA interference claim took place. Because Plaintiff alleges he was terminated in violation of the FMLA five months before he released that claim, he cannot argue that the FMLA claim was not known to him when he released it.

D. **Plaintiff Failed to Raise a Genuine Issue of Material Fact**

1. **Plaintiff Failed to Raise a Genuine Issue of Material Fact That His Claims are Barred by The Settlement Agreement**

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Material facts are those "that might affect the outcome the suit under the governing law." *Id.* at 252.

In order to create a genuine issue of material fact, the non-moving party must produce some significant probative evidence tending to contradict the moving party's allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment). The non-moving

party's evidence in support thereof must be admissible evidence. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (holding a trial court can only consider admissible evidence in ruling on a motion for summary judgment). "Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of fact and defeat summary judgment." *Wang v. Sony Pictures Ent., Inc.*, No. CV1408883BROPJWX, 2016 WL 1425726, at *4 (C.D. Cal. Mar. 30, 2016), *judgment entered sub nom. Wang v. Sony Pictures Imageworks, Inc.*, No. CV1408883BROPJWX, 2016 WL 1305773 (C.D. Cal. Mar. 31, 2016), and aff'd, 721 F. App'x 634 (9th Cir. 2018) "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) "[V]ague and conclusory allegations" are insufficient to raise a genuine issue of material fact. *Madrid v. Woodford*, 327 F. App'x 684, 685 (9th Cir. 2009) *See also Marks v. U.S. (Dep't of Just.),* 578 F.2d 261, 263 (9th Cir. 1978) (conclusory allegations unsupported by facts will not create a triable issue of fact.)

Velocity carried its burden in demonstrating that there is no genuine dispute of material fact that Velocity and Plaintiff entered into a Settlement Agreement whereby Plaintiff released his claims against Velocity, barring the claims Plaintiff has asserted in this case.

As such, the burden shifts to Plaintiff to produce admissible evidence to raise a genuine issue of fact. Plaintiff has failed to produce any evidence, let alone admissible evidence, that raises a genuine issue of fact that his claims are barred by the Settlement Agreement. Plaintiff does not dispute or even respond to Velocity's Statement of Undisputed Facts, as required by Local Rule 260(b). Plaintiff has failed to raise a genuine issue of material fact and Velocity is entitled to summary judgment as a matter of law.

**2. Plaintiff Failed to Raise a Genuine Issue of Material Fact as to His Allegations that He was Fraudulently Induced to Sign the Settlement Agreement**

Plaintiff appears to contend that the Settlement Agreement is invalid because it was fraudulently induced. However, Plaintiff has failed to raise a genuine issue of fact as to whether he was fraudulent induced into entering into the Settlement Agreement, whether the Court applies Arizona or Illinois law.

In order to raise a genuine issue of fact as to whether the Settlement Agreement should be invalidated under the doctrine of fraudulent inducement, Plaintiff must show a genuine issue of fact as to fraudulent inducement. *Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1218 (D. Ariz. 2007) (applying Arizona law - summary judgment based on release of claims granted because previous release of claims barred the plaintiff's subsequent claims and plaintiff failed to raise a genuine issue of fact as to fraudulent inducement for release); *Cannon v. Burge*, 752 F.3d 1079, 1092 (7th Cir. 2014) (applying Illinois law - same); s*ee also Brit. Motor Car Distributors, Ltd. v. San Francisco Auto. Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989) (party opposing summary judgment must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof.)

Arizona and Illinois law are nearly identical with regard to the elements of fraudulent inducement. Under Arizona law, the elements of fraudulent inducement are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the listener's reliance on its truth; (8) the right to rely on it; and (9) his consequent and proximate injury. *Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d at 1218.

Under Illinois law, the elements of fraudulent inducement are:

> (1) a false statement of material fact that is known or believed to be false by the person making it, (2) an intent to induce the other party to act, (3) action by the other party in reliance on the truth of the statement, and (4) damage to the other party resulting from such reliance. *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003).

