Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



**FILED**

SEP 17 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>　　　　Plaintiff,<br>V.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>　　　　Defendants. | Case No.: 2:19-cv-02374 KJM-JDP<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br><br>Date set for trial: NONE |

**Plaintiff reply to defendant Document 94**

### Introduction

~~s~~ There seems to be a heighten sense of urgency after 10 months of sleeping, planning and obvious a desperate conspiracy that now after over 3 years defendants and their counsel from Ogltree Deakins have the guts to submit what they call evidence.

The number quotes of these lackluster precedents have increased.
Now that he thinks or smells what he thinks is blood. All he has ever done is lie with every single breath he has taken.

*Its their own Blood*

- 1 -

I will only address facts.

> 1    Here, the parties expressly and specifically agreed that Settlement Agreement would be
> 2    governed by Arizona law. Further, Plaintiff acknowledges there is a substantial relationship with
> 3    Arizona, as follows:

This attorney contiues to make statements that the plaintiff acknowledges this and he acknowledges that claiming I had what he calls " **substantial relationship with Arizona.**

I do not and have not been in the state o Arizona Since January of 2018 just for your information.

Well I used to live in Massachusetts, so what.
I am not the first nor the last who after they were **terminated had wages in one state and lived in another. That does not claim or is "substantial relationship".**

**The only relationship I have is my relationship with GOD and not where I lived or lived in the past.**

**Despite you delusinal approach, the fact remains, the state of Arizona is eagerly waiing for Ogltree Deakins and Velocity to file litigation in their state.**

Tge fact is they way unemplyment works is they use the state where the wages were **EARNED** not where you live.

if I moved to egypt, I would still have to go to the state my wages were eaned in after I was unlawfully terminated in order to apply and collect unemployment from.

It is also the state Velocity reported my wages to. If cousel was from a real labor law firm he would know this.

- 2 -

The fact remains that Ogltree Deakins represented velocity and just like now they discredited every singe claim, opposition and every appeal however, never appeared in court to represent their client. At no time ffor any of those appeal hearing did I step foot in the state of arizona it was all done via phone

It is the defendants who are scared to go back to arizona for any litigation.

The state of Arizona has nothing to do with this agreement except the defendants put the document in that state because they wanted to gain some form of advantage of is crappy laws and now it has come back to haunt them.

They are correct, FMLA is a federal issue, so it was their forum state selection and it was not to benefit the plaintiff only Ogltree Deakins and Velocity. Lets not get it twisted on the motive of the forum state selection.

If the state forum selection was no big deal lets transfer it to Florida.

I was terminated after I left Arizona and was no longer a resident of Arizona.

SO since we are on the subject of Arizona, for a law firm that never showed up on behalf of their client (intentionally) there seems to be a large of amount of documented communication with AZDES and the Arizona Court of Appeals by Ogltree Deakins attorneys and Velocity ex parte but nobody came to or appeared in court except the plaintiff. This even after they registered and left a phone number for the court to call on the date/time of the appeal hearing.

I bet Ogltree Deakins still got paid.

**Here is one by Ryan T Mangnum on 7/20/2018**

| Date | Note | User Name |
|---|---|---|
| 07/25/2018 2:41:57 PM | 7/23 Rec'v'd ER 16-pg "R2R" NOT scanned to OnBase **DUP** fwd doc to filing cabinet. | EV |
| 07/23/2018 4:57:00 PM | 07/23 Rec'd ER 16-pg. "R2R." It was printed into On Base as "126GC" under SSN only (#0003) | RD |
| 07/20/2018 11:06:40 AM | 7/20 RTN DOCKET CALL, LEFT VM. | JC |
| 07/20/2018 10:41:56 AM | Reason for the concern is that ER is trying to work things out with claimant as well however are concerned that this req for an appeal will affect the outcome of their actions. Advised we would call back by COB today and see fi their is a time frame to provide. C/B # is 602-778-3761. | RZ |
| 07/20/2018 10:39:23 AM | Rcvd call from Law Firm Ogletree Deakins Rep Ryan Mangum called and inquired on an ext for the deadline to appeal. Advised the deadline is set for 07/23 not extensions. Additionally inquired as to how long does it take fro claimant to be notified of their req to appeal advised I could not provide that time frame however did advise it can take up to 90 days before a decision is issued if the appeal is submitted. | RZ |
| 07/12/2018 12:50:11 PM | T/C from ER REP Mangum checking SOA, I explained how to R2R process | DB |

