Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

**FILED**

SEP 17 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>  Plaintiff,<br>V.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>  Defendants. | Case No.: 2:19-cv-02374 KJM-JDP<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br>Date set for trial: NONE |

**Plaintiff reply to defendant Document 94**
**This case is about FMLA and the Termination of the plaintiff Garrison Jones**

### Introduction

This court must look past the fraud by Ogltree Deakins because they are involved in the fraud and now are repeatedly relying on an unenforceable document they call an agreement and look at the facts and evidence.

They want to make this court to believe that the plaintiff has no right to present this illegal document as evidence yet they can.

- 1 -

| | |
|---|---|
| From: | Garrison Jones |
| To: | FOIARequests |
| Subject: | FOIA REQUEST FOR COMPLAINT FILED ON may 22, 2018 |
| Date: | Thursday, May 27, 2021 10:20:36 PM |
| Attachments: | image001.png |
| | Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf |
| | FOIA 896928 Complaint 3850645_Redacted.pdf |

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Please search your records of a complaint made or filed on May 22, 2018 under the name of Garrison Jones.

In complaint number which is attached it states that the Chicago DO received a withdrawal letter on 8/24/2018 I have attached a copy of that letter.

In that letter it states that it is a withdrawal of a complaint filed on May 22, 2018.
I simply want your response to confirm that there was a complaint filed on May 22, 2018 under my name or any other name against the employer Velocity Technology Solutions.
If this complain exist, I want a copy of the complaint.

If it does not exist, I want your organization to confirm specifically that it does not exist in your files.
My address is P.O. Box 188911 Sacramento, California however, if all responses can be sent to me via my email
garrison. jones @outlook.com

Thanks for your swift attention to this request

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*          *FILED-NO ACTION*



The above business card of the plaintiff shows that his work location was at the Velocity Minneapolis, Minnesota location.

Employees and the plaintiff Garrison Jones was eligible to take FMLA leave for a qualifying reason if they meet the following criteria:

They have been employed by your company for at least 12 months, They have worked at least 1,250 hours in the 12 months before leave is to begin, and They work at a site with at least 50 company employees within 75 miles.
That last criterion can be a bit tricky for remote workers. That's because an employee's private residence is not considered a worksite for purposes of employee eligibility for FMLA leave.



**GARRISON JONES**
Senior Lawson/Infor Supply Chain Consultant
garrison.jones@VelocityCloud.com

Velocity Technology Solutions, Inc.
1200 Washington Avenue South, Suite 200
Minneapolis, MN 55415

w 916.870.4960
m 916.870.4960

This is the exact definition of illegality and unconsciable.

If a contract is unfair or oppressive to one party in a way that suggests abuses during its formation, a court may find it unconscionable and refuse to enforce it. A contract is most likely to be found unconscionable if **both unfair bargaining and unfair substantive terms are shown**.

In addition a contract for an illegal purpose is void and unenforceable from its inception.

They are desperately trying to distance themselves from all of these events and prevent their attorneys and multiple employees from Velocity from going to federal prison for their criminal acts, forgeries of all the FMLA documents, complaints they filed with multiple agencies including the USDOL.

The court as it should have the option of following the evidence from the USDOL a federal government agency of the United States who is also a victim of this vast conspiracy where they have already clearly stated and documented that their entire system does not contain a single FMLA complaint by the plaintiff Garrison Jones against Velocity Technology Solutions or they will listen to this documented pathological liar attorney from Ogltree Deakins who he himself have offered and presented forged false fabricated documents to this court and who has an incentive of money and revenue to lie for his client.

Their incentive to lie is for themselves and it has been clear that they will lie at the drop of a hat.

Federal prison is also their motivation. No matter how hard they try to discredit the evidence or transform it into something it is not.

The version of these events by the plaintiff has not changed at all, yet there versions have changed more than 7 times each on his termination and FMLA status.

