**FILED**

SEP 17 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

　　　**Plaintiff,**

　　v.

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al Defendants.**

**Case No.: 2:19-cv-02374 KJM-JDP**

**JURY TRIAL DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

**Plaintiff Opposition to Defendants Judicial Notice, Motion for Summary Judgement and Strike the Declaration of Jennifer Colvin an Ogltree Deakins Attorney**

### Introduction

The illegal document they call an agreement does not offer  the defendants or their counsel any immunity or protection for any of the felony  federal criminal violations they committed against the United States federal government specifically those against the Unites States Department of Labor.  They think it does but it does not. It cannot be an "**unknown claim**"  when the defendants and their attorneys from Ogltree Deakins knew of the so called unknown claim,   committed fraudulent concealment of the claim from the plaintiff and  took extensive steps to "**Cover their tracks**" to make sure the plaintiff or anyone else would discover the fraudulent claim they filed with the USDOL.

- 1 -

Ogletree
Deakins

# Jennifer L. Colvin

Shareholder   ‖   **Chicago**

Jennifer Colvin's practice is focused on labor and employment litigation. She began her legal career as an Administrative Law Judge with the Illinois Labor Relations Board, specializing in public sector labor law. Jennifer joined Ogletree Deakins in 2006.

Jennifer's current practice ranges from advice and counseling on matters such as employee handbooks, personnel policies, downsizing, family/medical leave, medical examinations, drug testing, discipline and discharge, and non-compete/non-solicitation issues to litigation and alternative dispute resolution of claims under federal, state and local employment laws.

Jennifer's labor law practice includes advising companies regarding grievances and representing companies in labor arbitrations.

Jennifer also has extensive experience in defending tort related matters.



   

Practice Groups                                    +

Traditional Labor Relations, Employment Law, Unfair Competition and Trade Secrets, Leaves of Absence/Reasonable Accommodation, RIF/WARN

Industry Groups                                    +

Hospitality, Staffing/PEO

This is what they want this court to believe and are going further and further into the abyss with each step.

At all times they thought they had pull off their most genius mouse trap however, the only mouse or rat they appears to have captured is themselves.

All facts point to Velocity and Ogltree who are the parties who planted the false fabricated FMLA complaint of July 19, 2018 and the false fabricated release letter and thank-you letter they transformed into an FMLA complaint in the files on the USDOL.

You cannot say it is **unknown** when it is known to the defendants and their attorneys and all documents and updates to this "unknown claim are documents sent to the USDOL by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018.

It has already been proven this false fabricated FMLA complaint was not filed by the plaintiff Garrison Jones.

Yet defense counsel, is pretend that this was just discovered and was unknown to the defendants and Ogltree Deakins attorneys until September 2020.  Give me a break…..

They had it tucked away for their use until it was uncovered by the plaintiff.


The defendants and their counsel from Ogltree Deakins, continue to misdirect the attention of this court to the unconsciable, illegal, unenforceable document that they are continuing to call an agreement.  This time, they are attempting to use another Ogltree attorney Jennifer Colvin to verify the signing of this illegal document as what they think is another layer of proof and relief.  They also are attempting to draw attention away from other areas of this document that show and declare that it is "inadmissible in any proceeding" yet that has not stopped their counsel from puling it as a gun at every opportunity they get, including to this court.

- 2 -

It cannot be an "**unknown claim**" when the defendants and their attorneys from Ogltree Deakins knew of the so called unknown claim,   committed fraudulent concealment of the claim from the plaintiff and  took extensive steps to "**Cover their tracks**" to make sure the plaintiff or anyone else would discover the fraudulent claim they filed with the USDOL.

This is what they want this court to believe and are going further and further into the abyss with each step.

At all times they thought they had pull off their most genius mouse trap however, the only mouse or rat they appears to have captured is themselves.

All facts point to Velocity and Ogltree who are the parties who planted the false fabricated FMLA complaint of July 19, 2018 and the false fabricated release letter and thank-you letter they transformed into an FMLA complaint in the files on the USDOL.

You cannot say its unknown when it is known to the defendants and their attorneys.

The defendants and their counsel from Ogltree Deakins, continue to misdirect the attention of this court to the unconsciable, illegal, unenforceable document that they are continuing to call an agreement.  This time, they are attempting to use another Ogltree attorney Jennifer Colvin to verify the signing of this illegal document as what they think is another layer of proof and relief.  They also are attempting to draw attention away from other areas of this document that show and declare that it is "inadmissible in any proceeding" yet that has not stopped their counsel from puling it as a gun at every opportunity they get, including to this court.

They expect this court to allow and believe the declaration of Jennifer Colvin who as an attorney and officer of the court who is part of the defense counsel to testify on behalf of the defendants after she was identified as the attorney who committed fraud against the federal government and has been from the beginning a billable active attorney in this trial where

Ogletree
Deakins

**People**   Locations   Insights   Webinars/Seminars   Solutions   Diversity   COVID-19

Q  ☰

# Jennifer L. Colvin

Shareholder      Chicago

Jennifer Colvin's practice is focused on labor and employment litigation. She began her legal career as an Administrative Law Judge with the Illinois Labor Relations Board, specializing in public sector labor law. Jennifer joined Ogletree Deakins in 2006.



Jennifer's current practice ranges from advice and counseling on matters such as employee handbooks, personnel policies, downsizing, family/medical leave, medical examinations, drug testing, discipline and discharge, and non-compete/non-solicitation issues to litigation and alternative dispute resolution of claims under federal, state and local employment laws

📞    VCARD

FMLA complaint filed by the plaintiff on May 22, 2018 that she knew it did not exist.

