

**FILED**

SEP 17 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

# U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>Plaintiff,<br>v.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>Defendants. | Case No.: 2:19-cv-02374 KJM-JDP<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br>Date set for trial: NONE |

**Prior order and decision on illegal agreement**
**Forum State jurisdiction**

Forum-selection clauses are common and highly useful features of contracts because they help make any future litigation on a contract more predictable for the parties and, in some cases, less expensive. But what procedure should a defendant use to enforce a forum-selection clause when the defendant is sued in a court that is not the contractually selected forum?

On December 3, 2013, the U.S. Supreme Court issued a decision in Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas (__ S.Ct. __, 2013 WL 6231157 (Dec. 3, 2013)) that answers this question. The Court held that, if the parties' contract specifies a state court as the forum for

litigating any disputes between the parties, but the plaintiff files suit in a different federal district court that lawfully has venue (and therefore could be a proper place for the parties to litigate), the defendant should seek to transfer the case to the court specified in the forum-selection clause by invoking the federal statute that permits transfers of venue "[f]or the convenience of the parties and witnesses, in the interest of justice." If the contract's forum-selection clause instead specifies a state court, as t

Importantly, the Court held that the parties' contractual choice of forum should be enforced except in the most unusual cases.

There is not unusual circumstance for this court or any other court to disturb the forum state agreed upon and as indicated inn the document.

It was the defendants who chose the forum state and now because of their prior criminal acts, fraud and unethical billing that now they know they will not be received with open arms in Maricopa County where they were removed from the list of vendor list because of this fraud.

They will never file any litigation in the state of Arizona as they think they have a valid legal document and they don't.

If they did, they would have filed litigation a long time ago.

Based on the attached exhibits of fraud and criminal acts by Ogltree Deakins, they have not simply burned the bridge behind them, they have set it on fire and they know it.

This is why they are not honoring the illegal agreement and again it was their choice as all of the language in the document is theirs and now they are attempting to claim that this is not what the intent of the document now claiming a different interpretation of their own document.

**Prior decision on the illegal agreement**

Judge Alonso in a prior order and decision clearly stated that if the plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court. That court is Arizona per he illegal agreement.

This court nor no other court has any evidence and or reason to overturn the terms the parties agreed upon as to the forum state of the document even though the defendants will prefer it goes nowhere and they never file any such litigation in the state they defined in the document to enforce anything because they know it will fail.

> For the foregoing reasons, plaintiff's motion provides no basis for the Court to disturb its judgment in this case. If plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court.

Date: 12/18/2019

_____
Jorge L. Alonso
United States District Judge

.

Respectfully submitted,

Dated: September 6, 2021

_____
**Garrison Jones Plaintiff** (Pro Se
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GARRISON JONES | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 3288 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| VELOCITY TECHNOLOGY SOLUTIONS, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff's Rule 60(b) motion for relief from judgment [13] is denied.

## STATEMENT

On May 8, 2018, plaintiff filed his complaint in this case, an employment matter in which plaintiff asserted claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On August 16, 2018, the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41. The stipulation to dismiss was with prejudice, and the Court did not retain jurisdiction for any purpose. (*See* ECF Nos. 10-11.) A year and a half later, plaintiff has filed what he has captioned as a motion, "[p]ursuant to [Federal Rule of Civil Procedure] 60(b), . . . [for] relief from illegal, unconscionable . . . settlement agreement of August 17, 2018."

In his motion, plaintiff describes what he calls "intellectual property theft" by defendant Velocity Technology Solutions ("Velocity'), alleging that Velocity has improperly recorded training sessions of another business entity, "Infor," and used the recordings illegally. He claims that he has newly discovered evidence of this "theft," including evidence of Infor's knowledge of it. According to plaintiff, in August 2019, counsel for Velocity sent him a letter acknowledging that Velocity was aware of efforts plaintiff had made to disclose this "evidence" to other individuals and even news outlets; however, counsel allegedly reminded plaintiff, he had entered into a formal agreement not to disparage Velocity. (Mot. to Vacate, ECF No. 13 at 36, PageID # 126.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court may relieve a party of a judgment "for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . . ; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A district court's equitable power to grant relief under Rule 60(b) must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation." *Koelling v. Livesay*, 239 F.R.D. 517, 521 (S.D. Ill. 2006).

Plaintiff has not shown why relief under Rule 60(b) is appropriate. First, plaintiff appears to seek relief not from this court's judgment but from the settlement agreement that induced him to stipulate to dismiss this case. That settlement agreement formed no part of any judgment of this Court, and if plaintiff seeks relief from any obligations of that contract, he must file a new case in an appropriate state court; this Court has no power to grant such relief in this case.

As for the judgment that this Court entered, the Court sees no reason why the intellectual property theft issues that plaintiff describes require the Court to disturb it. Plaintiff mentioned these intellectual property theft issues in his original complaint, but to the extent they played a role in his Title VII race discrimination claim, it was that Velocity allegedly used the pirated training videos to train plaintiff, who is black, instead of sending him to formal training courses, as it did for white employees. The "newly discovered evidence" that plaintiff mentions in his motion appears to relate only to the depth of Velocity's wrongdoing in the theft of these videos, not in their use in any racially discriminatory training regime, and therefore it adds little to this case that was not already in the original complaint. Additionally, it is perplexing that a cornerstone of the new evidence appears to be that Infor knew of the "theft," which would seem to reduce—not increase—the seriousness of the theft, or even disprove it as such. Regardless, the Court sees no more than a tangential relationship between any of this and plaintiff's racial discrimination claim; certainly, there is nothing suggesting so strongly that plaintiff was unable to assess the true merits of his case at the time of the judgment as to outweigh the strong interest in "achiev[ing] finality in litigation." *Koelling*, 239 F.R.D. at 521.

For the foregoing reasons, plaintiff's motion provides no basis for the Court to disturb its judgment in this case. If plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court.

Date: 12/18/2019

Jorge L. Alonso
United States District Judge

2

**U.S. Department of Labor**       Wage and Hour Division
Washington, DC  20210



October 30, 2020

Garrison Jones                                              Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA  95818

RE:   Freedom of Information Act Response
      Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020. Specifically, you asked for any record of a compliant made by you regarding Velocity Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our possession as of the date our search began. The search began on October 28, 2020. After performing an electronic search of the Wage and Hour Investigative Support and Reporting Database, we did not locate any documents responsive to your request. Consequently, we are providing a "no records" response. You have not been assessed related fees as the processing costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at *pannell.larhonda@dol.gov* or call 770-736-5465. You may also call this office at 202-693-1004. If we cannot assist you in your concerns, you may contact the Departmental FOIA Public Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*. Alternatively, you may contact the National Archives and Records Administration's Office of Government Information Services regarding available mediation services at Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at *ogis@nara.gov*, by phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC  20210. Appeals may also be