UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrison Jones, | No. 2:19-cv-02374-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Velocity Technology Solutions, et al., | |
| Defendants. | |

     Garrison Jones alleges his former employer, Velocity Technology Solutions, interfered with his rights under the Family Medical Leave Act (FMLA). He is not represented by counsel in this action. The matter has thus been referred to the assigned Magistrate Judge under this District's Local Rules. *See* E.D. Cal. L.R. 302(c)(21). Velocity moves to dismiss the complaint under Rule 41(b) and 12(b)(6), and the Magistrate Judge recommends granting the motion in part and denying it in part. Mr. Jones objects to the findings and recommendations. ECF No. 93. Velocity has not filed objections. The court has reviewed the matter de novo.

     First, the Magistrate Judge recommends denying Velocity's motion to dismiss under Rule 41(b). F&Rs at 3. The court adopts that recommendation, but for different reasons than those in the findings and recommendations. A defendant may move to dismiss under Rule 41(b) if a plaintiff "fails . . . to comply with . . . a court order." Fed. R. Civ. P. 41(b). Mr. Jones violated the Magistrate Judge's order to choose whether he would amend his original complaint or

proceed with his FMLA interference claim: he first elected to proceed on the interference claim, but he later also amended his complaint to reassert several other claims. *See* Order (July 31, 2020), ECF No. 29; Notice of Election, ECF No. 30; First Am. Compl., ECF No. 41. Before dismissing a case under Rule 41(b), a district court must consider several factors, including "the availability of less drastic alternatives" to dismissal. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Dismissal would be an unduly harsh sanction. It is more appropriate to hold Mr. Jones to his original election and dismiss all claims but the FMLA interference claim. This court's previous order effectively imposes that sanction. *See* Order (Oct. 6, 2020), ECF No. 49. No further sanction is necessary.

Second, the Magistrate Judge recommends granting Velocity's motion to dismiss the claim that it wrongly delayed approval of Mr. Jones's FMLA leave until February 2018. F&Rs at 4. The Magistrate Judge accurately summarized the legal standard that applies to that motion under Rule 12(b)(6) rule and the elements of a claim for FMLA interference, and the court agrees with the Magistrate Judge's conclusion that Mr. Jones cannot prevail on this claim. *See* F&Rs at 2–4. By his own allegations, he was not eligible for FMLA leave until February 2018. *See id.* at 4. The court adopts the Magistrate Judge's recommendation to dismiss this claim with prejudice.

Third, the Magistrate Judge recommends denying Velocity's motion to dismiss Mr. Jones's remaining interference claim. *See id.* at 4–5. Mr. Jones alleges Velocity interfered with his FMLA rights by firing him while he was on FMLA leave. *See, e.g.*, First Am. Compl. at 26–27. That claim is not plausible. In an email Mr. Jones reproduced in his complaint, Velocity confirmed unambiguously that Mr. Jones had not been fired, that he had remained an employee throughout his FMLA leave, and that he continued to receive medical, vision, dental, and other benefits as well. *Id.* at 24. The court need not assume an allegation is true if it contradicts a document attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court therefore does not assume Velocity terminated Mr. Jones during his FMLA leave.

The Magistrate Judge recommends denying the motion because Mr. Jones alleges an administrative law judge in Arizona found that his employment had indeed been terminated. *See* F&Rs at 5 (citing First Am. Compl. at 16). In the face of Velocity's unambiguous email—which Mr. Jones reproduced in his complaint—his allegations about the administrative law judge's decision are too vague and too confusing to make out a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is unclear what the administrative law judge or the Arizona administrative agency found and why.

Although federal courts interpret pro se pleadings liberally, "[v]ague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss," and a court may not "supply essential elements" when they have not been pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Pro se litigants are "not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences" in the plaintiff's favor. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). The court therefore dismisses the First Amended Complaint.

The court cannot exclude the possibility that Mr. Jones could clarify his allegations about his termination and his correspondence with Velocity such that an interference claim would be plausible. The First Amended Complaint is therefore dismissed with leave to amend. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). The court has considered the prejudice Velocity may suffer if Mr. Jones continues to make vague, disorganized, inflammatory, and confusing allegations. That potential prejudice does not outstrip the liberal policy of amendment embodied in Federal Rule of Civil Procedure 15. The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a "short and plain statement" of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend. Nor does the court anticipate permitting any further amendments.

/////

In conclusion, (1) the findings and recommendations at ECF No. 87 are **adopted in part**, (2) the motion to dismiss at ECF No. 43 is **granted**, (3) the First Amended Complaint is **dismissed with leave to amend**, and (4) Mr. Jones may file a Second Amended Complaint **within thirty days** after receiving a copy of this order.

IT IS SO ORDERED.

DATED: September 27, 2021.

CHIEF UNITED STATES DISTRICT JUDGE