## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

**Plaintiff,**

v.

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**
**Defendants.**

**FILED**

Case No.: **2:19-cv-02374 KJM-JDP**

SEP 28 2021

**JURY TRIAL DEMANDED**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Action filed: Nov 25, 2019

Date set for trial: NONE

## Plaintiff Motion to present digital electronic evidence to the Court

## Introduction

1. First, the court needs to know that the letter being claimed as a Formal FMLA complaint they claim was sent by me to the USDOL on May22, 2018 is a **FORGERY** created by Velocity and Ogltree Deakins.

2. Second, I would never be so **stupid** to address a letter to the USDOL with a street in Chicago but the city /state and zip code in **Wheaton, Illinois**.

3. Only someone in a hurry and **stupid** would address a letter like that.

4. There is no Dearborn Street in Wheaton Illinois.

5. **This letter is a fake and a forgery created by both Velocity and Ogltree Deakins to frame the plaintiff for sending it to the USDOL** even though the USDOL shows that they received it on August 24 from an attorney in the Chicago office.

- 2 -

**PLEASE TAKE NOTICE** that on September 16, 2021 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacrament, California 95814, Plaintiff Garrison Jones will move this Court for an Order to deny the defendant's motion for summary judgement filed on August 13, 2021deny defendant's motion for summary judgement and to strike all affirmative defenses with prejudice and deny the defendants ability to amend.

This motion shall be based upon this Notice, the attached evidence and exhibits. The

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

- 1 -

6. This document was hand delivered by messenger to the USDOL and was paid for by Ogltree Deakins. It would have never been delivered by USPS as the origin address is in Wheaton and there is no Dearborn Street in Wheaton, Illinois.

7. Illustrates how sloppy the fraud they are attempting.

8.

9. To add. I was in Ontario, California flown out by Prime Healthcare and having an in person interview with the CEO of the organization.

10.    I was three for 3 consecutive days.


11.    The plaintiff believes that it is appropriate to have a motion hearing on the evidence being presented as it will have and should play a pivotal role in the courts decisions from this point forward and an evidentiary hearing on the digital/electronic evidence will make a significant impact on the court's decision.

12.

13.    Counsel has presented several documents in his quest to induce this court into making a decision in their favor.

14.    His latest is a document where he "under the penalty of perjury" he believes the document is true.

15.    This in my eyes of transformation is his attempt to have an **"escape clause"** and a way out if this document blows up in his fact.

16.    Sounds like he is not sure.

17.     Well I can tell you he I correct. It will blow up in his face just like all the other lies he has told.

18.     I have never address myself in any letter as Mr. Garrison Jones

19.     I never lived at 705 Liberty Drive.  That address is for a Social Service organization that was across the street from where I used to live in Wheaton 1 Wheaton Center.  The agency is called Dupage Pads.  I volunteered there with my daughter years ago.

20.     They have a service for homeless and people in transition to receive mail at that address.   I never lived there.  Years ago I taught individuals how to gather information for a resume and gave them a template to use of my resume that they could send to potential employers.

21.     That's how I knew that anyone who used that address was someone like AZDES or Velocity.

22.     No one that ever lived in Wheaton calls it Liberty Drive.  It's not even needed for mailing purposes.

23.     Liberty is an 8 block street that ends at the police station 3 blocks from where I lived at.

24.     Even the case in Northern Illinois I used that address but was not where I lived.

25.     They even had several letters that were returned from that address so did AZDES.

26.     I did not and would never give Velocity my real residence address.

27.     I believed he did that as a means of intimidation.

28.     After, I realized that I made the wrong choice of accepting employment and found out they were a criminal organization, I made them think I had moved and changed my address to a location I stayed at because it took over 90

minutes to get to the airport from my home.  I missed flights so I rented a room and stayed there to get to the airport on time.

29.     I did this even before I worked at velocity but it was never my address.

30.     However, after just 3 months of being employed there I realized they were criminals and did not want them to have my personal residence address.

31.     First of all I lived in Wheaton, Illinois for over 9 years and spent over 20 years of my adult life in suburbs surrounding it.

32.     I also know Chicago and downtown Chicago very well.
I have dedicated laptop I have had for over 4 years that I use only for documents letters from all litigations including this one.

33.     I began doing this in December 2017.

34.     All the files I have ever sent or received from all court cases I have on this laptop.

35.     Going back to his letter in Document 94.   I since June of 2021 have not been able to locate it on this laptop.

36.     Counsel stated in his document 94 that I did not send a copy of this letter as proof and there was a reason why, because I knew Ogltree and Velocity would eventually go back to his roots of fraud and do a stupid stunt like this and it was part of the 10 month plan to submit the document they call an agreement and then this fake **FMLA COMPLAINT** letter to do as they always do deceive and fraud.  So for months I waited and Presto/ Changeo, her we have it. decristoforo submitted it as evidence lying that I made this an official complaint when it is attached to documents sent by his own fellow attorneys on August 24, 2018 and not on May 22, 2018.

