1  ANTHONY J. DECRISTOFORO SBN 166171
   anthony.decristoforo@ogletree.com
2  PAUL M. SMITH SBN 306644
   paul.smith@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:     916-840-3150
   Facsimile:     916-840-3159
6
7  Attorneys for Defendant VELOCITY
   TECHNOLOGY SOLUTIONS, INC.
8

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| GARRISON JONES, | Case No. 2:19-cv-02374-KJM-JDP |
|---|---|
| Plaintiff, | **DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 41(B) AND 12(B)(6)** |
| v. | |
| VELOCITY TECHNOLOGY SOLUTIONS, INC.; et al., | Date:            December 16, 2021<br>Time:           10:00 a.m.<br>Place:           Courtroom 9, 13th Floor |
| Defendants. | Complaint Filed: November 25, 2019<br>Trial Date:         None Set<br>Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:     Hon. Kimberly J. Mueller |

TO PLAINTIFF GARRISON JONES:

NOTICE IS HEREBY GIVEN that on December 16, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 on the 13th floor of this court, located at 501 I Street, Sacramento, California, 95814, or as otherwise ordered by this Court, including by remote means if so ordered, Defendant Velocity Technology Solutions, Inc. will and hereby does move for an order dismissing Plaintiff Garrison Jones's Second Amended Complaint [DKT 105] and/or "Revised" Second Amended Complaint  [DKT 108]  (whichever the Court deems the operating pleading) pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6).

This Court has grounds to dismiss the Second Amended Complaint ("SAC") and "Revised" Second Amended Complaint ("SAC II") pursuant to Federal Rule of Civil Procedure 41(b) and

12(b)(6). First, Plaintiff continues his pattern of failing to comply with and disregarding the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and the orders issued by this Court in this matter. Second, the SAC and SAC II both fail to state viable FMLA interference claims.

Accordingly, this Court should enter an order dismissing Plaintiff's SAC [DKT 105] and SAC II [DKT 108] pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, dismissing the SAC and SAC II pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in Support Hereof, all of the records on file in this case to date, and such other oral argument or evidence that may be allowed by the Court at or before the time for hearing (if any) on this Motion.

DATED: November 12, 2021                OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.


                                        By: */s/ Anthony J. DeCristoforo*
                                            Anthony J. DeCristoforo
                                            Paul M. Smith

                                            Attorneys for Defendant VELOCITY
                                            TECHNOLOGY SOLUTIONS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VELOCITY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND REVISED SECOND AMENDED COMPLAINT**

I. **INTRODUCTION**

Defendant Velocity Technology Solutions, Inc. ("Velocity") brings this motion seeking an order dismissing Plaintiff's Second Amended Complaint ("SAC") [DKT 105] and/or "Revised" Second Amended Complaint ("SAC II") [DKT 108].

A. **Dismissal is Appropriate Under Rule 41(b).**

Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b), which provides that this Court may dismiss any action for a party's failure to comply with the Federal Rules of Civil Procedure or local rules of court, or any court order. Plaintiff has repeatedly violated this Court's orders.

The Court has already found that Plaintiff violated the Court's order when, after the screening of his original Complaint, he elected to proceed on his sole remaining FMLA interference claim based on his termination, and then filed a First Amended Complaint ("FAC"), asserting various FMLA interference claims. [DKT 98.] The Court ultimately dismissed Plaintiff's FAC, dismissing all of his FMLA interference claims, with prejudice, except for his sole remaining termination-based FMLA interference claim. [DKT 98.] In so holding, the Court specifically warned Plaintiff: "The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a 'short and plain statement' of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend." [DKT 98.]

Notwithstanding this unambiguous order, Plaintiff filed a SAC in violation of that order, alleging not only the sole surviving termination-based claim the Court granted him leave to amend, but also reasserting FMLA interference claims that were previously dismissed with prejudice (i.e., interference claims based on alleged failure to notify of FMLA rights and alleged disclosure of confidential information). Plaintiff subsequently filed the SAC II, which is substantially similar to the SAC and also violates the Court's Order [DKT 98] by alleging FMLA interference claims that

are not based on his termination, including claims which the Court previously dismissed with prejudice.

