1   ANTHONY J. DECRISTOFORO SBN 166171
anthony.decristoforo@ogletree.com
2   PAUL M. SMITH SBN 306644
paul.smith@ogletree.com
3   OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4   500 Capitol Mall, Suite 2500
Sacramento, CA  95814
5   Telephone:    916-840-3150
Facsimile:     916-840-3159
6
Attorneys for Defendant VELOCITY
7   TECHNOLOGY SOLUTIONS, INC.

8

### UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   GARRISON JONES | Case No. 2:19-cv-02374-KJM-JDP |
| 12           Plaintiff, | **DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FRCP 41(B) AND 12(B)(6)** |
| 13       v. | |
| 14   VELOCITY TECHNOLOGY SOLUTIONS, INC., et al. | Date:          Vacated by Court |
| 15           Defendants. | Complaint Filed:  November 25, 2019 |
| 16 | Trial Date:        None Set |
| 17 | Magistrate Judge: Hon. Jeremy D. Peterson<br>District Judge:    Hon. Kimberly J. Mueller |
| 18 | |
| 19 | |

20       Defendant Velocity Technology Solutions, Inc. ("Velocity") filed a Motion to Dismiss [DKT

21   109] the Second Amended Complaint ("SAC") [DKT 105] and/or the "Revised" Second Amended

22   Complaint ("SAC II") [DKT 108] of Plaintiff Garrison Jones ("Plaintiff") on November 12, 2021.

23   In its motion, Velocity seeks dismissal of the SAC and SAC II pursuant to Federal Rule of Civil

24   Procedure ("FRCP") 41(b) because of Plaintiff's continued disregard of the Federal Rules of Civil

25   Procedure, the Local Rules of the United States District Court for the Eastern District of California

26   (the "Local Rules of Court"), and the orders of this Court. [See DKT 105.] In the alternative,

27   Velocity's motion requests dismissal of the SAC and SAC II because the SAC and SAC II fail to

28   state a claim for relief pursuant to FRCP 12(b)(6).

1    Velocity's motion is its third motion [1][2] attacking the pleadings.[3] Even on Plaintiff's fourth

2   and fifth attempts, he cannot present even one valid claim to this Court.[4]  Rather, Plaintiff continues

3   his two-plus year pattern of slinging "vague, disorganized, inflammatory, and confusing allegations"

4   at Velocity in hopes that this Court will find a viable claim in his pleadings.

5    In spite of several warnings by this Court to comply with the applicable rules, Plaintiff did

6   not file a timely opposition brief to Velocity's motion, which prompted this Court to issue an Order

7   to Show Cause ("OSC") as to why this matter should not be dismissed for failure to prosecute

8   Plaintiff's claims. [DKT 110.] When Plaintiff belatedly responded to Velocity's motion, he did not

9   explain his failure to timely file the Opposition, and therefore ignored the Court's directives

10   concerning the OSC. [See DKT 111.]

11    Predictably, Plaintiff's Opposition Brief [DKT 111] ignores the Federal Rules of Civil

12   Procedure, the Local Rules of Court, and the orders of this Court. The Opposition Brief hurls more

13   "vague, disorganized, inflammatory, and confusing allegations" and reasserts claims this court has

14   dismissed with prejudice or without leave to amend. The Opposition Brief does not address

15   Velocity's arguments for dismissal, including that the SAC and SAC II do not comply with the

16   Federal Rules of Civil Procedure, the Local Rules of Court, or the orders of this Court. And the

17   Opposition Brief does not explain why it should not be dismissed under FRCP 12(b)(6) for failing

18   to state a claim for relief. For these reasons, the Court should grant Velocity's motion to dismiss,

19   with prejudice. Failure to do so will result in further substantial prejudice to Velocity, which has

20   already responded to or filed eight separate motions in the pleading stage of this case, and has been

21   forced to review and decipher Plaintiff's "vague, disorganized, inflammatory, and confusing"

22   allegations in more than 50 other pleadings.

23

24

[1] Velocity's Motion to Dismiss Complaint [DKT 5] and the Court's First Order granting in part and denying in part

25   Velocity's Motion to Dismiss [DKT 29].

[2] Velocity's Second Motion to Dismiss Plaintiff's Complaint or First Amended Complaint [DKT 43] and this Court's

26   Second Order granting in part and denying in part Velocity's Motion to Dismiss [DKT 98].

[3] Velocity also previously filed a Motion for Summary Judgment [DKT 83] while awaiting a ruling on its second

27   motion to dismiss [DKT 43]. The Motion for Summary Judgment was mooted by this Court's order on Velocity's

28   second motion to dismiss [DKT 98].

[4] See, DKT 1, DKT 30, DKT 41, DKT 105, DKT 108.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## I. PLAINTIFF'S SAC AND SAC II IGNORE THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF THIS COURT, AND THIS COURT'S REPEATED WARNINGS TO COMPLY WITH ITS ORDERS.

FRCP 41(b) provides that any defendant may move to dismiss an action or claim if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any court order. In permitting one final amendment to Plaintiff's complaint, Judge Mueller emphasized the import of Rule 41(b) and cautioned that future pleadings would be subject to dismissal "if [they] do not contain a 'short and plain statement' of [Plaintiff's] claims" or reassert "claims this court has dismissed with prejudice or without leave to amend." [DKT 98.]

