

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

FILED

JAN 2 0 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# U.S. DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

**Plaintiff,**

**V.**

**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**
**Defendants.**

**Case  2:19-cv-02374 KJM-JDP**

**JURY TRIAL DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

## Plaintiff Response order to show cause

## Introduction

First and foremost the court should deny and dismiss defendants motion as their counsel from Ogltree Deakins in this motion in open view of this court again has violated his other as an officer of the court by tampering with evidence submitted in this proceeding by knowingly tampering, alerting evidence by replacing Velocity HR director, Shauna Coleman with the plaintiff claiming he was the person that contacted AZDES on May 4, 2018 and made the statements included in his motion.

The delay in his response was directly connected to a series of events.

1 Thru contact tracing plaintiff and three members of his family tested positive for Covid and all four were under quarantine.

2. In a kitchen accident over the holidays plaintiff suffered 2nd degree burns to his right hand.

3. Plaintiff was wait for responses from multiple agencies and organizations that he in fact was not receiving medical benefits as Velocity lied about in May 2018.

4. Plaintiff and his family were forced to move his residency for security reason as his physical address had been compromised by Velocity and Ogltree Deakins where they located the address of the P.O. Box sent a sheet of cardboard in a bright yellow envelop, staked it out waiting for plaintiff to pick it up but instead a family member did and they were followed on two separate occasions.  Thus the return mail in docket.

Separate pleading with the specific details.

The plaintiff and his family is enrolled in domestic violence program for stalking by defendants to locate his whereabouts so they can murder him and his family.

It was agreed that they already may know of his actual residence and for security puppies he and his family was moved to a more secure location /building.

They targeted his PO Box since they did not have his phone or actual address and put him and his family in danger.

He is preying on this court knowing that the docket is long and preying on the workload of the court and they would not bother to go back verify any of his false claims or catch any of the items in his motion he has fabricated, tampered with and altered to make them all appear to be connected to termination and not to the false claim being made by Velocity.

Defense counsel goes thru this perjurous path where he repeatedly tries to create the image stating on May 4, plaintiff did not allege this and or plaintiff did not alleged that and plaintiff did not alleged on May 4, 2018 he was not terminated.

He also points the court attention to document 105 and 108 where he claims this evidence is at but does not exist.

The truth of the matter is the plaintiff did not make or allege any of these statements because **plaintiff did not contact AZDES on May 4, 2018** it was Velocity HR Director, Shauna Coleman

Plaintiff had no idea or knowledge Velocity contacted AZXDES on May 4, 2018nnor any knowledge of y all of these false statements, claims and false allegations made against him, until over a year later July 2019.

Upon uncovering all of them he immediately appealed and had all including this negative adjudications made against him by Velocity reversed and overturned.

In addition, at the same time, instead of copying the exhibit by plaintiff in Documents 105 and 108 he adds and intentionally omits wording from the original exhibit and replaced it with wording that makes it appear plaintiff was the one making the statement and "refusing to return to work when that statement was made by the AZDES deputy who took the call as it **clearly states "deputy notes"**

**Here is statement in his motion**

- 3 -

16   Plaintiff also attaches documents to the SAC and SAC II that "unambiguously" reflect that

17   Plaintiff was not in fact terminated.[6]  For example, Plaintiff relies on Exhibit 8 ("AZDES – contact

18   log May 4"), which states "CLMT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE

19   TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTY EMPLOYED

20   WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON

21   5-15-18…. CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING

22   TO DUE [sic] SO…." [DKT 105 at 20, 61; DKT 108 at 38-39.]  Although Plaintiff alleges he was

**However, here is statement directly from the evidence/exhibit from AZDES**

### General Adjudication

**UB-098**      Claimant SSN: ▆▆▆▆▆▆▆

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

DEPUTY NOTE: DUE TO THE INFORMATION PRESENTED BY BOTH ER AND CLMT AND NOT BEING ABLE TO REBUTTLE WITH ER DUE TO CLMT REQ IT SEEMS CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING TO DUE SO BECAUSE HE FEELS HE HAS BEEN DISCHARGED AS OF 3/15/18. WILL USE START DATE AS 3/15/18 SICE THAT IS THE ASSUMED SEPERATION DATE

IF APPLICABLE SEE SECOND UB-098 FOR ADDITIONAL INFORMATION FROM ER AND OR CLMT.

Counsel intentionally leaves off and omits **"Deputy Note"** and the "it seems claimant has a job to return to.

This statement was what Velocity HR Director Shauna Coleman wanted the deputy to think.

Additionally this contact and call was not in any way related to termination, it was the intent of Velocity to put as many false obstacles in his path of getting legally deserved unemployment benefits after he was terminated while on FMLA medical leave.

In addition, Velocity sent the confidential FMLA medical records that were to be kept in a separate file to AZEES to prove he was on approved FMLA leave and physically unable to work.

They also sent the same FMLA documents a second time in September 2019 over a year later, 5 days before the appeal hearing.

This proves they had been given fair notice of date/time of appeal hearing but they had no intention of attending.

The court does not need to be reminded that Velocity and Ogltree lost the appeal and failed to attend the hearing despite getting fair notice of the date/time of the hearing.

The issue of the hearing and what Velocity was **claiming was the ability of plaintiff to work, the same as the negative adjudication of May 4, 2018.**

**General Adjudication**

UB-098          Claimant SSN: ~~XXX XX XXX8~~ 0

Issue: Able

Base Period Separation: No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

Reasoning and Conclusion:
SEE UB 100

Additional Text:

In addition he has tampered with this evidence when the adjudication made by the deputy was "unable to work" He then tampered/changed the determination to one that he includes in his motion as an FMLA termination adjudication, when the exhibit by plaintiff as well as the appeal he filed, was reversed/overturned by the Arizona Court of Appeals where it reversed the deputy decision and based on the evidence presented by plaintiff at that hearing that he was physically able to work because he presented documentation from his physician that clearly cleared him to turn to work on March 22, 2018.

