Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



**FILED**

JAN 2 0 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

**Plaintiff,**

**V.**

**VELOCITY TECHNOLOGY
SOLUTIONS LLC et al
Defendants.**

Case  2:19-cv-02374 KJM-JDP

**JURY TRIAL
DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

# Plaintiff Second Opposition to Motion to Dismiss

# Introduction

The court has to see and agree that Velocity lead attorney from Ogltree Deakins has no clue what he is talking about.

**In one pleading he makes multiple false claims of violation to induce the court into dismissing the case, then in another pleading he attempts to use that same pleading and supporting exhibits/evidence as a means of (in his mind) determination  plaintiff was not terminated.**

**Specifically the email from May 9, 2018 and ant the email from May 15, 2018.**

- 1 -

**He is now even using the wording "unambiguous and contradiction "at every opportunity he gets after the judge has used it in Document 98 as if it gives him some form of victory dance but only makes him appear more of a parrot dragging on to the cat tail of a person who has the credibility he does not.**

Ogltree lead attorney decristoforo, anthony j, is a narsistic delusional documented pathological liar and has throughout this proceeding has displayed all of the traits of a serial liar.

He has from the beginning of his appearance given the impression to the course a false grandiose façade.

He was chose for this representation not because of his alleged legal skills but because it was a loser and he is the **biggest liar they could find**.

It is clear the email communication on May 9 and May 15 2018 are both as described by plaintiff as disturbing as Velocity and their counsel both have stated the FMLA leave of plaintiff was "extended "and clearly in the communication and extending the FMLA leave past the 12 week entitlement is prohibited and is a clear violation and interference of the FMLA rights of plaintiff.

The email does not offered or present any proof or being in receiving health benefits nor does it offer any evidence of his termination.

To go further it does not contradict the evidence of termination of the plaintiff, the termination of the plaintiff contradicts this email as it is part of the continuous cover-up that exist today of his termination.

- 2 -

There is no court in this country that will accept this email communication as a means of dismissal or offer of proof of the termination of plaintiff while on FMLA medical leave and completely disregard all of the documented events and evidence.

**The communication from May 9, 2018 was the impression they wanted to display however and intend that someone would act upon it and agree that plaintiff was still employed and receiving benefits.**

**He was not.**

The court must be reminded that Velocity and Ogltree had tried this same trick over 4 years ago in their appeal dated July 23, 2018 and that appeal was denied and dismissed with a special notation defendants had no right to appeal the court's decision.

The court then recognized just as plaintiff has for over 4 years now that this was simply another failed tactic on behalf of Velocity and Ogltree Deakins.

If they had any evidence in support of any of these lies then they both would have and should have appeared at all the scheduled appeal hearings to present supported evidence.

They have had fair and proper notice of the date/time of 5 separate hearing scanning a period of a year and intentionally failed to appear at each of them.

Just like now, their legal strategy is to induce by deception, misrepresentation and fraud to induce others to do their dirty work for them without appearing in court.

**Also shows plaintiff was not terminated oblivious of the fact that same exhibit shows a clear violation / interference by Velocity.**

**The court cannot use /look at an exhibit and limit it to what the defendants had misdirected its attention to and use it to make a decision they want and ignore the fact the exhibit contains other evidence and violations.**

It's the same as if a red-light camera catches a person running a red light but also in the same photograph, it also shows he is committing a murder by executing his passenger.

Then expect to only prosecute the traffic re-light violation and not the murder.  It's absurd.

The exhibit as the court claims shows plaintiff was receiving benefits and based its ruling on just that aspect , but it also contains a violation , prohibited act and interference directly /intentionally against plaintiff that is also prohibited and that is the employer is not allowed to extend the FMLA leave of an employee past the 12 week entitlement, especially when the every single statement in the email has been proven to be false /fabricated and meant to specifically prevent under any circumstances allow plaintiff to return to Velocity or to reinstate him to his previous position.

To add, two days after this email Velocity successfully broke into the corporate email account of plaintiff once again on May 17, 2018 and changed the recovery email address, password and signed into this account to delete any incriminating evidence against them they had badgered the plaintiff to produce while he was on  approved FMLA.  It's apparent they were not satisfied with what they had in their possession that they wanted to destroy all traces of the contents and or copy its content for themselves as protection.

You can be sure plaintiff did not log in to this account and make these changes as his access was revoked over 5 months prior in January 2018.

- 4 -

In addition, the certification they claimed they needed from his physician to return to work was emailed to plaintiff from Ogltree Deakins attorney on May 21, 2018 after the claim they did not have it.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| **Sent:** | Monday, May 21, 2018 2:15 PM |
| **To:** | Garrison Jones |
| **Attachments:** | Jones Confidential Medical Records.pdf; 20180518155027747.pdf |

Mr. Jones attached please find your personnel and confidential medical records files. Thank you.

**Christopher J. Meister | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3720 | Fax: 602-778-3750
christopher.meister@ogletree.com | www.ogletree.com | Bio

Again here is black copy sent to plaintiff by Velocity

- 5 -

**ⱭLincoln**
**Financial Group®**

The Lincoln National Life Insurance Company
8801 Indian Hills Drive, Omaha, NE 68114-4066
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY**
**(PLEASE see FRAUD NOTICES attached)**

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS
FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER
EXPENSE.

**Attending Physician's Statement**

1. Patient's Name  Garrison Jones                          Date of Birth  Redacted

2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)

3. a) Date of First Treatment
   b) Date of Most Recent Treatment
   c) Frequency of Treatments
   d) Type of Treatment Rendered
   e) Is surgery scheduled? If so, when?

