Garrison Jones
Plaintiff (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com

**FILED**

FEB 2 5 2022



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br><br>**Plaintiff,**<br><br>v.<br><br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>**Defendants.** | **Case No.: 2:19-cv-02374 KJM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed:  Nov 25, 2019<br><br>Date set for trial: NONE |

## Motion for Joinder of Party
### Ogltree, Deakins, Nash, Smoke, Stewart, P.C

1. **PLEASE TAKE NOTICE** that on March 24, 2022 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacramento, California 95814, Plaintiff Garrison Jones will move this Court for an order to add /joinder of the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C  as a defendant/party to the above complaint.

- 2 -

**PLEASE TAKE NOTICE** that March 24, 2022 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacrament, California 95814, Plaintiff Garrison Jones will move this Court to grant his motion to add a joinder by adding the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C as a defendant/party to the complaint before this court.

This Motion will in the opinion of the plaintiff finally assist this court in making crucial decisions and ruling as well as holding all parties liable and accountable for their actions against plaintiff.

- 1 -

Plaintiff's Motion for Joinder pursuant to Rule 19(a) will be granted by applying the legal standard for doing so.

**At no time did Velocity act on any of the issues, claims and allegations in this complaint alone.**

**At all times Ogltree Deakins as a law firm and all off their attorneys have been active participants in all the litigation, violations, claims and the criminal violations of local, state and federal law that have been committed against the plaintiff Garrison Jones.**

**As such, they are if not more responsible and liable for all the claims, allegations and should also share in all the damages and relief the court awards to the plaintiff.**

**The court is well aware that Ogltree Deakins will never call a single witness** to testify on the record at any hearing or proceeding on behalf of or from Velocity.

Instead they have offered declarations from attorneys at their firm (Jennifer Colvin) an attorney that has sent forged documents to a federal government agency and filed documents with this agency as part of the documented conspiracy of planting false fabricated FFMLA complaints in the files of the USDOL on August 24, 2018.

- 3 -

Ogltree Deakins have been involved even before this complaint was filed and are the principle party who instructed, advised, participated in, and created many of the forgery of documents that have been not only presented to this court, but also to the US District Court of Northern Illinois, AZDES, the Arizona Court of Appeals and to the United States Department of Labor.

They were never acing as the defendants attorney in any of the matters in all of the litigations.

As such they are equally if not more responsible /liable for all the damages plaintiff has suffered and continue to suffer at the hands of Velocity and Ogltree Deakins attorneys.

Both are in complete denial of their actions and liability.

In addition, both are under the delusion that they will walk away from the civil and criminal cases against them un-touched.  They are both wrong and mistaken.

 Legal Standard Federal Rule of Civil Procedure 19(a) states the circumstances under which a third party must be joined to a lawsuit. Rule 19(a) (1) states that: (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties.

In addition, a party must be joined as they have been discovered and acted as an active participant in the injuries to plaintiff.

- 4 -

## Analysis

Plaintiff argues that Ogltree, Deakins, Nash, Smoke, Stewart, P.C must be joined to this matter under Rule 19(a) as a necessary and indispensable party.

Plaintiff argues that without Ogltree, Deakins, Nash, Smoke, Stewart, P.C the Court cannot provide complete relief to Plaintiff.

As support, Plaintiff states that Ogltree, Deakins, Nash, Smoke, Stewart, P.C has from the before the filing of many complaints that began since plaintiff his employment at Velocity attorneys from the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C Have been intimately involved and participated, interfered and violated many of the employment related actions by Velocity as well the violations of local, state and federal laws of this country committed against the plaintiff.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C is equally if not more liable and responsible for the multi-state stalking, intimidation , harassment directed at plaintiff and has used their legal positions to assist Velocity in the forgery of documents, perjury and all the criminal violations of the law, committed against the federal government of the United States.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C   was the firm driving many of not all of these actions and continues to do so in plain view of this court.

Plaintiff also argues that the "interests of justice and judicial economy" will be served if Ogltree, Deakins, Nash, Smoke, Stewart, P.C is joined in this case

Plaintiff argues that Ogltree, Deakins, Nash, Smoke, Stewart, P.C  is a necessary party four (4) years show they have also fraudulent concealed evidence , assisted and participated in the planting of evidence and obtain financial monetary gain for their actions and participation from Velocity.

- 5 -

They have never acted as the legal counsel or advisor to Velocity and should not escape their liability and the damages that have been inflicted upon the plaintiff and his family.

They have forsaken their oath as officers of the court and as such must be added as a party to the current litigation.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C should not be allowed to simply walk away unscathed from this litigation.

 Ogltree, Deakins, Nash, Smoke, Stewart, P.C is an indispensable party."

In many of their pleadings Ogltree, Deakins, Nash, Smoke, Stewart, P.C   has offered and present evidence of the willingness of adding attorneys from their firm as witnesses as well as affidavits.
.

While this is strictly forbidden as an attorney cannot testify in the same case they are representing the client, the evidence shows they in fact should be defendants.

Jennifer Colvin is the attorney who has committed a federal criminal offense where she sent known fabricated documents (withdrawal letter and fabricated FMLA complaint) to the USDOL on August 24, 2018.

These documents were attached to an FMLA complaint that to this day has not been acknowledged by Velocity or Ogltree, Deakins, Nash, Smoke, Stewart, P.C because once again they have been caught in criminal activity.

- 6 -

This complaint, was uncovered by plaintiff on September 30, 2020.  Jennifer Colvin even confirmed and recognized herself as an attorney, however in the document the call and agreement, they intentionally omitted the actual complaint number.

However, Velocity and Ogltree, Deakins, Nash, Smoke, Stewart, P.C   were the only ones who knew this fabricated FMLA complaint was planted in the files of the USDOL on July 19, 2018 and knew when they sent other documents on August 24, 2018 they would be attached to this complaint.

