Plaintiff (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com



**FILED**

FEB 25 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARRISON JONES**<br>    **Plaintiff,**<br>v.<br>**VELOCITY TECHNOLOGY SOLUTIONS LLC et al**<br>         **Defendants.** | Case No.: **2:19-cv-02374 KJM-JDP**<br><br>**JURY TRIAL DEMANDED**<br><br>Action filed: Nov 25, 2019<br>Date set for trial: NONE |

# Plaintiff Notice to court off unenforceable agreement
# USDOL completed investigation – evidentiary hearing

Plaintiff Garrison Jones does hereby move this court for an evidentiary hearing and order to recognize the internal investigation of the USDOL and their findings of their internal investigation in connection to the document the defendants' and their attorneys from Ogltree Deakins in regards to the **unenforceable document they are calling an agreement.**

It is clear Ogltree Deakins has used and will once again present this document to the court in order to escape the financial/monetary damages of the termination off plaintiff while on approved FMLA.

- 1 -

They have repeated referred to this document as the **"Holy Grail get out of jail free card" when it is nothing more than a piece of paper that is completely unenforceable.**

The plaintiff has been working with the USDOL for over 2 years and again their internal investigation base on documents supplied by plaintiff they have made the decision this document is completely unenforceable.

First, the USDOL determined that FMLA complaint filed on July 19, 2018 was not filed by the plaintiff Garrison Jones.

In their internal investigation that included a conversation with the employee that performed the intake, she confirmed that on July 19, 2018 she was **speaking with a female in documenting the conversation and not a male on the call.**

Their investigation also included the review of documents sent by plaintiff in his appeal of September 30, 2020 where he disputed ever contacting the USDOL and filing this complaint.

Plaintiff provided a detailed and summary of his cellphone bill for the months off July and August 2018.

His detailed bill showed no call to any USDOL office.
His summary bill for the same time period showed the number recorded in the complaint even though it was recorded as **916-870-4060** was disconnected in June 2018.

Plaintiff knew it was a typo by one number and was intended to be his cell phone number from his Velocity employee file 916-**870-4960**.

- 2 -

For over 3 months Velocity had harassed plaintiff at all times off the day and night, finally he made the decision to disconnect this number of 17 years and was assigned a new number.

Velocity and Ogltree Deakins was unaware off this change however, they knew he had that number for over 17 years and never thought he would change it and used it to make it appear he was the person actually making the call to USOL on July 19, 2019.

They were mistaken and did not know they were caught in a trap.

Next based on information sent to USDOL the plaintiff was not in the State of Illinois at the time of this false FMLA complaint.

Plaintiff provided the USDOL a copy of his bank statement showing that his address was in a different state in July and August 2018.

That statement also illustrated plaintiff had just received his first payroll from Prime Healthcare on July 19, 2018. In addition the same statement showed transactions in Bloomington, Indiana on July 19, 20, and 21, 2018.

Next, plaintiff provided a detailed record from his employer that illustrated that from June of 2018 until September 2018 that he was physically at work for Prime Healthcare on each day before and after July 19, 2018.

So, he was unable to have called on July 19, 2018 as the complaint designated this as a phone call to the USDOL on July 19, 2018, then he could not have done it in person as he was physically over 250 miles away from Chicago.

Lastly, the USDOL determined that there was never an FMLA complaint filed on May 22, 2018.

The USDOL also confirmed plaintiff did not write the withdrawal letter dated August 16, 2018.

The letter was created by Chris Heller ( Velocity General Counsel) sent to attorneys at Ogltree Deakins who on August 24, 2018 sent this letter to the USDOL in Chicago and it was attached to the FFLA complaint dated July 19, 2018.

Next, on that same date, Ogltree Deakins attorney Jennifer Colvin attached what she claims was an FMLA complaint filed by plaintiff with a **forged signature,** claiming it to be an FMLA complaint filed on May 22, 2018.

**The first time plaintiff saw this letter was on June 8, 2021** when he received a copy of it in a FOIA response from the USDOL.

He instantly knew it was a forgery and his signature was also forged on the document.

This was the first occurrence/version of this letter at the USDOL but it was never an official FMLA complaint. It was always an attachment sent by an attorney. The USDOL never took any action on the FMLA complaint on July 19, 2018 nor did they take any action on August 24, 2018.

Again, this document was sent to USDOL by Ogltree Deakins attorney Jennifer Colvin on August 24, 2018 behind the back of plaintiff.
He had no knowledge of it and it was not present or signed by plaintiff on August 16 2018 the date of the so called agreement.

However, it proves Velocity and Ogltree Deakins were the only parties who knew the false FMLA complaint was planted in the files of the USDOL on July 19, 2018.

One week later all of a sudden all these documents appear at the USDOL on August 24, 2018.

In addition, Jennifer Colvin identified herself as an attorney to give her some form of credibility.

