Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



# U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

if

Case No.: 2:19-cv-02374 KJM-JDP

**JURY TRIAL DEMANDED**

Action filed: Nov 25, 2019

Date set for trial: NONE

**Plaintiff Reply to Defendants Document 131**

# Introduction

The most crucial piece of evidence and fact is that it is inconceivable that an employer (Velocity) who has repeatedly claimed plaintiff was not terminated and was still employed at Velocity they would **falsely accused an active employee currently employed, whether he was on approved FMLA medical leave or not of felony unemployment fraud.**

This is exactly what Velocity did, after they lost the appeal hearing of June 22, 2018 and their appeal of July 23, 2018 was denied and dismissed with prejudice.

After stalking plaintiff looking for anything they had available to them, they found plaintiff had in fact returned to work for Prime Healthcare.

They somehow learned he was a corporate employee working out of one of the healthcare facilities in Bloomington, Indiana.

Plaintiff was very open with Prime Healthcare and informed them this was his first position after suffering a stroke.

Thus the additional testing, where he passed and was approved.

Three weeks after he began his new employment, he began to receive hang up calls at his extension.

He first thought it was a recycled extension but later learned it was a new extension just added upon his arrival.

After the 9th call in a week, he knew it was Velocity as in June 2018 he had just disconnected his cellphone number he had for 17 years because of 6 months of harassing phone calls from Velocity.

He reported the harassing calls to HR and to Security.

**They implemented security measures**.

First, since he was a corporate employee and not an employee of the facility, he was provided with e corporate phone number in California.

Calls to that number were forwarded to his new extension at the facility.

The calls originated from the dial by name and via the hospital operator who then transferred the call to his extension.

**His name was removed from the Dial by name feature** and all calls made to the hospital operator were transferred to Human Resources.

After these changes were made, if a call was received asking for plaintiff by name the call was transferred to Human Resources.
Human Resources received 4 additional calls, each time they announced "Human Resources" the caller hung up.

They now knew they had been caught.

Frustrated they could no longer harrass plaintiff at his new employer, Velocity then went back to the state of Arizona, contacted AZDES and falsely accused plaintiff of Felony unemployment fraud, falsely claiming he was working and collecting unemployment at the same time.

Who else knew of the litigation in the state of Arizona except Velocity and their attorneys from Ogltree Deakins attorneys.

Who else except Velocity was motivated to make such a false felony claim against plaintiff.

Plaintiff did not know anyone in the state of Indiana.

Velocity was not satisfied they lost the appeal hearings and the termination of plaintiff while on FMLA.
They did everything they could to harrass, intimidate and put plaintiff in imminent danger of his safety with the threat of serious bodily harm by harassing him and destroying his employment relationship with his new employer.

Now that they had stalked him and found out his actual work location, they had the ability to park outside the facility, follow him home and locate his physical residence.

This is exactly what they wanted.  They wanted to do anything to him physically to prevent him from moving forward in the litigation against them, even if it meant destroying his employment relationship with another organization, prevent him from being able to support him and his family, gainfully employed and enjoying a profession he has been successful in for over 28 years.

They intended to induce AZDES to weaponize law enforcement to officially charge plaintiff with a felony and send him to prison.

In DKT 35 Velocity attorney confirms the stalking of plaintiff when he was attempting to in his mind disqualify plaintiff for FMLA protection where he makes the mistake of adding the state of **Indiana** to his lies where he states plaintiff claims he worked in home offices of Arizona, Illinois, Indiana and California.

Plaintiff worked out of one home office and only **one state for Velocity with that being the state or Arizona stating**

> Case 2:19-cv-02374-KJM-JDP   Document 35   Filed 08/14/20   Page 4 of 5
>
> Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country. *Id.* at ¶ 8. Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations. And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites." Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

He proves that it was Velocity who were making the harassing calls to plaintiff at this work place just by **including Indiana**.

Plaintiff never lived or worked in the state of Indiana except for Prime Healthcare.

Then in DKT 91, he attempts to give Velocity an alibi by mentioning the fraud appeal that was overturned in favor of plaintiff by stating the appeal was because plaintiff answered no to a question on the weekly certification, which is a lie.

## DKT 91 PG 6 AT 22

> - AZDES determined that Plaintiff was overpaid benefits because Plaintiff answered "no" to the question of whether he worked or earned money during certain benefit weeks, and while Plaintiff's answer was not accurate, Plaintiff "did not intend to intentionally give false or inaccurate information to the Program." [ECF 82, Document 5, at 64.]

It was velocity who contacted AZES and specifically told AZDES plaintiff was committing Felony unemployment fraud.

AZDES, without investigating, filed a charge of **FRAUD** against plaintiff in July 2018. Plaintiff had no knowledge of this until July 2019 a year later.

Plaintiff appealed and the fraud charge was overturned and velocity still had to pay plaintiff unemployment benefits in 2019 that were halted because of this false claim/charge against him.

