Garrison Jones
Plaintiff (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com



FILED

MAY -5 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# U.S. DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**GARRISON JONES**
**Plaintiff,**

v.

**VELOCITY TECHNOLOGY**
**SOLUTIONS,**
**INC.; et al.,**
**Defendants.**

**Case No.: 2:19-cv-02374
KJM-JDP**

**JURY TRIAL
DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

## Plaintiff Reply to Defendants opposition to Motion to Vacate

# Introduction

As the court reviews this case, documents and exhibits it will see that as the events and situation changes so does the version of the lies being told by both Velocity and their attorneys from Ogltree Deakins.

No atter how Velocity and their attorneys from Ogltree Deakins attempt to transform or manipulate the evidence and exhibits of plaintiff, it does not in any way, changed the fact that on January 30, 2018 when plaintiff plaintiff submitted his Velocity insurance card, Velocity insurance carrier refused to authorize or pay for services as the insurance had been cancelled by Velocity a month earlier ( December 2017) and

- 1 -

plaintiff was forced to pay out of pocket and after that date plaintiff never presented the Velocity insurance card again for any healthcare services, medication, referrals, or for rehabiition services.

All the evidence supports support this.

In addition, this occurred on January 30, 2018 7 days after he received the email from Velocity HR Director Shauna Coleman and before he had been approved for state of Arizona Medicaid.

In an eight month span from December 2017 to August 2018 their version of the one event changes a total of 7 (seven) times.

**December 2017** – benefits covered
**January 2018** – benefits cancelled demand payment
**February 2018** – Benefits cancelled demand payment
**May 2018** – benefits still being received
**June** 2018– Benefits being waived
**July 2018**- Benefits covered

This illustration alone shows the use and denial of employer health benefits plan as a means of denial of health benefits originally promised to plaintiff and it being used as a means of preventing plaintiff to recover from his stroke and serious medical condition.

Ogltree Deakins attorney decristoforo Anthony J. in his motion is basically selling out Velocity seeing that he has no chance of winning this case and Ogltree Deakins has received, as much revenue and billable hours from Velocity and it is time to sell them out and run.

Velocity is once again reneging on a previous statement made less than a month prior because the events have changed.

What the exhibit proves is actually is clear, the benefits of plaintiff had already been cancelled in December 2017 and Velocity is demanding he send them money for coverage that does not exist.

**The exhibit illustrates a demand for payment and does not in any way illustrate Velocity cancelled the health benefits of plaintiff for non-payment of benefits on the part of plaintiff, because all the other evidence shows they continued the charade of receiving benefits.**

*This is again a creation of this same Ogltree Deakins attorney who could not convince a room of 50 2nd graders of anything if he had a bag of bubble gum and a Disney cruise for each of them.*

**They would not believe him, just as this court should not believe him.**

This is the exact reason why no other attorneys at his firm do not want to work with him, because they would be in jeopardy of losing their license to practice law.

He on the other hand, is **surviving on his pedigree** as stated by another attorney at his frim.

He is confused why he was assigned this case.  It was not for his "skills as an attorney.  It was because they are trying to push him out of the firm.  Even his co-counsel was glad to be off the case during maternity leave, which speaks volumes.

**Per the law, that governs this clearly states**

The employer must provide written notice to the employee that the payment has not been received. Such notice must be **mailed** to the employee at least 15 days before coverage is to cease, advising that coverage will be dropped on a specified date at least 15 days after the date of the letter unless the payment has been received by that date.

**It also illustrated by his response that Ogltree Deakins has known all the time since January 2018, that Velocity had cancelled the health benefits of plaintiff unlawfully then in February 2018 the unlawfully terminated plaintiff while on FMLA.**

**They have lied for over 4 ½ years and now they have no other way out the are finally have admitted this fact.**

It is his demented interpretation where he once again is attempting to distort the exhibit blaming it on plaintiff where he is now claiming the exhibit interpretation is that the illustrates he  the cancellation off benefits by Velocity.

This is the same he has done multiple times and if again accepted by this court, it means that on May 9 and May 15, 2018 Velocity HR Director lied to plaintiff claiming he was receiving benefits vison, dental, etc. knowing that the benefits have been cancelled months prior in January 2018.
He then once again "points to the location that he claims this statement is being made.

This is his last "transformation" that has again backfired in his face as the exhibit illustrated that after Velocity HR Director, Shauna Coleman in writing informed plaintiff Velocity would collect premiums when he returned to work, a month later she reneged on this promise and demanded payment of health premiums.

There is no wording in the email message that states "**cancellation**".

- 4 -

However, if he was to interpreted it and transform it into in his mind proof of cancellation of benefits for non-payment of premiums he has just proven the same thing plaintiff has stated for over 4 ½ years.

**DKT 131 pg 4 at 13**

13  seeking to dismiss the First Amended Complaint, Velocity did not focus on Plaintiff's eligibility for

14  or Velocity's termination of Plaintiff's benefits.   [*See*, DKT 43.] It is Plaintiff who introduces

15  evidence that Velocity lawfully terminated Plaintiff's benefits while on a leave of absence for failing

16  to pay his portion of the premium.  [DKT 128. at 2-3.]  *See also*, 29 C.F.R.  § 825.100(b): "An

**Here is the exhibit.** Being pointed to by this so-called attorney who is apparently suffering from an **advance case of dyslexia** where it is defined as a *Disorder that involve difficulty in learning to reading, reading comprehension or interpret words, letters, and other symbols, but that affects general intelligence.*

From: Shauna Coleman <shauna.coleman@velocitycloud.com>
Sent: Tuesday, January 23, 2018 7:26 PM
To: garrison.jones1724@outlook.com; Garrison Jones
Subject: Benefit Premium Recoup

Good Evening Garrison,

As previously discussed the last time that you paid for your benefits was November 30, 2017. We need to recoup your benefit premiums for December 2017 and January 2018 (breakdown listed below). In the past we have collected these payments via payroll deductions, but since you have been on short-term disability Lincoln Financial has been paying your directly.

| | | Dec-17 | | Jan-18 |
|---|---|---|---|---|
| Medical | $ | 185.83 | $ | 242.15 |
| Dental | $ | 22.21 | $ | 25.77 |
| FSA | $ | 83.33 | $ | 83.33 |
| LTD | $0 (not enrolled) | | $ | 26.88 |
| | $ | 291.37 | $ | 378.13 |

In order to continue your benefit coverage we need to recoup the premiums for December and January, totaling $669.51. Starting in February 2018 we will need your benefit premium of $378.13 submitted monthly to Velocity Technology Solutions, Inc. - Attn Wendy Cauthen, and mailed to 1901 Roxborough Road, Floor 4 Charlotte, NC 28211. Please make the check payable to Velocity Technology Solutions, Inc.

