UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrison Jones,<br><br>    Plaintiff,<br><br>  v.<br><br>Velocity Technology Solutions, et al.,<br><br>    Defendants. | No. 2:19-cv-02374-KJM-JDP<br><br>ORDER |

   In a previous order, this court dismissed plaintiff Garrison Jones's first amended complaint with leave to amend in part. *See generally* Prev. Order (Sept. 28, 2021), ECF No. 98. Jones moves to vacate that order. *See generally* Mot. Vacate, ECF No. 128. The defendants oppose the motion, and Jones has replied. *See generally* Opp'n, ECF No. 131; Replies, ECF Nos. 133, 134, 135, 136. The matter was submitted without a hearing.

   The court construes the motion as a request for reconsideration of a non-final order under this court's inherent authority. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). The motion is **denied**. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation and quotation marks omitted)).

1    Jones is not represented by an attorney in this action. Federal courts frequently forgive procedural missteps and inartful pleading by those who are not represented by attorneys. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This leniency helps to ensure actions are resolved justly on their merits whenever possible. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). But everyone is "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). If a plaintiff repeatedly disregards the court's orders and procedural rules, the case may be dismissed. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992).

Jones has filed many duplicative motions and other documents without permission in contravention of this court's local rules and the Federal Rules of Civil Procedure. His filings are long, inflammatory, and difficult to understand. His current motion illustrates this trend. It includes more than forty pages of single-spaced text and discursive allegations of fraud and lies by the defendants and their counsel. ECF No. 128. He responded to the defendants' five-page opposition with four overlong replies. *See* ECF Nos. 133, 134, 135, 136. The most recent includes more than forty pages of single-spaced text. *See generally* ECF No. 136. The court will strike or disregard similar filings and motions in the future. Continued failures to comply with court orders and procedural rules may lead to sanctions, including dismissal without leave to amend.

This order resolves ECF No. 128.

IT IS SO ORDERED.

DATED: May 10, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE