Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com



FILED

AUG 0 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**if**

**Case No.: 2:19-cv-02374
KJM-JDP**

**JURY TRIAL
DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

**Plaintiff Reply/Response to Defendants claim lawfully cancelling o benefits**

# Introduction

Plaintiff wants to finally and finally provide this court proof that his medical
coverage was intentionally cancelled by Velocity despite the lies being told by their
attorneys from Ogltree Deakins.

There is nothing "inflammatory" about the truth.

- 1 -

If the health benefits had not been cancelled for non-payment, there would be no reason for Velocity to reinstate them and make his coverage "retroactive" to January 1, 2018.

If Velocity "lawfully" terminated these same benefits for non-payment, then why is Velocity General Counsel claiming the waiver of premium payments Velocity paid in June off 2018?

Again, all this with no documented proof of any of their statements or claims in regards to this same coverage.

Information that is at his or her fingertips yet no one wants to produce any evidence in support.

It is apparent there is something to hide.

Every time plaintiff produces undisputable evidence that he had no medical, vison coverage, their attorney specifically decristoforo, anthony j. attempts to first blame plaintiff for the cancelling o the coverage when he knows he has/had no control over it.

In a span of 90 days, Velocity stance on medical and vison coverage changed 4 times.

Each time, their attorneys attempting to gain "brownie points" that are not available to them try to use it as a victory claiming it in their minds disprove the termination of plaintiff.

It does not.  While Velocity had control over his medical coverage and benefits, they used it to prevent plaintiff from using any off it to recover from the stroke he

suffered in November 2017 and used it at all times as a negative weapon against plaintiff at all times.

F that

This is no more evident than in the defendants' response in DKT 131

Pg 4 at 15 where he now claims it was plaintiff who introduced evidence that he claims proves Velocity "lawfully terminated his benefits for his non-payment of his portion of benefits".

This while he ignores the fact that the benefits were cancelled by Velocity in December 2017 after plaintiff paid his portion of benefits in November 2017 for the entire month of December 2107 but Velocity still cancelled his benefits forcing him to pay out of pocket on January 30, 2018.

Then perhaps he can explain after he claims Velocity lawfully cancelled these same benefits that on February 27, 2018  Velocity HR Director Shauna Coleman communicated to plaintiff that his vison coverage that was cancelled in December 2017 **was updated /reinstated and retroactive to January 1, 2018.**

**If they were lawfully cancelled, why was there a need for Velocity to reinstate them and then claim they were paying his portion of the same premium for the next 5 months?  Again, with no proof they were doing it.**

An email message that was copied to then Velocity General Counsel Chris Heller.

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Tuesday, February 27, 2018 1:31:13 PM
**To:** Garrison Jones
**Cc:** chris.heller@velocitycloud.com
**Subject:** Re: Fwd[2]: Re: Open Enrollment

Hi Garrison,

We were able to update your coverage for vision as of 1/1/2018.

On Tue, Feb 27, 2018 at 2:07 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Here is the email from you confirming my email to enrollment in all of current benefits except to add LTD. this is a velocity error and mistake where I was these enrollments were not properly carried out.

Here is dkt 131 pg 4 at 13 he then goes into detail and quotes CR 825.1000 (b) where he attempts to again blame plaintiff for this cancellation.

Again the exhibit he "points to" **does not state cancellation of benefits**, it clearly states Velocity reneging on its prior statement to plaintiff where the stated, **"velocity would collect premiums when he returned to work." In December 2017.**

**However, seeing the liability of their actions Velocity reinstated the cancelled vison coverage and made it retroactive to January 1, 2018 before the date it was declined January 30, 2018.**

13    seeking to dismiss the First Amended Complaint. Velocity did not focus on Plaintiff's eligibility for

14    or Velocity's termination of Plaintiff's benefits.   [*See*. DKT 43.] It is Plaintiff who introduces

15    evidence that Velocity lawfully terminated Plaintiff's benefits while on a leave of absence for failing

16    to pay his portion of the premium.   [DKT 128. at 2-3.]   *See also*. 29 C.F.R. § 825.100(b): "An

17    employee on FMLA leave is also entitled to have health benefits maintained while on leave *as if the*

18    *employee had continued to work*… If the employee was paying all or part of the premium payments

19    prior to leave. *the employee would continue to pay his or her share during the leave period…*"

This is all a game to Velocity and Ogltree Deakins who have still not accepted or want to be held accountable for their actions.

