UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VELOCITY TECHNOLOGY SOLUTIONS,<br><br>　　　　Defendant. | Case No. 2:19-cv-02374-KJM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THAT PLAINTIFF'S PENDING MOTIONS BE DENIED AS MOOT<br><br>ECF Nos. 89, 109, 120, 122, & 123<br><br>OBJECTIONS DUE WITHIN 14 DAYS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE HIS SECOND AMENDED COMPLAINT AND DENYING ALL OTHER PENDING MOTIONS AS MOOT<br><br>ECF No. 107 |

　　　Plaintiff alleges that his former employer, defendant Velocity Technology Solutions, interfered with his rights under the Family Medical Leave Act by engaging in harassing and fraudulent conduct and terminating his employment. Defendant moves to dismiss, arguing that plaintiff's repeated violations of court orders warrant involuntary dismissal under Rule 41(b). Alternatively, defendant argues that the second amended complaint should be dismissed under

1

Rule 12(b)(6) for failure to state a claim.[1] For the reasons that follow, I recommend that this action be dismissed under Rule 41(b).

**Background**

Plaintiff commenced this action against defendant Velocity, its CEO, one of its directors, and six other employees, alleging various claims under the Family Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act, the Equal Pay Act, the Privacy Act, and state law. ECF No. 1. On July 31, 2020, the previously assigned magistrate judge screened plaintiff's complaint and found that all claims, except for a termination-based FMLA interference claim against Velocity, were deficiently pled. ECF No. 29 at 4-10. Plaintiff was notified that he could either amend his complaint or proceed on the one FMLA claim against Velocity. *Id*. at 10. After plaintiff elected the latter option, ECF No. 30, the court dismissed all claims previously found not cognizable, ECF Nos. 34 & 49.

Notwithstanding his election, plaintiff later filed a first amended complaint asserting additional interference claims based on Velocity's alleged failure to timely provide notice of eligibility and delaying approval of FMLA leave. ECF No. 41. Velocity moved to dismiss the amended complaint under Rules 12(b)(6) and 41(b), arguing that plaintiff's allegations failed to state a claim and that this case should be involuntarily dismissed due to plaintiff's failure to comply with the court's July 31, 2020 order. ECF No. 43.

The court granted that motion and dismissed plaintiff's claims with prejudice, except for the termination-based interference claim. ECF No. 98. That claim was dismissed with leave to

---

[1] Plaintiff filed his second amended complaint on October 27, 2021, ECF No. 105. Less than a week later, he filed a revised second amended complaint and a motion to strike the October 27 complaint. ECF Nos. 107 & 108. Plaintiff has not shown that striking the October 27 complaint is appropriate, and his motion is therefore denied. However, given that he is proceeding pro se, I will grant his implied request to amend his complaint so as to allow him to proceed on the revised second amended complaint.

Plaintiff has also moved to strike the affirmative defenses in defendant's answer to the first amended complaint, ECF No. 89; to file documents electronically, ECF No. 120; to join a party, ECF No. 122; and for an evidentiary hearing, ECF No. 123. Since plaintiff has filed a second amended complaint, his motion should be denied as moot. And in light of the recommendation that this case be dismissed with prejudice, I also recommend that the remaining motions be denied as moot.

amend since plaintiff could potentially clarify his allegation about his termination and provide additional information about a correspondence that confirmed he had not been terminated while on FMLA leave. *Id*. With respect to the motion for dismissal under Rule 41(b), the court found that although plaintiff violated the court's July 31, 2020 order, the violation did not warrant dismissal. *Id*. at 2. Instead, the court concluded that that the appropriate sanction was holding plaintiff "to his original election and dismiss all claims but the FMLA interference claim." ECF No. 87 at 2. Finally, the court warned plaintiff "that any further amended complaint may be subject to dismissal under Rule 41(b) if it does not contain a 'short and plain statement' of his claims, as required by Federal Rule of Civil Procedure 8(a), or if he reasserts claims this court has dismissed with prejudice or without leave to amend." *Id*.

Plaintiff did not heed the court's admonition and has since filed a second amended complaint spanning sixty-six pages—accompanied by an additional twenty-three pages of exhibits—and asserting fifteen separate FMLA claims. ECF No. 108. Consistent with his earlier complaints, the second amended complaint does not provide a short and plain statement of plaintiff's claims as required by Rule 8(a). Instead, it consists of the same disorganized, vague, and often confusing allegations that have consistently plagued plaintiff's filings. Moreover, it reasserts an FMLA interference claim based on Velocity allegedly having delayed notice of eligibility and approval of leave—a claim that the court previously dismissed with prejudice.