Plaintiff has failed to raise a genuine issue of material fact as to his fraudulent inducement allegations because he has failed to produce any evidence, let alone admissible evidence, to support any (much less all) of the elements of fraudulent inducement under Arizona or Illinois law.[2]

////

---

[2] This is not Plaintiff's first time trying to raise allegations sounding in fraud. Plaintiff pleaded a number of causes of action sounding in fraud in both his Complaint and FAC. [DKT. 1, 41.] Magistrate Judge Peterson has recommended that all claims, save Plaintiff's FMLA interference claim based on his termination, be dismissed with prejudice. [DKT 87.]

  While Plaintiff asserts vague, conclusory, and scattershot allegations in his Opposition that the Settlement Agreement was somehow fraudulently induced because Velocity somehow submitted a "false and fabricated FMLA complaint" on Plaintiff's behalf to the DOL and submitted a "false claim" to the Arizona Department of Economic Security, this is not enough to raise a genuine issue of material fact.  Oppo. [DKT 88] at 4, 10.  "[V]ague and conclusory allegations" are insufficient to raise a genuine issue of material fact.  *Madrid v. Woodford*, 327 F. App'x 684, 685 (9th Cir. 2009) It is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his pleadings."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986).  Instead, the nonmoving party must go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Plaintiff has failed to produce any admissible evidence to support any of these vague allegations.  Rather, Plaintiff simply rests on his vague and conclusory allegations asserted in the Opposition.

  Moreover, the evidence confirms that Plaintiff, not Velocity, submitted a "Formal FMLA Complaint" to the DOL.  In his Opposition, Plaintiff refers to a letter he sent the DOL on May 22, 2018.  Plaintiff represents that this was nothing more than a thank you letter [DKT 88] at 10.  But Plaintiff does not provide the Court with a copy of the letter because his description of it is, at best, misleading.  The subject line of the letter reads, in Plaintiff's own words, "Formal FMLA Complaint against Velocity Technology solutions (sic)."  DeCristoforo Decl. at Exh. A.  In the letter, Plaintiff describes the ways in which he believed Velocity had violated the FMLA, including that "[m]y biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA."  *Id*.  Plaintiff asked the DOL to send him the "report/case number assigned to this complaint[.]"  It is clear that Plaintiff made a "Formal FMLA Complaint" to the DOL three months before he signed the Settlement Agreement releasing his FMLA claims.[3]  Plaintiff's letter to the DOL undercuts his bizarre claim (unsupported by any evidence) that Velocity filed a DOL complaint in his name.

////

---

[3] It stands to reason that in paying over $100,000 to resolve Plaintiff's claims, Velocity would require a release of all FMLA claims, including those that Plaintiff described to the DOL in his "Formal FMLA Complaint."

Even if there was disputed issue of fact with regard to Plaintiff's unsupported allegations (there is not), his bare allegations have absolutely no bearing on whether the release is enforceable, whether the release covers Plaintiff's current claims, and/or whether Plaintiff was somehow fraudulently induced into signing the release.  Indeed, Plaintiff has failed to explain how the alleged false FMLA complaint to the DOL and/or alleged false claim to AZDES fraudulently induced him into signing the Settlement Agreement.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, even if Plaintiff were to raise a genuine issue regarding these allegations (which he has not), it is still insufficient to raise a genuine issue of fact relating to the enforceability of the Settlement Agreement, because the alleged false claims are not relevant to any material fact in this Motion.

### 3. Plaintiff Failed to Raise a Genuine Issue of Material Fact as to His Allegations that He was Forced to Sign the Agreement

Plaintiff also appears to argue that the Settlement Agreement is invalid because he was forced, coerced, and/or rushed into signing the agreement.

In order to raise a genuine issue of fact as to whether the release should be invalidated because he was forced, coerced, or rushed into signing the agreement, Plaintiff must show a genuine issue of fact as to these allegations.  *Strickland v. GE Cap. Retail Bank,* No. CV-14-02774-PHX-BSB, 2015 WL 1966553, at *4 (D. Ariz. May 1, 2015), *aff'd,* 670 F. App'x 582 (9th Cir. 2016).

In *Strickland v. GE Cap. Retail Bank,* the plaintiff signed a severance agreement that contained a general release which provided to "waive and release all waivable claims of any kind (whether known or unknown, to the fullest extent permitted by law) ... which arise from or relate to [his] employment and/or the termination of [his] employment with the Company." *Id.* at *2. Plaintiff thereafter filed a lawsuit against the defendant, his former employer, alleging that the defendant violated the Americans with Disabilities Act by issuing him a corrective action prior to him signing the release.  *Id.*  Defendant's motion for summary judgment asserted that the plaintiff's ADA claims failed because he waived and released his right to bring all employment claims.  *Id.*  In response,

Plaintiff did not dispute he signed the release or that the release waived his right to bring his ADA claim. *Id.* Rather, he argued that he was forced to sign the release. *Id.* The Court granted summary judgment in favor of defendant, finding that the release was enforceable because Plaintiff had released his claim via the release and that Plaintiff had failed to present evidence sufficient to create a genuine issue of fact regarding his claim that he was forced or coerced into signing the agreement. *Id.* at 6. The Ninth Circuit affirmed. *See also Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 (9th Cir. 2004) (summary judgment granted on plaintiff's ADA claims because plaintiff had previously released all claims via a settlement agreement and failed to submit any evidence in support of his claims that defendant "concealed facts that it had a duty to reveal, that [plaintiff] was induced to sign the agreement as a result of economic duress, or that [plaintiff] lacked informed consent because he had no lawyer and did not understand the agreement."); *Henderson v. Sony Pictures Ent., Inc.*, 288 F. App'x 387, 389 (9th Cir. 2008) (motion to dismiss plaintiff's Title VII claims granted because Plaintiff had previously released all claims via a settlement agreement and failed to establish that the settlement agreement was procured by fraud, duress, or any other reason that would render it invalid).

Like the plaintiff in *Strickland*, Plaintiff does not dispute that he signed the Settlement Agreement, and he has not provided any evidence to support his allegations that he was forced or coerced into signing the Agreement. Plaintiff does not offer any evidence to support any reason that would render the Settlement Agreement invalid.[4]

E. **The Settlement Agreement Is Not Being Offered for Evidence of Wrongdoing**

Plaintiff contends that the terms of the Settlement Agreement render it inadmissible in this matter. Oppo. [DKT 88] at 36. However, Plaintiff misunderstands the provision upon which he relies.

Section 9 of the Settlement Agreement provides: "Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding <u>as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws</u>." (Emphasis added.) Velocity

---

[4] To the extent Plaintiff claims that he did not read the Settlement Agreement, and thus contends it is not valid, that contention fails. Under both Illinois and Arizona law, a party who signs an agreement is charged with knowledge of and assent to the terms of the agreement. *Teran v. Citicorp Pers.-to-Pers. Fin. Ctr.*, 146 Ariz. 370, 372, 706 P.2d 382, 384 (Ct. App. 1985); *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 150, 847 N.E.2d 99, 108 (2006). Because Plaintiff signed the Settlement Agreement, he assented to its terms.

has not offered the Settlement Agreement as evidence of wrongdoing. It has offered the Settlement Agreement as evidence that Plaintiff has released his claims against Velocity. Plaintiff's assertion that the Settlement Agreement cannot be considered in this matter is incorrect.

## III. CONCLUSION

For all the reasons stated above, Velocity respectfully requests that the Court grant Velocity's Motion for Summary Judgment.

DATED: September 9, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Anthony J. DeCristoforo*
Anthony J. DeCristoforo
Paul M. Smith

Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.

48456603.1