# Here is one by Shauna Coleman Velocity HR Director on June .21, 2018 the day before the hearing

| 06/22/2018 11:18:21 AM | T/C FRM THE CLT WANTING TO KNW WHAT WAS GOING ON W/ THE HRG, CHECKED C2T THE HRG WAS IN PROGRESS. | IA |
|---|---|---|
| 06/22/2018 9:26:07 AM | T/C FRM THE CLT RE; THE REG IN C2T. PROVIDED TO THE CLT THE REG WAS ENTERED CORRECTLY. THE ALJ WILL BE PLACING THE CALL TO HIM. | IA |
| 06/21/2018 1:29:26 PM | 6/21 RECVD CALL FROM ER WHO CHOOSES NOT BE ATTENDING HEARING, SHAWNA COLEMAN 704-357-7721 | JC |
| | U-1595392-001-OA | |

Here is one by Ogltree Deakins attorney Christopher Meister confirming a phone call and conversations with the court ex parte. However, he does not mention that he also submitted ex parte evidence the day before the hearing but still did not appear, claiming it would " **disturb negotiations of separation of employment**" oblivious to the fact that the plaintiff was already terminated and was working for another organization as of the date of the appeal hearing.

There was no negotiations, there was a 3 min phone call where Christopher Meister did all the talking. He claimed the plaintiff had no case and that the issue would be better resolved in "small claims court". At that point the plaintiff hung up on him blocked his number from calling him again.

- 4 -

Then knowing that he could not call again he sends this email claiming I lost my temper.

---

**garrison.jones@outlook.com**

| | |
|---|---|
| From: | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| Sent: | Friday, May 4, 2018 8:28 AM |
| To: | Garrison Jones |
| Subject: | RE: |

Mr. Jones, I am writing to follow-up on our conversation on Wednesday. It is unfortunate that you again lost your temper and hung-up because I was only trying to clarify for you what the confidential settlement negotiation process entails. Despite your recent behavior, my client is willing to try one more time to reach an amicable resolution. My client would prefer to resolve this matter in this way as opposed to taking the various legal avenues available.

If you are interested in doing so, you must understand that we will need to first agree on both monetary and non-monetary settlement terms and then reduce those terms to writing. You will then be provided the opportunity to review the settlement agreement and will need to sign it if it is agreeable to you. You will then be paid after you have signed the agreement and the period of time the law requires us to give you has expired. If you understand this process and are willing to engage in good faith settlement negotiations, please let me know.

Please understand that my client's willingness to have any further confidential settlement discussions is contingent upon you not engaging in any further misconduct. Please also understand that by engaging in further settlement discussions my client is not waiving its rights to take action against you for prior misconduct. Thank you for your time and responsible attention to this vitally important matter.

---

I did not lose my temper, I will not sit on the phone with anybody who disrespect me and talks to me like I am stupid and one of "jerry's kids".

Anyway, this was a coordinated diversion by Ogltree Deakins and Velocity for on the same day Velocity HR Director, Shauna Coleman was calling AZDES and filing the second false claim with AZDES claiming I was physically unable to work because I was on approved FMLA medical leave, knowing that I was terminated and had been approved to return to work on 22, 2018.

## General Adjudication

UB-098        Claimant SSN: 

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

DEPUTY NOTE: DUE TO THE INFORMATION PRESENTED BY BOTH ER AND CLMT AND NOT BEING ABLE TO REBUTTLE WITH ER DUE TO CLMT REQ IT SEEMS CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING TO DUE SO BECAUSE HE FEELS HE HAS BEEN DISCHARGED AS OF 3/15/18. WILL USE START DATE AS 3/15/18 SICE THAT IS THE ASSUMED SEPERATION DATE

IF APPLICABLE SEE SECOND UB-098 FOR ADDITIONAL INFORMATION FROM ER AND OR CLMT.

As I have said, I may have had a near death experience but I still can catch Velocity and Ogltree Deakins in a lie.

Just like I have caught their current counsel in numerous lies.

**The latter**

**Counsel has made mention to the fabricated letter**

**Here he claims it was the plaintiff who sent the letter to the USDOL on May 22, 2018.**

- 6 -

13         Moreover, the evidence confirms that Plaintiff, not Velocity, submitted a "Formal FMLA
14  Complaint" to the DOL. In his Opposition, Plaintiff refers to a letter he sent the DOL on May 22,
15  2018. Plaintiff represents that this was nothing more than a thank you letter [DKT 88] at 10. But
16  Plaintiff does not provide the Court with a copy of the letter because his description of it is, at best,
17  misleading. The subject line of the letter reads, in Plaintiff's own words, "Formal FMLA Complaint

Perhaps you can riddle me this or transform this into something it is not.

If the plaintiff sent this letter then why does the USDOL on May 22, 2018 then why is there no record of an FMLA complaint on May 22, 2018.

Equally how and why in their contact log entry on August 24, 2018 attached to a FMA complaint current counsel is now claiming to be an **"unknown claim"** which is not an "unknown claim" but a false fabricated FMLA comlaint planted in the files of th USDOL by Velocity and Ogltree Deakins.

**How come it is not attached to a FMLA complaint on May 22, 2018** but instead it is attacched to the false fabricated one by Velocity and Ogltree deakins on July 19, 2018.

**BUSTED..................**

In addition, why does it say that the "Chgo office received a withdrawl letter from an attorney and not the plaintiff.

- 7 -

# WHISARD Complaint Information Form

## U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: *3850645* | Receiving *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | |
|---|---|---|
| Name: *Velocity Technology* | Primary Phone: *704-357-7705* | ext. |
| Address: *1901 Roxborough RD. Charlotte, NC 28211* | Other Phone: | ext. |
| | Fax: | ext. |
| | Email: | |
| County: *Mecklenburg* | NAIC | |
| Contact Name: | Gov. Contract, Furnishes | *N* |
| Contact Title: | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | Est. expiration date of gov. | |
| ER business status: | Estimated EEs affected: | |
| Estimated $ADV: | Special Coverage: | |
| Nature of Business: | Franchise: *N* | |
| Interstate Commerce: | Union Shop: *N* | |
| Number Of Employees: | ER Exempt? *N* | |

### Person Submitting Information

| | | |
|---|---|---|
| Name: *Jones, Garrison* | Primary Phone: *916-870-4060* | ext. |
| Address: *705 West Liberty Drive Wheaton, IL, 60187* | Other Phone: | ext. |
| | Fax: | ext. |
| | Email: | |
| | If not complainant, EE Name: | |
| Is Customer complainant? *Y* | | |
| Verbal permission to use name *N* | Verbal notification of Private Right Action *N* | |
| Written permission to use name *N* | | |
| Written permission to use name *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

Date: 6/1/2021 2:08:38 PM	Customer ID: 3850645	Page 1

> **WHISARD Complaint Information Form**
>
> *CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
> *CP alleges tht she did not ask for certain off and know HR is trying to covers it ty track.*
>
> *Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*
>
> Contact Log:
>
> *08/24/2018 1:43:46 PM*     *FILED-NO ACTION*
>
> *07/19/2018 5:14:44 PM*     *INTAKE ONLY*

**The truth of the matter is the plaintiff was not represented by a lawyer and this document was sent by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018**

Equally if, I never sent a copy of this letter to the court, how are you quoting from the letter you claim was never sent?

In addition in his document 94 he has attached the same letter he is claiming that was never sent to the court.

So how and where did he get it to add to his document?

This guy is oblivious to what he is saying and doing.

- 8 -

It's obvious, he is so desperate he is making statements that cannot be true.

What's misleading is what he is assuming that everybody is just as stupid as he is.

Shows you had a copy in your possession.

To add, there are more issues with this letter that you are not sharing that will come back to bite you. Let's see how you talk and discredit your way out of this one.

**All I can share now is you will need to dig up Clarence Darrow……………..**

Simply put you have been caught in another lie.

Just like your co-counsel, just like Christopher Meister, Just like Jennifer Colvin, just like Ryan Mangnum, just like Taylor Rollinson. Just like every other attorney from Ogltree Deakins who have been involved in these cases and especially decristoforo who has no clue about what he is doing and saying.

- 9 -

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletree.com

Christopher J. Meister
602.778.3720
christopher.meister@ogletree.com

July 23, 2018

<u>**Via Fax and First Class U.S. Mail**</u>

Arizona Department of Economic Security
Office of Appeals
1951 W. Camelback Road, Suite 400
Phoenix, AZ 85015
Fax No. (602) 257-7056

   RE:  Unemployment Insurance Claim, Garrison Jones
          Arizona Appeal No. U-1595392-001

To Whom It May Concern:

      This firm represents Velocity Technology Solutions, Inc. ("Velocity" or "Employer"), in connection with Garrison Jones's ("Claimant") claim for unemployment benefits before the Arizona Department of Economic Security. We write to Request to Reopen the Decision of the Appeal Tribunal, dated June 22, 2018, which found that Mr. Jones qualifies for benefits because he was discharged from employment, but not for willful or negligent misconduct. The Appeal Tribunal's decision should be overturned because Mr. Jones has been employed by Velocity from the day he filed for unemployment benefits to this day.

      As an initial matter, Velocity should not be precluded from requesting that the Appeal Tribunal's decision be reopened because it can show excusable neglect. Velocity had good reason not to appear at the hearing before the appeal tribunal on June 22, 2018. As Velocity communicated in its June 21, 2018 call to the Appeal Tribunal, Mr. Jones and Velocity have been negotiating the terms of his separation from employment. Velocity believed that appearing before the Appeal Tribunal to contest Mr. Jones's eligibility for unemployment benefits would disturb those discussions. Velocity and Claimant have continued their negotiations, and hope to soon reach an amicable agreement but unfortunately that has yet to occur.

      Nevertheless, Mr. Jones is not eligible for unemployment benefits because he is still employed by Velocity. Under A.R.S. § 23-771, only an "unemployed individual" is eligible to receive benefits. A person is deemed "unemployed with respect to any week during which the individual performs no services and with respect to which no wages are payable to the individual..." A.R.S. § 23-621. Wages constitute "all remuneration for services from whatever sources, including commissions, bonuses,

- 10 -

If the plaintiff was still employed what's the harm in going on the record prove it.

Instead, they submitted the same document sent to them by AZDES thinking that if it worked the first time it would work again.

This was an Ogltree Deakins tactic that failed.

This is how and why the Arizona court of Appeals judges put a stop to all their lies and denied, dismissed and overturned or changed each and every false adjudication because they are not at all believable and that it is clear that on each occasion, they submitted false fabricated evidence, made false statements and when it came time to appear in open court they intentionally failed to appear on each occasion.

Cowards do that. They tell so many lies, they can't remember past the last lie before they move on to the next one, then when confronted they want to misdirect attention away from the lie and attack the other party and attempt to discredit them and their evidence.  Three (3 year) old  morning quarterback that has never put on a pair of shoulder pads but he knows all the faults of the offense, defense and the other party but can't play a lick because he weighs a buck 05.  Can't even be a water boy but he would have done this or he would have done that.

Let me tell you, if you were the attorney of record and if you had showed up in court unlike the other cowards at your firm, you would have lost every single engagement too.

It's smart and makes so much sense to pay a law firm 5 times the amount in legal fees
Instead of paying the total of the entire unemployment period of less than $5,000 and at the same time, their attorneys get paid over $50,000.00 in fees and still lost each and every litigation.

That's smart. Real smart.

Likewise, if the court in this case had not vacated the hearing on September 16, 2021 Ogltree would have found a reason to weasel out of appearing.

Forum-selection clauses are common and highly useful features of contracts because they help make any future litigation on a contract more predictable for the parties and, in some cases, less expensive. But what procedure should a defendant use to enforce a forum-selection clause when the defendant is sued in a court that is not the contractually selected forum?

On December 3, 2013, the U.S. Supreme Court issued a decision in Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas (__ S.Ct. __, 2013 WL 6231157 (Dec. 3, 2013)) that answers this question. The Court held that, if the parties' contract specifies a state court as the forum for litigating any disputes between the parties, but the plaintiff files suit in a different federal district court that lawfully has venue (and therefore could be a proper place for the parties to litigate), the defendant should seek to transfer the case to the court specified in the forum-selection clause by invoking the federal statute that permits transfers of venue "[f]or the convenience of the parties and witnesses, in the interest of justice." If the contract's forum-selection clause instead specifies a state court, as t

Importantly, the Court held that the parties' contractual choice of forum should be enforced except in the most unusual cases.

There is not anything unusual **or any circumstances** for this court or any other court to disturb the forum state agreed upon and as indicated in the document. The defendants are the party who at all times are attempting to gain some form of leverage and completely avoid the state of Arizona **(the scene of the crimes)**

There is a dispute with the so called agreement and it is clear that counsel and Velocity have used it for more purposes other than the so called release.
Just to add I will let counsel know I have copies of his emails and the emails from his attorney who represented him with the Bar Association.
Apparently someone at the bar association does not like you either.

This also stands true for your firm.  Someone must not like you as they gave you a loser case like Velocity or they must think after all the previous failures they would call in their top liar/relief pitcher because all you have done is tell lie after lie in this case.

**From what I understand there is a big difference in a lawyer and a liar**.

It was the defendants who chose the forum state and now because of their prior criminal acts, fraud and unethical billing that now they know they will not be received with open arms in Maricopa County where they were removed from the list of vendor list because of fraud.

**Wow, 299 billing errors in a year**.  That's is special.  I know 3rd graders who can add or do billing better than that.

It also appears that I am not the only one who has accused Ogltree Deakins of unethical, illegal and criminal conduct.

They will never file any litigation in the state of Arizona as they think they have a valid legal document and they don't.

If they did, they would have filed litigation a long time ago.

Based on the attached exhibits of fraud and criminal acts by Ogltree Deakins, they have not simply burned the bridge behind them, they have set it on fire and they know it.

This is why they are not honoring the illegal agreement and again it was their choice as all of the language in the document is theirs and now they are attempting to claim that this is not what the intent of the document now claiming a different interpretation of their own document.

**Prior decision on the illegal agreement**

Judge Alonso in a prior order and decision clearly stated that if the plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court. That court is Arizona per the illegal agreement.

This court nor no other court has any evidence and or reason to overturn the terms the parties agreed upon as to the forum state of the document even though the defendants will prefer it goes nowhere and they never file any such litigation in the state they defined in the document to enforce anything because they know it will fail.th

How can this courts decision be any different from the prior order of December 19, 2019 on the same issue and the same parties where it is now the defendants and counsel who are looking for this court to enforce an illegal , unconsciable agreement where the illegal document has the agreed forum state  Arizona, knowing the defendants have avoided going back to the sate of Arizona since they commited fraud on all of the proceedings involving the plaintiff and against a federally funded program administered by the state of Arizona.  They have no intention of going back there for any reason.

> For the foregoing reasons, plaintiff's motion provides no basis for the Court to disturb its judgment in this case. If plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court.

Date:  12/18/2019

_____
Jorge L. Alonso
United States District Judge

- 14 -

Respectfully submitted,
Dated: September 6, 2021

*(signature)*

**Garrison Jones Plaintiff** (Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

Instead, for employees who work from home, their worksite is the office to which they report and from which assignments are made.

Therefore, the plaintiff was receiving his assignments from the worksite to which he used to report, that worksite would be considered his worksite. If at least 50 company employees within 75 miles work at that site, he would meet the "50 employees within 75 miles" eligibility criterion. This would be true even if Pam's residence was 200 or 300 miles away from the office where her assignments originated.

Consequently, if he had worked for the company for at least 12 months and had performed at least 1,250 hours of work in the 12 months before leave was to begin, she would be eligible to take FMLA leave for a qualifying reason.

The plaintiffs' business card from Velocity shows that his worksite was at the Velocity office in Minneapolis located at 1200 Washington, Minneapolis. At this office there is more than 100 employees that work out of this location.

**As such, this proves both Ogltree Deakins attorneys especially decristoforo have no clue what they are talking about. Attempting to disqualify the plaintiff when he has no such clue about his client and their working environment.**