- 2 -

The battle for control of Maricopa County -- pitting Sheriff Joe Arpaio and County Attorney Andrew Thomas against the Board of Supervisors, judges, and county administrators -- has been costly to both taxpayers and the parties involved.

But it's been a major boon to one local law firm.

Ogletree Deakins, a relatively obscure firm specializing in employment law, became Arpaio and Thomas' go-to legal counsel just as the disputes were heating up. And, according to public records obtained by *New Times*, the firm has billed the county for a staggering $2.49 million since January 2009.

Most of the work had little to do with employment law -- and most of the firm's representation has been unsuccessful, legally speaking.

Ogletree Deakins has fought for the sheriff's right to take over the county's computer system. They tried to argue that the supervisors didn't have the right to sweep money from funds controlled by Thomas and Arpaio. They're currently pressing Arpaio's **assertion** that he shouldn't have to open his books to county auditors.

And, according to the billing records we looked at, it appears likely that Ogletree lawyers may have even been behind one of Arpaio/Thomas' biggest embarassments: the criminal charges they filed against the county's presiding criminal court judge, Gary Donahoe.

As *New Times* **first reported earlier this month**, prosecutors filed criminal charges against Donahoe without bothering to seek a grand jury indictment. They simply filed a direct complaint, and attached a "probable cause" statement that, almost word for word, matched a complaint that the sheriff's office had filed with the Arizona Commission on Judicial Conduct one week before. That complaint, detailing a conspiracy theorist's view of Judge Donahoe's conduct, was signed by Arpaio's chief deputy, David Hendershott.

It now appears that Hendershott had some help penning the letter.

According to its billing statements, Ogletree charged the county $27,310 for something titled "MCSO State Bar/Judicial." The first two invoices with that notation were submitted on December 1, 2009 -- just one day after Hendershott filed "his" complaint with the judicial conduct commission.

So did an employment law specialist draft the document that became the basis for the criminal charges against the county's presiding criminal court judge? If nothing else, it would explain why the document drew guffaws from seasoned prosecutors. Ogletree's lawyers were likely in way over their heads. (And really, what was prosecutor **Lisa Aubuchon** thinking, merely regurgitating Ogletree's letter as a criminal complaint?)

According to the billing statements examined by *New Times*, Ogletree also advised Andrew Thomas on matters involving the State Bar. (That cost the taxpayers $18,929). And, they advised either Arpaio or

Thomas -- the billings aren't clear -- about issues relating to the selection of a new county attorney. (That cost us *another* $12,762.)

Finally, Ogletree billed the county a staggering $1.2 million for something described only as "contract compliance." County Spokeswoman Cari Gerchick told *New Times* that county administrators have no idea what that means.

We contacted L. Eric Dowell, a shareholder at Ogletree Deakins and the sheriff's lawyer of choice, to ask about the "contract compliance" payments, but we hadn't heard back by press time. We'll post an update if we get an answer.

In the mean time, looking at the wasted $2.4 million and the unexplained $1.2 million and the tens of thousands of dollars for failed legal adventures -- well, we never thought we'd say this, but we actually miss Dennis Wilenchik. Yes, *New Times* disagreed with Wilenchik on **just about everything**. But Wilenchik handled some pretty tough cases for Arpaio, not just political crap that should have never made its way to a docket.

And Wilenchik, unlike the sheriff's new $2-million-counsel, actually knew how to win.

**KEEP PHOENIX NEW TIMES FREE...** Since we started *Phoenix New Times*, it has been defined as the free, independent voice of Phoenix, and we'd like to keep it that way. With local media under siege, it's more important than ever for us to rally support behind funding our local journalism. You can help by participating in our "I Support" program, allowing us to keep offering readers access to our incisive coverage of local

    *Phoenix's independent source of local news and culture*   

| MARICOPA COUNTY CRAZINESS |

# Sheriff Joe Arpaio's Favorite Law Firm, Ogletree Deakins, Cost Taxpayers $2.4 Million – in Just Two Years

SARAH FENSKE   MAY 26, 2010   8:00AM

- 17 -