They want to draw the courts attention to their document because the other documents show and prove the criminal conspiracy and criminal offenses they committed against the Unites States Department of Labor.

The court must look at the entire event and not just what the Ogltree Deakins attorneys want the court to look at.

As I have repeatedly stated, the document they have submitted is inadmissible.

> 9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

In addition, the plaintiff by law cannot release criminal acts and claims that ate the result of willful criminal conspiracy by the defendants and their attorneys from Ogltree Deakins.

The illegal document clearly state this and it also states even if it is uncovered after the date of the illegal agreement.

It clearly states "**This agreement does not, however, apply to any claim that cannot be release as a matter of law including those that a rise after Jones signs this Agreement.**

**The fraudulent FMLA complaint they now call an "unknown claim" was uncovered after this agreement and cannot not be released as a matter of law"**

**However, it is clear that the defendants and Ogltree Deakins attorneys are now attempting to include it in this illegal document because they have been caught**

- 3 -

**once again committing criminal fraud with the intended target the United States and specifically the Unites States Department of Labor.**

> additional or later discovered facts, circumstances, information, claims, causes of action, or theories. This Agreement does not, however, apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement.

Jennifer Colvin, sent these false fabricated letters to the Unites States Department of Labor and all of them are attached to the **"unknown claim"** her fellow attorneys Paul Smith and decristoforo.

If the document they call an "unknown claim" was really unknown, how could documents from another false fabricated FMLA complaint be attached to it and not the May 22, 2018 FMLA complaint that is contained in the letters sent by Jennifer Colvin.

The reason being is that the FMLA complaint of July 19, 2018 was known to Velocity and Ogltree Deakins as it was planted in the files of the Unites States Department of Labor for the purpose of a **holding spot** for the fabricated letters and communication that was filed on August 24, 2018.

It is all part of the conspiracy.

Jennifer Colvin has incentive to lie as she is the Ogltree Deakins attorney who sent these known fabricated documents to the Unites States Department of Labor.

She has no more credibility than John Gacy.  She is a criminal as she committed a federal crime by sending these documents.

It cannot be an unknown claim when a historical event shows that only Velocity and Ogltree Deakins knew of its existence and every single communication came from the executed conspiracy.

- 4 -

It's also important to know that this false fabricated FMLA complaint on July 19, 2018 was **never assigned to a Unites States Department of Labor investigator** and is still OPEN in their files.

In addition, she also attached and sent to the Unites States Department of Labor a thank-you letter from the plaintiff that they transformed into an FMLA complaint they claim was made on May 22, 2018 again that did not exist.

However, records at the Unites States Department of Labor o August 24, 2018 acknowledge the receipt of the documents from Jennifer Colvin to an FMLA complaint that her fellow and current attorneys are claiming to be "unknown claims".

This is an unknown claim, it is the byproduct of the executed conspiracy by Velocity and Ogltree Deakins of an FMLA complaint they planted in the files of the Unites States Department of Labor on July 19, 2018 and left it as a holding spot for the fabricated documents sent to the Unites States Department of Labor by Jennifer Colvin.

There was never an FMLA complaint filed by the plaintiff against Velocity by the plaintiff Garrison Jones.

In the attached **Exhibit 4** the Unites States Department of Labor in response to a dispute and appeal by the plaintiff Garrison Jones, and after their internal investigation made the determination that their records do not contain any complaint of FMLA made by Garrison Jones against Velocity Technology Solutions.

The document they claim to be a legal agreement, is not worth the last 2 sheets on a roll of toilet paper.  It is and has been void from its creation because any contract that is for an illegal purpose is void and unenforceable.

In addition, the plaintiff wants to continue to remind this court that the document is inadmissible.

9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

In addition, this document clearly states it is governed under the laws of the state of Arizona.

13. **Plain Language; Severability; Applicable Law; Modification; Waiver**. Jones acknowledges and agrees that this Agreement shall be interpreted based on the plain meaning of its language and shall not be construed for or against any Party. If any portion of this Agreement is deemed void or unenforceable for any reason, the unenforceable portion will be deemed severed from the remaining portions of this Agreement, which will otherwise remain in full force. The Parties agree this Agreement will be governed by Arizona law. This Agreement may not be modified except through a written document signed by an authorized representative of each Party. No waiver of any of the provisions of this Agreement will be binding unless executed in writing by the waiving Party nor will any waiver be a continuing waiver or waiver of any other provision.

Equally the plaintiff needs to remind this court is that all of these documents were created by Velocity and Ogltree Deakins attorneys and none of the language terms and or conditions had any statements by the plaintiff.  The plaintiff submitted modifications and was told the day be for August 16, 2018 that they were included in the document and they lied to him, none of those changes were included.

Every state in this country under the rules of professional conduct **Rule 3.7 Lawyer as Witness. Including California and Illinois, state** that an attorney who is representing a client at   any judicial trial **is not permitted to also be a witness at the same trial**. This prohibition on an attorney acting as both an advocate and a

- 6 -

witness at a trial appears in every state's rules of professional conduct clearly state that an attorney cannot testify as a witness in the same trial they are a participant in.

**Jennifer Colvin** is and has been a paid attorney who has submitted billable hour in this case and also have provided advice, and legal services billed to Velocity but also legal services and legal to the current attorneys Paul Smith and Anthony DeCristoforo.

She has participated in this case from the beginning and must be disqualified as a witness. Also, the "declaration must be struck.

They must think that everybody is stupid to allow such and unethical act to be acceptable.

Jennifer Colvin is on the list of individuals of law enforcement whose name was given to them by the plaintiff Garrison Jones.


To add, Jennifer Colvin is the Ogltree attorney who is part of the conspiracy to commit fraud upon this court and the Unites States Department of Labor. Jennifer Colvin also is the Ogltree Deakins attorney who knowing sent a fabricated withdrawal letter to the Unites States Department of Labor along with a thank-you letter that Ogltree Deakins transformed into an FMLA complaint for an FMLA complaint they claim was filed on May 22, 2018 that did not exist in the files of the Unites States Department of Labor.

However, this fabricated document was attached to what that Ogltree Deakins attorneys in this case are now claiming to be an unknown claim.

This "unknown claim" is the same false fabricated FMLA complaint Velocity and Ogltree Deakins planted in the files of the Unites States Department of Labor on July 18, 2018.

Now they want to call her as a witness in this case??

- 7 -

**Flipper has more credibility than Jennifer Colvin.**

Jennifer Colvin has more incentive to lie to this court as she knowingly sent false fabricated evidence and documents to a federal agency with the intent to defraud the United States government on behalf of a guilty client.

Her declaration is also a joke.   I honestly do not care if Jennifer Colvin was at the signing of the Declaration of Independence.  So what.

She is actively involved in the conspiracy to commit fraud upon this court and the felony criminal conspiracy by Velocity and Ogltree Deakins and now they want her to testify as a "witness" Please.

This is the first witness and declaration they wasn't to submit to the court an Ogltree Deakins attorney who is also a candidate for federal prison.

Simply shows another act of desperation that they need to call a layer with more of an incentive to lie.

**She is the Ogltree Deakins attorney** that was tasked to do the **"bait and switch"** and obtain the signature on documents and the release documents knowing that the plaintiff never made a FMLA complaint and she did it as she is still involved in the cover-up and conspiracy.

They want this court to believe her.  **I would rather believe Buzz Lightyear**

**Advocate-Witness Rule**

[2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

- 8 -

[1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.

## Advocate-Witness Rule

[2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

[3] To protect the tribunal, paragraph (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified in paragraphs (a)(1) through (a)(3). Paragraph (a) (1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a) (2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

[4] Apart from these two exceptions, paragraph (a) (3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. The conflict of interest principles stated in Rules 1.7, 1.9 and 1.10 have no application to this aspect of the problem.

[5] Because the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, paragraph (b) permits the lawyer to do so except in situations involving a conflict of interest.

- 9 -

## Conflict of Interest

[6] In determining if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider that the dual role may give rise to a conflict of interest that will require compliance with Rules 1.7 or 1.9. For example, if there is likely to be substantial conflict between the testimony of the client and that of the lawyer the representation involves a conflict of interest that requires compliance with Rule 1.7. This would be true even though the lawyer might not be prohibited by paragraph (a) from simultaneously serving as advocate and witness because the lawyer's disqualification would work a substantial hardship on the client. Similarly, a lawyer who might be permitted to simultaneously serve as an advocate and a witness by paragraph (a)(3) might be precluded from doing so by Rule 1.9. The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party. Determining whether or not such a conflict exists is primarily the responsibility of the lawyer involved. If there is a conflict of interest, the lawyer must secure the client's informed consent, confirmed in writing. In some cases, the lawyer will be precluded from seeking the client's consent. See Rule 1.7. See Rule 1.0(b) for the definition of "confirmed in writing" and Rule 1.0(e) for the definition of "informed consent."

[7] Paragraph (b) provides that a lawyer is not disqualified from serving as an advocate because a lawyer with whom the lawyer is associated in a firm is precluded from doing so by paragraph (a). If, however, the testifying lawyer would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by Rule 1.10 unless the client gives informed consent under the conditions stated in Rule 1.7.

. The District court in Northern Illinois did not retain jurisdiction over the settlement agreement and the state of Arizona had no involvement in the federal proceeding whatsoever.  They still are unaware that they are included in the illegal agreement and named as the state of jurisdiction when neither of the parties are residents of the state or Arizona and the court does not have personal or subject matter jurisdiction over the parties or the illegal contract/agreement.

The defendants must be in a serious desperation mode.  They are these attorneys who know that the illegal agreement was in fact illegal and would not submit it to the court themselves, so for over 10 months since their last response, they have come up a plan to continue the conspiracy and cover-up and they have recruited not one but the Ogltree Deakins attorney that did the bate and switch, magician of inserting the fabricated release letter to the US Department of Labor who is also one of the co-conspirators in the conspiracy of the filing of a false fabricated FMLA complaint using personal identifying information they received from Shauna Coleman, from my Employee file. My cell number and used it to make it appear I filed this false fabricated FMLA complaint.  That they now are calling "and unknown claim".

As I have said, it is or was not an "unknown claim" it is and was a premediated criminal conspiracy to commit criminal fraud against the US Department of Labor by filing this false complaint on July 19, 2018 and then use the fraudulent inducement of "settlement" in order to obtain my signature on a document where Jennifer Coleman was the person tasked to do this at an Ogltree Deakins office in Chicago.

Now you folks LOL want to use her as a "support mechanism" now that you have submitted this illegal document to the court as the "Alamo" get out of jail free card after over now over  2 years of litigation and think, the court will go for it.

Jennifer Colvin is the third attorney assigned to this case.  This shows how desperate Ogltree Deakins and Velocity / Navisite are.  They would call as a witness and expect that her "affidavit" will push you once and all over the top and justify my termination while on FMLA and this illegal agreement that you have finally run out of options and revenue options to extend this case further, so you now add another billable paid lawyer to the mix one who has incentives to lie because she too is more than a person of interest in the criminal liability along with Christopher Meister, Ryan Mangnum, Taylor Rollinson, Anthony Decristoforo, Paul Smith along with multiple Velocity executives and employees especially Shauna Coleman and former General Counsel Chris Heller currently employed at Denton along with Velocity former CEO  current CEO if he has not resigned by now.

- 11 -

I fully expect Ogltree to **call as a witness Buzz Lightyear** to illustrate how desperate they are.

What a plan to get more revenue by calling an attorney from your own law firm billable as a paid witness and billable attorney at the same time.

Now, I have had a television in my house for some time and this appears to be something I have seen before "Pimping" Velocity/Navisite is being pimped.

This is what pimps do, the promise you the world, get all the money the can, add as many resources they can raise the prices, saying this is needed, that is needed, get the revenue and not deliver.

Let's be aware that Ogltree has lost every single litigation for doing the exact same thing they are doing in this case.

They are not practicing law of any kind, they are lying and committing fraud upon this court on behalf of their client.
They have lost every single judicial litigation they have represented Velocity /Navisite in and now they have been under the eye of law enforcement for now over 1 ½ years because I have been sending them documents each and every month.

I have for now over 2 years have been waiting for this illegal document to finally be formally submitted to the court.  That day is upon us and I have already sent it along with other documents to law enforcement.

First of all the plaintiff is opposed to the defendants motion for summary judgement as they claim that this issue was previous settled and per their affirmative defense seven filed on November 13, 2020.

The court is aware that the extensive efforts of fraud and criminal violations of local, state and federal law that has been committed by the defendants with the advice, aiding and abetting of multiple attorneys from the law firm of Ogltree Deakins.

Specifically targeting the one desperate claim of release they have been claiming for over a year but has never produced, the plaintiff does hereby on the record state what is already known. The commission of fraud and the entering into a contract for an illegal purpose or in connection to a contract immediately voids the entire contract.

Equally, a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the released party.

What they are again attempting to do is disconnect themselves from the filing of the false fabricated FMLA complaint in their files dated July 19, 2018 where the fabricated release letter is attached to.

1. All is does is again prove they are still actively participating in the fraudulent concealment of their criminal violations committed against the US Department of Labor.

The false fabricated FMLA complaint file filed on July 19, 2018 was not an unknown claim it was planted in the files of the US Department of Labor as a **holding spot/placement slot for the fabricated release letter hand delivered to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin.**

Ogltree Deakins and Velocity were the only organizations who knew it existed before August 2018 because it was part of their conspiracy this again is no coincidence.

The plaintiff contends that it does not. The defendants defined that the US Department of Labor contained a complaint/charge dated May 22, 2018 and that it existed in the files of the US Department of Labor. There have been four attorneys from Ogltree Deakins, Christopher Meister, Ryan Mangnum, Paul Smith, and Anthony Decristoforo who all have filed pleadings, appeals to

- 13 -

different jurisdictions on the FMLA status of the plaintiff all dependent on which one appears to be in their favor at the time.

In addition, they have at all times attempted to "disconnect" the termination of the plaintiff from his FMLA leave and FMLA protection, glossing over it again depending on if it was in their favor or advantage to do so.

Attorney Anthony Decristoforo is the worst of the bunch as in previous pleadings filed by him he has went back and forth on this topic.

In addition, he has been caught in lies to this court via his pleadings where he falsely claimed that this complaint was virtually identical to a previous litigation filed by the plaintiff claiming he made these same claims/allegations in the prior litigation.  When It came time to prove there was an FMLA claim or allegation in the prior litigation, he angrily claimed it was immaterial and irrelevant as he could not prove that the plaintiff (which he did not) make a FMLA claim or allegation in that proceeding.  Even still he again filled a second motion to dismiss that was denied and failed.

However, he again begins to fabricate claims, allegations in the current complaint in Document 1.

a. He claims "the plaintiff alleges that he worked in various home office in Arizona, Illinois, Indiana and California.
b. The truth of the matter is the phase Arizona does not exist in the entire document.
c. The phrase **Illinois** does not exist in the entire document
d. The phrase **Indiana** does not exist in the entire document
e. The phrase **worksite** does not exist in the entire document
f. The phrase **Arizona** does not exist in the entire document


2. Then he goes on and attempts to himself disqualify the plaintiff for FMLA claiming none of these "worksites" are anywhere near Velocity locations.

However he is intentionally leaving out a fact that was established over 15 years ago from the department of labor where it addressed the remote, telecommuting employee and FMLA of those employees, attempting to exclude the plaintiff and his failure to do due diligence on his criminal client.

The US Department of Labor states that remote employees are eligible for FMLA and FMLA protection not because of their residence location but because they report to an office where their assignments are given our and their assigned work site where 40 or more employees work within 75 miles of this location.

This is the same configuration of the plaintiff and 70% of the employees who work for Velocity where they work from home, travel to different customer sites but just like the plaintiff all were assigned to Minneapolis or Charlotte worksite locations where they were given business cards and an extension at those locations with that location address as heir "**WORKSITE which makes them eligible for FMLA.**

Now however, in his latest flip/flop he does not state ineligible for FMLA now he is back on the bandwagon of this "imaginary release document that now over two (2) years Ogltree Deakins and Velocity / Navisite have threatened to "enforce and present to multiple jurisdictions and proceedings but for some reason (probably criminal) they have intentionally failed to do so.

The first and only indication of any sort of evidence they now want to present is what they call the "declaration **of Jennifer Colvin**" who is the Ogltree Attorney who by deception inserted the famous fabricated Department of Labor release letter amongst legitimate complaints filed by the plaintiff in order to obtain his signature hiding the content of the letter, then immediately snatching it away as if it was simply "**routine**"

Jennifer Colvin now has been identified as the "attorney: who sent the fabricated release letter to the US Department of Labor on August 24, 2018 as recorded in this contact log from the US Department of Labor

**WHISARD Complaint Information Form**

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*8/24/2018 1:43:46 PM*        *FILED-NO ACTION*

*7/19/2018 5:14:44 PM*        *INTAKE ONLY*

Also where she included this letter that they claimed was an FMLA complaint by the plaintiff made on May 22, 2018 but in fact was a **thank-you letter to the agency** on providing direction based on his termination while on approved FMLA medical leave from Velocity.

It makes no logical sense that this "fabricated FMLA complaint where it is being alleged only by Velocity and Ogltree Deakins, that it Shows up 2 months after the false fabricated FMLA complaint was filed where normally in the real world the date of May 22, 2018 comes before July 19, 2019 and this false fabricated release letter and the fabricated FMLA complaint they claim was filed on May 22, 2018 show up on August 24, 2018 because and only shows up because it was attached to the same release letter and we are supposed to believe that they say it was an official FMLA

- 16 -

complaint with the US Department of Labor and that it is included in the illegal agreement that it is an official complaint/charge with the US department of Labor.

Makes no logical sense but shows how extensive the fraud and confusion they want this court to believe is part of legitimate, efforts and negotiations of settlement of a discrimination lawsuit settlement.

Now that the plaintiff was the one who diligently uncover the truth and criminal fraud committed upon this court where the defendants and Ogltree Deakins now are still not taking credit for the false fabricated FMLA complaint filed on July 19, 2018, they are now claiming that this discovery is covered under and now they are **considering it to be a known and unknown claims.**

This is what they are now trying to weasel out of putting it under what they think is a covered element of the illegal agreement.

Let's make it clear to the court.  This is again another attempt among a long list of criminal violations of the law that only implicates Velocity and Ogltree Deakins.

It is nothing more than proof that the defendants and Ogltree Deakins are still actively involved in the fraudulent concealment of claims and actions they intentionally committed intended to conceal, suppress

through fraudulent concealment, "the defendants conspired and employed "artifice, they also planned to prevent discovery inquiry or escape investigation, and mislead or hinder acquirement the knowledge of both the false fabricated FMLA complaints they filed and planted in the files of the US department of Labor along with other information disclosing a right of action, when they had the responsibility to disclose all of the information to the plaintiff.  Instead they remained silent and in the deception mode just as they had the duty and responsibility that from May 2018 until December 2018 had filed multiple false fabricated charges, allegations, claims and against the plaintiff with AZDES the Arizona court of Appeals prior to and after August 2018.

- 17 -

The defendants and their attorneys from Ogltree Deakins are still actively participating in the fraudulent concealment of the FMLA claim they listed in the illegal agreement as well as a assisting Velocity in the concealment of all the individuals within their organization  who were involved and participating in any and all of the concealment where Velocity and Ogltree Deakins would both  be held liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person ( the plaintiff)  entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

## FRAUDULENT INDUCMENT AND CONCEALMENT

The defendants and their attorneys from Ogltree Deakins had one and one only intent and that was to fraudulent induce and fraudulent concealment of the claims in connection with FMLA, they had no intention or care whatsoever about any of the other discrimination claims in the prior litigation.  Their efforts and direction was concentrated on the FMLA termination of the plaintiff.

The plaintiff has already shown the  where the defendants knowing made  false statement of material fact and omissions as not to draw attention to the real reason for the illegal agreement they also knew what they were going was false and illegal, (2) known or believed to be false by the defendant; (3) intended to induce the plaintiff to act; (4) plaintiff acted in reliance on the truth of the representation;  and (5) resulting damage but also they did multiple acts of deception to obtain his signature on the illegal fabricated release and release letter.

At no time did the plaintiff file with a local, state, or federal jurisdiction an FMLA complaint to charge.

However, the defendants and their attorneys felt it was necessary to not create one but multiple FMLA complaints and fabricated release letters.

- 18 -

As previously mentioned a release in any form is void when it was the intent of the defendants to intentional conceal the claim of FMLA from the plaintiff by deception fraud and criminal violations against the federal government that was committed prior to the agreement.

There was no record of any FMLA complaint made by the plaintiff on May 22, 2018.

However, this contact was attached to the only FMLA complaint in the WHISRD system used by the US Department of Labor and that complaint was an FMLA complaint that the defendants have never mentioned or recognized that they planted in the files/records of the US Department of Labor, in preparation of the inducement into the illegal, unenforceable agreement that the defendants have been claiming exist and vindicates them from any liability.

The date of this false fabricated FMLA complaint was made on July 19, 2018 and the documents sent to the US Department of Labor by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018 as attached and associated with this false fabricated complaint because, Velocity and Ogltree Deakins knew that the low level employees of the US Department of Labor would first look in the WHISRD system for an official complaint and they would attached these documents to the first open complaint they fund and would do no investigation on none of the letters sent to them by Ogltree Deakins.

**This false complaint is still OPEN in the files of the US Department of Labor**.  It was never assigned to an investigator, it was never updated internally by a single employee at the US Department of labor.

**PRIOR BAD ACTS and impersonation by Velocity and Ogltree Deakins**

- 19 -

The defendants despite their efforts not to mention the existence of the false fabricated FMLA complaint under customer id  3850645 filed on July 19, 2018 there could be only two organizations who had a **vested interest to file such a false fabricated FMLA complaint** with the US department of Labor and that being Velocity and Ogltree Deakins.

They had done the same thing behind the plaintiffs back on May 7, 2018 where they thought they had gotten away with this same tactic of impersonation.

**I never contacted AZDES on May 7, 2018 but as you can see there is my cell phone number in the contact log** just as it is in the fabricated FMLA complaint filed with the US Department of Labor.  I was unaware of this false claim/allegation until July of 2019 over a year later.

**General Adjudication**

**UB-098**    Claimant SSN

Issue: Ablc

Base Period Separation: No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1.53PM PHN: 916-870-4960, T/C WITH CLAIMANT:

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017 CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

I never contacted the USDOL on July 19, 2018 either.

They assumed that they had gotten away with impersonating the plaintiff on May 7, 2018 that they would do it once again on a larger stage, impersonating the plaintiff on July 19, 2018 in a conspiracy to file and FMLA complaint using his personal identifying information from Velocity and other files /documents from the US District Court in Northern Illinois.

- 21 -

They thought they were successful, but did not know the cellphone number was disconnected over a month prior to this false complaint.

They have never denied this and rightfully so, How can you defend a cell phone number that was disconnected where you gave it to the USDOL as the most identifying information as to who this false complaint came from and being made by connecting it to the plaintiff.  OOPS…………………………….

They have never even mentioned it in any of their pleadings because they have been caught once again.

## WHISARD Complaint Information Form

### U.S. Department of Labor
#### Wage And Hour Division

| | | | |
|---|---|---|---|
| Complaint ID: | *3850645* | Receiving *Chicago IL District Office* | Last updated by *Diane Wright* |
| Date of Contact: | *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: *FILED-NO ACTION* | | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | |
|---|---|
| Name: *Velocity Technology* | Primary Phone: *704-357-7705* ext. |
| Address: *1901 Raxborough RD.* | Other Phone: ext. |
| *Charlotte, NC 28211* | Fax: ext. |
| | Email: |

| | | |
|---|---|---|
| County: *Mecklenburg* | NAIC | |
| Contact Name: | Gov. Contract, Furnishes | *N* |
| Contact Title: | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | Est. expiration date of gov. | |
| ER business status: | Estimated EEs affected: | |
| Estimated $ADV: | Special Coverage: | |
| Nature of Business: | Franchise: *N* | |
| Interstate Commerce: | Union Shop: *N* | |
| Number Of Employees: | ER Exempt? *N* | |

### Person Submitting Information

| | |
|---|---|
| Name: *Jones, Garrison* | Primary Phone: *916-870-4060* ext. |
| Address: *705 West Liberty Drive* | Other Phone: ext. |
| *Wheaton, IL, 60187* | Fax: ext. |
| | Email: |
| | If not complainant, EE Name: |

| | | | |
|---|---|---|---|
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action *N* | |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |
| | | | | |

The plaintiff has already proven to the US Department of Labor and this court that he did not and could not have filed this false complaint as at the time it was created, the phone number that is connected to this complaint, was disconnected over a month prior to it being made.

---

**T··Mobile·**

Billing period: Jul 17, 2018 to Aug 16, 2018

Account: 919500566

Page: 1 of 12

**TOTAL DUE**

# $202.15

Your bill is due by Sep 03, 2018.

Never worry about forgetting to pay and save money too. With the AutoPay discount you save $5/line up to $40 every month. Sign up for AutoPay at t-mo.co/Pay.

Switch to paperless billing at t-mo.co/Go.

| **BALANCE FORWARD** | This is what happened since your last bill: |
| **-$106.64** | • Your last bill was $277.08 |
| | • You made payments totaling $383.72 |

| **PLANS** | SERVICE LINES = $226.23 | |
| **$226.23** | **This month's charges are $156.23 more** | **Your plan includes:** |
| | • You have deactivated T-Mobile ONE Unlimited 55 | • Unlimited entertainment streaming at DVD quality, 480p |
| | • You have added T-Mobile ONE | • Mobile hotspot data to keep you connected at up to 3G speeds |
| | • (916) 276-7650 has added a Voice line to their plan | Details @ t-mo.co/Plans |
| | • Enjoy your T-Mobile ONE Plan | |

| **EQUIPMENT** | 1 HANDSET = $8.62 | |
| **$8.62** | **This month's charges are $8.62 more** | **The T-Mobile® app lets you easily:** |
| | • (916) 276-7650 added a Galaxy Note8 — Midnight Black — 64GB that will be fully paid off after 24 monthly payments | • Pay your bill anytime/anywhere |
| | • (916) 276-7650 added your NM32 2018 Q3 Samsung Galaxy with Add a Line of $1,234 | • Upgrade your phone |
| | | • Get 24/7 support |
| | | Download the app @ t-mo.co/App |

| **SERVICES** | 1 T-MOBILE ONE PLUS = $14.15  |  1 T-MOBILE SERVICE = $0.00  |  1 OTHER SERVICE = $10.00 | |
| **$24.33** | **This month's charges are $14.33 more** | **Simple Global update:** |
| | • You had multiple feature changes. See details on page 5 | • We've added additional countries and destinations! |
| | | • Nondon 7th is updating our Simple Global international calling rate to $0.25/min. |
| | | Details, eligibility @ t-mo.co/SGCall |

| **ONE-TIME CHARGES** | 4 OTHER ONE-TIME CHARGES = $49.61 |
| **$49.61** | • 2 lines had Restock From Suspend of $44.26. See below for details. |

---

- 24 -

.It's clear that in the previous month his number was deactivated and he had been assigned a new cell number because of repeated blocked, restricted, private calls from Velocity as a means of harassment for over 3 months with the final straw where his cell number was entered into a fax machine that repeatedly called his cell number for over 5 hours every 15 minutes where finally it was turned off and disconnected.

Equally, the US Department of Labor verified that the defendants had received a copy of this false fabricated FMLA complaint prior to August 2018 and had knowledge of its existence but omitted the number from the document as not to draw attention to their  criminal illegal activity where they by the hand off Shauna coleman the personal cell number from his employee file and combined it with information from the civil case in Illinois and by impersonating the plaintiff  made it appear authentic that he was in fact the person who made this contact to the US Department of Labor.

Even in his response to the US Department of labor he stated there was a big problem and stated the same thing that the number in the false FMLA complaint  he had gotten rid of that number because of harassing calls from his former employer, Velocity technology Solutions.



FILE   MESSAGE

Wed 9/30/2020 9:16 AM
Garrison Jones <garrisonjones@outlook.com>
896928

To   foiarequests@dol.gov

There is a big problem. I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits. I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018. In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018. This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work. There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me. I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

So somehow in a span of over 11 months the defendants and their attorneys from
Ogltree Deakins now have had all this time to conspire and they think they now have
a plan to  pass off this illegal document as legitimate and apparently have a game
plan to present it to this court as evidence.

I am certain that when the time comes they will not do so because as I have said in
previous pleadings, I have alerted and kept abreast law enforcement and the state of
Arizona that they have been stalling for over two and ½ years and that they have
been aware of multiple legal proceedings where they could have appeared and

- 26 -

offered this illegal inadmissible document as a means to prevent any monetary award given to the plaintiff and has never done so.

Finally, it is entirely unethical to call as a witness an attorney from the same law firm who has been an active billable attorney in a pending case as a witness. If they cannot do better than this it sets a bad precedent, especially from an individual who has knowingly sent false fabricated documents to a federal agency and is actively involved in the fabricated conspiracy and concealment off false fabricated FMLA complaints filed with the same agency that has already stated that none of the complaints filed with their agency were filed by the plaintiff Garrison Jones

If this court wants to look at declarations it must look at evidence from credible individuals and agencies and not from a lawyer who actually committed federal criminal crimes against the federal government.

For these reasons the declaration of Jennifer Colvin must be struck and denied.

Here are "declarations" from an individual who also was there and from an agency that disputes the documents sent to their agency by Jennifer Colvin and the alleged release that has been invalidated by all the evidence of fraud and criminal activity by the defendants and Ogltree Deakins attorneys.

These declarations documents are from an agency and individual who both do not have a motivation or incentive to escape federal prison.

Respectfully submitted,
Dated: September 6, 2021

**Garrison Jones Plaintiff** (Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

- 27 -

EXHIBIT 1

## FOIA RESPONSE FROM USDOL DATED OCTOBER 30, 2020

Stating their agency does not contain any FMLA complaint made by the plainiff Garrison Jones against Velocity Technology Solutions.


EXHBIT 2

## DECLARATION  E-MAIL FROM DANIELLE JONES DATED AUGUST 16, 2018

**U.S. Department of Labor**     Wage and Hour Division
                                 Washington, DC  20210

*Exhibit 1*

October 30, 2020

Garrison Jones                          Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA  95818

RE:    Freedom of Information Act Response
       Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request
made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020.
Specifically, you asked for any record of a compliant made by you regarding Velocity
Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our
possession as of the date our search began.  The search began on October 28, 2020.  After
performing an electronic search of the Wage and Hour Investigative Support and Reporting
Database, we did not locate any documents responsive to your request.  Consequently, we are
providing a "no records" response.  You have not been assessed related fees as the processing
costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at
*pannell.larhonda@dol.gov* or call 770-736-5465.  You may also call this office at 202-693-1004.
If we cannot assist you in your concerns, you may contact the Departmental FOIA Public
Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*.  Alternatively, you
may contact the National Archives and Records Administration's Office of Government
Information Services regarding available mediation services at Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road,
College Park, MD 20740-6001.  You can also reach that office by email at *ogis@nara.gov*, by
phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter.  The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required.  In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter.  The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal."  Any amendment to the appeal must be made in
writing and received prior to a decision. The appeal should be addressed to the Solicitor of
Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor,
200 Constitution Avenue, NW, Room N2420, Washington, DC  20210.  Appeals may also be

*Exhibit 2*

**From:** Danielle Jones <███████████>
**Date:** August 16, 2018 at 6:41:42 PM CST
**To:** Garrison Jones <garrison.jones@outlook.com>
**Subject: Today**

Hey Dad,

y.

I wanted to tell you thanks for looking out for me today.  That lady at the lawyers office was
slimey. LOL
I thought they were up to something myself.  I did not feel good being there.  They treated us like
criminals from the first 48 or something because we were Black.
I also did not feel comfortable when she tried to separate us.  I am glad you said something, I
was not ok with that.  You said my daughter is not going anywhere without out me even if she
goes to the bathroom I will be standing outside waiting for her LOL.
Not sure if you r, remember but I am 27 years old now LOL.

I know, I know, it only takes 2 mins to poop and pee. I remember the 2 min drill vividly LOL

Call me when you get settled in in Atlanta.  Talk to ya

Nell xoxo

ALL of the communication in this false fabricated FMLA complaint was sent to USDOL by Jennifer Colvin on 8/24/2018

This includes the fabricated withdrawal letter claiming it was for withdrawal of an FMLA complaint dated May 22, 2018.

The fabricated FMLA complaint that did not exist that was actually a thank-you letter dated May 22, 2018 that was transformed into a FMLA complaint by attorneys from Ogltree Deakins that arrived 3 months later and was also attached to the false fabricated FMLA complaint of July 19, 2019 that was filed with the USDOL by Velocity and Ogltree Deakins that they now claim to be an "**unknown claim**"

To add, the plaintiff has a dedicated laptop for all letters, communications, and documents for all of the litigation with Velocity and has copied every single document he has created to a separate directory and since June 2021 he has never been able to locate a letter to the USDOL that was sent to them on May 22, 2018.

The USDOL also does not have a record of a letter sent to them from the plaintiff on May 22, 2018.

Upon investigation, this is a fraudulent letter.
Now and even back in 2018 the plaintiff never composed any letter in the font of 12 due to vision impairment from his stroke.

Now and even back then with or without glasses he is unable to see any communication in font 12.
He has been forced as a lifelong medical issue to communicate in Times New Roman font 16.

I do not know where they got this from but it was not written by the plaintiff.  It appears to be a forgery and that his name and signature was copied from another document and copied onto this so called FMLA letter.  It is identical to the signature on the letter

There is one source that verifies this in the files in Northern Illinois.

How can it be declared to be "unknown when the documents sent by Ogltree Deakins attorney Jennifer Colvin are the only ones associated and attached to this false FMLA complaint.


**Exhibits labeled Colvin 1 – 5 are documents sent to the USDOL by Jennifer Colvin on August 24 2018** that is recorded and attached to the false fabricated FMLA complaint of July 19, proving she and others from Velocity knew of its existence prior to August 2018.

## WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML.*
*CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

*Colvin*

Contact Log:

*8/24/2018 1:43:46 PM*      **FILED-NO ACTION**

*7/19/2018 5:14:44 PM*      **INTAKE ONLY**

## WHISARD Complaint Information Form

### U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: *3850645* | Receiving *Chicago IL District Office* | Last updated by*Diane Wright* |
| Date of Contact: *7/19/2018* | Contact Priority: | Last updated *8/24/2018* |
| Complaint Status: *FILED-NO ACTION* | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | | | |
|---|---|---|---|
| Name: *Velocity Technology* | | Primary Phone: *704-357-7705* | ext. |
| Address: *1901 Roxborough RD.* | | Other Phone: | ext. |
| *Charlotte, NC 28211* | | Fax: | ext. |
| | | Email: | |

| | | | |
|---|---|---|---|
| County: *Mecklenburg* | | NAIC | |
| Contact Name: | | Gov. Contract, Furnishes | *N* |
| Contact Title: | | Gov. Contract, Furnishes services: | *N* |
| Estimated # of locations: | | Gov. Contract, Performs construction: | *N* |
| Headquarters location: | | Gov. Contract, Other contract type: | *N* |
| Branch Name/Location 1: | | Gov. Contract, Unknown contract | *N* |
| Branch Name/location 2: | | Est. expiration date of gov. | |
| ER business status: | | Estimated EEs affected: | |
| Estimated $ADV: | | Special Coverage: | |
| Nature of Business: | | Franchise: *N* | |
| Interstate Commerce: | | Union Shop: *N* | |
| Number Of Employees: | | ER Exempt? *N* | |

### Person Submitting Information

| | | | |
|---|---|---|---|
| Name: *Jones, Garrison* | | Primary Phone: *916-870-4060* | ext. |
| Address: *705 West Liberty Drive* | | Other Phone: | ext. |
| *Wheaton, IL, 60187* | | Fax: | ext. |
| | | Email: | |
| | | If not complainant, EE Name: | |
| Is Customer complainant? | *Y* | | |
| Verbal permission to use name | *N* | Verbal notification of Private Right | |
| Written permission to use name | *N* | Action *N* | |
| Written permission to use name | *N* | Relationship: | |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

| | | |
|---|---|---|
| Date: 6/1/2021 2:08:38 PM | Customer ID: 3850645 | Page 1 |

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

I did Not
WRITE this

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal complaint and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA . Again, I never had a conversation with anyone from VTS or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "



CD/VIN #2

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

      Re:   DOL Complaint

To Whom It May Concern:

      Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter.  The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

            Sincerely,

            Garrison Jones

WRITTEN by VELOCITY GENERS CORNSEL
ChRis HELLER
I do NOT
USE ————————→ TRACKING NUMBER

34314971.1