37.     **There is no official or non-official FMLA complaint** in the files of the USDOL filed by me against Velocity Technology Solutions. Not one.

38.     This letter he has submitted to this court is a forgery and I can prove it.

39.     They are trying their best  to pile so may lies and justify their document they call an agreement, now they are to try and frame me for submitting an FMLA complaint knowing that they have been caught lying about the existence of an FMLA complaint filed by me with the USDOL in their document in the first place..  Desperation.

**40.     If they had confidence and truth they would not go to these ridiculous tactics.**

41.     However there are two false fabricated FMLA complaints on file that were created and a by – product of the complicit conspiracy between Ogltree Deakins attorneys and Velocity.

42.     Decristoforo has submitted one yet he refuses to acknowledge the other one nor will he recognize the fact that in the fabricated one the documents he claims were sent by me show that the USDOL received them from an attorney at the Chicago office, Jennifer Colvin.

43.     The only thing he is accomplishing is pushing Ogltree Deakins and Velocity further and further into the abyss and making reservations to federal prison.

44.     There are 29 documents in the document history in case number

1; 18-cv-02388 in the US District Court of Northern Illinois including the original complaint filed on May 8, 2018 and not one of these documents even contain the phrase "FMLA".  The only document that contains FMLA is not in the court files and is only contained in the document the call and agreement.

45.     Decristoforo in his first document 5 filed on May 5, 2020 claims the current ligations is in his mind "**virtually identical**" and **claiming duplicity** and again claiming release , with prejudice like he has done 6 more times in this proceeding.

46.     This is why there has not been a single jurisdiction who has ever believed a single word or pleading from a single Ogltree Deakins attorney.

**47.**     Instead of recruiting the best and brightest attorneys from law schools, they recruit and hire the **biggest liars or the ones caught cheating on the bar exam.**

48.     Another documented occurrence of fraud upon the court courtesy of none other than decristoforo.

49.     After over 4 years of avoidance, never appearing in a single proceeding nor presenting to any court nor a single piece of evidence now their defense counsel is all of a sudden producing **"evidence"** on a weekly basis.

50.     This time after the plaintiff has uncovered a false fabricated FMLA complaint from **July 19, 2018** that the USDOL has already investigated and determined their system does not contain a single record of an FMA or any other complaint in their system, decristoforo has come up with another FMLA complaint he claims now was filed and sent to the USDOL on May 22, 2018.

51.   **Yet in none of their pleadings they have never made any mention of it**. The reason is because they have been caught once again committing fraud, creating and planting evidence of an FMLA complaint in the files of the USDOL on behalf of their client Velocity and then blaming its creation on the plaintiff so that it appears he filed it.

52.   I think it is appropriate for this court to have an evidentiary hearing based on this motion so the plaintiff where he can present to this court digital / electronic evidence that will shed light on this case and essentially put an end to the desperate measure by the defendants that are being done strictly for billable hours and revenue.

53.   When a federal agency makes a determination that no complaints exist, now he offers another version but not discounting the evidence of a federal agency instead he opens a useless window, it speaks volumes of his intentions.

54.   They will not stop attempting to misdirect this court and direct the attention to irrelevant, immaterial items/ elements in this case.

55.   The plaintiff Garrison Jones seeks permission from the court in a motion hearing setting to present to the court Digital/Electronic evidence in order to put an end to this case and provide the court with undisputable evidence via the presentation of this data that will bring to light many issues that could benefit both the plaintiff and the defendants and put a close to this case so that criminal prosecution can begin.

56.   **The Integrity of Electronic Evidence is a prerequisite for its Admissibility in Court Proceedings.**

57.   The proposal is to accomplish this by transferring the data directly from the source to the participants on the zoom call all at the same time.

- 8 -

58.     This includes the court and the defendants.

59.     The plaintiff fully understands that the expectation of the court was for or oral argument between the parties but it is simply not needed.

60.     If this court will allow the plaintiff some latitude this case can come to an end.

61.     It is essential that the electronic media maintains it authenticity and integrity.

62.     Zoom has the ability to transfer files to all participants on the zoom meeting as well has the ability to share files.

63.     As such the integrity of the data will be maintain.

64.     First of all the plaintiff is opposed to the defendants motion for summary judgement as they claim that this issue was previous settled and per their affirmative defense seven filed on November 13, 2020.

65.     The court is aware that the extensive efforts of fraud and criminal violations of local, state and federal law that has been committed by the defendants with the advice, aiding and abetting of multiple attorneys from the law firm of Ogltree Deakins.

66.     Specifically targeting the one desperate claim of release they have been claiming for over a year but has never produced, the plaintiff does hereby on the record state what is already known.  The commission of fraud and the entering into a contract for an illegal purpose or in connection to a contract immediately voids the entire contract.

67.     However at all times drawing the courts attention away from the fraud they have repeatedly committed against this court.

68.     Equally, a general release does not extend to claims that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the released party.

69.     Lawyers have ethical duties to inquire whether a client is seeking to use their services to commit fraud or other criminal activity. There is no way that now over 4 years that Ogltree Deakins does not know or are aware that they were hired specifically to participate, advise, and council Velocity into committing fraud and criminal acts to prevent and relive them from any financial liability in connection with the unlawful termination of the plaintiff while on approved FMLA. No one simply hires a so called tier one law firm to defend them against a parking ticket.

70.     Based on their track record of failure it is obvious Velocity has chosen the wrong representation. They have lost every single engagement.

71.

72.     Next, No release extends or can be extended to any claims or allegations that were fraudulently concealed from the plaintiff despite counsels lies statements where he claims the plaintiff had all the knowledge of all events.

73.     In August of 2018, Ogltree Deakins attorneys both had a duty to disclose and intentionally failed to do so.

74.     The plaintiff on his own merit began to uncover multiple false claims, allegations, and false fabricated complaints filed against him by Velocity from May 2018.

75.     In addition he also uncovered other actions where days after August 16, 2018 Velocity and Ogltree a made attempts  behind his back  to once again attempt to overturn/reopen the appeal hearing of June 22, 2018 that determined the plaintiff was unlawfully terminated.  This occurred on August 20, 2018.

76.     Next the plaintiff uncovered false fabricated FMLA complaints with the USDOL that they both also knew about but concealed them in the document they call an agreement by omission of charge/complaint numbers and even now they somehow have come up with yet another in their minds FMLA complaint they claim I filed and sent to the USDOL.

77.

78.     They have put their hopes and dreams in this document as the ultimate release mechanism.

79.     However an amicable end is needed to this case so the plaintiff can finally move on from Velocity.

80.     The evidence shows that they have been caught once again fraudulently concealing FMLA complaints they have planted in the files of the USDOL on July 19, 2018.

81.     The evidence shows they even got copies of this false fabricated FMLA complaint before August 2018 but they intentionally omitted any charge / complaint number from the document they call an agreement.

82.     They evidence shows that it was Ogltree Deakins attorney Jennifer Colvin not the plaintiff on August 24, went a withdrawal letter and attached to this "withdrawal letter is what she claimed is a FMLA complaint dated May 22, 2018.

83.     For the 300th time.  There is no FMLA complaint in the system of the USDOL by the plaintiff Garrison Jones on May 22, 2018 yet decristoforo is now claiming it is for the 300th time.

84.     SO who is the court going to believe a lawyer who has been caught lying over 30 times or the evidence from a federal government agency?

85.     Not once after the false fabricated FMLA complaint was discovered and proven the plaintiff did not make it, has any Ogltree attorney made a comment whatsoever of denial or any statement that it even exist.  Criminals do that and try to direct the attention away from them.  Who else knew that FMLA was under the jurisdiction of the USDOL Wage and Hour Division and who had the motivation to plant a FMLA complaint in the files over a year before this litigation was filed.  THE DEFENDANTS and OGLTREE DEAKINS attorneys.  The USDOL is one of their adversaries and they know all the functions of this agency.  They did it to the benefit of their client Velocity.  Who else would benefit from planting a FMLA complaint under the name of Garrison Jones other than Velocity?

86.     It's just that he uncovered it before they had a chance to use it and he proved he did not make it.

87.     The USODL was talking to a female.  It is clear that they recorded the phrase "her" and "she" 17 times in the false complaint.

88.     The phone number in this false FMLA complaint was disconnected over a month before it was filed.

89.     The address was not the address of the plaintiff either on that date.

90.     He was in a different state working for another organization.

**91.**     How do we know he was in a state working for another organization, because Velocity filed a false complaint with AZDES that he was committing unemployment fraud a felony by working and getting unemployment at the

same time?  They sore loser after they lost the appeal that determined he was unlawfully terminated on June 22, 2018 so they were stalking him and said **"let's get this nigger locked up" nothing else has worked. Let's falsely accuse him of felony fraud.**

92.     We all know how that turned out.  They failed again, they lost this effort too.

93.     **This court cannot continue to give these criminals a platform to escape the penalties of what they have done.**  They will not stop as long as there is money to be made, never.  That is what this is all about money and fraud.

94.     **They are laughing at this court** and will not stop because they are getting away with all of this without repercussions' consequences or fear that this court or any other court will do anything to stop them.

Respectfully submitted,

Dated: September 21, 2021

**Garrison Jones Plaintiff (**Pro Se

P.O. Box 188911

Sacramento, California 95818

garrison.jones@outlook.com

# CERTIFICATE OF SERVICE

**I hereby certify** that on this August 16, 2021 a copy of the forgoing [Opposition to deny defendant motion for summary judgement was mailed, USPS to defendants on August 16, 2021

1 | ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
2 | PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
3 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4 | 500 Capitol Mall, Suite 2500
Sacramento, CA  95814
5 | Telephone:     916-840-3150
Facsimile:     916-840-3159
6 |
Attorneys for Defendant
7 | VELOCITY TECHNOLOGY
SOLUTIONS, INC.
8 |

**UNITED STATES DISTRICT COURT**
9 | **EASTERN DISTRICT OF CALIFORNIA**

10 |

11 | GARRISON JONES,

             Case No. 2:19-cv-02374-KJM-JDP

12 |     Plaintiff,

             **DECLARATION OF ANTHONY J.
DECRISTOFORO IN SUPPORT OF REPLY**
13 |    v.
             **TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY**
14 | VELOCITY TECHNOLOGY SOLUTIONS,   **JUDGMENT**
INC.; SHAUNA COLEMAN, individually
15 | and as H.R. Director of Velocity Technology    **DATE:**        **September 16, 2021**[1]
Solutions; CHRIS HELLER, individually and   **TIME:**        **10:00 AM**
16 | as General Counsel of Velocity Technology    **LOCATION:**  **Courtroom 9, 13th Floor**
Solutions; STEVEN KLOEBLEN,                        **501 I Street**
17 | individually and as CEO of Velocity                       **Sacramento, CA 95814**
Technology Solutions; MICHAEL
18 | BALDWIN, individually and as an employee   Complaint Filed: November 25, 2019
of Velocity Technology Solutions.         Trial Date:      None Set
19 |                                 Magistrate Judge: Hon. Jeremy D. Peterson
    Defendants.            District Judge:   Hon. Kimberly J. Mueller
20 |

21 |     I, Anthony J. DeCristoforo, declare:

22 |     1.    I am an attorney duly licensed to practice law before all courts of the State of

23 | California.  I am a Shareholder at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart P.C.,

24 | counsel of record for Defendant Velocity Technology Solutions, Inc. ("Defendant") in the above-

25 | entitled action. Other than as described on information and belief, the following facts are within my

26 | personal knowledge and, if called as a witness herein, I can completely testify thereto.  As to facts

27 | described on information and belief, I am informed and believe them to be true.

28 |

[1] The Court has vacated the hearing on this Motion. [DKT 90].

1    2.    Attached as Exhibit A is a true and correct copy of a letter dated May 22, 2018, that,

2  on information and belief, was sent by the Plaintiff to the United States Department of Labor and

3  which Plaintiff refers to in his Opposition as a thank you letter.  Oppo. [DKT 88] at 10.  This letter

4  bears the subject line "Formal FMLA Complaint against Velocity Technology solutions (sic)."

5        I declare under penalty of perjury under the laws of the State of California that the foregoing

6  is true and correct and that this declaration was signed on September 9, 2021, in Sacramento,

7  California.

8

9

10                              */s/ Anthony J. DeCristoforo*
                              ANTHONY J. DECRISTOFORO

11                                                                  48478040.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANTHONY J. DECRISTOFORO IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

# EXHIBIT

# A

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal
compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record
with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to
try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular
shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity
in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that
they dropped the ball on FMLA . Again, I never had a conversation with anyone from Velocity Technology
Solutions or an email that remotely explained the provisions of FMLA.  In addition despite what she claims in the
email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the
time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed.
Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy
fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource
director that clearly shows 2 dates

1. February 20, 2018 ( my one year anniversary of my hire)
2. The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was
   admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did
not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.  I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2.  message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.  Message was sent proactively by Velocity Technology Solutions without my knowledge.

4.  Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.  Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

    Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

    Thanking you in advance for your attention to this matter

Rating

Sincerely

Garrison Jones

**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

- CEO Keith Angell  Coleman  keith.angell@velocitycloud.com

- Director of HR, Shauna Coleman  shauna.coleman@velocitycloud.com
o 704.357.7721 | m 845.282.6955 | f 703.935.1269