The SAC and SAC II also violate the Court's order [DKT 98] because they do not contain a "short and plain statement" of Plaintiff's claims (also in violation of FRCP 8(a)).  Much like Plaintiff's previous complaints, the SAC and SAC II are 88 and 89 pages (including exhibits), respectively, of "vague, disorganized, inflammatory, and confusing allegations."[1]

### B. Dismissal is Appropriate Under Rule 12(b)(6).

The SAC and SAC II must also be dismissed because both fail to allege sufficient facts to support a claim for relief under the FMLA.

First, the Court previously dismissed Plaintiff's termination based FMLA interference claim since it was not plausible because Plaintiff had previously attached a document that "confirmed unambiguously that Mr. Jones had not been fired, that he had remained an employee throughout his FMLA leave, and that he continued to receive medical, vision, dental, and other benefits as well." [DKT 98.]  Like Plaintiff's original Complaint and FAC, the SAC and SAC II fail to allege facts sufficient to make his termination-based claim "plausible."  As detailed below, Plaintiff continues to allege facts and attach exhibits that contradict his allegation that he was terminated.  Because Plaintiff's SAC and SAC II allege facts that Plaintiff was not terminated, and contain no additional facts that would make his termination-based claim "plausible," the termination-based interference claim must be dismissed.

Second, in addition to his sole surviving termination-based claim, the SAC and SAC II both assert additional FMLA interference claims that are based on conduct other than his alleged termination, including claims which were previously effectively dismissed with prejudice.  [DKT 98.] Accordingly, all of Plaintiff's FMLA interference claims based on conduct other than his alleged termination are not viable.

////

////

---

[1] The fact that Plaintiff filed the SAC, then purported to strike it [DKT 107], and then filed SAC II, is in itself an example of Plaintiff's inability to articulate a short and plain statement of his claims.

Third, all of Plaintiff's FMLA interference claims based on conduct other than his alleged termination fail because Plaintiff does not allege any resulting harm from the alleged interference. Indeed, Plaintiff alleges that Velocity approved him to take 12 weeks of FMLA leave. [DKT 105 at 4; DKT 108 at 4-5.] It is not plausible that Plaintiff suffered prejudice, because he alleges he was granted, and took 12 weeks of FMLA leave. Plaintiff also alleges that he did not lose any "wages, salary, or benefits" as a result of the alleged FMLA interference. [DKT 105 at 37.] As such, even if Velocity engaged in the vaguely described conduct (which it denies), none of the conduct interfered with Plaintiff's FMLA leave and/or rights, he alleges he suffered no damages, and therefore, he suffered no prejudice.

## II. STATEMENT OF FACTS

### A. The Court Dismissed Plaintiff's FMLA Claims in his Original Complaint

Plaintiff's SAC and SAC II are Plaintiff's third and fourth attempts to state viable FMLA interference claims. After initially screening Plaintiff's original Complaint [DKT 1], the Court granted Plaintiff the option either to proceed **"only on the cognizable claim against Velocity for violation of the FMLA based on the termination of plaintiff's employment,"** or to file an amended complaint. [DKT 29.][2] The Court also dismissed Plaintiff's other purported FMLA interference claims, with leave to amend if he chose to file an amended complaint rather than proceed with the claim for termination-based FMLA interference. The other purported FMLA interference claims were based on the following alleged conduct: (1) Velocity allegedly failed to timely notify Plaintiff of his FMLA eligibility; and (2) Velocity allegedly disclosed Plaintiff's confidential medical information. [DKT 29.] The Court found that for every FMLA-based claim, save the one predicated on his termination, Plaintiff failed to state a cognizable claim because, *inter alia*, Plaintiff failed to allege any prejudice resulting from the FMLA interference. [DKT 29.]

Rather than file an amended complaint, Plaintiff elected to proceed on his only cognizable FMLA interference claim which was based on his alleged termination. He memorialized this decision by filing his Notice of Election on August 7, 2020. [DKT 30.] On August 12, 2020, this

---

[2] Judge Kimberly J. Mueller adopted Magistrate Judge Edmund F. Brennan's Order and Findings and Recommendations. [DKT 29, 49.]

1  Court accepted Plaintiff's election [DKT 31] and issued an Order Setting Status Conference [DKT
2  32].

### B. **Plaintiff Violated the Court's Order and the Court Again Dismissed Plaintiff's FMLA Claims Contained in his First Amended Complaint**

Notwithstanding his election to proceed only on his termination-based FMLA interference claim, and in clear disregard of this Court's order [DKT 29], Plaintiff subsequently filed a First Amended Complaint ("FAC"), alleging the FMLA interference claims that were previously dismissed (i.e., interference claims based on alleged failure to notify of FMLA rights and alleged disclosure of confidential information). [DKT 41.] The FAC also contained a slew of other unintelligible claims that vaguely referenced the FMLA. [DKT 41.] Velocity moved to dismiss the FAC, and in ruling on that motion Judge Mueller ruled that Plaintiff violated the Court's order by filing the FAC after he elected to proceed only with his sole surviving FMLA interference claim based on his termination. [DKT 29, 30, and 41.] The Court chose not to dismiss the entire case under Rule 41(b), but instead held Plaintiff to his original election to proceed **only** on his cognizable claim for violation of the FMLA based on the alleged termination of his employment, and reaffirmed the dismissal of all of his other FMLA interference claims. [DKT 98.]

The Court effectively found that Plaintiff asserted two different categories of FMLA interference claims – one based on his termination, and those that were not based on his termination, such as the claim that Velocity's alleged failure to timely notify Plaintiff of his FMLA rights and/or failed to timely approve FMLA. [DKT 98.] The effect of this Order was to dismiss all of the non-termination based FMLA interference claims with prejudice, including the claim based on failure to timely notify. *Id.* In dismissing the non-termination based claims, Judge Mueller adopted Judge Peterson's findings that Plaintiff's claims based on Velocity's alleged FMLA interference prior to February 20, 2018 must be dismissed with prejudice because Plaintiff alleged that he was not FMLA eligible until this date, and thus, there could be no interference with his FMLA rights prior to his FMLA eligibility. *Id.*

Judge Mueller also dismissed Plaintiff's single "remaining interference claim" based on his termination, with leave to amend. [DKT 98.] In dismissing the termination-based claim, Judge

1  Mueller found that this claim was not plausible because "[i]n an email Mr. Jones reproduced in his complaint, Velocity confirmed unambiguously that Mr. Jones had not been fired, that he remained an employee throughout his FMLA leave, and that he continued to receive medical, vision, dental, and other benefits as well." *Id.* Judge Mueller gave Plaintiff the opportunity to "clarify his allegations about his termination and his correspondence with Velocity such that an interference claim would be plausible." *Id.*

In dismissing the FAC, Judge Mueller specifically advised the following in her Order:

> The court has considered the prejudice Velocity may suffer if Mr. Jones continues to make vague, disorganized, inflammatory, and confusing allegations. That potential prejudice does not outstrip the liberal policy of amendment embodied in Federal Rule of Civil Procedure 15. The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a "short and plain statement" of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend. Nor does the court anticipate permitting any further amendments. [DKT 98.]

**C.   Plaintiff Filed a Second Amended Complaint Which Violated Judge Mueller's September 28, 2021 Order**

Judge Mueller's September 28, 2021 Order effectively prohibited Plaintiff from asserting FMLA interference claims other than his termination-based claim, and provided him the opportunity to allege additional facts in support of the termination-based claim. [DKT 98.] However, consistent with his history of disregarding this Court's orders, instead of amending his complaint to provide a "short and plain statement" of his claim that Velocity interfered with his FMLA rights by terminating his employment, Plaintiff filed a SAC on October 28, 2021 that asserted numerous FMLA interference claims that are not based on his termination, including claims which the Court previously dismissed with prejudice. [DKT 105.] For example, in addition to the termination-based FMLA claim, the SAC again alleges FMLA claims predicated on allegations that Velocity failed to timely notify Plaintiff of his FMLA rights prior to February 20, 2018 – a claim which this Court has already dismissed with prejudice. [DKT 98.]

////

////

### D. Plaintiff Filed Yet Another Second Amended Complaint Which Still Violated Judge Mueller's September 28, 2021 Order

On November 2, 2021, Plaintiff filed a pleading titled "Plaintiff [sic] Motion to Strike" [DKT 107], wherein he requested that the Court strike his SAC [DKT 105]. Attendant to this pleading, on November 2, 2021, Plaintiff filed yet another pleading titled Second Amended Complaint [DKT 108] (SAC II). SAC II is substantially similar to the SAC [DKT 105]. Like the SAC, SAC II also alleges various FMLA interference claims that are not based on his termination, including claims which the Court previously dismissed with prejudice.

### E. Plaintiff Has Filed Yet Another Lawsuit Against Velocity

On September 28, 2021, Plaintiff filed his third lawsuit against Velocity,[3] which is currently pending in this Court before Judge Mendez (*Garrison Jones v. Velocity Technology Solutions, et al.*, 2:21-cv-01772-JAM-JDP, hereinafter, "Jones III.") Plaintiff filed the Jones III lawsuit, making vague, disorganized, inflammatory and confusing allegations that Velocity impersonated him by filing false and fraudulent complaints with the U.S. Department of Labor. [Jones III DKT 1.] Plaintiff has made these same bizarre contentions in this instant lawsuit – first, in his Opposition to Velocity's Motion for Summary Judgment [DKT 88], and now, in his SAC [DKT 105 at 28, 34, 37] and SAC II [DKT 108 at 55]. Velocity filed a Motion to Dismiss the Complaint in Jones III because none of his claims provides for a private right of action. [Jones III DKT 6.] Velocity also asked the Jones III Court to dismiss Plaintiff's Complaint in that matter because allowing it proceed would enable Plaintiff to circumvent Judge Mueller's Order issued on September 28, 2021, by permitting Plaintiff to assert claims against Velocity that would likely be dismissed if asserted in this matter. [DKT 98.]

////
////
////
////

---

[3] Plaintiff previously filed his first lawsuit against Velocity in the United States District Court, Northern District of Illinois, captioned *Garrison Jones v. Velocity Technology Solutions, et al.*, Case No. 1:18-cv-03288. That case settled and was dismissed.

III. **LEGAL ARGUMENT**

    A. **This Action Should be Dismissed Pursuant Federal Rule of Civil Procedure 41(b) for Plaintiff's Continued Failure to Abide by the Orders of this Court and the Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss any action or claim against it where the plaintiff fails to comply with the federal rules or a court order. FRCP 41(b). Judge Mueller emphasized Rule 41(b) in her September 28, 2021 Order: "The court cautions Mr. Jones, however, that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a 'short and plain statement' of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend. Nor does the court anticipate permitting any further amendments."[4] [DKT 98.]

Courts have confirmed that Rule 41(b) provides the discretion to dismiss any action because of a party's failure "to comply with any order of the court…" *Yourish v. California Amplifier,* 191 F.3d 983, 986-987 (9th Cir. 1999) (holding that plaintiff's failure to amend complaint following Rule 12(b) motion to dismiss within time permitted by court order was grounds for dismissal).

Plaintiff has previously failed to comply with this Court's orders in this case. As the Court previously ruled, "Mr. Jones violated the Magistrate Judge's order to choose whether he would amend his original complaint or proceed with his FMLA interference claim: he first elected to proceed on the interference claim, but he later also amended his complaint to reassert several other claims." [DKT 98.]

Both Plaintiff's SAC and SAC II again violate this Court's orders. Judge Mueller's September 28, 2021 Order dismissed all of Plaintiff's FMLA interference claims with prejudice, except for his single surviving claim based on his termination, which was dismissed with leave to amend. [DKT 98.] Plaintiff's SAC and SAC II clearly violate the Court's Order because in addition to asserting the termination-based FMLA interference claim that the Court permitted Plaintiff to

---

[4] Local Rule 110 of the Eastern District of California parrots Rule 41(b), and the Court emphasized this message in its July 31, 2020 [DKT 29] and August 12, 2020 Orders. [DKT 32.] ("Failing to obey federal or local rules, or any order of this court 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court,' including dismissal of this action. L.R. 110. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with all procedural rules.").

1  clarify, both pleadings again assert a slew of purported FMLA interference claims based on alleged conduct other than his alleged termination – claims which the Court effectively precluded Plaintiff from reasserting. [DKT 98.]

Plaintiff also violated the Court's order that any amended pleading must contain a "short and plain statement" of Plaintiff's claims. Rather, much like Plaintiff's previous complaints, the SAC and SAC II are 88 and 89 pages (including exhibits), respectively, of "vague, disorganized, inflammatory, and confusing allegations."  Both pleadings include incomplete and/or incoherent sentences and do not connect the factual allegations to the causes of action alleged.  Both pleadings include numerous documents offered as "evidence" of Plaintiff's allegations.  They are interspersed in the pleadings and on at least two occasions, duplicated.  Plaintiff does not explain how the documents support his alleged claims or why they are relevant at all.  And the factual allegations are conclusory.  Such pleadings do not comply with the Court's Order [DKT 98], nor with the federal pleading standards enumerated by Federal Rule of Civil Procedure 8.  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding dismissal with prejudice where complaint was "verbose, confusing, and almost entirely conclusory.")

In deciding whether to dismiss this case under Rule 41(b), the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-1261 (9th Cir. 1992).  All five factors weigh in favor of dismissal. This litigation is approaching two years old, and has not moved past the pleadings stage.  Plaintiff's continued abuse of the rules and orders governing this case will only further delay its resolution. This unnecessary delay impairs the court's ability to manage its docket and prejudices Velocity, which is continually required to review and assess whether it must respond to baseless allegations and improper papers Plaintiff has been filing on every whim.[5]

---

[5] The docket reflects that Plaintiff has filed more than 50 documents in this case, which is still at the pleadings stage. These filings include six different oppositions [DKT 10, 13, 15, 20, 22, 23] to Velocity's initial motion to dismiss [DKT 5], a notice that a named defendant "intentionally" moved out of state [DKT 28], a "motion to compel FMLA claim" [DKT 42], a "notice of no response" [DKT 46], a "notice of intent to respond' [DKT 47], a "notice to court of fabrication of evidence" [DKT 64], a "statement re additional FMLA fraud" [DKT65], two notices regarding "police report

The Court correctly noted that Velocity will be likely to continue to suffer prejudice if "Mr. Jones continues to make vague, disorganized, inflammatory, and confusing allegations." [DKT 98.] This is exactly the case now. Dismissal is appropriate under Rule 41(b) because this Court has already issued less drastic sanctions to Plaintiff, including the dismissal of his original Complaint without prejudice, and the dismissal of his FAC with prejudice (save his termination-based FMLA claim). The Court has repeatedly provided clear directions to Plaintiff about complying with its orders. [See, DKT 29, 32, 98.] Finally, the public policy favoring disposition of the case on its merits weighs in favor of dismissal because, as discussed below, the improper SAC does not even state a viable claim for relief. Rather, it presents documentary evidence and alleges facts that undercut and defeat the only cognizable claim still surviving under the FMLA. Accordingly, this action should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 41(b).

    **B.**    **If the Court Declines to Dismiss this Action Under Federal Rule of Civil Procedure 41(b), Plaintiff's Second Amended Complaint Must be Dismissed Because it Fails to Allege Sufficient Facts to Support a Claim for Relief Under the FMLA**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint while assuming the facts alleged therein are true. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Francis v Giacomelli*, 588 F.3 186, 192 (4th Cir. 2009). To survive such a challenge, the complaint must contain sufficient factual information that, accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2)*; *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

    **1.**    **Elements of an FMLA Interference Claim**

To state an FMLA interference claim, a plaintiff must allege that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied

---

harassment stalking" [ DKT 66, 67], a statement "re defendants' false claims of FMLA eligibility" [DKT 68], and a "notice re discovery of specific conspiracy to commit fraud" [DKT 72].

him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Plaintiff must also allege that Velocity's alleged conduct somehow interfered with, or deterred him from, exercising his rights under the FMLA. *See* 29 U.S.C. § 2615(a)(1) (making it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right under the FMLA). Plaintiff must also allege prejudice as a result of Velocity's alleged FMLA interference. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (an employee must establish "that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights. Even then, § 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief, including employment, reinstatement, and promotion.") (citations omitted).

### 2. Plaintiff's FMLA Interference Claim Based on His Termination Fails to State a Claim

The Court effectively dismissed of all of Plaintiff's FMLA interference claims, with prejudice, except for the single remaining termination-based FMLA interference claim, which was dismissed with leave to amend. [DKT 98.] The Court ruled that Plaintiff's termination-based FMLA interference claim was "not plausible" because "[i]n an email Mr. Jones reproduced in his complaint, Velocity confirmed unambiguously that Mr. Jones had not been fired, that he had remained an employee throughout his FMLA leave, and that he continued to receive medical, vision, dental, and other benefits as well." *Id.* The Court appeared to provide leave to amend regarding this claim in order to allow Plaintiff to clarify his allegations, notwithstanding the "unambiguous" evidence demonstrating that Plaintiff was not in fact terminated.

Plaintiff's SAC and SAC II are Plaintiff's third and fourth bites at the apple to state a viable claim for FMLA interference based on his alleged termination. However, like Plaintiff's original Complaint and FAC, both the SAC and SAC II fail to allege facts sufficient to make his termination-based claim "plausible." The Court indicated that it provided Plaintiff leave to amend regarding the

1  termination-based claim, in part, because "it was unclear what the administrative law judge or the
2  Arizona administrative agency found and why." [DKT 98.]  Plaintiff's SAC and SAC II contain no
3  additional facts regarding these allegations and Plaintiff has failed to clarify what the Arizona
4  administrative agency's findings were and the reasons for those findings. Therefore, Plaintiff's
5  termination-based claim fails to state a claim.

6  Additionally, the SAC and SAC II contain allegations that Plaintiff was not actually
7  terminated.  In both the SAC and SAC II, although Plaintiff still alleges that Velocity terminated his
8  employment on or around March 15, 2018, Plaintiff also alleges that Velocity agreed to extend his
9  leave on May 9, 2018, thus alleging that Plaintiff understood he was still employed by Velocity after
10 March 15, 2018.  [DKT 105 at 5; DKT 108 at 3.]  Plaintiff also alleges that Velocity interfered with
11 his FMLA rights when an attorney for Velocity contacted him on May 4, 2021, while he was on
12 "approved FMLA medical leave." [DKT 108 at 43-44.]  Because Plaintiff alleges he was on leave
13 as of May 4, 2018 and that Velocity extended his leave on May 9, 2018, he necessarily alleges he
14 was employed by Velocity at these times, and he cannot plausibly plead that he was terminated on
15 March 15, 2018.

16 Plaintiff also attaches documents to the SAC and SAC II  that "unambiguously" reflect that
17 Plaintiff was not in fact terminated.[6]  For example, Plaintiff relies on Exhibit 8 ("AZDES – contact
18 log May 4"), which states "CLMT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE
19 TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTY EMPLOYED
20 WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON
21 5-15-18…. CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING
22 TO DUE [sic] SO…." [DKT 105 at 20, 61; DKT 108 at 38-39.]  Although Plaintiff alleges he was
23 terminated in March 2018, the Court need not assume an allegation is true if it contradicts a document
24 attached to the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

25 Therefore, Plaintiff's SAC and SAC II allege that Plaintiff was not terminated, contain no
26 additional facts that would make his termination-based claim "plausible," and attach documents that
27
28 
---
[6] As the Court previously found, documents attached to the FAC "unambiguously" confirmed that Plaintiff was not in fact terminated. [DKT. 98.]

contradict his allegation that he was terminated.  This claim must be dismissed without further leave to amend.

Not only does Plaintiff attach evidence to the SAC and SAC II that he was not terminated, Plaintiff also fails to allege that his employment was terminated ***because*** he took FMLA leave; rather, Plaintiff simply alleges that Velocity "terminated Plaintiff while on approved FMLA medical leave." [DKT 105 at 17; DKT 108 at 30.]  Termination alone, without a causal connection to the FMLA leave, is insufficient to state a claim for FMLA interference.  *See Biba v. Wells Fargo & Co.*, No. C 09-3249 MEJ, 2010 WL 4942559, at *17 (N.D. Cal. Nov. 10, 2010) [in order to succeed on an FMLA interference claim, a plaintiff must prove a "causal connection between the FMLA right and the employment decision"] (citations omitted); *Rudy v. Walter Coke, Inc.*, 613 F. App'x 828, 830 (11th Cir. 2015) ["…for an employer to be held liable for FMLA interference, the request for leave must have been the proximate cause of the termination."]

### 3.    All of Plaintiff's Non-Termination Based FMLA Interference Claims Also Fail

The Court noted that Plaintiff's pleadings contain "vague, disorganized, inflammatory, and confusing allegations."  [DKT 98.]  The SAC and SAC II are no different.  Notwithstanding that the Court previously effectively dismissed all of Plaintiff's remaining FMLA interference claims with prejudice (save the claim based on his alleged termination), Plaintiff's SAC and SAC II contain additional FMLA interference claims that are based on conduct other than his alleged termination. While Plaintiff's allegations are confusing, scattershot, and unintelligible at times, it appears that Plaintiff alleges additional FMLA interference claims based on the following alleged conduct: (1) Velocity allegedly failed to timely and/or properly notify Plaintiff of his FMLA eligibility; (2) Velocity allegedly disclosed Plaintiff's confidential medical information; (3) Plaintiff's FMLA paperwork contained allegedly inaccurate information; (4) Velocity asked Plaintiff to pay his portion of medical benefit premiums that had previously been deducted from his paychecks; (5) Velocity asked Plaintiff to provide supporting documentation and/or information related to a complaint he made to Human Resources; (6) Velocity contacted AZDES regarding Plaintiff; (7) Velocity extended Plaintiff's leave in May 2018; and (8) Velocity filed a "false and fabricated FMLA complaint" with

the U.S. Department of Labor (Plaintiff also asserts identical bizarre allegations in Jones III [Jones III DKT 1]).

All of Plaintiff's purported non-termination based FMLA interference claims fail.  First, as explained in detail above, the Court effectively dismissed all of Plaintiff's FMLA interference claims that were not based on his termination, with prejudice.  [DKT 98.]  The Court specifically ruled that Plaintiff's FMLA claim based on an alleged failure to timely notify was dismissed with prejudice and that there could be no interference prior to February 20, 2018. [DKT 98.]  As such, Plaintiff is precluded from asserting any FMLA interference claims based on conduct other than his alleged termination.  All of the above described purported FMLA claims are based on conduct other than his termination, and therefore, must again be dismissed with prejudice.

Second, all of Plaintiff's FMLA interference claims based on conduct besides his termination fail because Plaintiff failed to allege any resulting prejudice from the alleged interference – a necessary element of his claims.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).  Indeed, Plaintiff cannot establish the requisite prejudice, because Plaintiff alleges that Velocity approved his FMLA leave.  Plaintiff specifically alleges that he was granted and took FMLA leave from February 20, 2018 to May 15, 2018. [DKT 105 at 4; DKT 108 at 4-5.]  Because Plaintiff alleges he was on an approved FMLA leave from February 20, 2018 to May 15, 2018, there was no interference with his FMLA rights.  Stated another way, it is not plausible that Velocity interfered with Plaintiff's FMLA leave because he alleges he was granted, and took 12 weeks of FMLA leave.  Plaintiff also specifically alleged in his SAC that he did not lose any "wages, salary, or benefits" as a result of the alleged FMLA interference.[7]  [DKT 105 at 37.]  As such, even if Velocity engaged in the above vaguely described conduct (which it denies), none of the conduct interfered with Plaintiff's FMLA leave and/or rights, he alleges he suffered no damages, and therefore, he suffered no prejudice.

---

[7] Plaintiff also references that he allegedly suffered damages related to his stroke [DKT 105 at 37]; however, such damages are not recoverable for claims brought under the FMLA.  *See Farrell v. Tri-Cty. Metro. Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008) (recoverable damages under an FMLA claim are limited to "*actual monetary losses* of the employee such as salary and benefits and certain liquidated damages.") (citations omitted) (emphasis in original).

## IV. CONCLUSION

For all of the reasons asserted above, this Court should dismiss this action in its entirety. Plaintiff has repeatedly failed to comply with the rules and orders governing this case. His filing of the SAC and SAC II does not comply with the Court's previous order and the rules governing this case, and in any event does not assert any viable claims for relief.

DATED: November 12, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:  */s/ Anthony J. DeCristoforo*
     Anthony J. DeCristoforo
     Paul M. Smith

     Attorneys for Defendant VELOCITY TECHNOLOGY SOLUTIONS, INC.