The SAC and SAC II each consist of more than 80 pages (including exhibits) of "vague, disorganized, inflammatory, and confusing allegations." The SAC and SAC II are substantially similar to Plaintiff's Complaint and the First Amended Complaint ("FAC") insofar as Plaintiff reasserts numerous FMLA Interference claims unrelated to his termination, as this Court has warned he shall not do. Moreover, the SAC and SAC II fail to provide additional facts from which "an interference claim would be plausible." Accordingly, the SAC and SAC II fail to comply with FRCP 8(a)'s requirement to make a "short and plain statement" of the claims at issue, ignore this Court's most recent (and other) orders concerning previously dismissed claims, and fail to state a claim for relief.

## II. PLAINTIFF'S OPPOSITION BRIEF DOES NOT ADDRESS VELOCITY'S ARGUMENTS FOR DISMISSAL.

Velocity's Motion argues for dismissal pursuant to FRCP 41(b) and FRCP 12(b)(6) for failing to comply with the Federal Rules of Civil Procedure and the orders of this Court, and for failing to state a claim for relief, respectively. Plaintiff's Opposition Brief addresses neither.

Plaintiff's Opposition Brief continues an unrelenting personal attack on Velocity's management and its outside counsel. The brief argues that Velocity and its attorneys interfered with Plaintiff's rights under the FMLA, including through acts taken years after his separation of employment and through statements made to this Court. [See DKT 112] The brief directly challenges this Court's authority to "manage its docket effectively," arguing that "[t[he court must provide the plaintiff with the opportunity to reassert additional, unselected claims that present issues of liability

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

2e8eebd11bf70fbd

1    or damages because there is more sufficient evidence to prove and show that the termination of

2    plaintiff is not the only provable cognizant violation of his rights under the FMLA." *Id.* at p. 5. These

3    statements do not address Velocity's challenge to the SAC and SAC II for failing to make "a short

4    and plain statement" of Plaintiff's claims or justify Plaintiff's disregard of this Court's order to

5    withdraw claims that have been "previously dismissed with prejudice or without leave to amend."

6           Because Plaintiff does not address Velocity's arguments for dismissal, the Opposition Brief

7    is akin to filing no opposition at all. Velocity's motion should be granted.

8    **III.     PLAINTIFF'S OPPOSITION BRIEF DOES NOT ADDRESS THE COURT'S ORDER
        TO SHOW CAUSE.**

9

10          On December 9, 2021, this Court issued an Order to Show Cause Why This Case Should Not

11   Be Dismissed for Failure to Prosecute. [DKT 110.] This Court noted that Velocity filed a motion to

12   dismiss the SAC and SAC II, and that Plaintiff did not respond within the deadline to do so. The

13   Court granted Plaintiff the opportunity "to explain why the court should not dismiss the case for

14   plaintiff's failure to prosecute" and emphasized that "Plaintiff's failure to respond to this order will

15   constitute a failure to comply with a court order and will result in a dismissal of this case." *Id*. Plaintiff

16   did not comply with this order.

17          Although Plaintiff filed the Opposition Brief within 30 days of the Court's OSC, the brief

18   does not address the reasons for Plaintiff's late response. It offers no explanation for Plaintiff's failure

19   to timely file his opposition or show any cause why the case should not be dismissed for Plaintiff's

20   disregard for the rules. Rather, the Opposition Brief simply challenges the inherent powers of the

21   Court to "manage its docket effectively." Plaintiff's Opposition Brief is not a response to the OSC

22   and is therefore yet another "failure to comply with a court order" which, as this Court cautioned,

23   shall "result in dismissal of this case."

24   **IV.     CONCLUSION**

25          Plaintiff's SAC and SAC II should be dismissed with prejudice and this litigation should

26   finally end. Plaintiff continues to ignore the Federal Rules of Civil Procedure, the Local Rules of

27   Court, and the orders of this Court.  The Opposition Brief does not address the deficiencies in his

28   pleadings. The Opposition Brief dismisses the Court's power to manage its docket and enforce the

1   governing rules of court, and flings further "vague, disorganized, inflammatory, and confusing"

2   allegations at Velocity. The Court cautioned Plaintiff that doing so would result in the dismissal of

3   his case and we have reached that end. Accordingly, this Court should dismiss Plaintiff' SAC and

4   SAC II with prejudice.

5

6   DATED:  January 18, 2022                    OGLETREE, DEAKINS, NASH,
                                                SMOAK & STEWART, P.C.
7

8
                                                By:  /s/ *Paul M. Smith*
9                                                    Anthony J. DeCristoforo
                                                     Paul M. Smith
10
                                                Attorneys for Defendant VELOCITY TECHNOLOGY
11                                              SOLUTIONS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

**CERTFICATE OF SERVICE**
**Jones v. Velocity Technology Solutions**
**US District Court, Eastern District Case No.: 2:19-cv-02374-KJM-EFB**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made.  My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814.

On January 18, 2022, I served the following document(s) on the attached service list:

**DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

With the Clerk of the United States District Court of Eastern District of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Garrison Jones                                        *Plaintiff*
P.O. Box 188911
Sacramento, CA 95818

☒       **BY MAIL:**  I placed the envelope for collection and mailing, following our business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐       **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Sacramento, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐       **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the above addressee(s).

☐       **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the above service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

1                                    Case No. 2:19-cv-02374-KJM-EFB

1     Executed on January 18, 2022, at Sacramento, California.

2

3          Deborah J. Weidle

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28