**Arizona Department of
Economic Security**



**Office Of Appeals**

1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056

GARRISON JONES
I~~~~
F~~~~
SACRAMENTO, CA ~~~~



Arizona Appeal No. U-1639659-001        Date of Mailing:        10/23/2019

Social Security No. ~~~~

## DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT

### ISSUE:

Was the claimant able to work beginning 4/8/2018?

### DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through 5/19/2018.

Again,

The focus of this court does not need to be on  dismissal of the complaint and the plaintiff, but on the defendants where it has been repeatedly  discovered that both the defendant and their outside as part of their complicit conspiracy  to continuously cover-up the termination of plaintiff while on approved FMLA medical leave that still exist today in additional to the documented fraud, intentional misrepresentation of facts, perjury and fraud upon this court in additional to the criminal fraud they both have participated in against  United States government.

The plaintiff has already must alleged enough by way of factual content and exhibits from undisputable sources including the federal government of the United States, to "push his claims **past and "across the line from conceivable to plausible"**.
He has surpassed and exceeded the standard that requires any plaintiff to include more facts in her complaint than were necessary.

Meanwhile over the past 5 years the defendants and their attorneys have produced nothing but forged documents, unsupported misleading statements and lies.

They have not submitted a single document to show plaintiff had not been terminated, nor have they produced a single offer of evidence that he was receiving benefits of any kind after they made the false unsupported claim he was.

They only did this to deceive any person reading their claim to by deceit that he was receiving health benefits.  However, the evidence says other wise and they have not submitted anything to counter it.

The plaintiff has presented /submitted exhibits and evidence /materials appears that are not mere plaintiff's elaborations factual allegations and counter claims of statements and forged document by the defendants and their attorneys, but they are also

"consistent with the pleadings. As proof the defendants did commit and responsible for the damages as alleged in the complaint.

Meanwhile they have never presented or offered any such counter claim or evidence to counter any allegation.

Instead they attempt to discredit its meaning and transform into something in their favor or claim it does not mean what it says.

They have been unsuccessful each and every time to convince any jurisdiction. The have failed because they are lying.
" *Heng v. Heavner, Beyers & Mihlar, LLC, 849 F.3d 348, 354 (7th Cir. 2017) (quoting Geinosky, 675 F.3d at 745 n.1).*
The fact plaintiff had to go "granular" and go back and look for communication, emails, etc. from over 5 years ago shows his diligence to prove facts.

Yet the court puts him back at square one for the fourth time as the court claiming it will not use any of the prior decisions and rulings and for the fourth time force plaintiff to prove he was terminated.

The court did not have  the authority to do so and at the same time over-exceeded its authority in claiming de novo review of prior litigations and decisions which by the way were all in favor of plaintiff.

None of the evidence/exhibits from plaintiff are not elaborations

The court again ignored the **res judicata and collateral estoppel** and made a determination and ruling that plaintiff was not terminated, is not only unjust by prejudicial to the highest power after over 4 years where **all these decisions were are all final judgements, ruled in favor of plaintiff.**

The court basically threw them out as if it the district Court with the authority to change the landscape and "start the process over and as if they were an appeal court.

This is on its own merit grounds for appeal.

In fact the court did not "start from the beginning" they started from a dismissed complaint and skipped over all the facts as well as all the violations of FMLA rights and interferences by the defendants and their attorneys.

The fact remains that the defendants did not file an appeal to the Maricopa County Court after they lost the last appeal which is the proper court who has jurisdiction over the administrative appeal process and decisions.

They are the ones who did not exhaust the proper administrative appeal process in the proper succession.

The exhaustion of administrative remedies is a prerequisite for filing a federal lawsuit and if the plaintiff had not done this the court would have used it to dismiss the federal case.

The court opens the door again and forces plaintiff to re-litigate these decisions again for the fourth time.

By doing so allowed plaintiff to once again review all communications that resulted in the discovery of a chain of emails related to his receipt of Cobra documents he received that were automatically sent from Velocity ADP system after he was terminated by Velocity.

This explains and connects his termination and the fact that even though he was terminated, ADP system lacked "referential integrity" and left orphan task in

subsystems including the ADP Workforce position module which is included in the email he received from Velocity Senior Director Susan Haltopp on March 15, 2018 that the court now claims is part of the contradiction.

From: Susan Holtapp <susan.holtapp@velocitycloud.com>
Sent: Thursday, March 15, 2018 8:08:38 AM
To: Chance Veasey <chance.veasey@velocitycloud.com>
Cc: Garrison Jones <garrison.jones@velocitycloud.com>
Subject: Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m 612.802.6914|
eMail susan.holtapp@velocitycloud.com |Website velocitycloud.com

In that email she clearly acknowledges it as an **"open task"** that had not been completed from the termination task performed by Velocity HR where the plaintiff/employee had been terminated in the ADP system.

It is not "questioning his termination but recapping a prior conversation about his termination and was looking for direction to make sure that there are no **other "open task to be performed by his Manager and the director.**

It again is no way asking the question "whether he is still employed as claimed by Ogltree Deakins attorneys.

**His termination is a forging conclusion as it had already occurred before he received this email**. The termination action was completed by Velocity HR,

- 11 -

communicated to senior, executive management where both Senior Vice President Chance Veasay was a member.

The fact that the termination had already occurred, it coincides with the posting of his positon on Indeed .com on February 24, 2018 then deleted by Velocity after plaintiff sent this email message

From: garrison jones <garrison.jones1724@outlook.com>
To: Shauna Coleman <shauna.coleman@velocitycloud.com>, Chris Heller <chris.heller@velocitycloud.com>
Date: Saturday, February 24, 2018, 1:02 PM -0700
Subject: why is my position being advertised - FMLA ???

Apparently Velocity has decided to move on and hopefully you folks have decided to settle these issues and allow me to move on

What is my status as last message from Shauna said I was on FMLA until

May 2018.  Please advise asap. I trust a settlement is going to be processed soon

And it coincides with his position being posted on the internal website sent to plaintiff by another Velocity employee after they were told plaintiff was no longer with organization by Velocity management.  Yet velocity continues to cover it up to plaintiff.

It also coincides with a call from a recruiter after February 25, 2018 plaintiff has dealt with for years prior to his employment at Velocity who did not know he had actually worked for Velocity.  He was simply recruiting to fill a Lawson Procurement position not knowing the fact he was recruiting for his old position.

This was testified to at the appeal hearing on June 22, 2018 because it was the truth.

- 12 -

It is even recorded in the decision in his favor made the same day along with multiple undisputed facts. **If Velocity and Ogltree Deakins attorneys were not cowards** and intentional failed to attend the hearing they would know this first hand, instead the failed to attend even though they had received proper notice and had every opportunity to attend.

Again, who pays a law firm for 2 attorneys $500.00 per hour each to create a legal defense strategy  after being hired to defend them , at the time of litigation convince them that the attorneys assigned to their case will not show up at the hearing and also then convince them not to show up as well.

## Infor S3 Professional Services Lead - Procurement

Velocity Technology Solutions, Inc. - Remote
**Description**
Apply your expertise to Customers in healthcare and service sectors to help them transform their Supply Chain/Procurement operations using the latest products from Infor. Become intimately involved with driving solutions for complex business problems and allowing Velocity Customers to become better providers to their clients. With your knowledge of Infor's S3 product and of best practices in supply chain operations, you will lead the solution design, build, and testing for large scale projects in the U.S. Many times, these projects will be a full scale implementation of Infor and in other cases the projects will be a tactical re-design of business processes and Supply Chain system configuration. In all cases, you will be a functional leader on a small and collaborative project team. As an Infor Professional Services Lead, your project manager and



**Vel(o)city**

Follow   Get job updates from Velocity Technology Solutions, Inc.

Velocity Technology Solutions, Inc.
Velocity Technology Solutions is a leader in enterprise and business application services, fully- managed and protected within a virtual...

es No items



On March 15, 2018 the claimant was copied on an email from the Senior Director over Infor practice to the Senior Vice President indicating that the claimant's name was still showing up in the payroll system and that she understood from their last exchange that the claimant was no longer employed, and asking whether she or the claimant's supervisor could release him from the payroll.

The claimant was also contacted by 4 different individuals, including a head hunter firm, who advised him that the employer was advertising his job.

The claimant emailed the employer's general counsel on 3/24/2018 asking about his employment status. The general counsel replied that the claimant was on FMLA. The claimant responded asking why his job was posted? The general counsel did not answer the claimant's reply.

The claimant has sent 124 messages to the employer to which he has not received a reply.

In January the claimant filed a complaint with the employer's human resources department, alleging discrimination.

The court also claims in Document 98 at 7 that the administrative judge made a decision that was unclear" when there is an 11 page decision made by the judge that recapped its decision plaintiff was unlawfully discharged and not for any misconduct.

This includes the fact the defendants did not present any evidence nor did they appear at the appeal hearing.

Not

What is also in the transcripts of this hearing is that on June 21, 2018 is the defendants and their attorneys had an ex parte conference call with the court where Velocity HR director Shauna Coleman and Ogltree Deakins attorney Christopher Meister attended and the fact the presented "ex parte evidence to the court knowing that exparte-evidence is prohibited and not admissible.

The court in the middle of the appeal hearing sent a copy of this document via email to plaintiff as they should have.

A judge is by law supposed to reveal any exparte communications to the opposing party.

What was presented was no new evidence but the same preprinted document sent to all employers after their employee files for unemployment after they are terminated.

This document was returned by a payroll clerk Nelson Bowles as instructed to do by HR director Shauna Coleman and General Counsel Chris Heller in their attempt to cover-up the termination of plaintiff and was the main document that AZDES used to initially deny his unemployment claim that was reversed /overturned on appeal on June 22, 2018 the next day.

As stated Shauna Coleman even though she was on the ex parte phone conference contacted the court and stated she would not attend the hearing.

Neither did a single attorney from the law firm of Ogltree Deakins, nor did Velocity General Counsel Chris Heller.

| | | |
|---|---|---|
| 06/22/2018 11:18:21 AM | T/C FRM THE CLT WANTING TO KNW WHAT WAS GOING ON W/ THE HRG, CHECKED C2T THE HRG WAS IN PROGRESS. | IA |
| 06/22/2018 9:26:07 AM | T/C FRM THE CLT RE; THE REG IN C2T. PROVIDED TO THE CLT THE REG WAS ENTERED CORRECTLY. THE ALJ WILL BE PLACING THE CALL TO HIM. | IA |
| 06/21/2018 1:29:26 PM | 6/21 RECVD CALL FROM ER WHO CHOOSES NOT BE ATTENDING HEARING, SHAWNA COLEMAN 704-357-7721 | JC |
| | U-1595392-001-OA | |

7    544, 570 (2007)).  It is unclear what the administrative law judge or the Arizona administrative

8    agency found and why.

He then communicated this fact to Senior Director of Lawson/Infor Practice Susan
Haltopp.  Her message clearly states there is "open tasks" left over in the ADP system
to completely remove him from the Position Module in ADP as he still shows he is
reporting to His Manager and Susan Haltopp.


This had also been communicated other to managers in the Lawson practice and the
entire organization was told to report to HR any contacts they received from him as

there were desperately attempting to cover-up his unlawful termination and desperate to delete all the evidence in connection to the stolen intellectual property stolen by Velocity employees Eric Lubinsky and Chad Carlson related to Infor Cloudsuite certification.

This theft was orchestrated aided and abetted by some of the same Velocity executives and management individuals who knew he had been terminated because he was now a threat because he refused the assignment and he refused to participate in any and all unethical, illegal and criminal violations of the law being done by Velocity since he was hired to lead the Lawson/Infor Supply Chain practice.

Unknown to him was the fact he was not hired for his 27 years of experience but was the scapegoat, whipping boy and the fall guy as part of the conspiracy to used stolen videos and intellectual property, view them, escape the financial cost of attempting classes, $20.000 and associated 6 week expenses.

They knew Lawson/Infor had eliminated the practice of grandfathering certification and they planned on sacrificing him as he was black to see if he can sneak by these parameters and somehow be allowed to take the certification exam knowing that at the end he would be confronted with how he gain knowledge without attending the mandatory certification exam that can only be taken on the same day of the last certification class.

He was being setup from the beginning and this filtered its way onto his performance review and to his termination while on approved FMLA medical leave.

The Hemorrhagic stroke plaintiff suffered was entirely work related.

His racially charged hostile work environment  and the continued enormous stress Velocity put him  under to get them out of failed contracts that were to be cancelled by multiple customers, where they assigned employees to customers for the revenue knowing they did not have the experience and knowledge to complete the assignment and they wanted him to be revenue billable at all times, travel and then after hours

spend 5 hours a night viewing illegally recorded videos to achieve a goal /certification to or that he was never going to achieve.

This while the white employees they sent in his place received 8 hours a day dedicated in class instructor led certification education and at the same time, for the entire 6 week duration of the class they were not billable to anyone, including velocity customers.

Management as such after it was communicated to them, there were required task for other management staff to complete to completely remove plaintiff from the ADP system.

Everyone is completely misunderstanding the message plaintiff was terminated by velocity.  The ADP system generated COBRA notice documentation he received and reported to Velocity on February 26, 2018  Velocity HR at that point never responded to plaintiff again for any reason and thus the cover-up of his termination began.

If this was not true they had to reason to not appear at any of the appeal hearings and no reason to continue to file false claims and allegations with AZDES, nor would Velocity have any reason to care one way or another who and where he was working.

In addition, if he was not terminated they had no legal reason except for harassment and stalking purposes to file a false claim of unemployment fraud against him to induce AZDES to file official felony criminal charges hence they are claiming he is still employed.

## TERMINATION – COBRA NOTIFICATION

Its apparent Velocity failed to or forgot that every HR system for the past 35 years has a day end close procedure that automatically runs to generate and update employment actions of the day and it automatically generates and sends Cobra notices after an qualifying event occurs i.e., termination and or reduction of hours which also triggers COBRA documentation sent to the employee based on qualifying events, termination action by employer and reduction of hours both related to medical benefits coverage.

It is governed by federal law from the USDOL.

We both know the event was not a reduction of hours, it was a termination action.

These systems also send actions / task to other executives and managers who have to complete task in in the ADP Workforce module especially the head-count and position module where staffing and assignments are updated as well as resource allocation information.

I should know, I implemented HR systems before I exclusively changed to supply chain years ago.

This was not a qualifying event of reduction of hours, it was the termination of plaintiff that was completed in the ADP HR system that automatically generated the COBRA documents he received.  That is what was sent to plaintiff, nothing related to FMLA and it was not a mistake.

On Feb 22, 2018 Velocity HR Director Shauna Coleman sent plaintiff an email claiming she would send out "FMLA" information but covering up his termination

when in fact she completed the termination on the ADP system that generated the COBRA documents as it is required by USDOL rules and regulations.

This also connects the fact plaintiff was later contacted by a recruiter who was recruiting for his position at Velocity

**Connects to his position being posted on Indeed.com on Feb 24, 2018 that was later deleted by Velocity.**

-------- Forwarded message --------
From: garrison jones <garrison.jones1724@outlook.com>
To: Shauna Coleman <shauna.coleman@velocitycloud.com>, Chris Heller <chris.heller@velocitycloud.com>
Date: Saturday, February 24, 2018, 1:02 PM -0700
Subject: why is my position being advertised - FMLA ???

Apparently Velocity has decided to move on and hopefully you folks have decided to settle these issues and allow me to move on

What is my status as last message from Shauna said I was on FMLA until

### Infor S3 Professional Services Lead - Procurement

Velocity Technology Solutions, Inc. - Remote
**Description**
Apply your expertise to Customers in healthcare and service sectors to help them transform their Supply Chain/Procurement operations using the latest products from Infor. Become intimately involved with driving solutions for complex business problems and allowing Velocity Customers to become better providers to their clients. With your knowledge of Infor's S3 product and of best practices in supply chain operations, you will lead the solution design, build, and testing for large scale projects in the U.S. Many times, these projects will be a full scale implementation of Infor and in other cases the projects will be a tactical re-design of business processes and Supply Chain system configuration. In all cases, you will be a functional leader on a small and collaborative project team. As an Infor Professional Services Lead, your project manager and teammates will look to you as the subject matter expert and solution architect for Customers using Infor's solutions in Supply Chain (e.g., v10 and CloudSuite).



Get job updates from Velocity Technology Solutions, Inc.

Follow

Velocity Technology Solutions, Inc. Velocity Technology Solutions is a leader in enterprise and business application services, fully- managed and protected within a virtual...



Let employers find you

After they received this message from plaintiff.

Plaintiff never received a response however the next day Feb 25, 2018 the job posting had been deleted as part of the cover-up.  Too late, plaintiff already had a copy of it complete with Velocity logo.

Additionally it also connects to his position being posted on Velocity internal job website



Still after all this evidence they continue the cover-up and charade plaintiff is still employed.

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
Date: February 22, 2018 at 10:09:12 AM CST
Subject: Re: FMLA
Hi Garrison,

Thanks for reaching out. As mentioned previously I wanted to speak with you regarding FMLA to provide you guidance on the companies policy, process, calc, etc. and to discuss what to expect following STD. I plan to have an email out to you by Friday, let's plan to talk afterwards.
Thank you

Shauna Coleman | Director, Human Resources | Velocity Technology Solutions, Inc.
o 704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com

Feb 26, 2018 at 2:46 PM, Garrison
Jones <garrison.jones@outlook.com>wrote:
Who is supposed to be contacting me on this topic? I received info on Cobra this weekend. Confusing please advise ASAP.

At best they have out forth a "**piss poor**" effort in tempt at covering up the termination of plaintiff while on approved FMLA with forged documents, false statements that only lead its way back to Velocity and attorneys from Ogltree Deakins.

Then reverting to a petty 3rd grade practices / attempting to use  using one of  **the oldest defense tactic/ trick in the book (accuse the accuser) by attempting  to frame the plaintiff falsely accusing him as being person/ perpetrator of  the crimes they are accused of/committed.**

Simultaneously, they are attempting to draw the courts attention away from the criminal fraud/forgery they have created and filed with this court this time instead of cowardly doing it behind the back of plaintiff they now with impunity do it in open court as if they will not be challenged on its authenticity .


Plaintiff will show this court the results of his due diligence where there is no **ambiguity as to the truth of his t**ermination and the fact all of his health benefits by velocity were cancelled by Velocity.

The email **of May 15, 2018 does not contradict the termination but his termination of plaintiff contradicts the email** that was sent for the very purpose of inducing a single person to believe it was truth when it fact was part of the conspiracy to cover-up the termination of plaintiff.

The email was part of a last ditch effort to confuse anyone who read it.  This time they have reach the pinnacle where no one before a Chief Judge of the US District Court of Eastern California is the only person who believed the lies being told in this email in that email and made the wrong decision by the court to use it as the basis to determine it alone as the court claims "contradicts" his termination (without any proof) in using it to make the assumption there was no termination.

The existence again was disturbing that after all the documented evidence and events Velocity is still attempting to cover-up his termination for months after it occurred, yet they and their attorneys intentionally prefer not to attend a single hearing or offer any evidence to defend or make a statement on the record on their own behalf, thus losing

every single appeal and effort to testify fearing it would hurt their chances in any future litigation.

**The entire email was a collection of lies in print** and none of it offers or proves Velocity was actually paying for and offered no proof plaintiff was receiving any health benefits.  It was simply a distraction of deceit and misrepresentation of the truth.

Two months after that they attempted to use the same excuse and method and their appeal was denied and dismissed.

Equally, two days after this event velocity again broke into the email account of plaintiff to get rid of evidence, communications and emails related to his termination and delete evidence of communication of the conspiracy and connection to their thief of intellectual property from Lawson/Infor which is what they were after and badgering plaintiff for throughout his FMLA medical leave.

They could care less if he was on FMLA medical leave or not.

All their communication and demands for this information is clear.

Velocity did not care less about their previous statements and communications and broke into the email account of plaintiff and continued to destroy and delete any discriminating evidence of his termination and evidence of the stolen intellectual property from Lawson/Infor that may be contained in his corporate email account.

This case can and should not be dismissed because over the past 3 months plaintiff has put forth an enormous effort and due diligence in attempting to clear his name and prove to this court he was unlawfully terminated while on approved FMLA medical leave and that every single statement, pleading by the defendants and their outside counsel from Ogltree Deakins as well as all the criminal fraudulent documents he has uncovered since September 30, 2020 are all part of the conspiracy to cover-up this fact.

Plaintiff has worked with local, state and federal authorities as well as multiple organizations/agencies in obtaining undisputable documentation that also proves that he was not receiving any health benefits from Velocity after they were all cancelled by Velocity in retaliation against him for filing a 15 page racial discrimination complaint with HR on January 16, 2018.

As the situation changed after plaintiff filed an appeal to his termination with AZDES so did Velocity, who after terminating him unlawfully changed their version/story of his termination, because of the impact of terminating him while on approved FMLA and the financial monetary damages far outweighs paying unemployment.

This is when Ogltree Deakins comes in and after they were told plaintiff was terminated while on FMLA, they with Velocity began the unethical, illegal, criminal complicit conspiracy to cover-up his termination and began bui8lding the foundation of strategic email messages to him ( **on his personal email account**) to make it appear he was receiving health benefits and wages.

At the same time, and for a period of over a year, both Velocity and Ogltree intentional failed to appear at multiple appeal hearings, however they were hard at work in filing multiple other false claims and allegations against plaintiff to first prevent him from obtain unemployment benefits after he was terminated but also laying the foundation of forgery, filing false complaints, making false allegations of fraud against the plaintiff in the event of future litigation.

XXXXXXXXX

The court contends that at email dated May 15, 2018 as they claim "contradicts" a different email on March 15, 2018 that it unambiguously" makes the assumption because now that plaintiff had filed not just for unemployment but also on May 8, 2018 he had also filed a federal lawsuit in the Northern District of Illinois that now was the time to change their story and now claiming he was still employed and to "**sweeten up the pot**" not only still employed but still receiving full health benefits.

It was a ploy.  Plaintiff was not receiving any benefits from Velocity however, they want this court and others to believe that here is an organization that uses **FREE Gmail** as their corporate email system, one that does not own a certified copy of Microsoft Office, preferring to use the free version of Google apps however, for over an 8 month period they are paying over $1,000.00 per month   they   (Velocity) were paying the employer portion and employee portion of the health premiums and did so for over 8 months from January 2018 until the August 16, 2018, date they claim his employment ended with velocity's unlawfully terminated, then at the same time paying their outside counsel from Ogltree Deakins for two attorneys at $500.00 per hour, not to appear in any scheduled hearings, then at the same time, Velocity continues to file false complaints against the plaintiff including "unemployment fraud" after the lost appeal hearing and after stalking plaintiff looking for anything they could use against him, they found out he had taken a after he was terminated with Prime Healthcare  as a corporate employee and was working out of one of their small 35 bed facilities in Bloomington, Indiana and immediately contacted AZDES accusing plaintiff of unemployment fraud ( a felony) attending to induce AZDES to do their dirty work , in contacting law enforcement to file formal charges against him.

Plaintiff was simply trying to go on with his life after suffering a near death medial issue.
It is apparent, as already demonstrated, Velocity will the assistance /advice of Ogltree Deakins will try and take advantage of anything they think is available to them and use

it to hurt plaintiff, even send him to prison and will use the resources of any local state and or federal agency to do so.

They will even lie to induce them to do so.

As the issue changes so does their version of the story or they cowardly hide in the bushes hoping for any decision as long as it is in their favor.

XXXXXXXXXXX

'This at the same time, is fighting plaintiff to not pay unemployment benefits after he w

As of the date of this pleading and since October 2021, plaintiff has received multiple documents from local, state and federal agencies as well as other organizations that unambiguously prove Velocity /Ogltree were lying about his receiving health benefits in addition to the undisputable fact Velocity /Ogltree Deakins as late as September 9, 2021 have been filing false forged documents with multiple agencies specifically /mainly with the USDOL proving this entire case is being  finance by Velocity on a foundation of fraud, forgery and criminal acts against plaintiff and the federal government.

They have not presented a single pies of evidence even though they have had over 10 occasions to do so showing Velocity was paying a single dime for health benefits.

They used this same tactic in an appeal filed on July 23, 2018 and the entire appeal was denied with prejudice with a notation from the court that it was an **"unsuccessful tactic" and specifically told to Velocity and Ogltree Deakins they had no right to appeal the court's decision which they ignored and violated the court decision and filed another motion to "reopen the initial hearing" which is the same as an appeal and it was denied and dismissed as well.  The decision was FINAL.**

The plaintiff was unlawfully terminated while on approved FMLA medical leave and it was not for any misconduct on his part.

The exhibit this court used to make its determination was just as depicted by plaintiff as **"disturbing"** and that as the date of the appeal approached it was **disturbing** that for months prior to the hearing, Velocity avoid and never responded to any questions or inquiries yet as the date approached their version did and about face and changed their version of the story they have said for months on May 15, 2018.

It is and was disturbing that they have changed their tone as the clock is ticking on the scheduled appeal hearing.

- 29 -

## Garrison Jones

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Saturday, February 24, 2018 12:30 AM |
| **To:** | garrison jones; Garrison Jones |
| **Subject:** | Re: Benefit Premium Recoup |

Good Evening Garrison,

On January 23, 2018 we notified you that we needed you pay for your portion of the benefit premiums that have not been paid in order to not lose coverage.  Please provide payment for the following months and amounts:

- December 2017 = $291.37
- January 2018 = $378.13
- February 2018 = $378.13

As previously mentioned, we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

This is the second request for payments. Velocity is not responsible for your benefit premium and without payment you are at risk of losing coverage.  Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you,

**Shauna Coleman**  | Director, Human Resources | Velocity Technology Solutions, Inc.

Using the courts language of contradiction and unambiguous

**First,** Velocity in December 2017 unambiguously informed plaintiff they would collect his portion of premiums when he returned to work.

- 30 -

On Dec 22, 2017, at 12:37 PM, Shauna Coleman <shauna.coleman@velocitycloud.com>
wrote:

Hello,

Thank you Wendy. Garrison, as mentioned during open enrollment you will
not be eligible to receive LTD benefits on your current disability as you did not
have this coverage in place when this situation started. That said, you will be
eligible for coverage in a year (with review by Lincoln Financial).

Velocity will collect your premium once you return to work.

1

**Second,** , Velocity   a month in January Do18 ambiguously   demanded repayment of
health after the filing of 15 page complaint with HR, and after plaintiff detrimentally
relied on the prior commitment, Velocity in response to the filing of the complaint with
HR in succession.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Tuesday, January 23, 2018 7:26 PM |
| **To:** | garrison.jones1724@outlook.com; Garrison Jones |
| **Subject:** | Benefit Premium Recoup |

Good Evening Garrison,

As previously discussed the last time that you paid for your benefits was November 30, 2017. We need to recoup your benefit premiums for December 2017 and January 2018 (breakdown listed below). In the past we have collected these payments via payroll deductions, but since you have been on short-term disability Lincoln Financial has been paying your directly.

| | Dec-17 | Jan-18 |
|---|---|---|
| **Medical** | $ 185.83 | $ 242.15 |
| **Dental** | $ 22.21 | $ 25.77 |
| **FSA** | $ 83.33 | $ 83.33 |
| **LTD** | $0 (not enrolled) | $ 26.88 |
| | $ 291.37 | $ 378.13 |

In order to continue your benefit coverage we need to recoup the premiums for December and January, totaling $669.51. Starting in February 2018 we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

 Active employees pay premiums one month in advance not in arrears.
, so coverage ends on the last day of the month following the month you terminated employment. ... Payment is prepaid the prior he month before the month of coverage.

Plaintiff paid for the month of December coverage in November 2017.

- 32 -

However, Velocity cancelled his vision coverage in December after he paid for it in advance.

Velocity was made aware of this but completely ignored the communication yet they 7 months later claims he was still receiving this health benefit and he was not.

After receiving this email from Velocity HR Director Shauna Coleman, plaintiff after his past history where velocity lied to him and changed their intent multiple time, **he refused to all Velocity to have any input or control over his ability to recover from his stroke.**

Plaintiff on January 24, 2018 applied for State of Arizona medic aid and was approved on February 27, 2018

Below is official letter received from the state of Arizona Medicaid program dated November 8, 2021 with the dates plaintiff was enrolled and received state Medicaid.

Full copies of the letter and envelope is attached as well.


**Third,** Velocity   on February 24, 2018 for a second time unambiguously   demanded repayment for a **second time**.  Stated clearly **"Velocity is not responsible for your health benefit premiums" (February 24, 2018**

## Garrison Jones

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Saturday, February 24, 2018 12:30 AM |
| **To:** | garrison jones; Garrison Jones |
| **Subject:** | Re: Benefit Premium Recoup |

Good Evening Garrison,

On January 23, 2018 we notified you that we needed you pay for your portion of the benefit premiums that have not been paid in order to not lose coverage.  Please provide payment for the following months and amounts:

- December 2017 = $291.37
- January 2018 = $378.13
- February 2018 = $378.13

As previously mentioned, we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

This is the second request for payments. Velocity is not responsible for your benefit premium and without payment you are at risk of losing coverage.  Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you,


**Shauna Coleman**  | Director, Human Resources | Velocity Technology Solutions, Inc.



Meanwhile between January 16 and May 2018 Velocity

1. Revoked his access to corporate email
2. Cancelled all of the remaining health benefits
3. Revoked his access  to all Velocity systems
4. Terminated him while on approved FMLA
5. Began the cover-up of his termination.

- 34 -

Yet as time moved forward plaintiff obtained employment at another organization after recovering from a major stroke.

Velocity knew this because they were stalking him, yet even knowing that an employee they claim is employed at another organization, they and their attorneys claim he was still employed at Velocity receiving wages and benefits.

The fact remains that both Velocity and Ogltree Deakins had the specific intent that none of their unethical, illegal criminal acts would ever be uncovered.

However, it is clear they both underestimated the efforts of due diligence on the part of plaintiff and his efforts to clear his name of all false allegations and claims made by each of them.

They had the full intent to introduce the false complaints and documents if and when litigation was filed in the future "**up until they were uncovered and discovered by plaintiff.**

**At that point they became "useless" and then only implicated them in the creation and filing of all the false documents, complaints etc. uncovered.**

**Their strategy then became to minimize and discredit the discovery.**

The plaintiff does hereby inform the court that his delayed response was related to the safety off himself and his immediate family and the fact that he has during this same time period has been performing due diligence by working with the authorities to obtain proof that he was not responsible for the false fabricated documents, complaints and claims filed under his name with their respective agencies.

In addition, plaintiff and his family who are enrolled in and part of the Safe at Home program for stalking, harassment Domestic Violence, because plaintiff has been stalked by Velocity for years.

Plaintiff had to physically move to a more secure location as a security precaution.

It is believed his physical residence had been compromised by the defendants and their attorneys from the law firm of Ogltree Deakins who have been actively stalking plaintiff and his family for now over 4 years attempting to find his location and murder him to prevent him from continuing to proceed in multiple federal cases in the Eastern District of California and participate in criminal investigations where both the defendant (Velocity) and their attorneys from Ogltree Deakins will be indicted and prosecuted for local, state and federal crimes both committed against plaintiff, his family and criminal fraud against the United States government.

Defense counsel has repeatedly attempted to down play all of the facts despite the insurmountable amount of evidence that implicate Velocity and Ogltree Deakins as the only parties who had access, knowledge of this information and its use as a means of fraud, deception and criminal intent to yet again add multiple layers of fraud by attempting to claim/frame the plaintiff as the individual who filed all of these false claims, allegations, and documents with these respective legitimate local, state and federal agencies.

There is no document this is an ongoing conspiracy to do so.

At the same time, defendants have used the internet, searched job sites and as of June 2021 began not only **to aggressively stalk the plaintiff but now also his family in attempting to locate him.**

Documented history shows they will use anything available to them to harrass, stalk, disrupt, intimidate, and intimidate plaintiff in any way they can to prevent continued exposure of their criminal acts against him.  He has been the target of these acts again, for over 4 years and **they will not quit until he is dead**.

Plaintiff and his family for the entire year of 2021 has been subjected to enhanced harassment and stalking that has resulted in a total of seven (7) official police reports, beginning on Jan 6, 2021.

Since September 2021 plaintiff has been at the mercy of these agencies to investigate and receive documentation to first clear his name from all of the false fabricated , forged documents but also obtain proof they were not filed or written by him, but also obtain information that the false claims they (Velocity and Ogltree Deakins) in regards to his alleged continued medical, vision and dental coverage statements were all completely false and was made by them to make it appear plaintiff was still covered and receiving these benefits when he was not.

As late as the date of this pleading, plaintiff is still waiting on a response from the last agency to prove he was not receiving vison coverage because Velocity had cancelled it in December 2017.

Not wanting to send bits and pieces to the court is also the reason for the delayed response.

The court cannot dismiss this case or any other case when plaintiff has repeatedly and continues to uncover the truth. The defendants and their attorneys want this case dismissed because it has ramification of criminal indictment and it is a means of escape.

The court has to agree that as these facts have been uncovered, the only parties who have a vested interest, inventive and motivation to plant this evidence in the files of a United States federal agency are Velocity who is financing this fraud and Ogltree Deakins who are advising them to do so in order to escape the sever financial ramifications of terminating plaintiff for no legal reason while he was on approved FMLA medical leave, then creating an elaborate scheme to cover it up.

- 37 -

None of this evidence would be there if not for the defendants and their attorneys.

They laugh at the notion that it is not a premediated conspiracy.

However, the evidence speaks for itself.  The fact that it was done behind the back of plaintiff and done even before any litigation related to FMLA was even filed speaks volumes and intent of bit Velocity and Ogltree Deakins.

Their preference has been to make a false allegation, claims, create and submit documents that are forged by them in order to create an aura condition of deceit, to frame the plaintiff as the creator then looking for one person to take it as truth, use the resources of their agency whether it be local, state or federal to do their dirty work for them, with no or minimal false evidence to make it appear they are telling the truth and the false claim, allegation is truthful/legitimate.


The truth is it is not truthful at all but instead it implicates Velocity and Ogltree Deakins.

At the same time, they both are attempting to do anything to stop him including murder him and his family.

At all times, Velocity is financing this conspiracy/endeavor by paying Ogltree Deakins to lie and forged their way out of his termination stalking, intimidation and doing **anything they can to get this case dismissed and the plaintiff 6 feet under.**

**It's the same as murder for hire**.

Plaintiff just like anyone else has the right to protect himself and his family.


**Introduction**


- 38 -

First, Defendant has not raised grounds sufficient to justify dismissal of the case and are not entitled to any relief in this motion.

They think this entire proceedings is beneath them and think it is a joke and a means of revenue and billable hours.

Meanwhile they are submitting false fabricated forged documents, obstructing justice in paying individuals to intercept my pleadings and at the same time, stalking, harassing me and my family.

I the security of myself and family is priority and now it has been compromised. I sent a total of 6 separate pleadings to the court in the same envelope, in the same time, overnight and the most damaging and time sensitive documents are nowhere to be found.

This is human intervention. Before Covid when I physically dropped out to the court house every single pleading none of them disappeared. Now wince Covid and because plaintiff is high risk and all pleadings have been sent via USPS they have targeted and exploited his inability to file electronically and has paid one of more people to be on the lookout for his pleadings and to delay, intercept or destroy documents after received and before they can be filed.

This the same thing they did in the case in Northern Illinois. I am not stupid. The same thing does not occur hundreds of miles apart in the different us courts when the same party has done this before.

At the same time, they are actively harassing and stalking me and now my family and it stops here. They think this is a joke but I will not allow my family to be harassed, stalked and intimidated.

They can do whatever they want to me but to attack a man's family is nothing more than the act of a COWARD.

Having nothing else they can target they targeted the P.O> box that was used as security and a buffer from his actual address and staked it out looking for plaintiff but actual stalked a family member.  Mail to that box is only associated with any source in connection with Velocity and cases with any court.  It is not the physical residence of plaintiff or his family and now these cowards are so low they targeted it to hopefully it would lead to the physical location of plaintiff.  Cowards absolute cowards.

At the same time, they think they have some form of immunity as with impunity now instead of behind his back, they submit known forged documents to the court with no fear of any repercussions,

It stops here and today.

The main delay in filing any response was because plaintiff had to physical move himself and family to a more secure location, 2. A kitchen accident suffered over the holidays where plaintiff suffered second degree burns to his hand 3.  Thru contact tracing plaintiff and 3 family members contracted Covid and he was under quarantine for 3 weeks.

However, after it was over he overnighted response to order to show cause on Jan 6, 2022 and now 4 of 6documents sent just disappeared.

Separately are supporting documents received from multiple agencies showing plaintiff was not receiving any form of insurance and health coverage before and after he was unlawfully terminated in different pleading in support of the uncovering of forged documents by Velocity and Ogltree Deakins and specifically FOIA response from the USDOL in relation to the forgery filed with this court on September 9, 2021 by Ogltree Deakins attorney decristoforo where the USDOL has confirmed on October 18, 2021 that there is no record of this forgery in their files and records, confirming it

is another forgery created by Velocity and Ogltree Deakins in order to escape the financial and monetary damages they both Justly deserve.

As stated in other pleadings they will not deter me with their petty tactics by every low petty trick in the book to prevent me from holding both of them accountable for all their criminal and civil violations of the law against me and my family.

I will again re-file the documents intentional taken and not filed and show this court the truth

No defendant can obtain any relief or benefit from their own fraud.  Nor can they escape the liability and damages when they openly with some self-proclaim impunity continue to commit the identical claims that are contained in the compliant before this court.

On September 9, 2021 the defendants use the personal identifying information off plaintiff unethically, illegally released by Velocity and created then submitted a document they forged, then sent / filed it in a federal proceeding knowing that it was a forgery.

Their intent was to deceive the court into believing it was authentic and was sent to the USDOL by plaintiff Garrison Jones.

Plaintiff within 2 minutes of reviewing the document (**Document 94**) in case number 2:19-cv-02374 knew it was a forgery from a previous FOIA response from the USDOL on June 8, 2021.  It was and is a forgery, the 2nd one created by Ogltree Deakins.  The first was sent to USDOL by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018 along with a forged with drawl letter and a forgery of a manufacture FMLA complaint of the same date May 22, 2018.

The reason this case should not be dismissed is because the defendants and their attorneys have been lying to plaintiff, this court and other jurisdictions from the beginning in connection to the termination of plaintiff and has spent hundreds of thousands of dollars to conspire and cover up any and all traces of this unlawful act, including financing and paying legal fees to Ogltree Deakins who has lied and participated in the filing of false fabricated documents and complaints with an unsuspected agency of the United States Federal government, before and after this case before this court had been filed.

They had the full intent to use it in the event of any future litigation, however, plaintiff uncovered it first and now they have been left with the task to try an discredit it and are still filing forged documents in the continued conspiracy to get both Velocity and Ogltree off the hook for fraud and criminal activity against plaintiff and federal government.

Respectfully submitted,

Dated: January 6, 2022

**Garrison Jones Plaintiff (**Pro Se)

Sacramento, California 95818
garrison.jones@outlook.com