4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions or light duty) from _____ to _____
   If the patient is still disabled, when should the patient be able to return to work? _____

5. Remarks or Comments:

6. List Restrictions and Limitations:

7. Physical Impairment:
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)
   Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairments ( if applicable)
   Class 1 – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)
   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate limitation)
   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitation)
   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe limitations)

Date _____          Signed _____          /Degree/Specialty _____
        (Month, Day, Year)          (Attending Physician, No Stamps, please)

                    Street Address _____

                    City, State _____

                    Phone Number _____

                    Fax Number _____

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
GLC-01450PTD

Page 1 of 3
10/10

Here is copy competed by his physician and scanned and sent to Velocity HR director
Shauna Coleman on Jan 6, 2018.

Records at Lincoln Financiall Show they received this same copy on December 28,
2018 yet velocity as part of the cover-up of his terminaiton claim they never had it and

requesting it again as part of the cover-up. If that was the case how in 6 days it is in the posession of their attorney iff he did not get it from Velocity.

On Sat, Jan 6, 2018 at 7:02 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:
Solely Based on current and past performance I am going to make the following suggestion and recommendation to resolve this issue because I foresee multiple email messages related to this again in Lincoln the future based on the same issue. Lincoln has already received and used medical records from my doctors that they have used to extend my STD benefits until February 24 that clearly state that on 3/22/2018 I have been approved for return to work that they have already used to approve the entire 13 weeks of short-term disability which I'm going to scan and forward to you as well. I am suggesting and recommending that they pay out the entire approved term of my short-term disability to avoid this issue in The future and avoid financial hardships on my part. It is not like they will be going out of business for pain approximately $12,000 in benefits to me and issuing them out at your irregular schedule as they are doing now. I'm asking that you present this proposal to them so that this can be resolved and not just Mo act my treatment schedule as and me financially as it has done thus far.

On Sat, Jan 6, 2018 at 11:34 AM Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:
Hi Garrison,

Thank you for your email. We are sorry to hear about the inconveniences you have experienced and will pass these along to our insurance companies. Unfortunately, in these matters the company is not able to do more than we have already.

As it relates to the difference card, Wendy did ask that they send the check to our office Ana once received we will forward to your home.

We are hoping for your continued recovery. Please keep us posted. As a reminder, if you are going to be out longer than your short term disability is for we will need you to file for FMLA and in that process provide a doctor's note stating that is the case. Please note, this process takes times so if your doctor believes that you will need to be out longer than your disability covers I would encourage you to start the FMLA process as soon as possible. Let's speak next week to ensure there is clarity around the expectations.

On Sat, Jan 6, 2018 at 1:11 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:

- 7 -

As you are well aware I am currently on a fixed income. My dealings with both Lincoln and a difference card have been horrible. They are inconsistent and the schedules that I have been subjected to is totally unacceptable.  For the difference Card as I have stated in previous email messages this is the second time a check was sent that I never received. To wait 30 days before any actions are even started is again is unacceptable.   Related to Lincoln and the schedule given to me in regards to payments has again been inconsistent.  Per their instructions I signed up for automatic deposit now the automatic deposits are taking over 5 to 6 days to be at credited to my account. My bank is pointing the finger at Lincoln and Lincoln is pointing the finger at my bank I am caught in the middle of this scenario. At the same time I am attempting to recover from a major stroke.  I have multiple appointments each week where I need to take an Uber to and from each appointment  , just this past week I had a total of six appointments for physical therapy, occupational therapy, vision therapy as well as to my doctor treatment for diabetes. As a result of the inconsistent payment schedule my account has going into overdraft where I am being charged $34 for each transaction that I make on that account. This week alone I have incurred $268 overdraft charges on that account  this week alone I have incurred $268 in overdraft charges that account For Charges related to transportation  to and from these appointments so for a $12 ride I am being charged $34 each Way in overdraft charges. This cannot continue.  Lincoln gave me a schedule as to when the deposits to be released.  Lincoln gave me a schedule as to when the deposits to be released. It is now January 7 and still no deposit. Something needs to be done about this as soon as possible to resolve this issue. This is not the first time and automatic deposit is taking over a week to be deposit to my account. Based told me that the schedule was to be released on 3 January yet their system shows the fourth and still no deposit to my account. Please contact me as soon as possible thank you
--

**Garrison Jones | Lawson/Infor Supply Chain Consultant | Velocity Technology Solutions, Inc.**
 Mobile 916-870-4960| velocitycloud.com


--
Shauna Coleman | Director, Human Resources | Velocity Technology Solutions, Inc. o
704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com

This communication was on his Velocity corporate email account before they revoked his access.

In Document 5 he completely ignores all the other evidence

First.  It was velocity **who agreed themselves to "extend" the FMLA leave entitlement and did not receive any communication from plaintiff of a dr appt on May 20, 2018.**

**There was no formal request or commination from plaintiff to Velocity or anyone else about a dr, appt on May 20, 2018.**

***It's apparent they are so cheap they did not look at a calender before creating this lie and sending this email to the personal email account of plaintiff on May 9 and May 15, 2018***

This was their attempt to prevent plaintiff from returning to work under any circumstances.

Second.  Counsel ignores the fact there is a calender included in pleading showing May 20, 2018 was a Sunday.

Third, in his Document 109 he admits to the same extension that is again a clear violation /interference as well validation being confirmed for a second time yet the attempts to transform into something it is not.

The court as well has intentionally overlooked the fact the same exhibit they are claiming is proof plaintiff was not terminated shows he was being specifically interfered with by preventing him from returning to work after he was  cleared to return on March 22, 2018 by his physician

- 9 -

**Physician Certification**

**The Velocity HR** Director lies and interferes again making the plaintiff send the same certification send directly to her on January 6, 2018 she already had in her possession pretending Velocity does not have it.

On Sun, Jan 7, 2018 at 3:10 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:
Hi Garrison, well I appreciate your recommendation there is no say-so that velocity has over the Insurance process and payment terms. Thank you for confirming the date in which you have been granted coverage until. Please continue to keep us posted. Thank you
On Sat, Jan 6, 2018 at 7:02 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:
Solely Based on current and past performance I am going to make the following suggestion and recommendation to resolve this issue because I foresee multiple email messages related to this again in Lincoln the future based on the same issue. Lincoln has already received and used medical records from my doctors that they have used to extend my STD benefits until February 24 that clearly state that on 3/22/2018 I have been approved for return to work that they have already used to approve the entire 13 weeks of short-term disability which I'm going to scan and forward to you as well. I am suggesting and recommending that they pay out the entire approved term of my short-term disability to avoid this issue in The future and avoid financial hardships on my part. It is not like they will be going out of business for pain approximately $12,000 in benefits to me and issuing them out at your irregular schedule as they are doing now. I'm asking that you present this proposal to them so that this can be resolved and not just Mo act my treatment schedule as and me financially as it has done thus far.

It clearly shows plaintiff scanned and sent this document to Velocity on Jan 6, 2018.

Next this same document was sent to plaintiff via email on May 21, 2018 by Velocity Ogltree Deakins attorney Christopher Meister.

He even is trashing his own fellow attorneys from his law firm.  No wonder no one at the firm likes him.

The attorney and the interference by Velocity attorney on May 4, 2018 was by Ogltree Deakins attorney Christopher Meister claiming he was contacting plaintiff to settle and

prevent plaintiff from filing a "discrimination lawsuit" and their was no discussion or comments about his employment status.  Plaintiff did not allege or discuss any of this, nor did he discuss FMLA at all.

However, they knew he was on FMLA and any discussions other than his FMLA leave should had been deferred until after he returned from FMLA leave.

By contacting plaintiff and engaging in conversations in regards to negotiate a **settlement before a complaint/lawsuit was even filed is interference in the rights under FMLA regardless of what counsel thinks or believe.**

**One of their attorneys even wrote an article on the subject of contacting and interfering with the FMLA rights of an employee while on FMLA by contacting them about matters non-work related.  It appears this does not apply to Ogltree Deakins attorneys and they do not practice what they preach.**

**Ogletree Deakins**          Contacting Employees on FMLA Leave: Answers to 4 Inevitable Q

  



**Nonnie L. Shivers**

Phoenix

Author

N avigating employee leave issues can be a daunting feat for in-house counsel and human resources departments. One challenging and oft-overlooked situation rife with the potential for legal issues involves contact between employers and employees who are out on leave under the Family and Medical Leave Act (FMLA). Below are four common questions and answers regarding communications with employees during their FMLA leave.

*Q: Can an employer contact an employee or ask him or her to return to work while he or she is on FMLA leave?*

This does not mean an employer cannot contact employee while on FMLA medical leave but the employer gave their attorney personal identifying information from his HR employee file without the permission and knowledge of plaintiff **for a non-work related matter.**

**They knew or should have known this was interference in his FMLA rights.**

**Then claiming he is "negotiating "on behalf of velocity when at same time, Velocity is filing another false complaint with AZDES on the same day May 4, 2018.**

**How can anyone say this was not coordinated between Velocity and Ogltree and that it is not a documented act and claim of FMLA interference?**


Later in the appeal filed by Ogltree Deakins on July 23, 2018 they claim the court would **"disturb" the negotiations"**.

There were no negotiations there was a 3 min call where Ogltree Deakins attorney attempted to intimidate plaintiff saying the case could be settled in "small claims court for less than $1,000 dollars.

At which time, plaintiff hung up on him and blocked his number preventing him from calling him again.  This again showed the arrogance of Velocity and Ogltree Deakins.

Plaintiff filed lawsuit in the US District court of Illinois on May 8, 20018 four days later.

Despite the fact this court has taken a de novo review direction the every single appeal filed with the Arizona Court of Appeals, every single one of them despite the lies and false claims and allegations made by Velocity and Ogltree Deakins.

The  fact remains and lets be reminded the plaintiff Garrison Jones won every single litigation velocity and Oglttree Deakins both intentionally decided to not appear, despite receiving fair notice of the date, time and substance of the appeal hearing.

If counsel thinks he can change, reverse the outcome of all these appeal hearings then I welcome him to do so.  Just make sure I receive fair and proper notice of date time and I will be there.

Knowing that fair and proper is not a quality of any attorney at his firm.

In addition, good luck in trying to now get Navisite/Velocity to come forward as a or witness knowing that it would only be for revenue for Ogltree Deakins.

If they refused to come to a simple unemployment hearing what makes you think they would one, appear at a federal proceeding or reopen a proceeding that has a 4 year old final judgement while at the same time paying Ogltree Deakins $500.00 per hour.

The court cannot in any manner believe and rely on any statement from this alleged attorney who has committed fraud against the federal government of the United States.

Again, if he was there at any of these appeal hearings he could have stepped up on behalf of velocity.

No one did.  The results would be the same.

He can contradict and unambiguously to his heart's content and do what he thinks in his mind adds to this case.

He nor any other attorney from Ogltree Deakins will be successful in getting any court to reopen a 4 year old appeal.

- 13 -

There is no new evidence that will overturn any of them and he knows it.

Velocity is being pimped.  I would know I grew up in a neighborhood where I saw pimps everyday going to and from school.

I know when I see and when I see someone being pimped form money.

 However, it is the opinion of plaintiff that he would have done the same as other Ogltree Deakins attorneys and cowardly hide in the bushes waiting for hearing to be over and never appeared on the record of his client.
He has no code, honor or respect for his chose profession.  He was chosen by Ogltree Deakins not because of his ability to practice law, but for his ability to lie and transform something it is not and to create, submit, forged documents to a pending federal civil proceeding.

I would not hire any attorney from Ogltree Deakins to represent me for a parking ticket expiration ticket.

They would intentionally be the first person to be convicted and sentenced to life in prison without parole for a parking violation.

Their goal is revenue during this period of Covid and they have a multi-million dollar organization to far gone and on the course of federal imprisonment, all the while they continue to receive revenue.

The fact remains the court cannot use and accept an exhibit and not include the entire exhibit.
In the exhibit and in DKT 109 filed by Ogltree Deakins attorney decristoforo both Velocity and this so called attorney admit **Velocity "extended" the FMLA medical leave for plaintiff which on its own is a violation and interference in his FMLA rights** as the USDOL and FMLA rules and regulations prohibit and do not allow an employer to delay or extend the FMLA medical leave of an employee for any reason beyond the 12 week maximum as defined by the FMLA laws that govern the statue.

- 14 -

As far as the contact on May 4, 2018.  It was not a simple contact by an attorney, it was Ogltree Deakins attorney Christopher Meister who contacted plaintiff not just any attorney.

He was contain plaintiff while on FMLA medical leave on behalf of velocity and was interference and a coordinated distraction while at the same time, his client and specifically HR director Shauna Coleman was at the same time contacting AZDES and filing a another false complaint with AZDES in a 10 day span, this time claiming he was physically unable to work because he was approved FMLA leave until May 15, 2018 and he is refusing to report/do so even when that date has not been reached. And they already had documentation from his physician that cleared him to return to work with limitations on March 22, 2018.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| **Sent:** | Friday, May 4, 2018 8:28 AM |
| **To:** | Garrison Jones |
| **Subject:** | RE: |

Mr. Jones, I am writing to follow-up on our conversation on Wednesday. It is unfortunate that you again lost your temper and hung-up because I was only trying to clarify for you what the confidential settlement negotiation process entails.  Despite your recent behavior, my client is willing to try one more time to reach an amicable resolution. My client would prefer to resolve this matter in this way as opposed to taking the various legal avenues available.

If you are interested in doing so, you must understand that we will need to first agree on both monetary and non-monetary settlement terms and then reduce those terms to writing. You will then be provided the opportunity to review the settlement agreement and will need to sign it if it is agreeable to you. You will then be paid after you have signed the agreement and the period of time the law requires us to give you has expired. If you understand this process and are willing to engage in good faith settlement negotiations, please let me know.

Please understand that my client's willingness to have any further confidential settlement discussions is contingent upon you not engaging in any further misconduct. Please also understand that by engaging in further settlement discussions my client is not waiving its rights to take action against you for prior misconduct. Thank you for your time and responsible attention to this vitally important matter.

**Christopher J. Meister | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3720 | Fax: 602-778-3750
christopher.meister@ogletree.com | www.ogletree.com | Bio

However, this email on March 15, 2018 confirms plaintiff had been already terminated.

The call from Ogltree attorney was not to negotiate a settlement, it was to keep plaintiff occupied while and until Velocity HR director Shauna Coleman behind his back puts another obstacle in his path of receiving justly deserved unemployment benefits after he was terminated while o FMLA.

Again this attorney has no clue and is again being a 4 year old Tuesday quarterback where he is critiquing the results when he along with his other coward attorneys did not show up for the game or hearing but now he has the ability in his mind that he can make unsupported comments.

He is a joke. Attempting to now claiming this contact is connected to termination and not the intended recorded decision of Velocity falsely claiming he was physically unable to work because he was on FMLA medical leave.

Attempting to make the termination of plaintiff disappear and appear it never happen.

He continues now to use words and attempt to gain some form of credibility by using words like unambiguously and contradict which do not help his position.

The fact remains three separate attorneys from Ogltree Deakins have also offered without a single shred of evidence, three different versions and statements in regards of his termination all of them lies.

If the lies all of them are saying is true, plaintiff is the 1st and only person who was not terminated that won five separate appeals and survived multiple false charges and claims by his former employer, received unemployment benefits from his former

employer who paid these benefits an over a year later even while he was working for a different.

The only thing this attorney is accomplishing is revenue and billable hours and succeeding in bring Velocity and Ogltree Deakins further down in the abyss they are sinking into now.

This is a lie. The focus of this court does not need to be on dismissal of the complaint and the plaintiff, but on the defendants where it has been repeatedly discovered that both the defendant and their outside as part of their complicit conspiracy to continuously cover-up the termination of plaintiff while on approved FMLA medical leave that still exist today in additional to the documented fraud, intentional misrepresentation of facts, perjury and fraud upon this court in additional to the criminal fraud they both have participated in against United States government.

The fact plaintiff had to go "granular" and go back and look for communication in support of his termination for the fourth time as the court without the authority to do so and at the same time over-exceeded its authority in claiming de novo review of prior litigations and decisions which by the way were all in favor of plaintiff.

The court again ignored the res judicata and collateral estoppel and made a determination and ruling that plaintiff was not terminated, is not only unjust by prejudicial to the highest power after over 4 years where all these decisions ae all final judgement, the court opens the door again and forces plaintiff to re-litigate these decisions again for the fourth time.

By doing so allowed plaintiff to once again review all communications that resulted in the discovery of a chain of emails related to his receipt of Cobra documents he received that were automatically sent from Velocity ADP system after he was terminated by Velocity.

This explains and connects his termination and the fact that even though he was terminated, ADP system lacked "referential integrity" and left orphan task in subsystems including the ADP Workforce position module which is included in the

email he received from Velocity Senior Director Susan Haltopp on March 15, 2018 that the court now claims is part of the contradiction.

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity.  His record remains in ADP reporting to Michael B.  Please let us know if Michael or myself have open action item to release Garrison.


Regards,
Susan

**Susan Holtapp-Freiday** | **Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m 612.802.6914|
eMail susan.holtapp@velocitycloud.com  | Website velocitycloud.com

In that email she clearly acknowledges it as an **"open task"** that had not been completed from the termination task performed by Velocity HR where the plaintiff/employee had been terminated in the ADP system.

It is not "questioning his termination but recapping a prior conversation.


# TERMINATION – COBRA NOTIFICATION

Its apparent Velocity failed to or forgot that every HR system for the past 35 years has a day end close procedure that automatically runs to generate and update employment actions of the day and it automatically generates and sends Cobra notices after an qualifying event occurs i.e., termination and or reduction of hours which also triggers COBRA documentation sent to the employee.

This was not a qualifying event of reduction of hours, it was the termination of plaintiff that was completed in the ADP HR system that automatically generated the COBRA documents he received.

On Feb 22, 2018 Velocity HR Director Shauna Coleman sent plaintiff an email claiming she would send out "FMLA" information but covering up his termination when in fact she completed the termination on the ADP system that generated the COBRA documents as it is required by USDOL rules and regulations.

This also connects the fact plaintiff was later contacted by a recruiter who was recruiting for his position at Velocity

**Connects to his position being posted on Indeed.com on Feb 24, 2018 that was later deleted by Velocity.**

-------- Forwarded message --------
From: garrison jones <garrison.jones1724@outlook.com>
To: Shauna Coleman <shauna.coleman@velocitycloud.com>, Chris Heller <chris.heller@velocitycloud.com>
Date: Saturday, February 24, 2018, 1:02 PM -0700
Subject: why is my position being advertised - FMLA ???

Apparently Velocity has decided to move on and hopefully you folks have decided to settle these issues and allow me to move on

What is my status as last message from Shauna said I was on FMLA until

## Infor S3 Professional Services Lead - Procurement

**Velocity Technology Solutions, Inc. - Remote**
**Description**
Apply your expertise to Customers in healthcare and service sectors to help them transform their Supply Chain/Procurement operations using the latest products from Infor. Become intimately involved with driving solutions for complex business problems and allowing Velocity Customers to become better providers to their clients. With your knowledge of Infor's S3 product and of best practices in supply chain operations, you will lead the solution design, build, and testing for large scale projects in the U.S. Many times, these projects will be a full scale implementation of Infor and in other cases the projects will be a tactical re-design of business processes and Supply Chain system configuration. In all cases, you will be a functional leader on a small and collaborative project team. As an Infor Professional Services Lead, your project manager and teammates will look to you as the subject matter expert and solution architect for Customers using Infor's solutions in Supply Chain (e.g., v10 and CloudSuite).



Vel⊙city

 **Follow** Get job updates from Velocity Technology Solutions, Inc.

Velocity Technology Solutions, Inc. Velocity Technology Solutions is a leader in enterprise and business application services, fully- managed and protected within a virtual...

Let employers find you

After they received this message from plaintiff.

Plaintiff never received a response however the next day Feb 25, 2018 the job posting had been deleted as part of the cover-up.  Too late, plaintiff already had a copy of it complete with Velocity logo.

Additionally it also connects to his position being posted on Velocity internal job website



Still after all this evidence they continue the cover-up and charade plaintiff is still employed.

> From: Shauna Coleman <shauna.coleman@velocitycloud.com>
> Date: February 22, 2018 at 10:09:12 AM CST
> Subject: Re: FMLA
> Hi Garrison,
>
> Thanks for reaching out. As mentioned previously I wanted to speak with you regarding FMLA to provide you guidance on the companies policy, process, calc, etc. and to discuss what to expect following STD. I plan to have an email out to you by Friday, let's plan to talk afterwards.
> Thank you
>
> **Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.
> o 704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com
>
> Feb 26, 2018 at 2:46 PM, Garrison Jones <garrison.jones@outlook.com>wrote:
> Who is supposed to be contacting me on this topic? I received info on Cobra this weekend. Confusing please advise ASAP.

At best they have out forth a **"piss poor"** effort in tempt at covering up the termination of plaintiff while on approved FMLA with forged documents, false statements that only lead its way back to Velocity and attorneys from Ogltree Deakins.

Then reverting to a petty 3rd grade practices / attempting to use  using one of **the oldest defense tactic/ trick in the book (accuse the accuser) by attempting  to**

- 21 -

frame the plaintiff falsely accusing him as being person/ perpetrator of  the crimes they are accused of/committed.

Simultaneously, they are attempting to draw the courts attention away from the criminal fraud/forgery they have created and filed with this court this time instead of cowardly doing it behind the back of plaintiff they now with impunity do it in open court as if they will not be challenged on its authenticity .

Plaintiff will show this court the results of his due diligence where there is no **ambiguity as to the truth of his** termination and the fact all of his health benefits by velocity were cancelled by Velocity.

The email **of May 15, 2018 does not contradict the termination but his termination of plaintiff contradicts the email** that was sent for the very purpose of inducing a single person to believe it was truth when it fact was part of the conspiracy to cover-up the termination of plaintiff.

The email was part of a last ditch effort to confuse anyone who read it.  This time they have reach the pinnacle where no one before a Chief Judge of the US District Court of Eastern California is the only person who believed the lies being told in this email in that email and made the wrong decision by the court to use it as the basis to determine it alone as the court claims "contradicts" his termination (without any proof) in using it to make the assumption there was no termination.

The existence again was disturbing that after all the documented evidence and events Velocity is still attempting to cover-up his termination for months after it occurred, yet they and their attorneys intentionally prefer not to attend a single hearing or offer any evidence to defend or make a statement on the record on their own behalf, thus losing every single appeal and effort to testify fearing it would hurt their chances in any future litigation.

**The entire email was a collection of lies in print** and none of it offers or proves Velocity was actually paying for and offered no proof plaintiff was receiving any health benefits.  It was simply a distraction of deceit and misrepresentation of the truth.

Two months after that they attempted to use the same excuse and method and their appeal was denied and dismissed.

Equally, two days after this event velocity again broke into the email account of plaintiff to get rid of evidence, communications and emails related to his termination and delete evidence of communication of the conspiracy and connection to their thief of intellectual property from Lawson/Infor which is what they were after and badgering plaintiff for throughout his FMLA medical leave.

They could care less if he was on FMLA medical leave or not.

All their communication and demands for this information is clear.

Velocity did not care less about their previous statements and communications and broke into the email account of plaintiff and continued to destroy and delete any discriminating evidence of his termination and evidence of the stolen intellectual property from Lawson/Infor that may be contained in his corporate email account.


This case can and should not be dismissed because over the past 3 months plaintiff has put forth an enormous effort and due diligence in attempting to clear his name and prove to this court he was unlawfully terminated while on approved FMLA medical leave and that every single statement, pleading by the defendants and their outside counsel from Ogltree Deakins as well as all the criminal fraudulent documents he has uncovered since September 30, 2020 are all part of the conspiracy to cover-up this fact.

Plaintiff has worked with local, state and federal authorities as well as multiple organizations/agencies in obtaining undisputable  documentation that also proves that he was not receiving any health benefits from Velocity after they were all cancelled by

- 23 -

Velocity in retaliation against him for filing a 15 page racial discrimination complaint with HR on January 16, 2018.

As the situation changed after plaintiff filed an appeal to his termination with AZDES so did Velocity, who after terminating him unlawfully changed their version/story of his termination, because of the impact of terminating him while on approved FMLA and the financial monetary damages far outweighs paying unemployment.

This is when Ogltree Deakins comes in and after they were told plaintiff was terminated  while on FMLA, they with Velocity began the unethical, illegal, criminal complicit conspiracy to cover-up his termination and began bui8lding the foundation of strategic email messages to him ( **on his personal email account**) to make it appear he was receiving health benefits and wages.

At the same time, and for a period of over a year, both Velocity and Ogltree intentional failed to appear at multiple appeal hearings, however they were hard at work in filing multiple other false claims and allegations against plaintiff to first prevent him from obtain unemployment benefits after he was terminated but also laying the foundation of forgery, filing false complaints, making false allegations of fraud against the plaintiff in the event of future litigation.


The court contends that at email dated May 15, 2018 as they claim "contradicts" a different email on March 15, 2018 that it unambiguously" makes the assumption because now that plaintiff had filed not just for unemployment but also on May 8, 2018 he had also filed a federal lawsuit in the Northern District of Illinois that now was the time to change their story and now claiming he was still employed and to "**sweeten up the pot**" not only still employed but still receiving full health benefits.

It was a ploy.  Plaintiff was not receiving any benefits from Velocity however, they want this court and others to believe that here is an organization that uses **FREE Gmail** as their corporate email system, one that does not own a certified copy of Microsoft Office, preferring to use the free version of Google apps however, for over an 8 month period they are paying over $1,000.00 per month   they   (Velocity) were

paying the employer portion and employee portion of the health premiums and did so for over 8 months from January 2018 until the August 16, 2018, date they claim his employment ended with velocity's unlawfully terminated, then at the same time paying their outside counsel from Ogltree Deakins for two attorneys at $500.00 per hour, not to appear in any scheduled hearings, then at the same time, Velocity continues to file false complaints against the plaintiff including "unemployment fraud" after the lost appeal hearing and after stalking plaintiff looking for anything they could use against him, they found out he had taken a after he was terminated with Prime Healthcare as a corporate employee and was working out of one of their small 35 bed facilities in Bloomington, Indiana and immediately contacted AZDES accusing plaintiff of unemployment fraud ( a felony) attending to induce AZDES to do their dirty work , in contacting law enforcement to file formal charges against him.

Plaintiff was simply trying to go on with his life after suffering a near death medial issue.
It is apparent, as already demonstrated, Velocity will the assistance /advice of Ogltree Deakins will try and take advantage of anything they think is available to them and use it to hurt plaintiff, even send him to prison and will use the resources of any local state and or federal agency to do so.

What employer files a false complaint against an employee they claim is still employed with an agency after they stalked him, found out he was employed with another organization after recovering from a major stroke, claiming he is committing unemployment fraud in a different state, after they have lost an appeal, to induce this agency to contact law enforcement after they contacted them to weaponize law enforcement to believe this statement and send him to prison, while they hide in the bushes and want the entire event pan out, like they had nothing to do with it?  Who does that?

Even though it failed it shows the vindictive nature of Velocity and Ogltree Deakins and the length they will go to lie and to induce other use the resources of other agencies and local, state and federal resources to do their dirty work.

Again who does that?

As the issue changes so does their version of the story or they cowardly hide in the bushes hoping for any decision as long as it is in their favor.

'This at the same time, is fighting plaintiff to not pay unemployment benefits after he w

As of the date of this pleading and since October 2021, plaintiff has received multiple documents from local, state and federal agencies as well as other organizations that unambiguously prove Velocity /Ogltree were lying about his receiving health benefits in addition to the undisputable fact Velocity /Ogltree Deakins as late as September 9, 2021 have been filing false forged documents with multiple agencies specifically /mainly with the USDOL proving this entire case is being finance by Velocity on a foundation of fraud, forgery and criminal acts against plaintiff and the federal government.

They have not presented a single pies of evidence even though they have had over 10 occasions to do so showing Velocity was paying a single dime for health benefits.

They used this same tactic in an appeal filed on July 23, 2018 and the entire appeal was denied with prejudice with a notation from the court that it was an **"unsuccessful tactic"** and specifically told to Velocity and Ogltree Deakins they had no right to appeal the court's decision which they ignored and violated the court decision and filed another motion to "reopen the initial hearing" which is the same as an appeal and it was denied and dismissed as well. The decision was FINAL.**

The plaintiff was unlawfully terminated while on approved FMLA medical leave and it was not for any misconduct on his part.

The exhibit this court used to make its determination was just as depicted by plaintiff as **"disturbing"** and that as the date of the appeal approached it was **disturbing** that for months prior to the hearing, Velocity avoid and never responded to any questions

or inquiries yet as the date approached their version did and about face and changed their version of the story they have said for months on May 15, 2018.

It is and was disturbing that they have changed their tone as the clock is ticking on the scheduled appeal hearing.

**Garrison Jones**

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Saturday, February 24, 2018 12:30 AM |
| **To:** | garrison jones; Garrison Jones |
| **Subject:** | Re: Benefit Premium Recoup |

Good Evening Garrison,

On January 23, 2018 we notified you that we needed you pay for your portion of the benefit premiums that have not been paid in order to not lose coverage.  Please provide payment for the following months and amounts:

- December 2017 = $291.37
- January 2018 = $378.13
- February 2018 = $378.13

As previously mentioned, we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

This is the second request for payments. Velocity is not responsible for your benefit premium and without payment you are at risk of losing coverage.  Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you,

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

Using the courts language of contradiction and unambiguous

**First,** Velocity in December 2017 unambiguously informed plaintiff they would collect his portion of premiums when he returned to work.

> On Dec 22, 2017, at 12:37 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:
>
> Hello,
>
> Thank you Wendy. Garrison, as mentioned during open enrollment you will not be eligible to receive LTD benefits on your current disability as you did not have this coverage in place when this situation started. That said, you will be eligible for coverage in a year (with review by Lincoln Financial).
>
> Velocity will collect your premium once you return to work.

1

**Second,** , Velocity   a month in January Do18 ambiguously   demanded repayment of health after the filing of 15 page complaint with HR, and after plaintiff detrimentally relied on the prior commitment, Velocity in response to the filing of the complaint with HR in succession.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Tuesday, January 23, 2018 7:26 PM |
| **To:** | garrison.jones1724@outlook.com; Garrison Jones |
| **Subject:** | Benefit Premium Recoup |

Good Evening Garrison,

As previously discussed the last time that you paid for your benefits was November 30, 2017. We need to recoup your benefit premiums for December 2017 and January 2018 (breakdown listed below). In the past we have collected these payments via payroll deductions, but since you have been on short-term disability Lincoln Financial has been paying your directly.

| | Dec-17 | Jan-18 |
|---|---|---|
| **Medical** | $ 185.83 | $ 242.15 |
| **Dental** | $ 22.21 | $ 25.77 |
| **FSA** | $ 83.33 | $ 83.33 |
| **LTD** | $0 (not enrolled) | $ 26.88 |
| | $ 291.37 | $ 378.13 |

In order to continue your benefit coverage we need to recoup the premiums for December and January, totaling $669.51. Starting in February 2018 we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you

**Shauna Coleman** | Director, Human Resources | **Velocity Technology Solutions, Inc.**

 Active employees pay premiums one month in advance not in arrears.
, so coverage ends on the last day of the month following the month you terminated employment. ... Payment is prepaid the prior he month before the month of coverage.

Plaintiff paid for the month of December coverage in November 2017.

However, Velocity cancelled his vision coverage in December after he paid for it in advance.

Velocity was made aware of this but completely ignored the communication yet they 7 months later claims he was still receiving this health benefit and he was not.

After receiving this email from Velocity HR Director Shauna Coleman, plaintiff after his past history where velocity lied to him and changed their intent multiple time, **he refused to all Velocity to have any input or control over his ability to recover from his stroke.**

Plaintiff on January 24, 2018 applied for State of Arizona medic aid and was approved on February 27, 2018

Below is official letter received from the state of Arizona Medicaid program dated November 8, 2021 with the dates plaintiff was enrolled and received state Medicaid.

Full copies of the letter and envelope is attached as well.


**Third,** Velocity   on February 24, 2018 for a second time unambiguously   demanded repayment for a **second time**.  Stated clearly **"Velocity is not responsible for your health benefit premiums" (February 24, 2018**

## Garrison Jones

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Saturday, February 24, 2018 12:30 AM |
| **To:** | garrison jones; Garrison Jones |
| **Subject:** | Re: Benefit Premium Recoup |

Good Evening Garrison,

On January 23, 2018 we notified you that we needed you pay for your portion of the benefit premiums that have not been paid in order to not lose coverage.  Please provide payment for the following months and amounts:

- December 2017 = $291.37
- January 2018 = $378.13
- February 2018 = $378.13

As previously mentioned, we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen. and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

This is the second request for payments. Velocity is not responsible for your benefit premium and without payment you are at risk of losing coverage.  Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you,


**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.



## Meanwhile between January 16 and May 2018 Velocity

1. Revoked his access to corporate email
2. Cancelled all of the remaining health benefits
3. Revoked his access  to all Velocity systems
4. Terminated him while on approved FMLA
5. Began the cover-up of his termination.

Yet as time moved forward plaintiff obtained employment at another organization after recovering from a major stroke.

Velocity knew this because they were stalking him, yet even knowing that an employee they claim is employed at another organization, they and their attorneys claim he was still employed at Velocity receiving wages and benefits.

The fact remains that both Velocity and Ogltree Deakins had the specific intent that none of their unethical, illegal criminal acts would ever be uncovered.

However, it is clear they both underestimated the efforts of due diligence on the part of plaintiff and his efforts to clear his name of all false allegations and claims made by each of them.

They had the full intent to introduce the false complaints and documents if and when litigation was filed in the future **"up until they were uncovered and discovered by plaintiff.**

**At that point they became "useless" and then only implicated them in the creation and filing of all the false documents, complaints etc. uncovered.**

**Their strategy then became to minimize and discredit the discovery.**

The plaintiff does hereby inform the court that his delayed response was related to the safety off himself and his immediate family and the fact that he has during this same time period has been performing due diligence by working with the authorities to obtain proof that he was not responsible for the false fabricated documents, complaints and claims filed under his name with their respective agencies.

In addition, plaintiff and his family who are enrolled in and part of the Safe at Home program for stalking, harassment Domestic Violence, because plaintiff has been stalked by Velocity for years.

Plaintiff had to physically move to a more secure location as a security precaution.

- 32 -

It is believed his physical residence had been compromised by the defendants and their attorneys from the law firm of Ogltree Deakins who have been actively stalking plaintiff and his family for now over 4 years attempting to find his location and murder him to prevent him from continuing to proceed in multiple federal cases in the Eastern District of California and participate in criminal investigations where both the defendant (Velocity) and their attorneys from Ogltree Deakins will be indicted and prosecuted for local, state and federal crimes both committed against plaintiff, his family and criminal fraud against the United States government.

Defense counsel has repeatedly attempted to down play all of the facts despite the insurmountable amount of evidence that implicate Velocity and Ogltree Deakins as the only parties who had access, knowledge of this information and its use as a means of fraud, deception and criminal intent to yet again add multiple layers of fraud by attempting to claim/frame the plaintiff as the individual who filed all of these false claims, allegations, and documents with these respective legitimate local, state and federal agencies.

There is no document this is an ongoing conspiracy to do so.

At the same time, defendants have used the internet, searched job sites and as of June 2021 began not only **to aggressively stalk the plaintiff but now also his family in attempting to locate him.**

Documented history shows they will use anything available to them to harrass, stalk, disrupt, intimidate, and intimidate plaintiff in any way they can to prevent continued exposure of their criminal acts against him.  He has been the target of these acts again, for over 4 years and **they will not quit until he is dead**.

Plaintiff and his family for the entire year of 2021 has been subjected to  enhanced harassment and stalking  that has resulted in a total of seven (7) official police reports Beginning on Jan 6, 2021.

Since September 2021 plaintiff has been at the mercy of these agencies to investigate and receive documentation to first clear his name from all of the false fabricated ,

- 33 -

forged documents but also obtain proof they were not filed or written by him, but also obtain information that the false claims they (Velocity and Ogltree Deakins) in regards to his alleged continued medical, vision and dental coverage statements were all completely false and was made by them to make it appear plaintiff was still covered and receiving these benefits when he was not.

As late as the date of this pleading, plaintiff is still waiting on a response from the last agency to prove he was not receiving vison coverage because Velocity had cancelled it in December 2017.

Not wanting to send bits and pieces to the court is also the reason for the delayed response.

The court cannot dismiss this case or any other case when plaintiff has repeatedly and continues to uncover the truth.  The defendants and their attorneys want this case dismissed because it has ramification of criminal indictment and it is a means of escape.

The court has to agree that as these facts have been uncovered, the only parties who have a vested interest, inventive and motivation to plant this evidence in the files of a United States federal agency are Velocity who is financing this fraud and Ogltree Deakins who are advising them to do so in order to escape the sever financial ramifications of terminating plaintiff for no legal reason while he was on approved FMLA medical leave, then creating an elaborate scheme to cover it up.

None of this evidence would be there if not for the defendants and their attorneys.

They laugh at the notion that it is not a premediated conspiracy.

However, the evidence speaks for itself.  The fact that it was done behind the back of plaintiff and done even before any litigation related to FMLA was even filed speaks volumes and intent of bit Velocity and Ogltree Deakins.

Their preference has been to make a false allegation, claims, create and submit documents that are forged by them in order to create an aura condition of deceit, to

- 34 -