They had the full intention of using it up until plaintiff uncovered it in September 30 of 2020 over 2 years later.

They then abandoned it and has never spoke of it other than now they are calling it an "unknown claim" when in fact it shows the extent of the conspiracy they are involved in.

Attached in support of this motion are five (5) documents from the USDOL that are forged documents, complaints and filings attributed to Ogltree, Deakins, Nash, Smoke, Stewart, P.C  attorneys that have been created on behalf of their client.

It is for certain, Velocity knew about them or in the opinion of plaintiff Ogltree, Deakins, Nash, Smoke, Stewart, P.C attorneys created them on their own, billed Velocity for them and sent them to the court or the USDOL a government agency.

Either way, their liability for submitting them is more than enough to show they are participants in this litigation and must be held liable, responsible and accountable for their actions.

Plaintiff from the beginning has been fighting not only Velocity but over nine different attorneys from the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, and P.C.

Velocity has never acted alone.

- 7 -

**United States Department of Labor**

The USDOL has completed several investigations based on documents sent to the by plaintiff and have concluded the plaintiff Garrison Jones did not and could not have filed a single FMLA complaint or any other complaint with their agency from the year 2017 until the present date.

The USDOL has completely exonerated Garrison Jones from all the forged documents and all of the false fabricated FMLA complaints in their records.

In addition, they have concluded that all the FMLA complaints and documents in their files were all sent, filed by Ogltree Deakins attorneys or by employees from Velocity.

## CONCLUSION

 For the foregoing reasons and documented evidence from the United States Department of Labor that illustrate the involvement of the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, and P.C. be joined as a party/defendant in the above litigation.

Plaintiff's Motion for Joinder pursuant to Rule 19(a) must be granted.

- 8 -

## EXHIBITS AND EVIDENE US DEPARTMENT OF LABOR

## SEPTEMBER 2020 THRU DECEMBER 2021

## EXHIBIT A

False Fabricated FMLA complaint 3850645 filed by Velocity /Ogltree Deakins at USDOL on July 19, 2018.
Page 3 contact log   shows the Chicago DO received a withdrawal letter citing a settlement between CP and ER.
That an attorney was (**Jennifer Colvin**) as the attorney who sent these documents to the e USDOL on August 24, 2018 because she identified herself as an attorney to gain some form of credibility.
None of these documents were ever seen by plaintiff until September 2020.

All of them were **fraudulent concealed** from him by Velocity and Ogltree Deakins and they were not present on August 16, 2018.

However the court can see it is intentionally omitted from the document they call an agreement.  It was done so not to alert plaintiff of the real complaint number, they had in their possession.
**It was all part of the conspiracy and pre-meditated by Velocity and Ogltree Deakins.**

**They had the full intent of using it up until it was uncovered by plaintiff on September 30, 2020.**

- 9 -

**It then became useless to them,** however they to this day have failed to recognize it and began to call it **"unknown claim"** now that they have been caught planting evidence in a federal agency.

They have not mentioned it in any pleading once.

However she was not the attorney for plaintiff.  She was attorney representing Velocity.  Velocity and attorneys from Ogltree Deakins were the only parties who knew this false fabricated FMLA complaint was planted in the files of the USDOL on July 19, 2018.

Plaintiff only found out it existed on September 30, 2020 via FOIA request and response from the USDOL.

**EXHIBIT B**
**FOIA appeal Garrison Jones**

**EXHIBIT C**

**USDOL Appeal response dated September 30, 2020**
After receiving evidence from plaintiff USDOL response found no record of an FMLA complaint filed by plaintiff Garrison Jones against Velocity.

**EXHIBIT D**

- 10 -

## FOIA request plaintiff to USDOL dated May 27, 2021

Requesting copy of withdrawal letter from September 30 response.  Also plaintiff informed USDOL he never created or signed any with drawl letter of any FMLA complaint with the USDOL.

## EXHIBIT D1

Actual copy of fabricated withdrawal letter created by Velocity General counsel Chris Heller **August 15, 2018** then sent to Ogltree Deakins attorneys that later was sent to USDOL by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018

## FOIA request plaintiff to USDOL dated May 29, 2021

Requesting copy of attached FMLA complaint mentioned in withdrawal.
 Also plaintiff informed USDOL he never created or signed any with FMLA complaint nor had he filed any FMLA complaint with the USDOL.

## EXHIBIT E

## FOIA response from the USDOL dated June 8, 20210

- 11 -

# EXHIBIT F

## Forgery of FMLA complaint letter by Ogltree Deakins attorney decristoforo, anthony J on September 9, 2021

Since plaintiff already received response from USDOL that there was no record of any FMLA complaint filed by him, decristoforo decided he was going to forge the same document that was originally forged by another Ogltree Deakins attorney (Jennifer Colvin) and "retro-fit" it back dating it to May 22, 2018 claiming plaintiff now sent it 3 months earlier than the forgery by Jennifer Colvin on May 22, 2018.

It's highly unlikely the plaintiff sent two different versions of this fabricated FMLA complaint to the USDOL one addressed to a Chicago address and the other to a Wheaton, Illinois address.

Both of the fabricated FMLA documents are forgeries created by two different Ogltree Deakins attorneys. The proof is the forgery by decristoforo and because he is "anal" about punctuation, he went in and replaced VTS with Velocity Technology Solutions to make it look more authentic and then adding more text that the version by Jennifer Colvin. They still are both forged documents.

# EXHIBIT G

## FOIA response USDOL dated October 18, 2021

Confirming that there is no record of the false fabricated FMLA complaint in the records of the USDOL sent to the court on September 9, 2021 confirming it was a forgery specifically created by decristoforo, anthony J

Again, the plaintiff has been exonerated by a United States federal agency from the filing of all of these fabricated and forgery of documents by both Velocity and a=attorneys from Ogltree Deakins.

**EXHIBIT J**

**Document Ogltree Deakins and Velocity are claiming to be an agreement.**

USDOL has also confirmed that there is no record of a FMLA complaint filed by plaintiff Garrison Jones against Velocity on May 22, 2018, even though in this document they claim there is one.
**There is one filed but it was planted in the files of the USDOL by Velocity and Ogltree Deakins on July 19, 2018.**
  However as the court can see they have intentionally omitted any identifying information and complaint number from the document they are calling and agreement.

Records at the USDOL confirm Velocity /Ogltree Deakins asked for and received a copy of the complaint number 3850645 before the month of August 2018.

A federal agency has completely exonerated plaintiff from the filing of all of these fabricated and forgery of documents by both Velocity and attorneys from Ogltree Deakins.

This supporting evidence is more than enough to prove to this court Ogltree Deakins must be added to this case as defendants.

- 13 -

He

Respectfully submitted,

Dated: February 22, 2022

**Garrison Jones Plaintiff** (Pro Se)

General Delivery
Sacramento, California 95814
garrison.jones@outlook.com

- 14 -

# WHISARD Complaint Information Form

## U.S. Department of Labor
Wage And Hour Division

| | | |
|---|---|---|
| Complaint ID: **3850645** | Receiving **Chicago IL District Office** | Last updated by ~~PC - Personal privacy~~ |
| Date of Contact: **07/19/2018** | Contact Priority: | Last updated |
| Complaint Status: **FILED-NO ACTION** | Contact Type: | See customer history log for Contact type(s) |

### Establishment Information

| | |
|---|---|
| Name: **Velocity Technology** | Primary Phone: **704-357-7705**  ext. |
| Address: **1901 Roxborough RD.** | Other Phone:  ext. |
| **Charlotte, NC 28211** | Fax:  ext. |
| | Email: |

| | |
|---|---|
| County: **Mecklenburg** | NAIC |
| Contact Name: | Gov. Contract, Furnishes:  **N** |
| Contact Title: | Gov. Contract, Furnishes services:  **N** |
| Estimated # of locations: | Gov. Contract, Performs construction:  **N** |
| Headquarters location: | Gov. Contract, Other contract type:  **N** |
| Branch Name/Location 1: | Gov. Contract, Unknown contract  **N** |
| Branch Name/location 2: | Est. expiration date of gov. |
| ER business status: | Estimated EEs affected: |
| Estimated $ADV: | Special Coverage: |
| Nature of Business: | Franchise:  **N** |
| Interstate Commerce: | Union Shop:  **N** |
| Number Of Employees: | ER Exempt?  **N** |

### Person Submitting Information

| | |
|---|---|
| Name: **Jones, Garrison** | Primary Phone: **916-870-4060**  ext. |
| Address: **705 West Liberty Drive** | Other Phone:  ext. |
| **Wheaton, IL, 60187** | Fax:  ext. |
| | Email: |
| | If not complainant, EE Name: |
| Is Customer complainant?  **Y** | |

| | | |
|---|---|---|
| Verbal permission to use name | **N** | Verbal notification of Private Right |
| Written permission to use name | **N** | Action  **N** |
| Written permission to use name | **N** | Relationship: |

| Alleged Act | Alleged Violation | From | To | Notes |
|---|---|---|---|---|
| *FMLA* | *Discrimination (e.g. disciplinary action)* | | | |

## WHISARD Complaint Information Form

Most critical act:  *FMLA*

| **Employment Information** | | **Payroll Information** |
|---|---|---|

**Employment Information**

Job title:

Description of duties:

Employed From:                    To:

Employee status:

Date of Birth:

Employee age at time of complaint:

Employee age at time of violation:

**Payroll Information**

Pay rate:

Hours Worked:

Sun  Mon  Tue  Wed Thu  Fri   Sat

Avg. hrs per day:

Days worked per week:

Total hrs per week:

Pay period:

Time records kept:    *N*

## Complaint Notes

*CP Jones wishes to file complaint againt Velocity Technology.CP feels that the Company was busy against her for filing discrimination complaint regarding FMLA..*

*CP alleges that she did not received the notification in the required  five business days*
*CP alleges no  conversation was ever held with any Rep from Velocity.*

*No other documents(e-mail) were received to support provision that is offgered on FMLA.*

*CP Jones alleges that Human Resource Director Shauna Coleman never mailed anything to her home.*

*CP alleges never receiving any FMLA information in the required timeframe  that she did not receive any FmLA information in the required time frame.*

*CP feels that company is retaliating against her due to her filing a discriminaiton complaint against Velocity.*

*CP alleges that company is trying to cover there tracks concerning the documents that were lleges that based on the communicaitons withj Velocity Technology are covring tyheree tracks that they prov idced CP with the documents in regards to taking FMLA.*

*CP alleges that Human Resource Shauna Coleman alleges sent e-mail concerning issues of the injury date and year she was hire.*

*CP alleges that dates that VTS claims were in correct and are trying to cover themselm.*

*CP states in the letter that she never made any such statement.*

*CP wishes to file complaint against VTS alleging that company made false claims of her requesting FML.*

*CP wants it on recordsthat company might try to terminate her for false claim of non compliance with FMLA*

*CP stated that she attachment of email to support her complainbt. No attachement was included with this compla9int.*

*CP feels that VTS is retaliating against her for filing discriminaiton compklaint and feel they dropped the ball on providing the documents on FMLA.*

*Its CP words against VTS that they*

## WHISARD Complaint Information Form

*CP alleges that the requested time she put in with VTS is incorrect to the time she was off on FML. CP alleges tht she did not ask for certain off and know HR is trying to covers it tytrack.*

*Chicago DO received a withdrawal letter from attorney citing a settlement between CP and her ER.*

Contact Log:

*08/24/2018 1:43:46 PM*      *FILED-NO ACTION*

*07/19/2018 5:14:44 PM*      *INTAKE ONLY*

Date: 09/29/2020 3:47:49 PM          Customer ID: 3850645                    Page 3

*B*



FILE   MESSAGE

 Wed 9/30/2020 9:16 AM
Garrison Jones <garrison.jones@outlook.com>
896928

To   foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

**U.S. Department of Labor**       Wage and Hour Division
                                   Washington, DC  20210

USDOL FOIA Appeal
RESPONSE                                                    C

October 30, 2020

Garrison Jones                              Sent via email to *garrison.jones@outlook.com*
P.O. Box 188911
Sacramento, CA  95818

RE:     Freedom of Information Act Response
        Tracking Number 2021-F-00657

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor is responding to your request
made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated October 16, 2020.
Specifically, you asked for any record of a compliant made by you regarding Velocity
Technology Solutions in 2018.

In accordance with 29 CFR § 70.20(a), we can only include responsive documents in our
possession as of the date our search began.  The search began on October 28, 2020.  After
performing an electronic search of the Wage and Hour Investigative Support and Reporting
Database, we did not locate any documents responsive to your request.  Consequently, we are
providing a "no records" response.  You have not been assessed related fees as the processing
costs incurred did not exceed the chargeable minimum.

If you need further assistance, please contact LaRhonda Pannell by email at
*pannell.larhonda@dol.gov* or call 770-736-5465.  You may also call this office at 202-693-1004.
If we cannot assist you in your concerns, you may contact the Departmental FOIA Public
Liaison, Thomas Hicks, at 202-693-5427 or email at *hicks.thomas@dol.gov*.  Alternatively, you
may contact the National Archives and Records Administration's Office of Government
Information Services regarding available mediation services at Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi Road,
College Park, MD 20740-6001.  You can also reach that office by email at *ogis@nara.gov*, by
phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter.  The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required.  In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter.  The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal."  Any amendment to the appeal must be made in
writing and received prior to a decision.  The appeal should be addressed to the Solicitor of
Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor,
200 Constitution Avenue, NW, Room N2420, Washington, DC  20210.  Appeals may also be

FOIA Appeal B

FILE    MESSAGE



Wed 9/30/2020 9:16 AM

Garrison Jones <garrison.jones@outlook.com>

896928

To    foiarequests@dol.gov

There is a big problem.  I did not make the complaint under your customer
I'd 3850645

The phone number listed with this complaint I got rid of because of harassing phone calls from
my former employer Velocity Technology Solutions.

In September 2019 I began to learn of multiple illegal criminal activity committed by Velocity.
One of them was they impersonated me and made a false allegation to the Arizona Department
of Economic Security claiming I was unable to work where they used that to deny me
unemployment benefits.  I informed them as well I never made that call because my physician
had approved me to return to work on 3/23/2018.  In their reason for the adverse negative
decision, they claimed I said I was under the care of my doctor until 5/15/2018.  This date is the
same date matched on the certification from velocity that they sent to AZDES to claim I was on
fmla and unable to work.  There is no way I would yell AZDES that I was under his care when I
was approved to return a month before this date.
They impersonated me.  I appealed and won the appeal because I submitted the doctor statement
showing the date of 3/22/2018.

They had this document in their possession and sent the documents when AZDES or the AZ
court of Appeals did not ask for them.

It was all false and fraud. I did however, contact DOL in July 2019 I found out they had filed 4
false claims against me and somehow I knew there was more than what they were telling me.
Thank you

*D 1*

August 16, 2018

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187

      Re:    DOL Complaint

To Whom It May Concern:

      Please accept this letter as my request to withdraw my DOL Complaint, dated May 22, 2018, which I have attached to this letter. The Parties have entered into a settlement agreement that fully resolves the concerns and allegations raised in my Complaint. Your prompt and responsible attention to processing this permanent withdrawal is greatly appreciated.

                Sincerely,

                Garrison Jones


34314971.1

*D1*

Document Properties

Description  Security  Fonts    Custom    Advanced

Description

File:    Garrison Jones Charge Withdrawal Letter (DOL) (003).pdf

Title:

Author:    Christopher Heller

Subject:

Keywords:

Created:    8/15/2018 4:36:03 AM

Modified:    8/15/2018 4:36:03 AM

Application:    Microsoft® Word 2016

Advanced

PDF Producer:    Microsoft® Word 2016

PDF Version:    1.7 (Acrobat 8.x)

Location:    C:\SETTLEMENT RELEASE DOCUMENTS\

File Size:    9.26 KB (9,482 Bytes)

Page Size:    8.50 x 11.00 in          Number of Pages:  1

Tagged PDF:  Yes                        Fast Web View:  No

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Chicago, Illinois 60607

Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint. I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity. My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint. One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA . Again, I never had a conversation with anyone from VTS or an email that remotely explained the provisions of FMLA. In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1.  February 20, 2018 ( my one year anniversary of my hire)
2.  The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "



In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that VTS claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1.  I never made such a statement or request for any extension VTS mentioned this in a previous email

2.  message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3.  Message was sent proactively by VTS without my knowledge.

4.  Email to VTS dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5.  Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

Thanking you in advance for your attention to this matter

Rating

Sincerely

*Garrison Jones*

Garrison Jones

Enclosures

Nine email messages

Contact Phone 916-820-4960

Email Eg arrison.jones@ outlook.com .

**U.S. Department of Labor**          Wage and Hour Division
                                      Washington, DC  20210

*G.*

October 18, 2021

Garrison Jones                    Sent via email to *garrison.jones@outlook.com*
P O Box 188911
Sacramento, California 95818

RE:   Freedom of Information Act Response          *NO  REGORD*
      Tracking Number 2021-F-12837                 *Document 94*

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor (WHD) is responding to your
request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated September
15, 2021. Specifically, you requested any WHD document entered or received from Ogltree
Deakins or Velocity technology Solutions.

In accordance with 29 CFR § 70.20(a), we include responsive documents in our possession as of
the date our search began.  The search began on October 15, 2021.  After performing an
electronic search of the Wage and Hour Investigative Support and Reporting Database, we did
not locate any documents responsive to your request. Consequently, we are providing a "no
records" response. You have not been assessed related fees as the processing costs incurred did
not exceed the chargeable minimum:

For further assistance, please contact June Wheeler by email at *wheeler.june.l@dol.gov* or call
678-237-0547. You may also call this office at 202-693-1004. If we cannot assist you in your
concerns, you may contact the Departmental FOIA Public Liaison, Thomas Hicks, at 202-693-
5427 or email at *hicks.thomas@dol.gov*. Alternatively, you may contact the Office of
Government Information Services National Archives and Records Administration regarding
available mediation services at Office of Government Information Services, National Archives
and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also
reach that office by email at *ogis@nara.gov*, by phone at 202-741-5770, by fax at 202-741-5769,
or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required. In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter. The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in
writing and received prior to a decision.

The appeal should be addressed to the Solicitor of submitted by email to *foiaappeal@dol.gov*. Appeals submitted to any other email address will not be accepted.

Sincerely,

**OKECHI CHIGEWE** Digitally signed by OKECHI CHIGEWE
Date: 2021.10.18 16:21:19 -04'00'

Okechi Chigewe
Acting Chief, Branch of Document Management

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND FULL RELEASE

This Negotiated Settlement Agreement and Full Release ("Agreement") is made between Garrison Jones on behalf of himself, his agents, assigns, heirs, estates, executors, administrators, beneficiaries, and representatives ("Jones") and Velocity Technology Solutions, Inc. (the "Company"). Jones and the Company are sometimes collectively referred to as the "Parties."

WHEREAS, a dispute exists regarding Jones' employment with the Company and the ending thereof effective August 16, 2018, including the allegations and claims that were made or that could have been made in Equal Employment Opportunity Commission Charge Nos. 440-2018-05157, 35A-2018-00231, and 540-2018-001834, Arizona Civil Rights Division Charge No. P18-0058, Illinois Department of Labor Charge No. 18P-095, and the FMLA charge filed with the United States Department of Labor, (collectively, the "Charges"), and the lawsuit filed in United States District Court Northern District of Illinois titled *Jones v. Velocity Technology Solutions, Inc., et al.*, No. 1:18-cv-03288 (the "Lawsuit").

NOW THEREFORE, the Parties knowingly and voluntarily agree to the following terms, promises, and conditions.

1. **Settlement Consideration and Payment**. As valid and sufficient consideration to which Jones agrees he was not previously entitled for this Agreement and the promises, obligations, and undertakings described herein, and in full settlement for any and all damages or relief to which Jones could possibly be entitled from Released Parties, the Company agrees to pay Jones the gross amount of One Hundred Seven Thousand Five Hundred Dollars ($107,500) (the "Settlement Payment"). The Settlement Payment shall be allocated and paid as follows:

> **(a)** **Wage Income.** $26,875 for lost wages by check or wire transfer made payable to Jones, with applicable taxes and other withholdings withheld. The Company will furnish a W-2 to Jones, which includes this payment at the appropriate time.
>
> **(b)** **Non-Wage Income.** $80,625 for compensatory non-wage damages by check or wire made payable to Jones. The Company will issue an IRS Form 1099 to Jones for this payment.

The Settlement Payment shall be inclusive of all claims for attorneys' fees (except for the Attorney Fee Reimbursement expressly provided at the end of this paragraph, as applicable), expenses, or other costs. Jones acknowledges that the Settlement Amount shall not be paid until Jones provides an executed 2017 version W-9 to the Company. The Settlement Payment shall be made promptly after all of the following have occurred: (a) the Company's receipt of an executed and effective Agreement; (b) the Company's receipt of executed and effective documents that provide for full and final withdrawal of the Charges and dismissal of the Lawsuit with prejudice; and (c) the receipt of any other

1

applicable documents necessary for completion of any and all additional actions necessary to effectuate the terms and conditions of this Agreement, including the withdrawal of the Charges and dismissal of the Lawsuit. Jones agrees and acknowledges that the Company's receipt of all items described in this Paragraph is a condition precedent to the Company's obligation to tender the Settlement Payment. In addition to the Settlement Payment, Jones shall be entitled to reimbursement for attorney's fees incurred in connection with the negotiation of this Agreement, capped at $3,000 (the "Attorney Fee Reimbursement"); provided, that any such Attorney Fee Reimbursement shall be subject to the Jones' submission of documentation evidencing such fees.

Jones agrees and acknowledges that he has not relied on any representations made by the Company or its attorneys relating in any way to the tax treatment of the Settlement Payment and that he is solely responsible for reporting the Settlement Payment, filing the appropriate tax forms, and paying his share of any and all taxes that may be due and owing as a result of the Company's payment of the Settlement Payment. Jones agrees to indemnify and make whole the Company in the event that any governmental or taxing authority asserts against the Company any claim for unpaid taxes, failure to withhold taxes, penalties, or interest based upon the allocation and payment of the Settlement Payment.

      2.  **Release of Claims**. To the fullest extent legally permissible, Jones knowingly and voluntarily releases, relinquishes, waives, and forever discharges the Company and all past, present or future owners, investors, officers, directors, employees, shareholders, partners, predecessors, successors, acquirers, purchasers, affiliates, related entities, agents, representatives, insurers, attorneys, employee benefit plans or funds, fiduciaries, trustees, successors and assigns, whether acting on behalf of the Company or in their individual capacities (collectively, "Released Parties") from all known and unknown causes of action, claims, allegations, liabilities, losses, and damages of any kind (including attorneys' fees, costs, interest, and claims for reimbursement) Jones has alleged, brought or sought or could allege, bring or seek against Released Parties as of and including the date this Agreement is executed by Jones, including those based on additional or later discovered facts, circumstances, information, claims, causes of action, or theories. This Agreement does not, however, apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement.

Potential claims against the Released Parties that Jones is releasing include, but are not limited to, any claims: (a) arising out of or based on Jones's employment with the Company and/or his resignation thereof; (b) arising under the Company's policies, plans, or practices, including those regarding promotion, compensation, overtime pay, commissions, vacation pay, bonuses, expenses, or benefits; (c) based in tort, contract, or equity including defamation, negligence, negligent hiring, negligent supervision, invasion of privacy, false imprisonment, negligent misrepresentation, fraud, breach of an express or implied contract, breach of the covenant of good faith and fair dealing, detrimental reliance, unjust enrichment, and promissory estoppel; (d) for harassment, discrimination, retaliation or violation of public policy; (e) for violation of state or federal common law or statutory law including all claims arising under Title VII of the Civil Rights Act of

1964, the Employee Retirement Income Security Act, the National Labor Relations Act, the Labor Management Relations Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Occupational Health and Safety Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Genetic Information Nondiscrimination Act, the Health Insurance Portability and Accountability Act, the Age Discrimination in Employment Act, the Older Workers Benefit and Protection Act, the Equal Pay Act, the Fair Credit Reporting Act, the Arizona Employment Protection Act, the Arizona Civil Rights Act, the Arizona Wage Statutes, the Illinois Human Rights Act, the Fair Wages and Healthy Families Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, 42 U.S.C. § 1395(b)(3)(A), and other federal, state, or local laws relating to employment or separation from employment or benefits associated with employment; and (f) for emotional distress, mental anguish, humiliation, or personal injury.

3. **Protected Rights.** Nothing in this Agreement prohibits or restricts Jones from initiating communications directly with, responding to any inquiry from, providing information to, or providing testimony before any self-regulatory organization or state or federal regulatory authority or agency or prevents Jones from receiving an award as a result of these actions. This Agreement also does not affect Jones' right to file an administrative charge with or participate in an investigation or proceedings conducted by any federal, state, or local administrative agency. Jones does, however, knowingly and willingly waive his right to any monetary damages or equitable relief, including reinstatement, arising from or relating to any administrative charge or proceeding.

4. **Withdrawal of Charges and Stipulation to Dismiss Lawsuit**. As consideration and a material inducement for the Company to enter into this Agreement, Jones agrees to voluntarily, fully, and permanently withdraw the Charges and to take all steps necessary to obtain the approval of their withdrawal, including executing and expressly authorizing the Company to send the Withdrawal Request Letters and the Illinois Department of Labor Acknowledgment, attached as Attachment A, to the pertinent agencies. Further, Jones agrees to dismiss the Lawsuit with prejudice and to take all necessary steps necessary to obtain the dismissal with prejudice including executing and authorizing the Company to file the Stipulation for Voluntary Dismissal, attached as Attachment B, with the District Court.

5. **Affirmations**. Jones knowingly and willingly consents, agrees and affirms that: (1) as of the date of this Agreement, he has been paid or provided all amounts due to him as wages, commissions, bonuses, insurance, benefits, overtime, reimbursements, and any other monies or benefits due and owing to him and/or resulting from his employment with the Company and he understands that his benefits will end consistent with applicable law and policy or plan terms because his employment has ended; (2) other than as alleged in the Charges and the Lawsuit, he was not subjected to any unlawful harassment, discrimination, or retaliation during his employment; (3) he has been granted any and all paid or unpaid leave to which he was entitled under any policy, practice, or federal, state or local leave or disability accommodation laws; (4) he has no known workplace injuries or occupational diseases; (5) other than the Charges and the Lawsuit, he has not filed, pursued, participated in, opted-into, or will permanently withdraw or

3

dismiss with prejudice any other claim, cause of action, lawsuit, or administrative charge against Released Parties; (6) if any complaint, cause of action, lawsuit, or claim that has been released in this Agreement is filed, re-filed, or brought by anyone including third parties, he will not accept any damages, attorneys' fees, or equitable relief relating to any such claims or causes of action; (7) he is not subject to any garnishments, judgments, liens, or child support orders and has not assigned or transferred his rights to any claim or cause of action or otherwise impaired, by bankruptcy or otherwise, his ability to sign a complete and binding release of any and all claims released in this Agreement; and (8) he shall not be deemed a "prevailing party" for the purposes of any fee shifting statute, rule, or agreement.

6. **Future Employment**. Jones agrees that he voluntarily, knowingly, and permanently waives his right to reinstatement or reemployment and will neither seek nor accept future or reemployment with the Company or any of its parent, affiliated, related or successor entities at any time in the future. Jones understands and agrees that the Company is entitled to reject any application for employment by him without cause.

7. **Medicare**. This settlement is based upon a good faith resolution of a disputed claim. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Jones' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this settlement. Jones further affirms that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not 65 years of age or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or that he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Jones further affirms that he has made no claim for illness or injury against nor is he aware of any facts supporting any claim against the Released Parties under which the Released Parties could be liable for medical expenses incurred by Jones before or after the execution of this agreement. Jones further affirms that because he is not a Medicare recipient as of the date of this release, Jones is aware of no medical expenses which Medicare has paid and for which the Released Parties are or could be liable now or in the future. Jones agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Jones will indemnify, defend, and hold Released Parties harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Jones further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq.*

8. **Additional Acts**. Jones agrees, represents, and warrants that he will take any and all acts necessary to comply with and fulfill his obligations under and/or to effectuate

4

the terms, conditions, and purpose of this Agreement, including cooperating with the Company to obtain the full and permanent withdrawal of the Charges, the dismissal with prejudice of the Lawsuit, and any other necessary withdrawals, dismissals with prejudice, or court or agency approvals.

9. **No Admission of Wrongdoing**. Jones acknowledges and agrees that the Released Parties expressly deny any liability or wrongdoing and this Agreement is not an admission of liability or wrongdoing. Jones further acknowledges and agrees that this Agreement is not admissible in any proceeding as evidence of or an admission by the Released Parties of any violation of any federal, state, or local laws.

10. **Confidentiality and Non-Disparagement**. Except as required by law, Jones will not disclose this Agreement or its terms, including the Settlement Payment, to anyone other than his immediate family, attorney(s) or accountant(s). Jones also agrees not to make any disparaging statements or remarks regarding any of the Released Parties. Jones agrees that he will inform any immediate family member, attorney(s) and/or accountant(s) to whom he discloses any of the terms of this Agreement or the circumstances surrounding its making of the confidentiality obligations imposed by this Paragraph, or make any written or oral public statement, announcement, or originate any news release about the Company or any Released Parties, and will expressly instruct each of them to honor and abide by these obligations as well. If any other inquiries arise concerning any matters addressed in this Agreement (including the existence of this Agreement or payment of monies hereunder), Jones agrees that he will reply only that "the matter has been resolved," and will make no other comment. In the event Jones receives a subpoena or court order requiring the release of this Agreement or its contents, Jones will notify the Company sufficiently in advance of the date for the disclosure of such information to enable the Company to contest the subpoena or court order. Jones further agrees not to disclose or divulge to any individual or entity any of the Company's proprietary or confidential information including Company product, customer, marketing, pricing, and/or rebate information. Jones acknowledges and agrees that these confidentiality and non-disparagement provisions are material terms and that it could be impractical or extremely difficult to establish damages by reason of a breach of the confidentiality or other provisions of this Agreement. Accordingly, Jones acknowledges and agrees that in addition to the damages, attorneys' fees and/or other remedies at law the Company can seek, without posting a bond, injunctive relief to halt the breach of this Paragraph. Jones further consents to the entry of injunctive relief against him if a court determines that such a breach has occurred and agrees to pay the Company its reasonable attorneys' fees, costs, and disbursements incurred in any such action.

11. **Time to Consider and Knowing and Voluntary Agreement**. Jones acknowledges and agrees that he has been given reasonable and sufficient time to consider, negotiate, and have this Agreement reviewed by an attorney of his choice before signing it. Jones represents and warrants that he has carefully read this Agreement, has had all questions regarding its meaning answered to his satisfaction, and that he fully understands it. Jones further represents and warrants that he is freely, voluntarily, and

without duress or undue influence, signing this Agreement only after fully reading, considering, and understanding it.

12. **Successors in Interest**. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, legal representatives, and successors in interest including, without limitation, any company into which the Company may be merged or by which it or any substantial portion of its assets or business may be acquired. This Agreement cannot be assigned by Jones, but the rights, duties, and obligations under this Agreement can be assigned by the Company to any affiliate, subsidiary, parent, successor, acquirer, purchaser, buyer, or seller.

13. **Plain Language; Severability; Applicable Law; Modification; Waiver**. Jones acknowledges and agrees that this Agreement shall be interpreted based on the plain meaning of its language and shall not be construed for or against any Party. If any portion of this Agreement is deemed void or unenforceable for any reason, the unenforceable portion will be deemed severed from the remaining portions of this Agreement, which will otherwise remain in full force. The Parties agree this Agreement will be governed by Arizona law. This Agreement may not be modified except through a written document signed by an authorized representative of each Party. No waiver of any of the provisions of this Agreement will be binding unless executed in writing by the waiving Party nor will any waiver be a continuing waiver or waiver of any other provision.

14. **Recitals and Titles**. The Parties acknowledge and agree that the above recitals are true and correct and are part of this Agreement. The Parties also acknowledge and agree that the titles of the Agreement's Paragraphs are intended solely for convenience of reference and are not intended and shall not be deemed for any purpose whatsoever to modify, explain or place any construction upon this Agreement or affect the meaning or interpretation thereof.

15. **Entire Agreement**. This Agreement contains the entire and complete understanding and agreement between the Parties on all subjects addressed or contained in these agreements and it replaces and supersedes any and all other verbal or written discussion or agreements regarding the subject matter addressed herein.

16. **Counterparts**. This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. Executed faxed copies or PDF copies transmitted via email are effective and enforceable.

17. **Attorneys' Fees**. In the event any action, lawsuit, arbitration, demand, or adjudication is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to recover attorneys' fees, expenses, and costs in addition to any other available damages or relief.

**JONES ACKNOWLEDGES THAT HE HAS READ AND FULLY UNDERSTANDS THE FOREGOING AND LEGALLY BINDING PROVISIONS**

**OF THIS AGREEMENT AND FREELY AND WITHOUT RESERVATIONS ENTERS INTO THIS AGREEMENT.**

_____          DATE:  August 16 2018
Garrison Jones

Velocity Technology Solutions, Inc.          DATE:  August 16 , 2018

_____
By:  Robert Orsahw

_____
    COO
Its:

7

**PLEASE TAKE NOTICE** that March 24, 2022 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacrament, California 95814, Plaintiff Garrison Jones will move this Court to grant his motion to add a joinder by adding the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C as a defendant/party to the complaint before this court.


This Motion will in the opinion of the plaintiff finally assist this court in making crucial decisions and ruling as well as holding all parties liable and accountable for their actions against plaintiff.

- 1 -

Garrison Jones
Plaintiff (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com

# U.S. DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**

      **Plaintiff,**

   **v.**

**VELOCITY TECHNOLOGY
SOLUTIONS LLC et al
      Defendants.**

**Case No.: 2:19-cv-02374
KJM-JDP**

**JURY TRIAL
DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

## Motion for Joinder of Party
### Ogltree, Deakins, Nash, Smoke, Stewart, P.C

1. **PLEASE TAKE NOTICE** that on March 24, 2022 at 10:00 am. in Courtroom 9 of the United States District Court of Eastern California Court located at 501 I Street Sacramento, California 95814, Plaintiff Garrison Jones will move this Court for an order to add /joinder of the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C  as a defendant/party to the above complaint.

- 2 -

Plaintiff's Motion for Joinder pursuant to Rule 19(a) will be granted by applying the legal standard for doing so.

**At no time did Velocity act on any of the issues, claims and allegations in this complaint alone.**

**At all times Ogltree Deakins as a law firm and all off their attorneys have been active participants in all the litigation, violations, claims and the criminal violations of local, state and federal law that have been committed against the plaintiff Garrison Jones.**

**As such, they are if not more responsible and liable for all the claims, allegations and should also share in all the damages and relief the court awards to the plaintiff.**

**The court is well aware that Ogltree Deakins will never call a single witness** to testify on the record at any hearing or proceeding on behalf of or from Velocity.

Instead they have offered declarations from attorneys at their firm (Jennifer Colvin) an attorney that has sent forged documents to a federal government agency and filed documents with this agency as part of the documented conspiracy of planting false fabricated FFMLA complaints in the files of the USDOL on August 24, 2018.

- 3 -

Ogltree Deakins have been involved even before this complaint was filed and are the principle party who instructed, advised, participated in, and created many of the forgery of documents that have been not only presented to this court, but also to the US District Court of Northern Illinois, AZDES, the Arizona Court of Appeals and to the United States Department of Labor.

They were never acing as the defendants attorney in any of the matters in all of the litigations.
As such they are equally if not more responsible /liable for all the damages plaintiff has suffered and continue to suffer at the hands of Velocity and Ogltree Deakins attorneys.

Both are in complete denial of their actions and liability.

In addition, both are under the delusion that they will walk away from the civil and criminal cases against them un-touched.  They are both wrong and mistaken.

 Legal Standard Federal Rule of Civil Procedure 19(a) states the circumstances under which a third party must be joined to a lawsuit. Rule 19(a) (1) states that: (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties.
In addition, a party must be joined as they have been discovered and acted as an active participant in the injuries to plaintiff.

- 4 -

## Analysis

Plaintiff argues that Ogltree, Deakins, Nash, Smoke, Stewart, P.C must be joined to this matter under Rule 19(a) as a necessary and indispensable party.

Plaintiff argues that without Ogltree, Deakins, Nash, Smoke, Stewart, P.C the Court cannot provide complete relief to Plaintiff.

As support, Plaintiff states that Ogltree, Deakins, Nash, Smoke, Stewart, P.C has from the before the filing of many complaints that began since plaintiff his employment at Velocity attorneys from the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, P.C Have been intimately involved and participated, interfered and violated many of the employment related actions by Velocity as well the violations of local, state and federal laws of this country committed against the plaintiff.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C is equally if not more liable and responsible for the multi-state stalking, intimidation , harassment directed at plaintiff and has used their legal positions to assist Velocity in the forgery of documents, perjury and all the criminal violations of the law, committed against the federal government of the United States.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C was the firm driving many of not all of these actions and continues to do so in plain view of this court.

Plaintiff also argues that the "interests of justice and judicial economy" will be served if Ogltree, Deakins, Nash, Smoke, Stewart, P.C is joined in this case

Plaintiff argues that Ogltree, Deakins, Nash, Smoke, Stewart, P.C is a necessary party four (4) years show they have also fraudulent concealed evidence , assisted and participated in the planting of evidence and obtain financial monetary gain for their actions and participation from Velocity.

- 5 -

They have never acted as the legal counsel or advisor to Velocity and should not escape their liability and the damages that have been inflicted upon the plaintiff and his family.

They have forsaken their oath as officers of the court and as such must be added as a party to the current litigation.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C should not be allowed to simply walk away unscathed from this litigation.

Ogltree, Deakins, Nash, Smoke, Stewart, P.C is an indispensable party."

In many of their pleadings Ogltree, Deakins, Nash, Smoke, Stewart, P.C  has offered and present evidence of the willingness of adding attorneys from their firm as witnesses as well as affidavits.

.

While this is strictly forbidden as an attorney cannot testify in the same case they are representing the client, the evidence shows they in fact should be defendants.

Jennifer Colvin is the attorney who has committed a federal criminal offense where she sent known fabricated documents (withdrawal letter and fabricated FMLA complaint) to the USDOL on August 24, 2018.

These documents were attached to an FMLA complaint that to this day has not been acknowledged by Velocity or Ogltree, Deakins, Nash, Smoke, Stewart, P.C  because once again they have been caught in criminal activity.

- 6 -

This complaint, was uncovered by plaintiff on September 30, 2020.  Jennifer Colvin even confirmed and recognized herself as an attorney, however in the document the call and agreement, they intentionally omitted the actual complaint number.

However, Velocity and Ogltree, Deakins, Nash, Smoke, Stewart, P.C   were the only ones who knew this fabricated FMLA complaint was planted in the files of the USDOL on July 19, 2018 and knew when they sent other documents on August 24, 2018 they would be attached to this complaint.

They had the full intention of using it up until plaintiff uncovered it in September 30 of 2020 over 2 years later.

They then abandoned it and has never spoke of it other than now they are calling it an "unknown claim" when in fact it shows the extent of the conspiracy they are involved in.

Attached in support of this motion are five (5) documents from the USDOL that are forged documents, complaints and filings attributed to Ogltree, Deakins, Nash, Smoke, Stewart, P.C  attorneys that have been created on behalf of their client.

It is for certain, Velocity knew about them or in the opinion of plaintiff Ogltree, Deakins, Nash, Smoke, Stewart, P.C attorneys created them on their own, billed Velocity for them and sent them to the court or the USDOL a government agency.

Either way, their liability for submitting them is more than enough to show they are participants in this litigation and must be held liable, responsible and accountable for their actions.

Plaintiff from the beginning has been fighting not only Velocity but over nine different attorneys from the law firm of Ogltree, Deakins, Nash, Smoke, Stewart, and P.C.

Velocity has never acted alone.

- 7 -