She was not contacting the USDOL as he attorney of Garrison Jones but for the defendants Velocity and she did so again behind the back of plaintiff.

**USDOL determination of Settlement**

The USDOL determined based on the evidence that Velocity and Ogltree Deakins attorneys filed

a. The Original false FMLA complaint 3850645 on July `9, 2018
b. They filed the false fabricated FMLA withdrawal letter dated August 16, 2018 on August 24, 2018
c. The also filed the attachment of what they claim was an FMLA complaint dated May 22, 2018 3 months after the claim it was filed by plaintiff on May 22, 2018.

**The USDOL concluded that the filing of these documents do not constitute and** approval of the document they call an agreement.

In addition it is not a substitute for the formal approval/audit process where the USDOL or the court approves private FMLA settlement agreement between an employee and employer.

**United States Department of Labor Approval Policy/Process**

The USDOL stated that if the department had approved the settlement agreement there would be a notation on the only official FMLA complaint with and complaint ID Number.

- 5 -

With that being said, it would be the Complaint ID filed on July 19, 2018, complaint number 3850645 and no such approval was made by the agency as this is a fraudulent FMLA claim made by an **"over-reaching employer" and their attorney representatives** attempting to eliminate the risk of the termination of an employee while on FMLA medical leave.

The USDOL in order to approve and FMLA settlement must have a copy off the FMLA complaint, in this case a copy of the complaint from the US District Court in Northern Illinois case number 1:18-cv-02388.

After reviewing the complaint it must contain a bona fide claim or allegation of FMLA and or a FLSA made against the employer by the employee.

This is a standard procedure in order for the department to see that the settlement is connected to a legitimate claim by the employee.

Plaintiff supplied both the complete complaint from case number 1:18-cv-02388, the agreement document and a copy of a court order dated December 19, 2019 from Judge Alonso.

The judge confirmed that the case in the US District Court of Illinois was a **"discrimination complaint"** filed on May 8, 2018 and was not an FMLA or FLSA complaint against the employer (Velocity).

## STATEMENT

On May 8, 2018, plaintiff filed his complaint in this case, an employment matter in which plaintiff asserted claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On August 16, 2018, the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41. The stipulation to dismiss was with prejudice, and the Court did not retain jurisdiction for any purpose. (*See* ECF Nos. 10-11.) A year and a half later, plaintiff

**The judge also confirmed <u>the court did not retain jurisdiction for any purpose</u> over the agreement because Velocity /Ogltree Deakins attorneys never presented it to the court.**

This is verification that Ogltree Deakins/Velocity intentionally did not submit the document they are calling an agreement to either the USDOL or to the court for approval of a settlement of an FMLA or FLSA claim or allegation.

They did this intentionally first because plaintiff never made an FMLA claim or allegation against Velocity and the fact they had just planted and filed a false fabricated FMLA complaint in the files of the USDOL on July 19, 2018, then filed a false fabricated withdrawal letter and attached another forgery of an FMLA complaint to the only FMLA complaint in the records of the USDOL.
It was highly unlikely they would go back to the USDOL and then ask them to approve a settlement agreement when no FMLA or FLSA complaint was ever made by the plaintiff.

From July 19, 2018 until plaintiff uncovered the false fabricated FMLA complaint, it was the intent of Velocity /Ogltree Deakins to fraudulent conceal all of these documents from plaintiff and used them in the event of future litigation.

**However, they became useless to them because plaintiff found out about them first.**

**He also found out all these acts were done behind his back and all were pre-meditated.**

Velocity and Ogltree Deakins meant to frame plaintiff for filing all of these documents with the USDOL to minimize and eliminate the risk of financial damages of the termination of plaintiff on FMLA medical leave.

The findings off the agency saw there was no bona fide FMLA or FSLA claim or allegation in the entire complaint.

It was all part of the conspiracy that continues today to make others think it was all the plaintiff who initiated all of the FMLA /FLSA claims allegations against Velocity and to lure him into an illegal, unconsciable agreement then behind his back Velocity and Ogltree Deakins attorneys, immediately went back to the agency using these documents making the USDOL believe all were also made/sent to their agency by plaintiff.

Their acts were all far from being from an **"over-reaching employer"**.  The entire conspiracy was criminal and as such the document is completely un-enforceable as either **the court or the USDOL officially approved it because that was the intent of Velocity and Ogltree Deakins.**

The only reference to each were contained in the agreement copy.

In addition, there was no evidence that showed the agreement was ever sent to the agency nor was it reviewed or approved by the US District Court in Northern Illinois.

Plaintiff however, did produce a court order/decision from the US District Court Judge agreement is

Respectfully submitted,
Dated: February 22, 2022

_____
**Garrison Jones Plaintiff (Pro Se)**

- 8 -

Sacramento, California 95818
garrison.jones@outlook.com