> Case 2:19-cv-02374-KJM-JDP   Document 35   Filed 08/14/20   Page 4 of 5
>
> Plaintiff alleges that approximately 70% of Velocity's workforce works remotely from home offices across the country. *Id.* at ¶ 8. Third, Plaintiff alleges that he worked at various home offices in Arizona, Illinois, Indiana, and California, none of which is near Velocity's alleged corporate locations. And finally, Plaintiff fails to include any allegation that Velocity employed at least fifty employees within seventy-five miles of any of his home office "worksites." Because the Complaint does not allege that Plaintiff worked at a worksite with at least fifty employees within a seventy-five mile radius, Plaintiff does not state sufficient facts to allege that he qualifies for the protections of the FMLA.

Furthermore, it was not Prime Healthcare who provided the fraud information to AZDES, nor was the information of fraud made by AZDES or an internal procedure.

It was Velocity.

Per AZDES policy and procedures, if they were the agency that discovered a claimant was committing unemployment fraud, they would report it and by law, they would be the party after an appeal was filed, they would have to appear at the appeal hearing with evidence of the fraud.

In this case, they did not, because the determination/adjudication by AZDES was fraud and it clearly stated, AZDES received this information and it was received from another source, Velocity.

No one except the plaintiff appeared at the appeal hearing on **October 29, 2019 over a year after this false felony charge was made by Velocity that was overturned as non-fraud.**

**DECISION OF APPEAL TRIBUNAL**

**CLAIMANT WAS OVERPAID BENEFITS HOWEVER, CLASSIFICATION OF OVERPAYMENT IS CHANGED**

> Prior the Decision that found him eligible to receive benefits, the claimant had not received any benefit payments on his claim. He was advised by the Program to fill out his weekly benefit claims as he did in the past.
>
> The claimant became reemployed on 6/27/2019. He worked and earned wages during the benefit weeks ending 7/7/2019 through 7/28/2019. When he filed his claims for each of those benefit weeks, he answered "no" to the question of whether he worked or earned any money during those benefit weeks. He answered "no" because he was under the misapprehension that he had to file those claims in order to receive benefits for the weeks for which he was previously declared ineligible, to reflect what his situation was for those previously unpaid weeks when he was not, in fact, employed.
>
> He did not intend to intentionally give false or incorrect information to the Program in order to receive benefits to which he was not entitled.

Plaintiff did not simply answered "no" to these questions, he was advised by AZDES to continue to file certifications, which he did, to receive the benefits he was entitled to that he did not receive after he had won his appeal in June 2018.

Velocity made sure he did not collect any unemployment benefits as they filed multiple false allegations and clams against him with AZDES to prevent him from doing so.

All of them were appealed, overturned and or reversed upon appeal.

It is also important to note to this court that on August 16, 2018 both Velocity and Ogltree Deakins attorneys knew Velocity had filed multiple false claims/allegations AZDES, including where they falsely accused plaintiff of Felony unemployment fraud with AZDES in the state of Arizona.
Neither of the said a word about it. Plaintiff if he had not on his own due diligence found out about it on his own, per AZDES, he had less than 30 days before they would have referred it over to law enforcement for prosecution.

**Despite the efforts by Velocity to send plaintiff who they claim was still employed to prison, they still lost the fraud appeal and was forced to pay plaintiff benefits he legally was entitled to more than one year after they falsely accused plaintiff of felony unemployment fraud.**

So any day after August 16 after he left the Ogltree Office building he could have been stopped by any law enforcement, arrested on a Felony warrant from the state of Arizona, extradited to Arizona on a felony warrant as a result of the false claim made by Velocity which is what they intended.

They knew he no longer lived in Arizona, they knew he was working for another organization in Indiana and they knew if he was arrested, he would lose his job at Prime Healthcare and have a felony on his record that would prevent him for obtaining gainful employment for the next 7 to 8 years, effectively ending his career.

This is a fact, and illustrates the vindictive, heinous nature of who Velocity really is.

They said absolutely nothing about these false charges they made against him, let him walk right out the door and relied upon others to do their dirty work for them.

I would not be surprised if they contacted local law enforcement in Indiana, Illinois and Arizona alerting them as well, then providing them with any information they had to locate plaintiff at work in order to arrest him.

**Attached Exhibits**

   A. Overpayment classification is F for FRAUD.
   B. Decision Arizona Court of Appeals after plaintiff filed appeal-reversing adjudication by AZDES from Fraud to Non-fraud.
   C. Felony fraud adjudication by AZDES

D. Letter Prime Healthcare corporate HR Human Resources where they confirm it was not Prime Healthcare that released plaintiff employment information or any other employment information to AZDES. It was Velocity.

Respectfully submitted,

Dated: April 29, 2022

*[signature]*

**Garrison Jones Plaintiff** (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com