Please acknowledge receipt of this email and confirm once the payments have been mailed. If you have any questions please let me know.

Thank you

**Shauna Coleman** | Director, Human Resources | Velocity Technology Solutions, Inc.

**H**is language states. The coverage was cancelled for non-payment lawfully however, the communication from Velocity does not include the required language of the USDOL that clearly states and proves Velocity once again violated the law.

Once again, there is no language that states the coverage is cancelled but if the court wants to take the word of a documented serial, habitual, pathological liar, then so be it.

However, his le contradicts the evidence as Velocity General Counsel, Chris Heller states **"waiver" of these same premiums**. Months later with no proof, that Velocity ever paid them on behalf of plaintiff.

This also means that it contradicts the email sent to plaintiff where Velocity HR Director, Shauna Coleman, intentionally lied and deceived plaintiff into believing he was still receiving medical benefits on May 9 and May 15, 2018.

In addition, by making this statement he is also stating from January 2018 both Velocity and Ogltree Deakins attorneys who sent communication to plaintiff, AZDES and the Arizona Court of Appeals, in emails and or appeals also knew the insurance benefit coverage had been cancelled and they too were lying to plaintiff and did so knowing it was not true.

That issue is no longer true and relevant and the courts order from September 28, 2018 must be vacated as their own attorneys have admitted that all his vison, medical and dental coverage was cancelled by Velocity even before his FMLA leave had begun in January 2018.

The decision from the administrative hearing of June 22, 2018 has never been overturned.

It has been upheld upon appeal where the appeal by Velocity / Ogltree Deakins was denied and dismissed with prejudice on July 23, 2018 in addition to on August 20, 2018, their motion to reopen the same hearing of June 22, 2018 was also denied.

- 7 -

Velocity /Ogltree did not file an appeal to the Maricopa County Superior court, as is the course to appeal all administrative appeal decisions in the state of Arizona.

**Ogltree Deakins have burned their bridges in Maricopa County Arizona.**

In addition, plaintiff has been in contact with law enforcement and the judicial branch preparing them if Ogltree Deakins ever goes to the state of Arizona for any litigation related to plaintiff. They have been warned and supplied with multiple documents from multiple proceedings including this one.

In addition, Velocity /Ogltree lost on appeal 4 other false claims made by Velocity after August 2018 in the year of 2019 related to false claims made by Velocity of

   a. Physically unable to work because plaintiff was on FMLA medical leave
   b. Falsely accusing plaintiff of felony unemployment fraud in the state of Arizona after they stalked him and learned he had returned to work for another organization, Prime Healthcare in July 2018.

There is no contradiction of the termination of plaintiff as well as the defendants attorneys has completely abolished the one defense Velocity and Ogltree Deakins has used for now over 4 ½ years claiming it contradicted the termination of plaintiff.

**In addition, from January 2018 thru May 2018, Velocity HR Director Shauna Coleman was demanding payment from plaintiff for coverage that she knew had been cancelled.**
**That is what the exhibit illustrate.**

**Equally, Velocity General Counsel, Chris Heller also knew the same when he communicated to plaintiff on June 5, 2018 that he had conferred with Shauna Coleman and agreed to "waive the same premium payments Velocity claims**

**they paid on behalf of plaintiff" with no proof these payments were being made, yet they are being in his words "waived"**

All these events email communications sent to plaintiff before the very first appeal hearing on June 22, 2018 and now they expect this court to give credibility to Velocity and their attorneys from Ogltree Deakins what now after over 4 ½ years later they are admitting to the same thing plaintiff has been saying in the entire litigation that he had been terminated while on approved FMLA and that Velocity cancelled all his health benefits.

Am I missing something??

**Regardless of how and when or what new lie entails, it is simply a new fabrication to blame plaintiff, that again is unsuccessful.**

**The fact plaintiff has been terminated along with the evidence and changing of actual events make all the claims of termination more than plausible because they are all true and undisputed.**

Just as plaintiff has stated many times, he was terminated.
At no time during the entire FMLA and the extended FMLA medical leave, the plaintiff had no insurance or benefit coverage by/from Velocity during the entire year of 2018.

While the court maintained and claimed that Velocity "unambiguously" made this claim on May 15, 2018, the truth is Velocity was "unambiguously lying on May 9 and May 15 2018 just as Velocity and their attorneys from Ogltree Deakins are doing the same today.

The truth is that Velocity HR Director Shauna Coleman intentionally unambiguously and intentionally lied to plaintiff to make him and others believe he was receiving

medical benefits from Velocity when all of them had been cancelled over 4 ½ months prior to this email.

**The burden of proof consists of the requirement to submit evidence** of such nature, considering all other circumstances; the facts alleged appear to be true.

When this burden has been met, the evidence becomes proof.   The burden of proof rests upon the individual who makes a statement.  If a statement is denied by another party, and not supported by other evidence, it cannot be presumed to be true.

As in the case of Velocity and their attorneys from Ogltree Deakins, all they have done for over 4 ½ years is made "statements" that have never been supported by any proof, evidence or exhibits.

Velocity in turn as well as attorneys from Ogltree Deakins have **"avoided to submit any evidence other than forged documents and documents they have created that prove the committed criminal acts in their handing of FMLA medical leave of plaintiff and the criminal acts each have committed against the federal government off the United States.**

Each have intentionally failed to appear at any hearing and or make a statement  on the record  in support of the lies they have told in any of the pleadings they have filed including they have never presented a single document to prove/ support of their  false statements claiming plaintiff had not been terminated or proof of benefit coverage.

When a discharge has been established, the burden of proof shifts and rests **on the employer** to show or prove such a termination did not occur or was for disqualifying reasons.

Velocity or Ogltree Deakins have never produced any sufficient evidence to illustrate plaintiff had not been terminated.

The email received in the personal email of plaintiff stands as proof of his termination along with the facts of his complete segregation from all Velocity systems, email, and all the administrative hearings/appeals ruled in his favor.

This burden maybe discharged by an admission by the plaintiff, or his failure or refusal to deny the charge when faced with it. **Plaintiff has never made such admission** that he was not terminated nor has he ever claimed to be still employed at Velocity from March 2018 thru August 2018 as they claim.
After he was terminated, he immediately obtained other offers of employment and accepted one for California based Prime Healthcare.

**Plaintiff at all times has proven he was unlawfully terminated and his termination occurred after he was approved for FMLA medical leave by Velocity.**

**Velocity has never proven otherwise.**

An employer who discharges a worker and charges misconduct but refuses or fails to bring forth any evidence to dispute a denial by the claimant does not discharge the burden of proof. It is important to keep in mind that mere allegations of misconduct are not sufficient to sustain such a charge.

Ogltree Deakins attorneys over 2 years ago made such a false allegation in DKT 62 dated November 13, 2021  pg. 12 at 8 claiming *"**Plaintiff's employment would have ceased/ended for other reasons**"* but as is their tradition, has never submitted a single piece of evidence in support of this false claim because it was and is a lie.
 Moreover, if they made such a false claim, it would be a fabrication and plaintiff had evidence to counter and disprove it as he has done with all the other false claims made by Velocity and Ogltree Deakins.

The court has been provided undisputed proof by plaintiff in order to prove/justify the vacating /granting the plaintiffs motion vacating the court order from September 28, 2021 Document 98.

Velocity Defense attorney continues to reference and go back to the exhibit claiming it in his mind is still a contradiction of the termination of plaintiff.

At no time during the 12 week MLA medical leave period or the "extended MLA period did the plaintiff Garrison Jones receive, use or was covered by Velocity health, vison or dental insurance coverage.

The admission by Velocity attorney in his DKT 131 confirms this.

Regardless of how now he has attempted to blame the cancellation on plaintiff, his admission also confirms Velocity HR Director, Shauna Coleman intentionally lied and deceived plaintiff that he was receding these benefits on May 9 and May 15, 2018 that this court used in making its decision/court order on September 28, 2018 and as such is grounds to vacating this order.

Velocity and their attorneys from Ogltree Deakins have for more than 4 ½ years have maintained used and lied to plaintiff , AZDES, the Arizona court of Appeals and this court that the only reason and defense was plaintiff had not been terminated **"because" he was receiving medical, vision and dental coverage from Velocity", each time they used this excuse they knew they were lying and Velocity had cancelled it as part of their conspiracy to cover-up his termination.**

**Neither Velocity nor their attorneys from Ogltree Deakins have ever presented a single piece of proof or exhibit in support of their false claims of coverage.**

**Yet, even after May 2018, both Velocity and Ogltree deakins attorneys continued to use this lie off coverage to induce plaintiff, AZDES, Arizona court of Appeals and this court into believing he was still receiving coverage from Velocity, knowing it was not true.**

- 12 -

Even their current counsel lied claiming he only pointed to the exhibit by plaintiff and transformed into once again into the same lie however, he now claims and blames the court for its incorrect interpretation/decision.

He in fact intended to steer the court into this decision, knowing it had failed every single time Velocity and Ogltree Deakins attorneys had used it before.

**From** May 2018 thru up until plaintiff submitted documents from the insurance carrier for Velocity (United Healthcare, Arizona Medicaid program and a point of care healthcare provider who all provided information proving plaintiff was

   **a. Denied coverage for a vision referral on January 30, 2018 when he presented his Velocity insurance card and forced to pay out of pocket.**

   **b. Verification from State of Arizona who supplied his dates of state Medicaid service (February 7, 2018)**
   **c. Documents from United Healthcare**

The exhibit by plaintiff from May 15, 2018 never was an illustration that he was receiving health benefits from Velocity.

The illustration is and was that after over 3 months of no communication, after plaintiff had applied for unemployment benefits after he was terminated and after he had filed a federal discrimination complaint against Velocity were continuing to make the false claim that was "**disturbing** in that they are continuing the charade in the cover-up of termination.

   At that time, they thought they had plausible deniability of his termination a. because
   a. Velocity had revoked his access to corporate email.

   b. Velocity removed his access to all Velocity systems.

c. Velocity cancelled all his health benefits coverage.

d. Velocity  HR Director Shauna Coleman then terminated him

e. Velocity HR Director Shauna Coleman then at an executive meeting she attended informed all executives Garrison Jones had been terminated.

f. Velocity executives then informed all directors, managers and employees of the termination and were notified if anyone in the organization received any communication from him to immediately contact Human Resources with any copies or evidence of the communication.

Then the cover-up of his termination began.

**New evidence**

Once again, defense attorney now attempts to discredit evidence obtained by plaintiff as he now calls it "no **new evidence**", when all the documents were obtained in 45 days after September 28, 2021.

If plaintiff had known prior to September 28, 2021 that Judge Mueller would be reviewing the case and the issue of benefits or coverage would be the main issue, he would have obtained the same documents for the courts review and guaranteed the decision would be different.

Should employer's account be charged for benefits paid the claimant as a result of this employment?

## DECISION:

The employer's account is subject to charges for benefits paid the claimant.

I set aside the deputy's ruling that the claimant quit this employment without good cause.

The claimant was discharged from this employment, but not for wilful or negligent misconduct. The claimant qualifies for benefits.

## FINDINGS OF FACT:

The claimant was last employed as a consultant by the employer, a client based technology firm, for approximately 13 months prior to being discharged on 3/24/2018.

The claimant had a stroke in November of 2017 and was absent from work. The employer placed the claimant on FMLA in February of 2018 which would expire in May. The claimant was scheduled for an evaluation with his doctor at the end of March to determine whether he would be released to return to work.

 On March 15, 2018 the claimant was copied on an email from the Senior Director over Infor practice to the Senior Vice President indicating that the claimant's name was still showing up in the payroll system and that she understood from their last exchange that the claimant was no longer employed, and asking whether she or the claimant's supervisor could release him from the payroll.

The claimant was also contacted by 4 different individuals, including a head hunter firm, who advised him that the employer was advertising his job.

The claimant emailed the employer's general counsel on 3/24/2018 asking about his employment status. The general counsel replied that the claimant was on FMLA. The claimant responded asking why his job was posted? The general counsel did not answer the claimant's reply.

The claimant has sent 124 messages to the employer to which he has not received a reply.

In January the claimant filed a complaint with the employer's human resources department, alleging discrimination.

In February he filed charges with the EEOC. Charges were dismissed in March and the claimant was given a right to sue letter.



**garrison.courtdocs@outlook.com**

| | |
|---|---|
| **From:** | Garrison Jones <garrison.jones@outlook.com> |
| **Sent:** | Thursday, May 21, 2020 2:32 PM |
| **To:** | Garrison Jones -Court-Docs |
| **Subject:** | Fwd: Garrison Jones |

Get Outlook for iOS

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity.  His record remains in ADP reporting to Michael B.  Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday  | Velocity Technology Solutions, Inc.**
**Sr. Practice Director Professional Services, Infor Line of Business**
o 612.333.9853 | m  612.802.6914|
eMail susan.holtapp@velocitycloud.com  | Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or use are prohibited; please notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

They failed and did not convince anyone with this failed ploy.

**From:** Susan Holtapp <susan.holtapp@velocitycloud.com>
**Sent:** Thursday, March 15, 2018 8:08:38 AM
**To:** Chance Veasey <chance.veasey@velocitycloud.com>
**Cc:** Garrison Jones <garrison.jones@velocitycloud.com>
**Subject:** Garrison Jones

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.


**Regards,**
**Susan**

**Susan Holtapp-Freiday  | Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m  612.802.6914|
eMail susan.holtapp@velocitycloud.com  |Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

She was asking for direction **to remove plaintiff from the reporting structure / head count where the action that needed to be completed.**

**It does not in any way question his termination or if he is still employed at the firm.**

His termination had already been confirmed from a previous conversation and was an afterthought function that had not been completed.


The fact that now their own attorney ( **who is a serial, habitual, pathological liar)** has also now admitted the health benefits were cancelled in January is proof enough

- 16 -

for this court to grant the motion of plaintiff and vacate the court order DKT 98 from September 28, 2021.

The exhibit by plaintiff does not in any way illustrate or prove he failed to pay any premiums and as a result, Velocity lawfully cancelled all his benefits.

Five months later Velocity HR Director stated he was still receiving them and so did their General Counsel 21 days later.
,
The issue/motion before the court is if on May 15, 2018 plaintiff was still receiving health benefits from Velocity.  He was not.
It was all part of the unethical criminal deception, misrepresentation scheme by Velocity and their attorneys from Ogltree Deakins to deceive plaintiff into believing he was covered and to make it appear to AZDES by deception that he was still employed at that time when he had actually been terminated.

This was also a knee jerk denial response after plaintiff applied for unemployment on April 8, 2018 and in reaction of his filing of a federal discrimination complaint on May 8, 2018.

As previously stated as the events change so does the version of the lie being told by Velocity and Ogltree Deakins change.
Now after 5 months after the cancellation of his benefits, all of a sudden with no proof that is not the case, they *now want everyone to believe he is still employed and receiving benefits.*

As the court reviews this case, documents and exhibits it will see that as the events and situation changes so does the version of the lies being told by both Velocity and their attorneys from Ogltree Deakins.

Once plaintiff applied for unemployment, all of a sudden Velocity and Ogltree Deakins began to deceive plaintiff, AZDES and the Arizona Court of Appeals that he

- 17 -

is now **miraculously "receiving medical benefits"** to make it appear he is still employed and had not been terminated.

Each time plaintiff submits evidence/exhibits that show both Velocity and Ogltree Deakins lawyers are lying or caught in a lie, their version of the lie changes/transforms into something else and another lie is hatched.

It is obvious that both Velocity and attorneys from Ogltree Deakins that Velocity was illegally/intentionally denying plaintiff the use of any health benefit.

They had  using  control over the health benefits  and used them of plaintiff to prevent him from recovering from the stroke he suffered access to acute medical care, medication, as well as treatment for vision and all rehabilitation services.

The evidence reflects that even when plaintiff paid for benefits at the end of November 2017 Velocity still cancelled his vison coverage behind his back to prevent him from using it.

A current employee who knows of the litigation sent plaintiff a copy of a check from over 5 years ago to assist him in proving this fact.

**Employee Deductions for benefits are paid in advance of coverage.**  Plaintiff last paid per Velocity for coverage on November 30, 217.

Taxable Marital Status:   Married
Exemptions/Allowances:
   Federal:     3
   AZ:       Tax is 1.3%

**GARRISON   JONES**
**1360  N  43RD  AVE**
**PHOENIX  AZ  85009**

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| | 5833.33 | 32.00 | 2,153.84 | 99,794.81 |
| Gross Pay | | | $2,153.84 | 99,794.81 |

**Other Benefits and Information**  this peri
Gtl                                                    10.
Pto                                                    8.

**Statutory**

| | this period | year to date |
|---|---|---|
| Federal Income Tax | -131.50 | 14,220.66 |
| Social Security Tax | -124.80 | 6,058.90 |
| Medicare Tax | -29.19 | 1,417.00 |
| AZ State Income Tax | -26.17 | 1,270.39 |

**Important Notes**
YOUR COMPANY'S PHONE NUMBER

**Other**

| | this period | year to date |
|---|---|---|
| Dental | -11.10* | 166.50 |
| Flexible Spend | -47.62* | 714.30 |
| Medical | -92.92* | 1,393.80 |
| Expense Reimb | | -11,046.66 |

Velocity HR Director Shauna Coleman reached out to plaintiff on December 22, 2017 without being asked to do so made a promise to plaintiff in writing that ***Velocity would collect premiums when he returned to work,*** not knowing when that date would be.

| | |
|---|---|
| **From:** | Shauna Coleman <shauna.coleman@velocitycloud.com> |
| **Sent:** | Tuesday, January 23, 2018 7:26 PM |
| **To:** | garrison.jones1724@outlook.com; Garrison Jones |
| **Subject:** | Benefit Premium Recoup |

Good Evening Garrison,

As previously discussed the last time that you paid for your benefits was November 30, 2017. We need to recoup your benefit premiums for December 2017 and January 2018 (breakdown listed below). In the past we have collected these payments via payroll deductions, but since you have been on short-term disability Lincoln Financial has been paying your directly.

In the case of the most recent lie of April 7, 2022, they have once again abandoned the previous lie and now

1433 days from the first lie on May 15, 2018
Or 3 years, 11 months, 2 days from May 15, 2018
Or 47 months, 2 days from May 15, 2018

Now Ogltree attorney comes up with the lie of non-payment of premiums

While their versions and lies change, the truth being told by plaintiff has never changed.  Instead, what he has done is gathered and submitted evidence in support of

- 20 -

the fact he was not receiving any health benefits from Velocity and that he was unlawfully terminated by Velocity while on approved FMLA medical leave.

There has not been a single ounce of prove from the defendants (Velocity) or from their attorneys that has proven this fact is untrue.

Plaintiff has proven, as off January 2018 he was not receiving any benefit off insurance from Velocity.
In addition, on April 7, 2022  Velocity defense counsel has confirmed the same and he has also confirmed  that on **May 9 and May 15, 2018** that Velocity HR Director, Shauna Coleman lied to plaintiff sending him and email claiming he was still receiving health benefits from Velocity  when in fact he was not.

However, Velocity current counsel and specifically decristoforo, anthony j. is still lying to this court where he is not claiming Velocity "lawfully" cancelled these same benefits for non-payment.

He was lying then as he his lying now just as he has done throughout these proceedings.

*He now specifically blames US District Court Judge Mueller for making the decision of September 28, 2021 in DKT 98* and claims "Velocity only POINTED to the exhibit by plaintiff and did in no way make the statement/claim plaintiff was not receiving health benefits to contradict his termination, when in fact he did more than point, he actually guided/directed the court to specific documents/locations where in his demented mind claimed contradiction of termination because plaintiff was still receiving health benefits from velocity that contradicted his termination.

Ogltree Deakins attorney was also lying to this court claiming the reason plaintiff was not terminated because he was receiving health benefits in his DKT 43 knowing that he had been terminated as well.

It is irrelevant as now he claims the coverage was cancelled for non-payments of premiums because it goes against all the evidence and statements made by Velocity and Ogltree Deakins attorneys from December 2017 to the present.

The fact is, Ogltree Deakins advised Velocity HR Director, Shauna Coleman to send the email communications to plaintiff on May 9 and May 15, 2018 because on April 8, 2018 plaintiff had filed for unemployment after he was unlawfully terminated by Velocity.

These emails were specifically sent to make it appear he was still employed and to deceive, plaintiff, AZDES and the Arizona Court of Appeals.

Now their defense counsel has after plaintiff has obtained from 3 three separate independent sources including Velocity own insurance carrier that on January 30, 2018 plaintiff present his Velocity insurance card to a point of care health provider and it was not only declined but they also refused to authorize his medical visit as the coverage had been cancelled by Velocity in December 2017.

Now their counsel unable to way to dispute these exhibits, he now claims the coverage was cancelled "lawfully" because of non-payment off premiums.

He is also lying about that reason as well just as he has been lying about every single aspect of FMLA in the case before the court.

The fact is both Velocity and Ogltree Deakins have been complicit in the conspiracy to cover-up the unlawful termination of plaintiff for over 4 ½ years and continue to do it even today, despite the undisputable evidence.

Plaintiff has gone thru great lengths to obtain from multiple sources documents to vacate the order of September 28, 2021.

All, the lawyers from Velocity continue to do is after the truth has surfaced, they abandon the lies and deception,   come up with alternate lies then they have present

of mind and audacity to blame plaintiff and this court for the decisions made based on his motion.to the court.

The fact is, Ogltree Deakins knew Velocity led to plaintiff on May 9 and May 15, 2018 and they continued to lie and cover-up his termination resurrecting this same lie on June 5, 2018, July 23, 2018 in communication to plaintiff, AZDES and via a failed appeal on July 23, 2018 all claiming plaintiff was still receiving health benefits and Velocity was paying his portion and Velocity porting in full, all with no supporting evidence.

On each occasions, based on their current counsels admission the coverage was cancelled in January 2018, all were ***unambiguously lying to plaintiff, AZDES and to the Arizona Court of Appeals to cover-up his termination and the continued use of the lie of receiving of health benefits, a tactic that has never worked and they have never been avail to prevail or induce any agency or court in making a ruling in their favor.***

**<u>May 2018</u>**

On May 9 and May 15, 2018, Velocity HR Director Shauna Coleman lied to and deceived plaintiff he was still receiving health benefits.

It is important to let the court know on the same day May 15, 2018 plaintiff responded to this bogus email and confronted and caught Velocity HR Director in a lie and she refused to respond stating "send me your questions via email.

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Date:** May 15, 2018 at 6:18 PM
**To:** Garrison Jones <garrison.jones@outlook.com>
**Subject: Re: FMLA - Garrison Jones**

Hi Garrison,

I am not able to speak this evening. Please send me your questions via email.

Thank you

On Tue, May 15, 2018 at 7:04 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Again this repeatedly stuff is not working Shauna. I never said I had dr appt on May 20. That again is velocity saying that.

You guys want to have a reason.

I have tons of questions. Call me  you have my number 916 879 4960

Repeatedly after 4 months this is just a tactic

Plaintiff did so and never received a response, NEVER.  She cowardly ran after being confronted with the truth and **never spoke to plaintiff again, ever.**

The fact of the matter was Plaintiff had never spoke to or communicated to Velocity in over 3 months as they ignored every single email communication as they had been lying to him and covering up his termination.

**May 20, 2018 was a Sunday and it was simply another fabrication by Velocity who was advised to do so by attorneys at Ogltree Deakins.**

- 24 -

**Apparently, neither of them looked at a calender to verify their lie before sending the email message.**

## June 2018

On June 5, 2018 Velocity General Counsel Chris Heller lied to plaintiff in an email claiming Velocity since December 2017 had been paying the employee portion of health benefits ( **with no proof**) then claiming he verified with HR Director Shauna Coleman to waive the alleged $2500.00 velocity paid.

Based on the admission by Velocity attorneys of the cancellation of benefits in January 2018, Velocity General Counsel is again claiming falsely that Velocity paid for the employee portion of premiums but now claiming they are waiving these same

premiums that contradicts the statements being made by their attorney of cancellation.

This event just 21 days after HR director Shauna Coleman lied to plaintiff.

> On Jun 5, 2018 at 4:02 PM, <Chris Heller> wrote:
>
> Garrison,
> I spoke with Shauna and the only HR item we are aware of relates to the employee portion of your benefit premiums that Velocity has paid since December of last year.
> This amount is approximately $2,500.
> I am working on approval to include the waiver of payment of this amount as part of the settlement.
> This is part of the approval I am seeking in connection with the overall amount of the settlement payment and is not intended to decrease the final settlement amount.
> As indicated yesterday, I am preparing the draft agreement to send for your review today.  It may be later in the evening when I finish so want to confirm with you whether you want me to send late tonight or wait until business hours tomorrow to forward.
> Regards,
> Chris
>
>
> Chris Heller | SVP & General Counsel | Velocity Technology Solutions, Inc.
> o 704.593.3423| m 816.678.5162 | f 703.935.4308 | velocitycloud.com

## July 2018

On July 23, 2018 in an appeal filed by Velocity/Ogltree Deakins attorneys to the June 22, 2018 Court of Appeals decision where the court ruled plaintiff had been unlawfully terminated while on FMLA, Ogltree Deakins attorney Christopher Meister claimed in his appeal, plaintiff was still receiving health benefits from Velocity and intentionally lied and was deceiving the Arizona Court of Appeals

knowing that the coverage had been cancelled by Velocity more than 6 months earlier in January of 2018.

Jul. 23. 2018  4:44PM                                                    No. 1235   P. 4/16

July 23, 2018                                                            **Ogletree**
Page 2                                                                   **Deakins**

and fringe benefits and the cash value of all remuneration in any other medium other than cash."
A.R.S. § 23-622. From February 2018 to the present, Velocity has continued to provide Mr. Jones
with health, dental, and vision benefits.  Thus, Mr. Jones has received "wages" as defined by the
Arizona Revised Statutes, is not unemployed, and is, therefore, not eligible for unemployment
benefits.

In DKT 131 page 2 at 11 he describes as what he calls   **replacement care**, he goes on and blames plaintiff for seeking alternate health coverage when that was not the case.

Who in their right mind would continue to allow another to control the ability to receive medical attention?

However, what he does not intentionally include in his opposition that the cancellation of the health care benefits by Velocity occurred behind the plaintiffs back and he only found out of the cancellation on January 30, 2018 while in the office of the point of care provider.

All the events where coverage was cancelled by Velocity occurred before plaintiff was approved for state of Arizona Medicaid.

As discussed with the caseworker of plaintiff it is obvious that his employer has other intentions and as long as they have control over his health benefits, he will never recover from the stroke he suffered.

At that moment, she contacted the state in-house Medicaid representative

Both agreed that his employer had other intentions and were not in the best interest of plaintiff to not continue to have his commercial insurance as the primary coverage.

She sat down and completed application for state of Arizona Medicaid to remove the control of Velocity from the ability to control the healthcare of plaintiff.

These were medical professional making this crucial decision along with the primary physician of plaintiff.

Plaintiff did not choose to seek other healthcare; he was forced to because Velocity lied to him and cancelled all his health coverage.

After January 30, 2018 plaintiff never presented the Velocity insurance card to any healthcare provider and never had another denial or rejection of medical services.

It is extremely heinous that an employer who had control over health benefits that they would use /prevent an employee from using healthcare benefits paid for or promised to them as a means to prevent him from recovering from a near death medical condition.

***That is exactly what Velocity was doing.***  As long as they had control, plaintiff would have never recovered.

- 28 -

As the evidence reflects, Velocity cancelled his vision coverage in December 2017 and on January 30, 2018, he was denied services and was forced to pay out of pocket for his visit to a vision specialist for treatment that was for stroke victims and was strongly recommended and a referral from his neurologist and primary care physician who was treating him after his stroke.

Regardless of how may lies they continue to make and invent, the essence of the motion was to prove Velocity and Ogltree Deakins both have been lying and involved on a complicit conspiracy to cover-up the termination of plaintiff while he was on approved FMLA medical leave.

They have used the lie/claim he was still receiving medical benefits to (in their minds) deceive him, AZDES, the Arizona Court of Appeals and this court as the main reason they claim he was still employed and not terminated that now they have also admitted the coverage was cancelled 5 months prior, yet Velocity and attorneys from Ogltree Deakins continued to use this lie for months and years claiming the exact same thing knowing it was not true.

The court must see the extent of the lies and their attempts to abandon one lie after being caught and the emergence of yet another lie.

The truth of the matter, for over 4 ½ years Ogltree Deakins attorneys have known plaintiff was not receiving benefits and he had been unlawfully terminated while on approved FMLA.

Ogltree Deakins also in May 2018 advised Velocity HR Director to send emails to plaintiff to make it appear he was still receiving health benefits because he had filed for unemployment after he was terminated by Velocity in hopes of using this lie at any hearings at AZDES and or the Arizona Court of Appeals.

**The fact is on May 9 and May 15, 2018 Velocity HR Director, Shauna Coleman was lying to plaintiff about receiving health benefits.**

In addition after May 15, 2018 so was Velocity General Counsel Chris Heller and Ogltree Deakins attorney Christopher Meister.

He has confirmed that in January 2018 Velocity unlawfully cancelled the health benefits of plaintiff.

Velocity current counsel decristoforo, Anthony j. is also is still lying to this court claiming it was done **"lawfully"**.

**Velocity has never done anything lawfully** in connection to plaintiff, his employment and his entire FMLA medical leave.


**Per 29 CFR 825.212 and USDOL policy:**

*The employer must provide written notice to the employee that the premium payment has not been received. Such notice must be mailed to the employee at least 15 days before coverage is to cease, advising that coverage will be dropped on a specified date at least 15 days after the date of the letter unless the payment has been received by that date.*

*This written notification must be done no less than 15 days before the end of the grace period.*

Velocity never sent no such notification to plaintiff.
Nor did they use other communication to plaintiff as defined by USDOL policy and per   29 CFR 825.212.

Velocity never notified plaintiff of any cancellation of coverage.

- 30 -

Velocity as a result of their intentional acts violated and unlawfully denied plaintiff benefits under his paid employer-provided health insurance and benefit and benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA").

As a result of the plaintiff has based on the admission of Velocity attorneys plausible claims under ERISA where he was intentionally denied coverage and benefit of employer (Velocity) health insurance.

In addition, not only did Velocity intentionally violated USDOL policy governing payments while on FMLA health benefits but also violated the rights of plaintiff under ERISA when they denied access to health benefits after agreeing to recover premium payments when he returned to work.

This reversal and schizophrenic reactions caused plaintiff not to receive the level of care / treatment of commercial insurance.

In addition, as a direct result plaintiff suffered ***lifelong /permanent disability*** because of denial /loss of benefits and ***intentional denial of medical coverage by Velocity*** that attributed to multiple permanent disabilities he now suffers from.

Plaintiff intends to file other litigation to hold both Velocity and Ogltree Deakins to hold each liable and responsible for these damages.

Hence now their attorney admits Velocity intentionally cancelled his medical benefits plaintiff now has proof of the intent of Velocity.

In fact, Velocity on December 22, 2017 when not asked to do so sent plaintiff in response to his question on the same topic this email communication stating

He does not mention that on **December 22, 2017 Velocity HR Director Shauna Coleman when not asked to do so, in writing informed plaintiff "Velocity would collect premiums when he returned to work"**

- 31 -

On Fri, Dec 22, 2017 at 12:42 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:
Meaning 2018 correct

Sent from my iPhone

On Dec 22, 2017, at 12:37 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:

> Hello,
>
> Thank you Wendy. Garrison, as mentioned during open enrollment you will not be eligible to receive LTD benefits on your current disability as you did not have this coverage in place when this situation started. That said, you will be eligible for coverage in a year (with review by Lincoln Financial).
>
> Velocity will collect your premium once you return to work.

1

## Detrimental Reliance

Plaintiff because he was receiving this information in writing  from the highest ranking HR employee in the organization, the HR Director, Shauna Coleman he had *100 percent of detrimental reliance that Velocity would collect premiums when he returned to work whenever that date and that he would have no issues receiving medical care.*

**Yet,  in less than 30 days later January 23, 2018 after making this promise to plaintiff** unexpected Velocity reneged and contradicted this promise, without any warning or  explanation she makes a complete reversal and begins to demand payment.

Velocity not only violated his rights under FMLA as per USDOL policy

- 32 -

**The fact remains, Velocity had already cancelled the vision coverage of plaintiff in December 2017 without his knowledge.**

On Wed, Feb 21, 2018 at 5:00 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Received message from Optometrist stating my vision coverage was cancelled in December 2017. Can you tell me how this happened before I even sent my discrimination complaint?
--
Shauna Coleman | Director, Human Resources | Velocity Technology Solutions, Inc. o 704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

He emailed Velocity on this lie and they never responded, they completely ignored the message.  Just as they did for over 3 months with no response to any message from plaintiff.

However, the court must also take in consideration the documented history of the cover-up of the termination of plaintiff that still exist.

He does not mention that on **December 22, 2017 Velocity HR Director Shauna Coleman when not asked to do so, in writing informed plaintiff "Velocity would collect premiums when he returned to work"**

On Fri, Dec 22, 2017 at 12:42 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:
Meaning 2018 correct

Sent from my iPhone

On Dec 22, 2017, at 12:37 PM, Shauna Coleman <shauna.coleman@velocitycloud.com> wrote:

> Hello,
>
> Thank you Wendy. Garrison, as mentioned during open enrollment you will not be eligible to receive LTD benefits on your current disability as you did not have this coverage in place when this situation started. That said, you will be eligible for coverage in a year (with review by Lincoln Financial).
>
> Velocity will collect your premium once you return to work.

1

---

Plaintiff because he was receiving this information from the highest ranking HR employee in the organization, the HR Director, Shauna Coleman he had *100 percent of detrimental reliance that Velocity would collect premiums when he returned to work whenever that date was.*

**Yet,  in less than 30 days later January 23, 2018 after making this promise to plaintiff** unexpected Velocity reneged and contradicted this promise, without any warning or  explanation she makes a complete reversal and begins to demand payment.

The fact remains, Velocity had already cancelled the vision coverage of plaintiff in December 2017 without his knowledge.

- 34 -

On Wed, Feb 21, 2018 at 5:00 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Received message from Optometrist stating my vision coverage was cancelled in December 2017. Can you tell me how this happened before I even sent my discrimination complaint?
--
Shauna Coleman | Director, Human Resources | Velocity Technology Solutions, Inc. o 704.357.7721 | m 845.282.6955 | f 703.935.1269 | velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

He emailed Velocity on this lie and they never responded, they completely ignored the message.  Just as they did for over 3 months with no response to any message from plaintiff.

Plaintiff only found out this fact on January 30, 2018 attempting to use Velocity insurance card on a referral from his neurologist primary care physician for treatment of hemianopia, which is a visual field cut suffered by stroke patients  where the visual field has been "cut" off, and there is blindness or reduced impaired  vision in half the visual field.

The referral was for treatment and to obtain "Prism Lenses to correct/treat the severe vison loss suffered and correct if possible the vison cut of plaintiff.

Velocity denied any possibility of treatment by cancelling his vision coverage before he even had the opportunity to use it.

The check below was sent to plaintiff from a current Velocity employee who knows what Velocity did and was doing during his employment was unethical and illegal.

So the secretly went into payroll system to retrieve and send this copy of check showing on November 30, 2017 plaintiff paid for December 2017 health benefits.

This speaks volumes as after over 5 ½ years Velocity since he was unlawfully termination the information to prove facts are at their immediate reach, yet they still continue to make false allegations and has never produced a single piece of evidence in any litigation.

However, a current employee can locate and send plaintiff this information in one business day.

**Their own employees are turning against them.**

VELOCITY  TECHNOLOGY  SOLUTIONS,  INC.
1901 ROXBOROUGH  ROAD,  FLOOR  4
CHARLOTTE,  NC-28211

Period Beginning:     11/16/2017
Period Ending:        11/30/2017
Pay Date:             11/30/2017

Taxable  Marital  Status:     Married
Exemptions/Allowances:
    Federal:          3
    AZ:           Tax is 1.3%

**GARRISON  JONES**
**1360  N  43RD  AVE**
**PHOENIX  AZ  85009**

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| | 5833.33 | 32.00 | 2,153.84 | 99,794.81 |
| Gross Pay | | | $2,153.84 | 99,794.81 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Gtl | 10.74 | 204.06 |
| Pto | 8.40 | |

**ns   Statutory**

| | | |
|---|---|---|
| Federal Income Tax | -131.50 | 14,220.66 |
| Social Security Tax | -124.80 | 6,058.90 |
| Medicare Tax | -29.19 | 1,417.00 |
| AZ State Income Tax | -26.17 | 1,270.39 |

**Important Notes**
YOUR COMPANY'S PHONE NUMBER IS 704 357 7705

**Other**

| | | |
|---|---|---|
| Dental | -11.10* | 166.50 |
| Flexible Spend | -47.62* | 714.30 |
| Medical | -92.92* | 1,393.80 |
| Expense Reimb | | -11,046.66 |

- 36 -

**Employee benefit deductions**

Employee **benefits deductions are deducted in advance**, so plaintiff paid for coverage for the month of December 2017.

Velocity cancelled his coverage even though he paid for this coverage in advance. Velocity simply did not care, all they wanted to do is deny plaintiff access to paid benefits, to hurt him and prevent his recover in any way they had available to them.

Velocity never informed him off cancellation and never resolved the issue.

They simply did not care. They used everything they had available to them to prevent plaintiff from recovering from his serious medical condition and after receiving information from plaintiff about his vision impairment, they targeted his vision coverage and cancelled it.

This illustrates Velocity was using what they had available to them to prevent plaintiff from receiving any medical treatment, denying plaintiff the use of health benefits for the specific reason of preventing plaintiff from recovering from a stroke.

## **Burden of Proof of termination rest upon employer**

The burden to prove plaintiff was not terminated has rested upon the defendants for over 4 ½ years.

They have not offered or submitted a single piece of evidence to support this claim.

As such, the court must makes its decision on the evidence at hand.

Plaintiff has met and exceeded the preponderance of evidence standard in order to receive a default decision based on the evidence proving to this court or jury that he was unlawfully terminated while on approved FMLA medical leave.

***The defendants have produced no evidence to counter any of the evidence/exhibits.***

Their last hope was this petty attempt of claiming the receipt of health benefits after failing at eligibility, work site location and other petty claims they have made without no supporting facts.

They were filled with false hope when they deceived US District court Chief Judge Mueller into making a ruling based on "pointing to an exhibit claiming it in their minds "contradicted" his termination because Velocity claimed he was still receiving vison, dental and health benefit coverage.

Now, after undisputable evidence obtained by plaintiff from three separate organizations, proving plaintiff was not receiving any insurance coverage, they had no choice but to abandon, this lie, however true to form, they have invented another lie falsely claiming the coverage was cancelled for non-payment of premiums.

The coverage was cancelled because the plaintiff was unlawfully terminated.

The fact remains Velocity on December 22, 2017 when not asked to do so in writing and by Shauna Coleman, Velocity HR Director communicated to plaintiff that Velocity would collect his premiums when he returned to work, not knowing when that date was.

Velocity **reneged on this promise to plaintiff** in less than 30 days, and then they unexpectedly demanded him to begin paying for benefits

**However, once again, Velocity is asking not to recoup past premiums but demanding plaintiff to pay for coverage that has already been cancelled.**

Plaintiff relied on the very first communication where he was told premiums would be collected upon his return to work.

**Both Velocity and their attorneys want this court and every other jurisdiction to believe that they were paying all the health benefit premiums for a terminated employee, while at the same time, they were actively fighting to deny him unemployment benefits for a measly $240.00 per week.**

**Then verified he was working for another organization, where they falsely accused him on felony unemployment fraud.**

Velocity preferred to pay two attorneys from Ogltree Deakins $500.00 per hour instead of paying $240.00 per week of unemployment.

Velocity did not own or have a copy off Microsoft Office Word or Outlook to install on laptops; they instead instructed every employee to use the free version of google for word process and also used the free version of gmail as their corporate email system.

Now they expect you to believe (with no proof) they paid over an 8-month period over $400.00 per month of health benefits for a terminated employee.

- 39 -

At the same time, Ogltree Deakins advised Velocity not to appear at any of the appeal hearings for over a year.

They instead relied upon lies/deception to plaintiff, AZDES and Arizona Court of Appeals to do their dirty work for them.

The court knows that on each occasion, this tactic failed and the appeal was dismissed with prejudice with no right to appeal the court's decision.

In addition, both Velocity and Ogltree Deakins continued to claim plaintiff was still employed at Velocity.

However, the facts are, plaintiff returned to work after 8 months for another organization, Prime Healthcare.

**Again, they want this court to believe he was still employed at Velocity up until August 16, 2018.**

Both Velocity and their attorneys from Ogltree Deakins who at that time advised Velocity to send this communication to plaintiff to deceive him and also deceive AZDES and the Arizona Court of Appeals into believing they were paying his portion of health premium with no supporting evidence.

As the court is already aware of, this tactic failed as well.

In May, June and July of 2018 when the Arizona Court of Appeals denied and dismissed the appeal filed by Velocity and Ogltree Deakins who on July 223, 2018 attempted to deceive the court that plaintiff had not been terminated because they claimed then, he was still receiving vison, dental and health benefits.

The exhibit proves that on May 9 and May 15, 2018 that **Velocity HR Director Shauna Coleman intentionally lied to plaintiff** claiming he was still receiving these same healthcare benefits.

This message was sent to plaintiff on January 23, 2018.  However, 5 months later she is claiming something very different.
**Therefore, in both instances she was lying.**

She was definitely lying on May 9 and May 15, 2018 if now her attorneys are **claiming the benefits were cancelled in January 2018.**

The truth of the matter is that this attorney who has lied to the court from the very first pleading he has every filed and continues to lie on a regular basis in trying to transform evidence submitted by plaintiff into something it is not and in favor of the defendants.

There is no evidence of any cancellation in any communication from Velocity to Plaintiff.
However, if the court must take his lies as proof the court is making another mistake to believe any Ogltree Deakins attorney.

However, this "transformation" proves both he and Velocity were lying for plaintiff from the beginning.


It is simply the reneging of a promise made to plaintiff with no explanation why or reason by Velocity.

What it shows is that Velocity will lie to plaintiff and never will keep their word on any promises made.

- 41 -

## CONCLUSION

Based on all the above facts, the court order to vacate must be granted and the court must reverse its decision and change it to the fact that plaintiff was unlawfully terminated by Velocity while he was on approved FMLA medical leave and Velocity intentionally interfered and violated in his rights under FMLA and they must be assessed the maximum damages and sanctions because of the aggravated liquid damages they inflicted upon plaintiff and his family, coupled with the criminal violations of the law that were premeditatedly committed that involved the US Federal government as part of the conspiracy to cover-up the termination of plaintiff.

The court must also deny any and all oppositions from Velocity and their attorneys from Ogltree Deakins as all of them are nothing more than unsupported lies and have no truth whatsoever.

The attorneys from Ogltree Deakins have no credibility based on the lies they have told throughout these proceedings and have never submitted a single piece of evidence in support of any statements, allegations or claims they have made in over 4 ½ years.

They instead have chosen to critique the decisions, evidence and exhibits after the fact and avoid appearing in court and testify on the record.

Instead, they attack evidence submitted by plaintiff and attempt to transform them into something they are not and in favor of Velocity.

They are criminals just like their clients Velocity and not deserving of any ruling or decision in their favor.

When caught in the many lies, their pattern is to begin to quote Laurel and Hardy 1936, Cheech and Chong 1985, then Tom and Jerry 1975 where none of these precedents has no bearing on the case before this court.

It is simply a dilatory tactic response to being caught in a lie.

The amount of evidence they have submitted remains at **ZERO**.

Respectfully submitted,
Dated: April 29, 2022

**Garrison Jones Plaintiff** (Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com