The fact remains they used health benefits as a means to claim the termination off plaintiff never happened however, when it has been proven he did not have any health coverage they attempt to blame plaintiff but still has not produced any evidence that this coverage even existed, something that is readily available to them.

The fact remains his coverage was cancelled before his FMLA period began, it was declined when he attempted to use it and from that point on Velocity and Ogltree Deakins has never produced any admissible evidence o when it was cancelled and or reinstated except via emails to plaintiff with no supporting documentation from Velocity benefit carrier or administrators.

Dated: August 02_2022

**Garrison Jones Plaintiff (**Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com

- 5 -

*Ex A.*

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Tuesday, February 27, 2018 1:31:13 PM
**To:** Garrison Jones
**Cc:** chris.heller@velocitycloud.com
**Subject:** Re: Fwd[2]: Re: Open Enrollment

Hi Garrison,

We were able to update your coverage for vision as of 1/1/2018.

On Tue, Feb 27, 2018 at 2:07 PM Garrison Jones <garrison.jones@outlook.com> wrote:
Here is the email from you confirming my email to enrollment in all of current benefits except to add LTD. this is a velocity error and mistake where I was these enrollments were not properly carried out.

Garrison Jones
Plaintiff (Pro Se)
P.O. Box 188911
Sacramento, California 95818
garrison.jones@outlook.com

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**if**

**Case No.: 2:19-cv-02374
KJM-JDP**

**JURY TRIAL
DEMANDED**

Action filed:  Nov 25, 2019

Date set for trial: NONE

**Plaintiff Reply/Response to Defendants claim of Negotiations DKT 122 and 126**

# Introduction

The last time Velocity and Ogltree Deakins claim they were "negotiating" towards a settlement was May 4, 2018 when Ogltree Deakins attorney Christopher Meister reached out to plaintiff.

He claimed he was **"negotiating on behalf of Velocity** before plaintiff had even filed his complaint in the US District Court off Northern Illinois on May 8, 2018.

He claimed plaintiff did not have a case and that it would be better settled in "small claims court for less than $1,000.00.

- 1 -

In a conversation that lasted less than 3 minutes, plaintiff hung up on him and blocked his number.

Velocity did not intend to negotiate **a settlement** "and their actions on this ay proved they had none, then on My 4, 2018 nor were there any further negotiations from this day forward.

What Velocity wanted then is the same, as they want now, with that being not to be held accountable for their actions and not to suffer any financial monetary damages for any/all of their actions.

They want this court to believe the FMLA complaint uncovered by plaintiff was part of "negotiations" of a racial discrimination complaint **where no FMLA claim or allegation never existed.**

**<u>They are simply using this word as another escape clause to cover-up being caught once again with no real answer or excuse as to why this complaint exist and in response to committing criminal acts against plaintiff and the federal government of the United States</u>**.

They are desperate to try anything to disconnect themselves from this complaint uncovered by plaintiff over 2 years ago.

It has taken them over 2 years to think of this laughable excuse.

As plaintiff has previously illustrated, he was not **"negotiating"** he was running interference/distraction of the plaintiff in a coordinated event between Ogltree Deakins and Velocity.

- 2 -

On the same day, May 4, 2018 Velocity HR Director Shauna Coleman was contacting AZDES for the second time in a 10 day span.

This time, she was putting more obstacles in the path of plaintiff to prevent him from receiving unemployment benefits he was legally entitled for.

She contacted AZDES claiming plaintiff was **"physically unable to work"** because he was on approved FMLA medical leave.

She did this knowing plaintiff had been approved to return to work by his physician on March 22, 2018 and she and Velocity had requested and received the certification they sent/request from plaintiff and his physician over 4 months prior ( January 2018).

In that case, as the court already knows plaintiff had no knowledge of this false complaint by Velocity until July 2019 when he uncovered it.
He immediately appealed this negative adjudication and it was overturned on October 23, 2019 on Arizona Court of Appeal Arizona Appeal No. U-1639659-001.

However, in this event AZDES recorded in their logs on May 7, 2018 that the plaintiff Garrison Jones contacted them and confirmed all the negative statements made by Velocity HR Director Shauna Coleman 3 days earlier on May 4, 2018.
This is impossible because again, plaintiff did not know off this event until over a year later.

**It is highly improbable that plaintiff would have contacted AZDES, agreed, and confirmed this negative adjudication and then a year later filed an appeal to have it overturned.**

The point is, this is the same tactic Velocity and Ogltree Deakins committed 3 months later when they filed the FMLA complaint with the USDOL on July 19, 2018.

They figured I it worked one time, they could get away with it a second time on a bigger scale, this time with a federal government agency, the USDOL.

They contacted the USDOL claiming to be the plaintiff and filed an FMLA complaint against Velocity making sure they left personal identifying information of plaintiff from AZDES and the case in Northern Illinois to incriminate him as the person submitting the complaint.

The same tactic failed as when plaintiff found out about this fabricated FMLA complaint, he immediately appealed it and on October 30, 2020 the USDOL determined that he did not and could not have filed the FMLA complaint on July 19, 2018.

They also determined that there is no record of an FMLA complaint on May 22, 2018 and the document sent to this court DKT 94-1 by Ogltree Deakins attorney decristoforo anthony j where he claims to be the third FMLA complaint dated May 22, 2018 where he alleges it too was sent to the USDOL by plaintiff Garrison Jones.

On October 18, 2021 the USDOL responded that there is no record of this document in their files/records.

It was and is a forgery created by Velocity and their attorneys from Ogltree Deakins who after over three and a half years, they are still creating forged documents to create the FMLA complaint in which they think they are entitled to justify the unenforceable agreement and release they continue to claim as their "trump card" to escape the financial monetary damages.

- 4 -

Now they are claiming "negotiations" but still has not offered or presented any proof of these negotiations because it does not exist.

This entire effort is part of the premediated plot/scheme by Velocity and Ogltree Deakins to cover up the termination of plaintiff and that the FMLA complaint/charge they identified in the document the call a settlement agreement, is in fact an FMLA charge/complaint Velocity filed against themselves on July 19, 2018 so they could add it to the document.

It is not an FMLA complaint filed by plaintiff Garrison Jones and therefore he can only release claims he made against Velocity.

In this case, there were none.

All of the documents associated with the FMLA complaint uncovered by plaintiff were all created, filed and sent to the USDOL by Velocity and or attorneys from Ogltree Deakins.

The law and the document they call a settlement agreement does not allow an employer to file an FMLA complaint against themselves, then obtain what they call a release or waiver from the employee whose FMLA rights they interfered and violated.

It also clearly states that in the section Release of Claims and I quote "this **Agreement does not; however apply to any claim that cannot be released as a matter of law including those that arise after Jones signs this Agreement**"

Well these events and ffacts discovered by plaintifff occurred after August 16, 2018 and he as he knew then as he has illustrated to this court, he did not file an FMLA comlpaint/charge with USDOL against Velocity and the document is very speceffic as to the specific relase of claims it seeks and there is no FMLA claim that can be release

- 5 -

by plaintifff because he did not make a claim/allegation of FMLA in the case in NOrhtern Illinois and he certainly did not file an FMLA comaplint/charge with the USDOL o July 19, 2018.

The negotitations they claim is for a matter unrelated to the litigation bu it is a clear indication that both Velocity and Ogltree Deakins knew they had intentionally violated and interferred in the FMLA rights of the plaintiff Garrison Jones.

If they did not they would not have put for the this enormous effort to cover-up his termination, forged documents and file false fabricated FMLA complaint with the USDOL where in te process they also committed multiple criminal felony violations againt the federal governemtn of the United States.

In multiple pleadings they have described what the plaintifff has uncovred as "bizarre".

Yes, it is bizzare that an emplyer and their attorneys whould go to such length to escape the ramifications and consequences of the acts and violations of the FMLA rights of an emplyee they terminated  in that they involved the ffederal government in their plaot and it has blown up in their faces.

They both were ad still are under the impression they had pulled off the biggest scam/scheme in the history of FMLA litigation by falsely accusing the emplyee of filing an FFMLA complaint and then obtaing an unenforceable relese and agreement.

The only thing they have accomplished is moving steps closer to federal prison.

The truth of the matter is an employee can only waive or release claims the employee filed against their employer.

An employee cannot waive or release claims that were filed by the employer in his/her name to allow them to escape future liability and or litigation.

The release they have submitted to this court is not valid, nor is it enforceable because it has already been proven that the FMLA complaint/charge at the USDOL was **filed by Velocity and not the plaintiff**.

The law does not allow an employee to release any FMLA charge he or she did not file.

Respectfully submitted,

Dated: August 3 2022

**Garrison Jones Plaintiff (**Pro Se)
General Delivery
Sacramento, California 95814
garrison.jones@outlook.com

- 7 -

## General Adjudication

**UB-098**   Claimant SSN: ████████

PER T/C ON 5-4-18 AT 11:59AM PHN: 704-357-7721, LEFT MESSAGE ON SHAUNA COLMAN (HEAD OF HR) ANSWERING MACHINE, TO RESPOND BY 5-8-18 BY 12:00PM AND ADVISED OF CONSEQUENCES.

SHAUNA RETURNED CALL ON 5-4-18 AT 1:35PM AND LEFT MESSAGE STATING:

CLAIMANT IS ON FMLA FOR MEDICAL REASONS. CLAIMANT IS DUE TO RETURN TO WORK ON 5-15-18 ER STATES CLMT IS STILL CURRENTLY EMPLOYED WITH THEIR COMPANY AND IS EXPECTED TO RETURN TO WORK AS SCHEDULED ON 5-15-18.

DEPUTY NOTE: DUE TO THE INFORMATION PRESENTED BY BOTH ER AND CLMT AND NOT BEING ABLE TO REBUTTLE WITH ER DUE TO CLMT REQ IT SEEMS CLMT STILL HAS A JOB TO RETURN TO ON 5/15/18 AND CLMT IS REFUSING TO DUE SO BECAUSE HE FEELS HE HAS BEEN DISCHARGED AS OF 3/15/18. WILL USE START DATE AS 3/15/18 SICE THAT IS THE ASSUMED SEPERATION DATE

IF APPLICABLE SEE SECOND UB-098 FOR ADDITIONAL INFORMATION FROM ER AND OR CLMT.

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Meister, Christopher J. <Christopher.Meister@ogletree.com> |
| **Sent:** | Friday, May 4, 2018 8:28 AM |
| **To:** | Garrison Jones |
| **Subject:** | RE: |

Mr. Jones, I am writing to follow-up on our conversation on Wednesday. It is unfortunate that you again lost your temper and hung-up because I was only trying to clarify for you what the confidential settlement negotiation process entails.  Despite your recent behavior, my client is willing to try one more time to reach an amicable resolution. My client would prefer to resolve this matter in this way as opposed to taking the various legal avenues available.

If you are interested in doing so, you must understand that we will need to first agree on both monetary and non-monetary settlement terms and then reduce those terms to writing. You will then be provided the opportunity to review the settlement agreement and will need to sign it if it is agreeable to you. You will then be paid after you have signed the agreement and the period of time the law requires us to give you has expired. If you understand this process and are willing to engage in good faith settlement negotiations, please let me know.

Please understand that my client's willingness to have any further confidential settlement discussions is contingent upon you not engaging in any further misconduct. Please also understand that by engaging in further settlement discussions my client is not waiving its rights to take action against you for prior misconduct. Thank you for your time and responsible attention to this vitally important matter.


**Christopher J. Meister | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3720 | Fax: 602-778-3750
christopher.meister@ogletree.com | www.ogletree.com | Bio


**From:** Garrison Jones [mailto:garrison.jones@outlook.com]
**Sent:** Tuesday, May 01, 2018 1:57 PM
**To:** Meister, Christopher J. <Christopher.Meister@ogletreedeakins.com>
**Subject:** Re:

Available between 10 am and 1 pm cdt

Get Outlook for iOS

---
**From:** Meister, Christopher J. <Christopher.Meister@ogletree.com>
**Sent:** Tuesday, May 1, 2018 3:55:22 PM
**To:** Garrison Jones
**Subject:**

Good afternoon. I wanted to check on your availability for a call tomorrow. Please let me know what works best for you.

**Christopher J. Meister | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3720 | Fax: 602-778-3750
christopher.meister@ogletree.com | www.ogletree.com | Bio

1

**General Adjudication**

**UB-098**      Claimant SSN ███████

Issue: Able

Base Period Separation: No

Basis:
ABILITY TO WORK

BPR:
R6-3-52235.A.

**MAY 7, 2018**

Reasoning and Conclusion:
SEE UB 100

**A**

Additional Text:

CLMT WRITTEN STATEMENT:
UB436 SENT ON 4/19/18 DUE BACK ON 4/24/18
SEE UB-436R IN ONBASE RECD 5/2/18

CLMT CALL: ON 5-4-18 AT 11:22AM PHN: 916-870-4960, LEFT MESSAGE TO RESPOND BY 5-8-18 BY 11:24AM AND ADVISED OF CONSEQUENCES.

CLAIMANT RETURNED CALL ON 5-7-18 AT 1:53PM PHN: 916-870-4960, T/C WITH CLAIMANT.

CLMT STATES HE HAD A STROKE IN NOVEMBER OF 2017. CLMT IS STILL UNDER DOCTORS CARE UNTIL 5/15/18.

Exhibit # 02



1 | ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
2 | PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
3 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4 | 500 Capitol Mall, Suite 2500
Sacramento, CA  95814
5 | Telephone:    916-840-3150
Facsimile:     916-840-3159
6 |
Attorneys for Defendant
7 | VELOCITY TECHNOLOGY
SOLUTIONS, INC.
8 |
9 | **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
10 |
11 | GARRISON JONES,                                    Case No. 2:19-cv-02374-KJM-JDP

12 |              Plaintiff,                           **DECLARATION OF ANTHONY J.**
                                                    **DECRISTOFORO IN SUPPORT OF REPLY**
13 |     v.                                          **TO PLAINTIFF'S OPPOSITION TO**
                                                    **DEFENDANT'S MOTION FOR SUMMARY**
14 | VELOCITY TECHNOLOGY SOLUTIONS,                   **JUDGMENT**
INC.; SHAUNA COLEMAN, individually
15 | and as H.R. Director of Velocity Technology       **DATE:**          **September 16, 2021[1]**
Solutions; CHRIS HELLER, individually and           **TIME:**          **10:00 AM**
16 | as General Counsel of Velocity Technology         **LOCATION:   Courtroom 9, 13th Floor**
Solutions; STEVEN KLOEBLEN,                                        **501 I Street**
17 | individually and as CEO of Velocity                              **Sacramento, CA 95814**
Technology Solutions; MICHAEL
18 | BALDWIN, individually and as an employee          Complaint Filed: November 25, 2019
of Velocity Technology Solutions.                   Trial Date:      None Set
19 |                                                  Magistrate Judge: Hon. Jeremy D. Peterson
              Defendants.                            District Judge:   Hon. Kimberly J. Mueller
20 |
21 |     I, Anthony J. DeCristoforo, declare:

22 |     1.    I am an attorney duly licensed to practice law before all courts of the State of

23 | California. I am a Shareholder at the law firm of Ogletree, Deakins, Nash, Smoak & Stewart P.C.,

24 | counsel of record for Defendant Velocity Technology Solutions, Inc. ("Defendant") in the above-

25 | entitled action. Other than as described on information and belief, the following facts are within my

26 | personal knowledge and, if called as a witness herein, I can completely testify thereto.  As to facts

27 | described on information and belief, I am informed and believe them to be true.

28 |
_____
[1] The Court has vacated the hearing on this Motion. [DKT 90].

DECLARATION OF ANTHONY J. DECRISTOFORO IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

1          2.          Attached as Exhibit A is a true and correct copy of a letter dated May 22, 2018, that,

2     on information and belief, was sent by the Plaintiff to the United States Department of Labor and

3     which Plaintiff refers to in his Opposition as a thank you letter.  Oppo. [DKT 88] at 10.  This letter

4     bears the subject line "Formal FMLA Complaint against Velocity Technology solutions (sic)."

5          I declare under penalty of perjury under the laws of the State of California that the foregoing

6     is true and correct and that this declaration was signed on September 9, 2021, in Sacramento,

7     California.

8

9

10                              */s/ Anthony J. DeCristoforo*
                              ANTHONY J. DECRISTOFORO

11                                                                              48478040.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

May 22, 2018

Mr. Garrison Jones
705 West Liberty Drive
Wheaton, Illinois 60187

U.S. Department of Labor
Wage and Hour Division
219 S Dearborn
Wheaton, Illinois 60187



Re: Formal FMLA Complaint against Velocity Technology solutions

Dear Sir

Thank you for your direction in handling this complaint.  I understand that I do not need to file a formal compliant and can proceed directly to addressing this issue in federal court, however I want to have this on record with your agency as my initial starting point

Separately will be bullet points of my complaint against Velocity.  My biggest concern is I sense they are going to try to use FMLA to terminate me for the second time with false claims of non-compliance with FMLA.

I have included as attachments with this letter several emails to support my complaint.  One email in particular shows the two dates we discussed related to acknowledgement of the medical condition and my email to Velocity in Jan 2018 showing that they were too busy retaliating against me for filing the discrimination complaint that they dropped the ball on FMLA .  Again, I never had a conversation with anyone from Velocity Technology Solutions or an email that remotely explained the provisions of FMLA.  In addition despite what she claims in the email, Shauna Coleman, Human Resource Director, never mailed anything to my home regarding FMLA.

As the same in my email, this letter and my upcoming lawsuit against Velocity, from the time of my illness to the time they provided me with any FMLA Information (Incorrect on all counts) 66 (sixty – Six) days had elapsed. Per the notifications and requirements, this was supposed to occur in five business days and it did not.

There were no extenuating circumstances on why they did not do it except as I stated in my email they were busy fiercely retaliating against me.

In addition to the emails is the actual Notice of eligibility form filled out by Shauna Coleman, Human Resource director that clearly shows 2 dates

1.  February 20, 2018 ( my one year anniversary of my hire)
2.  The original date of my injury November 18, 2017) please note the actual date was Nov. 17, 2017 I was admitted to hospital on Nov. 18, 2018.

In this document, she again states that I "requested FMLA" and per the 3rd email sent to you "I clearly say, "I did not "

In other emails sent, I am demonstrating the web of lies being told in regards to the reference to May 20, 2018 and alleged dr. appoint that Velocity Technology Solutions claim that I had and the reason why they extended the date from May 15, 2018 to May 20, 2018.

I want to state again,

1. I never made such a statement or request for any extension Velocity Technology Solutions mentioned this in a previous email

2. message (also included) back in February 2018; I was still in Outpatient rehab at the time.

3. Message was sent proactively by Velocity Technology Solutions without my knowledge.

4. Email to Velocity Technology Solutions dated May 17, 2018 in response to Shauna Coleman's' email where I told them that this was a weak attempt at trying to manufacture a reason to use FMLA as a disciplinary tool and create an audit trail, as May 20, 2018 was a Sunday and that I would have never made such an appointment nor would any dr scheduled me for an appointment on a Sunday 5 months ago.

5. Also included is an email to Shauna Coleman, Human Resource director, that I informed her that both me and the EEOC investigator were awaiting on proof of my request, i.e. email or phone records to support her message in regards to the May 20, 2018 date as of today, May 23, 2018 no response has been received and none will be as there is no such proof that they can submit. It never happened, as I never did what they are claiming.

   Please be so kind and send any further communication to the mail address on file along with report/case number assigned to this complaint

   Thanking you in advance for your attention to this matter

Rating


                                        Sincerely


                                        Garrison Jones



**Company address**

1901 Roxborough Rd
Floor 4
Charlotte, North Carolina 28211

   • CEO Keith Angell   Coleman   keith.angell@velocitycloud.com

   • Director of HR, Shauna Coleman   shauna.coleman@velocitycloud.com
o 704.357.7721 | m 845.282.6955 | f 703.935.1269

**Arizona Department of
Economic Security**



**Office Of Appeals**



**1990 W. Camelback Road, Suite 200, Phoenix, AZ 85015, (602) 771-9019
Toll-Free 1-877-528-3330   FAX (602) 257-7056**

GARRISON JONES

███████████

SACRAMENTO, CA ██████████

Arizona Appeal No. U-1639659-001          Date of Mailing:                10/23/2019

Social Security No.███████

---

### DECISION OF APPEAL TRIBUNAL

# IN FAVOR OF CLAIMANT

---

**The last day to file an appeal is   November 22, 2019   . Instructions for filing an
appeal are at the end of this decision.**

IMPORTANT---THIS IS THE JUDGE'S DECISION REGARDING YOUR CLAIM FOR
UNEMPLOYMENT BENEFITS
The Department of Economic Security provides language assistance free of charge.
For assistance in your preferred language, please call our Office of Appeals (602) 771-
9019 or Toll-Free at 1-877-528-3330.

IMPORTANTE --- ESTA ES LA DECISIÓN DEL JUEZ SOBRE SUS BENEFICIOS DE
SEGURO DE DESEMPLEO
The Department of Economic Security suministra ayuda de los idiomas gratis. Para
recibir ayuda en su idioma preferido, por favor comunicarse con la oficina de
apelaciones (602) 771-9019 o al número gratuito 1-877-528-3330.

## ISSUE:

Was the claimant able to work beginning 4/8/2018?

## DECISION:

I reverse the deputy's ruling. The claimant was able to work from 4/8/2018 through
5/19/2018.

## FINDINGS OF FACT:

The claimant was last employed as a Lead Supply Chain Consultant by a Technology company in Phoenix, AZ, for approximately one year prior to separating from this job on 3/15/2018.

The claimant was able to work beginning 3/22/2018. There is no documentation which establishes an inability to work after 3/22/2018.

## REASONING AND CONCLUSIONS OF LAW:

The claimant has contested a Determination of Deputy that held the claimant was not able to work beginning 4/8/2018.

Arizona Revised Statutes, Section 23-771, provide in pertinent part as follows:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
>
>    *     *         *
>
> 3. Is able to work.

The Arizona Administrative Code, in Section R6-3-52235, provides in pertinent part:

> A.    General
>
>       1.    Ability to work, a requisite for eligibility for benefits, generally means the physical and mental capacity of an individual to work under circumstances that ordinarily exist. Thus, ability to work is defined as the possession of the physical and mental capabilities necessary to the performance of suitable work for which one is reasonably fitted. Conversely, inability to work refers to a lack of physical or mental ability to such a degree as to prevent the acceptance of work for which one is reasonably fitted which renders him unemployable.

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

Therefore, I conclude that the claimant's physical condition did allow performance, under ordinary circumstances, of work for which the claimant is reasonably fitted by training and experience. Accordingly, the claimant was able to work from 4/8/2019 through 5/19/2018.


**D. Whiting**
Administrative Law Judge


## CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018          Issue Code: 01
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 10/23/2019
Place of Hearing: Teleconferencing from Phoenix, Arizona
Appearances: Claimant

### Distribution:
Claimant
BPC PHOENIX Site Code 918-B2

File


dw /db

# APPEAL/REOPENING DEADLINE:  NOVEMBER 22, 2019

(ESTE DOCUMENTO AFECTA SU ELIGIBILIDAD PARA SEGURO POR DESEMPLEO.  SI USTED NO LEE INGLES, COMUNIQUESE CON SU OFICINA LOCAL O BUSQUE QUIEN LE TRADUZCA)

## APPEAL AND REOPENING RIGHTS

**THIS DECISION WILL BECOME FINAL UNLESS YOU FILE A SIGNED WRITTEN PETITION FOR REVIEW AND/OR A REQUEST TO REOPEN BY THE APPEAL DEADLINE DATE.**

**IF YOU WISH TO APPEAL THIS DECISION OR REQUEST REOPENING:**

1. File your Petition for Review or Request to Reopen by Internet by going to www.azui.com and then clicking "Appeal a UI Decision." (The option of filing an appeal by Internet is only available to claimants at this time.)

**OR, SUBMIT THE ENCLOSED FORM OR WRITE A LETTER USING ONE OF THE OPTIONS BELOW:**

2. Fax the Petition for Review or Request to Reopen to (602) 257-7056.

3. Mail or hand deliver the Petition for Review or Request to Reopen to:

ARIZONA DEPARTMENT OF ECONOMIC SECURITY
   Office of Appeals
   1990 W. Camelback Road, Suite 200
   Phoenix, AZ  85015

4. Mail, hand deliver or fax the Petition for Review or Request to Reopen to any unemployment office in the United States or Canada.

The appeal or Request to Reopen is considered filed on the date: (A) postmarked by the United States Postal Service; (B) received by fax at the above number; or (C) received via the Internet or hand delivery.

You or your authorized agent must sign the appeal.  Your appeal may be based on:

  a. Irregularity on part of presiding officer or other party to proceedings;
b.   Abuse of discretion on part of hearing officer whereby petitioner was deprived of a fair hearing;
c.   Newly discovered evidence which could not with reasonable diligence have been discovered and produced at time of original hearing;
  d. Error in admission or exclusion of evidence in Tribunal hearing;
  e. Error in law in Tribunal hearing; and/or
  f. Other good and sufficient grounds.

**The Appeals Board Chairman will refer your appeal to a single member for review. If you or the other party objects in writing to review by one member, three members of the Appeals Board will review your appeal.**

**AUDIO RECORDING OF YOUR HEARING:**  To request an audio recording of the hearing, you may either:

1. Call (602) 771-9019, or

2. Fax your request to (602) 257-7056, or

3. Mail or hand deliver your request in writing to:

Page 4—Arizona Appeal No. U-1639659-001

ARIZONA DEPARTMENT OF ECONOMIC SECURITY
Office of Appeals
1990 W. Camelback Road, Suite 200
Phoenix, AZ 85015

**CLAIM FILING:** If you are a claimant who remains unemployed, you should continue to file your weekly claims while any appeal of this case is pending. If you have questions regarding the filing or payment of claims, you should contact the unemployment insurance claims office.

**RIGHT TO BE REPRESENTED:** You may have someone represent you. If you pay your representative, that person must be a licensed Arizona attorney or must be supervised by a licensed Arizona attorney. An employer may also use any employee of the business as its representative. The Department does not provide representatives.

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, please contact the Presiding Administrative Law Judge at (602)771-9019 or toll-free at 1-877-528-3330; TTY/TDD Services: 7-1-1. • Free language assistance for DES services is available upon request.

**U.S. Department of Labor**     Wage and Hour Division
Washington, DC  20210



October 18, 2021

Garrison Jones                    *Sent via email to garrison.jones@outlook.com*
P O Box 188911
Sacramento, California 95818

RE:     Freedom of Information Act Response
        Tracking Number 2021-F-12837

Dear Mr. Jones:

The Wage and Hour Division of the U.S. Department of Labor (WHD) is responding to your
request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated September
15, 2021. Specifically, you requested any WHD document entered or received from Ogltree
Deakins or Velocity technology Solutions.

In accordance with 29 CFR § 70.20(a), we include responsive documents in our possession as of
the date our search began.  The search began on October 15, 2021. After performing an
electronic search of the Wage and Hour Investigative Support and Reporting Database, we did
not locate any documents responsive to your request. Consequently, we are providing a "no
records" response. You have not been assessed related fees as the processing costs incurred did
not exceed the chargeable minimum:

For further assistance, please contact June Wheeler by email at *wheeler.june.l@dol.gov* or call
678-237-0547. You may also call this office at 202-693-1004. If we cannot assist you in your
concerns, you may contact the Departmental FOIA Public Liaison, Thomas Hicks, at 202-693-
5427 or email at *hicks.thomas@dol.gov*. Alternatively, you may contact the Office of
Government Information Services National Archives and Records Administration regarding
available mediation services at Office of Government Information Services, National Archives
and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also
reach that office by email at *ogis@nara.gov*, by phone at 202-741-5770, by fax at 202-741-5769,
or by calling toll-free at 877-684-6448.

Finally, if you are not satisfied with the response to this request, you may administratively appeal
by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must
state in writing the grounds for the appeal, and it may include any supporting statements or
arguments, but such statements are not required. In order to facilitate processing of the appeal,
please include your mailing address and daytime telephone number, as well as a copy of the
initial request and copy of this letter. The envelope and letter of the appeal should be clearly
marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in
writing and received prior to a decision.