Velocity now seeks dismissal of this case under Rule 41(b) and, alternatively, for failure to state a claim under Rule 12(b). I agree that dismissal under Rule 41(b) is appropriate. Accordingly, I decline to address defendant's alternative argument for dismissal.

**Discussion**

Rule 41(b) authorizes involuntary dismissal of a case based on a plaintiff's failure to prosecute, failure to comply with a court order, or failure to follow rules of procedure. Fed. R. Civ. P. 41(b). In determining whether involuntary dismissal is appropriate, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters,*

1  *Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (internal citations and quotation marks
2  omitted).  These heuristic factors merely guide the court's inquiry; they are not conditions
3  precedent for dismissal.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d
4  1217, 1226 (9th Cir. 2006).

As previously noted, the court has already held that plaintiff violated the July 31, 2020 order by filing a first amended complaint after he had elected to proceed on the original complaint's sole cognizable FMLA claim.  ECF No. 98 at 1-2.  More recently, he has violated the court's September 28, 2021 order, which explicitly warned him that any future amended complaint must include short and plain statement of claims and must not include any claims previously dismissed with prejudice.  *Id.* at 3.  That order also notified him that noncompliance with the court's instruction could result in dismissal under Rule 41(b).  *Id.*  Plaintiff violated both directives by filing a lengthy, disorganized, and confusing amended complaint that reasserts a claim that Velocity wrongfully delayed approval of his FMLA leave.[2]  ECF No. 108.

Moreover, the five factors listed above weigh in favor of dismissal.  First, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'"  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  In the instant case, that interest has been frustrated by plaintiff's repeated failure to comply with court orders, the local rules, and the Federal Rules of Civil Procedure.  Although this case was commenced nearly three years ago, it remains at the pleading stage—largely due to plaintiff's disregard of the court's instructions.  In a similar vein, plaintiff's conduct has frustrated the court's ability to manage its docket and has unnecessarily consumed scarce judicial resources.  *See* ECF No. 137 at 2 (observing that plaintiff "has filed many duplicative motions and other documents without permission," and that "[h]is filings are long, inflammatory, and difficult to

---

[2] Plaintiff also failed to comply with an order that issued after defendant moved for dismissal under Rule 41(b).  On December 9, 2021, after plaintiff failed to timely file an opposition or statement of non-opposition to defendant's motion, I ordered him to show cause why this case should not be dismissed for plaintiff's failure to respond to defendant's motion and for failure to prosecute.  ECF No. 110.  Although plaintiff eventually filed an opposition to defendant's motion, he did not show cause for his initial failure to timely respond.

understand"). Accordingly, the first two factors weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642.

As for the third factor, the risk of prejudice: pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to comply with court orders that has caused delay. Plaintiff's repeated refusal to address the various deficiencies identified by the court and to comply with Rule 8(a) has impaired defendant's ability to respond to his claims and has unnecessarily delayed the case. Therefore, the third factor weighs in favor of dismissal.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Monetary sanctions are of little use considering plaintiff's *in forma pauperis* status, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. But more significantly, the court already imposed a less drastic sanction by holding plaintiff to his original election to proceed only on his termination-based FMLA interference claim. ECF No. 98 at 2; *see* ECF No. 49. Plaintiff flouted that sanction by filing an amended complaint seeking to assert fifteen different FMLA interference claims. ECF No. 108. Given his disregard of that sanction, there is no basis for concluding that a lesser sanction will have a corrective effect.

Finally, the policy favoring disposition of cases on their merits weighs—as it always does—against dismissal. But this consideration is outweighed by the other four factors, which all support dismissal. *Yourish*, 191 F.3d at 992; *cf. In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) ("Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.") (quotation marks and citation omitted).

Based on the foregoing, I recommend that his action be dismissed under Rule 41(b) for failure to comply with court orders.

Accordingly, it is hereby ORDERED that plaintiff's motion to strike the amended complaint filed on October 27, 2021, ECF No. 107, is denied.

Further, it is RECOMMENDED that:

5

1. Defendant's motion to dismiss, ECF No. 109, be granted.

2. This action be dismissed for failure to comply with court orders.

3. All other pending motions, ECF Nos. 89, 120, 122, & 123, be denied as moot.

4. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 9, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE